UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

In re:

Genie Investments NV, Inc.,                             Case No.: 3:24-bk-00496-BAJ
                                                         Chapter 11


            Debtor.
_____/

**UNITED STATES TRUSTEE'S OBJECTION TO
DEBTOR'S MOTION *IN LIMINE* REGARDING TRIAL EVIDENCE**

Mary Ida Townson, United States Trustee for Region 21 (the "United States Trustee"), by and through the undersigned counsel, objects to the Motion *In Limine* Regarding Trial Evidence ("Motion In Limine"; Doc. No. 23) filed by the debtor. In support of this objection, the United States Trustee states as follows.

**SUMMARY OF ARGUMENT**

The debtor, Genie Investments NV, Inc. ("Debtor"), wants to silence defrauded small business owners through its Motion In Limine, even while admitting that the victims' money ran through the Debtor's accounts. The Debtor's Motion In Limine seeks to exclude evidence at the trial on the United States Trustee's Expedited Motion to Appoint Chapter 11 Trustee, or, in the Alternative, Appoint an Examiner, Dismiss this Case, or Convert this Case to Chapter 7 ("Trustee Motion"; Doc. No. 20) premised on three theories: (1) lack of contractual privity, (2) *res judicata*, and (3) the parol evidence rule. But the Debtor's arguments fail because they are not evidentiary and not substantively related to the issue of whether a Chapter 11 Trustee should be appointed in this case. The Court also should deny

the Motion in Limine as premature and insufficiently specific. Accordingly, the Motion in Limine should be denied, the defrauded victims should be allowed their day in Court to appear and be heard, and the Debtor should present its substantive arguments at trial as opposed to litigating the merits in an evidentiary motion.

## FACTUAL BACKGROUND

1. On February 21, 2024, (the "Petition Date") the Debtor, Genie Investments NV, Inc., filed a skeletal voluntary chapter 11 petition to initiate this case. (Doc. No. 1).

2. Shortly thereafter, a group of eighteen small business owners who organized themselves through social media (collectively, the "Small Business Owners"), contacted the United States Trustee. The Small Business Owners, and others, credibly allege that the Debtor is involved in a scheme of fraud. (Doc. No. 20-1). According to the Small Business Owners, the Debtor offered a low interest business expansion line of credit ("BELOC") with no personal guarantees. As a condition of receiving a BELOC, the Debtor would require victims to deposit several months of prepaid interest into a bank account owned by the Debtor. Despite receiving these substantial payments, the Debtor did not fund the loans and did not return the money.

3. The Debtor claims to have lost the victims' money under circumstances that demonstrate incompetence and gross mismanagement. On February 6, 2024, the Debtor filed a complaint in the United States District Court for the Middle District of Florida (Doc. No. 20-3) alleging that it invested $9 million of its victims' money with an entity known as Velanos Principal Capital ("Velanos"). Velanos promised that it would purchase and trade "standby letters of credit" to increase the Debtor's initial investment of $9 million to $75

million within sixty days, which, according to Velanos, was a risk-free investment. (Id. at p. 2). The Debtor claims it was defrauded by Velanos.

4.	The Debtor's apparent fraud, incompetence, and gross mismanagement prodded the United States Trustee to file the Trustee Motion. The Court held a hearing on the Trustee Motion on March 7, 2024, and set the Trustee Motion for a full-day trial on April 9, 2024 (the "Trial").

5.	On March 8, 2024, one day following the hearing, the Debtor filed its Motion In Limine. The Motion in Limine admits that the victims' money flowed through the Debtor's financial accounts and did not deny that the victims lost their money. (Doc. No. 23, at 4-6).

6.	Nonetheless, the Motion In Limine seeks to exclude the following expansive categories of testimony and evidence from the Trial: "(a) The terms, conditions and payments related to any contractual relationship with any broker, lender, holder, and/or servicer of a witness' purported loan with any entity other than GENIE; (b) Oral and/or written representations made by GENIE regarding written contracts with any broker, lender, holder and/or servicer of a witness' purported loan with any entity other than GENIE; (c) Any alleged fiduciary relationship with any broker, lender holder and/or servicer of a witness' purported loan with any entity other than GENIE; (d) Any transfer of funds by GENIE related to payments made by a witness as a result of a written contract with a broker, lender, holder and/or servicer of a witness' purported loan with any entity other than GENIE." (Id. at 2).

7.	The Motion In Limine sets forth three legal arguments. First, the Motion In

Limine argues that the evidence should be excluded due to lack of privity. (Id. at 6-10). Second, the Motion In Limine argues that the evidence should be excluded due to *res judicata*. (Id. at 10-12). Third, the Motion In Limine argues that the evidence should be excluded under the parol evidence rule. (Id. at 11-12).

## LEGAL BACKGROUND ON MOTIONS IN LIMINE

8.  A motion in limine seeks a protective order prohibiting the opposing party, counsel, and witnesses from offering offending evidence at trial. *In re Mirabilis Ventures, Inc.*, No. 6:08-BK-4327, 2011 WL 2292167, at *2 (M.D. Fla. June 8, 2011). A motion in limine may be proper where the evidence at issue is highly prejudicial or inflammatory; where the evidentiary issue is significant and unresolved under existing law; where the issue involves a significant number of witnesses or volume of material, making it more economical to have it resolved prior to trial; or where the movant does not wish to object in the presence of the jury. *Id.*

9.  Motions in limine are disfavored; admissibility questions should ordinarily be ruled upon as they arise at trial. *Stewart v. Hooters of America, Inc.*, 2007 WL 1752843 at *1 (M.D. Fla.2007). Accordingly, if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context. *In re Mirabilis Ventures, Inc.*, No. 6:08-BK-4327, 2011 WL 2292167, at *2 (M.D. Fla. June 8, 2011). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). Exclusion of relevant evidence "is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in

favor of admissibility." *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010).

10. A motion in limine must address specific pieces of evidence. "To be appropriate, motions in limine should address specific pieces of evidence that are inadmissible on any relevant ground." *Antoinette Holley (Gauntlett) v. Carnival Corp.*, No. 20-cv-20495, 2021 WL 5299836, at *4 (S.D. Fla. Nov. 15, 2021) (citation omitted). "The court may deny a motion in limine when it lacks the necessary specificity with respect to the evidence to be excluded." *Mowbray v. Carnival Corp.*, No. 08-20931-Civ, 2009 WL 10667070, at *2 (S.D. Fla. Apr. 13, 2009) (citation and quotation marks omitted). Motions that fail to identify "specific pieces of evidence" may be better suited to be presented as objections at trial. *Holder*, 2018 WL 4956757, at *1 (citations omitted*). RJ's Int'l Trading, LLC v. Crown Castle S. LLC*, No. 20-25162-CIV, 2021 WL 6135137, at *1 (S.D. Fla. Dec. 2, 2021)

**ARGUMENT**

11. The Debtor has not met its extraordinary burden of excluding the testimony and documents of the defrauded victims. The arguments set forth in the Debtor's Motion In Limine are not evidentiary arguments and are therefore not suitable for a motion in limine. These substantive arguments are more suitable for a motion for summary judgment, but even in that context they would have no merit because they have no connection with the legal standard for appointing a chapter 11 trustee. Finally, the Motion In Limine is not proper because it does not object to specific pieces of evidence.

12. The Debtor's first argument to exclude evidence for "lack of privity" has no

5

merit. "Lack of privity" is not an evidentiary objection, as there is no section of the Federal Rules of Evidence devoted to "lack of privity." The only evidentiary argument raised in the relevant section of the Motion In Limine states that "Any further remedy sought against GENIE is prohibited and is being sought by the potential witnesses solely for highly prejudicial purposes and/or harassment against GENIE." (Doc. No. 23 at 10). Although not argued expressly, the Debtor may be implying that documents reflecting a lack of privity may be prejudicial under Federal Rule of Evidence 403. But this is nonsensical. Documents reflecting a lack of privity have no risk of inflaming or confusing the reasoning of a seasoned bankruptcy judge presiding without a jury. On the contrary, such documents may be vital to understanding the entire course of dealing involving the victims, the Debtor, and other parties with whom the Debtor collaborated. The probative value of these documents obviously exceeds any nominal prejudicial effect on sophisticated parties.

13.     If viewed as a substantive argument more suitable for a summary judgment motion, "lack of privity" has no merit. Whether the Debtor committed fraud, gross mismanagement, or incompetence, is not related to privity with any particular party. It is quite plausible for someone to be conned by someone else with whom they are not in contractual privity. The Motion In Limine states that the Debtor has already made this argument in a breach of contract suit (Doc. No. 23 at 9), where perhaps it makes more contextual sense. However, the "lack of privity" argument is unrelated to the unique standard under which chapter 11 trustees are appointed pursuant to federal bankruptcy law.

14.     The Debtor's second argument "*res judicata*" also has no merit in this context. *Res judicata* is not an evidentiary concept, and the Debtor makes no effort to connect

it to anything in the Federal Rules of Evidence. Even if viewed as a substantive argument, which would be more suitable for a summary judgment motion, *res judicata* has no merit. According to the Debtor's recitation of the standard for *res judicata*, an application of the doctrine requires "identity of the cause of action" and "identities of the parties to the action." (Doc. No. 23 at 10).[1] Clearly, the Debtor has never litigated against the United States Trustee, and certainly not in connection with the appointment of a chapter 11 trustee. The Debtor's *res judicata* argument is completely without merit.

15. The Debtor's third argument, "the parol evidence rule," also has no merit. Although it sounds promising, the parol evidence rule is not a rule of evidence, but rather is a substantive rule of law. *Ungerleider v. Gordon,* 214 F.3d 1279, 1282 (11th Cir. 2000) (applying the parol evidence rule in diversity because it is substantive). "As such, a federal district court cannot simply apply the parol evidence rule as a procedural matter—as it might if excluding a particular type of evidence under the Federal Rules of Evidence, which apply in federal court regardless of the source of the substantive rule of decision." *MCC-Marble Ceramic Ctr., Inc., v. Ceramica Nuova d'Agostino, S.p.A.*, 144 F.3d 1384, 1389 (11th Cir. 1998); *See also Knabb v. Reconstruction Fin. Corp.*, 144 Fla. 110, 130 (1940) ("The books tell us that the parol evidence rule is in no sense a rule of evidence, but it is a rule of substantive law.") The Motion In Limine makes no effort to connect its argument under the parol evidence rule to any of the Federal Rules of Evidence and the argument fails for that reason.

---

[1] The United States Trustee meets the Debtor on its own terms. A thorough analysis of this issue should include the federal standard for relief and the distinction between claim and issue preclusion.

16. Even if viewed as a substantive argument, which again would be more appropriate for a motion for summary judgment, the Debtor's "parol evidence" argument has no merit. The parol evidence rule is a rule of contract construction that operates to exclude prior or contemporaneous oral or written statements from a contract that is fully or partially integrated. *See Johnson Enters. of Jacksonville v. FPL Group, Inc.*, 162 F.3d 1290, 1309 (11th Cir.1998) (The parol evidence "rule applies when the parties intend that a written contract incorporate their final and complete agreement.") The Motion In Limine does not explain how this rule of contract construction is relevant to whether the Debtor committed fraud, gross mismanagement, or incompetence. The Debtor may have argued the parol evidence rule in its breach of contract suit where it makes more sense. But the parol evidence rule is simply unrelated to the unique standard under which a chapter 11 trustee is appointed pursuant to federal bankruptcy law.

17. Finally, the Motion In Limine must fail because it does not address specific pieces of evidence. Rather, it seeks to exclude a broad scope of potential evidence and direct testimony without considering the relevant circumstances of individual defrauded victims, and before the parties have even filed witness lists or exchanged proposed exhibits. The cases cited herein have held that such a broad and premature motion as the Debtor's Motion In Limine is not proper. Thus, the Motion in Limine should be denied on this basis.

## **CONCLUSION**

No one disputes that the defrauded Small Business Owners lost their money or that their money ran through the Debtor's financial accounts. These victims deserve their day in Court, just as the Debtor deserves an opportunity to explain its conduct. The Motion In

Limine should be denied because it is legally deficient, not sufficiently specific, and the Debtor has not met its extraordinary burden to justify the exclusion of relevant evidence.

WHEREFORE, the United States Trustee moves this Court for an order denying the Motion in Limine, and for such other relief as the Court deems appropriate.

Dated: March 13, 2024.   Respectfully Submitted

Mary Ida Townson
United States Trustee for Region 21

 /s/  Scott Bomkamp
Scott Bomkamp, Trial Attorney
Office of the United States Trustee
U.S. Department of Justice
400 W. Washington St., Suite 1100
Orlando, FL 32801
Telephone No.: (407) 648-6301, Ext. 150
Facsimile No.: (407) 648-6323
Email: scott.e.bomkamp@usdoj.gov
Indiana Bar No.: 28475-49

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion was served on March 13, 2024 on all parties appearing electronically via CM/ECF, or via First Class United States mail on the following:

Genie Investments NV, Inc.
Attention: John Michael Cohan
PO Box 60443
Jacksonville, FL 32236

 /s/  Scott Bomkamp
Scott Bomkamp, Trial Attorney