# EXHIBIT COVER SHEET

**Exhibit**

Party Submitting:    **Mary Ida Townson, U.S. Trustee for Region 21**

Admitted:    **YES    or    NO    (circle one)**    <u>**47**</u>

Chapter 11 Debtor:    **Genie Investments NV, Inc.**

Case No.    **3:24−bk−00496−BAJ**

Nature of Hearing:    **Trial on**

**U.S. Trustee's Motion to Appoint Chapter 11 Trustee, or, in the Alternative, Appoint Examiner, Dismiss Case, or Convert Case to Chapter 7 (Doc. No. 20)**

**Debtor's Response Thereto (Doc. No. 34)**

**U.S. Trustee's Reply (Doc. No. 38)**

Trial Date:    **April 9, 2024, at 9:00 a.m.**

**United States Bankruptcy Court
Middle District of Florida**

**Dated:_____, 2024.**

**By: _____, Deputy Clerk**

| From: | Charles Stringer |
|---|---|
| To: | Clyde Allsop |
| Subject: | Fwd: IMPORTANT: You are Being Served in Arbitration |
| Date: | Tuesday, November 7, 2023 5:15:00 PM |
| Attachments: | Nutra-Acres LLC Executed due diligence fee Agreement.pdf |
| | Charles Stringer - Commercial Demand for Arbitration.pdf |
| | Arbitration Complaint - Stringer & Nutra.pdf |
| | DE - GENIE INVESTMENTS NV - Cease and Desist and Demand (Defamation) (C).pdf |

---------- Forwarded message ---------
From: **Jason Houda** <attorneyhouda@amerilawyer.com>
Date: Tue, Nov 7, 2023 at 3:22 PM
Subject: IMPORTANT: You are Being Served in Arbitration
To: <cbsllc2019@gmail.com>
CC: Michael Faragalla <attorneyfaragalla@amerilawyer.com>, Giovani Garcia
<litassistant@amerilawyer.com>

Dear Mr. Stringer,

Genie Investments has retained my firm to pursue numerous claims in commercial arbitration
against you. My firm has previously sent you a cease and desist letter, and you failed to
comply with our demands. I've attached the filed arbitration demand, the contract you and
your company executed with Genie Investments, the cease and desist my firm sent you, and a
complaint with the claims we will be pursuing against you.

Genie Investments has authorized settlement of this matter now for:

- The removal and destruction of all defamatory and libelous publications made, and
- Payment of attorneys fees accrued

Genie Investments has also authorized this settlement to be made by an installment plan.

You may have been corresponding with Ms. Shilo Bentacourt, a pre-litigation attorney at our
firm. Because this matter has been filed and is now being litigated, it has moved to our
litigation department. Accordingly, you are to direct all communications to Mr. Michael
Faragalla and myself. Per the arbitration agreement your company executed with Genie
Investments, arbitration is set to take place in New Castle County, DE, with the prevailing
party to pay attorney fees. Please let us know how you would like to proceed in writing **by 11-
10-2023**.

Best regards,
--

Jason Houda, Esq.

Phone: (800) 603-3900

Fax: (800) 520-7800



*Unless otherwise indicated or obvious from the nature of this transmittal, or the attachments hereto, the information contained in this e-mail is privileged and confidential, intended for the use of the intended recipient named above. If the reader of this message is not the intended recipient (or the employee or agent responsible to deliver it to the intended recipient), you are hereby notified that any dissemination, distribution, or copying of this e-mail, or the attachments hereto, is prohibited.  If you have received this communication in error, please immediately notify the sender by e-mail and return the original message to the sender at the above address. This e-mail and attachments is for the personal and confidential use of the designated recipient(s) and may be privileged attorney-client communication or attorney work-product. If you are not the intended recipient, you have received this email in error. Any review, dissemination, distribution or copying of this message is prohibited. If you have received this email in error, notify the sender at once by email or telephone, and delete the original from your system. This email does not create an attorney-client relationship. Unless you are already a client of Spiegel & Utrera, P.A. or AmeriLawyer.com, pursuant to a prior agreement, you should not use, interpret, or rely on this email as legal advice or opinion. Do not act on any information in this email without seeking legal advice.*



January 18, 2023

<u>Wiring Instructions</u>

As per your Due Diligence Fee Agreement, the Borrower must wire the necessary amount to:

**Bank Name & Address:**
Chase Bank
1515 Atlantic Boulevard
Jacksonville, Florida 32207

**Account Mailing Address:**
401 Ryland Street Suite 200-A
Reno, Nevada 89502 8

**Routing Number:** ███████

**Credit Account Number:** ███████

**Account Title:** Genie Investments NV

*This fee for Due Diligence is 100%* ***non-refundable.***

**<u>*When sending the wire, please write "Due Diligence" in the Memo*</u>**

1                                              Initials: _____

**DUE DILIGENCE FEE AGREEMENT**

This Due Diligence Fee Agreement (this "**Agreement**"), dated as of **January 18, 2023** (the "**Effective Date**"), is entered into between Nutra-Acres LLC, having an address at 130 North Dumas Avenue, Dumas, Texas 79029 ("**Borrower**"), and Genie Investments, having an address at P.O. Box 5886, Wilmington, Delaware 19808 ("**Company**"), and together with the Borrower, the "Parties," and each, a "Party").

WHEREAS, Borrower desires to compensate **Company** for its costs to conduct certain due diligence services ("Services") upon the terms and conditions hereinafter set forth, and **Company** is willing to perform such Services.

In consideration of the mutual covenants and agreements hereinafter set forth, the Parties agree as follows:

1. **Performance of Services**

Upon request of Company, Company agrees to the Services in connection with Borrower applying for funding.

2. **Payment**

As a material inducement to Company to commence the Services, the Borrower shall pay Company a non-accountable and non-refundable fee of Forty Thousand Dollars ($40,000), payable prior to commencement of the Services.

Payment of the diligence fee is not a guarantee that Company will offer funding to Borrower, or that any offer will be on terms and conditions acceptable to Borrower. Assuming sufficiency of the diligence materials provided by Borrower, Company intends to offer a Bridge Loan to Borrower to cover the Interest Credit Account amount. The maximum cost of this Bridge Loan will be Fifteen Thousand dollars per One Hundred Thousand dollars needed ($15,000/$100,000) or Fifteen percent (15%) of the Interest Credit Account. The interest of this Bridge Loan is 100% non-refundable.

3. **Term and Termination**
   a. Terms
      This Agreement shall commence as of the Effective Date and shall continue thereafter until the completion of the Services, unless sooner terminated pursuant to this section.

   b. Termination
      Company may terminate this Agreement, upon the occurrence of any of the following events:

      a. Borrower fails, in the absence of a bona fide dispute with respect to such payment, to make payment for Services on its due date, provided however, that Borrower may cure such breach by making

Initials: _____

payment within 5 days of Borrower's receipt of notice that it failed to make such payment when due;

b. Borrower requests that Company violate any applicable law or the rules of any regulatory body having jurisdiction and Borrower does not promptly revoke such request upon Company's refusal to comply;

c. Borrower requests that Company take any action which would result in the commission of a fraud upon any person or party and Borrower does not promptly revoke such request upon Company's refusal to comply; or

d. Borrower requests that Company take any action that, upon the advice of counsel to Company, could subject Company to liability or material damages in a civil litigation and Borrower does not promptly revoke such request upon Company's refusal to comply).

## 4. Borrower Representations

a. Reliance

Borrower acknowledges and agrees that all materials and information Borrower provided to Company is accurate and complete, and that Company will, without independent verification, rely on it for the purpose of potentially providing funding. Company shall not assume any responsibility or have any liability for such materials or information. Borrower represents that Borrower has the right to supply such information to Company and that the supply of such information by Borrower and its use by Company for the purposes of the provision of the Services will not infringe any rights held by any third party, involve the unauthorized use of confidential information belonging to a third party or result in the breach by Borrower or Company of any law, regulation, fiduciary duty, intellectual property right or agreement.

b. Litigation

Borrower (i) is not subject to any outstanding injunction, judgment, order, decree, ruling, or charge or (ii) is not a party or is not threatened to be made a party to any action, suit, proceeding, hearing, or investigation of, in, or before any court or quasi-judicial or administrative agency of any federal, state, local, or foreign jurisdiction or before any arbitrator, in each case that could be reasonably expected to result in a material adverse change in the business, financial condition, operations, results of operations, or future prospects of Borrower.

Initials: _CBJ_

**5. Indemnification**

Borrower shall indemnify Company against any cost, loss, expense or liability which may be suffered or incurred by Company in the proper performance of its obligations under this Agreement including, without limitation, arising from any misrepresentation, misconduct, negligence or dishonesty on the part of any third party, except to the extent that the cost, loss, expense or liability is due to the breach of this Agreement, violation of law, negligence, willful

misconduct, fraud or dishonesty on the part of Company or to the extent that such liability cannot lawfully be excluded or limited.

**6. Independent Contractor**

Company's status shall be that of an independent contractor, and not that of an agent or employee of Borrower. Company shall not hold itself out as an employee or agent of Borrower except as contemplated by any other ancillary agreement.

**7. Arbitration**

Any dispute, claim or controversy arising out of or relating to this Agreement, or the breach, termination, enforcement, interpretation or validity thereof, including the determination of the scope or applicability of this agreement to arbitrate, shall be determined by binding arbitration in New Castle County, Delaware, before one arbitrator. The arbitration shall be administered by JAMS pursuant to its Comprehensive Arbitration Rules and Procedures or by ADR Services pursuant to its Arbitration Rules, at the election of the party initiating the arbitration. The Party initiating a demand for Arbitration shall serve notice of such demand pursuant to the notice requirements set forth in Section 9 herein. Within three (3) banking-business days of service of any demand for arbitration, the Parties to the dispute shall work cooperatively to mutually select an agreeable arbitrator. If the Parties to the dispute are unable to reach agreement on an arbitrator, then the arbitration shall be selected pursuant to the JAMS or ADR Services arbitration selection protocol. Each side shall be entitled to propound one (1) set of requests for production of documents. The requests in each set shall not number more than twenty-five (25) and shall be limited to documents relevant to the issues to being arbitrated. Each side shall further be entitled to notice and take no more than three (3) depositions, which shall last no more than three (3) hours per deponent, including reasonable breaks and objections. No other discovery shall be permitted, except upon a showing of good cause to the arbitrator. Any disputes regarding discovery shall be submitted to and decided by the arbitrator. The prevailing party shall be entitled to an award of its reasonable costs and expenses, including but not limited to, attorneys 'fees, in addition to any other available remedies. Any award rendered therein shall be final and binding on each and all of the parties thereto and their personal representatives, and judgment may be entered thereon in any court of competent jurisdiction. This clause shall not preclude Parties from seeking provisional remedies in aid of arbitration from a court of appropriate jurisdiction. Any action or proceeding brought to interpret or enforce this agreement to arbitrate shall be governed by the laws of the State of Delaware. This agreement to arbitrate is intended by the Parties to constitute a waiver of any right to trial by jury, or the right to proceed in any state or federal court for resolution of any dispute arising in relation to the enforcement or interpretation of this Agreement, or this agreement to arbitrate.

Initials: _CBS_

### 8.  Confidentiality

During the term of this Agreement, the Parties may communicate to each other certain confidential information to enable Company to perform the Services hereunder, or Company may develop confidential information for Borrower. Each Party agrees (i) to treat, and to cause its employees, agents, subcontractors and representatives, if any, to treat as secret and confidential, all such information, and (ii) except as necessary in the performance of the Services, not to disclose any such confidential information or make available any reports, recommendations or conclusions which Company may make for Borrower to any person, firm or corporation without first obtaining Company's written approval.  The foregoing shall not prohibit or restrict any party from disclosing any information:  (a) the disclosure of which is necessary to comply with any applicable laws, including, without limitation, federal or state securities laws, or any exchange listing or similar rules and regulations; (b) the disclosure of which is ordered pursuant to a subpoena or other order from a court or governmental body of competent jurisdiction; (c) such information is now, or hereafter is made, generally available to the public other than by disclosure in violation of this Agreement; (d) such information was disclosed to the disclosing Party by a third party that the disclosing Party, in good faith, believes was not bound by an obligation of confidentiality; or (vi) the Parties hereto consent to the form and content of any such disclosure. If any Party learns that disclosure of such information is sought in or by a court or governmental body of competent jurisdiction or through other means, such Party shall (1) give prompt notice to the other Party prior to making such disclosure and allow such other Party, at its expense, to undertake appropriate action to prevent disclosure of, or to obtain a protective order for, such information, (2) reasonably cooperate with such other Party in its efforts to prevent, or obtain a protective order for, such disclosure, and (3) disclose the minimum amount of information required to be disclosed.

### 9.  Notices

All notices given under this Agreement, unless otherwise specified herein, must be in writing and will be effectively served by: (i) submission through the zoomeral.com portal using the Borrower's ZOOMERAL account and (ii) upon delivery or, if sent certified mail, upon the first to occur of receipt by the addressee or the expiration of ninety six (96) hours after deposit in first class certified United States mail, postage prepaid, return receipt requested, or two business days if sent by pre-paid nationally recognized overnight courier service, sent to the Party at its address set forth below, or such other address as a Party may designate from time to time by written notice given pursuant to this paragraph:

To Borrower:  Nutra-Acres LLC
Attention: Charles Stringer
130 North Dumas Avenue
Dumas, Texas 79029

To Company:  Genie Investments
P.O. Box 5886
Wilmington, Delaware 19808

Initials: _____

### 10. Assignment

Borrower may not assign, subcontract or delegate all of any part of its rights or obligations hereunder without Company's prior written approval (which may be withheld or delayed in Company's sole discretion).

### 11. Binding Effect

Subject to the provisions of section 10 above, the terms of this Agreement will bind and benefit the successors and assigns of the Parties.

### 12. Waiver

No delay or omission on the part of any party hereto in exercising any right hereunder shall operate as a waiver of such right or any other right under this Agreement.

### 13. Headings

The several headings to articles, sections and subsections herein are inserted for convenience only and shall be ignored in interpreting the provisions of this Agreement.

### 14. Schedules, Attachments and Exhibits

All schedules, attachments and exhibits, if any, referred to in or attached to this Agreement are and shall be deemed to be an integral part of this Agreement as if fully set forth herein.

### 15. Amendments

This Agreement may not be modified or amended except by written agreement signed by Borrower and Company.

### 16. No Third-Party Rights

This Agreement is made entirely for the benefit of Borrower, Company, and their successors in interest (including any participants). No third person shall have any rights hereunder.

### 17. Force Majeure

No liability shall result from the delay or nonperformance of Services caused by circumstances beyond the control of Company, including without limitation Act of God, fire, flood, snowstorm, pandemic, war, acts of terrorism, government action, riot, civil disturbance, accident, inability to obtain labor, material, or equipment ("Force Majeure"). During periods of Force Majeure, Services so affected by such Force Majeure may be eliminated without liability, but this Agreement shall remain otherwise unaffected. Timely notice of Force Majeure and its expected duration shall be given by the affected party to the other, and the party whose performance is affected by a Force Majeure event will use commercially reasonable efforts to avoid, remove or minimize the impact of such event on the performance of its obligations at the required level at the earliest possible date.

### 18. Applicable Law

This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware and the United States.

Initials: _____

**19. Severability**

The invalidity or unenforceability of any one or more of the provisions of this Agreement will in no way affect any other provision.

**20. Counterparts**

This Agreement may be signed in two or more counterparts, each of which shall be treated as an original but which, when taken together, shall constitute one and the same instrument. A signed facsimile or electronic copy of this Agreement shall constitute an original for all purposes.

IN WITNESS WHEREOF, the Parties hereto have executed this Agreement on the date first above written.

Nutra-Acres LLC

Charles Stringer

Genie Investments

7                                         Initials: _____

# **Exhibit A**

As agreed to in the Due Diligence Fee Agreement, Borrower agrees to provide the Company with all of the following (mark any not applicable as "N/A"):

1. Income Statement (past five years or less starting with company establishment)

2. Balance Sheets (past five years or less starting with company establishment)

3. Cash Flow Statements (past five years or less starting with company establishment)

4. Tax Returns (past five years or less starting with company establishment)

5. Net Worth Statement/s for All Equity Owners That Have A 5% Or Higher Ownership Stake

6. Business Plan Including A 2 Year Forecast/Proforma & Management Bios

7. Previous 3 Month's Business Bank Statements for All Business Bank Accounts

8. Post-Closing Balance Sheet Assuming Term Sheet Terms/Rates

9. All UCC Lien Filings & Current List of All Material Creditors

10. Articles of Incorporation and Corporate Bylaws/Operating Agreement

11. Capitalization Table of All Outstanding Stock Shares, Stock Warrants, & Stock Options

12. Documentation Related to All Registered Intellectual Property (Patents and Trademarks)

All these exhibits have been previously provided to McMahon commercial lending.

Initials: _____


**AMERICAN ARBITRATION ASSOCIATION®** | INTERNATIONAL CENTRE FOR DISPUTE RESOLUTION®

**COMMERCIAL ARBITRATION RULES
DEMAND FOR ARBITRATION**

*For Consumer or Employment cases, please visit **www.adr.org** for appropriate forms.*

You are hereby notified that a copy of our arbitration agreement and this demand are being filed with the American Arbitration Association with a request that it commence administration of the arbitration. The AAA will provide notice of your opportunity to file an answering statement.

| | |
|---|---|
| Name of Respondent: Nutra-Acres LLC | Name of Representative (if known): Charles Stringer |

| | | | | |
|---|---|---|---|---|
| Address: **PO BOX 1090** | | | Name of Firm (if applicable): | |
| | | | Representative's Address: 130 North Dumas Avenue | |
| City: DUMAS | State: TX | Zip Code: 79029 | City: Dumas | State: TX | Zip Code: 79029 |
| Phone No.: | Fax No.: | | Phone No.: | Fax No.: |
| Email Address: | | | Email Address: cbsllc2019@gmail.com | |

The named claimant, a party to an arbitration agreement which provides for arbitration under the Commercial Arbitration Rules of the American Arbitration Association, hereby demands arbitration.

Brief Description of the Dispute:

1) Breach of contract for BLCL 2) Defamation/libel/slander/disparagement 3) Wire fraud 4) Confidentiality 5) Harassment

| | |
|---|---|
| Dollar Amount of Claim: $ 245,000.00 | Other Relief Sought:<br>☑ Attorneys Fees ☑ Interest ☑ Arbitration Costs<br>☐ Punitive/ Exemplary ☑ Other injunctive relief |

| | |
|---|---|
| Amount enclosed: $ 3500 | In accordance with Fee Schedule: ☐ Flexible Fee Schedule ☑ Standard Fee Schedule |

Please describe the qualifications you seek for arbitrator(s) to be appointed to hear this dispute:

Experience with Business Line of Credit Loans (BLCL), experience with defamation and privacy law, and experience with wire fraud law.

| | |
|---|---|
| Hearing locale: New Castle County, Delaware | *(check one)* ☐ Requested by Claimant ☑ Locale provision included in the contract |

| | |
|---|---|
| Estimated time needed for hearings overall:<br>8      hours or      days | Type of Business: Claimant: Investment Firm<br>           Respondent: Startup |

Are any parties to this arbitration, or their controlling shareholder or parent company, from different countries than each other? No

| | |
|---|---|
| Signature (may be signed by a representative): /Michael Faragalla/ | Date: 11-6-2023 |
| Name of Claimant: Genie Investments | Name of Representative: Michael Faragalla |
| Address (to be used in connection with this case):<br>**401 Ryland St. STE 200-A** | Name of Firm (if applicable): Spiegel & Utrera, P.A. |
| | Representative's Address: 9 E Loockerman St STE 202 |
| City: Reno | State: NV | Zip Code: 89502 | City: Dover | State: DE | Zip Code: 19901 |
| Phone No.: | Fax No.: | | Phone No.: 6308850060 | Fax No.: |
| Email Address: attorneyriordan@amerilawyer.com | | | Email Address: Attornyfaragalla@amerilawyer.com | |

To begin proceedings, please send a copy of this Demand and the Arbitration Agreement, along with the filing fee as provided in the Rules, to: American Arbitration Association, Case Filing Services, 1101 Laurel Oak Road, Suite 100 Voorhees, NJ 08043. At the same time, send the original Demand to the Respondent.

*Please visit our website at www.adr.org if you would like to file this case online. AAA Case Filing Services can be reached at 877-495-4185.*

**AAA ARBITRATION:**
**COUNTY OF NEW CASTLE, DELAWARE**
**-------------------------------------------------------------------------X**

**Case No.: 01-23-0005-0330**

**GENIE INVESTMENTS**

*Plaintiff,*

**COMPLAINT**

-against-

**NUTRA-ACRES LLC, &**
**CHARLES STRINGER**

*Defendant(s)*

**-------------------------------------------------------------------------X**

**Plaintiff GENIE INVESTMENTS** ("Genie" or "Plaintiff") by and through their attorneys, SPIEGEL & UTRERA, P.A., P.C., complaining of Defendants, **NUTRA-ACRES LLC**, a Texas limited liability corporation ("Nutra"), doing business in Texas, **AND CHARLES STRINGER,** an individual ("Stringer"), all doing business in Texas, respectfully shows to this Court and alleges:

## THE PARTIES

### On all dates hereinafter:

1.      Genie, a Nevada corporation, who the Defendant(s) contracted to obtain a Business Line of Credit Loan, and is the party initiating these proceedings.

2.      Upon information and belief, Nutra is a Texas registered or unregistered foreign business corporation which at all relevant times had its principal place of business

3.      Stringer is a natural person residing at 130 North Dumas Avenue, Dumas, TX 79029, who was and remains the Founder of Nutra-Acres LLC.

## ARBITRATION AGREEMENT

4.     The parties are bound by a valid and enforceable arbitration agreement, which requires the resolution of disputes through arbitration, as evidenced by the attached cease and desist letter and due diligence agreement.

## NATURE OF THE DISPUTE

5.     A dispute has arisen between the parties related to the due diligence agreement as outlined in the cease-and-desist letter dated August 10, 2023, which lays out defamation, libel, attempted wire fraud, and breach of contract.

## RELIEF SOUGHT

6.     The Plaintiff seeks the following relief:

    a.   Damages in an amount to be determined at arbitration,

    b.   Injunctive relief,

    c.   Removal of the website https://www.victimsbelocscam.com/,

    d.   Attorney's fees,

    e.   Interest, and

    f.   Other relief determined to be appropriate by the arbitrator.

## SUBMISSION TO ARBITRATION

7.     The Plaintiff hereby requests that the AAA conduct commercial arbitration proceedings to resolve the dispute as outlined in this Complaint.

## JURISDICTION

8.     The arbitration jurisdiction has been established by the arbitration agreement, and the parties have agreed to submit the dispute for resolution to the AAA.

## FACTUAL BACKGROUND

9.     Defendants contacted Genie to obtain a Business Line of Credit Loan (BLCL).

10.     Genie offered a due diligence fee agreement to Defendants, and Defendants accepted and executed said agreement on or about 1-18-2023.

11.     Defendant then breached the agreement and attempted to fraudulently convert funds from Genie.

12.     Defendant then proceeded to make false statements about Genie, attempting to harm Genie's business and preventing Genie from obtaining new clients and customers.

## **CAUSES OF ACTION**

13.     Plaintiffs assert and reallege all preceding paragraphs.

14.     Plaintiffs incorporate by reference the included cease and desist demand.

15.     Defendants are on notice that Plaintiffs intend to assert the following at arbitration:

      a.  Breach of Contract,

      b.  Breach of the duty of good faith and fair dealing,

      c.  Wire Fraud,

      d.  Mail Fraud,

      e.  Libel,

      f.  Slander,

      g.  Defamation,

      h.  Disparagement,

      i.  Breach of Confidentiality,

      j.  Harassment,

      k.  Conversion,

      l.  Unjust enrichment,

m.  Tort per Se,

n.  Tortious interference with a contact,

o.  False light, and

p.  Public disclosure of private facts

16.    Plaintiffs reserve the right to amend this complaint and pursue further causes of action at arbitration.

**WHEREFORE**, the Plaintiff respectfully requests that the Arbitrator issue Judgment against Defendant(s) in a sum to be later determined at Arbitration, together with the costs, disbursements, special damages, general damages, reasonable attorneys' fees, prejudgment and post-judgment interest, and such other and further relief as may be just, proper, and equitable. Plaintiff reserves the right to amend this complaint later at arbitration.

Dated: November 7, 2023                          Respectfully submitted,

Miami, Florida

                                                 **Spiegel & Utrera, P.A.**
                                                 *Attorneys for Plaintiff*
                                                 *Genie Investments*


                                    By:          */Michael Faragalla/*
                                                 Michael Faragalla, Esq.
                                                 *Vice President of Litigation*
                                                 1840 Coral Way
                                                 Miami, FL 33145
                                                 Tel: (214) 263-3393
                                                 Email:
                                                 Attornyfaragalla@amerilawyer.com
                                                 *Attorneys for Plaintiff*
                                                 *GENIE INVESTMENTS*

# Spiegel & Utrera, P.A.
**Counselors & Attorneys at Law**

| | | | |
|---|---|---|---|
| SANDY A. ADELSTEIN[9] | COURTNEY RIORDAN[10] | | |
| JOEL BECK[8] | LUIS RUIZ[12] | | |
| B. MARTIN DRUYAN[5] | LAWRENCE J. SPIEGEL[1] | | |
| ALEJANDRO ECHEVERRIA[2] | MARY C. SPIEGEL[1] | | |
| MICHAEL S. FARAGALLA[4] | NICOLAS W. SPIGNER[3] | | |
| MATTHEW FORNARO[11] | NATALIA UTRERA[3] | | |
| MICHAEL P. OKAYO[7] | MICHAEL WELCHKO[6] | | |

**Offices located in:**
Chicago
Dover, DE
Las Vegas
Los Angeles
Miami
New York City
Northern New Jersey

**9 East Loockerman Street**
**Suite 202**
**Dover, DE 19901**
**Telephone (302) 744-9800**
**Facsimile (302) 674-2100**

[2] Licensed in Florida
[7] Licensed in California and New York
[8] Licensed in Illinois and Florida
[3] Licensed in California, Arizona and New York
[12] Licensed Cuba
[10] Licensed Delaware
[4] Licensed in Nevada
[6] Licensed in New Jersey
[9] Licensed in California
[5] Licensed in Florida and New York
[11] Licensed in Florida and District of Columbia
[1] Licensed in Florida and Registered as a Foreign Lawyer in England and Wales

**SENIOR PARALEGALS**

GRACIELA BATTAGLIA    CLAUDIA FERNANDEZ

| | |
|---|---|
| PRESIDENT: | LAWRENCE J. SPIEGEL |
| SENIOR VICE PRESIDENT: | NATALIA UTRERA |
| EXECUTIVE VICE PRESIDENT: | MARY C. SPIEGEL |
| VICE PRESIDENT OF OPERATIONS: | HORACIO MONTEIRO |
| VICE PRESIDENT OF MARKETING: | ALEJANDRO ECHEVERRIA |
| VICE PRESIDENT OF LITIGATION: | MICHAEL S. FARAGALLA |
| REGIONAL VICE PRESIDENT: | MICHAEL WELCHKO |
| SECRETARY: | NATALIA UTRERA |
| TREASURER: | NATALIA UTRERA |

August 10, 2023

**SENT VIA USPS CERTIFIED MAIL & EMAIL**
Attn: Charles Stringer
NUTRA-ACRES, LLC
130 North Dumas Avenue
Dumas, Texas 79029
Email: cbsllc2019@gmail.com

**Re:   Defamatory and Libelous Remarks and References Regarding ZOOMERAL, INC & GENIE INVESTMENTS NV**

To whom it may concern/ NUTRA-ACRES, LLC:

Please, be advised that Spiegel & Utrera, P.A., (hereinafter referred to as "Firm") has been engaged by GENIE INVESTMENTS NV, a Nevada Corporation, and ZOOMERAL, INC., a Delaware Corporation (hereinafter "Our Client" and/or "Our Clients") regarding (i) the defamatory, disparaging and libelous statements via phone, SMS text message, and on-line postings made by you, NUTRA-ACRES, LLC and/or Charles Stringer individually (collectively hereinafter, "You" or "Your"), intended to cause damage to our Client, our Client's affiliates, and our Client's reputation, (ii) Your breach of ZOOMERAL's Terms and Conditions amounting to a material breach of contract (attached herein as ***Exhibit A*** and referred to herein as the "Agreement") and (ii) the commission and/or attempted commission of wire fraud.

You are hereby directed to:

**CEASE AND DESIST ALL DEFAMATORY, DISPARAGING AND LIBELOUS STATEMENTS ON ANY AND ALL ONLINE POSTING MADE OR DIRECTED BY YOU ABOUT OUR CLIENT AND OUR CLIENT'S AFFILIATES INCLUDING ZOOMERAL, INC. AND/OR GENIE INVESTMENTS NV.  FURTHER, DEMAND IS HEREBY MADE YOU SPECIFICALLY DELETE THE WEBSITE YOU CREATED (AKA (https://www.victimsbelocscam.com/) AS IT IS IN CLEAR VIOLATION OF ZOOMERAL'S TERMS AND CONDITIONS WHICH YOU AGREED TO. YOU MUST ALSO CEASE AND DESIST FROM FILING AGENCY REPORTS SUCH AS WITH THE SECURITIES AND EXCHANGE COMISSION.**

Under Delaware law, the elements of defamation are: (1) Defendant made a defamatory statement; (2) concerning Plaintiff; (3) the statement was published; and (4) a third party would understand the character of the communication as defamatory. *Cousins v. Goodier*, C. A. S20C-11-036 CAK, 5-6 (Del. Super. Ct. Jul. 30, 2021). In Delaware, defamation per se includes disparaging statements intended to hurt a person in his or her trade or business. Here, your publishing on the internet, clearly intended to injure and defame our Client, has caused exorbitant damages to our Client and his business.

You should understand that making such defamatory statements through online platforms is actionable under the existing laws of the State of Delaware and that the damages to our Client's business and the reputation of our Client's affiliates is significant and includes both general and special damages related to presumed injuries to reputation as well as pecuniary loss resulting from the effects of your defamatory comments. Here, your defamatory acts were widespread. Among other breaches, you (i) created a website: **https://www.victimsbelocscam.com/** dedicated exclusively to the spreading of false and defamatory information meant to damage our Client's reputation and business, (ii) you created and submitted false reports to at least three (3) agencies, namely the Securities and Exchange Commission, and (iii) you generated and disseminated a graphic image (or Meme) of an independent contractor acting as wholesaler for our Client with a Hitler moustache (the aforementioned shall be collectively referred to herein as the "Defamatory Acts"). You should also know that a person who is found to have knowingly and willfully submitted false, fictitious, and/or fraudulent statements to the Securities and Exchange Commission may be subject to criminal sanctions under federal law. Our Client received clear evidence of a submitted report to the SEC by You and against our Client.

Further, such actions are in clear violation of ZOOMERAL's Terms and Conditions, which you agreed to as evidenced by ***Exhibit A***. In other words, you are also in breach of your Agreement. Be advised, a breach of contract in Delaware occurs when one party to the contract fails to fulfill a legal duty the contract created. Under Delaware law, the elements of a breach of contract claim are: (1) a contractual obligation; (2) a breach of that obligation; and (3) resulting damages. *Interim Healthcare, Inc. v. Spherion Corp.*, 884 A.2d 513, 548 (Del. Super. Ct. 2005). In this case, You have clearly breached Your Agreement with Our client and Our client has suffered significant damages. Every contract in Delaware contains an implied covenant which imposes on the parties to the contract a duty of good faith and fair dealing, and that the parties will not seek in bad faith to injure or unfairly frustrate the rights of the other party to receive the benefits of said agreement. You have clearly acted in bad faith here by (i) attempting to withdraw **TWO HUNDRED FORTY-FIVE THOUSAND DOLLARS AND 00/100 CENTS**

from Chase Bank on March 22, 2023 (proof of which is attached herein as **Exhibit B**) and (ii) carrying out the Defamatory Acts outlined above. Damages recoverable by a party injured by a breach of contract are those which would naturally result from the breach and can reasonably be said to have been contemplated by the parties at the time the contract was made. You knew or should have known that Your actions would cause harm to our Client and based on your actions, this appears to have been Your sole purpose.

Additionally, the actions taken by You when you attempted to withdraw unauthorized funds from our Client's bank account amount to wire fraud which is a federal crime. In general terms, the elements of wire fraud are: (1) the defendant was part of a scheme to defraud another person, such as by obtaining money or something else of value through false pretenses; (2) the defendant acted knowingly or with intent to defraud; (3) the defendant made false representations that were material to the scheme to defraud; and (4) the defendant transmitted a material misrepresentation by wire, radio, or television communications in interstate or foreign commerce. 18 U.S.C. § 1343. Your attempt to electronically wire **TWO HUNDRED FORTY-FIVE THOUSAND DOLLARS AND 00/100 CENTS** from Chase Bank on March 22, 2023 in violation of the executed bridge loan agreement (attached herein as **Exhibit C**) squarely meets the criteria for wire fraud. In this case, your actions would be punishable by up to 20 years in federal prison if You were found guilty. Our Client reserves the right to contact the authorities and report your illegal behavior.

Therefore, **FINAL DEMAND** is hereby made that you remove https://www.victimsbelocscam.com/. Further, **DEMAND** is hereby made that you (A) provide us with prompt written assurance that any Agreements between You and ZOOMERAL and/or GENIE INVESTMENTS are terminated, and (B) remit payment in the amount of $25,000.00 consisting attorney's fees and damages as amounted to this day to:

Attn: GENIE INVESTMENTS NV
C/O SPIEGEL & UTRERA.P.A.
1840 Coral Way, 4th Floor
Miami, FL 33145

If you do not comply with this demand immediately, our Client is entitled to seek monetary damages and equitable relief for your defamation, attempted wire fraud, and breach of contract. In the event you fail to meet this demand, please be advised that our Client has asked us to communicate to you that it will pursue all available legal remedies, including seeking monetary damages, injunctive relief, and an order that you pay court costs and attorney's fees. Your liability and exposure under such legal action could be considerable.

Accordingly, please sign and return the attached Defamation Settlement Agreement immediately to:

**SPIEGEL & UTRERA P.A**
1840 Coral Way, 4th Floor
Miami, FL 33145

Your failure to return above-mentioned Defamation Settlement Agreement and to make immediate arrangements to cease and desist from the aforementioned activity will be considered

as a complete denial and a refusal to resolve this matter amicably will leave our Client with no choice but to protect their legal rights under the law.

**PLEASE GOVERN YOURSELF ACCORDING.**

Sincerely,

*/s/ Courtney Riordan*

For The Firm

**Defamation Settlement Agreement**

I, Charles Stringer, agree to immediately cease and desist any defamation of GENIE INVESTMENTS NV and its affiliates, including ZOOMERAL, INC., in any medium, online, published, or in person, and further agree to remove all online posts I in part authored in any way related to GENIE INVESTMENTS NV and its affiliates, in exchange for GENIE INVESTMENTS NV, releasing any and all claims against me for defamation. In the event I breach this Agreement, GENIE INVESTMENTS NV and its affiliates, including ZOOMERAL, INC., shall be free to pursue all rights that GENIE INVESTMENTS NV and its affiliates have as of the date of this Agreement as if this Agreement had never been signed.


Signed:


By:_____
    Charles Stringer



Dated: The ____ day of _____, 20____.