# EXHIBIT COVER SHEET

**Exhibit**

| | | |
|---|---|---|
| Party Submitting: | **Mary Ida Townson, U.S. Trustee for Region 21** | |
| Admitted: | **YES     or    NO      (circle one)** | **56** |
| Chapter 11 Debtor: | **Genie Investments NV, Inc.** | |
| Case No. | **3:24−bk−00496−BAJ** | |
| Nature of Hearing: | **Trial on** | |
| | **U.S. Trustee's Motion to Appoint Chapter 11 Trustee, or, in the Alternative, Appoint Examiner, Dismiss Case, or Convert Case to Chapter 7 (Doc. No. 20)** | |
| | **Debtor's Response Thereto (Doc. No. 34)** | |
| | **U.S. Trustee's Reply (Doc. No. 38)** | |
| Trial Date: | **April 9, 2024, at 9:00 a.m.** | |

**United States Bankruptcy Court**
**Middle District of Florida**

**Dated:_____, 2024.**

**By: _____, Deputy Clerk**



# Terms And Contingent Commitment

10 / 06 / 2022

**Re: Meetopolis ("Company")**

To Whom it May Concern,

**Meetopolis and Lisa Butkiewicz** ("Client") are **Pre-Approved** for funding via non-recourse, asset-backed Line of Credit ("LOC") and Bridge Loan with Knights & Co. ("Provider") to be a capital contribution into the Company to deliver a high quality software product to support mental health and be used at the Company's discretion within the scope of the agreement. Tranche payment schedules are subject to the needs of the business and will be mutually agreed upon after further review of the Project.

(PLEASE INITIAL THE CORRESPONDING BOX)

### Company Remits Interest Credit Deposit

| | | |
|---|---|---|
| **LOC AMOUNT:** | $3,000,000 | |
| **BRIDGE LOAN INTEREST DEPOSIT AMOUNT:** | $60,000 | |
| **TERM:** | 120 Months | |
| **RATE:** | 3.75% | **Initial Below** |
| **POINTS:** | 4.5% | |
| **SUCCESS FEE:** | 0% | [DS / LB] |
| **PPP:** | None | |
| **DELIVERY:** | Tranche Schedule | |
| **FUNDING DATE:** | LOC will be available within 75 calendar days from aggregated funds being locked. | |
| **ESTIMATED FUNDING DATE:** | 12/17/2022 | |

*This approval expires on 10/12/2022, 5pm ET and is subject to the following:

- Client Information Summary (CIS) completion in full and this terms and contingent commitment letter, both signed by primary decision executor.
- All soft costs, including but not limited to appraisals, technology, servicing, due diligence, insurance, wiring fees, UCC filings, ect. To be paid by the Company.
- Funding is subject to Provider's Complete review of the transaction, Client, project(s) and capital collateral.
- Provider reserves the right to amend or add any requirements or LOC conditions at its sole discretion.
- Funding period begins when Company's funds are delivered to Provider's Warehouse Lender as part of the funding procedure after Company's deposit into Provider's IOLTA (Interest on Lawyer Trust Account) to create Company's Interest Credit Account, all requested deliverables are submitted, Provider transfers funds into a Provider locked account, and Loan Agreements are executed.
- Your interest Credit Account will cover the Company's interest only payments for approximately the first three (3) years. If the term exceeds the three (3) year mark, the Company is required to make the required interest-only quarterly payments to Knights & Co.
- All parties have an obligation to respect professional secrecy and to take all appropriate precautions to protect the confidentiality of the information each holds in respect of the other's activities. All parties will refrain from engaging in disparagement of the others under any circumstances that may rise. This legal obligation shall remain in full force and effect at all times.
- The Company must activate and complete their Secured Servicing Business Account prior to closing and must maintain it and keep it up to date quarterly throughout the entire servicing term.

**Terms & Conditions**

This Letter is intended solely as a basis for negotiation between Provider and Client of mutually satisfactory definitive documentation relating to a potential LOC issued by Provider to Client. The Line of Credit is subject to the foregoing and the parties agree as follows:

1. **Definitive Documentation**. As promptly as reasonably practicable following the execution and delivery of this Letter, the parties (and their respective legal counsel, if necessary) will commence preparation of definitive documents for the LOC. The definitive agreements and other documentation for the LOC (collectively, the "LOC Documents") will be based upon the terms set forth and agreed upon in this document.
2. **Due Diligence.** Provider will continue to engage in underwriting and due diligence of Client and the scope related to the LOC. Client shall provide information to Provider relevant to the LOC in order that Provider may have the opportunity to conduct customary and appropriate underwriting and due diligence as Provider may deem necessary or desirable in connection with its evaluation of the LOC. In the event that information contained in the Letter is found to be inaccurate, the Provider at its sole discretion may update the terms or void this letter completely.
3. **Non-Binding**. This letter has been prepared and executed to serve as an aid to the negotiation, preparation and execution of the LOC Documents. Client and Provider have mutually discussed the proposed terms of the LOC Documents without Providers' benefit of complete underwriting and due diligence investigation. Therefore, the terms and conditions of this Letter are subject to, among other things, further due diligence investigation by the Provider. Except for the provisions of Sections 2, 3 and hereof ( which are intended to be legally binding on the parties hereto), this document is not intended to constitute a binding contract on either party, and either party will not be liable to either party due any failure to enter into any LOC document. No past or future, action course of conduct, or failure to act relating to the LOC, or relating to the negotiation of the terms of the LOC or the LOC documents will give rise to or serve as a basis for any obligation or other liability on the part of either party.
4. **Governing Law.** This Letter is governed by the laws of the State of Nevada, in Clark County without regard to its conflicts of law rules.
5. **Legal Authority**. Client and Provider each represent that the respective person executing this document on its behalf has the legal authority to enter into this document based on relevant governing documents of each party.
6. **Upon Acceptance**. Upon Client accepting this Letter, Client has seven (7) calendar days to purchase secured digital data storage and servicing, execute agreements, submit requested deliverables and remit their deposit into the Providers' IOLTA, otherwise Client may need to reapply at a later date. This reapplication process may take up to thirty (30) business days.

Please contact Knights & Co if you have any questions regarding this approval.

Regards, *Knights & Co*