# EXHIBIT COVER SHEET

**Exhibit**

| | | |
|---|---|---|
| Party Submitting: | **Mary Ida Townson, U.S. Trustee for Region 21** | |
| Admitted: | **YES    or    NO    (circle one)** | **64** |
| Chapter 11 Debtor: | **Genie Investments NV, Inc.** | |
| Case No. | **3:24−bk−00496−BAJ** | |

Nature of Hearing: **Trial on**

**U.S. Trustee's Motion to Appoint Chapter 11 Trustee, or, in the Alternative, Appoint Examiner, Dismiss Case, or Convert Case to Chapter 7 (Doc. No. 20)**

**Debtor's Response Thereto (Doc. No. 34)**

**U.S. Trustee's Reply (Doc. No. 38)**

Trial Date: **April 9, 2024, at 9:00 a.m.**

**United States Bankruptcy Court
Middle District of Florida**

**Dated:_____, 2024.**

**By: _____, Deputy Clerk**

Case 3:24-bk-00496-BAJ    Doc 47-12    Filed 04/04/24    Page 2 of 3



August 23, 2023

        **Re:    Genie Investments – Update on Funding Delays**

Dear Meetopolis LLC,

       As you know from previous communications, Genie Investments has been working to address the ongoing failure of its capital provider to comply with its contractual obligations to provide funds to Genie. Genie recently engaged this law firm to represent it in its efforts to resolve the situation.

       Earlier communications from Genie's previous law firm relayed explanations from the capital provider for its funding delays. Since then, the capital provider has purportedly attempted other means of delivering the funds – also unsuccessfully. Given the length of the delay and the number of failures, Genie no longer gives credence to the capital provider's explanations and is not interested in excuses. Our sole focus is to compel the capital provider to deliver the funds it owes, so that Genie can, in turn, provide refunds to its borrowers whose own businesses and plans have been negatively affected by this delay.

       On multiple occasions over the last month, the capital provider has expressed a desire to work out a settlement with Genie. At present, however, Genie has not received a bona fide offer. Therefore, Genie is preparing a legal action against the capital provider, which it will file at its earliest opportunity unless it reaches a satisfactory settlement first. In hopes of refunding money to you as soon as possible, we will simultaneously pursue legal action and engage in settlement negotiations.

       Genie will make every reasonable effort to keep you informed of the progress of its efforts during this process. This will include a conference call with Genie's senior leadership to respond to any questions you have. In addition, you can expect further correspondence from this law firm with updates regarding settlement negotiations or the status of any legal action filed against the capital provider. While Genie's efforts are underway, you must direct any inquiries through the ZOOMERAL messaging system.

       As a further indication of Genie's commitment to you, it will, upon successfully resolving the dispute with its capital provider, provide refunds of the due-diligence fees and bridge-loan interest you have paid in connection with your line of credit. Genie has resolved to do this despite the fact that both due-diligence fees and bridge-loan interest payments are fully

August 22, 2023
Page 2

non-refundable under your Due Diligence Fee Agreement and your Bridge Loan Agreement. At present, Genie cannot say whether these refunds will be full or partial; that will depend on the extent of the recovery it obtains.

Genie understands that you want this situation resolved as quickly as possible, which is why it is taking the steps laid out above. Please understand, however, that legal actions of this magnitude require significant time and resources, and we ask your continued patience throughout the process.

Further, we ask you to be mindful of certain aspects of your Letter of Credit Agreement (LOCA) with Genie, which sets forth both parties' rights and obligations to each other. For example, Section 14.3 obligates you to keep the terms of the LOCA confidential and section 14.5 prohibits disparagement of Genie or of persons or entities affiliated with it. Both provisions are deeply important to Genie. Please understand that violating either section would constitute a breach of the agreement and could impair or prevent your participation in the remedies Genie is pursuing. Moreover, failing to comply with these provisions could adversely affect Genie's efforts to obtain the recovery that would then flow to borrowers to whom refunds are due.

In addition, Section 13.7(d) of the LOCA provides that a failure by Genie to provide advances to borrowers does not constitute a breach of the agreement *if the failure is caused by so-called "force majeure" events – i.e., events beyond Genie's control*. The force majeure provision specifically includes the type of event that is currently preventing Genie from providing borrowers with advances, which is that Genie's capital provider – referred to in the LOCA as its "wholesale lender" – has failed to perform its obligations to Genie. Under the circumstances, the LOCA requires Genie to use "reasonably diligent efforts to end the failure or delay and ensure the effects of such Force Majeure Event are minimized," and Genie is currently doing so.

In short, Genie is not only doing what is required by its agreements with you, but also going above and beyond its obligations. This is intended as a show of good faith and an attempt to offset at least some of the stress, anxiety, and inconvenience you may have experienced. Although we never expected to have to confront this situation, we intend to emerge better for it and hope to continue working with you after we have reached that point.

Sincerely,

Adam Walker