# EXHIBIT COVER SHEET

**Exhibit**

Party Submitting: **Mary Ida Townson, U.S. Trustee for Region 21**

Admitted: **YES   or   NO   (circle one)**   **118**

Chapter 11 Debtor: **Genie Investments NV, Inc.**

Case No. **3:24−bk−00496−BAJ**

Nature of Hearing: **Trial on**

**U.S. Trustee's Motion to Appoint Chapter 11 Trustee, or, in the Alternative, Appoint Examiner, Dismiss Case, or Convert Case to Chapter 7 (Doc. No. 20)**

**Debtor's Response Thereto (Doc. No. 34)**

**U.S. Trustee's Reply (Doc. No. 38)**

Trial Date: **April 9, 2024, at 9:00 a.m.**

**United States Bankruptcy Court
Middle District of Florida**

**Dated:_____, 2024.**

**By: _____, Deputy Clerk**

McMann Financial Services LLC, 205 N Michigan Ave, Suite 810, Chicago IL 60601

# LETTER OF ENGAGEMENT FOR COMMERCIAL MORTGAGE BANKING DATA MANAGEMENT AND STORAGE

We are pleased that you **(Belle Maison Realty, LLC.)** have requested the services of **McMann Financial Services LLC** (hereinafter referred to as MFS) to assist you in Data Management and Storage for certain real property and related Lines of Credit. This engagement letter (hereinafter referred to as **"Agreement"**) shall outline our understanding of the mutual objectives of the **Client** and **MFS** and the terms of our engagement, as well as the nature and limitations of the services we shall provide. It is our understanding that you are seeking data financing management which is for:

**File Data Management and Storage of an unsecured Commercial Line of Credit.**

The amount of data storage encompasses approximately $**3,000,000.00**, or a Loan amount agreeable to both parties. Our services to secure the management of the loan file shall include, without limitation, loan documentation packaging, processing, placement and updating as needed. Once the loan package is secured, we shall diligently seek to maintain the data file current as deemed necessary by the Line of Credit Warehouse Lender to maintain the qualifications for the approved Line of Credit.

The terms of our engagement are as follows:

1. Our non-refundable retainer and underwriting shall be **$7,800.00**, which is due and payable by the Client. This fee is considered earned when an acceptable loan commitment letter is presented for approval from a lender. The fee can either be paid from the loan proceeds or directly by the Borrower/Client. This fee has already been paid by Client.

2. Our engagement shall be exclusive and run for 5 years from the date of this Agreement.

3. The Data Management fee shall be 1% of the gross loan proceeds of the Approved Line of Credit Advance (the dollar amount of which is equal to **$30,000.00** (not including the aforementioned "Retainer"). This compensation shall be deemed earned upon completion of a Line of Credit Loan Closing. **McMann** will be paid the total fees earned from the loan proceeds.

4. The **Client** shall be responsible for paying any additional costs associated with this project. Cost as appraisals, title, attorney fees, EPA, underwriting, processing or accounting that may be required by a lender after the loan commitment and closing.

5. **MFS** fee is due and payable in full if the **Client** makes false or misleading statements to **MFS, which** causes the failure of the procurement of a loan. **MCL** is entitled to the same fees and points which it would have received had the loan been consummated and funds received by the **Borrower (Client)**. All fees paid by the **Borrower (Client)** to **MFS** are non-refundable; it being specifically and agreed that all charges incurred by **MFS** were incurred on behalf of the **Client**.

LETTTER OF ENGAGEMENT COMMERCIAL MORTGAGE DATA MANAGEMENT AND STORAGE

- 2 -

      6. All prior and simultaneous understandings and agreements between us and merged into this Agreement and this Agreement completely expresses the understanding between us with respect to the subject matter of our Agreement. This Agreement may bechanged only by written Agreement signed by both parties.

      7. Nothing contained in this Agreement shall be deemed to constitute a partnership, joint venture,

      8. or any other relationship between us except as limited to performing the services set forth in this Agreement. We do not have any authority to execute any contract or Agreement on **Client** behalf nor does this Agreement grant anyauthority to assume to create any obligation or liability on **Client** behalf, or to bind the **Client** in any way except as expressly set forth in this Agreement.

      9.   This Agreement and the rights under it are not assignable.

      10.  This Agreement shall be governed and construed in accordance with the laws of the State of IL.

Please indicate your concurrence with the foregoing by dating and signing your namewere indicated below on both copies of this engagement letter. You should retain one copy of this Agreement for your records and return the other copy to us.

Agreed and approved:

_____  
Walter P Trock 111  
Managing Partner  
McMann Financial Services LLC  
205 N Michigan Ave, Ste 810  
Chicago IL 60601

_____  
Lea Muse  
Owner  
Belle Maison Realty, LLC

Date: **2/6/2023**