**ORDERED.**

Dated: April 11, 2024

_____
Jason A. Burgess
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

IN RE:

Genie Investments NV, Inc.,

      Debtor.
_____/

Case No.: 3:24-bk-00496-BAJ
Chapter 11

## ORDER GRANTING IN PART AND DENYING IN PART UNITED STATES TRUSTEE'S EXPEDITED MOTION TO APPOINT CHAPTER 11 TRUSTEE, OR, IN THE ALTERNATIVE, APPOINT AN EXAMINER, DISMISS THE CASE, OR CONVERT THE CASE TO CHAPTER 7

This Case came before the Court for a two-day trial beginning on April 10, 2024, on the *Expedited Motion to Appoint Chapter 11 Trustee, or, in the Alternative, Appoint an Examiner, Dismiss the Case, or Convert the Case to Chapter 7* (the "Motion") (Doc. 20), filed by the United States Trustee (the "Trustee"), the *Response in Opposition to the Motion* (the "Response") (Doc. 34), filed by Genie Investments NV, Inc. (the "Debtor"), and the *Reply to the Response* (the "Reply") (Doc. 38), filed by the Trustee. During the trial, the Court heard *extensive* testimony from numerous witnesses called by the Trustee, as well as detailed testimony from the principals of the Debtor, and an attorney for the Debtor. At the conclusion of the trial, the Court issued an oral ruling due to the exigent circumstances surrounding this Case. For the reasons stated on the

record, which shall constitute the decision of the Court, the Court finds it is in the best interest of all parties involved to appoint an examiner in this Case. The Court also finds the appointment of an examiner is necessary and mandated pursuant to 11 U.S.C. § 1104(c)(1), (c)(2). Accordingly, it is,

**ORDERED:**

1. The Motion is Granted in Part and Denied in Part as set forth herein.

2. Pursuant to 11 U.S.C. § 1104(c)(1), (c)(2), an examiner shall be appointed in this Case.

3. The examiner is directed to investigate the alleged fraud in this Case, including but not limited to:

    (i) the connection, if any, between the Debtor or its affiliates, and McMann Commercial Lending or its affiliates;
    (ii) the alleged fraudulent agreement with Velanos;
    (iii) the connection and transfers between the Debtor and any affiliates or Debtor entities;
    (iv) any transfers between the Debtor, including its directors, officers, insiders, or affiliates over the last two years.

4. The Debtor in Possession must fully and transparently cooperate with the entirety of the investigation conducted by the examiner.

5. The Court reserves the right to supplement this Order with written findings of fact and conclusions of law.