UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

In re:

GENIE INVESTMENTS NV INC.,

    Debtor.
_____/

Case No.: 3:24-bk-00496-BAJ
Chapter 11

### APPLICATION FOR AUTHORITY TO RETAIN WINDERWEEDLE, HAINES, WARD & WOODMAN, P.A., AS COUNSEL FOR THE EXAMINER AND VERIFIED STATEMENT OF RYAN E. DAVIS IN SUPPORT OF APPLICATION

MARIA YIP, the duly appointed Examiner ("Yip" or the "Examiner"), in this case applies (the "Application") for the entry of an order (in the form attached hereto as **Exhibit "A"**) authorizing the Examiner to retain and employ Winderweedle, Haines, Ward & Woodman, P.A. ("WHWW") as her counsel, pursuant to 11 U.S.C. §§ 105(a), 327(a), Bankruptcy Rule 2014, and Local Rule 2016-1. The Application is supported by the accompanying Verified Statement of Ryan E. Davis (the "Verified Statement"), attached hereto as **Exhibit "B,"** and in support thereof, states:

### BACKGROUND

1. On February 21, 2024, GENIE INVESTMENTS NV INC. ("Debtor"), filed a voluntary petition under Chapter 11 of the Bankruptcy Code ("Code").

2. This Court has jurisdiction over this chapter 11 case and this Application pursuant to 28 U.S.C. §§ 1334 and 157(b), and venue is proper in this District pursuant to 28 U.S.C. § 1408. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. On March 5, 2024, the United States Trustee filed an *Expedited Motion to Appoint Chapter 11 Trustee, or, in the Alternative, Appoint an Examiner, Dismiss the Case, or Convert the Case to Chapter 7* (the "Motion") (Doc. No. 20).

1

4. On April 11, 2024, the Court entered an *Order Granting in Part and Denying in Part the United States Trustee's Motion* (the "Order") (Doc. No. 60). The Order directed the appointment of an Examiner to investigate the alleged fraud in this Case, including but not limited to:

    (i) the connection, if any, between the Debtor or its affiliates, and McMann Commercial Lending or its affiliates;

    (ii) the alleged fraudulent agreement with Velanos;

    (iii) the connection and transfers between the Debtor and any affiliates or Debtor entities;

    (iv) any transfers between the Debtor, including its directors, officers, insiders, or affiliates over the last two years.

5. The Order authorized the appointment of an examiner pursuant to 11 U.S.C. § 1104(c) and directed the Office of the United States Trustee to appoint a Chapter 11 Examiner in the Debtor's case in accordance with the provisions of 11 U.S.C. § 1104(c)(1), (c)(2).

6. On April 16, 2024, the United States Trustee filed an Application for Approval of Chapter 11 Examiner (the "Application") (Doc. No. 65), selecting Yip as the Examiner in this case, which was approved by the Court under the *Order Approving Selection of Chapter 11 Examiner*, dated April 17, 2024 (Doc. No. 68).

## **RELIEF REQUESTED**

7. The Examiner requests the entry of an order approving the retention of WHWW as counsel to the Examiner to perform legal services as necessary for the Examiner to discharge her duties. Among other things, the Examiner needs the assistance of WHWW for the preparation and issuance of subpoenas to obtain records necessary for the investigation into the alleged fraud in this case and to review certain contracts and agreements.

A. **WHWW's Services**

8. Yip wishes to employ WHWW in connection with the Debtor's Chapter 11 case as necessary to assist Yip in the Yip in the discharge of her duties as set forth in the Order (Doc. No. 60). As mentioned, the Examiner needs assistance of counsel for the preparation and issuance of subpoenas to obtain records necessary for the investigation into the alleged fraud in this case and to review certain contracts and agreements. The Examiner intends to keep the role of WHWW to a minimum.

9. WHWW is comprised of attorneys who have substantial expertise, experience, and resources in this area of law, including a group of attorneys who limit their practice to the areas of insolvency, reorganization, and bankruptcy law. As such, WHWW is well-qualified to represent the Examiner in fulfilling her obligations in this Chapter 11 case.

B. **WHWW's Compensation**

10. The terms and conditions under which the trustee seeks to employ WHWW are as follows: WHWW will be paid hourly for its services. Ryan Davis has agreed to a reduced rate of $450 per hour. The hourly rates of attorneys within his firm range from $195.00 to $565.00 per hour. WHWW will charge for its services in accordance with its ordinary and customary rates in effect at the time services are rendered.

11. WHWW will seek the Court's approval of any out-of-pocket expenses incurred on behalf of the Examiner in conformity with 11 U.S.C. §§ 330 and 331.

12. WHWW understands that its monetary compensation for fees and expenses incurred as counsel to the Examiner in this case is subject to further approval of this Court, after appropriate notice and hearing.

13. To the best of the Examiner's knowledge, WHWW has not shared or agreed to share such compensation with any other person, except among its shareholders and members.

### C. WHWW's Disinterestedness

14. To the best of the Examiner's knowledge, WHWW and all of the attorneys comprising or employed by it: (i) do not hold or represent an adverse interest in connection with the Debtor's case; (ii) do not hold or represent an interest adverse to the interests of the Debtor's estate with respect to the matters on which the Examiner is engaged; (iii) are "disinterested persons" within the meaning of section 101(14) of the Bankruptcy Code; and (iv) do not have any other connection with the Debtor, its creditors, any other party in interest, their respective attorneys or accountants, the U.S. Trustee, or any person employed in the Office of the U.S. Trustee, other than as may be disclosed in the Verified Statement. The Verified Statement attached hereto as **Exhibit "B"** discloses any of WHWW's connections with the Debtor, its creditors, and other parties in interest.

15. In order to confirm that it is "disinterested" within the meaning of Bankruptcy Code section 101(14), WHWW conducted its standard conflict check procedure set forth in the Verified Statement. Specifically, WHWW used its conflicts check software program to identify any connections between WHWW and the Debtor, its officers and directors, and the list of creditors and circulated a conflict check e-mail to the attorneys within the firm, requesting disclosure of any conflicts or connections. After reviewing the conflicts check report, WHWW determined that there were no issues which would preclude its representation of the Examiner in this case.

### D. Notice

16. This application has been served on the U.S. Trustee, counsel for the Debtor, all parties on the Local Rule 1007-2 parties in interest list and including the Debtor's creditors holding

the twenty largest unsecured claims. The Examiner respectfully submits that such service and notice is sufficient under the circumstances and that no other or further notice need be provided.

WHEREFORE, the Examiner requests authority to employ and retain WHWW as her counsel, with compensation as set forth herein and as this Court may allow.

Date: April 26, 2024.

                        Respectfully submitted,

*/s/Maria M. Yip*
MARIA M. YIP, EXAMINER
Yip Associates
2 S. Biscayne Blvd., Suite 2690
Miami, Florida 33131
Office: 305-569-0550
Fax: 1-888-632-2672
E-mail: myip@yipcpa.com

*Filer's Attestation: Pursuant to Local Rule 1001-2(g)(3) regarding signatures, Ryan E. Davis attests that concurrence in the filing of this paper has been obtained.*

*/s/ Ryan E. Davis*
RYAN E. DAVIS
Florida Bar No. 0179851
rdavis@whww.com
**WINDERWEEDLE, HAINES, WARD & WOODMAN, P.A.**
Post Office Box 880
Winter Park, FL 32790-0880
Telephone: (407) 423-4246
Facsimile: (407) 645-3728

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 26, 2024, a copy of the foregoing has been furnished via:

***Electronic Transmission to:***

5

**Bryan K. Mickler, Esq.**
Mickler & Mickler
5452 Arlington Expressway
Jacksonville, FL 32211
Email: court@planlaw.com

**Scott E Bomkamp, Esq.**
DOJ-Ust
United States Trustee
400 W. Washington St., Suite 1100
Orlando, FL 32801
Email: scott.e.bomkamp@usdoj.gov

**United States Trustee**
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801

All those registered to receive CM/ECF on this case.

*US Mail to:*

*Debtor*
**Genie Investments NV Inc.**
PO Box 60443
Jacksonville, FL 32236

Local Rule 1007-2 parties in interest listed on the attached mailing matrix.

/s/ *Ryan E. Davis*
RYAN E. DAVIS
Florida Bar No. 0179851
rdavis@whww.com
**WINDERWEEDLE, HAINES, WARD
 & WOODMAN, P.A.**
Post Office Box 880
Winter Park, FL 32790-0880
Telephone: (407) 423-4246
Facsimile: (407) 645-3728

6

```
Label Matrix for local noticing          Archer Capital Investments              Autonomous Drine Solutions LLC
113A-3                                   Attn: Michael Thompson                  dba Calaway Solutions
Case 3:24-bk-00496-BAJ                   1448 W. Salmon Caddis Drive             Attn: Garrett Calaway
Middle District of Florida               Bluffdale, UT 84065-5122                7180 S Hudson Circle
Jacksonville                                                                     Centennial, CO 80122-2553
Fri Apr 26 15:57:47 EDT 2024

Belle Maison Realty, LLC                 Meetopolis LLC                          North Haven Lodging Partners, LLC
Attn: Lea Muse                           Attn: Lisa Butkiewicz                   Attn: Benjamin Morris, Esq.
1133 E 83rd Street 171                   5434 E Kathleen Road                    Foley & Lardner LLP
Chicago, IL 60619-6455                   Scottsdale, AZ 85254-1759               11988 El Camino Real, Suite 400
                                                                                 San Diego, CA 92130-2594


End of Label Matrix
Mailable recipients     5
Bypassed recipients     0
Total                   5
```

# EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

In re:

GENIE INVESTMENTS NV INC.,

       Debtor.
_____/

Case No.: 3:24-bk-00496-BAJ
Chapter 11

## ORDER APPROVING EXAMINER'S APPLICATION FOR AUTHORITY TO RETAIN WINDERWEEDLE, HAINES, WARD & WOODMAN, P.A., AS COUNSEL

THIS CASE came on for consideration upon the *Examiner's Application for Authority to Retain Winderweedle, Haines, Ward & Woodman, P.A., as Counsel* ("Application") (Doc. No.____). Based upon the facts set forth in the Application, and the *Verified Statement of Ryan E. Davis Pursuant to F.R.B.P. Rule 2014 in Support of Examiner's Application for Authority to Retain Winderweedle, Haines, Ward & Woodman, P.A. as Counsel* (Doc. No. ____), the Court concludes that the attorney, RYAN E. DAVIS, and the firm of Winderweedle, Haines, Ward & Woodman, P.A., are disinterested persons as required by 11 U.S.C. §327 and have disclosed any connections with parties set forth in FRBP 2014, and that their employment as counsel is necessary and would be in the best interest of the estate. Accordingly, it is

ORDERED:

1.     The Application (Doc. No. ____) is APPROVED.

2. The Examiner is authorized to retain RYAN E. DAVIS and the firm of Winderweedle, Haines, Ward & Woodman, P.A., as counsel, pursuant to the terms of the Application.

3. Compensation will be determined later in accordance with 11 U.S.C. § 330. All fee amounts are not guaranteed and subject to review.

4. WHWW will file appropriate applications for allowance of interim or final compensation in accordance with the procedures established in this case, and any further order of the Court.

5. Any party in interest may file an objection within 21 days from the date this Order is entered, if you object to the employment of Winderweedle, Haines, Ward & Woodman, P.A., as counsel.

#

Ryan E. Davis is directed to serve a copy of this Order on interested parties who are on-CM/ECF users and file a proof of service within 3 days of entry of the Order.

# EXHIBIT "B"

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

In re:   Case No.: 3:24-bk-00496-BAJ
Chapter 11

GENIE INVESTMENTS NV INC.,

    Debtor.
_____/

**VERIFIED STATEMENT OF RYAN E. DAVIS PURSUANT
TO F.R.B.P. RULE 2014 IN SUPPORT OF EXAMINER'S
APPLICATION FOR AUTHORITY TO RETAIN WINDERWEEDLE, HAINES,
WARD & WOODMAN, P.A., AS COUNSEL**

I, Ryan E. Davis, in accordance with F.R.B.P. 2014, make the following verified statements:

1. I am an attorney admitted to practice in the United States District Court for the Middle District of Florida.

2. I am a shareholder with the firm of Winderweedle, Haines, Ward, & Woodman, P.A. ("WHWW").

3. Neither I nor any member of the law firm has any connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any other person employed in the office of the United States Trustee, except as disclosed below:

| Entity | Type of Representation or Connection |
|---|---|
| Alliance Mortgage | WHWW previously represented parties in interest, including Alliance Mortgage, in real estate transactions involving Alliance Mortgage unrelated to this case. Alliance Mortgage is not a current client of the firm. |

1

| | |
|---|---|
| Byrd, James William | WHWW has represented an Estate of James Byrd in an Estate & Trust Administration that is unrelated to this case and that is closed. WHWW represented a client adverse to a James Byrd, which matter is closed. |
| Florida Department of Revenue | WHWW represents several Chapter 7 Trustees. Florida Dept. of Revenue has been named in other Chapter 7 bankruptcy cases as a creditor unrelated to this case.<br><br>Florida Department of Revenue is often a defendant in foreclosure cases handled by WHWW unrelated to this case. |
| Hughes, David | WHWW previously represented parties in real estate transactions involving a David H. Hughes that are unrelated to this case. David H. Hughes is not a client of the firm. |
| Internal Revenue Service | WHWW represents several Chapter 7 Trustees. Internal Revenue Service has been named in other Chapter 7 bankruptcy cases as a creditor unrelated to this case.<br><br>WHWW has been adverse to the Internal Revenue Service in bankruptcy adversary proceedings and cases unrelated to this case. |
| Virthe, Nicholas | WHWW represents a party in a litigation matter adverse to a Nicholas Virthe that is unrelated to this case. |
| Yip, Maria, Examiner | WHWW has represented parties in bankruptcy cases in which Maria Yip has served as examiner or trustee that are unrelated to this case. |

    4.    Except as otherwise disclosed in paragraph 3, WHWW does not hold or represent any interest adverse to the estate. WHWW is disinterested within the definition under the Bankruptcy Code.

5. WHWW has no connection with the U.S. Trustee's office or any person employed at the U.S. Trustee's office. Shareholders and associates of WHWW have dealt with the U.S. Trustee's office in other cases and have social contact with various attorneys of the Trustee's office.

6. I understand that monetary compensation to WHWW for fees and expenses incurred as counsel to the Examiner in this case is subject to approval of this Court, after appropriate notice and hearing.

7. The Examiner believes it is necessary to employ WHWW, which is duly admitted to practice before this Court, as Counsel, for the purpose of assisting the Examiner with the investigation of the alleged fraud in this Case and the issues set forth in the *Order Granting in Part and Denying in Part the United States Trustee's Motion* (the "Order") (Doc. No. 60). WHWW's role will be primarily limited to the preparation and issuance of subpoenas and reviewing certain contracts and agreements.

8. The factual statements set forth in this Verified Statement have been made based on (1) a personal review by me and my staff of the list of insiders and creditors of Genie Investments NV Inc., (2) a computer search of WHWW's client list, and (3) a memorandum circulated to all of WHWW's attorneys requesting information as to whether a conflict would exist if this representation were undertaken. These efforts did not reveal any potential conflicts or connections, other than as set forth in paragraph 3 above.

I verify, under penalty of perjury under the laws of the State of Florida and the United States of America, that the foregoing is true and correct.

Dated April 26, 2024.

*/s/ Ryan E. Davis*
RYAN E. DAVIS
Florida Bar No. 0179851
rdavis@whww.com

WINDERWEEDLE, HAINES, WARD
& WOODMAN, P.A.
Post Office Box 880
Winter Park, FL 32790-0880
Telephone: (407) 423-4246
Facsimile: (407) 645-3728

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 26, 2024, a copy of the foregoing has been furnished via:

*Electronic Transmission to:*

**Bryan K. Mickler, Esq.**
Mickler & Mickler
5452 Arlington Expressway
Jacksonville, FL 32211
Email: court@planlaw.com

**Scott E Bomkamp, Esq.**
DOJ-Ust
United States Trustee
400 W. Washington St., Suite 1100
Orlando, FL 32801
Email: scott.e.bomkamp@usdoj.gov

**United States Trustee**
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801

All those registered to receive CM/ECF on this case.

*US Mail to:*

*Debtor*
**Genie Investments NV Inc.**
PO Box 60443
Jacksonville, FL 32236

Local Rule 1007-2 parties in interest listed on the attached mailing matrix.

*/s/ Ryan E. Davis*
RYAN E. DAVIS

4