**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

www.flmb.uscourts.gov

*In re:*                                                      Case No.: 3:24-bk-00496-BAJ

GENIE INVESTMENTS NV INC.,             Chapter 11

        Debtor.
_____/

## APPLICATION FOR AUTHORITY TO RETAIN HAL A. LEVENBERG, CIRA, CFE AND YIP ASSOCIATES AS FINANCIAL ADVISORS FOR THE EXAMINER

MARIA M. YIP, the duly appointed Examiner ("**Yip**" or the "**Examiner**"), in this case applies (the "**Application**") for the entry of an order (in the form attached hereto as **Exhibit "B"**) authorizing the Examiner to retain and employ Hal A. Levenberg, CIRA, CFE ("**Levenberg**") and the firm of Yip Associates ("**Yip Associates**") as financial advisors to the Examiner, pursuant to 11 U.S.C. §§ 105(a), 327(a), Bankruptcy Rule 2014, and Local Rule 2016-1. The Application is supported by the accompanying *Affidavit of Hal A. Levenberg, CIRA, CFE on behalf of Yip Associates as Proposed Financial Advisors for the Examiner* (the "**Levenberg Affidavit**"), attached hereto as **Exhibit "A"**, and in support thereof, states:

### BACKGROUND

1. On February 21, 2024, GENIE INVESTMENTS NV INC. ("**Debtor**"), filed a voluntary petition under Chapter 11 of the Bankruptcy Code ("**Code**").

2. This Court has jurisdiction over this chapter 11 case and this Application pursuant to 28 U.S.C. §§ 1334 and 157(b), and venue is proper in this District pursuant to 28 U.S.C. § 1408. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. On March 5, 2024, the United States Trustee filed an *Expedited Motion to Appoint Chapter 11 Trustee, or, in the Alternative, Appoint an Examiner, Dismiss the Case, or Convert the Case to Chapter 7* (the "**Motion**") (Doc. No. 20).

4. On April 11, 2024, the Court entered an *Order Granting in Part and Denying in Part the United States Trustee's Motion* (the "**Order**") (Doc. No. 60). The Order directed the appointment of an Examiner to investigate the following:

(i) the connection, if any, between the Debtor or its affiliates, and McMann Commercial Lending or its affiliates;

(ii) the alleged fraudulent agreement with Velanos;

(iii) the connection and transfers between the Debtor and any affiliates or Debtor entities; and

(iv) any transfers between the Debtor, including its directors, officers, insiders, or affiliates over the last two years.

5. The Order authorized the appointment of an examiner pursuant to 11 U.S.C. § 1104(c) and directed the Office of the United States Trustee to appoint a Chapter 11 Examiner in the Debtor's case in accordance with the provisions of 11 U.S.C. § 1104(c)(1), (c)(2).

6. On April 16, 2024, the United States Trustee filed an Application for Approval of Chapter 11 Examiner (the "**Application**") (Doc. No. 65), selecting Yip as the Examiner in this case, which was approved by the Court under the *Order Approving Selection of Chapter 11 Examiner*, dated April 17, 2024 (Doc. No. 68).

## RELIEF REQUESTED

7. The Examiner requests the entry of an order approving the retention of Hal A. Levenberg, CIRA, CFE and Yip Associates as financial advisors to the Examiner, to investigate the financial affairs of the Debtor and other financial matters, as necessary for the Examiner to discharge her duties.

### A. Yip Associates' Services

8. The Examiner seeks to employ Yip Associates to render the following professional services to the Examiner as financial advisors:

(a) Review of all financial information prepared by the Debtor, including but not limited to a review of the Debtor's financial information as of the Petition Date, including, but not limited to, examining its assets and liabilities;

(b) Review and analyze the organizational structure of any entity of the Debtor, the entity's financial interrelationships amongst the Debtor, its principals, affiliates, and insiders, including a review of the books of such entities or persons as may be required;

(c) Review and analyze transfers to and from the Debtor to third parties, both pre-petition and post-petition;

(d) Attend meetings with the Debtor, creditors, insiders, and associates of such parties, and with federal, state, and local tax authorities, if requested;

(e) Review the books and records of the Debtor for potential preference payments, fraudulent transfers, or any other matters that the Examiner may request; and

(f) The rendering of any such other assistance in the nature of accounting, business valuation, financial consulting, or other financial projects as the Examiner may deem necessary.

9. The Examiner wishes to employ Yip Associates in connection with the Debtor's Chapter 11 case as necessary to assist the Examiner in the discharge of her duties as set forth in the Order (Doc. No. 60). As mentioned, the Examiner requires the assistance of Yip Associates to investigate the financial affairs of the Debtor and other matters. The Examiner intends to keep the role of Yip Associates to a minimum.

10. Yip Associates is comprised of accountants who have substantial expertise, experience, and resources in this area of finances, including a group of financial advisors who limit their practice to the areas of insolvency, reorganization, and bankruptcy law. As such, Yip Associates is well-qualified to represent the Examiner in fulfilling her obligations in this Chapter 11 case.

   B. **<u>Yip Associates' Compensation</u>**

11. Yip Associates will apply for compensation and reimbursement of costs pursuant to 11 U.S.C. § 330 and 331, at its standard hourly rates, as they may be adjusted from time to time, for services rendered and cost incurred in this case.

12. Yip Associates understands that its monetary compensation for fees and expenses incurred as financial advisors to the Examiner in this case is subject to further approval of this Court, after appropriate notice and hearing.

   C. **<u>Yip Associates' Disinterestedness</u>**

6. To the best of the Examiner's knowledge, Yip Associates and all of the financial advisors comprising or employed by it: (i) do not hold or represent an adverse interest in connection with the Debtor's case; (ii) do not hold or represent an interest adverse to the interests of the Debtor's estate with respect to the matters on which the Examiner is engaged; (iii) are "disinterested persons" within the meaning of section 101(14) of the Bankruptcy Code; and (iv)

do not have any other connection with the Debtor, its creditors, any other party in interest, their respective attorneys or accountants, the U.S. Trustee, or any person employed in the Office of the U.S. Trustee, except as set forth in the *Affidavit of Hal A. Levenberge, CIRA, CFE on behalf of Yip Associates as Proposed Financial Advisors for the Examiner* (the "**Levenberg Affidavit**"), annexed hereto as **Exhibit "A"**.

15. In order to confirm that it is "disinterested" within the meaning of Bankruptcy Code section 101(14), Yip Associates conducted its standard conflict check procedure set forth in the Levenberg Affidavit. Specifically, Yip Associates used its conflicts check software program to identify any connections between Yip Associates and the Debtor, its officers and directors, and the list of creditors and circulated a conflict check e-mail to the attorneys within the firm, requesting disclosure of any conflicts or connections. After reviewing the conflicts check report, Yip Associates determined that there were no issues which would preclude its representation of the Examiner in this case.

D. **Notice**

16. This application has been served on the U.S. Trustee, counsel for the Debtor, all parties on the Local Rule 1007-2 parties in interest list and including the Debtor's creditors holding the twenty largest unsecured claims. The Examiner respectfully submits that such service and notice is sufficient under the circumstances and that no other or further notice need be provided.

**WHEREFORE**, the Examiner requests authority to employ and retain Yip Associates as her financial advisors, with compensation as set forth herein and as this Court may allow.

Date: April 26, 2024.                                   Respectfully submitted,

/s/Maria M. Yip
MARIA M. YIP, EXAMINER
One Biscayne Tower
2 S. Biscayne Blvd., Suite 2690
Miami, Florida 33131
Office:  305-569-0550
Fax: 1-888-632-2672
E-mail: myip@yipcpa.com

*Filer's Attestation:  Pursuant to Local Rule 1001-2(g)(3) regarding signatures, Ryan E. Davis attests that concurrence in the filing of this paper has been obtained.*

/s/ Ryan E. Davis
RYAN E. DAVIS
Florida Bar No. 0179851
rdavis@whww.com
**WINDERWEEDLE, HAINES, WARD & WOODMAN, P.A.**
Post Office Box 880
Winter Park, FL 32790-0880
Telephone:  (407) 423-4246
Facsimile:  (407) 645-3728

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 26, 2024, a copy of the foregoing has been furnished via:

*Electronic Transmission to:*

**Bryan K. Mickler, Esq.**
Mickler & Mickler
5452 Arlington Expressway
Jacksonville, FL 32211
Email: court@planlaw.com

**Scott E Bomkamp, Esq.**
DOJ-Ust
United States Trustee
400 W. Washington St., Suite 1100
Orlando, FL 32801
Email: scott.e.bomkamp@usdoj.gov

**United States Trustee**
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801

All those registered to receive CM/ECF on this case.

*US Mail to:*

*Debtor*
**Genie Investments NV Inc.**
PO Box 60443
Jacksonville, FL 32236

Local Rule 1007-2 parties in interest listed on the attached mailing matrix.

　　　　　　　　　　　　　　　　　　*/s/ Ryan E. Davis*
　　　　　　　　　　　　　　　　　　RYAN E. DAVIS
　　　　　　　　　　　　　　　　　　Florida Bar No. 0179851
　　　　　　　　　　　　　　　　　　rdavis@whww.com
　　　　　　　　　　　　　　　　　　**WINDERWEEDLE, HAINES, WARD**
　　　　　　　　　　　　　　　　　　 **& WOODMAN, P.A.**
　　　　　　　　　　　　　　　　　　Post Office Box 880
　　　　　　　　　　　　　　　　　　Winter Park, FL 32790-0880
　　　　　　　　　　　　　　　　　　Telephone: (407) 423-4246
　　　　　　　　　　　　　　　　　　Facsimile: (407) 645-3728

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-3<br>Case 3:24-bk-00496-BAJ<br>Middle District of Florida<br>Jacksonville<br>Fri Apr 26 15:57:47 EDT 2024 | Archer Capital Investments<br>Attn: Michael Thompson<br>1448 W. Salmon Caddis Drive<br>Bluffdale, UT 84065-5122 | Autonomous Drine Solutions LLC<br>dba Calaway Solutions<br>Attn: Garrett Calaway<br>7180 S Hudson Circle<br>Centennial, CO 80122-2553 |
| Belle Maison Realty, LLC<br>Attn: Lea Muse<br>1133 E 83rd Street 171<br>Chicago, IL 60619-6455 | Meetopolis LLC<br>Attn: Lisa Butkiewicz<br>5434 E Kathleen Road<br>Scottsdale, AZ 85254-1759 | North Haven Lodging Partners, LLC<br>Attn: Benjamin Morris, Esq.<br>Foley & Lardner LLP<br>11988 El Camino Real, Suite 400<br>San Diego, CA 92130-2594 |

End of Label Matrix
Mailable recipients    5
Bypassed recipients    0
Total                  5

# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION
www.flmb.uscourts.gov

*In re:*                                                                    Case No.: 3:24-bk-00496-BAJ

GENIE INVESTMENTS NV INC.,                            Chapter 11

    Debtor.
_____/

### AFFIDAVIT OF HAL A. LEVENBERG, CIRA, CFE ON BEHALF OF YIP ASSOCIATES AS PROPOSED FINANCIAL ADVISORS FOR THE EXAMINER

**STATE IF FLORIDA**              )
                                             ) SS:
**MIAMI-DADE COUNTY**       )

    I, **HAL A. LEVENBERG, CIRA, CFE** being duly sworn, state that:

    1.    I am a Certified Insolvency and Restructuring Advisor ("CIRA"), a Certified Fraud Examiner ("CFE") in the State of Florida and a Partner of Yip Associates ("**Yip Associates**"). Our firm maintains offices in Florida, New Jersey, and New York.

    2.    I am familiar with the matters set forth herein and make this affidavit in support of the *Application for Authority to Retain Hal A. Levenberg, CIRA, CFE and Yip Associates as Financial Advisors for the Examiner (*the "**Application**").

    3.    Maria M. Yip, the duly appointed Examiner ("**Yip**" or the "**Examiner**") has requested that Yip Associates and I represent her for the reasons stated in the said Application.

    4.    Yip Associates maintains a conflict check system. A conflict check search was run for all creditors on the creditor matrix filed with the Court by GENIE INVESTMENTS NV INC.

1

(the "**Debtor**"), the Debtor and attorneys. In preparing this Affidavit, I reviewed the results obtained from the firm's conflict check system and no employee in our firm has had or presently has any connection with the Debtor, the Debtor's creditors, any other party in interest or their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee, on any matters in which the firm is to be engaged with the following exceptions:

    (a)    Maria M. Yip is the sole member of Yip Associates.

    (b)    Maria M. Yip is a member of the panel of bankruptcy trustees in the Southern District of Florida.

    (c)    Maria M. Yip serves as a member of the pool of Subchapter V trustees for the Office of the United States Trustee in the Southern District of Florida.

    (d)    Debtor's counsel may serve as counsel for debtors in unrelated matters in which Maria M. Yip is the bankruptcy trustee.

    (e)    Some of the Debtor's creditors may be the same as some of the creditors in other unrelated bankruptcy matters in which Maria M. Yip is the bankruptcy trustee.

    (f)    Creditors' counsel may serve as counsel for creditors in other unrelated bankruptcy matters in which Maria M. Yip is the bankruptcy trustee.

    (g)    Some of the Debtor's creditors are common creditors in unrelated bankruptcy matters in which Yip Associates has been retained as accountants by Maria M. Yip in her capacity as Chapter 7 & Chapter 11 Trustee, Examiner, or Disbursing Agent, as well as other Chapter 7 Trustees in the Southern and Middle District of Florida as follows:

- Internal Revenue Service
- State of Florida - Department of Revenue

5. I am well-qualified to serve as financial advisor to the Examiner for the purpose required. I have more than 15 years of experience in accounting, including forensic accounting and bankruptcy related matters. I have been retained as financial advisor to render professional services to examiners in numerous unrelated bankruptcy matters in this District. Yip Associates and I have rendered professional services to fiduciaries and clients in this District in other unrelated bankruptcy and non-bankruptcy matters.

6. Neither Yip Associates nor I have or will represent any other entity in connection with this case and neither Yip Associates nor I have or will accept any fee from any other party or parties in this case, except the Examiner, unless otherwise authorized by the Court.

7. The professional fees and costs incurred by Yip Associates in the course of its representation of the Examiner in this case shall be subject in all respects to the application and notice requirements of 11 U.S.C. §§ 327, 330 and 331, and Rules 2014.

8. Yip Associates will apply for compensation and reimbursement of costs pursuant to 11 U.S.C. § 330 and 331, at its standard hourly rates, as they may be adjusted from time to time, for services rendered and cost incurred in this case.

9. No promises have been received by Yip Associates nor any member or associate thereof as to compensation in connection with this case other than in accordance with the provisions of the Bankruptcy Code.

**FURTHER AFFIANT SAYETH NAUGHT**

_____
Hal A. Levenberg, CIRA, CFE
YIP ASSOCIATES
One Biscayne Tower
2 S. Biscayne Blvd., Suite 2690
Miami, Florida 33131
T: (305) 787-3753 F: 1(888) 632-2672
Email: HLevenberg@yipcpa.com

The foregoing instrument was acknowledged before me this 25th day of April, 2024, by Hal A. Levenberg who is personally known to me.



_____
Notary Public, State of Florida

Print Name:   Pamela Chuy

My Commission Expires:

# EXHIBIT "B"

PROPOSED

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**
www.flmb.uscourts.gov

| | |
|---|---|
| *In re:* | Case No.:   3:24-bk-00496-BAJ |
| GENIE INVESTMENTS NV INC., | Chapter 11 |
| Debtor._____/ | |

**ORDER APPROVING SELECTION OF CHAPTER 11 EXAMINER**

THIS CASE came on for consideration upon the *Examiner's Application for Authority to Retain Hal A. Levenberg, CIRA, CFE and Yip Associates, as financial advisors* ("**Application**") (Doc. No. ____). Based upon the facts set forth in the Application, and the *Affidavit of Hal A. Levenberg, CIRA, CFE on behalf of Yip Associates as Proposed Financial Advisors to the Examiner* (the "**Levenberg Affidavit**") attached to the Application as **Exhibit "A"**, *Pursuant to Fed. R. Bankr. P. Rule 2014 in Support of Examiner's Application for Authority to Retain Hal A. Levenberg, CIRA, CFE and Yip Associates, as financial advisors* (Doc. No. _____), the Court concludes that the financial advisor, Hal A. Levenberg, CIRA, CFE, and the firm Yip Associates, are disinterested persons as required by 11 U.S.C. §327 and have disclosed any connections with parties set forth in Fed. R. Bankr. P. 2014, and that their employment as financial advisors is necessary and would be in the best interest of the estate. Accordingly, it is

2

**ORDERED**:

1. The Application (Doc. No. _____) is **APPROVED**.

2. The Examiner is authorized to retain Hal A. Levenberg, CIRA, CFE, and the firm Yip Associates, as financial advisors, pursuant to the terms of the Application.

3. Yip Associates shall apply for compensation and reimbursement of costs, pursuant to 11 U.S.C §§ 330 and 331, at its standard rates, as they may be adjusted from time to time, for services rendered and costs incurred on behalf of the Examiner.

4. Yip Associates will file appropriate applications for allowance of interim or final compensation in accordance with the procedures established in this case, and any further order of the Court.

5. Any party in interest may file an objection within 21 days from the date this Order is entered, if you object to the employment of Yip Associates, as financial advisors.

###

Submitted by:
MARIA M. YIP, EXAMINER
One Biscayne Tower
2 S. Biscayne Blvd., Suite 2690
Miami, Florida 33131
Office:   305-569-0550
Fax: 1-888-632-2672
E-mail: myip@yipcpa.com


**Copies Furnished to:**   Maria M. Yip, Examiner
*Examiner Yip is directed to serve copies of this Order upon all parties in interest upon receipt thereof, and to file a Certificate of Service with the Court confirming such service.*