# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

**In re:**

**GENIE INVESTMENTS NV INC.,**     Case Number: 3:24-bk-00496-BAJ
                                   Chapter 11

    **Debtor,**

_____/

### APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO SECTIONS 328 AND 1103 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014 FOR AN ORDER APPROVING THE RETENTION AND EMPLOYMENT OF HOLLAND & KNIGHT LLP AS COUNSEL TO THE COMMITTEE EFFECTIVE AS OF MAY 3, 2023

The Official Committee of Unsecured Creditors (the "Committee") appointed in the above-captioned proceeding (the "Chapter 11 Case") of Genie Investments NV Inc. (the "Debtor"), files this application (the "Application") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "Order") authorizing (a) the Committee to retain and employ HOLLAND & KNIGHT LLP ("H&K" or the "Firm") as its counsel effective as of May 3, 2023, and (b) a post-petition retainer in the amount of $25,000.00 funded by the Debtor or its principals (or other appropriate amount to be determined by the Court). In support of this Application, the Committee submits (i) the Declaration of Noel R. Boeke, a partner at H&K, attached hereto as **Exhibit B** (the "Boeke Declaration") and (ii) shows that the Application has been approved by Lea Muse,  as Committee Chairperson, and respectfully states as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Committee confirms its consent, pursuant to Rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**Relief Requested**

3. By this Application, the Committee seeks entry of the Order authorizing the retention and employment of H&K as its attorneys in accordance with the terms and conditions set forth in this Application, the Boeke Declaration, and the Order approving this Application.

4. The statutory bases for the relief requested in this Application are sections 328(a), and 1103 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rules 2014(a) and 2016 of the Bankruptcy Rules, and Rules 2014-1 and 2016-1 of the Bankruptcy Local Rules of the United States Bankruptcy Court for the Middle District of Florida (the "Local Rules").

**Relevant Background**

5. On February 21, 2024 (the "Petition Date"), the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court. The Debtor is

authorized to operate its businesses and manage its properties as Debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6. On April 24, 2024, the United States Trustee for the Middle District of Florida (the "U.S. Trustee"), pursuant to sections 1102(a) and (b) of title 11 of the Bankruptcy Code, filed a Notice of Appointment (Doc. # 71) and appointed the Committee to serve as the official committee of unsecured creditors for the Debtor and to represent the interests of all unsecured creditors in this Chapter 11 Case. The members appointed to the Committee are:

|   | Name | Company |
|---|------|---------|
| 1 | Lea Muse | Belle Maison Realty, LLC |
| 2 | Lisa Butkiewicz | Meetopolis LLC |
| 3 | Garrett Calaway | Autonomous Drone Solutions LLC dba Callaway Solutions |
| 4 | Micheal Thompson | Archer Capital Investments, LLC |
| 5 | Shilesh Patel | North Haven Lodging Partners LLC |

The Committee elected Lea Muse of Belle Maison Realty, LLC, as Chairperson of the Committee.

7. Following a meeting held the day prior, on May 3, 2024, the Committee notified H&K that it was selected to serve as its counsel with respect to this Chapter 11 Case.

### H&K's Qualifications

8. The Committee has selected H&K to perform all of the services necessary and desirable in this Chapter 11 Case on behalf of the Committee, particularly with respect to its role as counsel for the Committee. The Committee selected H&K because of H&K's corporate restructuring and bankruptcy practice group, including H&K's extensive

3

experience in the fields of bankruptcy and creditors' rights and, in particular representing official committees of creditors, and that H&K has represented official creditors' committees in numerous chapter 11 bankruptcy cases.

## Scope of Services

9. Subject to further order of the Court, H&K is expected to render legal services that the Committee may request in order to discharge the Committee's responsibilities and further the interests of the Committee's constituents in this Chapter 11 Case. H&K's services will include, without limitation, assisting, advising and representing the Committee with respect to the following matters:

   a. The administration of this Chapter 11 Case and the exercise of oversight with respect to the Debtor's affairs, including all issues in connection with the Debtor, the Committee and/or this Chapter 11 Case;

   b. The preparation on behalf of the Committee of necessary applications, motions, objections, memoranda, orders, reports, and other legal papers;

   c. Appearances in Court, participation in litigation as a party-in-interest, and at statutory meetings of creditors to represent the interests of the Committee;

   d. The negotiation and evaluation of the use of cash collateral, any proposed debtor-in-possession financing and any other potential financing alternatives, as well as matters pertaining to leases and PACA claims;

   e. The negotiation, formulation, drafting and confirmation of a plan or plans of reorganization or liquidation and matters related thereto;

   f. Investigation, directed by the Committee, of among other things, unencumbered assets, liabilities, and financial condition of the Debtor, prior transactions, and operational issues concerning the Debtor that may be relevant to this Chapter 11 Case;

   g. The negotiation and formulation of any proposed sale of any of the Debtor's assets, including pursuant to section 363 of the Bankruptcy Code;

    h.     Communications with the Committee's constituents in furtherance of its responsibilities, including, but not limited to, communications required under section 1102 of the Bankruptcy Code; and

    i.     The performance of all of the Committee's duties and powers under the Bankruptcy Code and the Bankruptcy Rules and the performance of such other services as are in the interests of those represented by the Committee;

    j.     The negotiation, formulation, drafting and confirmation of a plan or plans of reorganization or liquidation and matters related thereto;

    k.     Investigation, directed by the Committee, of among other things, unencumbered assets, liabilities, and financial condition of the Debtor, prior transactions, and operational issues concerning the Debtor that may be relevant to this Chapter 11 Case;

    l.     The negotiation and formulation of any proposed sale of any of the Debtor's assets, including pursuant to section 363 of the Bankruptcy Code;

    m.     Communications with the Committee's constituents in furtherance of its responsibilities, including, but not limited to, communications required under section 1102 of the Bankruptcy Code; and

    n.     The performance of all of the Committee's duties and powers under the Bankruptcy Code and the Bankruptcy Rules and the performance of such other services as are in the interests of those represented by the Committee.

### **Effective Date of Retention**

10.    As noted above, the Committee selected H&K as its counsel on May 3, 2024, and requested that H&K immediately commence work on time-sensitive matters and promptly devote substantial resources to the Debtor's Chapter 11 Case prior to submission and approval of this Application. Since its retention, H&K, on behalf of the Committee, has been focused on, among other things, (a) conducting diligence on the Debtor's business operations, (b) reviewing the relief sought in the motions filed by the Debtor and exhibits related thereto, (c) communicating with the proposed counsel for the Examiner appointed

in this case, and (c) communicating with counsel for the Debtor regarding the foregoing matters.

## **Professional Compensation**

11.　As further described in the Boeke Declaration, H&K intends to seek compensation for professional services rendered on an hourly basis and reimbursement of expenses incurred in connection with this Chapter 11 Case, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any procedures or orders of the Court as are applicable to this Chapter 11 Case.

12.　H&K's billing practices and rates are consistent with those generally governing the firm's representation of its other clients, both bankruptcy and non-bankruptcy clients. Mr. Boeke agreed with the Committee to heavily discount the hourly rates of H&K's attorneys for this Chapter 11 Case, as evidenced below. In the event there is a professional at H&K that is utilized at a a non-discounted rate, that rate will be the same that H&K is charging to other clients for both bankruptcy and non-bankruptcy matters.

13.　H&K's current hourly billing rates for the professionals who may work on this matter, are as follows, understanding that the Court ultimately has to approved the rates in the context of final approval of the Firm's fees and expenses as part of the compensation process:

| Name | Position | Class | Standard Rate | Case Rate |
|---|---|---|---|---|
| Renee Kemper | Paralegal | N/A | $320.00 | $290.00 |

| Kameron Fleming | Associate | 2021 | $490.00 | $395.00 |
|---|---|---|---|---|
| Garrison Cohen | Associate | 2017 | $550.00 | $495.00 |
| Edward Fitzgerald | Partner | 2005 | $725.00 | $595.00 |
| Eric Reed | Partner | 2002 | $695.00 | $595.00 |
| Noel Boeke | Partner | 1998 | $795.00 | $595.00 |
| William Fendrick | Partner | 1984 | $900.00 | $595.00 |

14. If needed, other professionals that might work on the cases would be billed at similar rates based upon their position and years of experience, and the Committee will be so advised.

15. H&K's hourly billing rates are subject to periodic review and adjustments to reflect, among other things, changes in responsibilities and increased experience. Although not expected until after January 1st of 2025, H&K will file a supplemental affidavit with the Court describing any increase in its billing rates and provide not less than ten (10) business days' notice of such increases to the Debtor, the Committee, and the U.S. Trustee.

16. H&K's hourly billing rates for professionals are not intended to, and do not, cover out-of-pocket expenses and certain elements of overhead that are typically billed separately. Accordingly, H&K regularly charges its clients for the expenses and disbursements incurred in connection with the client's case, including, inter alia, photocopying, postage and package delivery charges, court fees, transcript costs, travel expenses, and expenses for working meals and computer-aided research. H&K intends to seek reimbursement for expenses incurred in connection with its representation of the Committee in accordance with H&K's normal reimbursement policies, subject to any

modifications H&K is required to make to comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, guidelines established by the U.S. Trustee, and any procedures or other orders of the Court as are applicable to this Chapter 11 Case.

17.     To the extent posible, the Committee intends to request a "carve out" for its professionals in connection with any proposed debtor-in-possession financing sought in this case.

### H&K's Connections and Disinterestedness

18.     As disclosed herein and in the Boeke declaration, H&K has informed the Committee that in its view it:

   a.   does not hold or represent an interest adverse to the Committee, the Debtor or the estate in the Chapter 11 Case;

   b.   is a "disinterested person" as defined by section 101(14) of the Bankruptcy Code; and

   c.   has no connection with the Committee, the Debtor, creditors, any other party in interest, their respective attorneys and accountants, the U.S. Trustee, or any person employed in the office of the U.S. Trustee in this Chapter 11 Case, except as disclosed in the Boeke Declaration which states in the exhibit thereto that H&K may currently represent various creditors in matters wholly unrelated to this case.

19.     H&K has fully informed the Committee of its from time-to-time or ongoing representations of various creditors and other parties in interests with respect to matters wholly unrelated to the Debtor, and the Committee has consented to H&K's continued representation of such entities in matters unrelated to these proceedings.

20.     H&K has informed the Committee that H&K will conduct an ongoing review of its files to ensure that no conflicts exist or, if they do, can be addressed adequately

through conflicts counsel or otherwise, or if other disqualifying circumstances exist or arise in this Chapter 11 Case. If any new relevant facts or relationships are discovered or arise, H&K will use reasonable efforts to identify such further developments and will promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

21. Based on the foregoing and the Boeke Declaration, H&K is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code.

## Supporting Authority

22. The Committee seeks to appoint H&K as its counsel in accordance with sections 328(a) and 1103 of the Bankruptcy Code. Section 328(a) authorizes a committee appointed under section 1102 of the Bankruptcy Code, with the court's approval, to employ a "professional person under section 1103 of the Bankruptcy Code, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." Section 1103 of the Bankruptcy Code, in turn, requires that an attorney employed to represent a committee "may not represent any other entity having an adverse interest in connection with the case."

23. Bankruptcy Rule 2014 (a) requires that an application for retention include: "[S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their

respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee."

24. The Committee submits that for all the reasons stated above and in the Boeke Declaration, the retention and employment of H&K as counsel to the Committee is warranted under sections 328(a) and 1103. Further, as described in the Boeke Declaration, H&K does not represent any entity in connection with the Debtor's Chapter 11 Case other than the Committee, is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, and does not represent or hold any interest adverse to the interests of the Debtor's estate with respect to the matters for which it is to be employed, except as may be disclosed in the Boeke Declaration.

## No Previous Request

25. No previous request for the relief sought herein has been made by the Committee to this or any other court.

WHEREFORE the Committee respectfully requests that the Court enter the Order Approving Retention of Holland & Knight LLP substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other relief as is just and proper.

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF GENIE INVESTMENTS NV INC.**

/s/ Lea Muse
By: Lea Muse, Belle Maison Realty, LLC, Chairman, Official Unsecured

Creditors Committee of Genie Investments NV Inc.

**HOLLAND & KNIGHT LLP**

/s/ Noel R. Boeke
Noel R. Boeke, Esq.
FL Bar Number:151830
noel.boeke@hklaw.com
100 North Tampa Street, Suite 4100
Tampa, FL 33602
Telephone: (813) 227-8500

and

Edward M. Fitzgerald, Esq.
FL Bar Number: 010391
edward.fitzgerald@hklaw.com
200 S. Orange Avenue, Suite 2600
Orlando, FL 32801
Telephone: (407) 425-8500

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 10, 2024, a copy of the foregoing has been furnished via:

Electronic Transmission to:

Bryan K. Mickler, Esq.
Mickler & Mickler
5452 Arlington Expressway
Jacksonville, FL 32211
Email: court@planlaw.com

Scott E Bomkamp, Esq.
DOJ-Ust
United States Trustee
400 W. Washington St., Suite 1100
Orlando, FL 32801
Email: scott.e.bomkamp@usdoj.gov

United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801

All those registered to receive CM/ECF on this case.

Via US Mail to:

Debtor
Genie Investments NV Inc.
PO Box 60443
Jacksonville, FL 32236

Local Rule 1007-2 parties in interest listed on the attached mailing matrix.

/s/ Noel R. Boeke
Noel R. Boeke, Esq.

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-3<br>Case 3:24-bk-00496-BAJ<br>Middle District of Florida<br>Jacksonville<br>Fri Apr 26 15:57:47 EDT 2024 | Archer Capital Investments<br>Attn: Michael Thompson<br>1448 W. Salmon Caddis Drive<br>Bluffdale, UT 84065-5122 | Autonomous Drine Solutions LLC<br>dba Calaway Solutions<br>Attn: Garrett Calaway<br>7180 S Hudson Circle<br>Centennial, CO 80122-2553 |
| Belle Maison Realty, LLC<br>Attn: Lea Muse<br>1133 E 83rd Street 171<br>Chicago, IL 60619-6455 | Meetopolis LLC<br>Attn: Lisa Butkiewicz<br>5434 E Kathleen Road<br>Scottsdale, AZ 85254-1759 | North Haven Lodging Partners, LLC<br>Attn: Benjamin Morris, Esq.<br>Foley & Lardner LLP<br>11988 El Camino Real, Suite 400<br>San Diego, CA 92130-2594 |

End of Label Matrix
Mailable recipients    5
Bypassed recipients    0
Total                  5