EXHIBIT "B"

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

**GENIE INVESTMENTS NV INC.,**   Case Number: 3:24-bk-00496-BAJ
                                  Chapter 11

   **Debtor,**

_____/

**DECLARATION OF NOEL R. BOEKE IN SUPPORT OF APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, PURSUANT TO SECTIONS 328 AND 1103 OF THE BANKRUPTCY CODE AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 2014 FOR AN ORDER APPROVING THE RETENTION AND EMPLOYMENT OF HOLLAND & KNIGHT LLP AS COUNSEL TO THE COMMITTEE EFFECTIVE AS OF MAY 3, 2023**

I, Noel R. Boeke, hereby declare, under penalty of perjury, as follows:

**Background**

1. I have personal knowledge of the facts set forth herein.

2. I am a partner with the law firm of Holland & Knight LLP ("H&K"), and am admitted to practice in the State of Florida and the Middle District of Florida. To the extent that any information disclosed herein requires supplementation, amendment or modification upon H&K's completion of further analysis or as additional information becomes available to it, I will cause a further supplemental declaration to be filed with the Court.

3. On February 21, 2024 (the "Petition Date"), the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court (the "Chapter 11 Case").

4.      On April 24, 2024, the U.S. Trustee filed a Notice of Appointment of Unsecured Creditors Committee (Doc. #71). The members appointed to the Committee are:

|   | Name | Company |
|---|------|---------|
| 1 | Lea Muse | Belle Maison Realty, LLC |
| 2 | Lisa Butkiewicz | Meetopolis LLC |
| 3 | Garrett Calaway | Autonomous Drone Solutions LLC dba Callaway Solutions |
| 4 | Micheal Thompson | Archer Capital Investments, LLC |
| 5 | Shilesh Patel | North Haven Lodging Partners LLC |

5.      The Committee interviewed H&K and other law firms. Following the interview, the Committee voted and selected H&K to serve as its counsel effective as of May 3, 2024.

6.      The undersigned will serve as lead counsel for H&K on this engagement, and I have worked with the firm's intake department in order to prepare this Declaration. H&K's legal services may include, without limitation, assisting, advising and representing the Committee with respect to the following:

   a.   The administration of this Chapter 11 Case and the exercise of oversight with respect to the Debtor's affairs, including all issues in connection with the Debtor, the Committee and/or this Chapter 11 Case;

   b.   The preparation on behalf of the Committee of necessary applications, motions, objections, memoranda, orders, reports, and other legal papers;

   c.   Appearances in Court, participation in litigation as a party-in-interest, and at statutory meetings of creditors to represent the interests of the Committee;

   d.   The negotiation and evaluation of the use of cash collateral, any proposed debtor-in-possession financing and any other potential financing alternatives, as well as matters pertaining to leases and PACA claims;

   e.   The negotiation, formulation, drafting and confirmation of a plan or plans of reorganization or liquidation and matters related thereto;

f. Investigation, directed by the Committee, of among other things, unencumbered assets, liabilities, and financial condition of the Debtor, prior transactions, and operational issues concerning the Debtor that may be relevant to this Chapter 11 Case;

g. The negotiation and formulation of any proposed sale of any of the Debtor's assets, including pursuant to section 363 of the Bankruptcy Code;

h. Communications with the Committee's constituents in furtherance of its responsibilities, including, but not limited to, communications required under section 1102 of the Bankruptcy Code; and

i. The performance of all of the Committee's duties and powers under the Bankruptcy Code and the Bankruptcy Rules and the performance of such other services as are in the interests of those represented by the Committee;

j. The negotiation, formulation, drafting and confirmation of a plan or plans of reorganization or liquidation and matters related thereto;

k. Investigation, directed by the Committee, of among other things, unencumbered assets, liabilities, and financial condition of the Debtor, prior transactions, and operational issues concerning the Debtor that may be relevant to this Chapter 11 Case;

l. The negotiation and formulation of any proposed sale of any of the Debtor's assets, including pursuant to section 363 of the Bankruptcy Code;

m. Communications with the Committee's constituents in furtherance of its responsibilities, including, but not limited to, communications required under section 1102 of the Bankruptcy Code; and

n. The performance of all of the Committee's duties and powers under the Bankruptcy Code and the Bankruptcy Rules and the performance of such other services as are in the interests of those represented by the Committee.

7. The undersigned submitted to H&K's conflict process, the matrix list of persons and entities identified on Exhibit 1 attached hereto, which was filed in the Chapter 11 Case by the Debtor's counsel. Neither I nor any member of my law firm has any connection with the Debtor, the creditors, or any other party in interest, their respective

attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except as disclosed below:

| Entity | Type of Representation or Connection |
|---|---|
| Duval County Tax Collector | Adverse party with respect to H&K client(s) in unrelated open matter(s) |
| Internal Revenue Service | Adverse party with respect to H&K client(s) in unrelated open matter(s) |
| Florida Department of Revenue | Adverse party with respect to H&K client(s) in unrelated open matter(s) |
| New Mount Olive Missionary Baptist Church Inc. | Former H&K client in an unrelated matter |
| Phoenix Rising LLC | Former H&K client in an unrelated matter |
| Story Book Homes LLC | Toll Brothers, Inc. is a current client in unrelated open matters under an accepted Outside Counsel Agreement whereby HK treats all of TB's subs/affs as clients for the purposes of conflicts. |
| Sun Coast Entertainment Live LLC | Adverse party with respect to H&K client(s) in unrelated open matter(s) |
| WW LLC | Adverse party with respect to H&K client(s) in unrelated open matter(s) |
| United States Securities and Exchange Commission | Adverse party with respect to H&K client(s) in unrelated open matter(s) |
| Office of the United States Trustee | Adverse party with respect to H&K client(s) in unrelated open matter(s) |
| United States Attorneys Office | Numerous open adversities involving various U.S. Attorneys' offices, but nothing involving the Jacksonville jurisdiction. |

8.  As necessary or appropriate, absent waivers, H&K would not represent the Committee in the event of a legal dispute with a creditor that is a H&K client, and would seek special conflicts counsel.

9.  Based on the results of the search and analysis of H&K's client database and conflicts system, and except as otherwise disclosed herein, no attorney of H&K (i) represents any entity having an adverse interest to the Committee in connection with this Chapter 11 Case or (ii) represents or holds an interest adverse to the interest of the Debtor or its estate with respect to the matters on which H&K is to be employed. To the best of my knowledge, H&K has no connection with the creditors or other parties-in-interest or its respective attorneys and accountants, the U.S. Trustee, or any persons employed by the U.S. Trustee, except as described herein. H&K represents no interest adverse to the Debtor and is disinterested as required by 11 U.S.C. § 327(a) and as required under Bankruptcy Rule 2014.

10. To the best of my knowledge, information and belief after reasonable inquiry, H&K is disinterested within the meaning of section 101(14) of the Bankruptcy Code, in that neither, I, H&K, nor any of its partners or attorneys:

>   (a) are creditors, equity security holders or insiders of the Debtor;
>
>   (b) are or within two years before the Petition Date were, a director, officer, or employee of the Debtor; or
>
>   (c) have an interest materially adverse to the interest of the estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with or interest in the Debtor or for any other reason, except as disclosed herein.

5

**Billing and Rates**

11.     H&K's billing practices and rates are consistent with those generally governing the firm's representation of its other clients, both bankruptcy and non-bankruptcy clients. Mr. Boeke agreed to heavily discount the hourly rates of H&K's attorneys for this Chapter 11 Case, as evidenced below. In the event there is a professional at H&K that is utilized at a a non-discounted rate, that rate will be the same that H&K is charging to other clients for both bankruptcy and non-bankruptcy matters.

12.     The names, positions, and hourly rates of the H&K attorneys and paraprofessionals who may have responsibility for providing services to the Committee are as follows, understanding that the Court ultimately has to approved the rates in the context of final approval of the Firm's fees and expenses as part of the compensation process:

| Name | Position | Class | Standard Rate | Case Rate |
| --- | --- | --- | --- | --- |
| Renee Kemper | Paralegal | N/A | $320.00 | $290.00 |
| Kameron Fleming | Associate | 2021 | $490.00 | $395.00 |
| Garrison Cohen | Associate | 2017 | $550.00 | $495.00 |
| Edward Fitzgerald | Partner | 2005 | $725.00 | $595.00 |
| Eric Reed | Partner | 2002 | $695.00 | $595.00 |
| Noel Boeke | Partner | 1998 | $795.00 | $595.00 |
| William Fendrick | Partner | 1984 | $900.00 | $595.00 |

13.     If needed, other professionals that might work on the cases would be billed at similar rates based upon their position and years of experience, and the Committee will be so advised.

14. H&K's hourly billing rates are subject to periodic review and adjustments to reflect, among other things, changes in responsibilities and increased experience. To the extent necessary, and not expected until after January 1, 2025, H&K will file a supplemental affidavit with the Court describing any increase in its billing rates and provide not less than ten (10) business days' notice of such increases to the Debtor, the Committee, and the U.S. Trustee.

15. H&K's hourly billing rates for professionals are not intended to, and do not, cover out-of-pocket expenses and certain elements of overhead that are typically billed separately. Accordingly, H&K regularly charges its clients for the expenses and disbursements incurred in connection with the client's case, including, inter alia, photocopying, postage and package delivery charges, court fees, transcript costs, travel expenses, and expenses for working meals and computer-aided research. H&K intends to seek reimbursement for expenses incurred in connection with its representation of the Committee in accordance with H&K's normal reimbursement policies, subject to any modifications H&K is required to make to comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, guidelines established by the U.S. Trustee, and any procedures or other orders of the Court as are applicable to these Chapter 11 Cases.

16. I hereby declare under the penalty of perjury that the foregoing is true and correct.

Executed on May 10, 2024.

/s/ Noel R. Boeke
Noel R. Boeke