**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

IN RE: GENIE INVESTMENTS NV, INC.

CASE NO.: 3:24-bk-00496-BAJ

      Debtor (s).

_____/

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER**
**EXTENDING ITS EXCLUSIVITY PERIOD FOR THE FILING**
**AND SOLICITATION OF ACCEPTANCE OF A CHAPTER 11 PLAN**

GENIE INVESTMENTS NV, INC. (the "Debtor") hereby moves the Court for entry of an order, substantially in the form attached hereto ("Proposed Order"), pursuant to section 1121(d) of title 11 of the United States Code (the "Bankruptcy Code"), extending the Exclusive Periods (as defined herein) provided by Bankruptcy Code section 1121(b) and (c)(3), respectively, for filing of a chapter 11 plan and the solicitation of acceptances of the plan. In support of the Motion, the Debtor states as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the Middle District of Florida has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution.

2. The statutory bases for the relief sought herein are found in section 1121(d)(1) of the Bankruptcy Code.

**BACKGROUND**

1. On February 21, 2024 (the "Petition Date"), the Debtor commenced the above-captioned chapter 11 case (the "Chapter 11 Case") by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq.

2. The Debtor continues to operate its business and manage its assets as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. On April 11, 2024 the Court appointed an Examiner in this Case to examine the pre-petition financial transactions of the Debtor in a limited capacity related to four (4) areas of interest to the Court. (Doc. No. 60).

4. On April 24, 2024, the Office of the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") in the Chapter 11 Case pursuant to section 1102(a)(1) of the Bankruptcy Code (Doc. No. 71).

5. The factual background relating to the Debtor's commencement of the Chapter 11 Case is set forth in detail in the Case Management Summary (Doc. No. 44) and Response to Trustee's Motion for Appointment of Chapter 11 Trustee (Doc. No. 34).

**EVENTS IN THE DEBTOR'S CHAPTER 11 CASE**

1. Since the commencement of this case, the Debtor has worked diligently to make all creditors whole in this chapter 11. Progress made by the Debtor to date includes, among other things: (i) completing all schedules after an initial *pro se* filing by the Debtor for the efficient administration of this chapter 11 case; (ii) updating and filing the Debtor's schedules of assets and liabilities and statement of financial affairs, (iii) participating in the meeting of creditors under section 341 of the Bankruptcy Code; (iv) completing and filing monthly operating and reconciliation reports and complying with United States Trustee and Examiner requests for documents and

information, including complying with ongoing Examiner discovery; and (v) extending the proof of claim bar date.

2. The Debtor has also extensively reviewed with the Examiner the documents needed in this case and has begun to supply critical documents requested by the Examiner in order for her to complete her report. The next phase of this chapter 11 case will focus on formulating the Debtor's plan of reorganization and implementing the payouts of all creditors with allowed claims.

3. The Examiner has advised she intends to complete her investigation, including obtaining and analyzing the discovery it seeks from the Debtor, in a short period of time. However, the Debtor is unsure if the Examiner's Report will be prepared and filed prior to the current expiration of the exclusivity period on June 20, 2024. The Debtor would not be able to discuss the parameters of a consensual plan of reorganization with the Committee prior to the completion of the Examiner Report.

4. Accordingly, an extension of the Exclusive Period to a date after the July 1, 2024 proof of claim bar date would enable the Debtor and the Committee time to prepare for substantive plan discussions, informed by the amount and nature of timely filed claims.

## RELIEF REQUESTED

1. The Debtor requests entry of an order pursuant to Bankruptcy Code section 1121(d) extending the following deadlines each for a period of 90 days: (a) the exclusive period during which only the Debtor may file a plan pursuant to Bankruptcy Code section 1121(b) and (c)(2) (the "Exclusive Filing Period") from **June 20, 2024** to **September 18, 2024**; and (b) the exclusive period during which only the Debtor may confirm a plan pursuant to Bankruptcy Code section 1121(c)(3) (the "Exclusive Solicitation Period" and together with the Exclusive Filing Period,

3

the "Exclusive Periods") from **August 19, 2024** to **November 17, 2024**. The Debtor believes it prudent to seek the requested extension of the Exclusive Periods.

**BASIS FOR RELIEF**

A.   **The Court Should Extend the Exclusive Periods for "Cause"**

1. Under section 1121(b) of the Bankruptcy Code, a debtor has the exclusive right to file a chapter 11 plan in the first 120 days following the commencement of a chapter 11 case. If a debtor files a plan during this exclusive filing period, section 1121(c)(3) of the Bankruptcy Code provides a debtor with 60 days following the expiration of the exclusive filing period (or 180 days following the commencement of the case) to solicit acceptances of a plan.

2. Section 1121(d) of the Bankruptcy Code provides a debtor with a mechanism to extend these exclusive periods, stating that "on request of a party in interest made . . . and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section." 11 U.S.C. § 1121(d)(1). So long as the Court finds cause and the Debtors provide "no reason to believe that they are abusing their exclusivity rights[,] . . . [ a] requested extension of exclusivity . . . should be granted." *In re Global Crossing Ltd.*, 295 B.R. 726, 730 (Bankr. S.D.N.Y. 2003).

3. While the Bankruptcy Code does not define "cause," courts rely on various factors to determine whether cause exists to extend a debtor's exclusive periods. These factors include: (i) the size and complexity of the case; (ii) the necessity for sufficient time to negotiate a chapter 11 plan and prepare adequate information; (iii) the existence of good faith progress toward reorganization; (iv) the fact that the debtor is paying its debts as they come due; (v) whether the debtor has demonstrated reasonable prospects for filing a viable plan; (vi) whether the debtor has made progress negotiating with creditors; (vii) the length of time a case has been pending;

(viii) whether creditors are prejudiced by the extension; (ix) whether the debtor is seeking an extension to pressure creditors; and (x) whether or not unresolved contingencies exist. *See In re Adelphia Communs. Corp.*, 336 B.R. 610, 674 (Bankr. S.D.N.Y. 2006); *In re Cent. Jersey Airport Servs., LLC*, 282 B.R. 176, 184 (Bankr. D.N.J. 2002); *In re Express One Int'l Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); *see also In re Gibson & Cushman Dredging Corp.*, 101 B.R. 405, 40910 (E.D.N.Y. 1989) (listing certain of the above factors); *In re Grand Traverse Dev. Co. Ltd. P'ship,* 147 B.R. 418, 420 (Bankr. W.D. Mich. 1992) (same).

4. Not all factors are relevant to every case. The Court may use any number of the above factors to determine whether cause exists to grant extensions of the Exclusivity Periods in a particular chapter 11 case. *See, e.g.*, *Express One Int'l*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996) (identifying four of the factors as relevant in determining whether "cause" exists to extend exclusive periods); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.D.C. 1986) (finding that the debtor showed "cause" to extend exclusive periods based on three of the factors).

5. Courts routinely grant a debtor's first request for an extension if the facts and circumstances warrant such extension. *See, e.g.*, *In re Apex Pharm., Inc.*, 203 B.R. 432, 441 (N.D. Ind. 1996) ("It is true that during the initial 120-day period in which Debtor have an exclusive right to file a plan of reorganization . . . the bankruptcy courts apply a lesser standard in determining whether the burden of showing 'a reasonable possibility of a successful reorganization within a reasonable time' has been satisfied.").

**B.   Cause Exists to Extend the Exclusive Periods**

1. Based on the relevant factors cited above, there is sufficient cause to approve the extension of the Exclusive Periods requested by the Debtor:

- This chapter 11 case is highly complex. As of the Petition Date, the Debtor was a defendant in multiple State and Federal Court cases which had alleged that the Debtor had defrauded approximately 100 creditors of nearly $15M in loans. The Debtor has vigorously disputed the claims of fraud by the creditors based the Debtor itself being a victim of fraud by it's wholesale lender. The process of reaching an accurate and fair assessment of the Debtor's liability for these issues that must be resolved in formulating a consensual plan of reorganization are necessarily complicated.

- The Court has extended the Claims bar date until July 1, 2024. The scope and validity of potential claims against the Debtor will not be known until the claims bar date has been reached.

- The Court has appointed an examiner. The Debtor has made good faith progress toward reorganization by, among other things, making progress towards establishing a claims bar date, and engaging in fruitful, ongoing dialogue and document production with the Examiner. The United States Trustee has also appointed a creditor's committee in this case that the Debtor believes is unnecessary and has continued to violate it's fiduciary duty to the estate and other creditors. The Debtor is in the process of filing stay violations motions against several pre-petition creditors and a motion to disband the creditor's committee based on the breach of fiduciary duty to the estate and other creditors.

- Since filing this Chapter 11 Case, the Debtor believes that it has continued to pay substantially all of its undisputed, post-petition expenses and invoices in the ordinary course of business or as otherwise provided by order of the Court.

- The requested extension of the Exclusive Periods is the first such request made in this Chapter 11 Case and is approximately three (3) months after the Petition Date. This amount of time is not long given the complexity of the issues involved, the fact that the number of claims against the Debtor remains unknown and the number of interested parties with whom the Debtor must confer to reach consensus on a plan.

- The Debtor is not seeking an extension of the Exclusive Periods to pressure or prejudice any of its stakeholders. Rather, the Debtor is seeking an extension of the Exclusive Periods to preserve and build upon the progress made to date by securing adequate time to develop a plan of reorganization. The Debtor's efforts towards reaching a global settlement with its claimants will benefit, not prejudice, its creditors.

- Understanding the type and number of claims against the Debtor are critical conditions precedent to identifying the validity of claims asserted against the Debtor. In particular, the amount of such claims will be critical in advancing discussions with the Debtor's committee towards a global resolution of this Chapter 11 Case. Until the claims bar date is reached, the potential claims outstanding against the Debtor remain a significant unresolved contingency.

2. The relevant factors described above support the Debtor's requested extension of the Exclusive Periods. Further, the requested extension is well within the range of similar relief granted by courts under similar circumstances. Based on the foregoing, the Debtor respectfully submits that cause exists to extend the Debtor's Exclusivity Periods pursuant to section 1121(d) of the Bankruptcy Code.

## **NO PRIOR REQUEST**

No prior request for the relief sought in this herein has been made to this Court or any other court.

## **CERTIFICATE OF SERVICE**

    I DO HEREBY CERTIFY that a copy of the foregoing was furnished to the United States Trustee and all creditors per the attached matrix by CM/ECF filing this __13____ day of May, 2024.

                                        Law Offices of Mickler & Mickler, LLP

                                        By:__/s/ Bryan K. Mickler_____
                                            Bryan K. Mickler
                                        Florida Bar No. 091790
                                        Attorney for the Debtor(s)
                                        5452 Arlington Expressway
                                        Jacksonville, FL 32211
                                        (904) 725-0822
                                        (904) 725-0855 FAX
                                        bkmickler@planlaw.com