**ORDERED.**

Dated: May 17, 2024

_____
Jason A. Burgess
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

In re:  Case No.: 3:24-bk-00496-BAJ
 Chapter 11
GENIE INVESTMENTS NV INC.,

    Debtor.
_____/

**ORDER APPROVING THE EXAMINER'S
APPLICATION FOR AUTHORITY TO RETAIN HAL. A. LEVENBERG,
CIRA, CFE AND YIP ASSOCIATES AS FINANCIAL ADVISORS (DOC. NO. 75)**

THIS MATTER having come before the Court, on May 13, 2024 at 10:00 a.m., upon the *Application for Authority to Retain Hal A. Levenberg, CIRA, CFE and Yip Associates as Financial Advisors to Maria Yip, Examiner* (the "**Application**") (Doc. No. 75) and the *Affidavit of Hal A. Levenberg, CIRA, CFE on behalf of Yip Associates as Proposed Financial Advisors for the Examiner* (the "**Levenberg Affidavit**") (Doc. No. 76), the Application requests entry of an order approving the Examiner's employment of Hal A. Levenberg, CIRA, CFE and Yip Associates.

The Court has jurisdiction over the matters raised in the Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The relief requested in the Application is in the best interests of the estate and the creditors. The

Levenberg Verified Statement makes relevant disclosures as required by Fed. R. Bankr. P. 2014. The Levenberg Verified Statement demonstrates that Hal L. Levenberg, CIRA, CFE and Yip Associates are disinterested as required by 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014, and the Court is authorized to grant the relief requested in the Application.

Based upon the representations that Hal A. Levenberg, CIRA, CFE and Yip Associates hold no interest adverse to the bankruptcy estate in the matters upon which they are to be engaged, and the Court's consideration of the pleadings, the record herein, oral argument, and being otherwise fully advised in the premises, the Court concludes that Hal A. Levenberg, CIRA, CFE and Yip Associates are disinterested persons as required by 11 U.S.C. § 327(a) and have disclosed any connections with parties set forth in Fed. R. Bankr. P. 2014, and that their employment is necessary and would be in the best interests of the estate, it is

**ORDERED** as follows:

1. The Application (Doc. No. 75) is **GRANTED**.

2. The employment of Yip Associates as Financial Advisors to the Examiner in this Chapter 11 case is **APPROVED** pursuant to 11 U.S.C. § 327(a).

3. The Examiner is authorized to employ Hal A. Levenberg, CIRA, CFE and Yip Associates, as financial advisors, to perform the services enumerated in the Application.

4. Compensation will be determined later in accordance with 11 U.S.C. § 330. YIP Associates may bill against the $20,000 retainer, approved by separate Order, in the ordinary course of business. All fee amounts are not guaranteed and subject to final review.

5. Yip Associates will file appropriate applications for allowance of interim or final compensation in accordance with the applicable rules, and any further order of the Court.

6.      This Court reserves jurisdiction over the parties and the subject matter to award and/or approve fees and expenses in accordance with the applicable statutes and procedures.

###

Maria Yip, Examiner, is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and to file a proof of service within three days of entry of this order.