UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

**GENIE INVESTMENTS NV INC.,**    Case Number: 3:24-bk-00496-BAJ
                                  Chapter 11

    Debtor,

_____/

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' MOTION
FOR ENTRY OF AN ORDER (I) CLARIFYING THE REQUIREMENT TO
PROVIDE ACCESS TO INFORMATION; AND (II) SETTING AND FIXING
CREDITOR INFORMATION SHARING PROCEDURES AND PROTOCOLS**

The Official Committee of Unsecured Creditors of Genie Investments NV Inc. (the "**Committee**"), files this *Motion for Entry of an Order (i) Clarifying the Requirement to Provide Access to Information; and (ii) Setting and Fixing Creditor Information Sharing Procedures and Protocols* (the "**Motion**"). Pursuant to the Motion, the Committee requests the entry of an Order pursuant to 11 U.S.C. §§ 105(a), 1102(b)(3)(A) and 1103(c) clarifying the requirement to provide access to information for constituent creditors, and setting and fixing creditor information sharing procedures and protocols. In support of the Motion, the Committee states:

**JURISDICTION**

1.    The Court has jurisdiction over this matter pursuant to 28 U.S. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue before this Court is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105(a), 1102 and 1103.

## BACKGROUND

3. On February 21, 2024 (the "**Petition Date**"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "**Bankruptcy Code**").

4. The Debtor is currently authorized to continue to operate its business and manage its operations as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. On April 24, 2024, the United States Trustee appointed the Committee pursuant to 11 U.S.C. § 1102 [ECF Doc. No. 71].

6. On May 15, 2024, this Court approved the Committee's application to retain Holland & Knight LLP as its counsel [ECF Doc. No. 94].

## RELIEF REQUESTED

7. Pursuant to 11 U.S.C. § 1103(c), the Committee is authorized to, *inter alia*, consult with the Debtor, investigate the Debtor, participate in the formulation of a plan and perform such other services as are in the interest of those represented. As part of the Committee's responsibilities, 11 U.S.C. § 1102(b)(3)(A) requires the Committee to provide "access to information" to all creditors of the Debtor who hold claims of the kind represented by the Committee.

8. In furtherance of this duty, the Committee seeks entry of an order incorporating the following proposed creditor information sharing procedures and protocols, which will serve to: (a) clarify the requirement under Section 1102(b)(3) to provide access to information and to solicit and receive comments; and (b) institute uniform procedures under Section 1102(b)(3). Nothing herein will limit the Committee members' ability to discuss information, which is not

confidential or privileged, on an informal basis with creditors, but will provide a method to address voluminous, formal, and/or involved requests:

(1) <u>Access To Creditor Information</u>. In satisfaction of the Committee's obligations to provide access to information for creditors who hold claims of the kind represented by the Committee and to solicit and receive comments in accordance with Section 1102(b)(3)(A) and (B) of the Bankruptcy Code, the Committee will share with creditors any non-privileged, non-confidential or public information upon request until the earliest of the following events to occur: dissolution of the Committee; dismissal of the cases; conversion of the cases; the effective date of a confirmed Chapter 11 plan; or upon further order of the Court. Specifically:

(a) The Committee, by and through counsel, shall maintain a copy of all pleadings filed and orders entered in these bankruptcy cases and shall provide a copy of the same to any individual or entity that makes a written request for the same.

(b) The Committee, by and through counsel, shall be available to parties requesting details about the status of these bankruptcy cases. Any party wishing to obtain information regarding the status of the cases may do so by contacting the undersigned counsel for the Committee in writing to the following address: Holland & Knight LLP, Attention: Edward M. Fitzgerald, Esq., 200 S. Orange Avenue, Suite 2600, Orlando, FL 32801, or via e-mail to edward.fitzgerald@hklaw.com with a copy to Renee Kemper at renee.kemper@hklaw.com.

(2) <u>Privileged and Confidential Information</u>. The Committee shall not be required or obligated to disseminate to any Entity as defined in the Bankruptcy Code:

(a) without further order of the Court, confidential, proprietary, or other non-public information concerning the Debtor, including: (i) with respect to the acts, conduct, assets, liabilities and financial condition of the Debtor, the operation of the Debtor's business, the desirability of the continuance of such business, other strategic financial transactions, or any other matter relevant to this bankruptcy case or the formulation of a Chapter 11 plan (including any and all confidential, proprietary, or other nonpublic materials of the Committee) whether provided (voluntarily or involuntarily) by or on behalf of the Debtor or by any third party or prepared by or for the Committee; (ii) any other information if the effect of such disclosure would constitute a breach or violation under any agreement or contract to which the Debtor is a party, including any confidentiality agreement; or (iii) any information that would violate any privacy law or regulation under Federal, state or other law  (collectively, the "<u>Confidential Information</u>"); or

(b) any other information if the effect of such disclosure would constitute or potentially constitute a general or partial waiver of the attorney-

client privilege, attorney work-product privilege, or other applicable privilege possessed by the Committee.

(3)  Information Subject to Discovery. Any information received (formally or informally) by the Committee from any Entity in connection with an examination pursuant to Federal Rule of Bankruptcy Procedure 2004 or in connection with any formal or informal discovery in any contested matter, adversary proceeding or other litigation in this Chapter 11 case or related to the Debtor shall not be governed by the terms of this Order but, rather, by any order governing such discovery, adversary proceeding, contested matter, or other litigation.

(4)  Identification. The Debtor shall assist the Committee in identifying any Confidential Information concerning the Debtor that is provided by the Debtor or its agents or professionals, or by any third party, to the Committee or its agents and professionals.

(5)  Creditor Information Requests. If a creditor (a "Requesting Creditor") submits a written request (including via electronic or U.S. Mail) (the "Information Request") for the Committee to disclose or provide information, the Committee shall as soon as practicable, but no more than twenty (20) days after receipt of the Information Request, provide a response to the Information Request (the "Response"), including providing access to the information requested or stating the reasons why the Committee cannot comply. If the Response is to deny the Information Request because the Committee believes that the Information Request implicates Confidential Information or privileged matters that need not be disclosed pursuant to the terms of this Order or otherwise under 11 U.S.C. § 1102(b)(3)(A), or that the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee regarding the Information Request and the Response, request such disclosure from the Court for cause pursuant to a motion. Such motion shall be served to the Debtor, the Committee and all other required notice parties and the hearing on such motion shall be noticed and scheduled pursuant to the rules of the Court. Nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee from objecting to such request) that the Committee provide the Requesting Creditor a log or other index of any information specifically responsive to the Requesting Creditor's request that the Committee deems to be Confidential Information or protected by the attorney-client privilege, attorney work-product privilege, or any other privilege. Furthermore, nothing herein shall be deemed to preclude the Requesting Creditor from requesting that the Court conduct an *in camera* review of any information specifically responsive to the Requesting Creditor's request that the Committee claims is Confidential Information or subject to the attorney-client privilege, the attorney work-product privilege, or other privilege.

(6)  Committee Response. In its Response to an Information Request for access to Confidential Information, the Committee shall consider whether

(a)  the Requesting Creditor is willing to agree in writing to reasonable confidentiality and trading restrictions with respect to such Confidential Information and represents that such trading restrictions and any information

4

screening process complies with applicable securities laws, Bankruptcy Rules, or any contract; and

    i. <u>Claims Traders</u>: If the Requesting Creditor is involved, directly or indirectly, in claims trading, the Requesting Creditor must file a document with the Court, and serve upon counsel for the Committee, the Debtor and the United States Trustee confirming that the Requesting Creditor has established an information screening barrier ("<u>Screening Wall</u>") that will be enforced and that no Confidential Information will be revealed to claims traders, trading desks or any persons or entities involved in trading, and listing the name of the person that has been designated as monitor to ensure compliance with the provisions hereof; and

    ii. <u>Market Competitors</u>: If the Requesting Creditor is a competitor of the Debtor (or is a prospective competitor) and the information requested may impair the Debtor, no information will be disclosed unless the Court orders such disclosure after notice and a hearing; and

  (b) under the particular facts, such agreement and any information screening process that it implements will reasonably protect the confidentiality of such information; <u>provided</u>, <u>however</u>, that if the Committee elects to provide access to Confidential Information on the basis of such confidentiality and claim trading restrictions, the Committee shall have no responsibility for the Requesting Creditor's compliance with, or liability for violation of, applicable securities, contract, or other laws. Any disputes with respect to this paragraph shall be resolved as provided herein.

  (7) <u>Costs and Expenses</u>. Any Requesting Creditor will pay, in advance, to counsel for the Committee, the costs and expenses associated with providing that information to the creditor, including the costs of copying and postage. Alternatively, counsel for the Committee will provide such information to a creditor via e-mail (to the extent available and transmittable in this manner) at no charge.

  (8) <u>Solicitation of Comments</u>. The Committee may solicit comments from various creditors regarding issues or matters involved in this case at its discretion unless otherwise ordered or instructed by this Court.

  9. The relief requested herein will: (i) clarify the Committee's obligations under Section 1102(b)(3)(A); (ii) institute uniform procedures under Section 1102(b), which will assure the Court, creditors and the Committee that the Committee's obligations under Section 1102(b)(3)(A) and (B) are satisfied; (iii) help ensure that confidential, privileged, proprietary and/or material nonpublic, information is not disseminated to the detriment of the

Debtor's estate; (iv) aid the Committee in performing its statutory function; and (v) create a cost efficient process by which the Committee can comply with its obligations under Section 1102(b)(3)(A).

## BASIS FOR RELIEF REQUESTED

10. The Court should grant the Motion based upon (a) the lack of definition of "access to information," (b) the potential expense to the bankruptcy estate if the Motion is not granted; and (c) the Court's inherent power.

**A.  Bankruptcy Code Does Not Define "Access to Information"**

11. Section 1102(b)(3) of the Bankruptcy Code provides as follows:

A committee appointed under subsection (a) shall -

    (A)    provide access to information for creditors who -

        i.    hold claims of the kind represented by that committee; and

        ii.    are not appointed to the committee;

    (B)    solicit and receive comments from the creditors described in subparagraph (A); and

    (C)    be subject to a court order that compels any additional report or disclosure to be made to the creditors described in subparagraph (A).

11 U.S.C. § 1102(b)(3).

12. Section 1102(b)(3) lacks specificity. Indeed, the statute does not set out any procedures, protocols or guidelines under Section 1102(b)(3), and further fails to define certain terms therein. Section 1102(b)(3) also fails to provide any guidance with regard to the type of information a committee must disseminate to creditors.

13. Additionally, Section 1102(b)(3) does not provide any guidance with regard to sharing material that is protected by attorney-client, work-product, testimonial, or other substantive privileges; material that is designated confidential; and/or material that may not be disclosed to certain persons pursuant to contract, agreement, or applicable law. These

requirements may conflict with or cause the Committee to derogate from, among other things, its fiduciary and statutory duties set forth under Section 1103.

14. While a committee's constituency should have easy access to relevant public information about a debtor, without the burden of retaining counsel to monitor the numerous proceedings within a bankruptcy case, given the vague language of Section 1102(b)(3), Congress could not have intended for a committee to be required to provide unfettered access to every type and kind of information that a committee receives from a debtor or information concerning every event in a chapter 11 case. Otherwise, Section 1102(b)(3) would frustrate other Bankruptcy Code provisions, including the authority to obtain information and act in a fiduciary capacity pursuant to Section 1103(c).

15. Such construction could frustrate a committee because a debtor may be reluctant to share confidential, sensitive, financial and strategic information with a committee. Moreover, committees must be free to pursue an investigation of potential litigation targets on behalf of a debtor's estate, and to develop their own analyses of estate assets. In turn, these concerns will impede a statutory committee's own efforts to obtain information, which will undermine a committee's ability to maximize creditor recoveries.

16. Thus, Section 1102(b)'s lack of specificity and potentially harmful implications dictate the entry of an order clarifying what constitutes access to information on a specific case.

17. In addition, section 107(b)(1) of the Bankruptcy Code provides that "[o]n request of a party in interest, the bankruptcy court *shall* … protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1) (emphasis added).[1] *See also Video Software Dealers Ass'n v. Orion Pictures Corp.*, 21 F.3d 24,

---

[1] Section 107(b)(1) is further supported by Federal Rule of Bankruptcy Procedure 9018, which provides that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial

27 (2d Cir. 1994). As a result, under section 107(b)(1) of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 9018, this Court is empowered to protect confidential information and privileged information from disclosure to general creditors.

18. The Committee believes that the proposed Information Sharing Procedures limiting the sharing of Confidential Information and Privileged Information are certainly appropriate in this case.

19. The Court, therefore, should grant the Motion and approve the Information Sharing Procedures.

B. **Court Has Inherent Powers to Approve Proposed Procedures**

20. Under 11 U.S.C. §105(a), the Court may "issue any order…that is necessary or appropriate to carry out the provisions of this title." Hence, the relief requested is necessary for the Committee to fulfill its statutory function as contemplated by Section 1103(c).

21. As Section 1102(b)(3)(A) of the Bankruptcy Code might impose excessive administrative costs and otherwise have a substantial "chilling effect" on information the Debtor may be willing to share with the Committee, or the Committee's development of independent analyses, the Court should find that the relief requested herein is "necessary and appropriate to carry out the provisions of [the Bankruptcy Code]" pursuant to Section 105(a) of the Bankruptcy Code. The relief sought by the Committee is not only for its benefit, but for the benefit of the Debtor's bankruptcy estate as a whole.

22. Similar relief requested by a creditors' committee has been granted by bankruptcy courts in a number of cases and is appropriate here as well. *See*, *e.g.*, *In re Tempus Resorts International, Ltd., et al.,* Case No. 6:10-bk-20709-KSJ (Bankr. M.D. Fla. March 24, 2011) [ECF No. 279]; *In re Piccadilly Restaurants, LLC, et al.*, Case No. 12-51127 (RS) (Bankr. W.D. La.

---

information …." Fed. R. Bankr. P. 9018.

Jan. 4, 2013) [ECF No. 446] (granting committee request on similar terms); *In re Titus Transportation, LP, et al.,* Case No. 10-42202 (BTR) (Bankr. E.D. Tex. Oct. 18, 2010) [ECF No. 183] (granting committee request on similar terms).

## CONCLUSION

Therefore, pursuant to sections 105(a), 107(b)(1), and 1102(b)(3) of the Code, the Committee requests the entry of an Order authorizing it to implement the Information Sharing Procedures as described in this Motion and granting further relief as is just and proper.

**HOLLAND & KNIGHT LLP**

/s/ Edward Fitzgerald
Noel R. Boeke, Esq.
FL Bar Number:151830
noel.boeke@hklaw.com
100 North Tampa Street, Suite 4100
Tampa, FL 33602
Telephone:  (813) 227-8500

and

Edward M. Fitzgerald, Esq.
FL Bar Number: 010391
edward.fitzgerald@hklaw.com
200 S. Orange Avenue, Suite 2600
Orlando, FL 32801
Telephone:  (407) 425-8500

COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF GENIE INVESTMENTS NV INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 24, 2024, a copy of the foregoing has been furnished via:

Electronic Transmission to:

Bryan K. Mickler, Esq.

Mickler & Mickler
5452 Arlington Expressway
Jacksonville, FL 32211
Email: court@planlaw.com

Scott E Bomkamp, Esq.
DOJ-Ust
United States Trustee
400 W. Washington St., Suite 1100
Orlando, FL 32801
Email: scott.e.bomkamp@usdoj.gov

United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801

All those registered to receive CM/ECF on this case.

Via US Mail to:

Debtor
Genie Investments NV Inc.
PO Box 60443
Jacksonville, FL 32236

Local Rule 1007-2 parties in interest listed on the attached mailing matrix.

                                                /s/ Edward M. Fitzgerald
                                                Edward M. Fitzgerald, Esq.

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113A-3<br>Case 3:24-bk-00496-BAJ<br>Middle District of Florida<br>Jacksonville<br>Fri May 24 12:07:39 EDT 2024 | Archer Capital Investments<br>Attn: Michael Thompson<br>1448 W. Salmon Caddis Drive<br>Bluffdale, UT 84065-5122 | Autonomous Drine Solutions LLC<br>dba Calaway Solutions<br>Attn: Garrett Calaway<br>7180 S Hudson Circle<br>Centennial, CO 80122-2553 |
| Belle Maison Realty, LLC<br>Attn: Lea Muse<br>1133 E 83rd Street 171<br>Chicago, IL 60619-6455 | Meetopolis LLC<br>Attn: Lisa Butkiewicz<br>5434 E Kathleen Road<br>Scottsdale, AZ 85254-1759 | North Haven Lodging Partners, LLC<br>Attn: Benjamin Morris, Esq.<br>Foley & Lardner LLP<br>11988 El Camino Real, Suite 400<br>San Diego, CA 92130-2594 |

End of Label Matrix
Mailable recipients    5
Bypassed recipients    0
Total                  5