UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**In re:**

**GENIE INVESTMENTS NV INC.,**   Case Number: 3:24-bk-00496-BAJ
                                 Chapter 11

    **Debtor,**

_____/

**OFFICIAL COMMITTEE OF UNSECURED CREDITORS'
OBJECTION TO DEBTOR'S MOTION TO APPROVE
SETTLEMENT BETWEEN DEBTOR AND VELANOS PRINCIPAL CAPITAL**

The Official Committee of Unsecured Creditors of Genie Investments NV, Inc. (the "**Committee**"), hereby objects to the *Motion to Approve Settlement Agreement between Genie Investments NV, Inc. and Velanos Principal Capital, Pursuant to Federal Rule of Bankruptcy Procedure 9019* [ECF Doc. No. 107] (the "**Motion to Approve Settlement**") filed by Debtor Genie Investments NV, Inc. ("**Debtor**"), and in support states:

### BACKGROUND

1. On February 21, 2024 (the "**Petition Date**"), the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "**Bankruptcy Code**").

2. The Debtor is currently authorized to continue to operate its business and manage its operations as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3. The Debtor purports to be a small business lender, and alleges that it funds its lending operations by obtaining capital from "warehouse lenders/capital providers" and other sources and, in turn, lends those funds to borrowers at marginally higher interest rates.

4. On March 5, 2024, the United States Trustee filed its Expedited Motion to Appoint Chapter 11 Trustee, or, in the Alternative, Appoint an Examiner, Dismiss the Case, or Convert this Case to Chapter 7 [ECF Doc. No. 20] (the "**Motion to Appoint Trustee**"). In the Motion to Appoint Trustee, the United States Trustee detailed the Debtor's alleged fraudulent lending scheme against small business owners, including the dishonesty, incompetence, and gross mismanagement of the Debtor and the funds entrusted to it by the small business owner victims.

5. On April 11, 2024, after an evidentiary hearing, this Court entered its Order Granting in Part and Denying in Part the United States Trustee's Expedited Motion to Appoint Chapter 11 Trustee, or, in the Alternative, Appoint an Examiner, Dismiss the Case, or Convert this Case to Chapter 7 [ECF Doc. No. 60] (the "**Order Appointing Examiner**"), pursuant to which the Court appointed an Examiner directed to investigate the alleged fraud in the case, including but not limited to:

> (i) the connection, if any, between the Debtor or its affiliates, and McMann Commercial Lending or its affiliates;
> (ii) the alleged fraudulent agreement with Velanos;
> (iii) the connection and transfers between the Debtor and any affiliates or Debtor entities;
> (iv) any transfers between the Debtor, including its directors, officers, insiders, or affiliates over the last two years.

6. On April 16, 2024, the United States Trustee appointed Maria M. Yip as Examiner [ECF Doc. No. 63].

7. On April 24, 2024, the United States Trustee appointed the Committee pursuant to 11 U.S.C. § 1102 [ECF Doc. No. 71].

8. In its schedules, the Debtor identifies Velanos Principal Capital ("**Velanos**") as owing it approximately $75MM-by far the Debtor's largest receivable and the putative primary source to fund any possible Chapter 11 Plan in this case. The Debtor further described this

receivable in its Response to the United States Trustee's Motion to Appoint Chapter 11 Trustee. In that Response, the Debtor alleged that it was itself the victim of a fraud committed by Velanos, and provided that [a]lthough many settlements have been offered and agreed upon by the capital provider between May 2023 and today. In every instance Velanos has failed every time to deliver funds."

9. On May 24, 2024, the Debtor filed its Motion to Approve Settlement. In its Motion, the Debtor seeks approval of a settlement with Velanos. Pursuant to the proposed settlement agreement, and despite Velanos's questionable business practices and its history of unreliability and promising to make payment to the Debtor but then failing to do so, the structure of the settlement requires Velanos to make a series of installment payments over a 2-year period from June 2024 through June 2026.

10. As of the date of this Motion, the Examiner has yet to issue her report pursuant to the Order Appointing Examiner, which will include a report on the Debtor's "alleged fraudulent agreement with Velanos."

## ARGUMENT

A debtor-in-possession in a chapter 11 case has a fiduciary duty to act in the best interest of the estate. *Lasalle Nat'l Bank v. Perelman*, 82 F. Supp. 2d 279, 292 (D. Del. 2000). Here, the United States Trustee has legitimately called into question whether the Debtor should be permitted to continue as a debtor-in-possession, and this Court has appointed an Examiner to investigate alleged fraudulent business practices. If the Examiner's report finds that the Debtor and its current management have in fact been conducting a fraudulent lending scheme then the Debtor's current management cannot be trusted to act in the best interest of the estate. For this reason alone, the Court should not approve any decisions of the current management of the

3

Debtor that will materially impact the status quo of this case, including the proposed settlement with Velanos, until the Examiner's report has been issued.

Further, even if this Court were to examine the merits of the Debtor's Motion to Approve Settlement, the Court should find that the Debtor has not met its burden of proof pursuant to the *Justice Oak* factors.  *See In re Justice Oaks, II, Ltd.*, 898 F.2d 1544, 1549 (11th Cir. 1990) (providing that a debtor must meets its burden of proof as to each of the following factors when approving a settlement: (i) the probability of success in the litigation; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it; and (iv) the paramount interest of the creditors and proper deference to their reasonable views in the premises).

Rather than discussing the likelihood of success or the complexity of the litigation, the Debtor's Motion to Approve Settlement simply states in conclusory fashion:

> The Settlement Agreement between the Debtor and Velanos is in the best interest of the estate because it will result in savings of attorneys' fees, costs and resources. The cost and risk associated with continued litigation outweigh the benefit of protracted litigation. The Debtor believes that the repayment terms are feasible and avoid the risk of having to make a lump sum payment.

Such assertions provide little to no real assistance to the Court or the Committee in the evaluation of whether the settlement agreement is fair and reasonable and in the best interest of the estate.  Further, the Debtor itself has previously expressed concerns over the fraudulent business activities of Velanos, and its ability to make payment when promised.  Yet the Motion to Approve Settlement provides no evidence whatsoever concerning Velanos's ability to fully fund the settlement, the source of funds for the settlement, and why Velanos could not make one lump-sum payment as opposed to payments spread out over two (2) years.  For these reasons, the Debtor has failed to meet its burden.

## CONCLUSION

For all the foregoing reasons, this Court should either deny the Motion to Approve Settlement without prejudice or adjourn its decision until after the Examiner issues her report and this Court conducts a full evidentiary hearing on the Motion to Approve Settlement, and for any such further relief this Court deems just and proper.

**HOLLAND & KNIGHT LLP**

/s/ *Edward Fitzgerald*
Noel R. Boeke, Esq.
FL Bar Number:151830
noel.boeke@hklaw.com
100 North Tampa Street, Suite 4100
Tampa, FL 33602
Telephone:  (813) 227-8500

and

Edward M. Fitzgerald, Esq.
FL Bar Number: 010391
edward.fitzgerald@hklaw.com
200 S. Orange Avenue, Suite 2600
Orlando, FL 32801
Telephone:  (407) 425-8500

COUNSEL TO THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS OF GENIE
INVESTMENTS NV INC.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 5, 2024, a copy of the foregoing has been furnished via:

Electronic Transmission to:

Bryan K. Mickler, Esq.
Mickler & Mickler
5452 Arlington Expressway
Jacksonville, FL 32211
Email: court@planlaw.com

Scott E Bomkamp, Esq.
DOJ-Ust
United States Trustee
400 W. Washington St., Suite 1100
Orlando, FL 32801
Email: scott.e.bomkamp@usdoj.gov

United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801

All those registered to receive CM/ECF on this case.

Via US Mail to:

Debtor
Genie Investments NV, Inc.
PO Box 60443
Jacksonville, FL 32236

Local Rule 1007-2 parties in interest listed on the attached mailing matrix.

                                        /s/ Edward M. Fitzgerald
                                        Edward M. Fitzgerald, Esq.

```
Label Matrix for local noticing          Archer Capital Investments          Autonomous Drine Solutions LLC
113A-3                                   Attn: Michael Thompson              dba Calaway Solutions
Case 3:24-bk-00496-BAJ                   1448 W. Salmon Caddis Drive         Attn: Garrett Calaway
Middle District of Florida               Bluffdale, UT 84065-5122            7180 S Hudson Circle
Jacksonville                                                                 Centennial, CO 80122-2553
Wed Jun  5 14:06:27 EDT 2024

(p)BELLE MAISON REALTY  LLC              Meetopolis LLC                      North Haven Lodging Partners, LLC
ATTN LEA MUSE                            Attn: Lisa Butkiewicz               Attn: Benjamin Morris, Esq.
1133 E 83RD ST                           5434 E Kathleen Road                Foley & Lardner LLP
171                                      Scottsdale, AZ 85254-1759           11988 El Camino Real, Suite 400
CHICAGO IL 60619-6455                                                        San Diego, CA 92130-2594
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
Belle Maison Realty, LLC                 End of Label Matrix
Attn: Lea Muse                           Mailable recipients     5
1133 E 83rd Street 171                   Bypassed recipients     0
Chicago, IL 60619                        Total                   5
```