UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**In re:**

**GENIE INVESTMENTS NV INC.,**     Case Number: 3:24-bk-00496-BAJ
                                    Chapter 11

    **Debtor,**

_____/

**OBJECTION TO DEBTOR'S MOTION FOR ENTRY OF A PROTECTIVE ORDER RELATED TO CREDITOR COMMITTEE DISCOVERY**

The Official Committee of Unsecured Creditors of Genie Investments NV, Inc. (the "**Committee**"), hereby objects to the Debtor's Motion for Entry of a Protective Order Related to Creditor Committee Discovery [ECF Doc. No. 117] (the "**Motion for Protective Order**") filed by Debtor Genie Investments NV, Inc. ("**Debtor**") on the grounds that the Committee is obligated to investigate the affairs of the Debtor and is therefore entitled to the information requested, and in violation of Local Rule 7026-1, counsel for the Debtor failed to "meet and confer" with counsel for the Committee prior to filing the Motion for Protective Order, and in support states:

**BACKGROUND**

1.    On February 21, 2024, the Debtor commenced this case by filing a voluntary petition for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 et seq..

2.    The Debtor is currently authorized to continue to operate its business and manage its operations as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

3.    The Debtor purports to be a small business lender, and alleges that it funds its lending operations by obtaining capital from "warehouse lenders/capital providers" and other sources and, in turn, lends those funds to borrowers at marginally higher interest rates.

4. On March 5, 2024, the United States Trustee filed its Expedited Motion to Appoint Chapter 11 Trustee, or, in the Alternative, Appoint an Examiner, Dismiss the Case, or Convert this Case to Chapter 7 [ECF Doc. No. 20]. In the Motion to Appoint Trustee, the United States Trustee detailed the Debtor's alleged fraudulent lending scheme against small business owners, including the dishonesty, incompetence, and gross mismanagement of the Debtor and the funds entrusted to it by the small business owner victims.

5. On April 11, 2024, after an evidentiary hearing, this Court entered its Order Granting in Part and Denying in Part the United States Trustee's Expedited Motion to Appoint Chapter 11 Trustee, or, in the Alternative, Appoint an Examiner, Dismiss the Case, or Convert this Case to Chapter 7 [ECF Doc. No. 60], pursuant to which the Court appointed an Examiner directed to investigate the alleged fraud in the case, including but not limited to:

> (i) the connection, if any, between the Debtor or its affiliates, and McMann Commercial Lending or its affiliates;
> (ii) the alleged fraudulent agreement with Velanos;
> (iii) the connection and transfers between the Debtor and any affiliates or Debtor entities;
> (iv) any transfers between the Debtor, including its directors, officers, insiders, or affiliates over the last two years.

6. On April 16, 2024, the United States Trustee appointed Maria M. Yip as Examiner (the "**Examiner**") [ECF Doc. No. 63].

7. On April 24, 2024, the United States Trustee appointed the Committee pursuant to 11 U.S.C. § 1102 [ECF Doc. No. 71].

8. On May 23, 2024, as is customary in these cases, the Committee sent a three page letter to the Debtor requesting documents previously produced to the Examiner, and "to the extent not duplicative," 24 specific and simple document requests (the "**Document Requests**"). A copy of the Document Requests is attached hereto as **Exhibit A**.

9. Since the appointment of the Committee, and despite multiple efforts by the undersigned counsel to schedule a call with Debtor's counsel to confer in good faith regarding the various issues presented in this case, Debtor's counsel has maintained the position that the Committee was wrongly appointed and has refused any level of cooperation with the Committee.

10. On June 3, 3024, and without first meeting and conferring with Committee's counsel in accordance with Local Rule 7026-1 regarding the Document Requests, the Debtor filed the instant Motion for Protective Order.

## ARGUMENT

**I.    The Committee's Requests Are Customary and Appropriate for this Case.**

Pursuant to 11 U.S.C. § 1103(c), the Committee is authorized to, *inter alia*, consult with the Debtor, investigate the Debtor, participate in the formulation of a plan and perform such other services as are in the interest of those represented. As part of the Committee's responsibilities, 11 U.S.C. § 1102(b)(3)(A) requires the Committee to provide "access to information" to all creditors of the Debtor who hold claims of the kind represented by the Committee.

An unsecured creditors' committee operates as a representative voice for the unsecured creditors in a chapter 11 case. The committee's role is always one of convenience and efficiency. *See In re Pacific Ave., LLC,* 467 B.R. 868, 870 (W.D. N.C. 2012). "A creditors' committee is not merely a conduit through which the debtor speaks to and negotiates with creditors generally. An effective committee must necessarily be adversarial if it is to fulfill its role as "watchdog" in a Chapter 11 case." *In re Seaescape Cruises, Ltd.*, 131 B.R. 241, 243 (Bankr. S.D. Fla. 1991) (citing *In re Daig Corp.,* 17 B.R. 41, 43 (Bankr. D. Minn. 1981); 11 U.S.C. § 1103(c)(2), (4) and (5)). The Committee "is empowered by federal law to investigate the acts, conducts, assets, liabilities and financial condition of the debtor, the operation of the debtors' business and the desirability of

such business, and any other matter relevant to the case or the formulation of a plan." *In re Int'l Horizons, Inc.*, 16 B.R. 484, 488 (N.D. Ga. 1981), *aff'd sub nom. Matter of Int'l Horizons, Inc.*, 689 F.2d 996 (11th Cir. 1982) (citing 11 U.S.C. § 1103(c)(2)).

All of the Committee's requests pertain to understanding the Debtor's financial condition and the past operations. "Historical financial information and the historical workpapers of [the Debtor] are relevant to the inquiry that the Committee is undertaking in performing the role imposed on it by federal law." *In re Int'l Horizons, Inc.*, 16 B.R. at 488. "[Debtor] asks the Court to lose sight of the fact that this is a proceeding brought under federal bankruptcy law, and that it was [Debtors] who sought the protection of federal law. At this stage in the litigation, it is not clear ….what claims and defenses might eventually arise…" *Id*. It is clear, however, that this is a bankruptcy proceeding initiated by Debtor in which the Committee is seeking a number of documents pursuant to its duties. *See id*.

Furthermore, the requests are appropriate because there are colorable accusations of fraud by the Debtor's management in this case, so the Committee is entitled to explore those allegations. In cases where fraud has been alleged, courts allow the Committee more leeway in obtaining discovery. *See e.g.*, *In re Warner,* 87 B.R. 199, 203 (Bankr. M.D. Fla. 1988) (allowing the committee of unsecured creditors to obtain discovery under the fraud exception to the attorney client privilege where fraud has been alleged in the case).

The burden is on the party seeking the protective order to demonstrate good cause for its issuance. *See Sierra Equity Grp. v. White Oak Equity Partners, LLC*, 672 F. Supp. 2d 1369, 1370–71 (S.D. Fla. 2009). A "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *Sunshine Shredding, LLC v. Proshred Franchising Corp.*, Case No. 11-22432-MC, 2011 WL

4591935, at *2 (S.D. Fla. Sept. 30, 2011). "Good cause" calls for a "sound basis or legitimate need" to limit discovery of the subject information. *See In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 356 (11th Cir. 1987); *Sierra Equity*, 672 F. Supp. 2d at 1370–71.

In its Motion for Protective Order Debtor has asserted various inflammatory allegations against the Committee, but has failed to address or satisfy its burden of showing good cause for the need for a protective order. Rather, the Debtor simply wants a protective order to avoid its responsibility of turning over documents to the Committee.

II. **The Committee's Document Requests Are Distinct From the Examiner's Requests, and May Be Unobtainable Without the Debtor's Cooperation.**

The role of an examiner is distinct and does not typically involve acting as a conduit for document discovery for third parties. "[A]n examiner is not subject to discovery." *In re Iglesias*, 644 B.R. 922, 925 (Bankr. S.D. Fla. 2022). Courts have conveyed disapproval when parties used examiners to produce documents, asserting that such production could compromise the integrity of the bankruptcy process and the statutory role of the examiner. *See e.g., id.*; *Matter of Baldwin United Corp.*, 46 B.R. 314, 316 (Bankr. S.D. Ohio 1985). An examiner is appointed for specific purposes such as investigating "any allegations of fraud, dishonesty, incompetence, misconduct, mismanagement, or irregularity in the management of the affairs of the debtor of or by current or former management of the debtor." 11 U.S.C. § 1104(c).

There have been colorable accusations of fraud in this case, so the Committee ought to make sufficient document requests to fulfill its duty to the unsecured creditors. Contrary to the Debtor's assertions, the Committee is not seeking to duplicate the role of the Examiner. Rather, the Committee is seeking documents on behalf of the unsecured creditors for the sake of the unsecured creditors. The Committee is simply fulfilling its duty by making these document requests.

### III. The Motion for Protective Order Must Be Denied Because Debtor Did Not Comply with Local Rule 7026-1(d)

Local Rule 7026-1(d) states: "**Parties Shall Meet and Confer Prior to Filing Discovery Motions.** Motions to compel and motions for protective order shall include a certification that the movant has in good faith conferred with the opposing party in an effort to resolve the issue without Court action." U.S. Bankr. Ct. Rules, M.D. Fla., Local Rule 7026-1(d). Debtor failed to confer with the Committee's counsel before filing its Motion for Protective Order and failed to attach the requisite conferral certification. Accordingly, the Debtor's Motion for Protective Order is due to be denied and Debtor is entitled to its reasonable attorneys' fees incurred in opposing the motion. *See In re Sherwood Investments Overseas Ltd., Inc*., 6:10-AP-00158-KSJ, 2014 WL 1877548, at *1 (Bankr. M.D. Fla. May 8, 2014) (awarding non-movant $3,867.50 for its expenses incurred in opposing a motion to compel where the movant failed to follow the meet and confer rule).

Bankruptcy Rule 7037 which incorporates Federal Rule of Civil Procedure 37, provides if a motion for protective order is denied, the Court *must* require the movant, the attorney filing the motion, or both, to pay the opposing party's "reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Bankr. P. 7037(a)(5), Fed. R. Civ. P. 37(a)(5). Sanctions under Rule 37 are intended to "1) compensate the court and other parties for the added expense caused by discovery abuses, 2) compel discovery, 3) deter others from engaging in similar conduct, and 4) penalize the offending party or attorney." *Carlson v. Bosem,* Case No. 06-13904, 2007 WL 1841067 at * 2 (11th Cir. June 28, 2007) (quoting *Wouters v. Martin County,* 9 F.3d 924, 933 (11th Cir. 1993)). Under Rule 37(a)(5), Plaintiffs are entitled to *reasonable* attorney's fees and costs incurred in opposing the Motion for Protective Order. The Eleventh Circuit has adopted the lodestar approach to determine reasonable attorney's fees and costs. *Norman v. Housing Authority,* 836 F.2d 1292, 1298-99 (11th Cir. 1988); *Utopia Provider Systems, Inc. v. Pro-Med Clinical*

*Systems, LLC,* Case No. 6:08-mc-79-Orl-28GJK, 2009 WL 10712806 at *2 (M.D. Fla. Jan. 21, 2009). "Simply stated, the lodestar formula is the product of the number of reasonable hours expended and the reasonable hourly rate." *Utopia Provider,* 2009 WL 10712806 at *2. In determining the reasonable hours expended and reasonable hourly rate, the Court itself is an expert and "may consider the request in light of its own knowledge and experience with or without the aid of witnesses as to value of hours dedicated to litigation." *Id.* (citing *Loranger v. Stierheim,* 10 F.3d 776, 781 (11th Cir. 1994)).

WHEREFORE, the Committee, respectfully request the Court enter and order denying Debtor's Motion for Protective Order, enter an award of attorneys' fees and costs in favor of the Committee, and any further relief the Court deems just and proper.

**HOLLAND & KNIGHT LLP**

/s/ *Edward Fitzgerald*
Noel R. Boeke, Esq.
FL Bar Number: 151830
noel.boeke@hklaw.com
W. Keith Fendrick, Esq.
FL Bar Number: 612154
keith.fendrick@hklaw.com
100 North Tampa Street, Suite 4100
Tampa, FL 33602
Telephone: (813) 227-8500

and

Edward M. Fitzgerald, Esq.
FL Bar Number: 010391
edward.fitzgerald@hklaw.com
200 S. Orange Avenue, Suite 2600
Orlando, FL 32801
Telephone: (407) 425-8500

COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF GENIE INVESTMENTS NV INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 10, 2024, a copy of the foregoing has been furnished via:

Electronic Transmission to:

Bryan K. Mickler, Esq.
Mickler & Mickler
5452 Arlington Expressway
Jacksonville, FL 32211
Email: court@planlaw.com

Scott E Bomkamp, Esq.
DOJ-Ust
United States Trustee
400 W. Washington St., Suite 1100
Orlando, FL 32801
Email: scott.e.bomkamp@usdoj.gov

United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801

All those registered to receive CM/ECF on this case.

Via US Mail to:

Debtor
Genie Investments NV, Inc.
PO Box 60443
Jacksonville, FL 32236

Local Rule 1007-2 parties in interest listed on the attached mailing matrix.

/s/ Edward M. Fitzgerald
Edward M. Fitzgerald, Esq.

```
Label Matrix for local noticing        Archer Capital Investments           Autonomous Drine Solutions LLC
113A-3                                 Attn: Michael Thompson               dba Calaway Solutions
Case 3:24-bk-00496-BAJ                 1448 W. Salmon Caddis Drive          Attn: Garrett Calaway
Middle District of Florida             Bluffdale, UT 84065-5122             7180 S Hudson Circle
Jacksonville                                                                Centennial, CO 80122-2553
Mon Jun 10 13:53:04 EDT 2024

(p)BELLE MAISON REALTY  LLC            Meetopolis LLC                       North Haven Lodging Partners, LLC
ATTN LEA MUSE                          Attn: Lisa Butkiewicz                Attn: Benjamin Morris, Esq.
1133 E 83RD ST                         5434 E Kathleen Road                 Foley & Lardner LLP
171                                    Scottsdale, AZ 85254-1759            11988 El Camino Real, Suite 400
CHICAGO IL 60619-6455                                                       San Diego, CA 92130-2594



              The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
              by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Belle Maison Realty, LLC               End of Label Matrix
Attn: Lea Muse                         Mailable recipients     5
1133 E 83rd Street 171                 Bypassed recipients     0
Chicago, IL 60619                      Total                   5
```