UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

In re:

Genie Investments NV, Inc.,   Case No.: 3:24-bk-00496-BAJ
                              Chapter 11

　　　　　Debtor.
_____/

**UNITED STATES TRUSTEE'S RESPONSE TO THE DEBTOR'S
MOTION FOR REMOVAL OF MEMBERS OF CREDITORS'
COMMITTEE DUE TO ALLEGED BREACH OF FIDUCIARY DUTY**

Mary Ida Townson, United States Trustee for Region 21 (the "United States Trustee"), by and through the undersigned counsel, responds to the Debtor's Motion for Removal of Members of Creditors' Committee Due to Breach of Fiduciary Duty ("Removal Motion" Doc. No. 121). In support, the United States Trustee states as follows.

**SUMMARY OF ARGUMENT**

The Court should deny the Removal Motion because the United States Trustee has not acted in an arbitrary and capricious fashion by declining to remove members from the Creditors' Committee. Removal is not appropriate because the alleged conduct of committee members does not implicate their fiduciary duty to unsecured creditors as a class. The alleged conduct of committee member Leah Muse is innocuous and, at most, reflects a permissible difference of opinion. The alleged conduct of committee members Preet Patel and Garrett Calloway involved uncivil language but, likewise, does not involve a breach of fiduciary duty. The United States Trustee believes that a reminder from the Court that all parties avoid

uncivil language would be sufficient to resolve the issues which precipitated the Removal Motion.

A robust and efficacious Creditors' Committee is essential to the progress of this bankruptcy case. The Creditors' Committee will play an important role in acting upon the Examiner's report and evaluating the credibility of the Debtor's settlement with Velanos Principal Capital ("Velanos"), particularly given Debtor's allegations that Velanos is a fraudulent entity who has repeatedly defaulted on prior settlement arrangements. Although the United States Trustee believes the Removal Motion should be denied, the United States Trustee is prepared to replace committee members should the Court so direct.

## BACKGROUND

1. On February 21, 2024, Genie Investments NV, Inc. ("Debtor"), filed a voluntary chapter 11 bankruptcy petition. (Doc. No. 1).

2. The United States Trustee filed an Expedited Motion to Appoint Chapter 11 Trustee, or, in the Alternative, Appoint an Examiner, Dismiss This Case, or Convert This Case to Chapter 7 ("Trustee's Motion"; Doc. No. 20).

3. The Court held a two-day trial on the Trustee's Motion on April 9, 2024, and April 10, 2024. At the trial, the Debtor defended the Trustee's Motion, in part, by asserting that the Debtor was defrauded by Velanos and that Velanos had defaulted on prior settlement arrangements. Also at the trial, a principal for North Haven Lodging Partners LLC, Shailesh Patel, testified on cross-examination that he would be amenable to a chapter 11 plan that paid his claim at 100%.

4. On April 11, 2024, the Court ordered the appointment of an examiner. (Doc.

No. 60). The United States Trustee subsequently appointed Maria Yip as the Examiner, whose report remains pending. (Doc. No. 68).

5. On April 24, 2024, the United States Trustee appointed a Committee of Unsecured Creditors ("Creditors' Committee"). (Doc. No. 71).

6. On May 23, 2024, the Debtor filed a Motion to Approve a Settlement Agreement Between Genie Investments NV, Inc. and Velanos Principal Capital. (Doc. No. 107). The settlement structure provides for a total sum of $15 million dollars without interest, and the first installment of $50,000 paid within two business days upon approval of the settlement agreement with escalating payments thereafter to be completed on or before June 30, 2026. (Id. at 3-4).

7. The Creditors' Committee objected to the Debtor's motion to approve the settlement agreement. (Doc. No. 118). Among other issues, the Creditors' Committee contends that the Debtor's motion contains too little information. (Id. at 4).

8. On June 10, 2024, the Debtor filed the Removal Motion requesting the removal of three committee members: (i) Belle Mason Realty, LLC; (ii) Autonomous Drone Solutions, LLC; and (iii) North Haven Lodging Partners, LLC. (Doc. No. 121).

9. The Removal Motion requests the removal of Belle Mason Realty, LLC due to the alleged conduct of Leah Muse. The Debtor alleges that Ms. Muse should be removed because she disagrees with the Debtor regarding the amount of the total claims or disagrees with the Debtor regarding the desirability of the settlement with Velanos. (Doc. No. 121 at 81).

10. The Removal Motion also requests the removal of Autonomous Drone

3

Solutions, LLC due to the alleged conduct of Garrett Calloway. The Debtor alleges that *pre-petition* Mr. Calloway (perhaps angrily) requested an in-person meeting with an attorney for the Debtor. The Debtor further alleges that *post-petition,* but *pre-committee-formation*, Mr. Calaway responded in a vulgar way when the Debtor allegedly served him with a cease-and-desist letter likely for alleged violations of a non-disparagement agreement.[1] (Id. at 16).

11. Finally, the Removal Motion requests the removal of North Haven Lodging Partners, LLC due to alleged *post-committee-formation* conduct of Preet Patel, who is the son of an owner of the business. Preet Patel allegedly sent the Debtor's principal, David Hughes, an uncivil email that accused him of lying and cheating. (Id. at 11). Mr. Hughes allegedly had previously requested that Preet Patel no longer contact him directly. (Id. at 12).

## APPLICABLE LEGAL AUTHORITY

12. Creditors' committees are mandatory features of standard chapter 11 cases. Section 1102(a)(1) of the Bankruptcy Code requires the United States Trustee to appoint a creditors' committee "as soon as practicable." Section 1103 sets forth the powers and duties of creditors' committees which include reviewing the acts, conduct, and financial condition of the debtor; consulting with the debtor regarding the administration of the case; participating in the formulation of the plan of reorganization; and requesting the appointment of a chapter 11 trustee if appropriate.

13. All unsecured creditors are eligible for committee membership. The mere fact that a creditor holds a claim that is contingent, unliquidated or disputed does not disqualify

---

[1] The employment of the attorney who sent the cease-and-desist letter to Mr. Galloway has not been approved by the Court. Arguably, that attorney does not represent the Debtor.

the creditor from appointment to a creditors' committee. *See generally In re Barney's, Inc.*, 197 B.R. 431 (Bankr. S.D.N.Y. 1996). Furthermore, an unsecured creditor is not disqualified from sitting on a committee just because the creditor is hostile to a debtor's reorganization.

14. The Debtor appears to adopt the "arbitrary and capricious" standard in the Removal Motion, and the United States Trustee agrees that this is the proper standard to review a decision of the United States Trustee to not remove a committee member. The United States Trustee has the authority to remove, as well as to appoint, members of official committees. *In re America West Airlines*, 142 B.R. 901 (Bankr. D. Ariz. 1992). The decision to remove or not to remove a committee member is committed to the discretion of the United States Trustee. No court approval of the removal is required. Unless that discretion is exercised arbitrarily or capriciously, the scope of judicial review of the United States Trustee's decisions in this area is extremely limited. *See Campos-Guardado v. I.N.S.* 809 F.2d 285, 289 (5th Cir. 1987), reh'g denied, 814 F.2d 658 (5th Cir. 1987), cert. denied, 484 U.S. 826 (1987).

15. The Court has concurrent authority under 11 U.S.C. § 1102(a)(4) to "order the United States Trustee to change the membership of a committee appointed under this subsection, if the court determines that the change is necessary to ensure adequate representation of creditors or equity security holders." But § 1102(a)(4) does not apply here because no one is arguing that there are classes of unsecured claims underrepresented on the Creditors' Committee. Rather, every creditor in this case is a business owner who deposited funds with the Debtor in the expectation of receiving a loan but did not receive one. There

is no other subclass of creditors (*e.g.*, landlords or vendors) arguing underrepresentation on the Creditors' Committee.

16. Members of an unsecured creditors committee have a fiduciary duty. However, this fiduciary duty is not to a debtor, or the world at large, but to the unsecured creditors of the bankruptcy estate. *In re Vital Pharms., Inc.*, 2022 WL 17968889, at *3 (Bankr. S.D. Fla. Dec. 27, 2022). A member of a creditors' committee should not be removed unless there is specific evidence that the member has breached or is likely to breach a fiduciary duty to the class of creditors represented by that member. *Id.* (citing *In re Seaescape Cruises, Ltd.*, 131 B.R. 241, 243 (Bankr. S.D. Fla. 1991)).

**ARGUMENT**

17. The Debtor has not established that the United States Trustee has acted arbitrarily and capriciously by failing to remove members of the Creditors' Committee for violation of their fiduciary duty to other unsecured creditors of the bankruptcy estate.

18. Regarding Leah Muse, disagreement with the Debtor's assessment of the size of the creditor pool or criticizing the proposed settlement with Velanos does not violate a committee member's fiduciary duty. These are simply the sorts of issues that parties debate and argue through the ordinary course of the bankruptcy process. Ms. Muse may reasonably believe that unsecured creditors have damages in addition to the sum that they deposited with the Debtor, and/or reasonably believe that Velanos will not perform in compliance with the settlement agreement given the Debtor's own characterization of Velanos as a fraudulent enterprise. Ms. Muse may or may not turn out to be right, but the Debtor has not stated a colorable basis to remove Ms. Muse, and the United States Trustee has not acted arbitrarily

and capriciously by not removing Ms. Muse as the representative of Belle Mason Realty, LLC.

19.  Regarding Garrett Calaway, the alleged conduct occurred before the Creditors' Committee was formed. It is not possible for Mr. Calaway to violate a fiduciary duty before the fiduciary duty attached. Furthermore, it is not clear how Mr. Calaway's admittedly vulgar outburst prejudiced other unsecured creditors of the estate, as he was responding to a cease-and-desist letter directed only to him without implications for the wider creditor body. A reminder from the Court to Mr. Calaway to be civil in his communications going forward would adequately address this conduct. Under these circumstances, the United States Trustee has not acted arbitrarily and capriciously by not removing Mr. Calaway as the representative of Autonomous Drone Solutions, LLC.

20.  Regarding Preet Patel, it is important to note that Preet Patel is not a member of North Haven Lodging Partners, LLC and does not represent North Haven Lodging Partners, LLC on the Creditor's Committee. The co-owner and committee representative for North Haven Lodging Partners, LLC is Shailesh Patel who has shown himself to be extremely reasonable in his conduct during the pendency of this case. During his cross examination at the trial on the appointment of a trustee or examiner, Shailesh Patel stated that he would support a plan of reorganization under the appropriate circumstances. It is likely that any replacement of Shailesh Patel on the Creditor's Committee would be more hostile to the Debtor's reorganization prospects. Additionally, Preet Patel's email (which was admittedly rude) did not prejudice the other unsecured creditors to which North Haven Lodging Partners, LLC owes a fiduciary duty. Again, a reminder from the Court to Preet

Patel to remain civil going forward or to stay out of the case entirely would be sufficient given that Preet Patel is not formally associated with the Creditors' Committee. Under these circumstances, the United States Trustee has not acted arbitrarily and capriciously by not removing Shailesh Patel as the representative of North Haven Lodging Partners, LLC.

21. An efficacious Creditors' Committee is essential to the success of this bankruptcy case. The Velanos settlement must be carefully vetted, especially given the Debtor's own representations regarding Velanos. Furthermore, the creditors should have meaningful input regarding the ultimate conclusions reached by the Examiner. Based upon the information set forth in the Removal Motion, the United States Trustee believes that no members of the Creditors' Committee should be removed for violation of fiduciary duty and the United States Trustee has not acted arbitrarily and capriciously in reaching this conclusion. Nevertheless, if the Court so orders, the United States Trustee will act promptly to reconstitute the Creditors' Committee.

WHEREFORE, the Court should deny the Removal Motion and take such other actions as the Court deems necessary.

| | |
|---|---|
| Dated: June 11, 2024. | Respectfully Submitted |
| | Mary Ida Townson<br>United States Trustee for Region 21 |
| | */s/ Scott Bomkamp*<br>Scott Bomkamp, Trial Attorney<br>Office of the United States Trustee<br>U.S. Department of Justice<br>400 W. Washington St., Suite 1100<br>Orlando, FL 32801<br>Telephone No.: (407) 648-6301, Ext. 150<br>Facsimile No.: (407) 648-6323<br>Email: scott.e.bomkamp@usdoj.gov<br>Indiana Bar No.: 28475-49 |

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion was served on June 11, 2024 on all parties appearing electronically via CM/ECF.

*/s/ Scott Bomkamp*
Scott Bomkamp, Trial Attorney