**ORDERED.**

Dated: June 18, 2024

_Jason A. Burgess_
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

GENIE INVESTMENTS NV INC.,     Case Number: 3:24-bk-00496-BAJ
                               Chapter 11

   Debtor,

_____/

ORDER GRANTING, AUTHORIZING AND APPROVING
THE COMMITTEE OF UNSECURED CREDITORS' MOTION FOR
ENTRY OF AN ORDER (I) CLARIFYING THE REQUIREMENT TO
PROVIDE ACCESS TO INFORMATION; AND (II) SETTING AND FIXING
CREDITOR INFORMATION SHARING PROCEDURES AND PROTOCOLS

This matter came before the Court for hearing on June 12, 2024, at 9:30 a.m., upon the Official Committee of Unsecured Creditors' Motion for Entry of an Order (i) Clarifying the Requirement to Provide Access to Information; and (ii) Setting and Fixing Creditor Information Sharing Procedures and Protocols [ECF Doc. No. 113] (the "**Motion**"), in which the Official Committee of Unsecured Creditors of Genie Investments NV. Inc. (the "**Committee**") seeks the entry of an order approving certain information sharing procedures proposed by the Committee (the "**Information Sharing Procedures**") related to the transmittal of information by the Committee to creditors that are its constituency in this Chapter 11 Case filed by Genie Investments NV, Inc. ("**Debtor**"). Having reviewed the Motion and the record in this case, and having heard argument of counsel, the Court

finds that: (i) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b); (iv) notice of the Motion and opportunity for objections have been provided to the Debtors, the office of the United States Trustee, and those parties entitled to notice in this Chapter 11 case; and (v) such notice is appropriate under the circumstances.

After due deliberation, the Court determines that the relief requested by the Committee in the Motion is in the best interests of the Committee, the Debtor, the Debtor's estate, and creditors of the Debtor; and that good and sufficient exist to grant the Motion. Accordingly, it is

ORDERED THAT:

1. The Motion is GRANTED.

2. The Committee's obligations pursuant to section 1102(b)(3) of the Bankruptcy Code to provide access to information to unsecured creditors who are its constituency shall be satisfied by complying with the following Information Sharing Procedures:

(1) <u>Access To Creditor Information</u>. In satisfaction of the Committee's obligations to provide access to information for creditors who hold claims of the kind represented by the Committee and to solicit and receive comments in accordance with Section 1102(b)(3)(A) and (B) of the Bankruptcy Code, the Committee will share with creditors any non-privileged, nonconfidential or public information upon request until the earliest of the following events to occur: dissolution of the Committee; dismissal of these bankruptcy cases; conversion of these bankruptcy cases; the effective date of a confirmed Chapter 11 plan; or upon further order of the Court. Specifically:

(a) The Committee, by and through counsel, shall maintain a

copy of all pleadings, motions and notices filed and orders entered in these bankruptcy cases and shall provide a copy of the same to any individual or entity that makes a written request for the same.

(b) The Committee, by and through counsel, shall be available to parties requesting details about the status of these bankruptcy cases. Any party wishing to obtain information regarding the status of these bankruptcy cases may do so by contacting the undersigned counsel for the Committee in writing to the following address: Holland & Knight LLP, Attention: Edward M. Fitzgerald, Esq., 200 S. Orange Avenue, Suite 2600, Orlando, FL 32801, or via e-mail directed to edward.fitzgerakd@hklaw.com, with a copy to Renee Kemper at renee.kemper@hklaw.com.

(2) Privileged and Confidential Information. With respect to all Confidential Information (as defined below), the Committee shall only act by and through its counsel, and shall not disseminate to any Entity as defined in the Bankruptcy Code:

(a) without further order of the Court, confidential, proprietary, or other non-public information concerning the Debtors, including: (i) with respect to the acts, conduct, assets, liabilities and financial condition of the Debtor, the operation of the Debtor's business, the desirability of the continuance of such business, other strategic financial transactions, or any other matter relevant to these bankruptcy cases or the formulation of a Chapter 11 plan (including any and all confidential, proprietary, or other nonpublic materials of the Committee) whether provided (voluntarily or involuntarily) by or on behalf of the Debtor or by any third party or prepared by or for the Committee; (ii) any other information if the effect of such disclosure would constitute a breach or violation under any agreement or contract to which the Debtor is a party, including any confidentiality agreement; or (iii) any information that would violate any privacy law or regulation under Federal, state or other law (collectively, the "Confidential Information"); or

(b) any other information if the effect of such disclosure would constitute or potentially constitute a general or partial waiver of the attorney-client privilege, attorney work-product privilege, or other applicable privilege possessed by the Committee.

(3) Information Subject to Discovery. Any information received (formally or informally) by the Committee from any entity in connection with an examination pursuant to Federal Rule of Bankruptcy Procedure 2004 or in connection with any formal or informal discovery in any contested matter, adversary proceeding or other litigation in this Chapter 11 case or related to the Debtor shall not be governed by the terms of this Order but, rather, by any order governing such discovery, adversary proceeding, contested matter, or other litigation.

(4) <u>Identification</u>. The Debtor shall assist the Committee in identifying any Confidential Information concerning the Debtor that is provided by the Debtor or its agents or professionals, or by any third party, to the Committee or its agents and professionals.

(5) <u>Creditor Information Requests</u>. If a creditor (a "<u>Requesting Creditor</u>") submits a written request (including via electronic or U.S. Mail) (the "<u>Information Request</u>") for the Committee to disclose or provide information, the Committee shall as soon as practicable, but no more than twenty (20) days after receipt of the Information Request, provide a response to the Information Request (the "<u>Response</u>"), including providing access to the information requested or stating the reasons why the Committee cannot comply. If the Response is to deny the Information Request because the Committee believes that the Information Request implicates Confidential Information, or privileged matters that need not be disclosed pursuant to the terms of this Order or otewise under 11 U.S.C. § 1102(b)(3)(A), or that the Information Request is unduly burdensome, the Requesting Creditor may, after a good faith effort to meet and confer with an authorized representative of the Committee regarding the Information Request and the Response, request such disclosure from the Court for cause pursuant to a motion. Such motion shall be served on the Debtor, the Committee and all other required notice parties and the hearing on such motion shall be noticed and scheduled pursuant to the rules of the Court. Nothing herein shall be deemed to preclude the Requesting Creditor from requesting (or the Committee from objecting to such request) that the Committee provide the Requesting Creditor a log or other index of any information specifically responsive to the Requesting Creditor's request that the Committee deems to be Confidential Information or protected by the attorney-client privilege, attorney work- product privilege, or any other privilege. Furthermore, nothing herein shall be deemed to preclude the Requesting Creditor from requesting that the Court conduct an in camera review of any information specifically responsive to the Requesting Creditor's request that the Committee claims is Confidential Information or subject to the attorney-client privilege, the attorney work-product privilege, or other privilege.

(6) <u>Committee Response</u>. In its Response to an Information Request for access to Confidential Information, the Committee shall consider whether

(a) the Requesting Creditor is willing to agree in writing to reasonable confidentiality restrictions with respect to such Confidential Information and represents that any information request shall comply applicable laws, Bankruptcy Rules, or any contract; provided, however, such consideration does not require the Committee to provide access to such Confidential Information; and

i. <u>Claims Traders</u>: If the Requesting Creditor is involved, directly or indirectly, in claims trading, the Requesting Creditor must file a document with the Court, and serve upon counsel for the

4

Committee, the Debtor, and the United States Trustee confirming that the Requesting Creditor has established an information screening barrier ("Screening Wall") that will be enforced and that no Confidential Information or documents and information will be revealed to claims traders, trading desks or any persons or entities involved in trading, and listing the name of the person that has been designated as monitor to ensure compliance with the provisions hereof; and

ii. Market Competitors: If the Requesting Creditor is a competitor of the Debtor (or is a prospective competitor) and the information requested may impair the Debtor, no information will be disclosed unless the Court orders such disclosure after notice and a hearing; and

(b) under the particular facts, such agreement and any information screening process that it implements will reasonably protect the confidentiality of such information; provided, however, that if the Committee elects to provide access to Confidential Information on the basis of such confidentiality restrictions, the Committee shall have no responsibility for the Requesting Creditor's compliance with, or liability for violation of, applicable laws or contract restrictions. Any disputes with respect to this paragraph shall be resolved as provided herein.

(7) Costs and Expenses. Any Requesting Creditor will pay, in advance, to counsel for the Committee, the costs and expenses associated with providing that information to the creditor, including the costs of copying and postage. Alternatively, counsel for the Committee will provide such information to a creditor via e-mail (to the extent available and transmittable in this manner) at no charge.

(8) Solicitation of Comments. The Committee may solicit comments from various creditors regarding issues or matters involved in these cases at its discretion unless otherwise ordered or instructed by this Court.

3. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation and/or interpretation of this Order.

###

Edward M. Fitzgerald is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file proof of service within three days of the entry of this order.