**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**
www.flsb.uscourts.gov

IN RE:

GENIE INVESTMENTS NV INC.

    Debtor.
_____/

CHAPTER 11

CASE NO. 3:24-bk-00496-BAJ

**SUMMARY OF FIRST AND FINAL FEE APPLICATION OF**
**CHAPTER 11 EXAMINER MARIA M. YIP**

| | | | |
|---|---|---|---:|
| 1. Name of Applicant: | Maria M. Yip | | |
| 2. Role of Applicant: | Chapter 11 Examiner | | |
| 3. Name of Certifying Professional: | Maria M. Yip, CPA, CFE, CIRA | | |
| 4. Date case filed: | February 21, 2024 [ECF No. 1] | | |
| 5. Date of Retention Order: | April 17, 2024 [ECF No. 68] | | |
| **IF INTERIM APPLICATION, COMPLETE 6, 7 AND 8 BELOW:** | | | |
| 6. Period for this Application: | April 17, 2024 through July 17, 2024 | | |
| 7. Amount of Compensation Sought: | | $ | N/A |
| 8. Amount of Expense Reimbursement Sought: | | $ | N/A |
| **IF FINAL APPLICATION, COMPLETE 9 AND 10 BELOW:** | | | |
| 9. Total Amount of Compensation Sought during case: | | $ | 13,590.00 |
| Hourly Rate this Application: | | $ | 450.00[1] |
| 9a. Voluntary Fee Reduction in this Period: | | $ | N/A |
| 10. Total Amount of Expense Reimbursement Sought during case: | | $ | 17.85 |
| 11. Amount of Original Retainer(s) Please disclose both Fee Retainer and Cost Retainer if such a Retainer has been received: | | $ | N/A |
| 12. Current Balance of Retainer(s) remaining: | | $ | N/A |
| 13. Last monthly operating report filed (Month/Year and ECF No.): | | | April 2024 [ECF No. 106] |
| 14. If case is Chapter 11, current funds in the Chapter 11 estate: | | $ | 279,998.50 |
| 15. If case is Chapter 7, current funds held by Chapter 7 trustee: | | $ | N/A |

---

[1] Applicant agreed to a reduced hourly rate of $450 for this matter. Applicant's standard hourly rate is $600.

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**
www.flsb.uscourts.gov

IN RE:

GENIE INVESTMENTS NV INC.

    Debtor.
_____/

CHAPTER 11

CASE NO. 3:24-bk-00496-BAJ

### FIRST AND FINAL FEE APPLICATION OF CHAPTER 11 EXAMINER MARIA M. YIP

**Maria M. Yip, Chapter 11 Examiner** (the "**Examiner**" and/or "**Applicant**"), applies for first and final compensation of fees for services rendered and costs incurred in this Chapter 11 proceeding during the period April 17, 2024 through July 17, 2024 (the "**Application Period**"). This application (the "**Application**") is filed pursuant to 11 U.S.C. §330 and Bankruptcy Rule 2016, and meets all of the requirements set forth in the Guidelines incorporated in Local Rule 2016-1(B)(1). The exhibits attached to this Application, pursuant to the Guidelines, are:

    **Exhibits "1"** – Fee Application Summary Chart.

    **Exhibit "2-A" and "2-B"** – Summary of Professional and Paraprofessional Time.

    **Exhibit "3"** – Summary of Requested Reimbursements of Expenses.

    **Exhibit "4"** – Complete time records, in chronological order, by activity code category, for the time period covered by this Application. The requested fees are itemized to the tenth of an hour.

The Applicant requests an award of fees for services rendered, and the reimbursement of expenses incurred by the Applicant, as Examiner, in the amount of $13,607.85 comprised of: (a) $13,590.00 for 30.2 hours worked; and (b) $17.85 as reimbursement for the actual and necessary expenses incurred by the Applicant during the Application Period.

### RETENTION OF APPLICANT, DISCLOSURE OF COMPENSATION AND REQUESTED AWARD

1. On February 21, 2024 (the "**Petition Date**"), Genie Investments NV Inc. (the "**Debtor**") filed a voluntary petition for relief under Chapter 11 of title 11, of the United State Bankruptcy Code with this court (Doc. No. 1).

2. This Court has jurisdiction over this Chapter 11 case and this Application pursuant to 28 U.S.C. §§ 1334 and 157(b), and venue is proper in this District pursuant to 28 U.S.C. § 1408. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3. On March 5, 2024, the United States Trustee filed an *Expedited Motion to Appoint Chapter 11 Trustee, or, in the Alternative, Appoint an Examiner, Dismiss the Case, or Convert the Case to Chapter 7* (the "**Motion**") (Doc. No. 20).

4. On April 11, 2024, the Court entered an Order Granting in Part and Denying in Part the United States Trustee's Motion (the "**Order**") (Doc. No. 60). The Order directed the appointment of an Examiner to investigate the following:

   a. the connection, if any, between the Debtor or its affiliates, and McMann Commercial Lending or its affiliates;

   b. the alleged fraudulent agreement with Velanos;

   c. the connection and transfers between the Debtor and any affiliates or Debtor entities; and

   d. any transfers between the Debtor, including its directors, officers, insiders,

or affiliates over the last two years (collectively, the "**Examiner's Charge**").

5.  The Order authorized the appointment of an examiner pursuant to 11 U.S.C. § 1104(c) and directed the Office of the United States Trustee to appoint a Chapter 11 Examiner in the Debtor's case in accordance with the provisions of 11 U.S.C. § 1104(c)(1), (c)(2).

6.  On April 16, 2024, the United States Trustee filed an Application for Approval of Chapter 11 Examiner (the "**Application**") (Doc. No. 65), selecting Maria M. Yip as the Examiner in this case, which was approved by the Court under the *Order Approving Selection of Chapter 11 Examiner*, dated April 17, 2024 (Doc. No. 68).  Pursuant to the Order, the Examiner engaged Yip Associates to assist her in carrying out her duties.

7.  The Applicant submits this Application, pursuant to Sections 328, 330, 331 and 503(b) of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and the Guidelines.

### THE GENERAL NATURE OF THE SERVICES RENDERED AND RESULTS OBTAINED

8.  The professional services rendered by the Applicant for which compensation is sought by way of this Application are summarized by category below in accordance with the mandatory guidelines, and the time detail is itemized by category in the attached exhibits.

**A. Preparation and Review of Reports Required by U.S. Trustee**

9.  The work done in this category includes the preparation of the Examiner's Report, which was filed with this Court on June 28, 2024 (Doc. No. 146).  The Examiner's Report detailed my efforts, findings and observations related to the Examiner's Charge pursuant to the Order (Doc. No. 60).

10. As part of my initial investigation into the duties relevant to the Examiner's Charge,

I performed the following tasks:

    a. attended the 341 meeting of creditors;

    b. conducted three interviews of the Debtor's principals to better understand the operations and financial condition of the Debtor;

    c. met with members of the creditors committee and their counsel; and

    d. met with my financial advisors to plan and effectuate the investigation.

11. As part of my investigation into the connection between the Debtor or its Affiliates and McMann Commercial Lending ("**McMann**") or its Affiliates, I reviewed loan agreements between the Debtor and McMann as well as schedules of the transfers between McMann and the Debtor prepared by my financial advisors.

12. As part of my investigation into the alleged fraudulent agreement with Velanos, I reviewed the joint venture agreement with Velanos, and the first and second amendment to the joint venture agreement. Additionally, I reviewed the proposed settlement with Velanos.

13. As part of the financial investigation into the Debtor and my investigation into any transfers between the Debtor and any affiliates, including its directors, officers, or insiders, over the last two years, I reviewed multiple analyses, schedules, and tables prepared by my financial advisors of various documents including the following:

    a. eight bank accounts held in the name of the Debtor and related businesses of the Debtor based on common ownership;

    b. one brokerage account held in the name of the Debtor;

    c. one loan account held in the name of the Debtor;

    d. QuickBooks exports provided by the Debtor.

14. In addition, I reviewed the loan agreements with the insider corporations that

received loans from the Debtor.

15. The Applicant spent a total of 28.7 hours and incurred a total of $12,915.00 in professional fees for work performed in the category of Preparation and Review of Reports Required by U.S. Trustee, during the Application Period.

**B. Fee/Employment Applications**

16. The work done in this category includes the preparation of this fee application for compensation in accordance with Local Guidelines.

17. The Applicant spent a total of 1.5 hours and incurred a total of $675.00 in professional fees for work performed in the categories of Fee and Employment Application, during the Application period.

**THE TIME AND LABOR REQUIRED:**

18. The transcribed time records annexed hereto as Exhibit "4" shows the Applicant has devoted no less than 30.2 hours of time providing services to the United States Trustee during the approximate three month period from April 17, 2024 through July 17, 2024.

**THE NOVELTY AND DIFFICULTY OF
THE SERVICES RENDERED:**

19. The matters arising in providing accounting services to the United States Trustee to date were neither novel nor difficult.

## THE SKILL REQUISITE TO PERFORM
## THE SERVICES PROPERLY:

20. In order to perform the services enumerated herein properly, substantive knowledge and skill of accounting techniques, tax preparation, and its application in a bankruptcy context was required.

## THE PRECLUSION OF OTHER EMPLOYMENT BY THE
## PROFESSIONAL DUE TO THE ACCEPTANCE OF THE CASE:

21. The Applicant is aware of no other specific employment that was precluded due to acceptance of this case. However, the efforts of the Applicant were devoted to this case and the Applicant was unable to devote that time to other matters, therein preventing the Applicant from billing and collecting fees in other cases.

## THE CUSTOMARY FEE:

22. The rates charged by the Applicant as set forth in Exhibit "4" are customary for examiners within the Southern and Middle District of Florida of similar skill and reputation. Applicant agreed to a reduced hourly rate of $450 for this matter. Applicant's standard hourly rate is $600.

23. For services of the type rendered herein where those services were performed for a private client, the Applicant would charge a reasonable fee for services rendered, on an hourly rate or fixed fee basis. The fee requested by the Applicant is comparable to those fees which would be charged to a private client for similar services rendered by the Applicant. The fees requested are entirely reasonable.

## WHETHER THE FEE IS FIXED OR CONTINGENT:

24. The rates charged by the participating examiner were hourly rates, and the rates are well within the range charged by examiners in the Southern and Middle District of Florida of

similar skill and reputation in the role of Chapter 11 Examiner.

## TIME LIMITATIONS IMPOSED BY THE
## CLIENT OR OTHER CIRCUMSTANCES:

25.     No specific time limitations were imposed by the United States Trustee; however, the Applicant made all efforts to act quickly in conducting carrying the investigations for the United States Trustee.

## THE EXPERIENCE, REPUTATION AND
## ABILITY OF THE PROFESSIONAL:

26.     I have more than twenty-five (25) years of accounting experience and I am a Certified Public Accountant ("CPA") in the State of Florida, a Certified Fraud Examiner (CFE), a Certified Insolvency and Restructuring Advisor (CIRA), and a Certified in Financial Forensics (CFF).

27.     I am a United States Bankruptcy Panel Trustee in the Southern District of Florida. I also serve as an expert witness in Federal and State court, international litigation and arbitration matters. I regularly serve as a court-appointed receiver, examiner, custodian and assignee for the benefit of the creditors. I have significant experience marshaling assets and identifying potential causes of action to provide recoveries for creditors and investors. I have also served as accountant and financial advisor to receivers appointed in numerous SEC, CFTC and FTC matters.

## THE UNDESIRABILITY OF THE CASE:

28.     The Applicant did not and does not find it undesirable to represent the United States Trustee.

## THE NATURE AND LENGTH OF THE PROFESSIONAL
## RELATIONSHIP OF THE CLIENT:

29.     The Applicant has not previously worked for the Debtor.

**AWARDS IN SIMILAR CASES:**

30.     The amount requested by the Applicant is not unreasonable in terms of awards in cases of like magnitude and complexity.  The fees required by the Applicant comport with the mandate of the Code, which directs that services be evaluated in the light of comparable services performed in bankruptcy cases in the community.  The Applicant respectfully prays that this Court take notice that the Applicant occupies professional offices, maintains sophisticated office equipment, and a staff of professional and administrative personnel.  Consequently, a substantial portion of such hourly fee as may be awarded to the Applicant will merely defray the overhead and expenses already incurred and paid in cash during the pendency of this proceeding.

**WHEREFORE**, the Applicant seeks a first and final award for fees in the amount of $13,590.00 plus cost of $17.85, for a total of $13,607.85, and such other relief as the Court may deem just and proper.

Date:  July 18, 2024                    By:   _____
                                              **Maria M. Yip**, **Chapter 11 Examiner**
                                              of Genie Investments NV Inc.
                                              One Biscayne Tower
                                              2 S. Biscayne Blvd., Suite 2690
                                              Miami, Florida 33131
                                              T: (305) 787-3750  F: 1(888) 632-2672

# **CERTIFICATION**

1. I, Maria M. Yip, CPA, CFE, CIRA, CFF (the **"Applicant"**) have been designated as the professional with responsibility in this case for compliance with the "Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases" (the **"Guidelines"**).

2. I have read the Applicant's application for compensation and reimbursement of expenses (the **"Application"**). The application complies with the Guidelines, and the fees and expenses sought fall within the Guidelines, except as specifically noted in this certification and described in the application.

3. The fees and expenses sought are billed at rates and in accordance with practices customarily employed by the Applicant and generally accepted by the Applicant's clients.

4. In seeking reimbursement for the expenditures described on Exhibit 3, the Applicant is seeking reimbursement only for the actual expenditure and has not marked-up the actual cost to provide a profit or to recover the amortized cost of investment in staff time or equipment or capital outlay (except to the extent that the Applicant has elected to charge for in-house photocopies and outgoing facsimile transmissions at the maximum rates permitted by the Guidelines).

5. In seeking reimbursement for any service provided by a third party, the Applicant is seeking reimbursement only for the amount actually paid by the Applicant to the third party.

6. There are no variances with the provisions of the Guidelines.

Date: <u>July 18, 2024</u>　　　　　　　By: _____
　　　　　　　　　　　　　　　　　　　**Maria M. Yip, Chapter 11 Examiner**
　　　　　　　　　　　　　　　　　　　of Genie Investments NV Inc.
　　　　　　　　　　　　　　　　　　　One Biscayne Tower
　　　　　　　　　　　　　　　　　　　2 S. Biscayne Blvd., Suite 2690
　　　　　　　　　　　　　　　　　　　Miami, Florida 33131
　　　　　　　　　　　　　　　　　　　T: (305) 787-3750 F: 1(888) 632-2672

**EXHIBIT "1"**

Fee Application Summary Chart

| | | REQUEST | | | APPROVAL | | | | PAID | | HOLDBACK | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Date Filed | ECF # | Period Covered | Fees Requested | Expenses Requested | Date order Entered | ECF # | Fees Approved | Expenses Approved | Fees Paid | Expenses Paid | Fees Holdback | Expenses Holdback |
| *TBD* | *TBD* | 04/17/24 - 07/17/24 | $ 13,590.00 | $ 17.85 | | | | | | | | |
| **TOTALS** | | | $ 13,590.00 | $ 17.85 | | | $ - | $ - | $ - | $ - | $ - | $ - |

**EXHIBIT "2-A"**

Summary of Professional and Paraprofessional Time Total per Individual for this Period Only

| Professional | Position | Year Licensed | Hours | Rate | | Fees |
|---|---|---|---|---|---|---|
| Maria M. Yip, CPA, CFE, CIRA, CFF | Partner | 1994 | 30.2 | $450 | * | $ 13,590.00 |
| **Blended Average Hourly Rate** | | | | $ 450.00 | | |
| **Total Fees:** | | | 30.2 | | | $ 13,590.00 |

*Hourly rate of $600 has been reduced by agreement.

**EXHIBIT "2-B"**

Summary of Professional and Paraprofessional Time By Activity Code
for this Time Period Only

| Professional | Position | Rate | | Hours | Fees |
|---|---|---|---|---|---|
| **Activity Code: Preparation and Review of Reports Required by UST** | | | | | |
| Maria M. Yip, CPA, CFE, CIRA, CFF | Partner | $450 | * | 28.7 | $ 12,915.00 |
| **Preparation and Review of Reports Required by UST Subtotal:** | | | | **28.7** | **$ 12,915.00** |
| **Activity Code: Fee/Employment Applications** | | | | | |
| Maria M. Yip, CPA, CFE, CIRA, CFF | Partner | $450 | * | 1.5 | $ 675.00 |
| **Fee/Employment Applications Subtotal:** | | | | **1.5** | **$ 675.00** |
| **Grand Total:** | | | | **30.2** | **$ 13,590.00** |

*Hourly rate of $600 has been reduced by agreement.

**EXHIBIT "3"**

Summary of Requested Reimbursement of Expenses
for this Time Period Only

| | | | |
|---|---|---|---|
| 1 | **Filing Fees** | | $ - |
| 2 | **Process Service Fees** | | $ - |
| 3 | **Witness Fees** | | $ - |
| 4 | **Court Reporter Fees and Transcripts** | | $ - |
| 5 | **Lien and Title Searches** | | $ - |
| 6 | **Photocopies** | | |
| | (a) In-house copies | ( 119 pages at 15¢/page ) | $ 17.85 |
| | (b) Outside copies Services | ( _____ ) | $ - |
| 7 | **Postage** | | $ - |
| 8 | **Overnight Delivery Charges** | | $ - |
| 9 | **Outside Courier/Messenger Service** | | $ - |
| 10 | **Long Distance Telephone Charges** | | $ - |
| 11 | **Long Distance Fax Transmissions** | ( ___ at 1$/page ) | $ - |
| 12 | **Computerized Research** | | $ - |
| | PACER | ($ - ) | |
| | Electronic Tax Processing Fee | ($ - ) | |
| 13 | **Out-of Southern-District-of-Florida Travel** | | $ - |
| | (a) Transportation | ($ - ) | |
| | (b) Lodging | ($ - ) | |
| | (c) Meals | ($ - ) | |
| 14 | **Other Permissible Expenses (must specify and justify)** | | $ - |
| | (a) | ($ - ) | |
| | (b) | ($ - ) | |
| | **TOTAL EXPENSE REIMBURSEMENT REQUESTED** | | $ 17.85 |

# EXHIBIT 4

Complete Time Records in Chronological Order by Activity Code

| Date | Name | Description | Hours | Rate | Fees |
|---|---|---|---|---|---|
| **Activity Code: Preparation and Review of Reports Required by UST** | | | | | |
| 04/17/24 | MMY | Prepared and attended the meeting of creditors. | 0.9 | $450 | $ 405.00 |
| 04/22/24 | MMY | Telephone conversation with R. Davis; email to S. Bomkamp re: 341 recordings and retention. | 0.8 | $450 | $ 360.00 |
| 04/23/24 | MMY | Telephone conversation with S. Bomkamp re: records and retention of professionals. | 0.2 | $450 | $ 90.00 |
| 04/26/24 | MMY | Conference call with the Debtor's principals, his counsel, and H. Levenberg (1.9); discussion with H. Levenberg re: background on case, case planning, and work to be performed (1.0). | 2.9 | $450 | $ 1,305.00 |
| 05/13/24 | MMY | Telephone conversation with R. Davis re: hearing and retainers (.1); attended hearing on retention of counsel and accountants. (.4); meeting with R. Davis and H. Levenberg re: next steps (.2); meeting with H. Levenberg re: bank account and tracing analysis to be performed (.2). | 0.9 | $450 | $ 405.00 |
| 05/21/24 | MMY | Meeting with H. Levenberg, creditor's committee members and counsel. | 1.6 | $450 | $ 720.00 |
| 06/10/24 | MMY | Meeting with J. Cohan, D. Hughes, B. Mickler and H. Levenberg re: background (1.5); prepared Examiner's Report, with H. Levenberg (1.0). | 2.5 | $450 | $ 1,125.00 |
| 06/11/24 | MMY | Continued to prepare Examiner's Report with H. Levenberg, including review of bank analysis and tracing diagrams. | 2.3 | $450 | $ 1,035.00 |
| 06/12/24 | MMY | Meeting with B. Stringer and H. Levenberg re: Genie background. | 1.5 | $450 | $ 675.00 |
| 06/13/24 | MMY | Meeting with H. Levenberg re: preparation of Examiner's Report, including review of exhibits. | 1.5 | $450 | $ 675.00 |
| 06/21/24 | MMY | Continued to prepare Examiner's Report with H. Levenberg, including review of proposed settlement with Velanos and loans to insider corporations. | 6.2 | $450 | $ 2,790.00 |
| 06/24/24 | MMY | Continued to prepare Examiner's Report with H. Levenberg. | 0.7 | $450 | $ 315.00 |
| 06/25/24 | MMY | Conference call with Debtor's principals, B. Mickler and H. Levenberg. | 0.9 | $450 | $ 405.00 |
| 06/28/24 | MMY | Finalized Examiner's Report with H. Levenberg. | 5.8 | $450 | $ 2,610.00 |
| | | **Preparation and Review of Reports Required by UST Subtotal:** | **28.7** | | **$ 12,915.00** |

**EXHIBIT 4**

Complete Time Records in Chronological Order by Activity Code

| Date | Name | Description | Hours | Rate | Fees |
|---|---|---|---|---|---|
| **Activity Code: Fee/Employment Applications** | | | | | |
| 07/17/24 | MMY | Prepared First and Final Fee Application. | 1.5 | $450 | $ 675.00 |
| | | **Fee/Employment Applications Subtotal:** | **1.5** | | **$ 675.00** |
| | | **Grand Total:** | **30.2** | | **$ 13,590.00** |