**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**
www.flsb.uscourts.gov

IN RE:

                                             CHAPTER 11

GENIE INVESTMENTS NV INC.

                                          CASE NO. 3:24-bk-00496-BAJ

    Debtor.

_____/

**SUMMARY OF FIRST AND FINAL FEE APPLICATION OF**
**HAL A. LEVENBERG, CIRA, CFE AND YIP ASSOCIATES, AS**
**FINANCIAL ADVISORS FOR  CHAPTER 11 EXAMINER MARIA M. YIP**

| | | | |
|---|---|---|---|
| 1. Name of Applicant: | Yip Associates | | |
| 2. Role of Applicant: | Financial Advisors to Chapter 11 Examiner | | |
| 3. Name of Certifying Professional: | Hal A. Levenberg, CIRA, CFE | | |
| 4. Date case filed: | February 21, 2024 [ECF No. 1] | | |
| 5. Date of Retention Order: | May 17, 2024 [ECF No. 97] | | |
| **IF INTERIM APPLICATION, COMPLETE 6, 7 AND 8 BELOW:** | | | |
| 6. Period for this Application: | April 26, 2024 through July 17, 2024 | | |
| 7. Amount of Compensation Sought: | | $ | N/A |
| 8. Amount of Expense Reimbursement Sought: | | $ | N/A |
| **IF FINAL APPLICATION, COMPLETE 9 AND 10 BELOW:** | | | |
| 9. Total Amount of Compensation Sought during case: | | $ | 32,589.50[1] |
| Blended Hourly Rate this Application: | | $ | 314.57 |
| 9a. Voluntary Fee Reduction in this Period: | | $ | 7,875.00 |
| 10. Total Amount of Expense Reimbursement Sought during case: | | $ | 174.70 |
| 11. Amount of Original Retainer(s) Please disclose both Fee Retainer and Cost Retainer if such a | | | |
| Retainer has been received: | | $ | 20,000.00 |
| 12. Current Balance of Retainer(s) remaining: | | $ | 20,000.00 |
| 13. Last monthly operating report filed (Month/Year and ECF No.): | | | April 2024 [ECF No. 106] |
| 14. If case is Chapter 11, current funds in the Chapter 11 estate: | | $ | 279,998.50 |
| 15. If case is Chapter 7, current funds held by Chapter 7 trustee: | | $ | N/A |

---

[1] The total amount sought excludes the voluntary fee reduction amount of $7,875.00.

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**
www.flsb.uscourts.gov

IN RE:

                                                CHAPTER 11

GENIE INVESTMENTS NV INC.

                                                CASE NO. 3:24-bk-00496-BAJ

    Debtor.

_____/

**FIRST AND FINAL FEE APPLICATION OF HAL A. LEVENBERG, CIRA, CFE**
**AND YIP ASSOCIATES, AS FINANCIAL ADVISORS**
**FOR CHAPTER 11 EXAMINER MARIA M. YIP**

        **Hal A. Levenberg, CIRA, CFE, and Yip Associates,** (the "**Applicant**" and/or

"**Yip Associates**"), financial advisors to Chapter 11 Examiner Maria M. Yip (the "**Examiner**"),

applies for first and final compensation of fees for services rendered and costs incurred in this

Chapter 11 proceeding for the period from April 26, 2024 through July 17, 2024 (the "**Application**

**Period**"). This application (the "**Application**") is filed pursuant to 11 U.S.C. §330 and

Bankruptcy Rule 2016 and meets all the requirements set forth in the Guidelines incorporated in

Local Rule 2016-1(B)(1). The exhibits attached to this Application, pursuant to the Guidelines,

are:

            **Exhibits "1" –** Fee Application Summary Chart.

            **Exhibit "2-A" and "2-B" –** Summary of Professional and Paraprofessional Time.

            **Exhibit "3" –** Summary of Requested Reimbursements of Expenses.

            **Exhibit "4"** – Complete time records, in chronological order, by activity code
category, for the time period covered by this Application. The requested fees are
itemized to the tenth of an hour.

The Applicant requests an award of fees for services rendered, as financial advisors to the Examiner, in the amount of $32,589.50 for 103.6 hours worked, plus costs of $174.70 as reimbursement for the actual and necessary expenses incurred by the Applicant during the Application Period, for a total of $32,764.20.  The Applicant has voluntarily agreed to not charge for 17.5 hours ($7,875.00) of time incurred assisting the Examiner in the preparation of the Examiner's Report.  The Applicant believes the requested fees are reasonable considering the twelve factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), made applicable to bankruptcy proceedings by *In re First Colonial Corp. of America*, 544 F.2d 1291 (5th Cir. 1977), as follows:

### RETENTION OF APPLICANT, DISCLOSURE OF COMPENSATION AND REQUESTED AWARD

1.     On February 21, 2024 (the "**Petition Date**"), Genie Investments NV Inc. (the "**Debtor**") filed a voluntary petition for relief under Chapter 11 of title 11, of the United State Bankruptcy Code with this Court (Doc. No. 1).

2.     This Court has jurisdiction over this Chapter 11 case and this Application pursuant to 28 U.S.C. §§ 1334 and 157(b), and venue is proper in this District pursuant to 28 U.S.C. § 1408. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

3.     On March 5, 2024, the United States Trustee filed an *Expedited Motion to Appoint Chapter 11 Trustee, or, in the Alternative, Appoint an Examiner, Dismiss the Case, or Convert the Case to Chapter 7* (the "**Motion**") (Doc. No. 20).

4.      On April 11, 2024, the Court entered an Order Granting in Part and Denying in Part the United States Trustee's Motion (the "**Order**") (Doc. No. 60).   The Order directed the appointment of an Examiner to investigate the following:

(i)     the connection, if any, between the Debtor or its affiliates, and McMann Commercial Lending ("**McMann**") or its affiliates;

(ii)    the alleged fraudulent agreement with Velanos;

(iii)   the connection and transfers between the Debtor and any affiliates or Debtor entities; and

(iv)    any transfers between the Debtor, including its directors, officers, insiders, or affiliates over the last two years (collectively, the "**Examiner's Charge**").

5.      The Order authorized the appointment of an examiner pursuant to 11 U.S.C. § 1104(c) and directed the Office of the United States Trustee to appoint a Chapter 11 Examiner in the Debtor's case in accordance with the provisions of 11 U.S.C. § 1104(c)(1), (c)(2).

6.      On April 16, 2024, the United States Trustee filed an Application for Approval of Chapter 11 Examiner (the "**Application**") (Doc. No. 65), selecting Maria M. Yip as the Examiner in this case, which was approved by the Court under the *Order Approving Selection of Chapter 11 Examiner*, dated April 17, 2024 (Doc. No. 68).

7.      On April 26, 2024, the Examiner filed an *Application for Authority to Retain Hal A. Levenberg, CIRA, CFE and Yip Associates as Financial Advisors for the Examiner* (Doc. No. 75) (the "**Employment Application**"), which was approved by this Court on May 17, 2024 pursuant to its *Order Approving Application for Authority to Retain Hal A. Levenberg, CIRA, CFE and  Yip Associates as Financial Advisors for the Examiner (Doc. No. 75)* (Doc. No. 96)*.

8.    On June 28, 2024, the Examiner filed her Examiner's Report ("**Report**") with this Court (Doc. No. 146).

9.    Since being retained the Applicant, at the direction of the Examiner, has: (i) assisted the Examiner in the requisite analysis of the Debtor's books and records; (ii) reconstructed the bank activity of the Debtor; (iii) assisted the Examiner in her investigation and with all tasks related to the Examiner's Charge; and (iv) assisted the Examiner in the writing and issuing of her Report.

10.    The Applicant submits this Application, pursuant to Section 328, 330, 331 and 503(b) of the Bankruptcy Code, Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and the Guidelines.

<u>**THE GENERAL NATURE OF THE SERVICES**</u>
<u>**RENDERED AND RESULTS OBTAINED**</u>

11.    The professional services rendered by the Applicant for which compensation is sought by way of this Application are summarized by category below in accordance with the mandatory guidelines, and the time detail is itemized by category in the attached exhibits.

**A.  <u>Preparation and Review of Reports Required by UST</u>**

12.    The work done in this category includes assisting the Examiner in fulfilling her duties related to the Examiner's Charge as well as assisting her in the preparation and issuance of her Report.

13.    The Applicant attended three interviews of the Debtor's principals conducted by the Examiner to better understand the background and operations of the Debtor.

14.     Specific to each of the tasks related to the Examiner's Charge, the Applicant reviewed the records described below:

The Connection Between the Debtor or its Affiliates, and McMann Commercial Lending or its

Affiliates ("McMann Investigation")

15.     As part of the McMann Investigation, the Applicant reviewed the following:

(i)     loan agreements between McMann and the Debtor;

(ii)     communications between McMann and the Debtor;

(iii)     transfers and payments between McMann and the Debtor;

(iv)     communications between McMann and their customers;

(v)     communications between McMann's customers and the Debtor;

The Alleged Fraudulent Agreement with Velanos

16.     Specific to the Debtor's Alleged Fraudulent Agreement with Velanos, the Applicant reviewed the following:

(i)     joint venture agreement between the Debtor and Velanos, including the first and second amendment of the joint venture agreement;

(ii)     deposition of Joshua Wearmouth ("Wearmouth") and exhibits;

(iii)     communications between Wearmouth and the Debtor's principals;

(iv)     transfers between Velanos and the Debtor;

(v)     the proposed settlement between Velanos and the Debtor;

(vi)     available public records related to Velanos and Wearmouth; and

(vii)     bank records of the Debtor in relation to the source of funds for the multiple payments to Velanos.

<u>The Connection and Transfers Between the Debtor and Any Affiliates or Debtor Entities</u>

<u>and Transfers Between the Debtor, Including its Directors, Officers, Insiders, or Affiliates Over</u>

<u>the Last Two Years</u>

17.     The Applicant reviewed the Debtor's financial records for the four years prior to the bankruptcy filing.  As part of the investigation, the Applicant analyzed the following:

     (i)     five bank accounts held in the name of the Debtor;

     (ii)    three bank accounts held in the name of related businesses of the Debtor based on common ownership;

     (iii)   one brokerage account held in the name of the Debtor;

     (iv)    one loan account held in the name of the Debtor; and

     (v)     multiple QuickBooks reports provided by the Debtor's principals, including the general ledger.

18.     As part of this analysis, the Applicant traced approximately $50 million into and out of the Debtor's accounts.  Of specific import was the tracing of customer deposits and the ultimate utilization of those funds.

19.     The Applicant also reviewed loan agreements for six businesses that were owned by the Debtor's principals that received loans from the Debtor.  The Applicant traced the source of funds for those loans and whether there were any repayments of the loans to the Debtor. Additionally, the Applicant calculated the timing that the loans and receivables listed by the Debtor in their Statement of Financial Affairs would become due.

20.     Yip Associates spent a total of 98.5 hours (including 17.5 hours that are reflected on the Applicants time records (Exhibit "4") at no charge), and incurred a total of $31,263.50 in professional fees for work performed in the categories of Preparation and Review of Reports Required by UST, during the Application Period.

### B. Fee/Employment Applications

21.     The work done in this category includes the preparation of the Applicant's employment application and this fee application.

22.     Yip Associates spent a total of 5.1 hours and incurred a total of $1,326.00 in professional fees for work performed in the categories of Fee/Employment Applications, during the Application Period.

### THE TIME AND LABOR REQUIRED:

23.     The transcribed time records annexed hereto as Exhibit "4" show that professionals and staff of Yip Associates have devoted no less than 103.6[2] hours of time providing services to the Examiner during the period from April 26, 2024 through July 17, 2024.

### THE NOVELTY AND DIFFICULTY OF
### THE SERVICES RENDERED:

24.     The matters arising in providing accounting services to the Examiner to date were neither novel nor difficult.

### THE SKILL REQUISITE TO PERFORM
### THE SERVICES PROPERLY:

25.     In order to perform the services enumerated herein properly, substantive knowledge and skill of accounting techniques, tax preparation, and its application in a bankruptcy context was required.

### THE PRECLUSION OF OTHER EMPLOYMENT BY THE
### PROFESSIONAL DUE TO THE ACCEPTANCE OF THE CASE:

26.     Yip Associates is aware of no other specific employment that was precluded due to acceptance of this case.  However, the efforts of Yip Associates were devoted to this case and Yip

---

[2] Represents total hours worked, including 17.5 hours that are reflected on the Applicants time records (Exhibit "4") at no charge.

Associates was unable to devote that time to other matters, therein preventing Yip Associates from billing and collecting fees in other cases.

## THE CUSTOMARY FEE:

27.    The rates charged by Yip Associates as set forth in Exhibit "4" are customary for accountants within the Southern and Middle District of Florida of similar skill and reputation.

28.    For services of the type rendered herein where those services were performed for a private client, Yip Associates would charge a reasonable fee for services rendered, on an hourly rate or fixed fee basis.  The fee requested by Yip Associates is comparable to those fees which would be charged to a private client for similar services rendered by Yip Associates.  The fees requested are entirely reasonable.

## WHETHER THE FEE IS FIXED OR CONTINGENT:

29.    The rates charged by the participating accountants and staff were hourly rates, and the rates are well within the range charged by financial advisors in the Southern and Middle District of Florida of similar skill and reputation in the field of forensic accounting.

## TIME LIMITATIONS IMPOSED BY THE
## CLIENT OR OTHER CIRCUMSTANCES:

30.    No specific time limitations were imposed by the Examiner; however, Yip Associates made all efforts to act quickly in conducting the forensic examination for the Examiner.

## THE EXPERIENCE, REPUTATION AND
## ABILITY OF THE PROFESSIONAL:

31.    Yip Associates is an established consulting firm having substantial experience in the examination and analysis of accounting records and application of forensic techniques in the context of bankruptcy. Hal A. Levenberg, CIRA, CFE, has more than fifteen (15) years of accounting experience and is a Certified Insolvency and Restructuring Advisor ("CIRA") and a Certified Fraud Examiner ("CFE").

## THE UNDESIRABILITY OF THE CASE:

32.     Yip Associates did not and does not find it undesirable to represent the Examiner.

## THE NATURE AND LENGTH OF THE PROFESSIONAL
## RELATIONSHIP OF THE CLIENT:

33.     Yip Associates has previously worked for the Examiner and has not previously worked for the Debtor.

## AWARDS IN SIMILAR CASES:

34.     The amount requested by Yip Associates is not unreasonable in terms of awards in cases of like magnitude and complexity.  The fees required by Yip Associates comport with the mandate of the Code, which directs that services be evaluated in the light of comparable services performed in bankruptcy cases in the community.  Yip Associates respectfully prays that this Court take notice that Yip Associates occupies professional offices, maintains sophisticated office equipment, and a staff of professional and administrative personnel.  Consequently, a substantial portion of such hourly fee as may be awarded to Yip Associates will merely defray the overhead and expenses already incurred and paid in cash during the pendency of this proceeding.

**[Intentionally Left Blank]**

**WHEREFORE**, the Applicant seeks a final award for fees in the amount of $32,589.50, plus expenses of $174.70, for a total of $32,764.20, and granting such other relief as the Court may deem just and proper. The Applicant respectfully requests that the Court enter an order allowing the Applicant to apply the retainer of $20,000 to the final fees and expenses awarded.


Date:  <u>July 18, 2024</u>          By:  _____

                                         **Hal A. Levenberg, CIRA, CFE**
                                         Financial Advisors to Examiner
                                         YIP ASSOCIATES
                                         One Biscayne Tower
                                         2 S. Biscayne Blvd., Suite 2690
                                         Miami, Florida 33131
                                         T: (305) 787-3753 F: 1(888) 632-2672
                                         Email: HLevenberg@yipcpa.com

## <u>CERTIFICATION</u>

1.      I have been designated by **Yip Associates** (the **"Applicant"**) as the professional with responsibility in this case for compliance with the "Guidelines for Fee Applications for Professionals in the Southern District of Florida in Bankruptcy Cases" (the "**Guidelines**").

2.      I have read the Yip Associates' application for compensation and reimbursement of expenses (the "**Application**"). The application complies with the Guidelines, and the fees and expenses sought fall within the Guidelines, except as specifically noted in this certification and described in the application.

3.      The fees and expenses sought are billed at rates and in accordance with practices customarily employed by Yip Associates and generally accepted by Yip Associates' clients.

4.      In seeking reimbursement for the expenditures described on Exhibit 3, Yip Associates is seeking reimbursement only for the actual expenditure and has not marked-up the actual cost to provide a profit or to recover the amortized cost of investment in staff time or equipment or capital outlay (except to the extent that Yip Associates has elected to charge for in-house photocopies and outgoing facsimile transmissions at the maximum rates permitted by the Guidelines).

5.      In seeking reimbursement for any service provided by a third party, Yip Associates is seeking reimbursement only for the amount actually paid by the Yip Associates to the third party.

6.      There are no variances with the provisions of the Guidelines.

Date:  <u>July 18, 2024</u>          By:   _____
                                            **Hal A. Levenberg, CIRA, CFE**
                                            Financial Advisors to Examiner
                                            YIP ASSOCIATES
                                            One Biscayne Tower
                                            2 S. Biscayne Blvd., Suite 2690
                                            Miami, Florida 33131
                                            T: (305) 787-3753 F: 1(888) 632-2672
                                            Email: HLevenberg@yipcpa.com

**EXHIBIT"1"**

Fee Application Summary Chart

| | REQUEST | | | | APPROVAL | | | | PAID | | HOLDBACK | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Date Filed | ECF # | Period Covered | Fees Requested | Expenses Requested | Date order Entered | ECF # | Fees Approved | Expenses Approved | Fees Paid | Expenses Paid | Fees Holdback | Expenses Holdback |
| *TBD* | *TBD* | 04/26/24 - 07/17/24 | $ 32,589.50 | $ 174.70 | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| | | | | | | | | | | | | |
| **TOTALS** | | | **$ 32,589.50** | **$ 174.70** | | | $ - | $ - | $ - | $ - | $ - | $ - |

**EXHIBIT "2-A"**

<u>Summary of Professional and Paraprofessional Time Total per Individual for this Period Only</u>

| Professional | Position | Year Licensed | Hours | Rate | Fees |
|---|---|---|---|---|---|
| Hal A. Levenberg, CIRA, CFE | Partner | | 45.0 | $450 | $ 20,250.00 |
| Hal A. Levenberg, CIRA, CFE | Partner | | 17.5 | $450 | No Charge |
| Christopher M. Vatti | Manager | | 24.6 | $345 | $  8,487.00 |
| Kayla N. Richard | Associate | | 8.5 | $245 | $  2,082.50 |
| Sangeeth T. John | Associate | | 4.2 | $245 | $  1,029.00 |
| Pamela Chuy | Paraprofessional | | 3.8 | $195 | $     741.00 |
| **Blended Average Hourly Rate** | | | | **$314.57** | |
| **Total Fees:** | | | **103.6** | | **$ 32,589.50** |

**EXHIBIT "2-B"**

Summary of Professional and Paraprofessional Time By Activity Code
for this Time Period Only

| Professional | Position | Rate | Hours | Fees |
|---|---|---|---|---|
| **Activity Code: Preparation and Review of Reports Required by UST** | | | | |
| Hal A. Levenberg, CIRA, CFE | Partner | $450 | 43.7 | $ 19,665.00 |
| Hal A. Levenberg, CIRA, CFE | Partner | $450 | 17.5 | No Charge |
| Christopher M. Vatti | Manager | $345 | 24.6 | $ 8,487.00 |
| Kayla N. Richard | Associate | $245 | 8.5 | $ 2,082.50 |
| Sangeeth T. John | Associate | $245 | 4.2 | $ 1,029.00 |
| **Preparation and Review of Reports Required by UST Subtotal:** | | | **98.5** | **$ 31,263.50** |
| **Activity Code: Fee/Employment Applications** | | | | |
| Hal A. Levenberg, CIRA, CFE | Partner | $450 | 1.3 | $ 585.00 |
| Pamela Chuy | Paraprofessional | $195 | 3.8 | $ 741.00 |
| **Fee/Employment Applications Subtotal:** | | | **5.1** | **$ 1,326.00** |
| **Grand Total:** | | | **103.6** | **$ 32,589.50** |

**EXHIBIT "3"**

<u>Summary of Requested Reimbursement of Expenses
for this Time Period Only</u>

| | | | | |
|---|---|---|---|---|
| 1 | **Filing Fees** | | $ | - |
| 2 | **Process Service Fees** | | $ | - |
| 3 | **Witness Fees** | | $ | - |
| 4 | **Court Reporter Fees and Transcripts** | | $ | - |
| 5 | **Lien and Title Searches** | | $ | - |
| 6 | **Photocopies** | | | |
| | **(a)   In-house copies** | ( 574 pages at 15¢/page ) | $ | 86.10 |
| | **(b)   Outside copies Services** | ( _____ ) | $ | - |
| 7 | **Postage** | | $ | - |
| 8 | **Overnight Delivery Charges** | | $ | - |
| 9 | **Outside Courier/Messenger Service** | | $ | - |
| 10 | **Long Distance Telephone Charges** | | $ | - |
| 11 | **Long Distance Fax Transmissions** | ( at 1$/page ) | $ | - |
| 12 | **Computerized Research** | | $ | 88.60 |
| | PACER | ($ 88.60 ) | | |
| | Electronic Tax Processing Fee | ($ - ) | | |
| 13 | **Out-of Southern-District-of-Florida Travel** | | $ | - |
| | (a)   Transportation | ($ - ) | | |
| | (b)   Lodging | ($ - ) | | |
| | (c)   Meals | ($ - ) | | |
| 14 | **Other Permissible Expenses (must specify and justify)** | | $ | - |
| | (a) | ($ - ) | | |
| | (b) | ($ - ) | | |

**TOTAL EXPENSE REIMBURSEMENT REQUESTED**                    $  174.70

**EXHIBIT 4**

Complete Time Records in Chronological Order by Activity Code

| Date | Name | Description | Hours | Rate | Fees |
|------|------|-------------|-------|------|------|
| **Activity Code: Preparation and Review of Reports Required by UST** | | | | | |
| 04/26/2024 | HAL | Meeting with Examiner re: case background, case planning and work to be performed (1.0); conference call with the Examiner, Debtor's principals, and Debtor's counsel (1.9). | 2.9 | $450 | $ 1,305.00 |
| 05/13/2024 | HAL | Attended hearing on retention (.4); meeting with R. Davis and Examiner re: next steps (.2); meeting with Examiner re: bank account analysis and tracing analysis to be performed (.2). | 0.8 | $450 | $ 360.00 |
| 05/15/2024 | HAL | Reviewed bank analysis prepared to date (.4); discussion with CMV re: processing of bank records through CFIS (.4). | 0.8 | $450 | $ 360.00 |
| 05/15/2024 | CMV | Reviewed documents produced by the Debtor (.6); updated bank matrix (1.2); began processing bank accounts in CFIS (2.7); discussion with HAL re: same (.4). | 4.9 | $345 | $ 1,690.50 |
| 05/16/2024 | HAL | Discussion with KNR re: work to be performed and analysis to be performed. | 0.5 | $450 | $ 225.00 |
| 05/16/2024 | KNR | Prepared bank analysis (2.9); discussion with HAL re: work to be performed (.5). | 3.4 | $245 | $ 833.00 |
| 05/17/2024 | KNR | Analyzed Genie Investments NV bank account ending x8502 at Chase (2.6); analyzed Genie Investments NV bank account ending x9701 at Chase and Genie Investments LLC bank accounts held at TD Bank (1.1). | 3.7 | $245 | $ 906.50 |
| 05/21/2024 | HAL | Meeting with Examiner and creditors committee (1.6); traced customer funds through Debtor account at JPMorgan Chase ending x8502 (.6). | 2.2 | $450 | $ 990.00 |
| 05/21/2024 | KNR | Analyzed Genie Investments NV bank account ending x2222 at Chase. | 1.4 | $245 | $ 343.00 |
| 05/22/2024 | HAL | Reviewed April 3, 2024 341 audio - part 1 (.2); reviewed April 3, 2024 341 audio - part 2 (1.1); researched available public records for the Genie entities and related businesses (.6). | 1.9 | $450 | $ 855.00 |

**EXHIBIT 4**

<u>Complete Time Records in Chronological Order by Activity Code</u>

| Date | Name | Description | Hours | Rate | Fees |
|------|------|-------------|-------|------|------|
| 05/23/2024 | HAL | Reviewed petition, schedules, statement of financial affairs, and amended statement of financial affairs (1.2); reviewed monthly operating reports filed (.9). | 2.1 | $450 | $   945.00 |
| 05/24/2024 | HAL | Traced activity of the Debtor's Morgan Stanley accounts brokerage account (1.6); reviewed April 17 341 audio (.6). | 2.2 | $450 | $   990.00 |
| 05/28/2024 | HAL | Reviewed deposition of J. Wearmouth (.8); reviewed joint venture agreement between Velanos and Genie and the First and Second Amendment to the Joint Venture Agreements (1.1); reviewed correspondence between Wearmouth and the Debtor (.4); reviewed arbitration filings between Genie and Velanos (1.4). | 3.7 | $450 | $ 1,665.00 |
| 05/30/2024 | HAL | Researched court filings and available public records for Wearmouth and SSO Capital (.9); researched formation and incorporation information for the Genie related businesses (1.1); reviewed judgment and complaint against Wearmouth and SSO Capital (.4). | 2.4 | $450 | $ 1,080.00 |
| 06/04/2024 | HAL | Traced activity and funds in the Genie Line of Credit account. | 1.8 | $450 | $   810.00 |
| 06/04/2024 | CMV | Prepared tracing diagrams for Velanos transactions. | 0.8 | $345 | $   276.00 |
| 06/05/2024 | HAL | Traced customer deposits in the Genie II TD Bank account (1.2); reviewed March 27, 2024, 341 transcript (.9); reviewed BELOC agreement (.7); discussion with CMV re: exhibits needed (.3). | 3.1 | $450 | $ 1,395.00 |
| 06/05/2024 | CMV | Discussions with HAL re: exhibits and report (.3); updated exhibits and report tables (1.6). | 1.9 | $345 | $   655.50 |
| 06/06/2024 | HAL | Prepared listing of questions for upcoming interview of the Debtor (.8); reviewed Due Diligence Agreement and Bridge Loan Agreement (1.1); reviewed available public records for McMann Commercial Lending, W. Trock, and W. Byrd (.7); analyzed the Debtor's bank records for funding sources for loans from lender capital partners (1.3). | 3.9 | $450 | $ 1,755.00 |

**EXHIBIT 4**

Complete Time Records in Chronological Order by Activity Code

| Date | Name | Description | Hours | Rate | Fees |
|---|---|---|---|---|---|
| 06/06/2024 | CMV | Prepared summary of sources and uses of funds exhibits for Genie NV (1.2); prepared tables of payments to Capitulum, Zoomeral, and Cald (1.6); analyzed payments to Genie NV for ICA deposits, bridge interest, and due diligence fees (1.8). | 4.6 | $345 | $ 1,587.00 |
| 06/07/2024 | HAL | Prepared additional questions for upcoming interview with the Debtor principals (.3); prepared listing of third parties who received funds from the Debtor to inquire from the Debtor principals (.8); reviewed communications between the Debtor and Velanos re: repayment of investment (.7). | 1.8 | $450 | $ 810.00 |
| 06/10/2024 | HAL | Meeting with Examiner to prepare Examiner's Report (Actual Time = 1.0 - No Charge). | 1.0 | $450 | No Charge |
| 06/10/2024 | HAL | Meeting with D. Hughes and J. Cohan and Debtor's counsel re: additional questions and inquiries (1.5); reviewed loan agreements with Zoomeral, Cald, and Capitulum (1.1). | 2.6 | $450 | $ 1,170.00 |
| 06/10/2024 | CMV | Prepared tables of payments to McMann, S. Oh and payments to law firms (1.8); reviewed proposed settlement and prepared table of payment terms of proposed settlement with Velanos (.7); prepared table of payments to related parties including Better Methods and Michael Connor Esq. accounts (1.3). | 3.8 | $345 | $ 1,311.00 |
| 06/11/2024 | HAL | Meeting with Examiner to review Examiner's Report (Actual Time = 2.3 - No Charge). | 2.3 | $450 | No Charge |
| 06/11/2024 | HAL | Reviewed loan agreements for Genie II, Genie's Angels, and Better Methods (1.1); discussion with CMV re: analysis of income/revenue by service for the Debtor (.5). | 1.6 | $450 | $ 720.00 |
| 06/11/2024 | CMV | Analyzed general ledger to quantify revenue categories (3.1); prepared schedules re: same (1.2); discussion with HAL re: same (.5). | 4.8 | $345 | $ 1,656.00 |
| 06/12/2024 | HAL | Meeting with Examiner, E. Fitzgerald, and creditor. | 1.5 | $450 | $ 675.00 |

**EXHIBIT 4**

<u>Complete Time Records in Chronological Order by Activity Code</u>

| Date | Name | Description | Hours | Rate | Fees |
|------|------|-------------|-------|------|------|
| 06/12/2024 | CMV | Reviewed "Principal Due" Schedule and prepared analysis re: same (1.2); analyzed termination refunds in general ledger and Debtor's bank records (1.4); prepared table of termination refunds (.3). | 2.9 | $345 | $ 1,000.50 |
| 06/13/2024 | HAL | Continued preparation of Examiner's Report with Examiner (Actual Time = 1.5 - No Charge). | 1.5 | $450 | No Charge |
| 06/17/2024 | HAL | Analyzed flow of funds for Genie II bank account (1.8); analyzed Genie NV account at Wells Fargo Bank (.9). | 2.7 | $450 | $ 1,215.00 |
| 06/17/2024 | CMV | Prepared exhibits to the Examiner's Report with customer unique identifier. | 0.9 | $345 | $ 310.50 |
| 06/18/2024 | HAL | Discussion with STJ re: review of claims filed in the case and analysis of Morgan Stanley interest earned. | 1.0 | $450 | $ 450.00 |
| 06/18/2024 | STJ | Analyzed Morgan Stanley A/C #2290 statements for monthly interest earned (.8); analyzed loan transactions for Genie Line of Credit (.8); discussion with HAL re: review of claims filed in the case and Morgan Stanley analysis (1.0). | 2.6 | $245 | $ 637.00 |
| 06/20/2024 | STJ | Analyzed claims filed in the case and prepared schedule re: same. | 1.6 | $245 | $ 392.00 |
| 06/21/2024 | HAL | Continued to prepare Examiner's Report with Examiner, including review of proposed settlement with Velanos and loans to insider corporations (Actual Time = 6.2 - No Charge). | 6.2 | $450 | No Charge |
| 06/21/2024 | HAL | Reviewed payments to the Warren Law Group and Scott Oh (.6); communication with R. Davis re: same (.3). | 0.9 | $450 | $ 405.00 |
| 06/24/2024 | HAL | Reviewed report with Examiner (Actual Time = .7 - No Charge). | 0.7 | $450 | No Charge |
| 06/25/2024 | HAL | Conference call with the Examiner, the Debtor's principals, and Debtor's counsel (.9); reviewed Nordic Trust Agreement and account documents (.4); reviewed the Debtor's tax returns (.4); reviewed communications and documents produced by the Warren Law Group (.4). | 2.1 | $450 | $ 945.00 |

**EXHIBIT 4**

Complete Time Records in Chronological Order by Activity Code

| Date | Name | Description | Hours | Rate | Fees |
|------|------|-------------|-------|------|------|
| 06/27/2024 | HAL | Reviewed the BELOC agreements for customer Yumi and Plutus Financial. | 0.8 | $450 | $ 360.00 |
| 06/28/2024 | HAL | Meeting with Examiner to finalize the report (Actual Time = 5.8 - No Charge). | 5.8 | $450 | No Charge |
| 07/05/2024 | HAL | Prepared ShareFile for the transfer of records (.2); discussion with R. Davis re: same (.2). | 0.4 | $450 | $ 180.00 |
| **Preparation and Review of Reports Required by UST Subtotal:** | | | **98.5** | | **$ 31,263.50** |
| **Activity Code: Fee/Employment Applications** | | | | | |
| 04/26/24 | HAL | Reviewed retention pleadings to employ financial advisor to Examiner. | 0.3 | $450 | $ 135.00 |
| 04/26/24 | PC | Prepared retention pleadings to employ financial advisor to Examiner. | 1.3 | $195 | $ 253.50 |
| 07/09/24 | PC | Prepared First and Final Fee Application. | 2.5 | $195 | $ 487.50 |
| 07/10/24 | HAL | Partner Reviewed First and Final Fee Application. | 1.0 | $450 | $ 450.00 |
| **Fee/Employment Applications Subtotal:** | | | **5.1** | | **$ 1,326.00** |
| **Grand Total:** | | | **103.6** | | **$ 32,589.50** |