**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

IN RE: GENIE INVESTMENTS NV, INC.

CASE NO.: 3:24-bk-00496-BAJ

    Debtor (s).

_____/

**APPLICATION TO EMPLOY ATTORNEY AS SPECIAL COUNSEL FOR DEBTOR**

> # NOTICE OF OPPORTUNITY TO
> # OBJECT AND REQUEST FOR HEARING
>
> If you object to the relief requested in this paper you must file a response with the Clerk of Court at Clerk of the Court at 300 N. Hogan St., Ste. 3-150, Jacksonville, FL 32202 within 14 days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.
>
> If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.
>
> You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.

TO: The Honorable JASON A. BURGESS, Bankruptcy Judge

    Upon this Application, the above captioned Debtor respectfully represents:

1. On February 21, 2024, the applicant filed a petition for reorganization under Chapter 11 of the Bankruptcy Code.

2. Applicant wishes to employ SHILOH A. PARKER as an attorney duly qualified to practice in the State of California and before various Federal District Courts as admitted. See attached Exhibit 1 as Affidavit in Support of this Application.

3. The applicant has been involved in various pending lawsuits filed in Federal Cases as disclosed in the Debtor's Statement of Financial Affairs and the attached affidavit.

4. The professional services which this attorney is to render include legal pleadings, conferences, trial work and other advice to assist the Chapter 11 attorney and the applicant in the above proceedings and this case. Compensation is to be a payment of initial deposit of $2,500.00 with a payment of $340.00 per hour to the attorney for work on behalf of the Applicant. See attached Exhibit 2. The post-petition payment by the Debtor to this attorney is being made by a third-party corporation by the name of Better Methods.

5. Applicants wish to employ this attorney due to the extensive post-petition work on behalf of the Debtor in the various pending lawsuits filed in Federal Cases that the Debtor anticipates will be required.

6. To the best of the applicants' knowledge, this attorney has no interest adverse to the applicant or the estate in any of the matters upon which the attorney is to be engaged and the employment of the attorney would be in the best interest of this estate.

7. The attorney has never previously represented any relatives and/or business of the Applicants to create a conflict of representation. Prior to the petition the applicant was being paid by Better Methods but undertook no representation on behalf of that entity.

[INTENTIONALLY LEFT BLANK]

WHEREFORE, applicant prays that it be authorized to employ SHILOH A. PARKER as the special counsel for the debtor in this case and that said attorney be awarded compensation as is fit and proper upon further application to this Court from the property of this estate and/or as a part of any plan eventually to be submitted for confirmation.

        Law Offices of Mickler & Mickler, LLP

        By:_/s/ Bryan K. Mickler_____
           Bryan K. Mickler
        Florida Bar No. 091790
        Attorney for the Debtor(s)
        5452 Arlington Expressway
        Jacksonville, FL 32211
        (904) 725-0822 / (904) 725-0855 FAX
        court@planlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy hereof was furnished to Assistant U.S. Trustee, 400 W. Washington St., Suite 1100, Orlando, Florida 32801 and to all interested parties, by CM/ECF and/or U. S. Mail postage prepaid, this __24th__ day of July, 2024.

        By: /s/ Bryan K. Mickler_____
           Attorney

**SHILOH A. PARKER, ESQ.**
3130 BALFOUR RD, SUITE D519, BRENTWOOD, CA 94513
WWW.THESABFIRM.COM
PHONE 424-303-9214

## RETAINER AGREEMENT

**SHILOH ANGEL PARKER** ("Attorney") and **GENIE INVESTMENTS NV, INC.** ("Client") hereby agree that Attorney will provide legal services to the Client on the terms set forth below.

1. CONDITIONS

This Agreement will not take effect, and Attorney will have no obligation to provide legal services, until: (a) Client returns a signed copy of this Agreement and (b) Attorney acknowledges acceptance of representation by counter-signing this Agreement and returning a fully executed copy to Client.

Upon satisfaction of these conditions, this Agreement will be deemed to take effect as of the date Attorney and Client signed below.

2. SCOPE OF SERVICES AND ATTORNEY'S DUTIES

The Client hires the Attorney to provide In-House Counsel services in the following matter for all and/or any matters that Client has pending.

The Client understands that Attorney may seek the assistance of or consult with other attorneys and/or public interest/community/nonprofit organizations pursuant to the representation, but Attorney may only do so after obtaining informed consent from the Client.

3. CLIENT'S DUTIES

The Client agrees to be truthful with Attorney and not to withhold information. Further, Client agrees to cooperate, keep Attorney informed of any information or developments that may come to Client's attention, abide by this Agreement, pay Attorney's bills on time, and keep Attorney advised of Client's address, telephone number, and whereabouts. The Client will assist Attorney by timely providing necessary information and documents. The Client agrees to cooperate fully with the Attorney in all matters related to preparing and presenting the Client's claims.

4. LEGAL FEES

The hourly rate negotiated by the parties is $340.00 an hour. Attorney will invoice client weekly, and payment will be paid within three (3) days of receiving the invoice.

5. NEGOTIABILITY OF LEGAL FEES

Page 1

GI_____ (Client initials here) _____ (Attorney initials here)

**SHILOH A. PARKER, ESQ.**
3130 BALFOUR RD, SUITE D519, BRENTWOOD, CA 94513
WWW.THESABFIRM.COM
PHONE 424-303-9214

The Client understands that the rates set forth above are not set by law but are negotiable between Attorney and Client.

6. COSTS AND LITIGATION EXPENSES/OTHER ATTORNEY'S FEES

The Attorney may incur various costs and expenses in performing legal services under this Agreement. Client agrees to pay for all costs, disbursements and expenses paid or owed by Client in connection with this agreement, or which have been advanced by Attorney on Client's behalf and have not been previously paid or reimbursed to Attorney.

7. DEPOSIT

The parties will agree on the amount of a deposit and/or retainer.

8. BILLS FOR COSTS AND EXPENSES

A detailed invoice of all costs and expenses will be presented to the client prior to its deduction from the final settlement award prior to the partition of the attorney's contingency fee.

9. CLIENT APPROVAL NECESSARY FOR SETTLEMENT

The Attorney will not make any settlement or compromise of any nature of any of the Client's claims without the Client's prior approval. The Client retains the absolute right to accept or reject any settlement.

10. LIEN

The Attorney has a lien on any and all claims that are the subject of the Attorney's representation under this Agreement. Attorney's lien will be for any sums owing to the Attorney for any unpaid costs and expenses at the conclusion of the Attorney's services. The lien will attach to any recovery Client may obtain, whether by an arbitration award, judgment, settlement, or otherwise. An effect of such a lien is that Attorney may be able to compel payment of fees and costs from any such funds recovered on behalf of the Client even if the Attorney has been discharged before the end of the case. If the Attorney withdraws from representing the Client without cause, the Attorney will not be entitled to any lien for fees. The lien will exist and attach to any recovery only for costs already advanced by Attorney pursuant to Paragraph 6 and reasonable attorney fees.

In the event of Attorney's discharge, or withdrawal with justifiable cause, as provided in Paragraph 13, Client agrees that, upon payment of the settlement, arbitration award, or judgment in Client's favor in this matter, Attorney will be entitled to be paid by Client a reasonable fee for the legal services provided. Such fee will be determined by considering the following factors:

GI_____ (Client initials here) \_\_\_\_*SB*\_\_\_\_ (Attorney initials here)

Page 2

# SHILOH A. PARKER, ESQ.
3130 BALFOUR RD, SUITE D519, BRENTWOOD, CA 94513
WWW.THESABFIRM.COM
PHONE 424-303-9214

(1) The time and labor performed; and
(2) Any additional fee by informed consent of Client.

Because a lien may affect the Client's property rights, the Client may seek the advice of an independent lawyer of the Client's choosing before agreeing to such a lien. By initialing this paragraph, Client represents and agrees that Client has had a reasonable opportunity to consult such an independent lawyer and—whether or not Client has chosen to consult such an independent lawyer—Client agrees that Attorney will have a lien as specified above.

  GI        (Client initials here) _____(Attorney initials here)

## 11. PROFESSIONAL LIABILITY INSURANCE DISCLOSURE

Under California Rules of Professional Conduct 3-410, the attorney informs the client in writing that the attorney does not have professional liability insurance.

## 12. NO TAX ADVICE

The Attorney has not been retained to provide the Client with any tax advice concerning any of the services described in paragraph 2. Any documents prepared by Attorney may have specific tax ramifications. To ensure the Client understands and is certain of all the potential tax consequences, the Client should consult with tax advisors regarding these matters.

## 13. DISCHARGE AND WITHDRAWAL

The Client may discharge the Attorney at any time. An attorney may withdraw with the Client's consent or for good cause or if permitted under the Rules of Professional Conduct of the State Bar of California and/or applicable law. Among the circumstances under which Attorney may withdraw are: (a) with the consent of the Client; (b) Client's conduct renders it unreasonably difficult for the Attorney to carry out the employment effectively; and/or (c) Client fails to pay costs and expenses including those incurred by the Attorney as required by this Agreement.

Notwithstanding the discharge and provided there is a recovery, the Client will remain obligated to reimburse the Attorney for all costs advanced. Notwithstanding the Client's notice of discharge, and without regard to the reasons for the withdrawal or discharge, the Client will remain obligated to pay the Attorney for all costs and expenses incurred prior to the termination and, if Client obtains any net recovery after the conclusion of Attorney's services, Client remains obligated to pay Attorney for the reasonable value of all services rendered from the effective date of this Agreement to the date of discharge. In the event Attorney voluntarily withdraws from representing Client without cause, Attorney waives, and will not be entitled to be paid, any fees by Client but will be entitled to be reimbursed for any costs and expenses already advanced by Attorney.

Page 3



GI        (Client initials here) _____ (Attorney initials here)

S H I L O H  A.  P A R K E R,  E S Q .
3130 BALFOUR RD, SUITE D519, BRENTWOOD, CA 94513
WWW.THESABFIRM.COM
PHONE 424-303-9214

14. CONCLUSION OF SERVICES

The legal service concludes when the Attorney obtains a settlement for the Client or when it becomes clear to the Attorney that a settlement is unattainable. When Attorney's services conclude, whether by completing the services covered by this Agreement or by discharge or withdrawal, all unpaid charges for costs and expenses will be due and payable immediately. The Attorney will grant access to the Client's case files to the Client within a reasonable time of the Client's request. At the end of the engagement, the Client may request the return of the Client's case file.

If Client has not requested the return of Client's file, and to the extent, Attorney has not otherwise delivered it or disposed of it consistent with Client's directions, Attorney will retain the case file for a period of **2 years** or as reasonably necessary based on the specific circumstance of the Client's case, after which Attorney is authorized by this agreement to have the case file destroyed. If Client would like Attorney to maintain Client's case file for more than **2 years** after the conclusion of Attorney's services for Client on a given matter have concluded, a separate written agreement must be made between Attorney and Client, which may provide for Client to bear the cost of maintaining the file.

At the Client's request, the Attorney may transfer the Client's case file to another lawyer or third party/ies. The Attorney is authorized to retain copies of the case file at Attorney's expense. The case file includes Client papers and property as defined in Rule 3-700(D)(1) of the California Rules of Professional Conduct.

15. RECEIPT OF PROCEEDS

All proceeds of the Client's case will be deposited into Attorney's trust account for disbursement in accordance with the provisions of this Agreement. In the event of a settlement, Attorney and Client may agree to a more convenient distribution of the Client's award and the Attorney's legal fees pursuant to this Agreement.

In the event that the Client changes his address and cannot be contacted after reasonable attempts, the Client grants to attorneys a specific Power of Attorney to settle the Client's claim. and Attorneys shall retain a copy of the settlement draft and shall maintain the Client's share of proceeds in the attorneys' trust account on the Client's behalf.

16. DISCLAIMER OF GUARANTEE

Nothing in this Agreement and nothing in Attorney's statements to the Client will be construed as a promise or guarantee about the outcome of this matter. The Attorney makes no such promises or guarantees. The Attorney's comments about the outcome of this matter are expressions of opinion only, are neither promises nor guarantees, and will not be construed as promises or guarantees. Any estimates given by Attorney will not be a limitation on costs and expenses or a guarantee that costs and expenses will not exceed the amount of the estimate. Actual costs and expenses may vary significantly from the estimates given.

Page 4

GI_____ (Client initials here) \_\_\_*SP*\_\_\_ (Attorney initials here)

S H I L O H  A.  P A R K E R ,  E S Q .
3130 BALFOUR RD, SUITE D519, BRENTWOOD, CA 94513
WWW.THESABFIRM.COM
PHONE 424-303-9214

17. ENTIRE AGREEMENT

This Agreement contains the entire agreement of the parties. No other agreement, statement, or promise made on or before the effective date of this Agreement will be binding on the parties.

18. SEVERABILITY IN THE EVENT OF PARTIAL INVALIDITY

If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

20. EFFECTIVE DATE

This Agreement will govern all legal services performed by the Attorney on behalf of the Client commencing with the date the last person signs this Agreement. The date at the beginning of the Agreement is for reference only.

21. CHOICE OF LAW

This agreement is governed by and shall be interpreted under California laws, rules, and regulations.

BY SIGNING BELOW, THE PARTIES HAVE READ AND UNDERSTOOD THE FOREGOING TERMS AND AGREE TO THEM. FOR MULTIPLE CLIENTS, EACH CLIENT AGREES TO BE LIABLE JOINTLY AND SEVERALLY FOR ALL OBLIGATIONS UNDER THIS AGREEMENT. THE CLIENT WILL RECEIVE A FULLY EXECUTED COPY OF THIS AGREEMENT.

**Client:**

Signature: *John Michael Cohan*
Date:
Name: Genie Investments NV
Phone: -
Email: jmcohan@genieinvestments.com

**Attorney:**

Signature: *SB*
Date:
Name: **SHILOH ANGEL PARKER**
State Bar No: 338962
Phone: **(424) 303-9214**
Email: **shiloh@thesabfirm.com**

Page 5

GI _____ (Client initials here)  ____*SB*____ (Attorney initials here)

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

| | |
|---|---|
| In re:<br><br>GENIE INVESTMENTS NV, INC.<br>        Debtor. | Case No.: 3:24-bk-00496-BAJ<br><br>Chapter 11 |

**AFFIDAVIT OF PROPOSED ATTORNEY**

STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

I, SHILOH A. PARKER, declare as follows:

1. I, SHILOH A. PARKER, am an attorney-at-law duly licensed to practice in the State of California;

2. The maintain my office at 3130 Balfour Rd., Ste D – 519, Brentwood CA 94513.

3. To the best of my knowledge, I am not a creditor, an equity security holder or an insider as provided in Section 101(14)(a); I am not and was not a director, officer, employee of the Debtor as provided in Section 101(14)(b); I have no interests materially adverse to the Debtor as set forth in Section 101(14)(c);

4. To the best of my knowledge, I am a disinterested person;

5. I am in-house counsel for the Debtor, GENIE INVESTMENTS NV, INC., in various pending lawsuits filed in federal court.

6. The cases have been filed based upon hourly rate agreement with the Debtor. A copy of the relevant contract is attached with rates of attorney's fees to be charged to the debtor for representation in the pending action.

7. The undersigned would continue to represent the Debtor GENIE INVESTMENTS NV, INC.

based upon the same contractual agreement as entered pre-petition in the Chapter 11. Any eventual recovery from this litigation would be turned over to the Bankruptcy Estate for use in funding the reorganization efforts of the Debtor.

I declare (or certify, verify, or state) under penalty of that the foregoing is true and correct.

Executed on ___July 19th___, 2024.

*[signature]*
SHILOH A. PARKER