**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

IN RE: GENIE INVESTMENTS NV, INC.

CASE NO.: 3:24-bk-00496-BAJ

　　　　Debtor (s).

_____/

**APPLICATION TO EMPLOY ATTORNEY AS SPECIAL COUNSEL FOR DEBTOR**

---

### NOTICE OF OPPORTUNITY TO
### OBJECT AND REQUEST FOR HEARING

If you object to the relief requested in this paper you must file a response with the Clerk of Court at Clerk of the Court at 300 N. Hogan St., Ste. 3-150, Jacksonville, FL 32202 within 14 days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.

---

TO:  The Honorable JASON A. BURGESS, Bankruptcy Judge

　　　　Upon this Application, the above captioned Debtor respectfully represents:

1. On February 21, 2024, the applicant filed a petition for reorganization under Chapter 11 of the Bankruptcy Code.

2. Applicant wishes to employ MICHAEL FARAGALLA of SPIEGEL AND ULTERA, P.A. as an attorney duly qualified to practice in the State of Florida and before various Federal District Courts as admitted. See attached Exhibit 1 as Affidavit in Support of this

Application.

3.  The applicant has been involved in various pending lawsuits filed in Federal Cases as disclosed on the Debtor's Statement of Financial Affairs and the attached affidavit.

4.  The professional services which this attorney is to render include legal pleadings, conferences, trial work and other advice to assist the Chapter 11 attorney and the applicant in the above proceedings and this case. Compensation is to be a payment of $400.00 per hour to the attorney for work on behalf of the Applicant. See attached Exhibit 2.

5.  Applicants wish to employ this attorney due to the extensive post-petition work on behalf of the Debtor in the various pending lawsuits filed in Federal Cases that the Debtor anticipates will be required.

6.  To the best of the applicants' knowledge, this attorney has no interest adverse to the applicant or the estate in any of the matters upon which the attorney is to be engaged and the employment of the attorney would be in the best interest of this estate.

7.  The attorney has never previously represented any relatives and/or business of the Applicants to create a conflict of representation. Prior to the petition the applicant was being paid by Better Methods but undertook no representation on behalf of that entity.


[INTENTIONALLY LEFT BLANK]

WHEREFORE, applicant prays that it be authorized to employ MICHAEL FARAGALLA of

SPIEGEL AND ULTERA, P.A. as the special counsel for the debtor in this case and that said

attorney be awarded compensation as is fit and proper upon further application to this Court from

the property of this estate and/or as a part of any plan eventually to be submitted for confirmation.

Law Offices of Mickler & Mickler, LLP

By: _/s/ Bryan K. Mickler_____
    Bryan K. Mickler
Florida Bar No. 091790
Attorney for the Debtor(s)
5452 Arlington Expressway
Jacksonville, FL 32211
(904) 725-0822 / (904) 725-0855 FAX
court@planlaw.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy hereof was furnished to Assistant U.S. Trustee, 400
W. Washington St., Suite 1100, Orlando, Florida 32801 and to all interested parties, by CM/ECF
and/or U. S. Mail postage prepaid per the attached matrix, this __26__ day of July, 2024.

By: _/s/ Bryan K. Mickler_____
    Attorney

# EXHIBIT 1

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:

GENIE INVESTMENTS NV, INC.
Debtor.

Case No.: 3:24-bk-00496-BAJ

Chapter 11

## AFFIDAVIT OF PROPOSED ATTORNEY

STATE OF FLORIDA

COUNTY OF _____

BEFORE ME, the undersigned authority, personally appeared MICHAEL FARAGALLA, who being duly sworn, deposes and says:

1. I, MICHAEL FARAGALLA, am an attorney-at-law duly licensed to practice in the State of Florida;

2. The undersigned attorney maintains his office at 1840 Coral Way 4th Fl, Miami, FL 33145;

3. To the best of my knowledge, I am not a creditor, an equity security holder or an insider as provided in Section 101(14)(a); I am not and was not a director, officer, employee of the Debtor as provided in Section 101(14)(b); I have no interests materially adverse to the Debtor as set forth in Section 101(14)(c);

4. To the best of my knowledge, I am a disinterested person;

5. I represent the Debtor, GENIE INVESTMENTS NV, INC. in a pending civil action(s)/arbitration(s) related to JAMS Ref No. 5425001703; case number(s) and type of action(s): breach of contract.

6. The cases have been filed based upon hourly rate agreement with the Debtor. A

copy of the relevant contract is attached with rates of attorney's fees to be charged to the debtor for representation in the pending action.

7. The undersigned would continue to represent the Debtor GENIE INVESTMENTS NV, INC. based upon the same contractual agreement as entered pre-petition in the Chapter 11. Any eventual recovery from this litigation would be turned over to the Bankruptcy Estate for use in funding the reorganization efforts of the Debtor.

8. Further Affiant Sayeth Naught.

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on July 19th, 2024.

Signature: _____

Name: _____

# EXHIBIT 2

# Spiegel & Utrera, P.A.
Counselors & Attorneys at Law

| | | |
|---|---|---|
| **SANDY A. ADELSTEIN**[9] | **COURTNEY RIORDAN**[10] | |
| **JOEL BECK**[8] | **LUIS RUIZ**[12] | |
| **SHILOH A. BENTACOURT**[4] | **LAWRENCE J. SPIEGEL**[1] | |
| **B. MARTIN DRUYAN**[5] | **MARY C. SPIEGEL**[2] | |
| **ALEJANDRO ECHEVERRIA**[3] | **NICOLAS W. SPIGNER**[3] | |
| **MICHAEL S. FARAGALLA**[6] | **NATALIA UTRERA**[1] | |
| **GEORGE L FERNANDEZ**[7] | **MICHAEL WELCHKO**[6] | |
| **MATTHEW FORNARO**[11] | | |

Offices located in:
Chicago
Dover, DE
Las Vegas
Los Angeles
Miami
New York City
Northern New Jersey

2545 Chandler Avenue, Suite 4
Las Vegas, NV 89120
Telephone (702) 364-2200
Facsimile (702) 458-2100

[1] Licensed in Florida
[2] Licensed in California and New York
[3] Licensed in Illinois and Florida
[4] Licensed in California, Arizona and New York
[5] Licensed Cuba
[6] Licensed Delaware
[7] Licensed in Nevada
[8] Licensed in New Jersey
[9] Licensed in California
[10] Licensed in Florida and New York
[11] Licensed in Florida and District of Columbia
[12] Licensed in Florida and Registered as a Foreign Lawyer in England and Wales

## SENIOR PARALEGALS

| | |
|---|---|
| **GRACIELA BATTAGLIA** | **CLAUDIA FERNANDEZ** |

| | |
|---|---|
| **PRESIDENT:** | **LAWRENCE J. SPIEGEL** |
| **SENIOR VICE PRESIDENT:** | **NATALIA UTRERA** |
| **EXECUTIVE VICE PRESIDENT:** | **MARY C. SPIEGEL** |
| **VICE PRESIDENT OF OPERATIONS:** | **HORACIO MONTEIRO** |
| **VICE PRESIDENT OF MARKETING:** | **ALEJANDRO ECHEVERRIA** |
| **VICE PRESIDENT OF LITIGATION:** | **MICHAEL S. FARAGALLA** |
| **REGIONAL VICE PRESIDENT:** | **MICHAEL WELCHKO** |
| **SECRETARY:** | **NATALIA UTRERA** |
| **TREASURER:** | **NATALIA UTRERA** |

September 27, 2023

John Michael Cohan
GENIE INVESTMENTS NV
318 North Carson Street, Suite 208
Carson City, Nevada 89701

### RETAINER AGREEMENT

Re:  **Representation of Genie Investments NV, a Nevada corporation (hereinafter the "Client") relating to any and all claims between Client and Nutra-Acres, LLC, a Texas Limited Liability Company relating to that certain Bridge Loan Agreement along with exhibits thereto dated February 7, 2023.
(hereinafter the "Engagement" or "Representation")
PR No.: 2309117**

**This offer to represent Client is time sensitive and, if not accepted by receipt of Client's signed retainer agreement and the retainer payment received in full and successfully processed by Spiegel & Utrera, P.A. by the close of business on September 28, 2023, this offer of Representation shall automatically be withdrawn by Spiegel & Utrera, P.A. and Spiegel & Utrera, P.A. will have no obligation to take any action whatsoever under this Engagement.**

Dear John Michael Cohan:

Because of the inherent immediacy and the legal significance of the above captioned matter and the potential adverse effects upon your legal rights, Spiegel & Utrera, P.A. is ready to assist you in this matter. *Sometimes we don't expect enough.* We settle for certain legal services because we're not aware that there may be better ones out there. Our Firm has attorneys on staff and support staff personnel to assist them. We want to help you. For Spiegel & Utrera, P.A. to represent you in this matter, we require that you, as our client, review and execute this, our standard retainer agreement (hereinafter the "Letter Retainer Agreement") and pay the retainer deposit and our receipt of both will confirm our Engagement to represent GENIE INVESTMENTS NV, a Nevada corporation in the above captioned matter. Our fee for these services will be billed using our regular hourly rate. Our Engagement is subject to Spiegel & Utrera, P.A.'s Policy Statement on Billing Practices, January, 1997 Edition, as may be amended from time to time. A copy of our Policy Statement is furnished to you with this Letter Retainer Agreement and receipt of which is hereby acknowledged. All of the Terms and Conditions of the Policy Statement are incorporated herein by this reference and are part of this Letter Retainer Agreement.

Page Two
John Michael Cohan
GENIE INVESTMENTS NV
September 27, 2023

You agree, as a condition to our undertaking this Engagement and/or Representation, to cooperate immediately, expeditiously and fully with the Firm. Your duties include, but are not limited to, supplying the Firm with necessary and required information; responding to inquiries promptly; appearing in court or at depositions when necessary; being cooperative in assisting in your Representation when requested and paying progress billings when they are presented. If you fail to cooperate, the Firm shall have the right to withdraw from representing you.

If, during the pendency of the representation, a conflict of interest arises between any of the Client herein, the Client understand that Spiegel & Utrera, P.A., at that point, could not represent any Client unless all the Client agree, in writing, to the continued representation.

NOTE: CERTAIN TIME LIMITATIONS (WHETHER BY STATUTE OF LIMITATIONS OR ANY OTHER GOVERNING PROVISION) MAY EXIST ON ANY CLAIM OR DEFENSE THAT CLIENT MAY OTHERWISE HAVE THE RIGHT TO ASSERT. SPIEGEL & UTRERA, P.A. AND ITS ATTORNEYS MAY NOT BE HELD LIABLE OR RESPONSIBLE IN ANY MANNER FOR THE STATUTE OF LIMITATIONS EXPIRING, OR ANY OTHER STATUTORY DEADLINE OR PERIOD OF LIMITATION THAT EXPIRES OR TERMINATES, WITHIN 30 DAYS OF THE LATTER OF THE DATE OF THIS RETAINER AGREEMENT OR THE DATE OF COMPLETION OF THE FULL PAYMENT OF THE RETAINER DEPOSIT.

We shall keep you advised of our progress and provide you with copies of all materials which we generate in connection with this matter if you so desire.

Please execute this Letter Retainer Agreement below to signify your consent to its terms as well as receipt of the Spiegel & Utrera, P.A. Policy Statement on Billing Practices, January, 1997 Edition as amended. Please return it to me via mail or fax at (888) 515-9700, together with the requested fee retainer payable to Spiegel & Utrera, P.A. Our Firm will not undertake this Engagement and/or Representation until both a signed copy of this Letter Retainer Agreement is returned and the initial fee retainer is paid. A Retainer Invoice is included with this Letter Retainer Agreement for your convenience. You may also accept the retainer and pay the retainer deposit online by going to http://www.amerilawyer.com/retainer.

Remember, at Spiegel & Utrera, P.A. *CHARACTER* is doing what's right when nobody is looking.

Sincerely,
Spiegel & Utrera, P.A.

*/s/ Courtney Riordan*

Courtney Riordan
For the Firm

I acknowledge receipt of Spiegel & Utrera, P.A.'s Policy Statement on Billing Practices, January 1997 Edition as amended, Letter Retainer Agreement and Invoice. I fully understand the foregoing Letter Retainer Agreement and agree to its terms and I agree with Spiegel & Utrera, P.A.'s Policy Statement on Billing Practices. A facsimile copy of this Letter Retainer Agreement and any signatures affixed hereto shall be considered for all purposes as originals.

GENIE INVESTMENTS NV

By: *John Michael Cohan*
        John Michael Cohan, President

# BILLING STATEMENT AND CLIENT INFORMATION

**Re:**     **Representation of Genie Investments NV, a Nevada corporation (hereinafter the "Client") relating to any and all claims between Client and Nutra-Acres, LLC, a Texas Limited Liability Company relating to that certain Bridge Loan Agreement along with exhibits thereto dated February 7, 2023.**
        **(hereinafter the "Engagement" or "Representation")**
        **PR No.: 2309117**

**This offer to represent Client is time sensitive and, if not accepted by receipt of Client's signed retainer agreement and the retainer payment received in full and successfully processed by Spiegel & Utrera, P.A. by the close of business on September 28, 2023, this offer of Representation shall automatically by withdrawn by Spiegel & Utrera, P.A. and Spiegel & Utrera, P.A. will have no obligation to take any action whatsoever under this Engagement.**

## BILLING STATEMENT

Retainer Deposit..............................................................................$7,500.00

**TOTAL AMOUNT..........................................................$7,500.00**

## PAYMENT AUTHORIZATION

The Retainer Deposit may be paid with cash, cashier's check or credit card. Credit and debit card payments are subject to a non-refundable 3.99% charge to defray the cost of processing the credit or debit card. In order to avoid the credit or debit card convenience fee, you may pay with a check via email. If you are paying with a check, please email the signed check to claudia@amerilawyer.com. By signing the payment authorization, the Payor accepts and fully understands the Letter Retainer Agreement and agrees to its terms along with the terms and conditions of the Spiegel & Utrera, P.A. Policy Statement on Billing Practices. Please fill out the information below and fax it back to our office at (888) 515-9700. You may also accept the retainer and pay the retainer deposit online by going to http://www.amerilawyer.com/retainer.

Credit Card:   ____ VISA   _____ MasterCard   _____ American Express   _____ Discover

Credit Card Number: _____

Expiration Date: _____      Card ID Number: _____      Total $ _____

Name on Credit Card: _____

Billing Address on Credit Card: _____

Authorized Signature: _____

## CLIENT INFORMATION

Name: _____

Company: _____

Address: _____

City: _____      State/Country: _____      Zip/Post Code: _____

Home Phone: _____    Cell Phone: _____    Office Phone: _____

Home Fax: _____      Office Fax: _____

Primary Email Address: _____

Secondary Email Address: _____

# POLICY STATEMENT ON BILLING PRACTICES
## January 1997 Edition, as amended

1.      **General Overview.** This policy statement is issued in order to inform our clients of the billing practices of Spiegel & Utrera, P.A. (hereinafter the "Firm"). Its purpose is to inform our clients of matters which commonly arise in the context of the business relationship between the Firm and its clients. Inevitably, situations arise which are unanticipated. However, regardless of whether the situation is anticipated or unanticipated, in such event, a solution shall be found utilizing the principles set forth herein. If the terms of the policy statement differ from the engagement letter, then the terms of the engagement letter shall supersede any inconsistent terms herein.

2.      **Initial Conferences.** The fee for an initial conference will be set in advance of the conference. If the Firm undertakes an engagement for the client, the conference charges will be billed as a part of the initial statement in the matter. If no engagement is undertaken, the initial conference charge is payable at the conclusion of the initial conference. Different arrangements may be made, at the discretion of the Firm.

3.      **Retainer Agreement and Fee.** Representation is generally undertaken by virtue of a written engagement letter executed by and between the Firm and the client which acknowledges this policy statement as part of the engagement. In the case of corporate clients, the general practice of the Firm is to require the signature of a responsible individual on the engagement letter. The engagement letter governs the fee to be charged by the Firm and the duties to be performed. The engagement letter incorporates this policy statement by reference.

       No work is undertaken without an initial paid retainer for fees and at the Firm's option for costs. The Firm may ask for one retainer against which both fees and expenses will be applied, or ask for a fee retainer and an expense deposit against which fees and expenses may be applied. Unless the representation letter with the client provides otherwise, if either the retainer or expense deposit has not been fully utilized, any unpaid fees or expenses may be charged against the unused portion of the retainer or deposit. The amount of the retainer will vary in accordance with the matter undertaken. All funds paid under this Retainer Agreement shall be held in a Trust Account at Wells Fargo Bank, Miami, Florida. Credit and debit card payments are subject to a non-refundable 3.99% charge to defray the cost of processing the credit or debit card. Your case will be evaluated and if necessary, the initial retainer may have to be increased based upon the Firm's determination of the amount of initial work that must be completed in order to represent Client. A fee retainer is earned when paid. However, the client is granted credit against the retainer on a periodic basis, based on the fee being charged.

       The cost deposit, unlike the fee retainer, is not deemed earned when paid, however it may be incorporated into the fee retainer if the client does not replenish the fee retainer at the request of the Firm. It is deposited in the Firm's trust account and drawn down as costs and, in some instances, as indicated above, as fees are incurred. The nature of these costs are discussed later in this policy statement. If the Firm has not requested a separate expense deposit, expenses will be charged against the fee retainer.

       The Firm may carry out any necessary services in order to formally terminate the representation including but not limited to, preparing letters or notices of termination of representation, preparation and attendance of motions to withdraw as counsel and the Firm may perform any other service that is necessary in order to properly effectuate the termination of representation. Any refunds of retainer balances must be requested in writing by the Client. When making a payment via a credit card or debit card, the Client acknowledges that the Firm must comply with its merchant services operating procedures guide. Therefore, when processing a refund to the Client, the refund of any retainer balance to the Client will only be refunded back to the credit card or debit card used to initially pay for the services.

4. **Firm Billing Practices.**

      A.     **Progress Billing.**   Minimum fees are generally calculated on an hourly rate basis. Paralegal services are also charged at an hourly rate, although lower than the attorney rate. These rates may be adjusted periodically as a function of the overall pricing policies of the Firm. Unless a matter is to be billed on a different basis, the fee portion of a bill will be calculated by multiplying the hourly rate then in effect for each attorney or paralegal times the number of hours (or portion thereof) worked by each attorney or paralegal. Statements are transmitted to clients not less often than monthly and payment is expected upon receipt. Charges outstanding over 30 days accrue interest at the rate of 15 percent per annum. All fees and expenses are payable by major credit card, U.S. currency, drafts or checks payable in U.S. currency.

      B.     **Expenses.**   All clients are responsible for expenses incurred by the Firm in connection with the client's business. These out-of-pocket expenses include, but are not limited to, computer file set up fees, administrative fees for extraordinary accounting services, extraordinary secretarial or word processing time, long distance telephone calls, cellular phone charges, copy expenses, parking costs, telex charges, corporate service charges to search firms, facsimile charges, associated counsel and expert fees, telegram charges, court reporter charges, witness fees, mediation expenses, arbitration expenses, deposition transcripts, court transcripts, suit filing fees, process server fees, travel expenses including but not limited to mileage, food and lodging and all expenses. Some expenses include a firm surcharge.

      C.     **Fee Policy.**   The Firm's present Attorney or paralegal hourly time rates are based upon all factors which the Firm considers in the operation of its business. Our present hourly rate is $350 and will not be changed without notice from the Firm to Client. All attorney time in connection with a matter is billed. All attorneys or paralegal time in connection with this engagement shall be billed, except for overtime. The Firm does not charge on an hourly basis for the services of its secretarial staff or its administrative staff.

      D.     **Value Based Billing.**   In addition to the minimum hourly fee charged the client, at the termination of each matter, a "value factor" may be added and billed to the client. The value factor is based upon the following considerations: (i) the novelty and difficulty of the questions involved and the skill requisite to performing the requested services; (ii) the intensity of the firm's efforts; (iii) the extent to which the engagement precluded other employment; (iv) the amount involved in the matter; (v) the results obtained; (vi) the nature and length of the professional relationship with the client.

      E.     **Security for Fees and Expenses.**   The Firm reserves the right, in appropriate cases, to request security for fees and expenses in addition to the execution, by a responsible individual, of an engagement letter. Security for fees and expenses and the determination of what will constitute acceptable security, will be made by the Firm after consultation with the client.

      F.     **Case set for Trial or Final Hearing.**   The Firm reserves the right to request and obtain an additional retainer to defray the fees once a matter has been set for Trial, Final Hearing or any other similar situation that involves immediate and substantial legal services or additional cost out of the ordinary, including but not limited to hiring associate counsel, expert fees, telegram charges, court reporter charges, witness fees, deposition transcripts, court transcripts, suit filing fees, process server fees, travel expenses including but not limited to mileage, food and lodging and all expenses. The Firm reserves the right to withdraw from the matter if client fails to provide the Firm with the additional retainer requested.