## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:

GENIE INVESTMENTS, INC.

        Debtor(s).

Case No.: 3:24-bk-00496-BAJ
Chapter 11

**INTERIM APPLICATION OF MICHAEL FARAGALLA OF SPIEGEL AND ULTERA, P.A. FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTOR FOR THE PERIOD FROM FEBRUARY 21, 2024 THROUGH JULY 26, 2024**

## NOTICE OF OPPORTUNITY TO
## OBJECT AND REQUEST FOR HEARING

Bryan K. Mickler, Attorney for Debtor in this Case for ("Applicant") has filed an application for compensation in the amount of $5,000.00 and reimbursement of expenses in the amount of $0.00 (the "Application"). A copy of the Application may be viewed on the case docket or may be obtained by request to Applicant at 904-725-0822 or court@planlaw.com.

If you object to the Application, you must file an objection with the Clerk of Court at Clerk U. S. Bankruptcy Court, 300 N. Hogan St., Suite 3-150, Jacksonville, FL 32202 within 21 days from the date of the proof of service below, plus an additional three days if this notice was served on any party by U.S. Mail.

If you file and serve an objection within the time permitted, the Court will either (1) notify you of a hearing date, or (2) consider the Application and objection and approve or disapprove the Application without a hearing. If you do not file an objection within the time permitted, the Court will consider that you do not oppose the Application, and the Court will consider the Application without further notice or hearing.

## LOCAL RULE 2016-1 INFORMATION

**Name of Applicant**: Michael Faragalla, Spiegel and Ultera, P.A.

**Services Provided to:**  Debtor(s)

**Date of Retention:  Pending**

**Period for this Application: February 21, 2024 – July 25, 2024**

**Amount of Compensation Sought: $5,000.00 fees**

**Amount of Expense Reimbursement: $0.00 costs**

**Amount of Original Retainer: $_____ fee and $0.00 cost retainer = $_____ TOTAL**

**Blended Hourly Rate this Application:** $400.00 Cumulative: $400.00

**This is an:_ ✓__interim___final application.**

## SUMMARY OF COMPENSATION REQUESTED

In accordance with 11 U.S.C. §§ 330(a); 503(b)(2) and Fed.R.Bankr.P.2016, the Attorney for the Debtor-in-Possession makes application to this Court for interim compensation as follows:

Total Compensation Requested:      Fees:   $5,000.00  ($0.00  retainer  plus  $5,000.00 balance remaining)

Costs: $0.00  sought.  ($0.00  retainer  with  $0.00 remaining balance )

**TOTAL FEES AND COSTS REQUESTED: $5,000.00**

**TOTAL BALANCE REMAINING UNPAID: $0.00**

Compensation Paid prior to Application: $0.00 retainer (with costs)

Billing Rate for applicant @$400.00/hour

Total Hours Billed:   12.5 hours

## GENERAL INFORMATION

This Case was commenced by the filing of a Voluntary Petition under Chapter 11 of the Bankruptcy Code on February 21, 2024 by the Debtor in Possession. On July 26, 2024, the Debtor filed with the Court an application for an order appointing Michael Faragalla of Spiegel and Ultera, P.A. as Special Counsel for the Debtor in the Chapter 11 case (Doc. No. 183). Under 11 U.S.C. § 1107, the Debtor in Possession is given all the rights, powers and duties, save for certain investigatory responsibilities.

The initial employment agreement entered between the Debtor in Possession and the special counsel was based upon an hourly billing rate of $400.00 per hour to be billed against a retainer of $0.00 (Debtor had previously paid a $7500 retainer pre-petition). Attached as Exhibit "1" is the time sheet for the attorney for the Debtor in Possession.

Michael Faragalla of Spiegel and Ultera, P.A. billed time during the application period which began on February 21, 2024 and ended on July 25, 2024. The rate charged is comparable with or below other practitioner's hourly rate in a case under Title 11 and in cases not under Title 11.

## PROJECT CATEGORIES

| PROJECT CATGORY | TYPE OF ACTIVITY | RESULTS/BENEFIT | TIME PER CATEGORY |
|---|---|---|---|
| General Case Administration | | | 12.5 hours |
| | | | |
| TOTAL | | | 12.5 hours total |

## TYPE OF APPLICATION

This is an interim application for compensation. No previous applications have been submitted in this case. The applicant has reviewed the interim application with the Debtor in Possession. The Debtor in Possession has approved the compensation requested.

## REASONS FOR FILING OF REORGANIZATION

The above compensation is fair and appropriate given the circumstances and nature of this case and the services performed for the benefit of the estate by the applicant. The applicant has attempted to reorganize the Debtor in possession since February of 2024.

The Chapter 11 was filed in an attempt to reorganize the unsecured debt of the Debtor in Possession after a series of defaults had threatened the lending business operated by the Debtor. The United States Trustee vigorously opposed the case and ultimately had an examiner appointed in this case to examine the pre-petition financial transactions of the Debtor. This in turn has allowed for restructuring of the unsecured debts and a potential 100% recovery for the unsecured creditors.

The actions of the attorney for the Debtor, have benefitted the estate by the preservation of the Debtor's assets. The proposed plan anticipates a 100% distribution to unsecured and tax creditors through disposable income generated by the Debtor.

Law Offices of Mickler & Mickler, LLP


By: /s/ Bryan K. Mickler
    Bryan K. Mickler
Florida Bar No. 091790
5452 Arlington Expressway
Jacksonville, FL 32211
(904) 725-0822 / (904) 725-0855 FAX
bkmickler@planlaw.com

**PROOF OF SERVICE**

**I HEREBY CERTIFY** under penalty of perjury that a copy hereof was furnished to:

  Assistant U.S. Trustee
  400 W. Washington St., Suite 1100
  Orlando, Florida 32801

  and to all interested parties per the attached mailing matrix, by CM/ECF and/or U. S. Mail
postage prepaid, this   26    day of July, 2024.

  Signature: _/s/ Bryan K. Mickler_____
  Bryan K. Mickler, Attorney for Debtor(s)

# EXHIBIT 1

## Authorization to Open File

Please complete this form for each new matter to obtain a matter number. All information must be provided so that the matter can be properly recorded and billed. Please attach a copy of the Retainer Agreement as well. Thanks!

Client Name:  Genie Investments NV

Matter:  Genie Investments vs. TnC Nola

New Client (Y/N) N   Lawyer: SB

Circle:   Billable   Contingency   Probate   Other

Client Address:  30 N Gould St Ste N. Sheridan WY 32236

Phone: 516-547-2810      Fax:

Amount of Retainer: $7500

Form of Payment: Visa - Master Card - Discover - Amex - Cash – Check- *Wire*

Expiration Date of Credit Card: 01/2025

Order Number:  316291

Date of Payment:    10/10/23

Comments:

Requested By:                              Date: 10/11/23

Approved By:                              Date: 10/11/23

Return this form to the billing department. We will open the matter and return a copy of this form with the matter number.

*The Billing Department*

Matter Number provided:    7172-56

Back

# Amerilawyer.com
## Order detail

**Order: 316291/ Nevada/ Miscellaneous Factsheet**          **Order Date: 10/11/2023**  **OffLine**
**Attorney: Litigation Department Miami**                  **BALANCE DUE : $7500.00**          Print

| | |
|---|---|
| CORPORATION NAME | Genie Investments (7172-56) |
| ALTERNATE NAME | |
| NATURE OF BUSINESS | |
| PRODUCT OR SERVICES | |
| COMPANY ADDRESS | **Address:** 318 North Carson Street STE 208 **City:** Carson City **State:** Nevada **Zip:** 89701 **County:** **Country:** |
| MAILING ADDRESS | **Address:** 318 North Carson Street STE 208 **City:** Carson City **State:** Nevada **Zip:** 89701 **Country:** |
| SHAREHOLDERS | |

| Name Address City State Zip Phone SSN | Total % | What % Voting | What % Non-Voting | Family Relationship | State of Incorp | Year of Incorp |
|---|---|---|---|---|---|---|
| | | | | | | |

DIRECTORS

| Name | SSN |
|---|---|
| | |

OFFICERS

| Title | Name | SSN | Phone |
|---|---|---|---|
| | | | |

| | |
|---|---|
| ADDITIONAL INFO | |
| ADDITIONAL SERVICE INFO | |
| Was this entity formed by Spiegel & Utrera, P.A.? | No |
| Speed Of Services Note | |
| SELECTED SERVICES | 1. Retainer - Initial                                          $7500.00 |
| ADDITIONAL SERVICE REQUEST FROM CLIENT | |
| SELECTED SPEED OF SERVICES | No speed of service selected! |
| SELECTED SHIPPING OPTION | No shipping option selected! **UNLESS THIS IS AN OFFICE PICKUP, ORDER CAN NOT BE PROCESSED WITHOUT SHIPPING INFORMATION.** |
| SHIPPING INFORMATION | **Attention: Address: City: State: Country: Zip:** **Shipping instruction: Pick up office: Shipping Signature:** No |
| FAX | **Draft of shareholders agreement: Article of Incorporation: Federal tax ID:** |
| CONTACT INFORMATION | **Name:** John Micheal Cohen **Address:** 318 North Carson Street STE 208 **City:** Carson City **State:** Nevada **Zip:** 89701 **Area Code: Phone: Alternate Phone: Cell Phone: Fax: Email:** JMCOHAN@GENIEINVESTMENTS.COM **Alternate Email:** |
| BEST TIME TO CALL | |
| BILLING INFORMATION | **Name on card:** John Micheal Cohen **Street:** 318 North Carson Street STE 208 **City:** Carson City **State:** Nevada **Zip:** 89701 **Type of card: Card number:** ***************Card expiry date: Verification code:** *** **3rd Party verification:** false **SS number: Date of birth: Mother's maiden name: Fax: Email:** |
| HOW DO YOU HEAR | |
| FINANCIAL INFORMATION | |

| | |
|---|---|
| Company Formation | .00 |
| + Additional Services | 7500.00 |
| + Speed of Service plus Shipping & Handling Cost: | .00 |
| = Total | 7500.00 |

# Spiegel & Utrera, P.A.

### Counselors & Attorneys at Law

| | | |
|---|---|---|
| SANDY A. ADELSTEIN[9] | COURTNEY RIORDAN[10] | |
| JOEL BECK[8] | LUIS RUIZ[12] | |
| SHILOH A. BENTACOURT[4] | LAWRENCE J. SPIEGEL[1] | |
| B. MARTIN DRUVAN[9] | MARY C. SPIEGEL[2] | |
| ALEJANDRO ECHEVERRIA[2] | NICOLAS W. SPIGNER[3] | |
| MICHAEL S. FARAGALLA[4] | NATALIA UTRERA[2] | |
| GEORGE L FERNANDEZ[4] | MICHAEL WELCHKO[6] | |
| MATTHEW FORNARO[11] | | |

**Offices located in:**
Chicago
Dover, DE
Las Vegas
Los Angeles
Miami
New York City
Northern New Jersey

2545 Chandler Avenue, Suite 4
Las Vegas, NV 89120
Telephone (702) 364-2200
Facsimile (702) 458-2100

[2] Licensed in Florida
[1] Licensed in California and New York
[8] Licensed in Illinois and Florida
[9] Licensed in California, Arizona and New York
[12] Licensed Cuba
[10] Licensed Delaware
[3] Licensed in Nevada
[6] Licensed in Florida and New York
[4] Licensed in California
[5] Licensed in Florida and New York
[11] Licensed in Florida and District of Columbia
[7] Licensed in Florida and Registered as a Foreign Lawyer in England and Wales

#### SENIOR PARALEGALS
GRACIELA BATTAGLIA          CLAUDIA FERNANDEZ

| | |
|---|---|
| PRESIDENT: | LAWRENCE J. SPIEGEL |
| SENIOR VICE PRESIDENT: | NATALIA UTRERA |
| EXECUTIVE VICE PRESIDENT: | MARY C. SPIEGEL |
| VICE PRESIDENT OF OPERATIONS: | HORACIO MONTEIRO |
| VICE PRESIDENT OF MARKETING: | ALEJANDRO ECHEVERRIA |
| VICE PRESIDENT OF LITIGATION: | MICHAEL S. FARAGALLA |
| REGIONAL VICE PRESIDENT: | MICHAEL WELCHKO |
| SECRETARY: | NATALIA UTRERA |
| TREASURER: | NATALIA UTRERA |

September 28, 2023

John Michael Cohan
GENIE INVESTMENTS NV
318 North Carson Street, Suite 208
Carson City, Nevada 39701

## RETAINER AGREEMENT

**Re:**    **Representation of Genie Investment NV, a Nevada corporation (hereinafter the "Client") relating to any and all claims between Client and TnC NOLA Holdings LLC, a Louisiana Limited Liability Company relating to that certain Bridge Loan Agreement entered into as of January 30, 2023 between Client and TnC NOLA Holdings LLC along with additional ancillary documents and agreements and the enforcement thereof through binding arbitration administered by JAMS in New Castle County, Delaware before one arbitrator unless Client otherwise directs. (hereinafter the "Engagement" or "Representation")**
**PR No.: 2309123**

**This offer to represent Client is time sensitive and, if not accepted by receipt of Client's signed retainer agreement and the retainer payment received in full and successfully processed by Spiegel & Utrera, P.A. by the close of business on September 29, 2023, this offer of Representation shall automatically be withdrawn by Spiegel & Utrera, P.A. and Spiegel & Utrera, P.A. will have no obligation to take any action whatsoever under this Engagement.**

Dear John Michael Cohan:

Because of the inherent immediacy and the legal significance of the above captioned matter and the potential adverse effects upon your legal rights, Spiegel & Utrera, P.A. is ready to assist you in this matter. *Sometimes we don't expect enough.* We settle for certain legal services because we're not aware that there may be better ones out there. Our Firm has attorneys on staff and support staff personnel to assist them. We want to help you. For Spiegel & Utrera, P.A. to represent you in this matter, we require that you, as our client, review and execute this, our standard retainer agreement (hereinafter the "Letter Retainer Agreement") and pay the retainer deposit and our receipt of both will confirm our Engagement to represent GENIE INVESTMENTS NV, a Nevada corporation in the above captioned matter. Our fee for these services will be billed using our regular hourly rate. Our Engagement is subject to Spiegel & Utrera, P.A.'s Policy Statement on Billing Practices, January, 1997 Edition, as may be amended from time to time. A copy of our Policy Statement is furnished to you with this Letter Retainer Agreement and receipt of which is hereby acknowledged. All of the Terms and Conditions of the Policy Statement are incorporated herein by this reference and are part of this Letter Retainer Agreement.

Page Two
John Michael Cohan
GENIE INVESTMENTS NV
September 28, 2023

You agree, as a condition to our undertaking this Engagement and/or Representation, to cooperate immediately, expeditiously and fully with the Firm. Your duties include, but are not limited to, supplying the Firm with necessary and required information; responding to inquiries promptly; appearing in court or at depositions when necessary; being cooperative in assisting in your Representation when requested and paying progress billings when they are presented. If you fail to cooperate, the Firm shall have the right to withdraw from representing you.

If, during the pendency of the representation, a conflict of interest arises between any of the Client herein, the Client understand that Spiegel & Utrera, P.A., at that point, could not represent any Client unless all the Client agree, in writing, to the continued representation.

NOTE: CERTAIN TIME LIMITATIONS (WHETHER BY STATUTE OF LIMITATIONS OR ANY OTHER GOVERNING PROVISION) MAY EXIST ON ANY CLAIM OR DEFENSE THAT CLIENT MAY OTHERWISE HAVE THE RIGHT TO ASSERT. SPIEGEL & UTRERA, P.A. AND ITS ATTORNEYS MAY NOT BE HELD LIABLE OR RESPONSIBLE IN ANY MANNER FOR THE STATUTE OF LIMITATIONS EXPIRING, OR ANY OTHER STATUTORY DEADLINE OR PERIOD OF LIMITATION THAT EXPIRES OR TERMINATES, WITHIN 30 DAYS OF THE LATTER OF THE DATE OF THIS RETAINER AGREEMENT OR THE DATE OF COMPLETION OF THE FULL PAYMENT OF THE RETAINER DEPOSIT.

We shall keep you advised of our progress and provide you with copies of all materials which we generate in connection with this matter if you so desire.

Please execute this Letter Retainer Agreement below to signify your consent to its terms as well as receipt of the Spiegel & Utrera, P.A. Policy Statement on Billing Practices, January, 1997 Edition as amended. Please return it to me via mail or fax at (888) 515-9700, together with the requested fee retainer payable to Spiegel & Utrera, P.A. Our Firm will not undertake this Engagement and/or Representation until both a signed copy of this Letter Retainer Agreement is returned and the initial fee retainer is paid. A Retainer Invoice is included with this Letter Retainer Agreement for your convenience. You may also accept the retainer and pay the retainer deposit online by going to http://www.amerilawyer.com/retainer.

Remember, at Spiegel & Utrera, P.A. *CHARACTER* is doing what's right when nobody is looking.

Sincerely,
Spiegel & Utrera, P.A.

*/s/ Joel Beck*

Joel Beck
For the Firm

I acknowledge receipt of Spiegel & Utrera, P.A.'s Policy Statement on Billing Practices, January 1997 Edition as amended, Letter Retainer Agreement and Invoice. I fully understand the foregoing Letter Retainer Agreement and agree to its terms and I agree with Spiegel & Utrera, P.A.'s Policy Statement on Billing Practices. A facsimile copy of this Letter Retainer Agreement and any signatures affixed hereto shall be considered for all purposes as originals.

GENIE INVESTMENTS NV
By: *John Michael Cohan*
John Michael Cohan, President

# BILLING STATEMENT AND CLIENT INFORMATION

**Re:**  **Representation of Genie Investment NV, a Nevada corporation (hereinafter the "Client") relating to any and all claims between Client and TnC NOLA Holdings LLC, a Louisiana Limited Liability Company relating to that certain Bridge Loan Agreement entered into as of January 30, 2023 between Client and TnC NOLA Holdings LLC along with additional ancillary documents and agreements and the enforcement thereof through binding arbitration administered by JAMS in New Castle County, Delaware before one arbitrator unless Client otherwise directs. (hereinafter the "Engagement" or "Representation")**
**PR No.: 2309123**

**This offer to represent Client is time sensitive and, if not accepted by receipt of Client's signed retainer agreement and the retainer payment received in full and successfully processed by Spiegel & Utrera, P.A. by the close of business on September 29, 2023, this offer of Representation shall automatically by withdrawn by Spiegel & Utrera, P.A. and Spiegel & Utrera, P.A. will have no obligation to take any action whatsoever under this Engagement.**

## BILLING STATEMENT

Retainer Deposit......................................................................................$7,500.00

**TOTAL AMOUNT........................................................$7,500.00**

## PAYMENT AUTHORIZATION

The Retainer Deposit may be paid with cash, cashier's check or credit card. Credit and debit card payments are subject to a non-refundable 3.99% charge to defray the cost of processing the credit or debit card. In order to avoid the credit or debit card convenience fee, you may pay with a check via email. If you are paying with a check, please email the signed check to claudia@amerilawyer.com. By signing the payment authorization, the Payor accepts and fully understands the Letter Retainer Agreement and agrees to its terms along with the terms and conditions of the Spiegel & Utrera, P.A. Policy Statement on Billing Practices. Please fill out the information below and fax it back to our office at (888) 515-9700. You may also accept the retainer and pay the retainer deposit online by going to http://www.amerilawyer.com/retainer.

Credit Card:  _____ VISA  _____ MasterCard  _____ American Express  _____ Discover

Credit Card Number: _____

Expiration Date: _____     Card ID Number: _____     Total $ _____

Name on Credit Card: _____

Billing Address on Credit Card: _____

Authorized Signature: _____

## CLIENT INFORMATION

Name: _____

Company: _____

Address: _____

City: _____     State/Country: _____     Zip/Post Code: _____

Home Phone: _____     Cell Phone: _____     Office Phone: _____

Home Fax: _____     Office Fax: _____

Primary Email Address: _____

Secondary Email Address: _____

# POLICY STATEMENT ON BILLING PRACTICES
## January 1997 Edition, as amended

**1.      General Overview.**  This policy statement is issued in order to inform our clients of the billing practices of Spiegel & Utrera, P.A. (hereinafter the "Firm"). Its purpose is to inform our clients of matters which commonly arise in the context of the business relationship between the Firm and its clients. Inevitably, situations arise which are unanticipated. However, regardless of whether the situation is anticipated or unanticipated, in such event, a solution shall be found utilizing the principles set forth herein. If the terms of the policy statement differ from the engagement letter, then the terms of the engagement letter shall supersede any inconsistent terms herein.

**2.      Initial Conferences.**  The fee for an initial conference will be set in advance of the conference. If the Firm undertakes an engagement for the client, the conference charges will be billed as a part of the initial statement in the matter. If no engagement is undertaken, the initial conference charge is payable at the conclusion of the initial conference. Different arrangements may be made, at the discretion of the Firm.

**3.      Retainer Agreement and Fee.**  Representation is generally undertaken by virtue of a written engagement letter executed by and between the Firm and the client which acknowledges this policy statement as part of the engagement. In the case of corporate clients, the general practice of the Firm is to require the signature of a responsible individual on the engagement letter. The engagement letter governs the fee to be charged by the Firm and the duties to be performed. The engagement letter incorporates this policy statement by reference.

No work is undertaken without an initial paid retainer for fees and at the Firm's option for costs. The Firm may ask for one retainer against which both fees and expenses will be applied, or ask for a fee retainer and an expense deposit against which fees and expenses may be applied. Unless the representation letter with the client provides otherwise, if either the retainer or expense deposit has not been fully utilized, any unpaid fees or expenses may be charged against the unused portion of the retainer or deposit. The amount of the retainer will vary in accordance with the matter undertaken. All funds paid under this Retainer Agreement shall be held in a Trust Account at Wells Fargo Bank, Miami, Florida. Credit and debit card payments are subject to a non-refundable 3.99% charge to defray the cost of processing the credit or debit card. Your case will be evaluated and if necessary, the initial retainer may have to be increased based upon the Firm's determination of the amount of initial work that must be completed in order to represent Client. A fee retainer is earned when paid. However, the client is granted credit against the retainer on a periodic basis, based on the fee being charged.

The cost deposit, unlike the fee retainer, is not deemed earned when paid, however it may be incorporated into the fee retainer if the client does not replenish the fee retainer at the request of the Firm. It is deposited in the Firm's trust account and drawn down as costs and, in some instances, as indicated above, as fees are incurred. The nature of these costs are discussed later in this policy statement. If the Firm has not requested a separate expense deposit, expenses will be charged against the fee retainer.

The Firm may carry out any necessary services in order to formally terminate the representation including but not limited to, preparing letters or notices of termination of representation, preparation and attendance of motions to withdraw as counsel and the Firm may perform any other service that is necessary in order to properly effectuate the termination of representation. Any refunds of retainer balances must be requested in writing by the Client. When making a payment via a credit card or debit card, the Client acknowledges that the Firm must comply with its merchant services operating procedures guide. Therefore, when processing a refund to the Client, the refund of any retainer balance to the Client will only be refunded back to the credit card or debit card used to initially pay for the services.

4.      **Firm Billing Practices.**

     **A.**      **Progress Billing.**  Minimum fees are generally calculated on an hourly rate basis. Paralegal services are also charged at an hourly rate, although lower than the attorney rate.  These rates may be adjusted periodically as a function of the overall pricing policies of the Firm.  Unless a matter is to be billed on a different basis, the fee portion of a bill will be calculated by multiplying the hourly rate then in effect for each attorney or paralegal times the number of hours (or portion thereof) worked by each attorney or paralegal.  Statements are transmitted to clients not less often than monthly and payment is expected upon receipt.  Charges outstanding over 30 days accrue interest at the rate of 15 percent per annum.  All fees and expenses are payable by major credit card, U.S. currency, drafts or checks payable in U.S. currency.

     **B.**      **Expenses.**  All clients are responsible for expenses incurred by the Firm in connection with the client's business.  These out-of-pocket expenses include, but are not limited to, computer file set up fees, administrative fees for extraordinary accounting services, extraordinary secretarial or word processing time, long distance telephone calls, cellular phone charges, copy expenses, parking costs, telex charges, corporate service charges to search firms, facsimile charges, associated counsel and expert fees, telegram charges, court reporter charges, witness fees, mediation expenses, arbitration expenses, deposition transcripts, court transcripts, suit filing fees, process server fees, travel expenses including but not limited to mileage, food and lodging and all expenses.  Some expenses include a firm surcharge.

     **C.**      **Fee Policy.**  The Firm's present Attorney or paralegal hourly time rates are based upon all factors which the Firm considers in the operation of its business. Our present hourly rate is $350 and will not be changed without notice from the Firm to Client.  All attorney time in connection with a matter is billed.  All attorneys or paralegal time in connection with this engagement shall be billed, except for overtime.  The Firm does not charge on an hourly basis for the services of its secretarial staff or its administrative staff.

     **D.**      **Value Based Billing.**  In addition to the minimum hourly fee charged the client, at the termination of each matter, a "value factor" may be added and billed to the client.  The value factor is based upon the following considerations:  (i) the novelty and difficulty of the questions involved and the skill requisite to performing the requested services; (ii) the intensity of the firm's efforts; (iii) the extent to which the engagement precluded other employment; (iv) the amount involved in the matter; (v) the results obtained; (vi) the nature and length of the professional relationship with the client.

     **E.**      **Security for Fees and Expenses.**  The Firm reserves the right, in appropriate cases, to request security for fees and expenses in addition to the execution, by a responsible individual, of an engagement letter. Security for fees and expenses and the determination of what will constitute acceptable security, will be made by the Firm after consultation with the client.

     **F.**      **Case set for Trial or Final Hearing.**  The Firm reserves the right to request and obtain an additional retainer to defray the fees once a matter has been set for Trial, Final Hearing or any other similar situation that involves immediate and substantial legal services or additional cost out of the ordinary, including but not limited to hiring associate counsel, expert fees, telegram charges, court reporter charges, witness fees, deposition transcripts, court transcripts, suit filing fees, process server fees, travel expenses including but not limited to mileage, food and lodging and all expenses. The Firm reserves the right to withdraw from the matter if client fails to provide the Firm with the additional retainer requested.

**5.     Contingent Fee Agreements.** In some circumstances, the Firm may consider a contingent fee arrangement, in the Firm's sole and absolute discretion.   The Firm will comply with the applicable Supreme Court requirements in all such cases and required disclosures shall be furnished.

Clients subject to a contingent fee arrangement are responsible for all expenses incurred in connection with their matters.  The Firm reserves the right to charge and collect, upon the execution of an appropriate engagement agreement, an expense deposit to replenish expenses incurred or advanced by the Firm.

**6.     Mediation and Arbitration.** Any disputes between the parties thereto, whether arising under this representation or otherwise, which the parties cannot resolve between themselves using good faith shall be:

**A.**     Referred by either party to a mediator in the County of the principal office of the Firm and any Mediation shall be held in the County of the principal office of the Firm. The parties shall share equally in the cost of said Mediation, "Mediation" is a process in which the parties attempt to resolve a dispute by submitting it to an impartial mediator who facilitates the resolution of the dispute but who is not empowered to impose a settlement on the parties.

**B.**     In the event that said dispute is not resolved in mediation, the parties shall submit the dispute to a neutral arbitrator residing in the County of the principal address of the Firm. "Arbitration" is a process in which the parties resolve a dispute by hearing before a three person panel who decide the matter and whose decision is binding on the parties. The Arbitration is to be conducted by three arbitrators, with each party selecting one arbitrator and these two arbitrators selecting the third arbitrator. If the two arbitrators fail to agree on the third arbitrator, then either party may petition the appropriate court in the county of the Firm to appoint the third arbitrator. The parties shall share equally in the cost of said arbitration. The parties agree that any demand for arbitration shall specify a dollar amount of damages sought. The parties further agree that full discovery shall be allowed to each party to the arbitration and a written award shall be entered forthwith. Any and all types of relief that would otherwise be available in Court shall be available to both parties in the arbitration. The decision of the arbitrator shall be final and binding. Arbitration shall be the exclusive legal remedy of the parties. Judgment upon the award may be entered in any court of competent jurisdiction pursuant to applicable Statutes.

**C.**     If either party refuses to comply with a ruling or decision of the arbitrators and a lawsuit is brought to enforce said ruling or decision, it is agreed that the party not complying with the ruling or decision of the arbitrators shall pay the court costs and reasonable attorneys fees (including trial and appellate attorneys fees) incurred in enforcing the ruling or decision of the arbitrators.

**D**.     Any rights or injunctive relief shall be in addition to and not in derogation or limitation of any other legal rights available to the Firm.

**7.     Payor Authorization & Acknowledgement.** If the retainer amount is being paid by a person other than the Client, the Client acknowledges and consents to the payment of the retainer amount by said third party (hereinafter referred to as "Payor"). The Client agrees and acknowledges that the Payor may not interfere with the Firm's independence of professional judgment or with the attorney-client relationship.  Said payments by the Payor will not affect the  Client's rights or responsibilities as established by and through the engagement letter and acceptance of the Firm's Policy Statements on Billing Practices, January 1997 Edition, as amended. The Client affirms to the Firm that the Payor will comply with the terms of the Firm's Policy Statements on Billing Practices, January 1997 Edition, as amended.