UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

In re:                                                                               Case No.: 3:24-bk-00496-BAJ

GENIE INVESTMENTS NV, INC.,                                       Chapter 11

    Debtor.
_____/

**OBJECTION TO FIRST FEE APPLICATION OF HOLLAND & KNIGHT, COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES (DOC. NO. 172)**

GENIE INVESTMENTS NV, INC., Debtor in Possession ("Debtor"), objects to the FIRST FEE APPLICATION OF HOLLAND & KNIGHT, COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES (Doc. No. 172).

The attorney for the Creditor's Committee has overbilled the Estate for routine tasks that should have taken minimal time. The attorney for the Creditor's Committee has provided no value to the Estate. The Debtor has filed with the Court a proposal for settlement with Velanos which would have provided to the unsecured creditors a 100% recovery in this case. The attorney for the Creditor's Committee has objected to the source of funds to provide for a 100% unsecured payoff in this case. Such objection was made after Velanos had paid it's initial down payment to the Debtor pursuant to the Settlement Agreement and prior to Velanos complying with the other terms of the Settlement Agreement by paying the sum of $500,000.00 to the Debtor as it's first installment pursuant to the Settlement Agreement.

In support of this Objection, the Debtor states:

### *Time Alleged by the Committee Attorney*

SUMMARY OF TASKS

| Code | Description | Hours | Amount |
|---|---|---|---|
| B110 | Case Administration | 3.80 | $2,261.00 |
| B160 | Fee/Employment Applications | 15.50 | $8,382.50 |
| B190 | Other Contested Matters | 0.70 | $416.50 |
| B410 | General Bankruptcy Advice/Opinions | 13.50 | $5,572.50 |
| L120 | Analysis/Strategy | 68.60 | $40,817.00 |
| L160 | Settlement/Non-Binding ADR | 0.20 | $119.00 |
| L210 | Pleadings | 0.20 | $119.00 |
| L250 | Other Written Motions and Submissions | 6.60 | $3,927.00 |
| L350 | Discovery Motions | 8.90 | $3,515.50 |
| P280 | Other | 0.80 | $232.00 |
| P300 | Structure/Strategy/Analysis | 1.80 | $1,071.00 |
| | Total | 120.60 | $66,433.00. |

### *Factual and Procedural Background*

1. The Debtor filed it's Chapter 11 case on February 21, 2024;

2. On May 15, 2024, this Court entered its Order Granting, Authorizing and Approving the Employment of Holland & Knight as Counsel to the Official Committee of Unsecured Creditors of the Debtor Effective as of May 3, 2023 (Doc. No. 94);

3. The counsel for the creditor's committee billed the estate 15.5 hours to employ himself in this case at nearly $500.00 per hour. Such extravagant billing was of no use to the estate;

4. Since that time the creditor's committee counsel has billed the estate for one (1)

motion and two (2) objections filed in this case. The Motion appeared to be a standard discovery for the unsecured creditor committee to obtain and review documents. The Creditor's Committee attorney billed nearly nine (9) hours for that motion.

5. The two (2) objections were approximately five (5) pages each of text with a recitation of case activity in each. The Creditor' Committee attorney billed 6.6 hours for such pro-forma objections.

6. Effective as of May 15, 2024, the Debtor and Velanos had reached a resolution of certain disputes related to the Velanos Joint Venture Agreement as reflected by the Settlement Agreement (the "Compromise" or "Agreement") filed with the Court at Doc. No. 107.

7. Pursuant to the Agreement, Velanos shall pay Genie the total sum of Fifteen Million ($15,000,000.00) dollars (the "Settlement Amount"). The Settlement Amount shall be paid to Genie in ten installments ("Installment Payments"), as follows:

> The first Installment Payment shall be completed within two (2) business days of the effective date of the Settlement Agreement, in the amount of fifty thousand dollars($50,000.00).
>
> The second Installment Payment shall be completed on or before June 30, 2024, in the amount of five hundred thousand dollars ($500,000.00).
>
> The third Installment Payment shall be completed on or before September 30, 2024, in the amount of one million dollars ($1,000,000.00).
>
> The fourth Installment Payment shall be completed on or before December 31, 2024,in the amount of two million dollars ($2,000,000.00).
>
> The fifth Installment Payment shall be completed on or before March 31, 2025, in the amount of two million dollars ($2,000,000.00).
>
> The sixth Installment Payment shall be completed on or before June 30, 2025, in the amount of two million dollars ($2,000,000.00).
>
> The seventh Installment Payment shall be completed on or before September 30, 2025,in the amount of two million dollars ($2,000,000.00).

       The eighth Installment Payment shall be completed on or before December 31, 2025, in the amount of two million dollars ($2,000,000.00).

       The ninth Installment Payment shall be completed on or before March 31, 2026, in the amount of two million dollars ($2,000,000.00).

       The tenth Installment Payment shall be completed on or before June 30, 2026, in the amount of one million four hundred and fifty thousand dollars ($1,450,000.00).

8.    The payments pursuant to the above Agreement from Velanos are current. Velanos has paid the sum of $550,000.00 to the Debtor via the trust account of the Debtor's attorneys;

9.    Based on the potential for a 100% payout to the unsecured creditors, the Debtor submitted the settlement to the Court for approval as in the best interest of the Debtor's estate and sought the entry of an Order approving the Agreement. The attorney for the creditor's committee objected to the Agreement despite the Agreement being a viable source of funding for any proposed Plan of Reorganization. Such Objection was of no value to the Estate;

10.    The Creditor's Committee attorney billed the Estate 68.6 hours labeled as "Strategy". Such a billing code is absurd in a case where the Debtor has a Settlement Agreement which would provide a 100% payoff to the unsecured creditors in this case and the Debtor has repeatedly stated that it will file a 100% plan in this case.

    WHEREFORE, the Debtor respectfully requests that this Court enter an order (i) sustaining this objection; (ii) reducing the amount of the Creditor's Committee hourly billing and charges to a reasonable value; (iii) reserving jurisdiction to enforce the terms and conditions of such an order and to otherwise resolve any disputes under or pertaining to the order; and (iv) providing for such other and further relief as the Court deems just and proper if an objection is filed.

Dated: August 6, 2024.

        Law Offices of Mickler & Mickler, LLP

        */s/ Bryan K. Mickler*
        Bryan K. Mickler, Esquire
        Florida Bar No. 091790
        Attorneys for Debtor in Possession
        5452 Arlington Expy.
        Jacksonville, FL 32211
        (904) 725.0822 / FAX: 725.0855
        bkmickler@planlaw.com

## CERTIFICATE OF SERVICE

        I HEREBY CERTIFY that on August 6, 2024, a true copy of the foregoing has been sent via:

*CM/ECF to:*

*U.S. Trustee*
**United States Trustee - JAX 11**
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801

All those registered to receive notice through CM/ECF and All Interested Parties listed on the attached matrix.

        */s/ Bryan K. Mickler*
        Bryan K. Mickler, Esquire