UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
flmb.uscourts.gov

In re:

Genie Investments NV, Inc.

    Debtor
_____/

Case No.: 3:24-bk-00496-BAJ

Chapter 11

**UNITED STATES TRUSTEE'S OBJECTION TO INTERIM
APPLICATION FOR COMPENSATION FOR SPECIAL COUNSEL
FARAGALLA OF SPIEGEL AND ULTERA P.A.**

Mary Ida Townson, the United States Trustee for Region 21 ("United States Trustee"), through the undersigned counsel, objects to the Debtor's Interim Application for Compensation for Special Counsel Michael Faragalla and Spiegel and Ultera, P.A. (Application"; Doc. No. 184) and states as follows.

**SUMMARY OF ARGUMENT**

The Court should not grant the Application. The Court would need to authorize Mr. Faragalla's *nunc pro tunc* employment before granting the Application, but the Court should not authorize his employment, and certainly should not employ Mr. Faragalla's employment on a *nunc pro tunc* basis. In addition, the Application contains inadequate information to determine if the fees charged by Mr. Faragalla are reasonable because the Application does not describe the type of services provided or provide time records with which the Court could conduct a lodestar analysis.

**BACKGROUND**

1. On February 21, 2024, the debtor, Genie Investments NV, Inc. ("Debtor") filed a voluntary petition under chapter 11 of the Bankruptcy Code. (Doc. No. 1).

2. The United States Trustee has argued throughout this case that a chapter 11 trustee should be appointed, or the case should be converted to chapter 7 due to the Debtor's fraudulent acts and gross mismanagement. Currently, the United States Trustee's Second Motion to Appoint Chapter 11 Trustee or Convert Case to Chapter 7 is pending ("Trustee Motion"; Doc. No. 154). A final hearing on the Trustee Motion is scheduled for August 8, 2024, and the Court is expected to rule upon the appointment of a fiduciary shortly thereafter.

3. On July 26, 2024, the Debtor filed the Application on 21-day negative notice.

4. The Application covers a period from the filing of the case through the day before the filing of the Application.

5. The Application does not include time records or provide any narrative description of the type of services provided.

6. The Court has not authorized Mr. Faragalla's employment by the bankruptcy estate. In a separate pleading, the United States Trustee has objected to Mr. Faragalla's employment, arguing that the fiduciary appointed by the Court should decide which professionals to employ, *nunc pro tunc* employment is inappropriate, and insufficient information is provided to determine if the employment would benefit the estate.

## LEGAL BACKGROUND

7. Section 330(a)(1) of the Bankruptcy Code allows the Court to award "reasonable compensation for actual, necessary services" rendered by any professional person and paraprofessionals employed by a trustee. *In re Richert Funding, LLC*, No. 6:18-BK-06276-KSJ, 2020 WL 6019695, at *2 (Bankr. M.D. Fla. Sept. 24, 2020). Under section 330, "[t]he fee applicant bears the burden of documenting appropriate hours and hourly rates, and should set out the general subject matter of time expenditures with sufficient particularity to enable the Court to assess the

reasonableness of the time spent." *In re W.G. Shuckers, Inc.*, 232 B.R. 524, 528 (Bankr. S.D. Ga. 1999) Compensation under § 330 must be compensated using the lodestar method. "Simply put, the 'lodestar method,' is a computation of the reasonable time expended by counsel in performing the reasonably required services rendered multiplied by a reasonable hourly rate." *In re Dunkin's Diamonds, Inc.*, 420 B.R. 883, 886 (Bankr. M.D. Fla. 2009). Bankruptcy courts determine reasonableness of compensation under § 330 upon considering the "nature, the extent, and the value of such services, taking into account all relevant factors, including" those listed in § 330(a)(3). *Richert* at *2.

8. Professional persons are not entitled to any compensation for postpetition services if they did not obtain prior approval of their employment from the Court, unless they can obtain *nunc pro tunc* employment. *In re United Container LLC*, 305 B.R. 120, 129 (Bankr. M.D. Fla. 2003). "It is consistently held that an attorney is not entitled to any compensation for postpetition services if the employment was not approved by the Court. Court approval of the employment of counsel for a debtor in possession is the *sine qua non* to counsel getting paid. Failure to obtain court approval of a professional in accordance with § 327 and Rule 2014 precludes the payment of fees." *In re Nestor*, 628 B.R. 707, 715 (Bankr. S.D. Fla. 2019) (internal citations omitted).

## OBJECTIONS

9. The United States Trustee objects to Mr. Faragalla receiving compensation from the bankruptcy estate. As set forth in a separate pleading, Mr. Faragalla should not be employed by the estate due to the likely imminent appointment of a fiduciary and because he did not include sufficient information in his employment application to determine that his services would be of benefit to the estate. In the alternative, Mr. Faragalla did not include any facts that would justify *nunc pro tunc* employment during the period for which he seeks compensation. Mr. Faragalla

should not be compensated from the estate because employment is a prerequisite to compensation.

10.     Second, the Application does not contain time records from which the Court can conduct a lodestar analysis or contain any other objective indica of reasonableness. As such, Mr. Faragalla has not met his burden of demonstrating that his compensation is reasonable pursuant to 11 U.S.C. § 330. Therefore, the Application should be denied.

WHEREFORE, the Court should deny the Application and take such other actions as the Court deems appropriate.

Dated:   August 7, 2024.                                  Respectfully Submitted,

                                                                          Mary Ida Townson,
                                                                          United States Trustee, Region 21

                                                                          _/s/  Scott Bomkamp_
                                                                          Scott Bomkamp, Trial Attorney
                                                                          Indiana Bar No.: 28475-49
                                                                          Office of the United States Trustee
                                                                          U.S. Department of Justice
                                                                          George C. Young Federal Building and Courthouse
                                                                          400 W. Washington Street, Suite 1100
                                                                          Orlando, FL 32801
                                                                          Telephone No.:  (407) 648-6301
                                                                          Facsimile No.:   (407) 648-6323
                                                                          Email: scott.e.bomkamp@usdoj.gov

5

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing objection has been served electronically through CM/ECF on August 7, 2024, to all parties having appeared electronically in the instant matter and by First Class mail on the following.

Genie Investments NV Inc.
PO Box 60443
Jacksonville, FL 32236

Michael Faragalla
1840 Coral Way, 4th Floor
Miami, FL 33145

                                              */s/ Scott Bomkamp*
                                         Scott Bomkamp, Trial Attorney