UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
flmb.uscourts.gov

In re:

Genie Investments NV, Inc.

    Debtor

_____/

Case No.: 3:24-bk-00496-BAJ

Chapter 11

**UNITED STATES TRUSTEE'S OBJECTION TO APPLICATION TO EMPLOY MICHAEL FARAGALLA AS SPECIAL COUNSEL**

Mary Ida Townson, the United States Trustee for Region 21 ("United States Trustee"), through the undersigned counsel, objects to the Debtor's Application to Employ Michael Faragalla, Esq. with Spiegel and Ultera, P.A. as Special Counsel ("Application"; Doc. No. 183) and states as follows.

**SUMMARY OF ARGUMENT**

The Court should not authorize the employment of Mr. Faragalla for at least three reasons. First, the Court should appoint a chapter 11 trustee or chapter 7 trustee, and this fiduciary should decide who to employ. Second, the Application does not set forth facts to warrant *nunc pro tunc* employment, which is extraordinary relief. Third, the Application does not set forth sufficient information to establish that Mr. Faragalla's employment would be of benefit to the bankruptcy estate, especially considering the concurrent employment of Adam Walker as special counsel.

**BACKGROUND**

1.    On February 21, 2024, the debtor, Genie Investments NV, Inc. ("Debtor") filed a voluntary petition under chapter 11 of the Bankruptcy Code. (Doc. No. 1).

2.    The United States Trustee has argued throughout this case that a chapter 11 trustee should be appointed or the case should be converted to chapter 7 due to the Debtor's fraudulent

acts and gross mismanagement. Currently, the United States Trustee's Second Motion to Appoint Chapter 11 Trustee or Convert Case to Chapter 7 is pending ("Trustee Motion"; Doc. No. 154). A final hearing on the Trustee Motion is scheduled for August 8, 2024, and the Court is expected to rule upon the appointment of a fiduciary shortly thereafter.

3. On July 26, 2024, the Debtor filed the Application on 14-day negative notice.

4. The Application does not state that the Debtor is seeking *nunc pro tunc* relief, nor set forth any facts or argument demonstrating extraordinary circumstances or excusable neglect. However, the Debtor has also filed an interim fee application for Mr. Faragalla for the time period between the petition date and filing of the Application. So, it appears that the Debtor is seeking *nunc pro tunc* relief.

5. The Affidavit of Proposed Attorney attached to the Application states that Mr. Faragalla represents the Debtor in a civil arbitration related to breach of contract. Upon information and belief, such litigation pertains to the litigation of non-disparagement clauses under contracts with allegedly defrauded small business owners. The Debtor has already retained Adam Walker as special counsel for arbitration matters (Doc. Nos. 37 and 128).

**LEGAL BACKGROUND**

6. Pursuant to 11 U.S.C. § 327(e), a debtor-in-possession, which has the powers of a trustee under 11 U.S.C. § 1107(a), "may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed."

7. "The term 'adverse interest' is not defined by the Bankruptcy Code. An often-cited definition of "to hold an adverse interest" is: (1) to possess ... an economic interest that would

tend to lessen the value of the bankruptcy estate or that would create an actual or potential dispute in which the estate is a rival claimant; or (2) to possess a predisposition under circumstances that render such a bias against the estate." *In re Vernell*, 2007 WL 2746624, at *2 (Bankr. S.D. Fla. Sept. 14, 2007) (internal citations omitted).

8. *Nunc pro tunc* approval of an application of a professional is not automatic. Some Courts have found that "extraordinary circumstances" are required, while other Courts apply the standard of "excusable neglect." *Compare In re Jones*, 138 B.R. 289, 293 (Bankr. M.D. Fla. 1992) (excusable neglect) *to In re Smith*, 125 B.R. 841, 842 (Bankr. M.D. Fla. 1991) (requiring extraordinary circumstances). In any case, the Debtor must explain the circumstances that caused the application not to be timely filed.

**OBJECTIONS**

9. The United States Trustee objects to Mr. Faragalla's employment for three reasons. First, the Debtor should be removed as a debtor-in-possession for the reasons set forth in the Trustee Motion. Upon removal as a debtor-in-possession, the Debtor would lose the powers of a "trustee" under section 1107, and, therefore, no longer have the power to employ professionals under section 327. At the very least, the Court should decide the Trustee Motion before authorizing the employment of any additional professionals in this case.

10. Second, the Application does not set forth adequate facts to justify *nunc pro tunc* relief. There is simply no explanation as to why the Debtor did not seek to employ Mr. Faragalla shortly after filing bankruptcy in February, and instead waiting a full five months. The allegations in the Application do not meet the standard of "excusable neglect," much less "extraordinary circumstances."

11. Third, the Application does not set forth adequate facts to demonstrate that the

employment would be in the best interest of the bankruptcy estate. The Debtor does not explain why it needs an additional special counsel beyond the employment of Mr. Walker. In addition, to the extent that the underlying arbitration relates to pursuit of allegedly defrauded small business owners for alleged disparagement, such litigation is of dubious value to the bankruptcy estate, especially if the Debtor does not continue operating.

WHEREFORE, the Court should deny the Application and take such other actions as the Court deems appropriate.

Dated:   August 7, 2024.                                Respectfully Submitted,

Mary Ida Townson,
United States Trustee, Region 21

   /s/  Scott Bomkamp
Scott Bomkamp, Trial Attorney
Indiana Bar No.: 28475-49
Office of the United States Trustee
U.S. Department of Justice
George C. Young Federal Building and Courthouse
400 W. Washington Street, Suite 1100
Orlando, FL 32801
Telephone No.:   (407) 648-6301
Facsimile No.:   (407) 648-6323
Email: scott.e.bomkamp@usdoj.gov

4

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing objection has been served electronically through CM/ECF on August 7, 2024, to all parties having appeared electronically in the instant matter and by First Class mail on the following.

Genie Investments NV Inc.
PO Box 60443
Jacksonville, FL 32236

Michael Faragalla
1840 Coral Way, 4th Floor
Miami, FL 33145

                                             */s/ Scott Bomkamp*
                                           Scott Bomkamp, Trial Attorney