UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
flmb.uscourts.gov

In re:

Genie Investments NV, Inc.

    Debtor
_____/

Case No.: 3:24-bk-00496-BAJ

Chapter 11

**UNITED STATES TRUSTEE'S OBJECTION TO**
**APPLICATION TO EMPLOY SUSAN RAY AS ACCOUNTANT**

Mary Ida Townson, the United States Trustee for Region 21 ("United States Trustee"), through the undersigned counsel, objects to the Debtor's Application to Employ Susan Ray as Bookkeeper and Accountant ("Application"; Doc. No. 175) and states as follows.

**SUMMARY OF ARGUMENT**

The Court should not authorize the employment of Ms. Ray at this time. First, the Court should appoint a chapter 11 trustee or chapter 7 trustee, and this fiduciary should decide who to employ. Second, to the extent that the Debtor seeks to employ Ms. Ray on a retroactive basis, the Application does not set forth facts to warrant *nunc pro tunc* employment, which is extraordinary relief.

**BACKGROUND**

1. On February 21, 2024, the debtor, Genie Investments NV, Inc. ("Debtor") filed a voluntary petition under chapter 11 of the Bankruptcy Code. (Doc. No. 1).

2. The United States Trustee has argued throughout this case that a chapter 11 trustee should be appointed, or the case should be converted to chapter 7 due to the Debtor's fraudulent acts and gross mismanagement. Currently, the United States Trustee's Second Motion to Appoint Chapter 11 Trustee or Convert Case to Chapter 7 is pending ("Trustee Motion"; Doc. No. 154). A

final hearing on the Trustee Motion is scheduled for August 8, 2024, and the Court is expected to rule upon the appointment of a fiduciary shortly thereafter.

3. On July 22, 2024, the Debtor filed the Application on 21-day negative notice.

4. The Application does not state that the Debtor is seeking *nunc pro tunc* relief. However, the Debtor has filed several other applications to employ that apparently seek *nunc pro tunc* relief, and the United States Trustee is unclear whether *nunc pro tunc* relief is contemplated in connection with the Application.

## LEGAL BACKGROUND

5. Pursuant to 11 U.S.C. § 327(a), a debtor-in-possession, which has the powers of a trustee under 11 U.S.C. § 1107(a), "may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the trustee in carrying out the trustee's duties under this title."

6. *Nunc pro tunc* approval of an application of a professional is not automatic. Some Courts have found that "extraordinary circumstances" are required, while other Courts apply the standard of "excusable neglect." *Compare In re Jones*, 138 B.R. 289, 293 (Bankr. M.D. Fla. 1992) (excusable neglect) *to In re Smith*, 125 B.R. 841, 842 (Bankr. M.D. Fla. 1991) (requiring extraordinary circumstances). In any case, the Debtor must explain the circumstances that caused the application not to be timely filed.

## OBJECTIONS

7. The United States Trustee objects to Ms. Ray's employment for two reasons. First, the Debtor should be removed as a debtor-in-possession for the reasons set forth in the Trustee Motion. Upon removal as a debtor-in-possession, the Debtor would lose the powers of a "trustee"

under section 1107, and, therefore, no longer have the power to employ professionals under section 327. At the very least, the Court should decide the Trustee Motion before authorizing the employment of any additional professionals in this case.

8. Second, the Application does not set forth adequate facts to justify *nunc pro tunc* relief to extent that the Debtor seeks it. There is simply no explanation as to why the Debtor did not seek to employ Ms. Ray shortly after filing bankruptcy in February, and instead waiting a full five months. The allegations in the Application do not meet the standard of "excusable neglect," much less "extraordinary circumstances."

WHEREFORE, the Court should deny the Application and take such other actions as the Court deems appropriate.

Dated:   August 7, 2024.                          Respectfully Submitted,

Mary Ida Townson,
United States Trustee, Region 21

   */s/  Scott Bomkamp*
Scott Bomkamp, Trial Attorney
Indiana Bar No.: 28475-49
Office of the United States Trustee
U.S. Department of Justice
George C. Young Federal Building and Courthouse
400 W. Washington Street, Suite 1100
Orlando, FL 32801
Telephone No.:   (407) 648-6301
Facsimile No.:   (407) 648-6323
Email: scott.e.bomkamp@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing objection has been served electronically through CM/ECF on August 7, 2024, to all parties having appeared electronically in the instant matter and by U.S. Mail on the following.

Genie Investments NV Inc.
PO Box 60443
Jacksonville, FL 32236

Susan Ray
4314 Argentina Circle
Pasadena, TX 77504

            /s/ Scott Bomkamp
            Scott Bomkamp, Trial Attorney