UNITED STATES BANKRUPTCY COURT

MIDDLE DISTRICT OF FLORIDA

300 N Hogan Street

Jacksonville, Florida 32202

FILED INTAKE USBC
SEP 9 '24 PM 3:25

Re: In re Genie Investments NV Inc., Case No. **3:24-bk-00496-BAJ**

**Debtors' Objection to Creditors' Request**

To the Honorable Judge Jason Burgess,

Please be advised that **Genie Investments NV Inc.** has never entered into any agreements or conducted any business dealings with **Mr. Mitchell Mims**, either personally or through any entity associated with him. This fact has been communicated to Mr. Mims on numerous occasions, both verbally and in writing. Importantly, Mr. Mims has never been included on Genie Investments NV Inc.'s creditor list, as no business transactions have ever occurred between Mr. Mims and Genie Investments NV Inc., and thus he cannot be considered a creditor.

Despite these clear communications, Mr. Mims continues to assert that he is a creditor of Genie Investments NV Inc. The recent letter submitted by the creditor committee, which attempts to establish his creditor status, appears to be yet another **unlawful collection attempt**. (See Exhibit 1) Please see Exhibit 2, dated 9-6-2024, one day after the committee's letter was uploaded to this matter, Daniel Knutsen from Knut, Inc. made one of the many collection efforts during this Bankruptcy petition.

For clarification:

1. **Mr. Mims operates a company that breached a loan agreement** with an entirely separate entity, **Genie Investments, LLC**, not Genie Investments NV Inc. (see Exhibit 3) Mr. Mims consciously chose not to remedy a breach, and as a result, his company is now in default on its loan obligations to Genie Investments, LLC.

2. The letter from the creditors' committee contains **several inaccuracies**, including the false claim that Mr. Mims has invested funds in Genie Investments, LLC (see Exhibit 4). Mr. Mims made an ICA Payment and not an investment.

To further underscore this point, the text message provided by the creditors clearly shows **Mr. Mims' own admission** that he wishes to distance himself from the "First Group." This statement confirms that Mr. Mims is fully aware that he is not part of this bankruptcy proceeding, yet he persists in asserting his baseless claim.

**Regarding Zoomeral, Inc.,** we would like to clarify the following:

- Zoomeral, Inc. is **not** and has never been a lender.
- Zoomeral has never written a letter on behalf of another company.
- Zoomeral provides a **secure communication portal** where users can message one another. It operates strictly as a **Software-as-a-Service (SaaS)** provider for messaging and has no involvement in lending activities.

**Regarding the creditor's request for clarification on Genie Investments, LLC's bank account,** we emphasize that this account belongs to **a separate company,** not Genie Investments NV Inc. Genie Investments, LLC is fully within its legal rights to collect the outstanding debt, and this has no bearing on the current bankruptcy proceedings involving Genie Investments NV Inc. Further, Genie Investments, LLC is a Delaware Limited Liability Company and Genie Investments NV Inc. is a Nevada Incorporation.

**Regarding the creditors' request to consolidate companies,** we strongly object for the following reasons:

**1. Preservation of Corporate Integrity and Legal Separation**

- **Distinct Legal Entities:** These companies are legally separate entities, each with its own ownership, liabilities, and legal rights. Consolidating them would undermine the principle of corporate separateness and disregard the legal structures in place.
- **Different Creditors and Obligations:** Each company has its own creditors and financial obligations. Consolidating could unfairly mix these relationships, potentially harming creditors of one entity by forcing them to share liabilities of an unrelated company.

### 2. Potential Harm to Creditors

- **Creditors' Rights:** Creditors assessed risk based on the assets and financial standing of individual companies. Consolidating could unfairly dilute the recoveries for creditors of a stronger entity.

- **Increased Complexity:** Consolidating would make the bankruptcy process more complex, leading to longer timelines, increased litigation, and higher costs.

### 3. Loss of Asset Protection

- **Risk to Assets:** Solvent companies could have their assets at risk if they are pooled to cover the debts of a failing entity.

- **Asset Dilution:** The overall value of solvent entities could be diminished if their assets are used to satisfy the liabilities of insolvent companies.

### 4. Disregard for Separate Business Operations

- **Different Business Models:** These companies operate in different industries, each with unique risks. Consolidating ignores these differences and would harm their operations.

- **Risk Containment:** Maintaining separate entities helps isolate risks. Consolidating risks exposing healthier companies to liabilities they were not meant to bear.

### 5. Equity Holder Impact

- **Harm to Shareholders:** Consolidation could unfairly dilute ownership for shareholders of solvent entities.

- **Loss of Control:** Shareholders could lose control over their individual businesses.

### 6. Confusion in Legal and Financial Reporting

- **Accounting and Reporting Issues:** Consolidation could lead to confusion or inaccuracies in reporting, making it difficult to understand the financial health of each entity.

### 7. Increased Likelihood of Litigation

- **Creditor and Shareholder Objections:** Consolidation will likely lead to legal challenges from creditors and shareholders, complicating and delaying the bankruptcy process.

The companies have different assets, built over separate periods. Substantive consolidation is not favored when companies have maintained distinct assets and liabilities, especially when creditors have relied on their separate identities to make financial decisions. Substantive consolidation is typically regarded as a last resort, especially when the companies in question have distinct assets and operations built over different time periods.

**Regarding the work performed by Mr. Adam Walker, Esq.,** we would like to emphasize that his contributions were invaluable to the estate. His work was exceptional, and the creditors' request to deny him payment is **unjustified and ill-conceived,** given the high quality and importance of his work.

In summary, we, the Debtor Representatives, respectfully request that the Court deny the creditors' request to consolidate separate and solvent entities into this bankruptcy proceeding. We also urge the Court to consider whether the actions from the Creditor Committee constitute unlawful collection attempts and to order the necessary sanctions.

Should the Court require any further clarification or documentation, we stand ready to provide it.

Respectfully submitted,

Debtor Representatives
**David Hughes & john-michael: cohan**
Dated; 9-9-2024

CC: Aaron Cohen
Post Office Box 4218
Jacksonville, Florida 32201

Bryan Mickler, Esq. <bkmickler@planlaw.com>

Exhibit 1: Letter from the Creditor Committee 9-5-24

[This space has been left blank intentionally.]

FILED MAIL USBC
JAX, FL SEP 5'24

Honorable Judge Burgess
Courtroom 4A (4th Floor)
Bryan Simpson United States Courthouse
Jacksonville, Florida

RE: Bankruptcy #: 3:24-bk-00496-BAJ

Dear Honorable Judge Burgess,

This letter is submitted on behalf of all creditors involved in the Genie Investments bankruptcy case. As creditors, we seek clear and definitive clarification regarding "**Preliminary Hearing on Motion for Protective Order (construed as) Filed by Creditor Kristin Stegent Doc 123 GRANTED (INTERIM BASIS) THROUGH CONTINUED HEARING.**"

Our primary objective is to understand the scope and intent of this order, particularly whether it was designed to protect all creditors in this case, as some of us continue to experience harassment from the Debtor and their legal team. *Please see attached demand letter.

For reference, here is one factual example:

On September 30, 2020, Mr. Mitchell Mimms entered into a loan agreement with Genie Investments, depositing $190,000 into a Genie ICA holding account, which was then transferred to an IOLTA trust account managed by the previous principal, Michael Conor (prosecuted felon) United States v. Connor (2:23-cr-00067), of Genie Investments. However, Mr. Mimms never received the full loan; instead, he received a single tranche payment that was less than his agreed terms.

Recently, Mr. Mimms received a demand through the Zoomeral communications portal, followed by a mailed formal demand letter from Genie, dated August 5, 2024. This Zoomeral letter was received by Mr. Mimms, who is a listed creditor in this case, just prior to the August 8 hearing. However, he also received a certified letter several days after the hearing date, on August 18, 2024, ten days after the bankruptcy was converted to Chapter 7.

**AS OF TODAY,** September 3, 2024, Mr Mimms was contacted at 10am by David Hughes and the principal of the now bankrupt Genie Investments. (See attached screenshot).

Mr. Mimms, along with other creditors, are deeply concerned that Genie has issued such demands despite that Genie's principal has testified under oath on multiple occasions, stating their intention to repay all creditors in full: "if you put a dollar in, you should get that dollar back." Mr. Mimms is among the earliest claimants in this pyramid lending scheme, having initially invested in 2020. Although he received a tranche payment, it did not cover his original ICA deposit, leaving him still at a loss of over $45,000, after accounting for fees taken by Genie and Zoomeral.

It is an indisputable fact that Mr. Mimms is a creditor with a recorded proof of claim and is listed in the bankruptcy schedules filed. Genie has been making demands for him to wire money yet to another bank account that has not been disclosed in the Schedules or in Maria Yip's Report, TD Bank Account #44444742343. Which we believe is not a Debtor-in-Possession (DIP) account.

This type of harassment has been ongoing in multiple instances with various creditors, even while Genie is in bankruptcy. Mr. Mimms, along with other creditors, feel that this matter should be reported to the court. For over four years, Mr. Mimms has been dealing with fraudulent UCC lien filing against his business, which took two years to release, along with other damages he has suffered due to Genie unjustifiably taking his money and failing to fulfill the promises and agreements made in the loan contract. To this day, Mr. Mimms has not received his $760,000 loan, despite learning throughout this bankruptcy process that Genie has managed multi-millions of dollars over the past four years while he has been waiting for the Debtor to fund his loan.

**We request clarification on the following:**
Does Genie still maintain the business account into which Mr. Mimms are being demanded to deposit money? and if so, is this not in violation of the Bankruptcy Code and court-imposed rules?

Can the court confirm that the protective order issued by your Honor extend to all creditors in this case?

**Substantive Consolidation:**
Genie Investments NV is using "Zoomeral" and "Genie Investments, LLC" to harass creditors and continue to fraud them with requests for funds.

Can the court consider an order of "substantive consolidation" to have all Genie entities combined into this bankruptcy?

| Dates of formation | Formation of Corporations | Location | Owner |
|---|---|---|---|
| 3/6/2018 | Zoomeral, Inc | Delaware | David Hughes (?) |
| 2/13/2020 | Genie Investments, LLC | Delaware | David Hughes (?) |
| 11/29/2021 | Genie Investments I, LLC | Delaware | David Hughes (?) |
| 12/17/2021 | Genie Investments NV | Nevada | David Hughes<br>Caleb Davis<br>Michael Connor<br>John M Cohan |
| 3/4/2022 | Genie Investments, LLC | Wyoming | David Hughes (?) |
| 9/14/2022 | Genie Investments II LLC | Delaware | |
| 3/21/2023 | Formation of Genie's Angels (Delaware) (changed name to Merkton Group LLC as of 2/26/2024) *post filing 5 days after bankruptcy. | Delaware | |
| 3/17/2023 | Genie Investments NV, Inc | Utah | David Hughes |
| 3/22/2023 | Genie Investments NV<br>STATEMENT AND DESIGNATION –<br>OUT-OF-STATE<br>STOCK CORPORATION | California | John Michael Cohan |
| 5/9/2023 | Genie Investments, LLC | Wyoming | |
| 3/29/2024 | Genie Investments NV, Inc | Utah | David Hughes |
| 4/25/2024 | Genie Investments NV, Inc | Florida | John M Cohan |

**\*Merkton Group LLC formally known as Genie's Angels LLC**
Genie's Angels LLC is listed in this bankruptcy as another shell company that has had funds deposited shown in the schedules of this bankruptcy.

We the creditors are concerned that the Merkton Group LLC has the same corporate filing number as Genie's Angels. We have confirmed it is a name change with Delaware Division of Corporations as of February 26, 2024. We question this could be another potential scam lender insider company of the Debtors. Here is the link to the website of the new lender that raises questions if it belongs to this Debtor in this case.   https://merktongroup.com/

One other recent questionable filing...

**Adam Walker**

An "Application to Employ Adam Walker as Special Counsel Attorney for Debtor with supporting Affidavit Contains negative notice. Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc." on March 28, 2024 (doc 37)

Adam Walker was not involved in the case to any other degree, nor did he contribute to the benefit of the bankruptcy estate. There is no order approving his application.

"Final Application for Compensation for Adam Walker as Special Counsel for Debtor for Genie Investments NV Inc., Special Counsel, Fee: $21,037.50, Expenses: $0.00, for the period of 7/9/2024 to 8/9/2024" (doc 235)

We appreciate your attention to these matters and kindly request clarity on these issues.

Thank you,

Creditors of Genie Bankruptcy
Bankruptcy case#: 3:24-bk-00496-BAJ



# INVESTMENTS



MIMS-IPR, LLC
ZOOMERAL USER ID: 1055

August 2, 2024

Re: Demand for Outstanding Principal

Dear Mitchell Mims,

This correspondence serves as an official notice regarding the outstanding principal in the amount of One hundred ninety thousand dollars ($190,000) owed under our agreement is due immediately. As of April 15, 2024, you were in default of the terms outlined in our agreement and you failed to cure the breach within the allotted 60-day period.

Before proceeding with any legal action, we wish to extend an opportunity for an amicable resolution. We are open to discussing a feasible settlement plan that works for both parties. Please contact us at your earliest convenience to initiate these discussions via this messaging system.

For your reference, here are your current totals:
| | |
|---|---|
| Outstanding Principal (OP): | $190,000 |
| (-) Interest Credit Account (ICA) balance: | $156,684 |
| Amount due today (OP less ICA): | $33,316 |

You can make your payment using the following Wiring Instructions for Wires or ACH:

Account Number: 4444742343
ACH routing: 0570-14822
Wire routing: 031101266
Title: Genie Investments LLC
Address: P.O. Box 60443, Jacksonville, Florida 32236
Bank Name: TD Bank
Bank Address: 32 Chestnut Street, P.O. Box 1377, Lewiston, Maine 04243-1377

However, should we not receive a response within 5 business days from the date of this letter, we will be compelled to pursue collection actions as afforded to us under our agreement and applicable law.

Thank you for your prompt attention to this matter. We look forward to resolving this issue promptly.

Yours sincerely,

*Genie Investments*

Genie Investments
Legal Team





## Exhibit 2: Collection Effort by of Knut, Inc. by Daniel Knutsen 9-6-24 Claim #26



Exhibit 3: The screenshot below shows page 1 of Mr. Mims' contract, which clearly specifies **Genie Investments, LLC**. Mr. Mims will not be able to present any agreement between himself, or any company he owns, and **Genie Investments NV Inc.** because no business dealings have ever existed between Mr. Mims and Genie Investments NV Inc. at any time.



Exhibit 4: The screenshot below displays a page from Mr. Mims' contract with **Genie Investments, LLC**, clearly identifying **Genie Investments, LLC** as the contracting entity. Furthermore, it clearly shows that the funds provided by Mr. Mims were categorized as an **ICA Payment**, not an investment or deposit as incorrectly claimed in the creditor's letter.

### BUSINESS GROWTH LINE OF CREDIT AGREEMENT

This Business Growth Line of Credit Agreement (as the same may from time to time be amended, restated or otherwise modified, this "Agreement") is made and entered as of the [21] day of October, 2020, between GENIE INVESTMENTS, LLC, a Delaware limited liability company (the "Lender"), and MIMS-IPR, LLC, an Alabama Limited Liability Company (the "Borrower").

#### RECITALS

A.  The Borrower desires to obtain from Lender a line of credit loan (the "LOC") in an aggregate principal amount not to exceed the Maximum Amount, as hereinafter defined.

B.  The Borrower desires to obtain the LOC from Lender for the purpose of Business Growth, as more fully described on Exhibit D attached hereto the "Project" or "Business Growth".

C.  The Borrower has agreed to remit, pursuant to Section 3.6 hereof, the amount of One Hundred Ninety Thousand Dollars ($190,000), (the "ICA Payment"), by bank wire to Lender. An account on the books and records of Lender shall be created to serve as an Interest Credit Account (the "ICA"). A credit equal to the ICA Payment shall be noted in the ICA for purposes of satisfying interest payments under the LOC and upon the terms and conditions set forth herein.