UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

GENIE INVESTMENTS NV INC.,   Case No.: 3:24-bk-00496-BAJ

Debtor.   Chapter 7
_____/

**TRUSTEE'S OBJECTION TO FIRST FEE APPLICATION AND SUPPLEMENT TO FIRST FEE APPLICATION OF HOLLAND & KNIGHT AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

Aaron R. Cohen, Chapter 7 Trustee (the "Trustee"), by and through his undersigned counsel, objects to the First Fee Application of Holland & Knight, Counsel to the Official Committee of Unsecured Creditors for Compensation and Reimbursement of Expenses (Doc. 172) (the "First H&K Fee Application") and the Supplement to First Application for Compensation and for Reimbursement of Expenses of Holland & Knight LLP as Counsel to Official Committee of Unsecured Creditors (Doc. 252) (the "Supplemental H&K Fee Application" and, together with the First H&K Fee Application, the "H&K Fee Application"), and in support thereof says:

1. On February 21, 2024 (the "Petition Date"), Genie Investments NV Inc. (the "Debtor") filed a Voluntary Petition for Relief (Doc. 1) under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division, in the case styled *In re Genie Investments NV Inc.*, Case No: 3:24-bk-00496-BAJ (the "Bankruptcy Case").

2. On May 15, 2024, the Court entered its Order Granting, Authorizing and Approving the Employment of Holland & Knight as Counsel to the Official Committee of Unsecured

78446024;1

Creditors of the Debtor Effective as of May 3, 2023[1] (Doc. 94).

3. On July 19, 2024, Holland & Knight LLP ("H&K") filed the First H&K Fee Application seeking compensation of $66,433 and reimbursement of expenses of $270.06. The Debtor filed an Objection to the First H&K Fee Application (Doc. 185).

4. On August 12, 2024, the Bankruptcy Case was converted to a Chapter 7 liquidation case and the Trustee was appointed to administer the Debtor's estate (Doc. 207).

5. A continued preliminary hearing on the First H&K Fee Application is scheduled for October 23, 2024. On October 21, 2024, H&K filed the Supplemental H&K Fee Application seeking an additional $7,692 in compensation for the period of July 18, 2024 through August 8, 2024[2].

6. After his review of the H&K Fee Application, the Trustee believes that the compensation sought is excessive and that the services rendered were of questionable value to the bankruptcy estate. For example, according to the Summaries of Tasks attached to the First H&K Fee Application and Supplemental H&K Fee Application, H&K spent 18.4 hours preparing their application to be retained by the Creditors' Committee and preparing the First H&K Fee Application.

7. H&K was employed for only three months before the case was converted to Chapter 7. Yet they are seeking compensation of almost $75,000. In contrast, the Debtor's counsel, Bryan Mickler, whose fee applications cover a period of seven months, only sought and was awarded compensation totaling $43,980. (Doc. 105 and 217).

---

[1] Holland & Knight's employment was approved effective as of May 3, 2024, not 2023.
[2] The Supplemental H&K Fee Application states it is for the period of July 18, 2024 to August 8, 2024, but the invoices attached to the Supplemental H&K Fee Application go through August 12, 2024 which is the date the case was converted to Chapter 7.

8. The benefit provided to the bankruptcy estate by H&K as the Committee's counsel is not apparent. H&K as the Committee's counsel only filed one motion in the case, one objection to a proposed settlement reached by the Debtor, and one response to the Debtor's motion for protective order with respect to discovery by the Committee. According to the H&K Fee Application, 79.6 hours of the compensation is for "analysis/strategy"[3] and it is not clear what this "analysis/strategy" accomplished.

9. In summary, while the Trustee agrees that H&K is entitled to some compensation for their work representing the Committee, the amount of compensation sought appears to be excessive and of questionable value to the estate.

WHEREFORE, Aaron R. Cohen, Chapter 7 Trustee, respectfully requests that the Court deny the H&K Fee Applications and for such other and further relief as the Court deems just and proper.

Dated: October 22, 2024

AKERMAN LLP

By: */s/ Raye C. Elliott*
    Raye C. Elliott, Esq.
    Florida Bar Number: 018732
    Email: raye.elliott@akerman.com
    401 East Jackson Street, Suite 1700
    Tampa, FL 33602
    Phone: (813) 223-7333
    Fax: (813) 223-2837

Attorneys for Aaron R. Cohen, Chapter 7 Trustee

---

[3] Task Code L120, "Analysis/Strategy" is a "litigation" task code and not a bankruptcy task code. The majority of the time billed on the H&K Fee Application is not properly categorized by bankruptcy task codes.

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on October 22, 2024, I filed a true and correct copy of the foregoing with the United States Bankruptcy Court for the Middle District of Florida using the Court's CM/ECF system, which will serve copies on all counsel of record.

                                        */s/ Raye C. Elliott*
                                        Attorney

78446024;1