**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

GENIE INVESTMENTS NV INC.,                          Case No.: 3:24-bk-00496-BAJ

           Debtor.                                   Chapter 7

_____/

## NOTICE OF ISSUANCE OF SUBPOENA

Aaron R. Cohen, Chapter 7 Trustee, by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 45, hereby gives notice of the issuance of a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding (the "Subpoena") on October 24, 2024, to Scarinci & Hollenbeck, LLC formerly known as the Warren Law Group.  A true and correct copy of the Subpoena is attached to this Notice as **Exhibit 1**.

Dated:  October 24, 2024                AKERMAN LLP

                                      By: */s/ Raye C. Elliott*
                                        Raye  C. Elliott, Esq.
                                        Florida Bar Number: 018732
                                        Email: raye.elliott@akerman.com
                                        401 East Jackson Street, Suite 1700
                                        Tampa, FL 33602
                                        Phone:  (813) 223-7333
                                        Fax:  (813) 223-2837

                               Attorneys for Aaron R. Cohen, Chapter 7 Trustee

78464962;1

2

## <u>CERTIFICATE OF SERVICE</u>

       I HEREBY CERTIFY that on October 24, 2024, I filed a true and correct copy of the foregoing with the United States Bankruptcy Court for the Middle District of Florida using the Court's CM/ECF system, which will serve copies on all counsel of record and that a true and correct copy of the foregoing was sent by U.S. Mail, postage prepaid and properly addressed to, Genie Investments NV Inc., PO Box 60443, Jacksonville, FL 32236.

                                       */s/ Raye C. Elliott*

                                       Attorney

78464962;1

# Exhibit 1

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

__Middle__ District of __Florida__

In re __Genie Investments NV Inc.__
Debtor

*(Complete if issued in an adversary proceeding)*

Case No. __3:24-bk-00496-BAJ__

Chapter __7__

Plaintiff

v.

Adv. Proc. No. _____

Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Scarinci & Hollenbeck, LLC formerly known as the Warren Law Group c/o the Secretary of State as Agent, New York Department of State, One Commerce Plaza, 99 Washington Avenue, 6th Floor, Albany, NY 12231

*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A

| PLACE If by electronic delivery: raye.elliott@akerman.com If by U.S. mail or overnight delivery: Raye C. Elliott, Esq., Akerman LLP 401 East Jackson Street, Suite 1700, Tampa, FL 33602 | DATE AND TIME November 25, 2024, at 4:00 p.m.. |
|---|---|

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: __10/24/2024__

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

__/s/ Raye C. Elliott__
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* __Aaron R. Cohen, Chapter 7 Trustee__, who issues or requests this subpoena, are:

Raye C. Elliott, Esq., Akerman LLP, 401 East Jackson Street, Suite 1700, Tampa, FL 33602; 813-209-5013; raye.elliott@akerman.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

      I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
        (i) is a party or a party's officer; or
        (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
    (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
    *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
        (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
        (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
    *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
        (i) fails to allow a reasonable time to comply;
        (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
        (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
        (iv) subjects a person to undue burden.
    *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
        (i) disclosing a trade secret or other confidential research, development, or commercial information; or

        (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
        (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
        (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
    *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
        (i) expressly make the claim; and
        (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

**Exhibit A**

I.    Instructions

    A.    This document request is continuing in nature and when new knowledge or information comes to the attention of the deponent the information supplied in the answers to the document request shall be supplemented forthwith.

    B.    For each and every Request herein, you shall produce documents in your possession, custody, or control, which shall include but be limited to, documents, objects or articles described that are in your possession or that you have the right to secure the original or a copy from another person or entity.  The fact that your investigation is continuing or discovery is incomplete is not an excuse for your failure to respond to each request as fully and completely as possible.  Your responses should consist of information known to you through yourself, your agents, your attorneys, your employees, or your representatives.  All documents produced pursuant to this request are to be produced as they are kept in the usual course of business, and shall be organized and labeled (without permanently marking the item produced) so as to correspond with the categories of each numbered request hereof.  If copies or drafts exist of a document, the production of which has been requested herein, produce and submit for inspection and copying each and every copy and draft which differs in any way from the original document or from any copy or draft.

    C.    If you at any time you had possession, custody, or control of any document requested herein, and such document has been lost, destroyed, discarded, or is not presently in your possession, these documents shall be identified as completely as possible, including:

        1.    The names of the authors of the document;
        2.    The names of the persons to whom the documents or copies were sent;
        3.    The date of the document;
        4.    The date on which the document was received by each addressee, copyee or its recipients;
        5.    A description of the nature and subject matter of the document that is as complete as possible;
        6.    The date on which the document was lost, discarded or destroyed; and
        7.    The manner in which the document was lost, discarded or destroyed.

    D.    With respect to any document that you withhold under claim of privilege, you shall number such documents, hold them separately, and retain them intact pending a ruling by the Court on the claimed privilege.  In addition, you shall provide a statement, signed by an attorney representing the deponent, setting forth as to each such document:

        1.    The names of the senders or the document;

        2.    The names of the authors of the document;

3.      The names of the persons to whom the document or copies were sent;

4.      The job title of every person named in subparagraphs 1, 2 and 3 above;

5.      The date of the document;

6.      The date on which the document was received by each addressee, copyee or its recipient;

7.      A brief description of the nature and subject matter of the document; and

8.      The statute, rule or decision which is claimed to give rise to the privilege.

E.      If you cannot, after exercising due diligence to secure or produce the document(s) requested, you must identify which Request(s) that you do not have any responsive documents for, and answer the request for production to the fullest extent possible, specifying your inability to produce the document(s), providing the identity of the person who has possession, custody, or control of the requested document(s).

## III.    Documents Requested[1]

1.      All documents relating to or concerning the Warren Law Group's and attorney Scott Oh's representation of Genie Investments NV, Inc. ("Genie") with respect to a transaction with Velanos Principal Capital ("Velanos"), including but not limited to, the Warren Law Group's complete file with respect to the Genie/Velanos transaction.

2.      All correspondence, emails, text messages and all other communications[2] between the Warren Law Group and Genie concerning or relating to the transaction with Velanos.

3.      All documents relating or concerning the Warren Law Group's legal malpractice insurance policy in effect for the time period of January 1, 2022 through June 30, 2023.

---

[1] To the extent any or all documents or records responsive to this Request are in electronic format, please contact the attorney issuing this subpoena to arrange for their production.

[2] As the Chapter 7 Trustee of Genie Investments NV, Inc., the Trustee now holds the attorney/client privilege that existed between the Warren Law Group and Genie.

78461448;1