**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

GENIE INVESTMENTS NV INC.,                    Case No.: 3:24-bk-00496-BAJ

        Debtor.                                         Chapter 7

_____/

**TRUSTEE'S MOTION TO COMPEL**
**COMPLIANCE WITH SETTLEMENT AGREEMENT**

    Aaron R. Cohen, Chapter 7 Trustee (the "Trustee"), by and through his undersigned counsel, moves the Court for entry of an order compelling Velanos Principal Capital, Inc. ("Velanos") to comply with the Settlement Agreement (as defined below), and in support thereof says:

    1.    On February 21, 2024 (the "Petition Date"), Genie Investments NV Inc. (the "Debtor") filed a Voluntary Petition for Relief (Doc. 1) under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division, in the case styled *In re Genie Investments NV Inc.*, Case No: 3:24-bk-00496-BAJ (the "Bankruptcy Case").

    2.    On August 12, 2024, the Bankruptcy Case was converted to a Chapter 7 liquidation case and the Trustee was appointed to administer the Debtor's estate (Doc. 207).

    3.    Before the Bankruptcy Case converted to Chapter 7, on May 23, 2024 the Debtor filed a Motion to Approve Settlement Agreement Between Genie Investments NV, Inc. and Velanos Principal Capital, Pursuant to Federal Rule of Bankruptcy Procedure 9019 (Doc. 107) (the "Compromise Motion") which sought approval of a settlement agreement (the "Settlement Agreement") with Velanos. A copy of the Settlement Agreement is attached as **Exhibit A**.

79591730;1

4. After the Bankruptcy Case was converted to Chapter 7, the Trustee and Velanos executed an Amendment to the Settlement Agreement (the "Amendment") to substitute the Trustee in place of the Debtor for purposes of the Settlement Agreement which was filed with the Court on October 17, 2024 (Doc. 249). A copy of the Amendment is attached to the Settlement Agreement at Exhibit A.

5. On October 24, 2024, the Court entered an Order Granting the Compromise Motion and approving the Settlement Agreement (Doc. 257).

6. Paragraph 2(D) of the Settlement Agreement provided that Velanos would pay an installment payment of $2 million on or before December 31, 2024 as part of the Settlement Agreement. Velanos failed to make the installment payment required under paragraph 2(D) of the Settlement Agreement.

7. Paragraph 3 of the Settlement Agreement provides that Velanos was to provide information to its attorney about Velanos's interest in a trading account with a principal value of at least $5 million (the "Trading Account Interest") that Velanos's attorney would hold in trust and keep confidential during the term of the Settlement Agreement. Paragraph 3(E) states that upon the occurrence of any event of default under the Settlement Agreement that the Trustee had the right to request and immediately obtain from Velanos's attorney all account documents (the "Account Documents") for the Trading Account Interest. Paragraph 3(F) provides that should the legal counsel who held the Account Documents cease to represent Velanos, that Velanos would immediately engage substitute counsel, provide the Trustee with written notice of the change in legal counsel and authorize its substitute counsel to perform the duties required in paragraph 3 of the Settlement Agreement.

8. On December 23, 2024, Velanos's attorney Corey Boddie ("Attorney Boddie") notified the Trustee's counsel by email that his legal services had been terminated by Velanos and that he had informed Velanos that it must retain substitute legal counsel pursuant to the Settlement Agreement. A copy of Attorney Boddie's December 23, 2024 email is attached as **Exhibit B**.

9. Velanos has not retained substitute legal counsel as required by the Settlement Agreement.

10. Therefore, on January 8, 2025, the Trustee's counsel requested the Account Documents from Attorney Boddie. A copy of the email to Attorney Boddie is attached as **Exhibit C**. Attorney Boddie, nor anyone from Velanos, has responded at all to the request for the Account Documents.

11. The Amendment to the Settlement Agreement provides that the parties consented to the jurisdiction of this court for any and all disputes arising out of or resulting from the Settlement Agreement. Accordingly, the Trustee requests that the Court compel Velanos and Attorney Boddie to comply with the terms of the Settlement Agreement that was approved by this Court and order Attorney Boddie to turn over the Account Documents to the Trustee.

WHEREFORE, Aaron R. Cohen, Chapter 7 Trustee, respectfully requests that the Court compel compliance with the Settlement Agreement and enter an order substantially in the form as **Exhibit D** attached hereto, and for such other and further relief as the Court deems just and proper.

Dated: January 17, 2025                          AKERMAN LLP

By: */s/ Raye C. Elliott*
Raye C. Elliott, Esq.
Florida Bar Number: 018732
Email: raye.elliott@akerman.com
401 East Jackson Street, Suite 1700
Tampa, FL 33602
Phone: (813) 223-7333
Fax: (813) 223-2837

3

79591730;1

Attorneys for Aaron R. Cohen, Chapter 7 Trustee

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on January 17, 2025, I filed a true and correct copy of the foregoing with the United States Bankruptcy Court for the Middle District of Florida using the Court's CM/ECF system, which will serve copies on all counsel of record and U.S. Mail and email to:

| | |
|---|---|
| Corey D. Boddie, Esq.<br>Boddie & Associates, P.C.<br>40 Exchange Place, Suite 1800<br>New York, NY 10005<br>Email: corey@boddieassoc.com | Corey D. Boddie, Esq.<br>Boddie & Associates, P.C.<br>10940 Wilshire Blvd., Ste. 1600<br>Los Angeles, CA 90024 |
| Velanos Principal Capital, Inc.<br>4695 MacArthur Court<br>Suite 1100<br>Newport Beach, CA 92660<br>Email: jwearmouth@velanospc.com<br>josh.wearmouth@protonmail.com | Velanos Principal Capital<br>c/o Joshua Wearmouth<br>20101 SW Cypress Street<br>Newport Beach, CA 92660 |

*/s/ Raye C. Elliott*
Attorney

# Exhibit A

**AMENDMENT TO SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS**

THIS AMENDMENT TO SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS (the "Amendment") is entered into this ___ day of October, 2024 (the "Effective Date") by and between Aaron Cohen, Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Genie Investments NV, Inc. (the "Debtor") and Velanos Principal Capital, a business entity registered in Ontario, Canada ("Velanos" and collectively with the Trustee, the "Parties").

WHEREAS, on February 21, 2024, (the "Petition Date"), the Debtor filed a Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court") initiating the case styled: *In re Genie Investments NV, Inc.*, Case No: Case No. 3:24-bk-00496-BAJ (the "Bankruptcy Case").

WHEREAS, the Debtor and Velanos entered into that certain Settlement Agreement and Release of Claims (the "Existing Agreement") with an effective date of May 15, 2024 which settled certain claims the Debtor held against Velanos.

WHEREAS, on August 12, 2024 the Bankruptcy Court entered an Order Converting Case From Chapter 11 to Chapter 7 and the Trustee was appointed to administer the Debtor's estate. As a result, the Trustee now holds the Debtor's claims against Velanos.

WHEREAS, the Trustee and Velanos desire to amend the Existing Agreement to substitute the Trustee as a party to the Existing Agreement in place of the Debtor.

NOW, THEREFORE, in consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.     Amendments to the Existing Agreement. The Existing Agreement is hereby amended as follows:

    a)     The Trustee is substituted in the Existing Agreement in place of the Debtor. All references in the Existing Agreement to "Genie Investments NV, a Nevada corporation" are replaced with "Aaron Cohen, Chapter 7 Trustee for the bankruptcy estate of Genie Investments NV, Inc." and all references to "Genie" are replaced with "Trustee", with the exception of paragraphs a. b., and c on page 1 of the Existing Agreement.

    b)     Paragraph 15 of the Existing Agreement is hereby deleted in its entirety and replaced with the following:

        15. Pendency of Bankruptcy Proceedings. The Parties acknowledge that this Settlement Agreement is contingent upon the approval of this Settlement Agreement by the United States Bankruptcy Court for the Middle District of Florida (the "Bankruptcy Court") in the bankruptcy case styled *In re Genie Investments NV, Inc.*, Case No: Case No. 3:24-bk-00496-BAJ (the "Bankruptcy Case"). If the Trustee is unable to obtain Bankruptcy Court

78252077;1

approval of the Settlement Agreement in the form of a non-appealable and final order, the Settlement Agreement shall be voided as to any remaining obligations of the Parties, except that the Trustee is entitled to retain any part of the Settlement Amount previously paid by Velanos and the Consent Award entered pursuant to ¶ 6 of the Settlement Agreement shall remain in full force and effect.

c) Paragraph 16 of the Existing Agreement is hereby deleted in its entirety and replaced with the following:

16. <u>Choice of Law and Venue</u>. This Settlement Agreement shall in all respects be construed in accordance with and governed by the laws of the State of Florida applicable to contracts made and to be performed fully within the State of Florida. The Parties consent to the jurisdiction of the Bankruptcy Court for any all disputes arising out of or resulting from this Settlement Agreement.

d) Paragraph 26 of the Existing Agreement is hereby amended with the addition of the following sentence at the end of Paragraph 26:

"The Trustee is permitted to attach a copy of this Settlement Agreement to the motion to approve the Settlement Agreement (the "<u>Motion</u>") filed with the Bankruptcy Court and serve the Motion with attached Settlement Agreement on all persons required to receive service of the Motion pursuant to the United States Bankrtupcy Code and Federal Rules of Bankruptcy Procedure."

e) Paragraph 27 of the Existing Agreement is hereby amended to delete the following indicated by a ~~strike-through~~ and replaced with the following indicated by an <u>underline</u>:

~~Genie Investments NV~~
~~c/o of David Hughes~~
~~2812 Pat Tillman Drive~~
~~Springfield, Illinois 627111~~
~~dhughes@genieinvestments.com~~

<u>Aaron Cohen, Chapter 7 Trustee</u>
<u>P.O. Box 4218</u>
<u>Jacksonville, FL 32201-4218</u>

~~Legal Counsel for Genie Investments:~~
~~AW Securities Law~~
~~c/o Adam Walker~~
~~4010 Pennsylvania Ave., Suite 115-110~~
~~Kansas City, Missouri 64111~~
~~adam@awsecuritieslaw.com~~

2

78252077;1

<div style="margin-left: 2em;">
Legal Counsel for the Trustee:  
Raye Elliott  
Akerman LLP  
401 E. Jackson St., Ste. 1700  
Tampa, FL 33602  
raye.elliott@akerman.com  
</div>

    f)    Exhibit A to the Existing Agreement is deleted in its entirety. Bank account information for the Trustee has previously been provided to counsel for Velanos.

2. <u>Miscellaneous</u>.

   a) This Amendment is governed by and construed in accordance with the laws of the State of Florida applicable to contracts made and to be performed fully within the State of Florida. The Parties consent to the jurisdiction of the Bankruptcy Court for any all disputes arising out of or resulting from this Amendment.

   b) This Amendment shall inure to the benefit of and be binding upon each of the Parties and each of their respective successors and assigns.

   c) The headings in this Amendment are for reference only and do not affect the interpretation of this Amendment.

   d) This Amendment may be executed in counterparts, each of which is deemed an original, but all of which constitute one and the same agreement.

   e) This Amendment constitutes the sole and entire agreement between the Parties with respect to the subject matter contained herein, and supersedes all prior and contemporaneous understandings, agreements, representations, and warranties, both written and oral, with respect to such subject matter.

   f) Each Party shall pay its own costs and expenses in connection with this Amendment (including the fees and expenses of its advisors, accountants, and legal counsel).

IN WITNESS WHEREOF, the Parties intending to be legally bound, have duly executed and delivered this Amendment as of the Effective Date.

| **VELANOS PRINCIPAL CAPITAL** | **AARON R. COHEN, CHAPTER 7 TRUSTEE** |
|---|---|
| By: _/s/ Joshua Wearmouth_ | _/s/ Aaron R. Cohen, Trustee_ |
| Joshua Wearmouth | Aaron R. Cohen, as Chapter 7 Trustee of the bankrtupcy estate of Genie Investments NV, Inc. |
| Its: Chief Executive Officer | |
| Dated: 10/17/2024 | Dated: 10/16/2024 |

4

78252077;1

# Exhibit B

**Elliott, Raye (Ptnr-Tpa)**

| | |
|---|---|
| **From:** | Corey Boddie <corey@boddieassoc.com> |
| **Sent:** | Monday, December 23, 2024 12:21 PM |
| **To:** | Elliott, Raye (Ptnr-Tpa) |
| **Subject:** | Re: Genie Investments / Velanos |

**[External to Akerman]**

Hi Raye,
I wanted to notify you that my legal services have been terminated by Velanos. I have informed Velanos that they must retain legal counsel as per the settlement agreement. They have your contact information.

1

CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

--
Corey D. Boddie, Esq.

NEW YORK CITY OFFICE:
Boddie & Associates, PC
40 Exchange Place, Suite 1800
New York, NY 10005
local: 212-480-7652
fax: 646-349-2933

LOS ANGELES, CA OFFICE:
10940 Wilshire Blvd, Suite 1600
Los Angeles, CA 90024
Toll Free: 888-769-4773
local: 310-873-3722
fax: 323-999-5143

This e-mail and any attached files are intended solely for the use of the individual or entity to which this mail is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. Any use, disclosure, copying or distribution of this e-mail or the attached files by anyone other than the intended recipient is strictly prohibited. If you have received this e-mail in error, please notify the sender by reply e-mail or collect call to (212) 480-7652 and delete this e-mail and attached files from your system.
Thank you.

# Exhibit C

# Elliott, Raye (Ptnr-Tpa)

| | |
|---|---|
| **From:** | raye.elliott@akerman.com |
| **Sent:** | Wednesday, January 8, 2025 10:02 AM |
| **To:** | corey@boddieassoc.com |
| **Cc:** | josh.wearmouth@protonmail.com; jwearmouth@velanospc.com |
| **Subject:** | RE: Genie Investments / Velanos |

Mr. Boddie,

Since Velanos Principal Capital defaulted in making the settlement payment due December 31, 2024, the Trustee is formally requesting that you provide the Account Documents for the Trading Account Interest pursuant to paragraph 3(E) of the Settlement Agreement. I realize that you no longer represent Velanos, but Velanos has not obtained replacement counsel from whom we can request the Account Documents. If we do not receive the Account Documents from you, we will proceed with filing a motion to compel compliance with the settlement agreement and request entry of an order directing you to turn over the Account Documents. Thank you.

**Raye Elliott**
Tampa: Akerman LLP | 401 East Jackson Street, Suite 1700 | Tampa, FL 33602
D: 813 209 5013 | T: 813 223 7333| F: 813 223 2837
Jacksonville: Akerman LLP | 50 North Laura Street, Suite 3100 | Jacksonville, FL 32202
T: 904 798 3700 | F: 904 798 3730
raye.elliott@akerman.com

# Exhibit D

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:                                                                                          Case No.:   3:24-bk-00496-BAJ
                                                                                                Chapter 11
GENIE INVESTMENTS NV INC.,

        Debtor.
_____/

**ORDER GRANTING TRUSTEE'S MOTION TO COMPEL**
**COMPLIANCE WITH SETTLEMENT AGREEMENT**

This case is before the Court on the Trustee's Motion to Compel Compliance With Settlement Agreement (Doc. __) (the "Motion")[1] filed by Aaron R. Cohen, as Chapter 7 Trustee (the "Trustee") seeking an order compelling Velanos Principal Capital, Inc. ("Velanos") to comply with the terms of the Settlement Agreement approved by this Court. The Court, having reviewed the Motion finds that it should be granted. Accordingly, it is

    **ORDERED**:

    1.    The Motion is granted.

    2.    Attorney Corey Boddie shall turn over to the Trustee the Velanos Account Documents within three (3) days of the entry of this Order.

---

[1] Defined terms from the Motion are incorporated by reference herein.

79593961;1

Raye C. Elliott is directed to serve a copy of this Order on interested parties who are on-CM/ECF users and file a proof of service within 3 days of entry of the Order.