**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION**

In re:
Genie Investments NV, Inc.,
Debtor.
Case No.: 3:24-bk-00496-BAJ
Chapter 7

FILED INTAKE USBC
JAN 29 '25 AM10:50

---

## MOTION TO COMPEL DISCLOSURE OF TRUSTEE COMMUNICATIONS AND ADMINISTRATIVE DECISIONS

John Michael Cohan ("John") and David Hughes ("David"), stakeholders of Genie Investments NV, Inc., along with their affiliated entities—**Capitulum LLC, Better Methods LLC, Genie's Angels LLC (aka Merkton Group LLC), Zoomeral Inc.**, and **Genie Investments II LLC** (collectively, the "Affiliated Businesses")—in their capacities as **Sole Trustees** and **Sole Beneficiaries** with **durable powers of attorney** in place for these entities, as the entities are property of and are currently managed by the secured party, **GENIE INVESTMENTS TRUST**, by and through their undersigned representatives, hereby file this **Motion to Compel Disclosure of Trustee Communications and Administrative Decisions**, pursuant to **11 U.S.C. § 704(a)(7), Fed. R. Bankr. P. 9014, and the inherent authority of this Court**, and state as follows:

---

### I. INTRODUCTION

1. The Trustee's refusal to provided **material information regarding estate administration** violates fiduciary duties under **11 U.S.C. § 704(a)(7)**, which mandates that a **trustee must furnish requested information to parties in interest.**

2. The Trustee has engaged in a **pattern of selective enforcement**, targeting Movants with **unsubstantiated fraudulent transfer claims** while **failing to pursue stronger claims** against third parties such as **the Warren Law Group and certain creditors** whose actions harmed the estate.

3. The Trustee has improperly attempted to **suppress stakeholder communications** and has sought to impose **unlawful confidentiality restrictions** without obtaining a **court order**.

4. The **Examiner's Report found no evidence of fraudulent conduct** by Movants or their Affiliated Businesses, yet the Trustee continues to pursue baseless allegations while **ignoring substantial third-party liabilities.**

5. Movants request an order compelling the Trustee to **disclose all relevant communications and administrative decisions** regarding:

    o The **Trustee's decision-making process** on pursuing or not pursuing claims.

    o The **legal basis for selective enforcement** against Movants while neglecting other estate claims.

- o Any **attempts to restrict stakeholder communications,** including any claimed basis for confidentiality.
- o The **Trustee's rationale for not pursuing claims against Warren Law Group and other creditors** whose actions harmed the estate.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter pursuant to **28 U.S.C. §§ 157 and 1334.**

7. This is a **core proceeding** under **28 U.S.C. § 157(b)(2)(A) and (O)** as it concerns the administration of the bankruptcy estate.

8. Venue is proper in this district under **28 U.S.C. § 1409.**

## III. RELEVANT FACTUAL BACKGROUND

9. On **January 24, 2025,** the Trustee issued **demand letters to Movants and their affiliated businesses** alleging fraudulent transfers. These letters were issued **only three days** after Movants asserted their **personal claims against the Warren Law Group and certain creditors,** demonstrating **retaliatory intent.**

10. The Trustee has **failed to disclose** why certain **fraudulent transfer claims were pursued against Movants while larger claims against third parties were ignored.**

11. The **Examiner's Report and the Declaration of Adam Walker, Esq.** confirm that:

- **No fraudulent intent was found** regarding transfers between Genie Investments NV and its affiliates.

- The **Trustee's fraudulent transfer allegations are speculative** and lack the required **badges of fraud** under established case law.

- Genie Investments NV **remained solvent at the time of the transfers,** refuting constructive fraud claims.

12. Despite this, the Trustee has refused to provide **any explanation or documentation** justifying their claim selection process, violating their **fiduciary duty of transparency.**

## IV. LEGAL BASIS FOR DISCLOSURE

### A. The Trustee Has a Statutory Duty to Provide Transparency

13. Under **11 U.S.C. § 704(a)(7),** the Trustee is obligated to **furnish information reasonably requested by parties in interest.**

14. **Case Law: Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343 (1985)** – Trustees owe **fiduciary duties of fairness, transparency, and impartiality to all parties in interest.**

15. **Case Law: In re Thorpe Insulation Co., 677 F.3d 869 (9th Cir. 2012)** – Stakeholders have the right to **material information about the administration of the estate.**

16. The **Trustee's refusal to disclose material information** violates these legal standards and obstructs the Movants' ability to **properly respond to estate claims.**

### B. The Trustee Cannot Impose Unlawful Confidentiality Restrictions

17. **Case Law: In re Smart World Technologies, LLC, 423 F.3d 166 (2d Cir. 2005)** – Trustees **cannot impose confidentiality restrictions on stakeholders unless authorized by the court.**

18. **Case Law: In re Cooper, 405 B.R. 801 (Bankr. N.D. Tex. 2009)** – **Stakeholders have the right to disseminate information relevant to their interests absent a court order barring disclosure.**

19. The **Trustee's efforts to suppress estate-related communications are unlawful** because no such court order exists.

### C. The Trustee's Selective Enforcement Warrants Court Scrutiny

20. **Case Law: In re AFI Holding, Inc., 530 F.3d 832 (9th Cir. 2008)** – **Trustees must enforce claims impartially** and cannot engage in **selective enforcement.**

21. The **Trustee has targeted Movants while failing to pursue stronger claims** against third parties, demonstrating **biased and bad faith administration.**

---

## V. REQUESTED RELIEF

22. Movants request that this Court issue an order **compelling the Trustee to disclose:**

- **All communications and records related to claim selection and enforcement.**

- **The legal basis for confidentiality restrictions imposed on stakeholders.**

- **Justification for failing to pursue claims against Warren Law Group and certain creditors.**

23. Movants further request that the Court **prohibit the Trustee from imposing confidentiality restrictions** without explicit court approval.

24. Movants request that the Court **retain jurisdiction to ensure compliance** with any disclosure order.

## VI. CONCLUSION

WHEREFORE, Movants respectfully request this Court to:

- **Grant this Motion to Compel Disclosure** and order the Trustee to provide all requested information within **14 days**.
- **Prohibit the Trustee from imposing confidentiality restrictions** on stakeholders unless approved by the Court.
- **Grant such other and further relief as the Court deems just and proper.**

Dated: 01-29-2025

Respectfully Submitted,

*[signature]*

**John Michael Cohan & David Hughes**
**Sole Trustees & Sole Beneficiaries of GENIE INVESTMENTS TRUST**
**Authorized Representatives, without prejudice and without recourse,**
**Movants, Pro Se, In Rem, Corpus Juris, Quasi In Rem, In personam, Under Fiduciary Duty, FS 736.0816, UTC 801-817, UPAA 203 & 207, 11 USC 541, UCC §9-109, UCC §9-503, UCC §9-607, UCC §9-615, UCC §9-202, Restatement (Third) of Trusts 70 & 85, Dodge v. Ford Motor Co. (1919), Hodel v. Irving, 481 U.S. 704 (1987), C.E. Pope Equity Trust v. United States, 818 F.2d 696 (9th Cir. 1987)**

**VIA EMAIL & U.S. MAIL**
**Aaron Cohen,** Chapter 7 Trustee
**Raye Elliott**
**Akerman LLP**
50 North Laura Street, Suite 3100
Jacksonville, Florida 32202
aaron@arcohenlaw.com;
raye.elliott@akerman.com

**VIA EMAIL ONLY:**
**Bryan K. Mickler,** Attorney for the Debtor
**Law Offices of Mickler & Mickler, LLP**
5452 Arlington Expy.
Jacksonville, Florida 32211
bkmickler@planlaw.com