**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION**

In re:
Genie Investments NV, Inc.,
Debtor.
Case No.: 3:24-bk-00496-BAJ
Chapter 7

FILED INTAKE USBC
JAN 29 '25 AM 10:50

## PROPOSED ORDER GRANTING MOTION TO COMPEL DISCLOSURE OF TRUSTEE COMMUNICATIONS AND ADMINISTRATIVE DECISIONS

THIS MATTER came before the Court upon the **Motion to Compel Disclosure of Trustee Communications and Administrative Decisions** (the "Motion") filed by **Movants, John Michael Cohan and David Hughes**. The Court, having reviewed the Motion, the Trustee's response (if any), the applicable law, and being otherwise fully advised in the premises, finds that:

1. **Movants have demonstrated a legitimate need for disclosure** of material information related to the administration of the bankruptcy estate.

2. **The Trustee is required under 11 U.S.C. § 704(a)(7) to furnish requested information** concerning the estate and its administration to parties in interest.

3. **There is no valid confidentiality restriction** preventing Movants from accessing or sharing material estate-related information, absent a court order.

4. **The Trustee's selective enforcement of claims raises concerns** that warrant court oversight and full disclosure.

5. **Transparency is essential to ensure fair and equitable administration** of the estate, and the requested disclosures are necessary for Movants to evaluate and protect their legal rights.

Accordingly, it is ORDERED:

**1. Motion to Compel Disclosure is GRANTED.**

The Trustee is hereby ORDERED to produce the following documents and information **within seven (7) days of this Order:**

**A. Communications & Justifications for Claim Selection**

- All communications, including emails, letters, and internal memoranda, concerning the Trustee's decision-making process regarding **which claims to pursue and which to forgo,** including claims against:
    - **The Warren Law Group** and related malpractice claims.
    - Any **third parties whose actions may have impacted estate recoveries.**

- - o Any decisions to pursue **fraudulent transfer claims** against Movants but not against other similarly situated entities or individuals.

**B. Confidentiality & Restrictions**

- Any and all documents outlining any **confidentiality obligations, agreements, or restrictions** the Trustee has attempted to impose on Movants or other stakeholders, including but not limited to:
    - o Legal basis for any such restrictions.
    - o Correspondence regarding confidentiality enforcement efforts.

**C. Trustee's Administrative Actions**

- A detailed **accounting and explanation** of:
    - o Why certain **potential estate recoveries** have not been pursued.
    - o Any **settlement agreements** or discussions with third parties that have influenced claim selection.
    - o A list of **all creditors and third parties the Trustee has engaged with** regarding estate recoveries.

**2. Trustee Prohibited from Imposing Confidentiality Restrictions Without Court Approval**

- The Trustee is hereby **prohibited from imposing or enforcing any confidentiality restrictions** on estate-related information **without prior court approval.**

**3. Court Retains Jurisdiction**

- The Court shall retain jurisdiction over this matter to ensure compliance with this Order and to address any further disputes arising from the Trustee's disclosures.

**DONE** AND **ORDERED** in Jacksonville, Florida, on this _____ day of _____ 2025.

_____
HONORABLE JASON BURGESS
UNITED STATES BANKRUPTCY JUDGE