UNITED STATES BANKRUPTCY COURT

MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:
Genie Investments NV Inc.,
Case No. 3:24-bk-00496-BAJ
Chapter 7



## MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO ALLOW CELL PHONE AND/OR COMPUTER ACCESS TO THE COURTHOUSE

COMES NOW, John Michael Cohan ("John"), Stakeholder of Genie Investments NV Inc., respectfully moves this Honorable Court to reconsider its Order Denying Motion to Allow Cell Phone and/or Computer Access to the Courthouse. In support of this motion, the Movant states as follows:

### I. INTRODUCTION

On January 30, 2025, this Court denied the Movant's Motion to Allow Cell Phone and/or Computer Access to the Courthouse without prejudice, allowing re-filing for evidentiary hearings. However, the Movant respectfully submits that the denial of electronic access places pro se litigants at a significant disadvantage compared to licensed attorneys who can bring electronic devices under local rules.

The unequal access to technology impairs my ability to represent myself effectively, violating fundamental principles of due process and access to the courts under the Fifth and Fourteenth Amendments of the U.S. Constitution.

### II. LEGAL STANDARD FOR RECONSIDERATION

A motion for reconsideration is appropriate when there is:

1. Newly discovered evidence that was not previously available;

2. A clear error of law or manifest injustice; or

3. An intervening change in law or facts affecting the ruling.

See *In re Walker*, 532 F.3d 1304 (11th Cir. 2008) (reconsideration warranted where new facts alter the legal analysis).

### III. DUE PROCESS VIOLATIONS

The denial of electronic access violates my constitutional rights under:

1. The Fifth Amendment – Due Process Clause

   o *Goldberg v. Kelly*, 397 U.S. 254 (1970) – The right to due process requires access to essential legal tools.

      o   *Turner v. Rogers,* 564 U.S. 431 (2011) – Fair procedures must exist for all parties, including unrepresented litigants.

2. **The Fourteenth Amendment – Equal Protection Clause**

      o   *Tennessee v. Lane,* 541 U.S. 509 (2004) – Equal access to courts must be guaranteed regardless of legal status.

      o   *Griffin v. Illinois,* 351 U.S. 12 (1956) – The justice system must ensure economic and procedural fairness.

3.    Additional Legal Authorities Supporting Access and Fair Treatment

- Bounds v. Smith, 430 U.S. 817 (1977) – Ensuring access to legal materials for meaningful participation.
- Johnson v. Avery, 393 U.S. 483 (1969) – Providing necessary legal research tools for fair defense.
- Gideon v. Wainwright, 372 U.S. 335 (1963) – Ensuring necessary tools for a fair trial.
- Boddie v. Connecticut, 401 U.S. 371 (1971) – Courts must not create barriers to access justice.
- 28 U.S.C. § 1654 – Pro se litigants have the right to represent themselves without undue disadvantage.
- Federal Rules of Civil Procedure (FRCP) 1 – Ensuring just, speedy, and inexpensive determination of every action.
- Federal Rules of Evidence (FRE) 611(a) – Courts must ensure fairness in proceedings.
- Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq. – Ensuring accessibility and accommodations.
- 11 U.S.C. § 105(a) – Granting bankruptcy courts equitable powers to ensure fairness and justice.
- Uniform Commercial Code (UCC) § 9-109 – Governing secured transactions, which are pertinent to financial and business-related matters in this case.

4. **Denial of Electronic Access Creates an Unfair Disparity in Courtroom Participation**

If this Court denies my request for electronic access, I will be the only participant in the courtroom without a cell phone or computer. The judge, clerks, opposing attorneys, and all remote participants on Zoom will have full access to their electronic devices. This creates an unjust and unequal playing field where I am procedurally disadvantaged at every stage of the hearing.

Denying me the ability to use a phone or computer while allowing every other participant to have one:

Prevents me from accessing case files in real-time, while opposing counsel can instantly retrieve documents, emails, and legal references.

Hinders my ability to respond effectively, as attorneys and court staff can search PACER, statutes, and case law while I must rely solely on pre-printed materials.

Violates due process, as recognized in *Gideon v. Wainwright,* 372 U.S. 335 (1963), which established that courts must provide tools necessary for a fair defense.

This procedural imbalance is not just inconvenient—it is a violation of fundamental fairness under the Due Process Clause of the Fifth and Fourteenth Amendments. The Supreme Court has ruled in *Tennessee v. Lane,* 541 U.S. 509 (2004), that equal access to court proceedings is a constitutional requirement. By permitting licensed attorneys to use electronic devices while denying the same privilege to pro se litigants, the Court creates a two-tiered system that unjustly favors those with legal representation. If every other party in the courtroom has access to electronic tools except me, my ability to present my case is severely impaired, placing me at a distinct procedural disadvantage.

### IV. REASONS WHY MOVANT REQUIRES CELL PHONE AND/OR COMPUTER ACCESS

**Case Management & Legal Research**

1. **Access to electronic case files on PACER/ECF.**
   - o   **Case:** *Bounds v. Smith,* 430 U.S. 817 (1977)
   - o   **Key Phrases:** Access to legal resources, meaningful participation, due process

2. **Reviewing and preparing motions in real time.**
   - o   **Case:** *Turner v. Rogers,* 564 U.S. 431 (2011)
   - o   **Key Phrases:** Fair trial, procedural fairness, pro se disadvantage

3. **Ability to cite legal authorities instantly.**
   - o   **Case:** *Gideon v. Wainwright,* 372 U.S. 335 (1963)
   - o   **Key Phrases:** Legal access, necessary tools, fundamental fairness

4. **Retrieving and referencing exhibits efficiently.**
   - o   **Case:** *Carter v. Illinois,* 329 U.S. 173 (1946)
   - o   **Key Phrases:** Right to evidence, self-representation, material access

5. **Verifying case law, rules, and statutes as arguments evolve.**
   - o   **Case:** *Johnson v. Avery,* 393 U.S. 483 (1969)
   - o   **Key Phrases:** Legal research, prisoner rights, fair process

6. **Quick fact-checking during hearings.**
   - o   **Case:** *Lassiter v. Dep't of Soc. Servs.,* 452 U.S. 18 (1981)
   - o   **Key Phrases:** Right to fair hearing, legal complexity, pro se struggle

7. **Maintaining a record of filings and responses.**

- o Case: *United States v. Gonzales-Lopez,* 548 U.S. 140 (2006)
- o Key Phrases: Right to advocacy, accuracy in filings, record integrity

**Communication & Coordination**

8. Contacting co-stakeholders and legal advisors.

   - o Case: *Tennessee v. Lane,* 541 U.S. 509 (2004)
   - o Key Phrases: Equal access, necessary accommodations, courthouse access

9. Communicating with opposing counsel.

   - o Case: *Herring v. New York,* 422 U.S. 853 (1975)
   - o Key Phrases: Adversarial fairness, due process, courtroom procedure

10. Receiving urgent court notifications and orders.

   - o Case: *Fuentes v. Shevin,* 407 U.S. 67 (1972)
   - o Key Phrases: Notice requirement, legal preparedness, fair hearing

**Documentation & Evidence Presentation**

11. Storing exhibits in digital format for easy retrieval.

   - o Case: *Crane v. Kentucky,* 476 U.S. 683 (1986)
   - o Key Phrases: Right to present evidence, information management, justice

12. Displaying evidence electronically when needed.

   - o Case: *Chambers v. Mississippi,* 410 U.S. 284 (1973)
   - o Key Phrases: Right to present a defense, evidence accessibility, trial fairness

**Financial and Business Necessities**

13. Monitoring company financials related to bankruptcy.

   - o Case: *Pepper v. Litton,* 308 U.S. 295 (1939)
   - o Key Phrases: Bankruptcy fairness, trustee duties, financial oversight

14. Accessing business records crucial to this case.

   - o Case: *Butcher v. Bailey,* 753 F.2d 465 (6th Cir. 1985)
   - o Key Phrases: Document access, case relevance, financial records

**Time Sensitivity & Courtroom Efficiency**

15. Avoiding delays caused by lack of document access.

   - o Case: *Moore v. Dempsey,* 261 U.S. 86 (1923)

- o **Key Phrases:** Trial efficiency, procedural delay, legal fairness

16. **Faster preparation and response to court requests.**

   - o **Case:** *Strickland v. Washington,* 466 U.S. 668 (1984)

   - o **Key Phrases:** Legal preparedness, timely defense, judicial fairness

**Fairness & Equal Protection**

17. **Leveling the playing field against represented parties.**

   - o **Case:** *Griffin v. Illinois,* 351 U.S. 12 (1956)
   - o **Key Phrases:** Equal protection, economic disparity, fairness in litigation

18. **Ensuring equal access to legal tools.**

   - o **Case:** *Boddie v. Connecticut,* 401 U.S. 371 (1971)
   - o **Key Phrases:** Due process, court accessibility, legal equity

19. **Avoiding an undue burden on self-representation.**

   - o **Case:** *Faretta v. California,* 422 U.S. 806 (1975)
   - o **Key Phrases:** Self-representation, fundamental rights, fair trial

**Personal & Practical Considerations**

20. **Maintaining personal security via emergency communication.**

   - o **Case:** *Deshaney v. Winnebago County,* 489 U.S. 189 (1989)
   - o **Key Phrases:** Personal safety, government responsibility, security

21. **Preventing financial loss due to disrupted business operations.**

   - o **Case:** *Goldberg v. Kelly,* 397 U.S. 254 (1970)
   - o **Key Phrases:** Economic impact, due process, fair hearing

**Time Sensitivity & Courtroom Efficiency**

22. **Reducing reliance on physical paper copies.**

   - o **Case:** *Nixon v. Warner Communications, Inc.,* 435 U.S. 589 (1978)
   - o **Key Phrases:** Public access, document management, courtroom efficiency

23. **Ensuring real-time transcription and note-taking.**

   - o **Case:** *Anders v. California,* 386 U.S. 738 (1967)
   - o **Key Phrases:** Effective advocacy, legal accuracy, real-time documentation

24. **Minimizing disruptions by pre-loading necessary files.**

   - o **Case:** *Illinois v. Allen,* 397 U.S. 337 (1970)
   - o **Key Phrases:** Courtroom decorum, trial management, judicial discretion

**Fairness & Equal Protection**

25. **Overcoming procedural complexity disadvantages.**
    - o **Case:** *Powell v. Alabama,* 287 U.S. 45 (1932)
    - o **Key Phrases:** Due process, pro se disadvantage, legal complexity

26. **Enabling participation in remote proceedings when needed.**
    - o **Case:** *Morris v. Slappy,* 461 U.S. 1 (1983)
    - o **Key Phrases:** Access to proceedings, fair representation, case management

27. **Avoiding excessive reliance on court-provided facilities.**
    - o **Case:** *Bounds v. Smith,* 430 U.S. 817 (1977)
    - o **Key Phrases:** Legal resource access, self-representation, undue burden

28. **Ensuring timely access to court schedules and changes.**
    - o **Case:** *Fuentes v. Shevin,* 407 U.S. 67 (1972)
    - o **Key Phrases:** Due process, notice requirement, timely response

**Personal & Practical Considerations**

29. **Providing immediate verification of factual disputes.**
    - o **Case:** *Chambers v. Mississippi,* 410 U.S. 284 (1973)
    - o **Key Phrases:** Right to present evidence, factual accuracy, judicial fairness

30. **Preventing technical disadvantages when attorneys have access.**
    - o **Case:** *Gideon v. Wainwright,* 372 U.S. 335 (1963)
    - o **Key Phrases:** Equal access, unfair advantage, effective defense

### V. Lack of Emergency Communication Policy Poses a Serious Safety Risk

The **Middle District of Florida** and **Bankruptcy Court** do not appear to have any publicly available policy concerning emergency communications inside the courthouse. This fact was confirmed through:

1. **A review of the court's official website** (flmd.uscourts.gov and flmb.uscourts.gov), which does not list any emergency communication policies for individuals prohibited from carrying electronic devices.

2. **A direct inquiry with the Bankruptcy Court Clerk's Office,** where a clerk checked the website and found no policy addressing emergency communications.

3. **A call to the District Court Clerk's Office,** where the clerk stated she did not believe such a policy exists.

The absence of an emergency communication policy creates an **unacceptable safety risk** for court visitors, particularly for pro se litigants who are denied access to their cell phones and

computers. If an emergency occurs—such as a medical emergency, a security threat, or an urgent need to contact law enforcement—I will have no way to contact emergency services or notify authorities.

Courthouses are high-risk environments where legal disputes can escalate, and individuals may face sudden medical or personal emergencies. Licensed attorneys are allowed to carry cell phones inside the courthouse, giving them an immediate means to call for help in an emergency, while pro se litigants are left vulnerable. This creates a disparate risk factor that violates basic safety considerations and equal protection under the law.

**Legal Precedents for Access to Emergency Communication**

While no specific court decisions address courthouse emergency communication policies, courts have ruled that access to communication tools is essential to protect constitutional rights:

- DeShaney v. Winnebago County, 489 U.S. 189 (1989)

    - The government has a duty to ensure basic safety and access to protection in certain settings. Denying pro se litigants access to emergency communication while permitting attorneys to retain their devices creates an unjustifiable disparity in safety measures.

- Tennessee v. Lane, 541 U.S. 509 (2004)

    - Equal access to courthouses is required under the Americans with Disabilities Act (ADA) and broader equal protection principles. Blocking pro se litigants from emergency communication access while allowing attorneys an advantage violates principles of equal protection and safety.

**Proposed Solution**

Given the court's lack of an emergency communication policy, the safest and most practical solution is to grant an exception allowing me to bring a cell phone or computer for emergency purposes. In the alternative, the court should implement an emergency communication policy ensuring that pro se litigants have equal access to assistance in the event of a crisis.

## VI. REQUESTED RELIEF

WHEREFORE, the Movant respectfully requests that this Court:

1. Reconsider its Order Denying Access and grant an exception allowing electronic access.

2. Alternatively, permit electronic access for all hearings, including non-evidentiary proceedings.

3. Issue a ruling affirming the rights of pro se litigants to equal courtroom access.

4. Grant such further relief as this Court deems just and proper.

Dated: February 5, 2025

Respectfully submitted,

John Michael Cohan

Stakeholder of GENIE INVESTMENTS NV INC.

A Sole Trustee & Sole Beneficiary of GENIE INVESTMENTS TRUST

Authorized Representative, without prejudice and without recourse,

Movant, Pro Se, In Rem, Corpus Juris, Quasi In Rem, In personam, Under Fiduciary Duty, FS 736.0816, UTC 801-817, UPAA 203 & 207, 11 USC 541, UCC §9-109, UCC §9-503, UCC §9-607, UCC §9-615, UCC §9-202, Restatement (Third) of Trusts 70 & 85, Dodge v. Ford Motor Co. (1919), Hodel v. Irving, 481 U.S. 704 (1987), C.E. Pope Equity Trust v. United States, 818 F.2d 696 (9th Cir. 1987)

## EXHIBIT LIST

**In Support of the Motion for Reconsideration of Order Denying Motion to Allow Cell Phone and/or Computer Access to the Courthouse**

**Exhibit A – Order Denying Motion to Allow Electronic Access**

A copy of the January 30, 2025, Order denying the Movant's original motion to allow cell phone and/or computer access to the courthouse. This order states that access was denied **without prejudice**, allowing for reconsideration if requested for evidentiary hearings. This exhibit is critical to establish the procedural history and that reconsideration is warranted.

**Exhibit B – Local Rules 7.02 & 5073-1 (Middle District of Florida & Bankruptcy Court Rules)**

These local rules prohibit the use of electronic devices by non-attorneys but allow licensed attorneys to bring cell phones and computers into the courthouse. This exhibit is provided to demonstrate the **disparate treatment of pro se litigants**, supporting the **equal protection** argument.

**Exhibit C – Copy of a Notice of Hearing**

The Notice of Hearing states one of the ways to *"Avoid Delays at Courthouse security checkpoints,"* along with photo I.D.....the presiding judge can enter an order to allow cellphone or computers.

**Exhibit D – Case Law Summaries Supporting Due Process & Equal Protection Claims**

A compilation of legal precedents cited in the motion, including:

- *Bounds v. Smith,* 430 U.S. 817 (1977) (right to legal resources),
- *Turner v. Rogers,* 564 U.S. 431 (2011) (fair procedures for pro se litigants),
- *Griffin v. Illinois,* 351 U.S. 12 (1956) (equal protection in litigation access),
- *Faretta v. California,* 422 U.S. 806 (1975) (right to self-representation).

*This exhibit highlights Supreme Court rulings affirming that litigants must have access to necessary legal tools and resources.*

**Exhibit E – PACER Docket Sheet for Case No. 3:24-bk-00496-BAJ**

The docket sheet from PACER/ECF showing the volume and complexity of filings in this case. This exhibit supports the claim that electronic access is necessary to effectively track and respond to filings in real-time.

**Exhibit F – List of Electronic Court Filings Requiring Immediate Access**

Examples of motions, orders, and filings relevant to this case that the Movant must access electronically in real-time during hearings. This exhibit demonstrates that denying on-the-spot access to these documents places the Movant at a severe disadvantage.

**Exhibit G – Email Correspondence with Opposing Counsel & Court**

Example of email exchanges between the Movant and opposing counsel and/or the court that illustrate the need for real-time communication and document access. This exhibit further highlights the delays caused by lack of electronic access.

**Exhibit H – Genie Investments NV Inc. Business Records Relevant to This Case - 22.6GB of Information, 11,005 Files, 3,349 Folders are Stored**

Business financial records, balance sheets, and contracts stored in electronic format that are relevant to court proceedings. This exhibit of the amount of storage space Genie Investments files proves that the Movant requires electronic access to retrieve business records necessary for the case.

**Exhibit I – Public Policy Statement on Equal Access to Courts for Pro Se Litigants**

A statement or policy paper from a legal advocacy organization discussing the importance of fair access to courts for self-represented individuals. This exhibit reinforces the need for equal technological accommodations.

# EXHIBIT A

[jiffyordnh] [Bench Order No Hearing +]

**ORDERED.**

Dated: **January 30, 2025**

_____
Jason A. Burgess
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

In re:                                                                    Case No. 3:24-bk-00496-BAJ
                                                                          Chapter 7

Genie Investments NV Inc.

_____Debtor*_____/

**ORDER DENYING MOTION TO ALLOW CELL PHONE AND/OR COMPUTER ACCESS TO THE COURTHOUSE**

THIS CASE came on for consideration without a hearing of the Motion to Allow Cell Phone and/or Computer Access to the Courthouse (Doc. 278 ), filed by Interested Party John-Michael Cohan .

The Court having considered the record, the Motion to Allow Cell Phone and/or Computer Access to the Courthouse is Denied .

The Motion is denied without prejudice to the Movant requesting cell phone and/or computer access for an evidentiary hearing.

The Court in its discretion may file written findings of facts and conclusions of law at a later date.

Service Instructions:

The Clerk's office is directed to serve a copy of this order on interested non-CM/ECF users.

*All references to "Debtor" shall include and refer to both of the debtors in a case filed jointly by two individuals.

# EXHIBIT B

**EXHIBIT B**

**1. Local Rules of the Middle District of Florida and Bankruptcy Court**

**a. Middle District of Florida – Local Rule 7.02: Electronics in a Courthouse**

**(a) Prohibition.** No person may enter or remain in a courthouse with an electronic device, except:

1. A member of The Florida Bar or a specially admitted lawyer;

2. A person with a judge's order permitting passage with electronics;

3. An employee who works in the courthouse, a lawyer who works for the United States, and a law enforcement officer on official business.

**(b) Use.** A person authorized under (a) to enter with an electronic device:

1. Must keep the device on silent mode beyond the security checkpoint;

2. Must not use the device to take photographs or to record video or audio, except in connection with a ceremonial proceeding with the judge's permission;

3. Must not use the device to communicate in any way with a witness during the witness's testimony;

4. Must not use the device to transmit or receive communications concerning any proceeding during the proceeding;

5. Must not use the device in a manner that disrupts any judicial proceeding.

**(c) Enforcement.** A judge may enforce this rule and may limit or prohibit the use of an electronic device.

This rule outlines the restrictions and allowances for electronic devices within the courthouse, specifying who may possess them and under what conditions.

**b. Bankruptcy Court – Local Rule 5073-1: Photography, Recording Devices & Broadcasting; Electronics in the Courthouse**

**Rule 5073-1: Photography, Recording Devices & Broadcasting; Electronics in the Courthouse**

Rules 5.01 and 7.02 of the Local Rules of the United States District Court for the Middle District of Florida and General Order 6:13-MC-94-ORL-22 posted on the Court's website, www.flmb.uscourts.gov, apply to all cases and proceedings in the Court.

## Notes of Advisory Committee

### 2021 Amendment

This amendment revises the rule to reference new Middle District of Florida Local Rules 5.01 (Broadcasting, Recording, and Photographing) and 7.02 (Electronics in Courthouse) (effective on January 1, 2021). The title of the rule is also amended to conform to the Uniform Numbering System for Local Bankruptcy Court Rules. This amendment to the rule is effective August 1, 2021.

### 2016 Amendment

This amendment brings the rule current with Court practices. This amendment to the rule is effective July 1, 2016.

### 1998 Amendment

This amendment reflects the District Court's responsibility for regulating the possession and use of equipment and devices into the building in which court proceedings are conducted. Accordingly, this amendment simply deletes the Bankruptcy Court's rule on these subjects and applies in the Bankruptcy Court the provisions of the District Court's corresponding local rule. This amendment to the rule was effective on October 15, 1998.

### 1997 Amendment

This amendment conforms the existing Local Rules to the uniform numbering system prescribed by the Judicial Conference of the United States and to the model system suggested and approved by the Advisory Committee on Bankruptcy Rules of the Judicial Conference's Committee on Rules of Practice and Procedure. In renumbering the Local Rules to conform to the uniform numbering system, no change in substance is intended. This amendment to the rule was effective on April 15, 1997.

This rule references the District Court's Local Rules 5.01 and 7.02, as well as General Order 6:13-MC-94-ORL-22, indicating that the regulations concerning photography, recording, devices, broadcasting, and electronics in the courthouse are governed by these provisions.

# EXHIBIT C

[Dntchrg] [District Notice of Hearing (Reaf)]

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

In re:

Case Number:
3:24−bk−00496−BAJ
Chapter 7

Genie Investments NV Inc.

_____Debtor*_____/

## NOTICE OF HEARING

**PLEASE TAKE NOTICE:**

1.  The Honorable Jason A. Burgess will conduct a non−evidentiary hearing on **February 25, 2025 at 10:00 AM in Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street, Jacksonville, FL 32202** to consider the following:

**Combined Motion For Sanctions and Protective Order Against Chapter 7 Trustee for Retaliatory Conduct, Abuse of Process, and Breach of Fiduciary Duty Filed by Interested Parties John Michael Cohan, David Hughes, Doc. No. 274**

2.  All parties may attend the hearing in person. Parties are directed to consult the Procedures Governing Court Appearances regarding the Court's policies and procedures for attendance at hearings by Zoom, available at https://www.flmb.uscourts.gov/judges/burgess/.

3.  A party that opposes the relief sought in the matter to be heard must appear at the hearing; otherwise, any objection or defense may be deemed waived.

4.  The Court may continue this matter upon announcement made in open court and reflected on the docket without further written notice.

**Avoid delays at Courthouse security checkpoints**. You must show a photo I.D. to enter the Courthouse. Except in the Orlando Courthouse, you may not bring a cell phone or a computer into the Courthouse unless you are an attorney with a valid Florida Bar identification card or a pro hac vice order, or the presiding judge has entered a specific order authorizing you to bring your cell phone or computer into the Courthouse. *See* Rule 7.02 of the Local Rules of the United States District Court for the Middle District of Florida and Rule 5073−1 of this Court's Local Rules.

Dated January 28, 2025

FOR THE COURT
Jose A Rodriguez,
Clerk of Court
Bryan Simpson United States Courthouse
300 North Hogan Street
Suite 3−150
Jacksonville, FL 32202

*All references to "Debtor" include and refer to both the debtors in a case filed jointly by two individuals.
The Clerk's office is directed to serve a copy of this Notice on interested parties.

# EXHIBIT D

## EXHIBIT D

1. *Bounds v. Smith,* 430 U.S. 817 (1977)

The Supreme Court held that the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in preparing and filing legal papers by providing adequate law libraries or assistance from persons trained in the law. This case underscores the necessity of access to legal resources for meaningful participation in the legal process.

2. *Turner v. Rogers,* 564 U.S. 431 (2011)

The Court emphasized that even in civil contempt proceedings, due process requires fair procedures, especially when the opposing party is represented, and the individual faces potential incarceration. This highlights the need for procedural fairness and acknowledges the disadvantages faced by pro se litigants.

3. *Griffin v. Illinois,* 351 U.S. 12 (1956)

The Supreme Court ruled that states must provide trial transcripts to indigent defendants for appeals, emphasizing that access to justice should not be contingent upon one's financial status. This case establishes the principle of equal protection and fairness in legal proceedings.

4. *Faretta v. California,* 422 U.S. 806 (1975)

The Court recognized the constitutional right of individuals to represent themselves in state criminal trials, affirming the importance of self-representation and the necessity for individuals to have the means to mount an adequate defense.

# EXHIBIT E

Middle District of Florida Live Database

ADV, FeeDeferred

## U.S. Bankruptcy Court
## Middle District of Florida (Jacksonville)
## Bankruptcy Petition #: 3:24-bk-00496-BAJ

*Assigned to:* Jason A. Burgess
Chapter 7
Previous chapter 11
Original chapter 11
Voluntary
Asset

*Date filed:* 02/21/2024
*Date converted:* 08/12/2024
*341 meeting:* 09/12/2024
*Deadline for filing claims:* 12/12/2024

---

**Debtor**
**Genie Investments NV Inc.**
PO Box 60443
Jacksonville, FL 32236
DUVAL-FL
516-547-2810
Tax ID / EIN: 87-4036343

represented by **Bryan K. Mickler**
Mickler & Mickler
5452 Arlington Expressway
Jacksonville, FL 32211
904-725-0822
Fax : 904-725-0855
Email: court@planlaw.com

**Adam B. Walker**

---

**Trustee**
**Aaron R. Cohen**
P.O. Box 4218
Jacksonville, FL 32201-4218
904-389-7277

represented by **Raye Curry Elliott**
Akerman LLP
401 East Jackson Street, Suite 1700
Tampa, FL 33602
(813) 223-7333
Fax : (813) 223-2837
Email: raye.elliott@akerman.com

---

**U.S. Trustee**
**United States Trustee - JAX 11**
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801
407-648-6301

represented by **Scott E Bomkamp**
DOJ-Ust
United States Trustee
400 W. Washington St.
Ste 1100
Orlando, FL 32801
407-648-6069
Email: scott.e.bomkamp@usdoj.gov

---

**Creditor Committee**
**The Official Committee of Unsecured Creditors (Creditors Committee)**
c/o Noel R. Boeke
Holland & Knight LLP
100 North Tampa Street, Suite 4100
Tampa, FL 33602
813-277-8500

represented by **Edward M Fitzgerald**
Holland & Knight LLP
200 South Orange Ave
Suite 2600
Orlando, FL 32801
(407) 425-8500
Fax : (407) 244-5288
Email: edward.fitzgerald@hklaw.com

---

**Creditor Committee**
**Holland & Knight LLP**
c/o Noel Boeke, Esq.
100 N. Tampa St., Ste. 4100
Tampa, FL 33602

represented by **Edward M Fitzgerald**
(See above for address)

---

| Filing Date | # | Docket Text |
| --- | --- | --- |
| | | |

| 02/21/2024 | 1<br>(5 pgs) | Voluntary Petition under Chapter 11. Filing Fee Paid. Schedules and Statements Incomplete, Statement of Financial Affairs Not Filed or Incomplete, Disclosure of Compensation of Attorney Not Filed or Not Required, Filed by Genie Investments NV Inc.. Chapter 11 Plan due by 6/20/2024. Disclosure Statement due by 6/20/2024. (Cathy P.) (Entered: 02/21/2024) |
| --- | --- | --- |
| 02/21/2024 | 2<br>(2 pgs) | Order Authorizing Debtor-In-Possession to Operate Business. (ADIclerk) (Entered: 02/21/2024) |
| 02/21/2024 | 3 | Receipt of Chapter 11 Filing Fee - $1,738.00 by CP. Receipt Number 30000299. (ADIclerk) (Entered: 02/21/2024) |
| 02/21/2024 | | Debtor(s) Attorney and Unrepresented Debtor(s) are directed to comply with all requirements set forth in Local Rule 2081-1. The Court's Local Rule can be found at http://www.flmb.uscourts.gov/localrules/rules/2081-1.pdf. (ADIclerk) (Entered: 02/21/2024) |
| 02/22/2024 | 4<br>(1 pg) | Notice of Appearance Filed by Scott E Bomkamp on behalf of U.S. Trustee United States Trustee - JAX 11. (Bomkamp, Scott) (Entered: 02/22/2024) |
| 02/23/2024 | 5<br>(3 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # 2)). Notice Date 02/23/2024. (Admin.) (Entered: 02/24/2024) |
| 02/26/2024 | 6<br>(2 pgs) | Notice of Deficient Filing. Summary of Assets, Schedules and Statements, Plan, Case Management Summary, List of 20 Largest Creditors, Certificate Authorizing Debtor to File Bankruptcy,List of Equity Security Holders, Creditor Matrix not filed. (related document(s)1). (Faye) (Entered: 02/26/2024) |
| 02/27/2024 | 7<br>(2 pgs; 2 docs) | Notice of Appearance and Request for Notice on Behalf of the Debtor Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc.. (Attachments: # 1 Mailing Matrix) (Mickler, Bryan) (Entered: 02/27/2024) |
| 02/27/2024 | 8<br>(3 pgs; 2 docs) | Motion to Extend Deadline to File Schedules and Statements *with Local Rule 2081-1 Documents* Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (Attachments: # 1 Mailing Matrix) (Entered: 02/27/2024) |
| 02/27/2024 | 9<br>(2 pgs) | Statement/Disclosure of Compensation of Attorney Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc.. (Mickler, Bryan) (Entered: 02/27/2024) |
| 02/28/2024 | 10<br>(2 pgs) | Notice of Bankruptcy Case . Section 341(a) meeting to be held on 3/20/2024 at 01:00 PM. U.S. Trustee (Jax) will hold the meeting telephonically. Call in Number: 866-718-3566. Passcode: 2721444#. Proofs of Claims due by 5/1/2024. (Juan) (Entered: 02/28/2024) |
| 02/28/2024 | 11<br>(2 pgs; 2 docs) | Motion to Allow *Payment of Post Petition Retainer* Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (Attachments: # 1 Mailing Matrix) (Entered: 02/28/2024) |
| 02/28/2024 | 12<br>(6 pgs; 3 docs) | Application to Employ Bryan K. Mickler as Attorney for Debtor *with Attached Affidavit in Support* Contains negative notice. Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (Attachments: # 1 Affidavit # 2 Mailing Matrix) (Entered: 02/28/2024) |
| 02/28/2024 | 13<br>(1 pg) | Order Granting Motion To Extend Deadline to File Schedules and Statements *(Extended until 4/5/24)* (Related Doc # 8) Service Instructions: Bryan Mickler is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order. (Cathy P.) (Entered: 02/28/2024) |
| 02/28/2024 | 14<br>(3 pgs) | BNC Certificate of Mailing - Notice to Creditors and Parties in Interest (related document(s) (Related Doc # 6)). Notice Date 02/28/2024. (Admin.) (Entered: 02/29/2024) |
| 02/29/2024 | 15<br>(2 pgs; 2 docs) | Certificate of Service Re: Order dated February 28, 2024 Granting Motion to Extend Time to File Local Rule 2081-1 Document, Schedules and Statement of Financial Affairs. Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (related document(s)13). (Attachments: # 1 Mailing Matrix) (Mickler, Bryan) (Entered: 02/29/2024) |
| 02/29/2024 | | Preliminary Hearing Scheduled for 3/7/2024 10:00 am Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. Re: Motion to Allow Payment of Post Petition Retainer Doc 11. This entry is not an official notice of hearing from the court.<br><br>*Noticing Instructions*: The Court directs Bryan K. Mickler to prepare, file, and serve a notice of hearing that includes the information on the Notice of Hearing Sample Form available at https://www.flmb.uscourts.gov/proguide/documents/Samples/Notice_of_Hearing_Bankruptcy_Sample_Form.pdf? |

| | | |
|---|---|---|
| | | id=1 Counsel must file and serve the notice of hearing on interested parties within 3 days. If the hearing is on an Emergency/Expedited matter, then counsel must file and serve the notice of hearing immediately upon receipt of this directive. If the notice of hearing is not timely served and filed, then the Court will remove it from the hearing calendar and, in its discretion, may deny the relief requested. If notice of the hearing is not timely served and filed, then the Court will remove it from the hearing calendar and, in its discretion, may deny the relief requested.<br><br>(related document(s)11). (Bill) (Entered: 02/29/2024) |
| 03/01/2024 | 16<br>(3 pgs; 2 docs) | Notice of Hearing on Motion to Allow Payment of Post Petition Retainer Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (related document(s)11). Hearing scheduled for 3/7/2024 at 10:00 AM at Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. (Attachments: # 1 Mailing Matrix) (Mickler, Bryan) (Entered: 03/01/2024) |
| 03/01/2024 | 17<br>(1 pg) | Notice of Status Conference (related document(s)). Hearing scheduled for 3/7/2024 at 10:00 AM at Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. (Faye) (Entered: 03/01/2024) |
| 03/01/2024 | 18<br>(4 pgs) | BNC Certificate of Mailing - Notice of Meeting of Creditors. (related document(s) (Related Doc # 10)). Notice Date 03/01/2024. (Admin.) (Entered: 03/02/2024) |
| 03/03/2024 | 19<br>(2 pgs) | BNC Certificate of Mailing - Notice of Hearing (related document(s) (Related Doc # 17)). Notice Date 03/03/2024. (Admin.) (Entered: 03/04/2024) |
| 03/05/2024 | 20<br>(119 pgs; 4 docs) | Expedited Motion to Appoint Chapter 11 Trustee, or, in the Alternative, Appoint an Examiner; Dismiss This Case, or Convert This Case to Chapter 7 Filed by U.S. Trustee United States Trustee - JAX 11. (Attachments: # 1 Exhibit A: Composite Victims' Statements # 2 Exhibit B: Complaint from Illinois Litigation # 3 Exhibit C: Complaint from Florida Litigation) (Bomkamp, Scott) (Entered: 03/05/2024) |
| 03/06/2024 | 21<br>(2 pgs) | Notice of Hearing on Expedited Motion to Appoint Chapter 11 Trustee, or, in the Alternative, Appoint an Examiner, Dismiss This Case, or Convert This Case to Chapter (related document(s)20). Hearing scheduled for 3/7/2024 at 10:00 AM at Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. (Ryan S.) (Entered: 03/06/2024) |
| 03/07/2024 | 22<br>(2 pgs) | Hearing Proceeding Memo: Hearing Held - APPEARANCES: WITNESSES: EVIDENCE: RULING: 1. Status Conference HELD 2. Preliminary Hearing on Motion to Allow Payment of Post Petition Retainer Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. Doc 11 GRANTED (SUBJECT TO REQUIREMENTS) ORDER MICKLER 3. Preliminary Hearing on Expedited Motion to Appoint Chapter 11 Trustee, or, in the Alternative, Appoint an Examiner, Dismiss This Case, or Convert This Case to Chapter 7 Filed by U.S. Trustee United States Trustee - JAX 11 (Bomkamp, Scott) Doc 20 SET ALL DAY TRIAL APRIL 9 @ 9:00 (CRD WILL PREPARE) Proposed Orders, if applicable, should be submitted within three days after the date of the hearing - Local Rule 9072-1(c). This docket entry/document is not an official order of the Court . (Bill) (Entered: 03/07/2024) |
| 03/08/2024 | 23<br>(67 pgs) | Motion in Limine to Exclude Trial Testimony and Evidence Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (related document(s)22, 20). (Entered: 03/08/2024) |
| 03/08/2024 | 24<br>(2 pgs) | Order Scheduling Trial on Expedited Motion to Appoint Chapter 11 Trustee, or, in the Alternative, Appoint an Examiner, Dismiss This Case, or Convert This Case to Chapter 7 (related document(s)20). Hearing scheduled for 4/9/2024 at 09:00 AM at Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. Service Instructions: Clerks Office to serve. (Cathy P.) (Entered: 03/08/2024) |
| 03/08/2024 | 25<br>(2 pgs) | Order Granting Motion To Allow Post-Petition Retainer (Related Doc # 11). Service Instructions: Bryan Mickler is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order. (Tonya) (Entered: 03/08/2024) |
| 03/08/2024 | 26<br>(2 pgs) | Order Approving Application to Employ/Retain Bryan K. Mickler as attorney for the debtor and debtor-in-possession (Related Doc # 12). Service Instructions: Bryan Mickler is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order. (Tonya) (Entered: 03/08/2024) |
| 03/08/2024 | 27<br>(3 pgs) | BNC Certificate of Mailing - Notice of Hearing (related document(s) (Related Doc # 21)). Notice Date 03/08/2024. (Admin.) (Entered: 03/09/2024) |
| 03/10/2024 | 28<br>(4 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # 24)). Notice Date 03/10/2024. (Admin.) (Entered: 03/11/2024) |

| | | |
|---|---|---|
| 03/11/2024 | 29 (2 pgs; 2 docs) | Certificate of Service Re: Order dated March 8, 2024 Granting Motion to Allow Post-Petition Retainer. Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (related document(s)25). (Attachments: # 1 Mailing Matrix) (Mickler, Bryan) (Entered: 03/11/2024) |
| 03/11/2024 | 30 (2 pgs; 2 docs) | Certificate of Service Re: Order dated March 8, 2024 Authorizing Employment of Attorney. Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (related document(s)26). (Attachments: # 1 Mailing Matrix) (Mickler, Bryan) (Entered: 03/11/2024) |
| 03/13/2024 | 31 (9 pgs) | Objection to *Motion In Limine to Exclude Trial Testimony and Evidence* Filed by U.S. Trustee United States Trustee - JAX 11 (related document(s)23). (Bomkamp, Scott) (Entered: 03/13/2024) |
| 03/14/2024 | 32 (2 pgs) | Order Denying Motion *in Limine* (Related Doc # 23). Service Instructions: Bryan Mickler is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order. (Tonya) (Entered: 03/14/2024) |
| 03/15/2024 | 33 (2 pgs; 2 docs) | Certificate of Service Re: Order dated March 14, 2024 Denying Motion in Limine. Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (related document(s)32). (Attachments: # 1 Mailing Matrix) (Mickler, Bryan) (Entered: 03/15/2024) |
| 03/15/2024 | 34 (142 pgs) | Response to *United States Trustee's Motion to Appoint Trustee and other Relief* Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (related document(s)20). (Mickler, Bryan) (Entered: 03/15/2024) |
| 03/21/2024 | 35 (1 pg) | Witness List Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (related document(s)24, 20). (Mickler, Bryan) (Entered: 03/21/2024) |
| 03/22/2024 | | The United States Trustee states that the initial meeting of creditors was held and continued to the following date to allow further examination of the debtor(s) and/or the records of the debtor(s). Filed by U.S. Trustee United States Trustee - JAX 11. Section 341(a) meeting to be held on 3/27/2024 at 02:00 PM. U.S. Trustee (Jax) will hold the meeting telephonically. Call in Number: 866-718-3566. Passcode: 2721444#. (Bomkamp, Scott) (Entered: 03/22/2024) |
| 03/22/2024 | 36 (4 pgs) | Witness List *in Connection with Trial on Motion to Appoint Chapter 11 Trustee, Examiner, Dismiss Case, or Convert Case to Chapter 7* Filed by Scott E Bomkamp on behalf of U.S. Trustee United States Trustee - JAX 11 (related document(s)24, 20). (Bomkamp, Scott) (Entered: 03/22/2024) |
| 03/28/2024 | 37 (10 pgs; 2 docs) | Application to Employ Adam Walker as Special Counsel Attorney for Debtor *with supporting Affidavit* Contains negative notice. Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (Attachments: # 1 Mailing Matrix) (Entered: 03/28/2024) |
| 03/29/2024 | 38 (9 pgs) | Reply *to Debtor's Response to Expedited Motion to Appoint Chapter 11 Trustee, Appoint Examiner, Dismiss Case, or Convert to Chapter 7* Filed by U.S. Trustee United States Trustee - JAX 11 (related document(s)34, 20). (Bomkamp, Scott) (Entered: 03/29/2024) |
| 03/29/2024 | | The United States Trustee states that the initial meeting of creditors was held and continued to the following date to allow further examination of the debtor(s) and/or the records of the debtor(s). Filed by U.S. Trustee United States Trustee - JAX 11. Section 341(a) meeting to be held on 4/3/2024 at 02:00 PM. U.S. Trustee (Jax) will hold the meeting telephonically. Call in Number: 866-718-3566. Passcode: 2721444#. (Bomkamp, Scott) (Entered: 03/29/2024) |
| 04/03/2024 | 39 (46 pgs; 2 docs) | Schedules A - H, Includes addition or deletion of creditors, or executory contract entity/leaseholders, or co-debtors to Schedules or Change in the Amount or Classification of Debts. *with Summary of Schedules and List of 20 Largest Unsecured Claims* (Fee Paid.) Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (related document(s)13). (Attachments: # 1 Mailing Matrix) (Mickler, Bryan) (Entered: 04/03/2024) |
| 04/03/2024 | 40 (195 pgs; 2 docs) | Statement of Financial Affairs Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc.. (Attachments: # 1 Mailing Matrix) (Mickler, Bryan) (Entered: 04/03/2024) |
| 04/03/2024 | 41 (1 pg) | List of Equity Security Holders Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc.. (Mickler, Bryan) (Entered: 04/03/2024) |
| 04/03/2024 | 42 (1 pg) | Statement of Corporate Ownership. Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc.. (Mickler, Bryan) (Entered: 04/03/2024) |
| 04/03/2024 | | Receipt of Filing Fee for Schedules (all schedules, individual schedules or amended schedules)( 3:24-bk-00496-BAJ) [misc,schaja] ( 34.00). Receipt Number A75002727, Amount Paid $ 34.00 (U.S. Treasury) (Entered: |

| | | 04/03/2024 |
|---|---|---|
| 04/03/2024 | 43 (343 pgs; 12 docs) | Proposed Exhibits ranging from 1 to 11. 12 documents attached filed on behalf of . *United States Trustee Exhibits for Trial Part 1A* (related document(s) 20 ). (ADIclerk) (Entered: 04/03/2024) |
| 04/03/2024 | 44 (4 pgs) | Chapter 11 Case Management Summary Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc.. (Mickler, Bryan) (Entered: 04/03/2024) |
| 04/03/2024 | 45 (138 pgs; 16 docs) | Proposed Exhibits ranging from 12 to 26. 16 documents attached filed on behalf of . *United States Trustee Exhibits for Trial Part 1B* (related document(s) 20 ). (ADIclerk) (Entered: 04/03/2024) |
| 04/04/2024 | | The Clerk's Office has reviewed this case and it appears that the requirements of 11 U.S.C. Section 521(a)(1) have been met.. (Cathy P.) (Entered: 04/04/2024) |
| 04/04/2024 | 46 (286 pgs; 18 docs) | Proposed Exhibits ranging from 27 to 51. 18 documents attached filed on behalf of . *United States Trustee Exhibits Part 1C* (related document(s) 20 ). (ADIclerk) (Entered: 04/04/2024) |
| 04/04/2024 | 47 (414 pgs; 41 docs) | Proposed Exhibits ranging from 53 to 92. 41 documents attached filed on behalf of . *United States Trustee Documents for Trial Part II* (related document(s) 20 ). (ADIclerk) (Entered: 04/04/2024) |
| 04/04/2024 | 48 (403 pgs; 41 docs) | Proposed Exhibits ranging from 93 to 132. 41 documents attached filed on behalf of . *United States Trustee Trial Exhibit Part III* (related document(s) 20 ). (ADIclerk) (Entered: 04/04/2024) |
| 04/04/2024 | 49 (74 pgs; 10 docs) | Proposed Exhibits ranging from 30 to 52. 10 documents attached filed on behalf of . *United States Trustee Exhibit Part I Exhibits that Previously Failed to Upload* (related document(s) 20 ). (ADIclerk) (Entered: 04/04/2024) |
| 04/04/2024 | 50 (23 pgs; 2 docs) | Amended Statement of Financial Affairs – *attachment format changed* Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc.. (Attachments: # 1 Mailing Matrix) (Mickler, Bryan) (Entered: 04/04/2024) |
| 04/04/2024 | 51 (996 pgs; 9 docs) | Proposed Exhibits ranging from 1 to 8. 9 documents attached filed on behalf of . *Debtor Exhibits* (related document(s) 20 ). (ADIclerk) (Entered: 04/04/2024) |
| 04/04/2024 | 52 (337 pgs; 33 docs) | Proposed Exhibits ranging from 133 to 164. 33 documents attached filed on behalf of . *United States Trustee Exhibits for Trial Part IV A* (related document(s) 20 ). (ADIclerk) (Entered: 04/04/2024) |
| 04/04/2024 | 53 (550 pgs; 36 docs) | Proposed Exhibits ranging from 165 to 199. 36 documents attached filed on behalf of . *United States Trustee Exhibits Part IV B* (related document(s) 20 ). (ADIclerk) (Entered: 04/04/2024) |
| 04/04/2024 | 54 (622 pgs; 18 docs) | Proposed Exhibits ranging from 200 to 216. 18 documents attached filed on behalf of . *United States Trustee Exhibits Part V* (related document(s) 20 ). (ADIclerk) (Entered: 04/04/2024) |
| 04/07/2024 | | The United States Trustee states that the initial meeting of creditors was held and continued to the following date to allow further examination of the debtor(s) and/or the records of the debtor(s). Filed by U.S. Trustee United States Trustee – JAX 11. Section 341(a) meeting to be held on 4/17/2024 at 03:00 PM. U.S. Trustee (Jax) will hold the meeting telephonically. Call in Number: 866-718-3566. Passcode: 2721444#. (Bomkamp, Scott) (Entered: 04/07/2024) |
| 04/09/2024 | 56 (2 pgs) | Hearing Proceeding Memo: Hearing Held - APPEARANCES: WITNESSES: EVIDENCE: RULING: Trial on Expedited Motion to Appoint Chapter 11 Trustee, or, in the Alternative, Appoint an Examiner, Dismiss This Case, or Convert This Case to Chapter 7 Filed by U.S. Trustee United States Trustee - JAX 11 (Bomkamp, Scott) Doc 20 HELD (CONTINUED TO DAY 2) -Response to United States Trustee's Motion to Appoint Trustee and other Relief Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. Doc 34 -Reply to Debtor's Response to Expedited Motion to Appoint Chapter 11 Trustee, Appoint Examiner, Dismiss Case, or Convert to Chapter 7 Filed by U.S. Trustee United States Trustee - JAX 11 (related document(s)34, 20). (Bomkamp, Scott) Doc #38 Proposed Orders, if applicable, should be submitted within three days after the date of the hearing - Local Rule 9072-1(c). This docket entry/document is not an official order of the Court . (Bill) (Entered: 04/10/2024) |
| 04/09/2024 | 58 (2 pgs) | Annotated Exhibit List of Bryan K. Mickler, Attorney for Debtor from Hearing Held on April 9-10, 2024 (related document(s)51). (Kate) (Entered: 04/11/2024) |
| 04/09/2024 | 59 (16 pgs) | Annotated Exhibit List of Scott E. Bomkamp, Attorney for UST from Hearing Held on April 9-10, 2024 (related document(s)49, 47, 53, 54, 46, 48, 52, 43). (Kate) (Entered: 04/11/2024) |

| | | |
|---|---|---|
| 04/10/2024 | 55 | Ore Tenus Motion to Extend Claims Bar Date to July 1, 2024 Filed by Scott E Bomkamp on behalf of U.S. Trustee United States Trustee - JAX 11 (Kate) (Entered: 04/10/2024) |
| 04/10/2024 | 57 (2 pgs) | Hearing Proceeding Memo: Hearing Held - APPEARANCES: WITNESSES: EVIDENCE: RULING: Trial Day 2 Trial on Expedited Motion to Appoint Chapter 11 Trustee, or, in the Alternative, Appoint an Examiner, Dismiss This Case, or Convert This Case to Chapter 7 Filed by U.S. Trustee United States Trustee - JAX 11 (Bomkamp, Scott) Doc 20 GRANTED IN PART, DENIED IN PART EXAMINER APPOINTED ORDER COURT, ORE TENUS MOTION TO EXTEND CLAIMS BAR DATE TO 7/1/2024 GRANTED ORDER BOMKAMP, -Response to United States Trustee's Motion to Appoint Trustee and other Relief Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. Doc 34 -Reply to Debtor's Response to Expedited Motion to Appoint Chapter 11 Trustee, Appoint Examiner, Dismiss Case, or Convert to Chapter 7 Filed by U.S. Trustee United States Trustee - JAX 11 (related document(s)34, 20). (Bomkamp, Scott) Doc #38 Proposed Orders, if applicable, should be submitted within three days after the date of the hearing - Local Rule 9072-1(c). This docket entry/document is not an official order of the Court . (Bill) (Entered: 04/10/2024) |
| 04/11/2024 | 60 (2 pgs) | Order Granting in Part and Denying in Part Motion to Appoint Chapter 11 Trustee, Or, In the Alternative, Appoint an Examiner, Dismiss the Case, or Convert the Case to Chapter 7 - An Examiner shall be Appointed in this Case (Related Doc # 20). Service Instructions: Clerks Office to serve. (Cathy P.) (Entered: 04/11/2024) |
| 04/12/2024 | 61 (20 pgs; 3 docs) | Amended Statement of Financial Affairs Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc.. (Attachments: # 1 Exhibit # 2 Mailing Matrix) (Mickler, Bryan) (Entered: 04/12/2024) |
| 04/13/2024 | 62 (5 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # 60)). Notice Date 04/13/2024. (Admin.) (Entered: 04/14/2024) |
| 04/16/2024 | 63 (1 pg) | Appointment of Maria M. Yip as Chapter 11 Examiner Filed by Scott E Bomkamp on behalf of U.S. Trustee United States Trustee - JAX 11 (related document(s)60). (Bomkamp, Scott) (Entered: 04/16/2024) |
| 04/16/2024 | 64 (1 pg) | Order Granting Ore Tenus Motion to Extend Claims Bar Date to July 1, 2024 (Related Doc # 55 ). Service Instructions: Clerks Office to serve. (Cathy P.) (Entered: 04/16/2024) |
| 04/16/2024 | 65 (7 pgs; 4 docs) | Application for Approval of Appointment of Examiner Filed by Scott E Bomkamp on behalf of U.S. Trustee United States Trustee - JAX 11 (related document(s)60, 63). (Attachments: # 1 Exhibit A: Notice of Appointment of Examiner # 2 Exhibit B: Verified Statement of Maria M. Yip # 3 Exhibit C: Proposed Order Approving Selection of Examiner) (Entered: 04/16/2024) |
| 04/17/2024 | 66 (34 pgs) | Chapter 11 Monthly Operating Report for the Month Ending: 02/29/2024 Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc.. (Mickler, Bryan) (Entered: 04/17/2024) |
| 04/17/2024 | 67 (38 pgs) | Chapter 11 Monthly Operating Report for the Month Ending: 3/31/2024 Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc.. (Mickler, Bryan) (Entered: 04/17/2024) |
| 04/17/2024 | | The United States Trustee states that the initial meeting of creditors was held and concluded on 4/17/2024. Filed by U.S. Trustee United States Trustee - JAX 11. (Bomkamp, Scott) (Entered: 04/17/2024) |
| 04/18/2024 | 68 (2 pgs) | Order Approving Application for Approval of Chapter 11 Examiner Maria M. Yip (Related Doc 63). Service Instructions: Clerks Office to serve. (Cathy P.) (Entered: 04/18/2024) |
| 04/18/2024 | 69 (4 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # 64)). Notice Date 04/18/2024. (Admin.) (Entered: 04/19/2024) |
| 04/20/2024 | 70 (5 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # 68)). Notice Date 04/20/2024. (Admin.) (Entered: 04/21/2024) |
| 04/24/2024 | 71 (2 pgs) | Notice of Appointment of Creditors' Committee Filed by U.S. Trustee United States Trustee - JAX 11. (Bomkamp, Scott) (Entered: 04/24/2024) |
| 04/26/2024 | 72 (17 pgs; 2 docs) | Interim Application for Compensation for Bryan K. Mickler, Debtor's Attorney, Fee: $24900.00, Expenses: $0.00. For the period: JANUARY 21, 2024 THROUGH APRIL 25, 2024 Contains negative notice. Filed by Attorney Bryan K. Mickler (Attachments: # 1 Mailing Matrix) (Entered: 04/26/2024) |
| 04/26/2024 | | *-Request for Audio Recording of Proceeding. Proceeding held: 4/9/2024. (Access Transcripts, LLC (IMW)) (Entered: 04/26/2024) |

| 04/26/2024 | | *-Request for Audio Recording of Proceeding. Proceeding held: 4/10/2024. (Access Transcripts, LLC (IMW)) (Entered: 04/26/2024) |
|---|---|---|
| 04/26/2024 | 73 (15 pgs) | Application to Retain Winderweedle, Haines, Ward & Woodman, P.A. and Ryan E. Davis, Esq. as Legal Counsel Filed by Ryan E Davis on behalf of Examiner Maria M Yip (Entered: 04/26/2024) |
| 04/26/2024 | 74 (5 pgs) | Verified Statement of Ryan E. Davis Filed by Ryan E Davis on behalf of Examiner Maria M Yip (related document(s)73). (Davis, Ryan) (Entered: 04/26/2024) |
| 04/26/2024 | 75 (16 pgs) | Application to Retain Hal A. Levenberg, CIRA, CFE and YIP Associates as Financial Advisors Filed by Ryan E Davis on behalf of Examiner Maria M Yip (Entered: 04/26/2024) |
| 04/26/2024 | 76 (4 pgs) | Affidavit of Hal Levenberg, CIRA CFE Filed by Ryan E Davis on behalf of Examiner Maria M Yip (related document(s)75). (Davis, Ryan) (Entered: 04/26/2024) |
| 04/29/2024 | | Preliminary Hearing Scheduled for 5/13/2024 10:00 am Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. Re: Application to Retain Hal A. Levenberg, CIRA, CFE and YIP Associates as Financial Advisors Doc 75. This entry is not an official notice of hearing from the court. <br><br> Noticing Instructions: The Court directs Ryan E Davis to prepare, file, and serve a notice of hearing that includes the information on the Notice of Hearing Sample Form available at https://www.flmb.uscourts.gov/proguide/documents/Samples/Notice_of_Hearing_Bankruptcy_Sample_Form.pdf?id=1 Counsel must file and serve the notice of hearing on interested parties within 3 days. If the hearing is on an Emergency/Expedited matter, then counsel must file and serve the notice of hearing immediately upon receipt of this directive. If the notice of hearing is not timely served and filed, then the Court will remove it from the hearing calendar and, in its discretion, may deny the relief requested. If notice of the hearing is not timely served and filed, then the Court will remove it from the hearing calendar and, in its discretion, may deny the relief requested. <br><br> (related document(s)75). (Bill) (Entered: 04/29/2024) |
| 04/29/2024 | | Preliminary Hearing Scheduled for 5/13/2024 10:00 am Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. Re: Application to Retain Winderweedle, Haines, Ward & Woodman, P.A. and Ryan E. Davis, Esq. as Legal Counsel Doc 73. This entry is not an official notice of hearing from the court. <br><br> Noticing Instructions: The Court directs Ryan E Davis to prepare, file, and serve a notice of hearing that includes the information on the Notice of Hearing Sample Form available at https://www.flmb.uscourts.gov/proguide/documents/Samples/Notice_of_Hearing_Bankruptcy_Sample_Form.pdf?id=1 Counsel must file and serve the notice of hearing on interested parties within 3 days. If the hearing is on an Emergency/Expedited matter, then counsel must file and serve the notice of hearing immediately upon receipt of this directive. If the notice of hearing is not timely served and filed, then the Court will remove it from the hearing calendar and, in its discretion, may deny the relief requested. If notice of the hearing is not timely served and filed, then the Court will remove it from the hearing calendar and, in its discretion, may deny the relief requested. <br><br> (related document(s)73). (Bill) (Entered: 04/29/2024) |
| 05/01/2024 | 77 (3 pgs) | Notice of Preliminary Hearing on Application to Retain Winderweedle, Haines, Ward & Woodman, P.A. and Ryan E. Davis, Esq. as Legal Counsel Filed by Ryan E Davis on behalf of Examiner Maria M Yip (related document(s)73). Hearing scheduled for 5/13/2024 at 10:00 AM at Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. (Davis, Ryan) (Entered: 05/01/2024) |
| 05/01/2024 | 78 (3 pgs) | Notice of Preliminary Hearing on Application to Retain Hal A. Levenberg, CIRA, CFE and YIP Associates as Financial Advisors Filed by Ryan E Davis on behalf of Examiner Maria M Yip (related document(s)75). Hearing scheduled for 5/13/2024 at 10:00 AM at Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. (Davis, Ryan) (Entered: 05/01/2024) |
| 05/07/2024 | 79 (232 pgs) | Transcript Regarding Hearing Held 4/9/2024 on Expedited Motion to Appoint Chapter 11 Trustee, or, in the Alternative, Appoint an Examiner, Dismiss This Case, or Convert This Case to Chapter 7. To purchase a copy of this transcript, please contact Access Transcripts, LLC: 855-873-2223. Transcript access will be restricted through 08/5/2024. (Access Transcripts, LLC (IMW)) (Entered: 05/07/2024) |

| | | |
|---|---|---|
| 05/07/2024 | 80<br>(145 pgs) | Transcript Regarding Hearing Held 4/10/24 on Expedited Motion to Appoint Chapter 11 Trustee, or, in the Alternative, Appoint an Examiner, Dismiss This Case, or Convert This Case to Chapter 7. To purchase a copy of this transcript, please contact Access Transcripts, LLC: 855-873-2223. Transcript access will be restricted through 08/5/2024. (Access Transcripts, LLC (IMW)) (Entered: 05/07/2024) |
| 05/08/2024 | 81<br>(1 pg) | Notice Regarding Filing of Transcript and Deadline for Filing Notice of Intent to Request Redaction of Transcript. Notice of Intent to Request Redaction of Transcript to be filed within 7 calendar days of the date of service of this notice, but an additional three days may be added if the notice is served by U.S. Mail (related document(s)56). (Cathy P.) (Entered: 05/08/2024) |
| 05/08/2024 | 82<br>(1 pg) | Notice Regarding Filing of Transcript and Deadline for Filing Notice of Intent to Request Redaction of Transcript. Notice of Intent to Request Redaction of Transcript to be filed within 7 calendar days of the date of service of this notice, but an additional three days may be added if the notice is served by U.S. Mail *(Day 2 of Trial)* (related document(s)57). (Cathy P.) (Entered: 05/08/2024) |
| 05/08/2024 | 83<br>(4 pgs) | Motion to Allow *Post-Petition Retainer to Winderweedle, Haines, Ward & Woodman, P.A.* Filed by Ryan E Davis on behalf of Examiner Maria M Yip (related document(s)73). (Entered: 05/08/2024) |
| 05/08/2024 | 84<br>(4 pgs) | Motion to Allow *Post-Petition Retainer to Yip Associates* Filed by Ryan E Davis on behalf of Examiner Maria M Yip (related document(s)75). (Entered: 05/08/2024) |
| 05/09/2024 | | Preliminary Hearing Scheduled for 05/13/2024 10:00 AM Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. Re: Motion to Allow Post-Petition Retainer to Winderweedle, Haines, Ward & Woodman, P.A, Doc 83. This entry is not an official notice of hearing from the court.<br><br>Noticing Instructions: The Court directs Ryan E Davis to prepare, file, and serve a notice of hearing that includes the information on the Notice of Hearing Sample Form available at https://www.flmb.uscourts.gov/proguide/documents/Samples/Notice_of_Hearing_Bankruptcy_Sample_Form.pdf?id=1 Counsel must file and serve the notice of hearing on interested parties within 3 days. If the hearing is on an Emergency/Expedited matter, then counsel must file and serve the notice of hearing immediately upon receipt of this directive. If the notice of hearing is not timely served and filed, then the Court will remove it from the hearing calendar and, in its discretion, may deny the relief requested. If notice of the hearing is not timely served and filed, then the Court will remove it from the hearing calendar and, in its discretion, may deny the relief requested.<br><br>(related document(s)83). (Bill) (Entered: 05/09/2024) |
| 05/09/2024 | | Preliminary Hearing Scheduled for 05/13/2024 10:00 AM Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. Re: Motion to Allow Post-Petition Retainer to Yip Associates Doc 84. This entry is not an official notice of hearing from the court.<br><br>Noticing Instructions: The Court directs Ryan E Davis to prepare, file, and serve a notice of hearing that includes the information on the Notice of Hearing Sample Form available at https://www.flmb.uscourts.gov/proguide/documents/Samples/Notice_of_Hearing_Bankruptcy_Sample_Form.pdf?id=1 Counsel must file and serve the notice of hearing on interested parties within 3 days. If the hearing is on an Emergency/Expedited matter, then counsel must file and serve the notice of hearing immediately upon receipt of this directive. If the notice of hearing is not timely served and filed, then the Court will remove it from the hearing calendar and, in its discretion, may deny the relief requested. If notice of the hearing is not timely served and filed, then the Court will remove it from the hearing calendar and, in its discretion, may deny the relief requested.<br><br>(related document(s)84). (Bill) (Entered: 05/09/2024) |
| 05/10/2024 | 85<br>(3 pgs) | Notice of *Preliminary* Hearing on Motion to Allow Post-Petition Retainer to Winderweedle, Haines, Ward & Woodman, P.A. Filed by Ryan E Davis on behalf of Examiner Maria M Yip (related document(s)83). Hearing scheduled for 5/13/2024 at 10:00 AM at Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. (Davis, Ryan) (Entered: 05/10/2024) |
| 05/10/2024 | 86<br>(3 pgs) | Notice of *Preliminary* Hearing on Motion to Allow Post-Petition Retainer to Yip Associates Filed by Ryan E Davis on behalf of Examiner Maria M Yip (related document(s)84). Hearing scheduled for 5/13/2024 at 10:00 AM at Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. (Davis, Ryan) (Entered: 05/10/2024) |
| 05/10/2024 | 87<br>(23 pgs; 3 docs) | Application to Employ Holland & Knight LLP as Counsel For The Official Committee of Unsecured Creditors Filed by Edward M Fitzgerald on behalf of Creditor Committee The Official Committee of Unsecured Creditors (Creditors Committee) (Attachments: # 1 Exhibit A - Order # 2 Exhibit B - Declaration) (Entered: 05/10/2024) |

| | | |
|---|---|---|
| 05/10/2024 | 88 (2 pgs) | BNC Certificate of Mailing. (related document(s) (Related Doc # 81)). Notice Date 05/10/2024. (Admin.) (Entered: 05/11/2024) |
| 05/10/2024 | 89 (2 pgs) | BNC Certificate of Mailing. (related document(s) (Related Doc # 82)). Notice Date 05/10/2024. (Admin.) (Entered: 05/11/2024) |
| 05/13/2024 | 90 (13 pgs; 2 docs) | Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (Attachments: # 1 Mailing Matrix) (Entered: 05/13/2024) |
| 05/13/2024 | 91 (2 pgs) | Notice of Change of Address As to Noticing Address Only Filed by Creditor Lisa Butkiewicz. (Cathy P.) (Entered: 05/13/2024) |
| 05/13/2024 | 92 (2 pgs) | Hearing Proceeding Memo: Hearing Held - APPEARANCES: WITNESSES: EVIDENCE: RULING: 1. Preliminary Hearing on Application to Retain Winderweedle, Haines, Ward & Woodman, P.A. and Ryan E. Davis, Esq. as Legal Counsel Filed by Ryan E Davis on behalf of Examiner Maria M Yip Doc 73 APPROVED ORDER DAVIS 2. Preliminary Hearing on Application to Retain Hal A. Levenberg, CIRA, CFE and Yip Associates as Financial Advisors Filed by Ryan E Davis on behalf of Examiner Maria M Yip Doc 75 APPROVED ORDER DAVIS 3. Preliminary Hearing on Motion to Allow Post-Petition Retainer to Winderweedle. Haines, Ward & Woodman, P.A. Filed by Ryan E Davis on behalf of Examiner Maria M Yip Doc 83 APPROVED ORDER DAVIS 4. Preliminary Hearing on Motion to Allow Post-Petition Retainer to Yip Associates Filed by Ryan E Davis on behalf of Examiner Maria M Yip Doc 84 APPROVED ORDER DAVIS 5. Application to Employ Holland & Knight LLP as Counsel for The Official Committee of Unsecured Creditors Filed by Edward M Fitzgerald on behalf of Creditor Committee The Official Committee of Unsecured Creditors Doc 87 APPROVED ORDER FITZGERALD Proposed Orders, if applicable, should be submitted within three days after the date of the hearing - Local Rule 9072-1(c). This docket entry/document is not an official order of the Court . (Bill) (Entered: 05/13/2024) |
| 05/14/2024 | | Preliminary Hearing Scheduled for 6/13/2024 11:00 am Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. Re: Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement Doc 90. This entry is not an official notice of hearing from the court.

Noticing Instructions: The Court directs Bryan K. Mickler to prepare, file, and serve a notice of hearing that includes the information on the Notice of Hearing Sample Form available at https://www.flmb.uscourts.gov/proguide/documents/Samples/Notice_of_Hearing_Bankruptcy_Sample_Form.pdf?id=1 Counsel must file and serve the notice of hearing on interested parties within 3 days. If the hearing is on an Emergency/Expedited matter, then counsel must file and serve the notice of hearing immediately upon receipt of this directive. If the notice of hearing is not timely served and filed, then the Court will remove it from the hearing calendar and, in its discretion, may deny the relief requested. If notice of the hearing is not timely served and filed, then the Court will remove it from the hearing calendar and, in its discretion, may deny the relief requested.

(related document(s)90). (Bill) (Entered: 05/14/2024) |
| 05/15/2024 | 93 (7 pgs; 2 docs) | Notice of Hearing on Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (related document(s)90). Hearing scheduled for 6/13/2024 at 11:00 AM at Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. (Attachments: # 1 Mailing Matrix) (Mickler, Bryan) (Entered: 05/15/2024) |
| 05/15/2024 | 94 (3 pgs) | Order Approving Application to Employ/Retain Holland & Knight LLP as the Counsel to the Official Committee of Unsecured Creditors (Related Doc 87). Service Instructions: Edward Fitzgerald is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order. (Cathy P.) Modified on 5/15/2024 (Cathy P.). (Entered: 05/15/2024) |
| 05/16/2024 | 95 (2 pgs) | Notice of Change of Address As to Noticing Address Only Filed by Creditor Andorful Dynasty Real Estate LLC. (Cathy P.) (Entered: 05/16/2024) |
| 05/17/2024 | 96 (3 pgs) | Order Approving Application to Employ/Retain Winderweedle, Haines, Ward & Woodman, P.A., as Counsel for the Examiner (Related Doc # 73). Service Instructions: Maria Yip is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order. (Cathy P.) (Entered: 05/17/2024) |
| 05/17/2024 | 97 (3 pgs) | Order Approving Application to Employ/Retain Hal A. Levenberg, CIRA, CFE of Yip Associates as Financial Advisors for the Examiner (Related Doc # 75). Service Instructions: Maria Yip is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order. (Cathy P.) (Entered: 05/17/2024) |

| | | |
|---|---|---|
| 05/17/2024 | 98 (2 pgs) | *Order Granting Motion To Allow Winderweedle, Haines, Ward & Woodman, P.A.s' Post-Petition Retainer (Related Doc # 83).* **Service Instructions: Maria Yip is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order. (Cathy P.) (Entered: 05/17/2024)** |
| 05/17/2024 | 99 (2 pgs) | *Order Granting Motion To Allow Examiner's Post-Petition Retainer (Related Doc # 84).* **Service Instructions: Maria Yip is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order. (Cathy P.) (Entered: 05/17/2024)** |
| 05/19/2024 | 100 (5 pgs) | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 96)). Notice Date 05/19/2024. (Admin.) (Entered: 05/20/2024) |
| 05/19/2024 | 101 (5 pgs) | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 97)). Notice Date 05/19/2024. (Admin.) (Entered: 05/20/2024) |
| 05/19/2024 | 102 (4 pgs) | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 98)). Notice Date 05/19/2024. (Admin.) (Entered: 05/20/2024) |
| 05/19/2024 | 103 (4 pgs) | BNC Certificate of Mailing – PDF Document. (related document(s) (Related Doc # 99)). Notice Date 05/19/2024. (Admin.) (Entered: 05/20/2024) |
| 05/20/2024 | 104 (3 pgs) | Certificate of Service Re: Order Granting, Authorizing and Approving the Employment of Holland & Knight LLP as Counsel to the Official Committee of Unsecured Creditors of the Debtor Effective as of May 3, 2023. Filed by Edward M Fitzgerald on behalf of Creditor Committee Holland & Knight LLP (related document(s)94). (Fitzgerald, Edward) (Entered: 05/20/2024) |
| 05/23/2024 | 105 (1 pg) | *Order Granting Application For Interim Compensation (Related Doc # 72). Fees awarded to Bryan K. Mickler in the amount of $24900.00, expenses awarded: $0.00* **Service Instructions: Bryan Mickler is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order. (Cathy P.) (Entered: 05/23/2024)** |
| 05/23/2024 | 106 (35 pgs) | Chapter 11 Monthly Operating Report for the Month Ending: 04/30/2024 Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc.. (Mickler, Bryan) (Entered: 05/23/2024) |
| 05/23/2024 | 107 (23 pgs; 2 docs) | Motion to Approve Compromise of Controversy or Settlement Agreement. Related Case and Parties: Debtor and Velanos Principal Capital. Contains negative notice.. Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (Attachments: # 1 Mailing Matrix) (Entered: 05/23/2024) |
| 05/24/2024 | 108 (6 pgs; 2 docs) | Certificate of Service Re: ORDER DATED MAY 23, 2024 GRANTING INTERIM APPLICATION OF LAW OFFICES OF MICKLER & MICKLER, LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTOR FOR THE PERIOD FROM JNUARY 21, 2024 THROUGH APRIL 25, 2024. Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (related document(s)105). (Attachments: # 1 Mailing Matrix) (Mickler, Bryan) (Entered: 05/24/2024) |
| 05/24/2024 | 109 (3 pgs) | Proof of Service of Order Approving Examiners Application for Authority to Retain Winderweedle, Haines, Ward & Woodman, P.A., as Counsel (Doc. No. 96). Filed by Ryan E Davis on behalf of Examiner Maria M Yip (related document(s)96). (Davis, Ryan) (Entered: 05/24/2024) |
| 05/24/2024 | 110 (3 pgs) | Proof of Service of Order Approving the Examiners Application for Authority to Retain Hal A. Levenberg, CIRA, CFE and YIP Associates as Financial Advisors (Doc. No. 97). Filed by Ryan E Davis on behalf of Examiner Maria M Yip (related document(s)97). (Davis, Ryan) (Entered: 05/24/2024) |
| 05/24/2024 | 111 (3 pgs) | *Proof of Service of Order Granting Winderweedle, Haines, Ward & Woodman, P.A.s, Motion to Allow Post-Petition Retainer (Doc. No. 98). Filed by Ryan E Davis on behalf of Examiner Maria M Yip (related document(s)98). (Davis, Ryan) (Entered: 05/24/2024)* |
| 05/24/2024 | 112 (3 pgs) | Proof of Service of Order Granting Examiner's Motion to Allow Post-Petition Retainer (Doc. No. 99). Filed by Ryan E Davis on behalf of Examiner Maria M Yip (related document(s)99). (Davis, Ryan) (Entered: 05/24/2024) |
| 05/24/2024 | 113 (11 pgs) | *Motion of Official Committee of Unsecured Creditors for Entry of an Order (I) Clarifying the Requirement to Provide Access to Information; and (II) Setting and Fixing Creditor Information Sharing Procedures and Protocols Filed by Edward M Fitzgerald on behalf of Creditor Committee Holland & Knight LLP (Entered: 05/24/2024)* |
| 05/28/2024 | | Preliminary Hearing Scheduled for 06/13/2024 11:00 AM Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. Re: Motion of Official Committee of Unsecured |

| | | |
|---|---|---|
| | | Creditors for Entry of an Order (I) Clarifying the Requirement to Provide Access to Information; and (II) Setting and Fixing Creditor Information Sharing Procedures and Protocols Doc 113. **This entry is not an official notice of hearing from the court.**<br><br>_Noticing Instructions_: The Court directs Edward M Fitzgerald to prepare, file, and serve a notice of hearing that includes the information on the Notice of Hearing Sample Form available at https://www.flmb.uscourts.gov/proguide/documents/Samples/Notice_of_Hearing_Bankruptcy_Sample_Form.pdf?id=1 Counsel must file and serve the notice of hearing on interested parties within 3 days. If the hearing is on an Emergency/Expedited matter, then counsel must file and serve the notice of hearing immediately upon receipt of this directive. If the notice of hearing is not timely served and filed, then the Court will remove it from the hearing calendar and, in its discretion, may deny the relief requested. If notice of the hearing is not timely served and filed, then the Court will remove it from the hearing calendar and, in its discretion, may deny the relief requested.<br><br>(related document(s)113). (Bill) (Entered: 05/28/2024) |
| 05/28/2024 | 114<br>(3 pgs) | Notice of _Preliminary_ Hearing on Motion of Official Committee of Unsecured Creditors for Entry of an Order (I) Clarifying the Requirement to Provide Access to Information; and (II) Setting and Fixing Creditor Information Sharing Procedures and Protocols Filed by Edward M Fitzgerald on behalf of Creditor Committee Holland & Knight LLP (related document(s)113). Hearing scheduled for 6/13/2024 at 11:00 AM at Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. (Fitzgerald, Edward) (Entered: 05/28/2024) |
| 05/31/2024 | 115<br>(1 pg) | Notice Rescheduling Hearing on 1) _Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement (Doc 90) and 2) Motion of Official Committee of Unsecured Creditors for Entry of an Order (I) Clarifying the Requirement to Provide Access to Information; and (II) Setting and Fixing Creditor Information Sharing Procedures and Protocols (Doc 113)_ (related document(s)90, 113). Hearing scheduled for 6/12/2024 at 09:30 AM at Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. (Kate) (Entered: 05/31/2024) |
| 06/02/2024 | 116<br>(3 pgs) | BNC Certificate of Mailing - Notice of Hearing (related document(s) Related Doc # 115). Notice Date 06/02/2024. (Admin.) (Entered: 06/03/2024) |
| 06/03/2024 | 117<br>(87 pgs; 2 docs) | Motion for Protective Order _Related to Creditors' Committee Discovery_ Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (related document(s)113). (Attachments: # 1 Mailing Matrix) (Entered: 06/03/2024) |
| 06/05/2024 | | Preliminary Hearing Scheduled for 06/12/2024 09:30 AM Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. Re: Motion for Protective Order Related to Creditors' Committee Discovery Doc 117. **This entry is not an official notice of hearing from the court.**<br><br>_Noticing Instructions_: The Court directs Bryan K. Mickler to prepare, file, and serve a notice of hearing that includes the information on the Notice of Hearing Sample Form available at https://www.flmb.uscourts.gov/proguide/documents/Samples/Notice_of_Hearing_Bankruptcy_Sample_Form.pdf?id=1 Counsel must file and serve the notice of hearing on interested parties within 3 days. If the hearing is on an Emergency/Expedited matter, then counsel must file and serve the notice of hearing immediately upon receipt of this directive. If the notice of hearing is not timely served and filed, then the Court will remove it from the hearing calendar and, in its discretion, may deny the relief requested. If the notice of the hearing is not timely served and filed, then the Court will remove it from the hearing calendar and, in its discretion, may deny the relief requested.<br><br>(related document(s)117). (Bill) (Entered: 06/05/2024) |
| 06/03/2024 | 118<br>(7 pgs) | Objection to _Debtor's Motion to Approve Settlement with Velanos Principal Capital_ Filed by Edward M Fitzgerald on behalf of Creditor Committee Holland & Knight LLP (related document(s)107). (Fitzgerald, Edward) (Entered: 06/05/2024) |
| 06/06/2024 | 119<br>(8 pgs; 2 docs) | Notice of Hearing on Motion for Protective Order Related to Creditors' Committee Discovery Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (related document(s)117). Hearing scheduled for 6/12/2024 at 09:30 AM at Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. (Attachments: # 1 Mailing Matrix) (Mickler, Bryan) (Entered: 06/06/2024) |
| 06/06/2024 | | Preliminary Hearing Scheduled for 06/12/2024 09:30 AM Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. Re: Motion to Approve Compromise of Controversy or Settlement Agreement. Related Case and Parties: Debtor and Velanos Principal Capital. Contains negative notice. Doc 107. **This entry is not an official notice of hearing from the court.**<br><br>_Noticing Instructions_: The Court directs Bryan K. Mickler to prepare, file, and serve a notice of hearing that includes the information on the Notice of Hearing Sample Form available at |

| | | |
|---|---|---|
| | | https://www.flmb.uscourts.gov/proguide/documents/Samples/Notice_of_Hearing_Bankruptcy_Sample_Form.pdf? id=1 Counsel must file and serve the notice of hearing on interested parties within 3 days. If the hearing is on an Emergency/Expedited matter, then counsel must file and serve the notice of hearing immediately upon receipt of this directive. If the notice of hearing is not timely served and filed, then the Court will remove it from the hearing calendar and, in its discretion, may deny the relief requested. If notice of the hearing is not timely served and filed, then the Court will remove it from the hearing calendar and, in its discretion, may deny the relief requested. <br><br> (related document(s)107). (Bill) (Entered: 06/06/2024) |
| 06/07/2024 | 120 <br>(8 pgs; 2 docs) | Notice of Hearing on Motion to Approve Compromise of Controversy or Settlement Agreement. Related Case and Parties: Debtor and Velanos Principal Capital. Contains negative notice. Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (related document(s)107). Hearing scheduled for 6/12/2024 at 09:30 AM at Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. (Attachments: # 1 Mailing Matrix) (Mickler, Bryan) (Entered: 06/07/2024) |
| 06/10/2024 | 121 <br>(87 pgs; 2 docs) | Motion *FOR REMOVAL OF MEMBERS OF CREDITORS COMMITTEE DUE TO BREACH OF FIDUCIARY DUTY* Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (related document(s)71). (Attachments: # 1 Mailing Matrix) (Entered: 06/10/2024) |
| 06/10/2024 | | Preliminary Hearing Scheduled for 06/12/2024 09:30 AM Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. Re: Motion FOR REMOVAL OF MEMBERS OF CREDITORS COMMITTEE DUE TO BREACH OF FIDUCIARY DUTY Doc 121. **This entry is not an official notice of hearing from the court.** <br><br> Noticing Instructions: The Court directs Bryan K. Mickler to prepare, file, and serve a notice of hearing that includes the information on the Notice of Hearing Sample Form available at https://www.flmb.uscourts.gov/proguide/documents/Samples/Notice_of_Hearing_Bankruptcy_Sample_Form.pdf? id=1 Counsel must file and serve the notice of hearing on interested parties within 3 days. If the hearing is on an Emergency/Expedited matter, then counsel must file and serve the notice of hearing immediately upon receipt of this directive. If the notice of hearing is not timely served and filed, then the Court will remove it from the hearing calendar and, in its discretion, may deny the relief requested. If notice of the hearing is not timely served and filed, then the Court will remove it from the hearing calendar and, in its discretion, may deny the relief requested. <br><br> (related document(s)121). (Bill) (Entered: 06/10/2024) |
| 06/10/2024 | 122 <br>(9 pgs) | Objection to *Debtor's Motion for Entry of a Protective Order Related to Creditor Committee Discovery* Filed by Edward M Fitzgerald on behalf of Creditor Committee Holland & Knight LLP (related document(s)117). (Fitzgerald, Edward) (Entered: 06/10/2024) |
| 06/10/2024 | 123 <br>(3 pgs) | Motion for Protective Order *(construed as)* Filed by Creditor Kristin Stegent (Tonya) (Entered: 06/10/2024) |
| 06/11/2024 | 124 <br>(8 pgs; 2 docs) | Notice of Hearing on Motion FOR REMOVAL OF MEMBERS OF CREDITORS COMMITTEE DUE TO BREACH OF FIDUCIARY DUTY Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (related document(s)121). Hearing scheduled for 6/12/2024 at 09:30 AM at Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. (Attachments: # 1 Mailing Matrix) (Mickler, Bryan) (Entered: 06/11/2024) |
| 06/11/2024 | 125 <br>(9 pgs) | Objection to *Motion to Remove Members of Creditors' Committee* Filed by U.S. Trustee United States Trustee - JAX 11 (related document(s)121). (Bomkamp, Scott) (Entered: 06/11/2024) |
| 06/12/2024 | 126 <br>(2 pgs) | Hearing Proceeding Memo: Hearing Held - APPEARANCES; WITNESSES; EVIDENCE; RULING: 1. Preliminary Hearing on Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. Doc 90 GRANTED (60 DAYS) ORDER MICKLER 2. Preliminary Hearing on Motion of Official Committee of Unsecured Creditors for Entry of an Order (I) Clarifying the Requirement to Provide Access to Information; and (II) Setting and Fixing Creditor Information Sharing Procedures and Protocols Filed by Edward M Fitzgerald on behalf of Creditor Committee Holland & Knight LLP Doc 113 GRANTED ORDER FITZGERALD 3. Preliminary Hearing on Motion for Protective Order Related to Creditors' Committee Discovery Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. Doc 117 DENIED (TERMS STATED ON THE RECORD) ORDER MICKLER -Objection to Debtor's Motion for Entry of a Protective Order Related to Creditor Committee Discovery Filed by Edward M Fitzgerald on behalf of Creditor Committee Holland & Knight LLP Doc 122 4. Preliminary Hearing on Motion to Approve Compromise of Controversy or Settlement Agreement. Related Case and Parties: Debtor and Velanos Principal Capital Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. Doc 107 CONTINUED TO JULY 23 @ 10:00 AGCNFN -Objection to Debtor's Motion to Approve Settlement with Velanos Principal Capital Filed by Edward M Fitzgerald on behalf of Creditor Committee Holland & Knight LLP Doc 118 5. Preliminary Hearing on Motion FOR REMOVAL OF MEMBERS |

| | | OF CREDITORS COMMITTEE DUE TO BREACH OF FIDUCIARY DUTY Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. Doc 121 DENIED (AS STATED ON THE RECORD) ORDER MICKLER -Objection to Motion to Remove Members of Creditors' Committee Filed by U.S. Trustee United States Trustee - JAX 11 (Bonkamp, Scott Doc 125 Proposed Orders, if applicable, should be submitted within three days after the date of the hearing - Local Rule 9072-1(c). This docket entry/document is not an official order of the Court . (Bill) (Entered: 06/12/2024) |
|---|---|---|
| 06/13/2024 | 127 (2 pgs) | Notice of Hearing on Motion for Protective Order (construed as) *filed by* Creditor Kristin Stegent (related document(s)123). Hearing scheduled for 7/23/2024 at 10:00 AM at Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. (Cathy P.) (Entered: 06/13/2024) |
| 06/14/2024 | 128 (2 pgs) | Order Approving Application to Employ/Retain *Adam B. Walker as Special Counsel for Debtor* (Related Doc # 37). Service Instructions: Bryan Mickler is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order. (Cathy P.) (Entered: 06/14/2024) |
| 06/15/2024 | 129 (4 pgs) | BNC Certificate of Mailing - Notice of Hearing (related document(s) (Related Doc # 127)). Notice Date 06/15/2024. (Admin.) (Entered: 06/16/2024) |
| 06/17/2024 | 130 (7 pgs; 2 docs) | Certificate of Service Re: Order Dated June 14, 2024 Authorizing Employment of Attorney as Special Counsel for Debtor. Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (related document(s)128). (Attachments: # 1 Mailing Matrix) (Mickler, Bryan) (Entered: 06/17/2024) |
| 06/17/2024 | 131 (3 pgs) | Objection to Claim(s). Claim 24 of Latent Lending LLC. Contains negative notice. Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (Entered: 06/17/2024) |
| 06/17/2024 | 132 (3 pgs) | Objection to Claim(s). Claim 29 of Autonomous Drone Solutions. Contains negative notice. Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (Entered: 06/17/2024) |
| 06/17/2024 | 133 (1 pg) | **DOCUMENT NOT PROCESSED (Wrong Case). NO ACTION WILL BE TAKEN BY THE COURT ON THIS DOCUMENT.** Objection to Claim(s). Claim 22 of Foster Group, LLC. Contains negative notice. Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. Modified on 06/18/2024 (Cathy) (Entered: 06/17/2024) |
| 06/17/2024 | 134 (3 pgs) | Objection to Claim(s). Claim 5 of Charles Blake Stringer/Nutra Acres, LLC. Contains negative notice. Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (Entered: 06/17/2024) |
| 06/17/2024 | 135 (3 pgs) | Objection to Claim(s). Claim 4 of Belle Maison Realty, LLC. Contains negative notice. Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (Entered: 06/17/2024) |
| 06/18/2024 | | **ERROR NOTIFICATION** to Bryan Mickler for filing in the wrong case. **NO ACTION WILL BE TAKEN BY THE COURT ON THIS FILING,** (related document(s) 133). (Cathy P.) (Entered: 06/18/2024) |
| 06/18/2024 | 136 (3 pgs) | Objection to Claim(s). Claim No. 22 of Foster Group, LLC. Contains negative notice. Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (Entered: 06/18/2024) |
| 06/20/2024 | 137 (2 pgs) | Order Granting Motion to Extend Exclusivity Period for Filing a Chapter 11 Plan and Disclosure Statement (Extended to October 18, 2024) (Related Doc 99). Service Instructions: Bryan Mickler is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order. (Cathy P.) Modified on 6/20/2024 (Cathy P.). (Entered: 06/20/2024) |
| 06/20/2024 | 138 (2 pgs) | Order Denying Motion for Protective Order Related to Creditor Committee Discovery (Related Doc # 117). Service Instructions: Bryan Mickler is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order. (Cathy P.) (Entered: 06/20/2024) |
| 06/20/2024 | 139 (1 pg) | Order Denying Motion for Removal of Members of Creditors' Committee Due to Breach of Fiduciary Duty (Related Doc # 121). Service Instructions: Bryan Mickler is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order. (Cathy P.) (Entered: 06/20/2024) |
| 06/20/2024 | 140 (5 pgs) | Order Granting, Authorizing and Approving The Committee of Unsecured Creditors' Motion for Entry of An Order (I) Clarifying the Requirement to Provide Access to Information; and (II) Setting and Fixing Creditor Information Sharing Procedures and Protocols (related document(s)113). Service Instructions: Edward Fitzgerald is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order. (Cathy P.) (Entered: 06/20/2024) |

| | | |
|---|---|---|
| 06/20/2024 | 141<br>(3 pgs) | Certificate of Service Re: Order Granting, Authorizing and Approving The Committee of Unsecured Creditors' Motion for Information Sharing Procedures and Protocols. Filed by Edward M Fitzgerald on behalf of Creditor Committee Holland & Knight LLP (related document(s)140). (Fitzgerald, Edward) (Entered: 06/20/2024) |
| 06/21/2024 | 142<br>(7 pgs; 2 docs) | Certificate of Service Re: Order dated June 18, 2024 Granting Motion to Extend Exclusive Periods for the Filing and Solicitation of Acceptance of a Chapter 11 Plan. Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (related document(s)137). (Attachments: # 1 Mailing Matrix) (Mickler, Bryan) (Entered: 06/21/2024) |
| 06/21/2024 | 143<br>(7 pgs; 2 docs) | Certificate of Service Re: Order dated June 18, 2024 Denying Motion for Entry of a Protective Order Related to Creditor Committee Discovery. Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (related document(s)138). (Attachments: # 1 Mailing Matrix) (Mickler, Bryan) (Entered: 06/21/2024) |
| 06/21/2024 | 144<br>(7 pgs; 2 docs) | Certificate of Service Re: Order dated June 18, 2024 Denying Motion for Removal of Members of Creditors Committee Due to Breach of Fiduciary Duty. Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (related document(s)139). (Attachments: # 1 Mailing Matrix) (Mickler, Bryan) (Entered: 06/21/2024) |
| 06/24/2024 | 145<br>(7 pgs; 2 docs) | Certificate of Service Re: Order dated June 18, 2024 Granting Motion to Extend Exclusive Periods for the Filing and Solicitation of Acceptance of a Chapter 11 Plan (Extending to October 18, 2024). Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (related document(s)137). (Attachments: # 1 Mailing Matrix) (Mickler, Bryan) (Entered: 06/24/2024) |
| 06/28/2024 | 146<br>(74 pgs) | Notice of Filing of *Examiner's Report* Filed by Ryan E Davis on behalf of Examiner Maria M Yip. (Davis, Ryan) (Entered: 06/28/2024) |
| 07/01/2024 | 147<br>(1 pg) | Notice of Status Conference (related document(s)146). Hearing scheduled for 7/8/2024 at 09:30 AM at Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. (Cathy P.) (Entered: 07/01/2024) |
| 07/03/2024 | 148<br>(1 pg) | Motion to Reschedule Hearing On *Schedule July 23, 2024* Filed by Creditor Kristin Stegent (Tonya) (Entered: 07/03/2024) |
| 07/03/2024 | 149<br>(3 pgs) | BNC Certificate of Mailing - Notice of Hearing (related document(s) (Related Doc # 147)). Notice Date 07/03/2024. (Admin.) (Entered: 07/04/2024) |
| 07/08/2024 | 150<br>(1 pg) | Notice Rescheduling Hearing *on Motion to Approve Compromise of Controversy or Settlement Agreement. Related Case and Parties: Debtor and Velanos Principal Capital* (related document(s)118, 107). Hearing scheduled for 8/8/2024 at 09:00 AM at Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. (Kate) (Entered: 07/08/2024) |
| 07/08/2024 | 151<br>(1 pg) | Hearing Proceeding Memo: Hearing Held - APPEARANCES: WITNESSES: EVIDENCE: RULING: 1. Status Conference CONCLUDED. FEE APPS DUE 7/19/24. -Notice of Filing of Examiner's Report Filed by Ryan E Davis on behalf of Examiner Maria M Yip Doc 146 2. Motion to Reschedule Hearing On Schedule July 23, 2024 Filed by Creditor Kristin Stegent Doc 148 GRANTED ORDER CHAMBERS Proposed Orders, if applicable, should be submitted within three days after the date of the hearing - Local Rule 9072-1(c). This docket entry/document is not an official order of the Court. (Bill) (Entered: 07/09/2024) |
| 07/10/2024 | 152<br>(1 pg) | Order Granting Motion To Reschedule Hearing *on Creditor's Motion for Protective Order* (Related Doc # 148). Hearing scheduled for 8/8/2024 at 09:00 AM at Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. **Service Instructions: Clerks Office to serve.** (Cathy P.) (Entered: 07/10/2024) |
| 07/10/2024 | 153<br>(3 pgs) | BNC Certificate of Mailing - Notice of Hearing (related document(s) (Related Doc # 150)). Notice Date 07/10/2024. (Admin.) (Entered: 07/11/2024) |
| 07/12/2024 | 154<br>(13 pgs) | Second Motion to Appoint Trustee *or Convert Case to Chapter 7* Filed by Scott E Bomkamp on behalf of U.S. Trustee United States Trustee - JAX 11 (related document(s)146). (Entered: 07/12/2024) |
| 07/12/2024 | 155<br>(2 pgs) | Notice of Hearing on Second Motion to Appoint Trustee or Convert Case to Chapter 7 filed by the U.S. Trustee (related document(s)154). Hearing scheduled for 8/8/2024 at 09:00 AM at Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. (Cathy P.) (Entered: 07/12/2024) |
| 07/12/2024 | 156<br>(3 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # 155)). Notice Date 07/12/2024. (Admin.) (Entered: 07/13/2024) |

| | | |
|---|---|---|
| 07/14/2024 | 157<br>(6 pgs) | BNC Certificate of Mailing - Notice of Hearing (related document(s) (Related Doc # 155)). Notice Date 07/14/2024. (Admin.) (Entered: 07/15/2024) |
| 07/15/2024 | 158<br>(3 pgs) | Response to *Debtors Objection to Claim 22 of Foster Group LLC* Filed by Creditor Foster Group, LLC (related document(s)136). (Seth) (Entered: 07/15/2024) |
| 07/16/2024 | | Preliminary Hearing Scheduled for 08/08/2024 09:00 AM Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. Re: Objection to Claim(s). Claim No. 22 of Foster Group, LLC. Contains negative notice. Doc 136. **This entry is not an official notice of hearing from the court.**<br><br>*Noticing Instructions:* The Court directs Bryan K. Mickler to prepare, file, and serve a notice of hearing that includes the information on the Notice of Hearing Sample Form available at https://www.flmb.uscourts.gov/proguide/documents/Samples/Notice_of_Hearing_Bankruptcy_Sample_Form.pdf?id=1 Counsel must file and serve the notice of hearing on interested parties within 3 days. If the hearing is on an Emergency/Expedited matter, then counsel must file and serve the notice of hearing immediately upon receipt of this directive. If the notice of hearing is not timely served and filed, then the Court will remove it from the hearing calendar and, in its discretion, may deny the relief requested.<br><br>(related document(s)136). (Bill) (Entered: 07/16/2024) |
| 07/16/2024 | 159<br>(3 pgs) | Response to *Objection to Claim 4* Filed by Creditor Belle Maison Realty, LLC (related document(s)135). (Penny) (Entered: 07/16/2024) |
| 07/16/2024 | | Preliminary Hearing Scheduled for 08/08/2024 09:00 AM Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. Re: Objection to Claim(s). Claim 4 of Belle Maison Realty, LLC. Contains negative notice. Doc 135. **This entry is not an official notice of hearing from the court.**<br><br>*Noticing Instructions:* The Court directs Bryan K. Mickler to prepare, file, and serve a notice of hearing that includes the information on the Notice of Hearing Sample Form available at https://www.flmb.uscourts.gov/proguide/documents/Samples/Notice_of_Hearing_Bankruptcy_Sample_Form.pdf?id=1 Counsel must file and serve the notice of hearing on interested parties within 3 days. If the hearing is on an Emergency/Expedited matter, then counsel must file and serve the notice of hearing immediately upon receipt of this directive. If the notice of hearing is not timely served and filed, then the Court will remove it from the hearing calendar and, in its discretion, may deny the relief requested.<br><br>(related document(s)135). (Bill) (Entered: 07/16/2024) |
| 07/17/2024 | 160<br>(2 pgs) | Notice of Hearing on Objection to Claim(s). Claim No. 22 of Foster Group, LLC. Contains negative notice. Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (related document(s)136). Hearing scheduled for 8/8/2024 at 09:00 AM at Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. (Mickler, Bryan) (Entered: 07/17/2024) |
| 07/17/2024 | 161<br>(2 pgs) | Notice of Hearing on Objection to Claim(s). Claim 4 of Belle Maison Realty, LLC. Contains negative notice. Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (related document(s)135). Hearing scheduled for 8/8/2024 at 09:00 AM at Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. (Mickler, Bryan) (Entered: 07/17/2024) |
| 07/17/2024 | 162<br>(4 pgs) | Response to *Objection to Claim 5 of Charles Blke Stringer/Nutra Acres, LLC* Filed by Max R Tarbox on behalf of Creditor Charles Blake Stringer (related document(s)134). (Cathy P.) (Entered: 07/17/2024) |
| 07/17/2024 | | Preliminary Hearing Scheduled for 08/08/2024 09:00 AM Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. Re: Objection to Claim(s). Claim 5 of Charles Blake Stringer/Nutra Acres, LLC. Contains negative notice. Doc 134. **This entry is not an official notice of hearing from the court.**<br><br>*Noticing Instructions:* The Court directs Bryan K. Mickler to prepare, file, and serve a notice of hearing that includes the information on the Notice of Hearing Sample Form available at https://www.flmb.uscourts.gov/proguide/documents/Samples/Notice_of_Hearing_Bankruptcy_Sample_Form.pdf?id=1 Counsel must file and serve the notice of hearing on interested parties within 3 days. If the hearing is on an Emergency/Expedited matter, then counsel must file and serve the notice of hearing immediately upon receipt of this directive. If the notice of hearing is not timely served and filed, then the Court will remove it from the hearing calendar and, in its discretion, may deny the relief requested.<br><br>(related document(s)134). (Bill) (Entered: 07/17/2024) |

| | | |
|---|---|---|
| 07/18/2024 | [163](#)<br>(2 pgs) | Notice of Hearing on Objection to Claim(s). Claim 5 of Charles Blake Stringer/Nutra Acres, LLC. Contains negative notice. Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (related document(s)134). Hearing scheduled for 8/8/2024 at 09:00 AM at Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. (Mickler, Bryan) (Entered: 07/18/2024) |
| 07/18/2024 | [164](#)<br>(16 pgs) | Application for Final Compensation for Maria M Yip, Examiner, Fee: $13,590.00, Expenses: $17.85, for the period of to. For the period: April 17, 2024 through July 17, 2024 Filed by Examiner Maria M Yip (Entered: 07/18/2024) |
| 07/18/2024 | [165](#)<br>(21 pgs) | Final Application for Compensation for Hal A. Levenberg, CIRA, CFE, Financial Advisor, Fee: $32,589.50, Expenses: $174.70, for the period of to. For the period: April 26, 2024 through July 17, 2024 Filed by Financial Advisor Hal A. Levenberg, CIRA, CFE (Entered: 07/18/2024) |
| 07/18/2024 | [166](#)<br>(10 pgs) | Final Application for Compensation for Ryan E Davis, Other Professional, Fee: $7,968.00, Expenses: $0.00, for the period of to. For the period: April 22, 2024 through July 18, 2024 Filed by Attorney Ryan E Davis (Entered: 07/18/2024) |
| 07/19/2024 | [167](#)<br>(8 pgs) | Notice of First and Final Application for Compensation of Maria M. Yip, Chapter 11 Examiner, and Opportunity to Object and Request for Hearing Filed by Ryan E Davis on behalf of Examiner Maria M Yip (related document(s)164). (Davis, Ryan) (Entered: 07/19/2024) |
| 07/19/2024 | [168](#)<br>(8 pgs) | Notice of First and Final Application for Compensation of Hal A. Levenberg, CIRA, CFE, and Yip Associates, Financial Advisors, and Opportunity to Object and Request for Hearing Filed by Ryan E Davis on behalf of Examiner Maria M Yip (related document(s)165). (Davis, Ryan) (Entered: 07/19/2024) |
| 07/19/2024 | [169](#)<br>(8 pgs) | Notice of First and Final Fee Application of Ryan E. Davis, Esquire, and the Law Firm of Winderweedle, Haines, Ward & Woodman, P.A. and Opportunity to Object and Request for Hearing Filed by Ryan E Davis on behalf of Examiner Maria M Yip (related document(s)166). (Davis, Ryan) (Entered: 07/19/2024) |
| 07/19/2024 | | Preliminary Hearing Scheduled for 08/08/2024 09:00 AM Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. Re: Objection to Claim(s). Claim 24 of Latent Lending LLC. Contains negative notice. Doc 131. **This entry is not an official notice of hearing from the court.**<br><br>Noticing Instructions: The Court directs Bryan K. Mickler to prepare, file, and serve a notice of hearing that includes the information on the Notice of Hearing Sample Form available at https://www.flmb.uscourts.gov/proguide/documents/Samples/Notice_of_Hearing_Bankruptcy_Sample_Form.pdf?id=1 Counsel must file and serve the notice of hearing on interested parties within 3 days. If the hearing is on an Emergency/Expedited matter, then counsel must file and serve the notice of hearing immediately upon receipt of this directive. If the notice of hearing is not timely served and filed, then the Court will remove it from the hearing calendar and, in its discretion, may deny the relief requested.<br><br>(related document(s)131). (Bill) (Entered: 07/19/2024) |
| 07/19/2024 | | Preliminary Hearing Scheduled for 08/08/2024 09:00 AM Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. Re: Objection to Claim(s). Claim 29 of Autonomous Drone Solutions. Contains negative notice. Doc 132. **This entry is not an official notice of hearing from the court.**<br><br>Noticing Instructions: The Court directs Bryan K. Mickler to prepare, file, and serve a notice of hearing that includes the information on the Notice of Hearing Sample Form available at https://www.flmb.uscourts.gov/proguide/documents/Samples/Notice_of_Hearing_Bankruptcy_Sample_Form.pdf?id=1 Counsel must file and serve the notice of hearing on interested parties within 3 days. If the hearing is on an Emergency/Expedited matter, then counsel must file and serve the notice of hearing immediately upon receipt of this directive. If the notice of hearing is not timely served and filed, then the Court will remove it from the hearing calendar and, in its discretion, may deny the relief requested.<br><br>(related document(s)132). (Bill) (Entered: 07/19/2024) |
| 07/19/2024 | [170](#)<br>(9 pgs) | Notice of Filing FIRST FEE APPLICATION Filed by Edward M Fitzgerald on behalf of Creditor Committee Holland & Knight LLP. (Fitzgerald, Edward) (Entered: 07/19/2024) |
| 07/19/2024 | [171](#)<br>(1 pg) | Motion to Extend Time to File Applications to Employ Attorneys and CPA/Accountants and Fee Applications. Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (related document(s)151). (Entered: 07/19/2024) |

| | | |
|---|---|---|
| 07/19/2024 | 172<br>(30 pgs; 3 docs) | First Application for Compensation *and Reimbursement of Expenses* for Edward M Fitzgerald, Creditor Comm. Aty, Fee: $66,433.00, Expenses: $270.06, for the period of 5/3/2023 to 7/19/2024. For the period: May 3, 2023 to present Contains negative notice. Filed by Attorney Edward M Fitzgerald (Attachments: # 1 Exhibit Order dtd 5.15.24 # 2 Exhibit time and expense records) (Entered: 07/19/2024) |
| 07/21/2024 | 173<br>(2 pgs) | Notice of Hearing on Objection to Claim(s). Claim 24 of Latent Lending LLC. Contains negative notice. Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (related document(s)131). Hearing scheduled for 8/8/2024 at 09:00 AM at Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. (Mickler, Bryan) (Entered: 07/21/2024) |
| 07/21/2024 | 174<br>(2 pgs) | Notice of Hearing on Objection to Claim(s). Claim 29 of Autonomous Drone Solutions. Contains negative notice. Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (related document(s)132). Hearing scheduled for 8/8/2024 at 09:00 AM at Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. (Mickler, Bryan) (Entered: 07/21/2024) |
| 07/22/2024 | 175<br>(11 pgs; 2 docs) | Application to Employ Susan Ray as Accountant/Bookkeeper Contains negative notice. Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (Attachments: # 1 Mailing Matrix) (Entered: 07/22/2024) |
| 07/22/2024 | 176<br>(11 pgs; 2 docs) | Application to Employ Jimmy D. Chambers as CPA Contains negative notice. Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (Attachments: # 1 Mailing Matrix) (Entered: 07/22/2024) |
| 07/22/2024 | 177<br>(1 pg) | Order Granting Motion to Extend Time to *File Attorney and CPA/Accountant Applications to Employ and Fee Applications* (Related Doc 171). Service Instructions: Bryan Mickler is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order. (Cathy P.) (Entered: 07/22/2024) |
| 07/22/2024 | 178<br>(29 pgs; 2 docs) | Application for Compensation *OF WALKER LAW OFFICE, LLC.* For the period: April 4, 2024 - July 8, 2024 Contains negative notice. Filed by Attorney Bryan K. Mickler (Attachments: # 1 Mailing Matrix) (Entered: 07/22/2024) |
| 07/23/2024 | 179<br>(1 pg) | Certificate of Service Re: Order dated July 22, 2024 Granting Motion for Extension of Time Within Which to File Attorney and CPA/Accountant Application to Employ and Fee Applications. Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (related document(s)177). (Mickler, Bryan) (Entered: 07/23/2024) |
| 07/24/2024 | 180<br>(16 pgs; 2 docs) | Application to Employ SHILOH A. PARKER as Special Counsel Contains negative notice. Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (Attachments: # 1 Mailing Matrix) (Entered: 07/24/2024) |
| 07/26/2024 | 181<br>(18 pgs; 2 docs) | Second Application for Interim Compensation . For the period: April 26, 2024 through August 8, 2024 Contains negative notice. Filed by Attorney Bryan K. Mickler (Attachments: # 1 Mailing Matrix) (Entered: 07/26/2024) |
| 07/26/2024 | 182<br>(14 pgs) | Objection to *Second Motion to Appoint Trustee or Convert to Chapter 7 case filed by United States Trustee* Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (related document(s)154). (Mickler, Bryan) (Entered: 07/26/2024) |
| 07/26/2024 | 183<br>(18 pgs; 2 docs) | Application to Employ Michael Fargalla, Esq. with Spiegel and Utera, P.A. as Special Counsel/Attorney for Debtor Contains negative notice. Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (Attachments: # 1 Mailing Matrix) (Entered: 07/26/2024) |
| 07/26/2024 | 184<br>(20 pgs; 2 docs) | Interim Application for Compensation *for Special Counsel Michael Faragalla of Spiegel and Utera, P.A..* For the period: February 21, 2024 to July 25, 2024 Contains negative notice. Filed by Attorney Bryan K. Mickler (Attachments: # 1 Mailing Matrix) (Entered: 07/26/2024) |
| 07/31/2024 | | Complaint by Genie Investments NV Inc. against Seiler Tucker, Inc.. Filing Fee Not Required. 3:24-ap-00080-BAJ. Nature of Suit: [72 (Injunctive relief - other)]. (Bryan) (Entered: 08/01/2024) |
| 08/06/2024 | 185<br>(11 pgs; 2 docs) | Objection to *FIRST FEE APPLICATION OF HOLLAND & KNIGHT, COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES (Doc. No. 172)* Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (related document(s)172). (Attachments: # 1 Mailing Matrix) (Mickler, Bryan) (Entered: 08/06/2024) |
| 08/06/2024 | 186<br>(8 pgs; 2 docs) | Objection to *FIRST AND FINAL FEE APPLICATION OF CHAPTER 11 EXAMINER MARIA M. YIP (Doc. No. 164)* Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (related document(s)164). (Attachments: # 1 Mailing Matrix) (Mickler, Bryan) (Entered: 08/06/2024) |
| 08/06/2024 | 187<br>(8 pgs; 2 docs) | Objection to *FIRST AND FINAL FEE APPLICATION OF HAL A. LEVENBERG, CIRA, CFE AND YIP ASSOCIATES, AS FINANCIAL ADVISORS FOR CHAPTER 11 EXAMINER MARIA M. YIP (Doc. No. 165)* Filed |

| | | |
|---|---|---|
| | | by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (related document(s)165). (Attachments: # 1 Mailing Matrix) (Mickler, Bryan) (Entered: 08/06/2024) |
| 08/07/2024 | | Preliminary Hearing Scheduled for 08/08/2024 09:00 AM Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. Re: First Application for Compensation and Reimbursement of Expenses for Edward M Fitzgerald, Creditor Comm. Atty, Fee: $66,433.00, Expenses: $270.06, for the period of 5/3/2023 to 7/19/2024. For the period: May 3, 2023 to present Contains negative notice. Doc 172. This entry is not an official notice of hearing from the court.<br><br>Noticing Instructions: The Court directs Edward M Fitzgerald to prepare, file, and serve a notice of hearing that includes the information on the Notice of Hearing Sample Form available at https://www.flmb.uscourts.gov/proguide/documents/Samples/Notice_of_Hearing_Bankruptcy_Sample_Form.pdf?id=1 Counsel must file and serve the notice of hearing on interested parties within 3 days. If the hearing is on an Emergency/Expedited matter, then counsel must file and serve the notice of hearing immediately upon receipt of this directive. If the notice of hearing is not timely served and filed, then the Court will remove it from the hearing calendar and, in its discretion, may deny the relief requested.<br><br>(related document(s)172). (Bill) (Entered: 08/07/2024) |
| 08/07/2024 | | Preliminary Hearing Scheduled for 08/08/2024 09:00 AM Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. Re: Final Application for Compensation for Hal A. Levenberg, CIRA, CFE, Financial Advisor, Fee: $32,589.50, Expenses: $174.70, for the period of to. For the period: April 26, 2024 through July 17, 2024 Doc 165. This entry is not an official notice of hearing from the court.<br><br>Noticing Instructions: The Court directs Ryan E Davis to prepare, file, and serve a notice of hearing that includes the information on the Notice of Hearing Sample Form available at https://www.flmb.uscourts.gov/proguide/documents/Samples/Notice_of_Hearing_Bankruptcy_Sample_Form.pdf?id=1 Counsel must file and serve the notice of hearing on interested parties within 3 days. If the hearing is on an Emergency/Expedited matter, then counsel must file and serve the notice of hearing immediately upon receipt of this directive. If the notice of hearing is not timely served and filed, then the Court will remove it from the hearing calendar and, in its discretion, may deny the relief requested.<br><br>(related document(s)165). (Bill) (Entered: 08/07/2024) |
| 08/07/2024 | | Preliminary Hearing Scheduled for 08/08/2024 09:00 AM Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. Re: Application for Final Compensation for Maria M Yip, Examiner, Fee: $13,590.00, Expenses: $17.85, for the period of to. For the period: April 17, 2024 through July 17, 2024 Doc 164. This entry is not an official notice of hearing from the court.<br><br>Noticing Instructions: The Court directs Ryan E Davis to prepare, file, and serve a notice of hearing that includes the information on the Notice of Hearing Sample Form available at https://www.flmb.uscourts.gov/proguide/documents/Samples/Notice_of_Hearing_Bankruptcy_Sample_Form.pdf?id=1 Counsel must file and serve the notice of hearing on interested parties within 3 days. If the hearing is on an Emergency/Expedited matter, then counsel must file and serve the notice of hearing immediately upon receipt of this directive. If the notice of hearing is not timely served and filed, then the Court will remove it from the hearing calendar and, in its discretion, may deny the relief requested.<br><br>(related document(s)164). (Bill) (Entered: 08/07/2024) |
| 08/07/2024 | 188<br>(27 pgs) | Supplemental Response to *Second Motion to Appoint Chapter 11 Trustee or Convert Case to Chapter 7* Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (related document(s)154). (Mickler, Bryan) (Entered: 08/07/2024) |
| 08/07/2024 | 189<br>(4 pgs) | Notice of Hearing on First Fee Application of Holland & Knight, Counsel to the Official Committee of Unsecured Creditors, for Compensation and Reimbursement of Expenses Filed by Edward M Fitzgerald on behalf of Creditor Committee Holland & Knight LLP (related document(s)). Hearing scheduled for 8/8/2024 at 09:00 AM at Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. (Fitzgerald, Edward). Related document(s) 172. Modified on 8/8/2024 (Cathy). (Entered: 08/07/2024) |
| 08/07/2024 | 190<br>(5 pgs) | Objection to *Interim Application for Compensation for Special Counsel Michael Faragalla of Spiegel and Utrera, P.A.* Filed by U.S. Trustee United States Trustee - JAX 11 (related document(s)184). (Bomkamp, Scott) (Entered: 08/07/2024) |

| 08/07/2024 | 191 (5 pgs) | Objection to *Application to Employ Michael Fargalla, Esq. with Spiegel and Utrera, P.A. as Special Counsel* Filed by U.S. Trustee United States Trustee - JAX 11 (related document(s)183). (Bomkamp, Scott) (Entered: 08/07/2024) |
| 08/07/2024 | 192 (4 pgs) | Objection to *Application to Employ Shiloh A. Parker as Special Counsel* Filed by U.S. Trustee United States Trustee - JAX 11 (related document(s)180). (Bomkamp, Scott) (Entered: 08/07/2024) |
| 08/07/2024 | 193 (4 pgs) | Objection to *Application to Employ Susan Ray as Accountant* Filed by U.S. Trustee United States Trustee - JAX 11 (related document(s)175). (Bomkamp, Scott) (Entered: 08/07/2024) |
| 08/07/2024 | 194 (4 pgs) | Objection to *Application to Employ Jimmy D. Chambers as CPA* Filed by U.S. Trustee United States Trustee - JAX 11 (related document(s)176). (Bomkamp, Scott) (Entered: 08/07/2024) |
| 08/07/2024 | | Preliminary Hearing Scheduled for 08/08/2024 09:00 AM Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. Re: Application to Employ Jimmy D. Chambers as CPA Contains negative notice. Doc 176. **This entry is not an official notice of hearing from the court.**<br><br>**Noticing Instructions:** The Court directs Bryan K. Mickler to prepare, file, and serve a notice of hearing that includes the information on the Notice of Hearing Sample Form available at https://www.flmb.uscourts.gov/proguide/documents/Samples/Notice_of_Hearing_Bankruptcy_Sample_Form.pdf?id=1 Counsel must file and serve the notice of hearing on interested parties within 3 days. If the hearing is on an Emergency/Expedited matter, then counsel must file and serve the notice of hearing immediately upon receipt of this directive. If the notice of hearing is not timely served and filed, then the Court will remove it from the hearing calendar and, in its discretion, may deny the relief requested.<br><br>(related document(s)176). (Bill) (Entered: 08/07/2024) |
| 08/07/2024 | | Preliminary Hearing Scheduled for 08/08/2024 09:00 AM Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. Re: Application to Employ Susan Ray as Accountant/Bookkeeper Contains negative notice. Doc 175. **This entry is not an official notice of hearing from the court.**<br><br>**Noticing Instructions:** The Court directs Bryan K. Mickler to prepare, file, and serve a notice of hearing that includes the information on the Notice of Hearing Sample Form available at https://www.flmb.uscourts.gov/proguide/documents/Samples/Notice_of_Hearing_Bankruptcy_Sample_Form.pdf?id=1 Counsel must file and serve the notice of hearing on interested parties within 3 days. If the hearing is on an Emergency/Expedited matter, then counsel must file and serve the notice of hearing immediately upon receipt of this directive. If the notice of hearing is not timely served and filed, then the Court will remove it from the hearing calendar and, in its discretion, may deny the relief requested.<br><br>(related document(s)175). (Bill) (Entered: 08/07/2024) |
| 08/07/2024 | | Preliminary Hearing Scheduled for 08/08/2024 09:00 AM Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. Re: Application to Employ SHILOH A. PARKER as Special Counsel Contains negative notice. Doc 180. **This entry is not an official notice of hearing from the court.**<br><br>**Noticing Instructions:** The Court directs Bryan K. Mickler to prepare, file, and serve a notice of hearing that includes the information on the Notice of Hearing Sample Form available at https://www.flmb.uscourts.gov/proguide/documents/Samples/Notice_of_Hearing_Bankruptcy_Sample_Form.pdf?id=1 Counsel must file and serve the notice of hearing on interested parties within 3 days. If the hearing is on an Emergency/Expedited matter, then counsel must file and serve the notice of hearing immediately upon receipt of this directive. If the notice of hearing is not timely served and filed, then the Court will remove it from the hearing calendar and, in its discretion, may deny the relief requested.<br><br>(related document(s)180). (Bill) (Entered: 08/07/2024) |
| 08/07/2024 | | Preliminary Hearing Scheduled for 08/08/2024 09:00 AM Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. Re: Interim Application for Compensation for Special Counsel Michael Faragalla of Spiegel and Utrera, P.A.. For the period: February 21, 2024 to July 25, 2024 Contains negative notice. Doc 184. **This entry is not an official notice of hearing from the court.**<br><br>**Noticing Instructions:** The Court directs Bryan K. Mickler to prepare, file, and serve a notice of hearing that includes the information on the Notice of Hearing Sample Form available at https://www.flmb.uscourts.gov/proguide/documents/Samples/Notice_of_Hearing_Bankruptcy_Sample_Form.pdf?id=1 Counsel must file and serve the notice of hearing on interested parties within 3 days. If the hearing is on an |

| | | |
|---|---|---|
| | | Emergency/Expedited matter, then counsel must file and serve the notice of hearing immediately upon receipt of this directive. If the notice of hearing is not timely served and filed, then the Court will remove it from the hearing calendar and, in its discretion, may deny the relief requested.<br><br>(related document(s)164). (Bill) (Entered: 08/07/2024) |
| 08/07/2024 | | Preliminary Hearing Scheduled for 08/08/2024 09:00 AM Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. Re: Application to Employ Michael Fargalla, Esq. with Spiegel and Utrera, P.A. as Special Counsel/Attorney for Debtor Contains negative notice. Doc 183. This entry is not an official notice of hearing from the court.<br><br>Noticing Instructions: The Court directs Bryan K. Mickler to prepare, file, and serve a notice of hearing that includes the information on the Notice of Hearing Sample Form available at https://www.flmb.uscourts.gov/proguide/documents/Samples/Notice_of_Hearing_Bankruptcy_Sample_Form.pdf?id=1 Counsel must file and serve the notice of hearing on interested parties within 3 days. If the hearing is on an Emergency/Expedited matter, then counsel must file and serve the notice of hearing immediately upon receipt of this directive. If the notice of hearing is not timely served and filed, then the Court will remove it from the hearing calendar and, in its discretion, may deny the relief requested.<br><br>(related document(s)183). (Bill) (Entered: 08/07/2024) |
| 08/07/2024 | 195<br>(3 pgs) | Notice of *Preliminary* Hearing on First and Final Fee Application of Chapter 11 Examiner Maria M. Yip (Doc. No. 164) Filed by Ryan E Davis on behalf of Examiner Maria M Yip (related document(s)164). Hearing scheduled for 8/8/2024 at 09:00 AM at Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. (Davis, Ryan) (Entered: 08/07/2024) |
| 08/07/2024 | 196<br>(3 pgs) | Notice of *Preliminary* Hearing on First and Final Fee Application of Hal A. Levenberg, CIRA, CFE and YIP Associates, As Financial Advisors for Chapter 11 Examiner Maria M. Yip (Doc. 165) Filed by Ryan E Davis on behalf of Examiner Maria M Yip (related document(s)165). Hearing scheduled for 8/8/2024 at 09:00 AM at Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. (Davis, Ryan) (Entered: 08/07/2024) |
| 08/08/2024 | 197<br>(8 pgs; 2 docs) | Notice of Hearing on Application to Employ Susan Ray as Accountant/Bookkeeper Contains negative notice. Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (related document(s)175). Hearing scheduled for 8/8/2024 at 09:00 AM at Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. (Attachments: # 1 Mailing Matrix) (Mickler, Bryan) (Entered: 08/08/2024) |
| 08/08/2024 | 198<br>(8 pgs; 2 docs) | Notice of Hearing on Application to Employ Jimmy D. Chambers as CPA Contains negative notice. Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (related document(s)176). Hearing scheduled for 8/8/2024 at 09:00 AM at Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. (Attachments: # 1 Mailing Matrix) (Mickler, Bryan) (Entered: 08/08/2024) |
| 08/08/2024 | 199<br>(8 pgs; 2 docs) | Notice of Hearing on Application to Employ SHILOH A. PARKER as Special Counsel Contains negative notice. Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (related document(s)180). Hearing scheduled for 8/8/2024 at 09:00 AM at Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. (Attachments: # 1 Mailing Matrix) (Mickler, Bryan) (Entered: 08/08/2024) |
| 08/08/2024 | 200<br>(8 pgs; 2 docs) | Notice of Hearing on Interim Application for Compensation for Special Counsel Michael Faragalla of Spiegel and Utrera, P.A. For the period: February 21, 2024 to July 25, 2024 Contains negative notice Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (related document(s)184). Hearing scheduled for 8/8/2024 at 09:00 AM at Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. (Attachments: # 1 Mailing Matrix) (Mickler, Bryan) (Entered: 08/08/2024) |
| 08/08/2024 | 201<br>(8 pgs; 2 docs) | Notice of Hearing on Application to Employ Michael Fargalla, Esq. with Spiegel and Utrera, P.A. as Special Counsel/Attorney for Debtor Contains negative notice. Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (related document(s)183). Hearing scheduled for 8/8/2024 at 09:00 AM at Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. (Attachments: # 1 Mailing Matrix) (Mickler, Bryan) (Entered: 08/08/2024) |
| 08/08/2024 | 202<br>(5 pgs) | Hearing Proceeding Memo: Hearing Held - APPEARANCES: WITNESSES: EVIDENCE: RULING: 1. Continued Preliminary Hearing on Motion to Approve Compromise of Controversy or Settlement Agreement, Related Case and Parties: Debtor and Velanos Principal Capital filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. Doc 107 CONTINUED TO SEPTEMBER 13 @ 10:00 AOCNFN -Objection to Debtor's Motion to Approve Settlement with Velanos Principal Capital Filed by Edward M Fitzgerald on behalf of Creditor Committee Holland & Knight LLP Doc 118 2. Preliminary Hearing on Motion for Protective Order (construed as) Filed by Creditor Kristin Stegers Doc 123 GRANTED INTERIM BASIS THROUGH CONTINUED HEARING SEPTEMBER 13 @ 10:00 ORDER CHAMBERS 3. Preliminary Hearing on |

Middle District of Florida Live Database

Second Motion to Appoint Trustee or Convert Case to Chapter 7 Filed by Scott E Bomkamp on behalf of U.S. Trustee United States Trustee - JAX 11 Doc 154 GRANTED (CONVERTED TO CH 7) ORDER BOMKAMP -Objection to Second Motion to Appoint Trustee or Convert to Chapter 7 case filed by United States Trustee Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. Doc 182 -Supplemental Response to Second Motion to Appoint Chapter 11 Trustee or Convert Case to Chapter 7 Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. Doc 184. Preliminary Hearing on Objection to Claim No. 22 of Foster Group, LLC Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. Doc 136 OVERRULED (WITHOUT PREJUDICE) ORDER MICKER -Response to Debtors Objection to Claim 22 of Foster Group LLC Filed by Creditor Foster Group, LLC Doc 158 (Signed by owner of company - not attorney) 5. Preliminary Hearing on Objection to Claim 4 of Belle Maison Realty, LLC Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. Doc 135 OVERRULED (WITHOUT PREJUDICE) ORDER MICKER -Response to Objection to Claim 4 Filed by Creditor Belle Maison Realty, LLC Doc 159 (Signed by owner of company - not attorney) 6. Preliminary Hearing on Objection to Claim 5 of Charles Blake Stringer/Nutra Acres, LLC Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. Doc 134 OVERRULED (WITHOUT PREJUDICE) ORDER MICKER -Response to Objection to Claim 5 of Charles Blke Stringer/Nutra Acres, LLC Filed by Max R Tarbox on behalf of Creditor Charles Blake Stringer Doc 162 7. Preliminary Hearing on Objection to Claim 24 of Latent Lending LLC Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. Doc 131 OVERRULED (WITHOUT PREJUDICE) ORDER MICKER 8. Preliminary Hearing on Objection to Claim 29 of Autonomous Drone Solutions Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. Doc 132 OVERRULED (WITHOUT PREJUDICE) ORDER MICKER 9. Preliminary Hearing on Application for Final Compensation for Maria M Yip, Examiner, Fee: $13,596.00, Expenses: $17.85, for the period of to. For the period: April 17, 2024 through July 17, 2024 Filed by Examiner Maria M Yip Doc 164 CONTINUED TO SEPTEMBER 13 @ 10:00 AOCNFN -Objection to FIRST AND FINAL FEE APPLICATION OF CHAPTER 11 EXAMINER MARIA M. YIP (Doc. No. 164) Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. Doc 186 10. Preliminary Hearing on Final Application for Compensation for Hal A. Levenberg, CIRA, CFE, Financial Advisor, Fee: $32,589.50, Expenses: $174.70, for the period of to. For the period: April 26, 2024 through July 17, 2024 Filed by Financial Advisor Hal A. Levenberg, CIRA, CFE Doc 165 CONTINUED TO SEPTEMBER 13 @ 10:00 AOCNFN -Objection to FIRST AND FINAL FEE APPLICATION OF HAL A. LEVENBERG, CIRA, CFE AND YIP ASSOCIATES, AS FINANCIAL ADVISORS FOR CHAPTER 11 EXAMINER MARIA M. YIP (Doc. No. 165) Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. Doc 187 -11. Preliminary Hearing on First Application for Compensation and Reimbursement of Expenses for Edward M Fitzgerald, Creditor Comm. Atty, Fee: $66,433.00, Expenses: $276.08, for the period of 3/3/2023 to 7/19/2024. For the period: May 3, 2023 to present Filed by Attorney Edward M Fitzgerald Doc 172 CONTINUED TO SEPTEMBER 13 @ 10:00 AOCNFN - Objection to FIRST FEE APPLICATION OF HOLLAND & KNIGHT, COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES (Doc. No. 172) Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. Doc 185 12. Preliminary Hearing on Application to Employ Susan Ray as Accountant/Bookkeeper Contains negative notice. Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. Doc 175 DENIED AS MOOT ORDER MICKLER -Objection to Application to Employ Susan Ray as Accountant Filed by U.S. Trustee United States Trustee - JAX 11 (Bomkamp, Scott) Doc 193 13. Preliminary Hearing on Application to Employ Jimmy D. Chambers as CPA Contains negative notice. Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. Doc 176 DENIED AS MOOT ORDER MICKLER -Objection to Application to Employ Jimmy D. Chambers as CPA Filed by U.S. Trustee United States Trustee - JAX 11 (Bomkamp, Scott) Doc 194 14. Preliminary Hearing on Application to Employ SHILOH A. PARKER as Special Counsel Contains negative notice. Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. Doc 180 DENIED AS MOOT ORDER MICKLER -Objection to Application to Employ Shiloh A. Parker as Special Counsel Filed by U.S. Trustee United States Trustee - JAX 11 (Bomkamp, Scott) Doc 192 15. Preliminary Hearing on Interim Application for Compensation for Special Counsel Michael Faragalla of Spiegel and Utrera, P.A.. For the period: February 21, 2024 to July 25, 2024 Contains negative notice. Filed by Attorney Bryan K. Mickler Doc 184 DENIED AS MOOT ORDER MICKLER -Objection to Interim Application for Compensation for Special Counsel Michael Faragalla of Spiegel and Utrera, P.A.. Filed by U.S. Trustee United States Trustee - JAX 11 (Bomkamp, Scott) Doc 190 16. Preliminary Hearing on Application to Employ Michael Faragalla, Esq. with Spiegel and Utrera, P.A. as Special Counsel/Attorney for Debtor Contains negative notice. Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. Doc 183 DENIED AS MOOT ORDER MICKLER -Objection to Application to Employ Michael Fargalla, Esq. with Spiegel and Utrera, P.A. as Special Counsel Filed by U.S. Trustee United States Trustee - JAX 11 (Bomkamp, Scott) Doc 191 Proposed Orders, if applicable, should be submitted within three days after the date of the hearing - Local Rule 9072-1(c). This docket entry/document is not an official order of the Court . (Bill) (Entered: 08/08/2024)

| Date | Doc | Description |
|---|---|---|
| 08/09/2024 | 203 (2 pgs) | Order (I) Granting United States Trustee's Second Motion to Appoint Chapter 11 Trustee, Dismiss Case, or Convert to Chapter 7; (II) Directing Clerk to Convert Case to Chapter 7; and (III) Ordering Related Relief. (The examiner appointed to this case, Maria Yip, is DISCHARGED) (related document(s)138, 154, 202, 182). Service Instructions: Clerks Office to serve. (Cathy P.) (Entered: 08/09/2024) |
| 08/09/2024 |  | Removal of Viewing Restrictions on Transcript Due to No Request for Redaction from Hearing Participants (related document(s)79). (Tonya) (Entered: 08/09/2024) |
| 08/09/2024 |  | Removal of Viewing Restrictions on Transcript Due to No Request for Redaction from Hearing Participants (related document(s)80). (Tonya) (Entered: 08/09/2024) |

| | | |
|---|---|---|
| 08/11/2024 | 204 (7 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # 203)). Notice Date 08/11/2024. (Admin.) (Entered: 08/12/2024) |
| 08/12/2024 | 205 (1 pg) | Order Overruling Objection to Claim(s) #22 of Foster Group, LLC Without Prejudice (Related Doc # 136). Service Instructions: Bryan Mickler is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order. (Cathy P.) (Entered: 08/12/2024) |
| 08/12/2024 | 206 (1 pg) | Order Overruling Objection to Claim(s) #4 of Belle Maison Realty, LLC Without Prejudice (Related Doc # 135). Service Instructions: Bryan Mickler is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order. (Cathy P.) (Entered: 08/12/2024) |
| 08/12/2024 | 207 (3 pgs) | Order and Notice Converting Case to Chapter 7. Trustee Aaron R. Cohen added to the case. Fee Due: No. Deficient Documents Due: None. (related document(s) 154, 203). Section 341(a) meeting to be held on 9/12/2024 at 11:00 AM. Zoom - Cohen: Meeting ID 382 788 7472, Passcode 2386906071, Phone 904-670-1963. Service Instructions: Clerks Office to serve. (Cathy P.). (Entered: 08/12/2024) |
| 08/13/2024 | 208 (1 pg) | Order Overruling Objection to Claim(s) #5 of Charles Blake Stringer/Nutra Acres, LLC Without Prejudice (Related Doc # 134). Service Instructions: Bryan Mickler is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order. (Cathy P.) (Entered: 08/13/2024) |
| 08/13/2024 | 209 (1 pg) | Order Overruling Objection to Claim(s) #24 of Latent Lending, LLC Without Prejudice (Related Doc # 131). Service Instructions: Bryan Mickler is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order. (Cathy P.) (Entered: 08/13/2024) |
| 08/13/2024 | 210 (1 pg) | Order Overruling Objection to Claim(s) #29 of Autonomous Drone Solutions, DBA Calaway Solutions Without Prejudice (Related Doc # 132). Service Instructions: Bryan Mickler is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order. (Cathy P.) (Entered: 08/13/2024) |
| 08/13/2024 | 211 (1 pg) | Certificate of Service Re: Order dated August 12, 2024 Overruling Debtors Objection to Claim 22 of Foster Group, LLC Without Prejudice. Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (related document(s)205). (Mickler, Bryan) (Entered: 08/13/2024) |
| 08/13/2024 | 212 (1 pg) | Certificate of Service Re: Order dated August 12, 2024 Overruling Debtors Objection to Claim 4 of Belle Maison Realty, LLC Without Prejudice. Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (related document(s)206). (Mickler, Bryan) (Entered: 08/13/2024) |
| 08/13/2024 | 213 (1 pg) | Order Denying Application to Employ/Retain Accountant/Bookkeeper, as Moot (Related Doc # 175). Service Instructions: Bryan Mickler is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order. (Cathy P.) (Entered: 08/13/2024) |
| 08/13/2024 | 214 (1 pg) | Order Denying Application to Employ/Retain Certified Public Accountant, as Moot (Related Doc # 176). Service Instructions: Bryan Mickler is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order. (Cathy P.) (Entered: 08/13/2024) |
| 08/13/2024 | 215 (1 pg) | Order Denying Application to Employ/Retain Shilah A. Parker, as Special Counsel for Debtor, as Moot (Related Doc # 180). Service Instructions: Bryan Mickler is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order. (Cathy P.) (Entered: 08/13/2024) |
| 08/13/2024 | 216 (1 pg) | Order Denying Application to Employ/Retain Michael Faragalia of Spiegel and Utrera, P.A., as Moot (Related Doc # 183). Service Instructions: Bryan Mickler is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order. (Cathy P.) (Entered: 08/13/2024) |
| 08/13/2024 | 217 (2 pgs) | Order Granting Application For Interim Compensation (Related Doc # 181). Fees awarded to Bryan K. Mickler in the amount of $19080.00, expenses awarded: $0.00 Service Instructions: Bryan Mickler is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order. (Tonya) (Entered: 08/13/2024) |
| 08/13/2024 | 218 (2 pgs) | Order Granting Interim Application of Walker Law Office, LC for Compensation for Services Rendered and Reimbursement of Expenses as Counsel to the Debtor for the Period from April 16, 2024 Through July 8, 2024 (related document(s)178). Service Instructions: Bryan Mickler is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order. (Cathy P.) Modified on 8/13/2024 (Cathy P.). (Entered: 08/13/2024) |

| | | |
|---|---|---|
| 08/14/2024 | 219 (1 pg) | Certificate of Service Re: Order dated August 12, 2024 Overruling Debtors Objection to Claim 5 of Charles Blake Stringer/Nutra Acres, LLC Without Prejudice. Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (related document(s)208). (Mickler, Bryan) (Entered: 08/14/2024) |
| 08/14/2024 | 220 (1 pg) | Certificate of Service Re: Order dated August 12, 2024 Overruling Debtors Objection to Claim 24 of Latent Lending, LLC Without Prejudice. Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (related document(s)209). (Mickler, Bryan) (Entered: 08/14/2024) |
| 08/14/2024 | 221 (1 pg) | Certificate of Service Re: Order dated August 12, 2024 Overruling Debtors Objection to Claim 29 of Autonomous Drone Solutions, dba Calaway Solutions Without Prejudice. Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (related document(s)210). (Mickler, Bryan) (Entered: 08/14/2024) |
| 08/14/2024 | 222 (7 pgs; 2 docs) | Certificate of Service Re: ORDER DATED AUGUST 12, 2024 DENYING AS MOOT APPLICATION TO EMPLOY ACCOUTANT/BOOKKEPPER. Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (related document(s)213). (Attachments: # 1 Mailing Matrix) (Mickler, Bryan) (Entered: 08/14/2024) |
| 08/14/2024 | 223 (7 pgs; 2 docs) | Certificate of Service Re: ORDER DATED AUGUST 12, 2024 DENYING AS MOOT APPLICATION TO EMPLOY CERTIFIED PUBLIC ACCOUNTANT. Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (related document(s)214). (Attachments: # 1 Mailing Matrix) (Mickler, Bryan) (Entered: 08/14/2024) |
| 08/14/2024 | 224 (7 pgs; 2 docs) | Certificate of Service Re: ORDER DATED AUGUST 12, 2024 DENYING AS MOOT APPLICATION TO EMPLOY ATTORNEY AS SPECIAL COUNSEL FOR DEBTOR. Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (related document(s)215). (Attachments: # 1 Mailing Matrix) (Mickler, Bryan) (Entered: 08/14/2024) |
| 08/14/2024 | 225 (7 pgs; 2 docs) | Certificate of Service Re: ORDER DATED AUGUST 12, 2024 DENYING AS MOOT APPLICATION TO EMPLOY ATTORNEY AS SPECIAL COUNSEL FOR DEBTOR. Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (related document(s)216). (Attachments: # 1 Mailing Matrix) (Mickler, Bryan) (Entered: 08/14/2024) |
| 08/14/2024 | 226 (7 pgs; 2 docs) | Certificate of Service Re: ORDER DATED AUGUST 13, 2024 GRANTING SECOND INTERIM APPLICATION OF LAW OFFICES OF MICKLER & MICKLER FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTOR FOR THE PERIOD FROM APRIL 26, 2024 THROUGH AUGUST 8, 2024. Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (related document(s)217). (Attachments: # 1 Mailing Matrix) (Mickler, Bryan) (Entered: 08/14/2024) |
| 08/14/2024 | 227 (7 pgs; 2 docs) | Certificate of Service Re: ORDER DATED AUGUST 13, 2024 GRANTING INTERIM APPLICATION OF WALKER LAW OFFICES, LLC FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS COUNSEL TO THE DEBTOR FOR THE PERIOD FROM APRIL 16, 2024 THROUGH JULY 8, 2024. Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (related document(s)218). (Attachments: # 1 Mailing Matrix) (Mickler, Bryan) (Entered: 08/14/2024) |
| 08/14/2024 | 228 (4 pgs) | Application to Employ Raye C. Elliott of Akerman LLP as Attorney for the Estate Filed by Trustee Aaron R. Cohen. (Cohen, Aaron) (Entered: 08/14/2024) |
| 08/14/2024 | 229 (2 pgs) | Order Approving Application to Employ/Retain Raye C. Elliott of Akerman LLP as Attorney for the Trustee (Related Doc # 228). Service Instructions: Aaron Cohen is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order. (Margaret) (Entered: 08/14/2024) |
| 08/14/2024 | 230 (3 pgs) | Proof of Service of Order Approving Application to Employ/Retain Raye C. Elliott of Akerman LLP as Attorney for the Trustee. Filed by Trustee Aaron R. Cohen (related document(s)229). (Cohen, Aaron) (Entered: 08/14/2024) |
| 08/14/2024 | 231 (2 pgs) | Notice of Appearance and Request for Notice Filed by Raye Curry Elliott on behalf of Trustee Aaron R. Cohen. (Elliott, Raye) (Entered: 08/14/2024) |
| 08/14/2024 | 232 (8 pgs) | BNC Certificate of Mailing - Order (related document(s) (Related Doc # 207)). Notice Date 08/14/2024. (Admin.) (Entered: 08/15/2024) |
| 08/15/2024 | 233 (2 pgs) | Order Denying as Moot Interim Application of Michael Faragalla of Spiegel and Utrera, P.A. for Compensation for Services Rendered and Reimbursement of Expenses of Counsel to the Debtor for the Period from February 21, 2024 through July 26, 2024 (related document(s)194). Service Instructions: Bryan Mickler is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order. (Cathy P.) (Entered: 08/15/2024) |

| 08/16/2024 | 234 (7 pgs; 2 docs) | Certificate of Service Re: ORDER DATED AUGUST 15, 2024 DENYING AS MOOT INTERIM APPLICATION OF MICHAEL FARAGALLA OF SPIEGEL AND ULTERA, P.A. FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES OF COUNSEL TO THE DEBTOR FOR THE PERIOD FROM FEBRUARY 21, 2024 THROUGH JULY 26, 2024. Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. (related document(s)233). (Attachments: # 1 Mailing Matrix) (Mickler, Bryan) (Entered: 08/16/2024) |
|---|---|---|
| 08/28/2024 | 235 (17 pgs) | Final Application for Compensation *for Adam Walker as Special Counsel for Debtor* for Genie Investments NV Inc., Special Counsel, Fee: $21,037.50, Expenses: $0.00, for the period of 7/9/2024 to 8/9/2024. For the period: July 9, 2024 to August 2, 2024 Contains negative notice. Filed by Debtor Genie Investments NV Inc. (Entered: 08/28/2024) |
| 09/05/2024 | 236 (6 pgs) | Letter Re: Creditors seek clear and definitive clarification regarding, Preliminary Hearing on Motion for Protective Order (construed as) Filed by Creditor Kristin Stegent Doc. 123 Granted (Interim Basis) Through Continued Hearing (related document(s)). (Tonya) (Entered: 09/05/2024) |
| 09/09/2024 | | The trustee appointed in the case states that the 341 Meeting of Creditors has been re-set. Filed by Trustee Aaron R. Cohen. Section 341(a) meeting to be held on 9/19/2024 at 02:00 PM. Zoom - Cohen: Meeting ID 382 788 7472, Passcode 2386906071, Phone 904-670-1963. (Cohen, Aaron) (Entered: 09/09/2024) |
| 09/09/2024 | 237 (3 pgs) | Motion to Reschedule Hearing On *September 13, 2024, at 10:00 a.m.*, on (i) *Motion to Approve Settlement Agreement Between Genie Investments NV, Inc. and Velanos Principal Capital, Pursuant to Federal Rule of Bankruptcy Procedure 9019 (Doc. 107); (ii) Motion for Protective Order (Doc. 123) filed by creditor Kristin Stegent; (iii) First and Final Fee Application of Chapter 11 Examiner Maria M. Yip (Doc. 164); (iv) First and Final Fee Application of Hal A. Levenberg, CIRA, CFE and Yip Associates, as Final Advisors for Chapter 11 Examiner Maria M. Yip (Doc. 165); and (v) First Fee Application of Holland & Knight, Counsel to the Official Committee of Unsecured Creditors for Compensation and Reimbursement of Expenses (Doc. 172)* Filed by Raye Curry Elliott on behalf of Trustee Aaron R. Cohen (related document(s)165, 172, 164, 107, 123). (Entered: 09/09/2024) |
| 09/09/2024 | 239 (14 pgs) | Objection to *Letter Re: Creditors seek clear and definitive clarification regarding, Preliminary Hearing on Motion for Protective Order (construed as)* Filed by Interested Parties John-Michael Cohen, David Hughes (related document(s)236). (Cathy P.) (Entered: 09/11/2024) |
| 09/10/2024 | 238 (2 pgs) | *Order Granting Motion To Reschedule Hearing on (i) Motion to Approve Settlement Agreement Between Genie Investments NV, Inc. and Velanos Principal Capital, Pursuant to Federal Rule of Bankruptcy Procedure 9019 (Doc. 107); (ii) Motion for Protective Order (Doc. 123) filed by creditor Kristin Stegent; (iii) First and Final Fee Application of Chapter 11 Examiner Maria M. Yip (Doc. 164); (iv) First and Final Fee Application of Hal A. Levenberg, CIRA, CFE and Yip Associates, as Final Advisors for Chapter 11 Examiner Maria M. Yip (Doc. 165); and (v) First Fee Application of Holland & Knight, Counsel to the Official Committee of Unsecured Creditors for Compensation and Reimbursement of Expenses (Doc. 172 (Related Doc # 237). Hearing scheduled for 10/23/2024 at 10:00 AM at Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street.* Service Instructions: Raye Elliott is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order. (Cathy P.) (Entered: 09/10/2024) |
| 09/11/2024 | 240 (1 pg) | *Order Striking Objection to Letter Re: Creditors seek clear and definitive clarification regarding, Preliminary Hearing on Motion for Protective Order (construed as)* (related document(s)239). Service Instructions: Clerks Office to serve. (Cathy P.) (Entered: 09/11/2024) |
| 09/11/2024 | 241 (1 pg) | Proof of Service of Order Granting Trustee's Motion to Continue Preliminary Hearings (Doc. 238). Filed by Raye Curry Elliott on behalf of Trustee Aaron R. Cohen (related document(s)238). (Elliott, Raye) (Entered: 09/11/2024) |
| 09/12/2024 | | The Trustee hereby gives notice of recovery of assets in the instant bankruptcy case. The Trustee respectfully requests that the Clerk of the Bankruptcy Court set a claims bar date and give notice of need to file proofs of claims to all creditors and parties in interest. Filed by Trustee Aaron R. Cohen. (Cohen, Aaron) (Entered: 09/12/2024) |
| 09/13/2024 | 242 (1 pg) | Notice of the Deadline to file Proofs of Claim, served upon all creditors and parties in interest . Proofs of Claims due by 12/12/2024. (Cathy P.) (Entered: 09/13/2024) |
| 09/13/2024 | 243 (3 pgs) | BNC Certificate of Mailing. (related document(s) (Related Doc # 240)). Notice Date 09/13/2024. (Admin.) (Entered: 09/14/2024) |
| 09/15/2024 | 244 (6 pgs) | BNC Certificate of Mailing. (related document(s) (Related Doc # 242)). Notice Date 09/15/2024. (Admin.) (Entered: 09/16/2024) |

| 09/25/2024 | 245 (2 pgs) | Notice of 2004 Examination of Corporate Representative(s) of the Debtor, Genie Investments NV Inc.. Filed by Raye Curry Elliott on behalf of Trustee Aaron R. Cohen. (Elliott, Raye) (Entered: 09/25/2024) |
|---|---|---|
| 10/01/2024 | 246 (1 pg) | Notice of Change of Address As to Payment Address and Noticing Address Filed by Creditor Acres & Royalty, LLC. (Tonya) (Entered: 10/01/2024) |
| 10/04/2024 | 247 (2 pgs) | Notice of Change of Address As to Noticing Address Only Filed by Creditor Acres & Royalty, LLC. (Cathy P.) (Entered: 10/04/2024) |
| 10/13/2024 | 248 | Trustee Certification of Services Rendered Under 11 U.S.C. Section 330(e). I rendered the following service in the case and am eligible for payment under 11 U.S.C. Section 330(e): Conducted or filed a document required by rule or statute related to a meeting of creditors required by 11 U.S.C. Section 341. I declare under penalty of perjury that the foregoing is true and correct. (Executed on 10/13/2024). Filed by Trustee Aaron R. Cohen (related document(s)). (Cohen, Aaron) (Entered: 10/13/2024) |
| 10/17/2024 | 249 (11 pgs) | Notice of Filing Amendment to Settlement Agreement and Release of Claims Filed by Raye Curry Elliott on behalf of Trustee Aaron R. Cohen (related document(s)107). (Elliott, Raye) (Entered: 10/17/2024) |
| 10/21/2024 | 250 (2 pgs) | Cross Notice of 2004 Examination of Lea Muse and Blake Stringer. Filed by Creditor Lea Muse. (Tonya) (Entered: 10/21/2024) |
| 10/21/2024 | 251 (10 pgs) | Notice of Filing Supplemental Fee Application of Holland & Knight, Counsel to the Official Committee of Unsecured Creditors, For Compensation and Reimbursement of Expenses Filed by Edward M Fitzgerald on behalf of Creditor Committee The Official Committee of Unsecured Creditors (Creditors Committee). (Fitzgerald, Edward) (Entered: 10/21/2024) |
| 10/21/2024 | 252 (14 pgs) | Supplemental Application for Compensation and for Reimbursement of Expenses of Holland & Knight LLP as Counsel to Official Committee of Unsecured Creditors for Edward M Fitzgerald, Creditor Comm. Aty, Fee: $7692.00, Expenses: $0.00, for the period of to. For the period: July 18, 2024 through August 8, 2024 Filed by Attorney Edward M Fitzgerald (Entered: 10/21/2024) |
| 10/22/2024 | 253 (4 pgs) | Objection to First Fee Application and Supplement to First Fee Application of Holland & Knight as Counsel for the Official Committee of Unsecured Creditors Filed by Raye Curry Elliott on behalf of Trustee Aaron R. Cohen (related document(s)252, 172). (Elliott, Raye) (Entered: 10/22/2024) |
| 10/23/2024 | 254 (3 pgs) | Hearing Proceeding Memo: Hearing Held - APPEARANCES: WITNESSES: EVIDENCE: RULING: 1. Continued Preliminary Hearing on Motion to Approve Compromise of Controversy or Settlement Agreement. Related Case and Parties: Debtor and Velasco Principal Capital Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. Doc 107 GRANTED (AS STATED ON THE RECORD) ORDER ELLIOTT - Objection to Debtor's Motion to Approve Settlement with Velasco Principal Capital Filed by Edward M Fitzgerald on behalf of Creditor Committee Holland & Knight LLP Doc 118 -Notice of Filing Amendment to Settlement Agreement and Release of Claims Filed by Raye Curry Elliott on behalf of Trustee Aaron R. Cohen Doc 249 2. Continued Preliminary Hearing on Motion for Protective Order (construed as) Filed by Creditor Kristin Stegent Doc 123 GRANTED THROUGH CONTINUED HEARING NOVEMBER 13 @ 9:00 AOCNFN 3. Continued Preliminary Hearing on Application for Final Compensation for Maria M Yip, Examiner, Fee: $13,590.00, Expenses: $17.45, for the period of to. For the period: April 17, 2024 through July 17, 2024 Filed by Examiner Maria M Yip Doc 164 APPROVED ORDER DAVIS -Objection to FIRST AND FINAL FEE APPLICATION OF CHAPTER 11 EXAMINER MARIA M. YIP (Doc. No. 164) Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. Doc 186 4. Continued Preliminary Hearing on Final Application for Compensation for Hal A. Levenberg, CIRA, CFE, Financial Advisor, Fee: $32,589.50, Expenses: $174.70, for the period of to. For the period: April 26, 2024 through July 17, 2024 Filed by Financial Advisor Hal A. Levenberg, CIRA, CFE Doc 165 APPROVED ORDER DAVIS -Objection to FIRST AND FINAL FEE APPLICATION OF HAL A. LEVENBERG, CIRA, CFE AND YIP ASSOCIATES, AS FINANCIAL ADVISORS FOR CHAPTER 11 EXAMINER MARIA M. YIP (Doc. No. 165) Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. Doc 187 5. Continued Preliminary Hearing on First Application for Compensation and Reimbursement of Expenses for Edward M Fitzgerald, Creditor Comm. Aty, Fee: $66,433.00, Expenses: $270.00, for the period of 5/1/2023 to 7/19/2024. For the period: May 3, 2023 to present Filed by Attorney Edward M Fitzgerald Doc 172 CONTINUED TO JANUARY 7 @ 9:30 AOCNFN -Objection to FIRST FEE APPLICATION OF HOLLAND & KNIGHT, COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES (Doc. No. 172) Filed by Bryan K. Mickler on behalf of Debtor Genie Investments NV Inc. Doc 185 6. Supplemental Application for Compensation and for Reimbursement of Expenses of Holland & Knight LLP as Counsel to Official Committee of Unsecured Creditors for Edward M Fitzgerald, Creditor Comm. Aty, Fee: $7692.00, Expenses: $0.00, for the period of to. For the period: July 18, 2024 through August 8, 2024 Filed by Attorney Edward M Fitzgerald Doc 252 CONTINUED TO JANUARY 7 @ 9:30 AOCNFN -Objection to First Fee Application and Supplement to First Fee Application of Holland & Knight as Counsel for the Official Committee of Unsecured Creditors Filed by Raye Curry Elliott on behalf of Trustee Aaron R. Cohen Doc 253 Proposed Orders, if applicable, should be submitted within three |

| | | |
|---|---|---|
| | | days after the date of the hearing - Local Rule 9072-1(c). This docket entry/document is not an official order of the Court . (Bill) (Entered: 10/23/2024) |
| 10/24/2024 | 255<br>(2 pgs) | Order *Temporarily Granting Motion for Protective Order* (related document(s)123). Hearing scheduled for 11/13/2024 at 09:00 AM at Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. Service Instructions: Clerks Office to serve. (Cathy P.) (Entered: 10/24/2024) |
| 10/24/2024 | 256<br>(8 pgs) | Notice *of Issuance of Subpoena* Filed by Raye Curry Elliott on behalf of Trustee Aaron R. Cohen. (Elliott, Raye) (Entered: 10/24/2024) |
| 10/24/2024 | 257<br>(2 pgs) | Order Granting Motion to Approve Compromise or Settlement *Between Genie Investments NV, Inc. and Velanos Principal Capital, Pursuant to FRBP 9019* (Related Doc # 107). Service Instructions: Raye Elliott is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order. (Cathy P.) (Entered: 10/24/2024) |
| 10/25/2024 | 258<br>(7 pgs) | Proof of Service of Order Granting Motion to Approve Settlement Agreement Between Genie Investments NV, Inc. and Velanos Principal Capital, Pursuant to Federal Rule of Bankruptcy Procedure 9019 (Doc. 257). Filed by Raye Curry Elliott on behalf of Trustee Aaron R. Cohen (related document(s)257). (Elliott, Raye) (Entered: 10/25/2024) |
| 10/26/2024 | 259<br>(4 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # 255)). Notice Date 10/26/2024. (Admin.) (Entered: 10/27/2024) |
| 10/29/2024 | | Adversary Case 3:24-ap-80 Closed. (Cathy P.) (Entered: 10/29/2024) |
| 11/01/2024 | 260<br>(2 pgs) | Order Granting Application For Final Compensation (Related Doc # 164). Fees awarded to Maria M Yip in the amount of $13590.00, expenses awarded: $17.85 Service Instructions: Raye Elliott is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order. (Cathy P.) (Entered: 11/01/2024) |
| 11/01/2024 | 261<br>(2 pgs) | Order Granting Application For Final Compensation (Related Doc # 165). Fees awarded to Hal A. Levenberg, CIRA, CFE in the amount of $33589.50, expenses awarded: $174.70 Service Instructions: Raye Elliott is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order. (Cathy P.) (Entered: 11/01/2024) |
| 11/01/2024 | 262<br>(2 pgs) | Order Granting Application For Compensation (Related Doc # 166). Fees awarded to Ryan E Davis in the amount of $7968.00, expenses awarded: $0.00 Service Instructions: Raye Elliott is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order. (Cathy P.) (Entered: 11/01/2024) |
| 11/04/2024 | 263<br>(8 pgs) | Proof of Service of (i) Order Approving First and Final Fee Application of Chapter 11 Examiner Maria M. Yip (Doc. 260); (ii) Order Approving First and Final Fee Application of Hal A. Levenberg, CIRA, CFE and Yip Associates, as Financial Advisors for Chapter 11 Examiner Maria M. Yip (Doc. 261); and (iii) Order Approving Application of Winderweedle, Haines, Ward, Woodman, P.A., for Compensation for Services Rendered as Counsel for Maria Yip, the Duly Appointed Examiner (Doc. 262). Filed by Raye Curry Elliott on behalf of Trustee Aaron R. Cohen (related document(s)261, 262, 260). (Elliott, Raye) (Entered: 11/04/2024) |
| 11/07/2024 | | The trustee appointed in this case states that the initial meeting of creditors was held and concluded on 9/19/2024. (Cohen, Aaron) (Entered: 11/07/2024) |
| 11/13/2024 | 264<br>(1 pg) | Hearing Proceeding Memo: Hearing Held - APPEARANCES: WITNESSES: EVIDENCE: RULING: Continued Preliminary Hearing on Motion for Protective Order (construed as) Filed by Creditor Kristin Stegent Doc 123 DENIED (WITHOUT PREJUDICE) ORDER CHAMBERS Proposed Orders, if applicable, should be submitted within three days after the date of the hearing - Local Rule 9072-1(c). This docket entry/document is not an official order of the Court . (Bill) (Entered: 11/13/2024) |
| 11/14/2024 | 265<br>(1 pg) | Order Denying Motion For Protective Order (Related Doc # 123). Service Instructions: Clerks Office to serve. (Cathy P.) (Entered: 11/14/2024) |
| 11/16/2024 | 266<br>(3 pgs) | BNC Certificate of Mailing - PDF Document. (related document(s) (Related Doc # 265)). Notice Date 11/16/2024. (Admin.) (Entered: 11/17/2024) |
| 11/26/2024 | 267<br>(8 pgs) | Notice *of Issuance of Subpoena to Morgan Stanley Smith Barney LLC* Filed by Raye Curry Elliott on behalf of Trustee Aaron R. Cohen. (Elliott, Raye) (Entered: 11/26/2024) |

| | | |
|---|---|---|
| 01/02/2025 | 268 (3 pgs) | Agreed Order Granting Application For Compensation (Related Doc # 172). Fees awarded to Edward M Fitzgerald in the amount of $60000.00, expenses awarded: $0.00 Service Instructions: Edward Fitzgerald is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order. (Cathy P.) (Entered: 01/02/2025) |
| 01/02/2025 | 269 (2 pgs) | Certificate of Service Re: Agreed Order Approving Applications of Holland & Knight LLP for Compensation for Services Rendered as Counsel to the Official Committee of Unsecured Creditors. Filed by Edward M Fitzgerald on behalf of Creditor Committee The Official Committee of Unsecured Creditors (Creditors Committee) (related document(s)268). (Fitzgerald, Edward) (Entered: 01/02/2025) |
| 01/10/2025 | | Complaint by Aaron R. Cohen, Chapter 7 Trustee against Velanos Principal Capital, Inc.. 3:25-ap-00007-BAJ. Nature of Suit: [02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy))]. (Raye) (Entered: 01/13/2025) |
| 01/13/2025 | 270 (8 pgs) | Notice of Issuance of Subpoena Filed by Raye Curry Elliott on behalf of Trustee Aaron R. Cohen. (Elliott, Raye) (Entered: 01/13/2025) |
| 01/17/2025 | 271 (17 pgs) | Motion to Compel Compliance with Settlement Agreement Filed by Raye Curry Elliott on behalf of Trustee Aaron R. Cohen (Entered: 01/17/2025) |
| 01/17/2025 | 272 (2 pgs) | Notice of Preliminary Hearing on Trustee's Motion to Compel Compliance with Settlement Agreement Filed by Raye Curry Elliott on behalf of Trustee Aaron R. Cohen (related document(s)271). Hearing scheduled for 2/25/2025 at 10:00 AM at Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. (Elliott, Raye) (Entered: 01/17/2025) |
| 01/24/2025 | 273 (22 pgs) | Notice of Issuance of Subpoena Filed by Raye Curry Elliott on behalf of Trustee Aaron R. Cohen. (Elliott, Raye) (Entered: 01/24/2025) |
| 01/27/2025 | 274 (134 pgs; 4 docs) | Motion For Sanctions and Protective Order Against Chapter 7 Trustee for Retaliatory Conduct, Abuse of Process, and Breach of Fiduciary Duty (Combined) Filed by Interested Parties John-Michael Cohen, David Hughes (Attachments: # 1 Attachment 1 # 2 Attachment 2 # 3 Attachment 3) (Tonya) (Entered: 01/27/2025) |
| 01/28/2025 | 275 (2 pgs) | Notice of Hearing on Combined Motion For Sanctions and Protective Order Against Chapter 7 Trustee for Retaliatory Conduct, Abuse of Process, and Breach of Fiduciary Duty Filed by Interested Parties John-Michael Cohen, David Hughes (related document(s)274). Hearing scheduled for 2/25/2025 at 10:00 AM at Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. (Tonya) (Entered: 01/28/2025) |
| 01/29/2025 | 276 (45 pgs) | Response to Combined Motion for Sanctions and Protective Order and Request for Evidentiary Hearing Filed by Raye Curry Elliott on behalf of Trustee Aaron R. Cohen (related document(s)274). (Elliott, Raye) (Entered: 01/29/2025) |
| 01/29/2025 | 277 (6 pgs; 2 docs) | Motion to Compel Disclosure of Trustee Communications and Administrative Decisions Filed by Interested Party John-Michael Cohan (Perkins, Cathy ) Additional attachment(s) added on 1/29/2025 (Cathy P.). (Entered: 01/29/2025) |
| 01/29/2025 | 278 (2 pgs; 2 docs) | Motion to Allow Cell Phone and/Or Computer Access to the Courthouse Filed by Interested Party John-Michael Cohan (Attachments: # 1 Proposed Order) (Cathy P.) (Entered: 01/29/2025) |
| 01/29/2025 | 279 (1 pg) | Certificate of Service Re: Combined Motion for Sanctions and Protective Order, Motion to Compel Disclosure of Trustee Communications and Motionto Allow Cell Phone and/or Computer Access to the Courthouse Filed by Interested Party John-Michael Cohan (related document(s)277, 278, 274). (Cathy P.) (Entered: 01/29/2025) |
| 01/30/2025 | 280 (1 pg) | Order Denying Motion To Allow Cell Phone and/or Computer Access to the Courthouse (Related Doc # 278). Service Instructions: Clerks Office to serve. (Cathy P.) (Entered: 01/30/2025) |
| 01/30/2025 | 281 (2 pgs) | Notice of Hearing on Motion to Compel Disclosure of Trustee Communications and Administrative Decisions (related document(s)277). Hearing scheduled for 2/25/2025 at 10:00 AM at Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. (Cathy P.) (Entered: 01/30/2025) |
| 01/30/2025 | 282 (3 pgs) | Motion to Strike Motion to Compel Disclosure of Trustee Communications and Administrative Decisions (Doc. 277) Filed by Raye Curry Elliott on behalf of Trustee Aaron R. Cohen (related document(s)277). (Entered: 01/30/2025) |

| 01/30/2025 | 283 (4 pgs) | BNC Certificate of Mailing - Notice of Hearing (related document(s) (Related Doc # 278)). Notice Date 01/30/2025. (Admin.) (Entered: 01/31/2025) |
| 01/31/2025 | | Preliminary Hearing Scheduled for 02/25/2025 10:00 AM Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. Re: Motion to Strike Motion to Compel Disclosure of Trustee Communications and Administrative Decisions (Doc. 277) Doc 282. **This entry is not an official notice of hearing from the court.**<br><br>**Noticing Instructions:** The Court directs Raye Curry Elliott to prepare, file, and serve a notice of hearing that includes the information on the Notice of Hearing Sample Form available at https://www.flmb.uscourts.gov/proguide/documents/Samples/Notice_of_Hearing_Bankruptcy_Sample_Form.pdf? id=1 Counsel must file and serve the notice of hearing on interested parties within 3 days. If the hearing is on an Emergency/Expedited matter, then counsel must file and serve the notice of hearing immediately upon receipt of this directive. If the notice of hearing is not timely served and filed, then the Court will remove it from the hearing calendar and, in its discretion, may deny the relief requested.<br><br>(related document(s)282). (Bill) (Entered: 01/31/2025) |
| 01/31/2025 | 284 (2 pgs) | Notice of *Preliminary* Hearing on Motion to Strike Motion to Compel Disclosure of Trustee Communications and Administrative Decisions Filed by Raye Curry Elliott on behalf of Trustee Aaron R. Cohen (related document(s)282). Hearing scheduled for 2/25/2025 at 10:00 AM at Jacksonville, FL - Courtroom 4A, 4th Floor, Bryan Simpson United States Courthouse, 300 North Hogan Street. (Elliott, Raye) (Entered: 01/31/2025) |
| 02/01/2025 | 285 (4 pgs) | BNC Certificate of Mailing - Notice of Hearing (related document(s) (Related Doc # 281)). Notice Date 02/01/2025. (Admin.) (Entered: 02/02/2025) |

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| 02/03/2025 09:54:53 | | | |
| PACER Login: | merktongroup | Client Code: | |
| Description: | Docket Report | Search Criteria: | 3:24-bk-00496-BAJ Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Headers: included Format: html Page counts for documents: included |
| Billable Pages: | 30 | Cost: | 3.00 |

# EXHIBIT F

EXHIBIT F

Introduction

This exhibit contains examples of critical court filings in this case that necessitate real-time electronic access. The inability to access these documents severely hinders my ability to effectively participate in hearings, respond to legal arguments, and present necessary evidence.

Without electronic access, I am forced to rely on printed copies, which:

- Are outdated the moment new filings occur on the court's docket.
- Do not allow for keyword searches or cross-referencing with legal authorities.
- Place me at a procedural disadvantage compared to attorneys with full access to PACER and electronic devices.

This exhibit includes a list of key filings in this case that I must be able to access and reference in real time.

List of Documents

1. Motion for Protective Order and Sanctions

- Summary: This motion requests sanctions against the Chapter 7 Trustee. I need real-time access to this document during hearings to respond to any arguments raised.
- Why Electronic Access is Required:
  - Opposing counsel may reference this filing, and I must verify details instantly.
  - Any ruling on this motion could impact subsequent filings.

2. Trustee's Response to Motion for Protective Order

- Summary: The trustee's response contains legal arguments that require immediate review during hearings.
- Why Electronic Access is Required:
  - Without access, I cannot fact-check statements made by opposing counsel in real time.
  - I need to cross-reference legal arguments with case law and other filings.

### 3. Court Order Denying Cell Phone and Computer Access

- **Summary:** This is the court order currently being challenged. It is critical to have instant access to this document to respond effectively in court.

- **Why Electronic Access is Required:**

    - I need to cite specific language from the ruling during my motion for reconsideration.

### 4. Motion for Reconsideration of Order Denying Access – This Filing

- **Summary:** This is the very motion for reconsideration that requires the ability to access and reference documents during hearings.

- **Why Electronic Access is Required:**

    - The inability to pull up citations, case law, and previous rulings in real time **would severely hinder my ability to argue my case effectively**.

### 5. PACER Docket Summary for Case No. 3:24-bk-00496-BAJ (Exhibit D)

- **Summary:** The complete electronic docket showing every filing and order entered in this case.

- **Why Electronic Access is Required:**

    - The docket is updated frequently, and hearings often involve **discussions of recent filings.**

    - Not having access to PACER **prevents me from tracking case developments in real time.**

## Conclusion

The court's electronic filing system is integral to modern litigation, and **denying pro se litigants access to PACER and electronic devices places them at a severe disadvantage**. Attorneys can reference and pull up case files instantly, while **I am forced to rely on outdated or incomplete paper copies.**

# EXHIBIT G

| | |
|---|---|
| **From:** | raye.elliott@akerman.com |
| **To:** | John from Genie Investments; David from Genie Investments |
| **Cc:** | bkmickler@planlaw.com |
| **Subject:** | FW: In re Genie Investments, NV, Inc. |
| **Date:** | Thursday, January 23, 2025 3:54:49 PM |

Mr. Cohan,

Please immediately stop forwarding my email to third parties that I sent to you and Mr. Hughes stating that the bankrtupcy case does not impact personal claims you hold against others. My email to you was not intended for public dissemination.

**Raye Elliott**
Tampa: Akerman LLP | 401 East Jackson Street, Suite 1700 | Tampa, FL 33602
D: 813 209 5013 | T: 813 223 7333 | F: 813 223 2837
Jacksonville: Akerman LLP | 50 North Laura Street, Suite 3100 | Jacksonville, FL 32202
T: 904 798 3700 | F: 904 798 3730
raye.elliott@akerman.com


**From:** Kipp Nash <kipnash7@gmail.com>
**Sent:** Thursday, January 23, 2025 11:38 AM
**To:** Elliott, Raye (Ptnr-Tpa) <raye.elliott@akerman.com>
**Subject:** Fwd: In re Genie Investments, NV, Inc.


[External to Akerman]


Sent from my iPhone

Begin forwarded message:

> **From:** John from Genie Investments <jmcohan@genieinvestments.com>
> **Date:** January 23, 2025 at 10:15:16 AM CST
> **To:** kipnash7@gmail.com
> **Cc:** David from Genie Investments <dhughes@genieinvestments.com>
> **Subject:** FW: In re Genie Investments, NV, Inc.
>
> Kipp and Kim,
>
> The Trustee cannot and will not interfere with our personal claims against you, as confirmed in the email thread below. Please refer to your notice for the response deadline.
>
> To address recent concerns, we are offering an opportunity for resolution. On a **first-come, first-serve basis**, the first party to reveal the identity of the

individuals responsible for creating fake online profiles with the intent to defame us will not be pursued legally. The party must provide solid evidence to substantiate their claim and be prepared to testify if necessary to ensure accountability and transparency.

This offer aims to resolve the matter amicably and efficiently while avoiding unnecessary legal escalation. We look forward to your timely response.

Sincerely,

<image001.png>
**John Michael Cohan**
Genie Investments, Director
<image002.jpg>
A Word of Caution to Sellers & Buyers Business is based on trust. Genie Investments (Genie) is acting solely as Consultants, Genie does not accept any liability on behalf of Sellers or Buyers or their associated Facilitators and/or Intermediaries. Genie advises Buyers and Sellers to take the course of wisdom and perform full verification & due diligence on their own before going into any opportunity.
DISCLAIMER: Sender (jmcohan@genieinvestments.com) is NOT a United States Securities Dealer or Broker or U.S. Investment Advisor. Sender is a Consultant and makes no warranties or representations as to the Buyer, Seller or Transaction. All due diligence is the responsibility of the Buyer and Seller. This E-mail letter and the attached related documents are never to be considered a solicitation for any purpose in any form or content. Upon receipt of these documents, the Recipient hereby acknowledges this Disclaimer. If acknowledgment is not accepted, Recipient must return any and all documents in their original receipted condition to Sender. This electronic communication is covered by the Electronic Communications Privacy Act of 1986, Codified at 18 U.S.C 1367,2510-2521,2701-2710   AS PER GRAMM-LEACH-BLILEY ACT 15 USC, SUBCHAPTER I, SEC 6801-6809 DISCLOSURE OF NONPUBLIC PERSONAL INFORMATION. Also see:
http://www.ftc.gov/privacy/glbact/glbsub1.htm
PRIVATE AND CONFIDENTIAL: This communication may contain privileged and/or confidential information.  It is intended solely for the use of the addressee. If you are not the intended recipient, you are strictly prohibited from disclosing, copying, distributing, or using any of this information. Please inform the sender if you have received this email in error.
This email is not a solicitation or recommendation to buy, sell, or hold securities. This email is meant for informational and educational purposes only and does not provide investment advice.

**From:** raye.elliott@akerman.com <raye.elliott@akerman.com>
**Sent:** Wednesday, January 22, 2025 6:48 PM
**To:** John from Genie Investments <jmcohan@genieinvestments.com>; David from Genie Investments <dhughes@genieinvestments.com>
**Cc:** bkmickler@planlaw.com
**Subject:** RE: In re Genie Investments, NV, Inc.

Mr. Cohan,

Thank you for email. I agree that any personal claims or causes of action that you and Mr. Hughes hold are not impacted by the Genie bankruptcy case. In fact, yesterday and today I have received emails from a few of the Debtors' creditors with copies of demand letters that you have sent them in your personal capacity and I have told each of them that the bankruptcy case does not impact any individual claims you may or may not hold against them.

I don't know what your legal counsel told you, but I don't see how you have a personal cause of action against the Warren Law Group and Scott Oh, since they were retained to represent Genie Investments and not you personally. My concern is that if you try to pursue a personal claim against the Warren Law Group, even if unsuccessful, the firm will look to its malpractice insurance policy to pay defense costs which will eat into the insurance policy limits that would otherwise be available to the bankruptcy estate when the Trustee pursues the malpractice claim on behalf of Genie. In that way, I am afraid that your attempting to pursue a personal claim against the Warren Law Group would adversely impact the bankruptcy estate.

**Raye Elliott**
Tampa: Akerman LLP | 401 East Jackson Street, Suite 1700 | Tampa, FL 33602
D: 813 209 5013 | T: 813 223 7333| F: 813 223 2837
Jacksonville: Akerman LLP | 50 North Laura Street, Suite 3100 | Jacksonville, FL 32202
T: 904 798 3700 | F: 904 798 3730
raye.elliott@akerman.com

**From:** John from Genie Investments <jmcohan@genieinvestments.com>
**Sent:** Wednesday, January 22, 2025 5:05 PM
**To:** Elliott, Raye (Ptnr-Tpa) <raye.elliott@akerman.com>; David from Genie Investments <dhughes@genieinvestments.com>
**Cc:** bkmickler@planlaw.com
**Subject:** RE: In re Genie Investments, NV, Inc.

[External to Akerman]

Ms. Elliot,

We hope this message finds you well. We are writing to clarify our intent regarding

the claims we are pursuing and to ensure that we remain cooperative and aligned with the trustee's responsibilities while also protecting our individual rights.

First, we want to reaffirm that we fully respect the trustee's authority and role in managing the claims and interests of the bankruptcy estate of Genie Investments NV, Inc. We are not attempting to overstep this authority or infringe upon any claims that rightly belong to the estate. Our focus is strictly on pursuing claims for the personal harm we have suffered, which are separate and distinct from the estate's malpractice claims.

As noted in the examiner's report, we have endured significant harm to our personal reputations. Additionally, we previously sought the trustee's assistance in addressing damaging social media posts by [Stringer], which further exacerbated this harm. These actions have caused personal damages— diminished credibility, loss of professional opportunities, and emotional distress —that are independent of the company's operations and bankruptcy estate.

After consulting with our legal counsel, we have been advised that pursuing these personal claims is appropriate and does not conflict with the trustee's exclusive authority over the estate. Our counsel has assured us that the harm we are addressing is uniquely personal and unrelated to the corporate claims. While we remain fully cooperative and respectful of the trustee's mandate, we also have a responsibility to protect ourselves and seek remedy for the harm we have individually suffered.

We deeply value the trustee's role and are committed to ensuring that our actions do not interfere with the bankruptcy proceedings. However, we respectfully request clarification on how pursuing these personal claims could be viewed as conflicting with the estate's rights, particularly given the examiner's findings about our reputational harm and the direct personal impact we have experienced.

Our intention is to work collaboratively with the trustee while safeguarding our individual rights and ensuring we can address the unique damages we have suffered. We would greatly appreciate your guidance and understanding as we navigate this matter.

Thank you for your time and attention. Please let us know if further clarification or documentation would be helpful.

Citations: In re Icarus Holding, LLC, 391 F.3d 1315 (11th Cir. 2004), Caplin v. Marine Midland Grace Trust Co., 406 U.S. 416 (1972), In re Colonial Realty Co., 980 F.2d 125 (2d Cir. 1992)

Sincerely,

<image001.png>
## John Michael Cohan
**Genie Investments, Director**
<image002.jpg>
A Word of Caution to Sellers & Buyers Business is based on trust. Genie Investments (Genie) is acting solely as Consultants, Genie does not accept any liability on behalf of Sellers or Buyers or their associated Facilitators and/or Intermediaries. Genie advises Buyers and Sellers to take the course of wisdom and perform full verification & due diligence on their own before going into any opportunity.

DISCLAIMER: Sender (jmcohan@genieinvestments.com) is NOT a United States Securities Dealer or Broker or U.S. Investment Advisor. Sender is a Consultant and makes no warranties or representations as to the Buyer, Seller or Transaction. All due diligence is the responsibility of the Buyer and Seller. This E-mail letter and the attached related documents are never to be considered a solicitation for any purpose in any form or content. Upon receipt of these documents, the Recipient hereby acknowledges this Disclaimer. If acknowledgment is not accepted, Recipient must return any and all documents in their original receipted condition to Sender. This electronic communication is covered by the Electronic Communications Privacy Act of 1986, Codified at 18 U.S.C 1367,2510-2521,2701-2710    AS PER GRAMM-LEACH-BLILEY ACT 15 USC, SUBCHAPTER I, SEC 6801-6809 DISCLOSURE OF NONPUBLIC PERSONAL INFORMATION. Also see:
http://www.ftc.gov/privacy/glbact/glbsub1.htm
PRIVATE AND CONFIDENTIAL: This communication may contain privileged and/or confidential information.  It is intended solely for the use of the addressee. If you are not the intended recipient, you are strictly prohibited from disclosing, copying, distributing, or using any of this information. Please inform the sender if you have received this email in error.
This email is not a solicitation or recommendation to buy, sell, or hold securities. This email is meant for informational and educational purposes only and does not provide investment advice.


**From:** rave.elliott@akerman.com <rave.elliott@akerman.com>
**Sent:** Wednesday, January 22, 2025 3:12 PM
**To:** John from Genie Investments <jmcohan@genieinvestments.com>; David from Genie Investments <dhughes@genieinvestments.com>
**Cc:** bkmickler@planlaw.com
**Subject:** In re Genie Investments, NV, Inc.


Mr. Cohan and Mr. Hughes,

The attorney for Warren Law Group forwarded the attached letter to me that you sent to the firm asserting a claim for legal malpractice. Any claim for legal malpractice for the firm's representation of Genie Investments NV, Inc. belongs to the bankruptcy estate and can only be asserted by the Trustee. Accordingly, please immediately cease and desist with any communications or demands to the Warren Law Group or Scott Oh. Thank you.

**Raye Elliott**
Tampa: Akerman LLP | 401 East Jackson Street, Suite 1700 | Tampa, FL 33602
D: 813 209 5013 | T: 813 223 7333| F: 813 223 2837
Jacksonville: Akerman LLP | 50 North Laura Street, Suite 3100 | Jacksonville, FL 32202
T: 904 798 3700 | F: 904 798 3730
raye.elliott@akerman.com

vCard | Profile

Akerman Logo

CONFIDENTIALITY NOTE: The information contained in this transmission may be privileged and confidential, and is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately reply to the sender that you have received this communication in error and then delete it. Thank you.

# EXHIBIT H

GENIE INVESTMENTS Properties                                    ✕

General   Sharing   Security   Previous Versions   Customize

GENIE INVESTMENTS

Type:          File folder

Location:      C:\Users\rockj\OneDrive - capitulumhomes.com

Size:          22.6 GB (24,334,142,823 bytes)

Size on disk:  1.16 GB (1,246,031,872 bytes)

Contains:      11,005 Files, 3,349 Folders

Created:       Monday, December 30, 2024, 10:10:43 AM

Attributes:    ▢ Read-only (Only applies to files in folder)
               ☐ Hidden                    Advanced...

        OK              Cancel

     2:09 PM
                                                                 2/2/2025

# EXHIBIT I

**EXHIBIT I**

**American Bar Association on Self-Represented Litigants**

The ABA acknowledges the significant presence of self-represented litigants (SRLs) in courts, often due to the inability to afford or access legal counsel. The association highlights the role of Access to Justice (ATJ) Commissions in identifying and addressing the needs of SRLs, the programs that support them, and the court systems. The ABA's focus on SRLs underscores the necessity of providing adequate resources and support to ensure meaningful access to justice.

**Conference of State Court Administrators (COSCA) – Position Paper on Self-Represented Litigation (2000):**

Not only do litigants have a constitutional right to represent themselves, but also the judicial system has the affirmative duty to ensure that all citizens have meaningful access to the courts. A court system that declines to respond to or makes access difficult for litigants without lawyers violates this duty and effectively renders the right to represent oneself meaningless, creating a two-tier system of justice.