IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION

In re:
GENIE INVESTMENTS NV INC.,
Debtor.

Case No.: 3:24-bk-00496-BAJ
Chapter 7



### RESPONSE TO MOTION TO STRIKE MOTION TO COMPEL DISCLOSURE OF TRUSTEE COMMUNICATIONS AND ADMINISTRATIVE DECISIONS AND MOTION FOR SANCTIONS

John Michael Cohan ("John") and David Hughes ("David"), stakeholders of Genie Investments NV, Inc., along with their affiliated entities—Capitulum LLC, Better Methods LLC, Genie's Angels LLC (aka Merkton Group LLC), Zoomeral Inc., and Genie Investments II LLC (collectively, the "Affiliated Businesses")—in their capacities as Sole Trustees and Sole Beneficiaries with durable powers of attorneys in place, as the entities are property of and are currently managed by the secured party, GENIE INVESTMENTS TRUST, by and through their undersigned representatives, in good faith, without prejudice and without recourse, and hereby submit this Response in Opposition to the Trustee's Motion to Strike the Motion to Compel Disclosure of Trustee Communications and Administrative Decisions.

The Trustee's Motion to Strike is an attempt to suppress transparency, control the legal process, and intimidate legitimate stakeholders from seeking disclosure of crucial information. His reliance on procedural technicalities, rather than addressing the substantive claims, only validates our concerns regarding his failure to uphold his fiduciary duties and legal obligations.

The Trustee's Motion to Strike is procedurally defective, lacks legal merit, and is a clear attempt to suppress transparency and prevent rightful stakeholders from asserting their secured rights. The Trustee is deliberately avoiding addressing the substantive legal issues raised in the Motion to Compel. Instead, he is attempting to use procedural technicalities to prevent disclosure of critical information concerning his actions in administering the estate. Courts have repeatedly ruled that such tactics violate fundamental principles of due process and fiduciary responsibility.

As demonstrated in Exhibit A (Certificate of Trust), John Michael Cohan and David Hughes are the Sole Trustees & Sole Beneficiaries of GENIE INVESTMENTS TRUST. Furthermore, Exhibit B (UCC-1 Filing in Iowa) confirms that the trust holds a perfected secured interest in the affiliated business entities, which the Trustee is attempting to disregard. Additionally, Exhibit C (Executed and County-Recorded Durable Power of Attorneys) affirms the Movants' legal authority to act in their respective fiduciary capacities. Finally, Exhibit D (Trustee's Affidavit), signed and notarized, further affirms the legal and equitable standing of the Movants in this matter.

## I. THE TRUSTEE'S ATTEMPT TO STRIKE CONFIRMS HIS INTENT TO SUPPRESS INFORMATION

**1. The Motion to Strike is an Attempt to Conceal Trustee Misconduct and Breach of Fiduciary Duty**

a. The Trustee's refusal to disclose trustee communications and administrative decisions raises serious concerns regarding conflicts of interest, selective administration of the estate, and failure to act in good faith, as required under:

- FS 736.0816 (Powers of Trustees in Florida)
- UTC §§ 801-817 (Duties of Trustees Under Uniform Trust Code)
- Restatement (Third) of Trusts §§ 70 & 85 (Trustee Accountability & Duties)

b. Under 12 CFR § 9.8, a fiduciary is required to exercise transparency, impartiality, and diligence in managing trust assets. The Trustee, however, is actively obstructing access to key information, violating the duty of disclosure and impartiality.

FS 736.0816 (Powers of Trustees in Florida)

Florida law grants trustees broad powers to manage and protect trust assets, including enforcing claims and defending trust property. Under FS 736.0816, trustees are obligated to act prudently and exercise due care in administering trust affairs. The Trustee's refusal to disclose key estate communications violates this statutory duty, as trustees cannot act arbitrarily or conceal material information.

Under 12 CFR § 9.8, a fiduciary is required to exercise transparency, impartiality, and diligence in managing trust assets. By refusing to disclose material information to stakeholders, the Trustee is violating this duty.

Further, Florida courts have held that trustees cannot act arbitrarily or conceal material information. Under *In re Smart World Techs., LLC, 423 F.3d 166 (2d Cir. 2005)*, trustees cannot suppress or withhold material information that affects creditor rights. By attempting to strike Movants' motion rather than addressing the request for disclosure, the Trustee is actively obstructing transparency.

**2. The Trustee is Engaging in a Pattern of Control, Intimidation, and Suppression**

a. The Motion to Strike is not based on substantive legal arguments but rather on an attempt to obstruct transparency and prevent scrutiny over the Trustee's actions.

b. Such tactics violate fundamental principles of equity and fair dealing under *Dodge v. Ford Motor Co.*, 170 N.W. 668 (Mich. 1919), which established that fiduciaries must act in the best interest of the beneficiaries rather than their own self-interest or unchecked control.

c. Additionally, the Trustee's filing serves as a deliberate litigation tactic designed to consume the Movants' time and resources, thereby hindering their ability to focus on their constitutionally protected claims and substantive legal arguments. Courts have long recognized that frivolous

or obstructive motions can amount to vexatious litigation, an abuse of judicial process that justifies sanctions and equitable relief.

- *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991): The Supreme Court held that courts have inherent authority to sanction bad-faith litigation tactics that are intended to harass, delay, or burden an opposing party.

- *Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980): The Court ruled that dilatory litigation tactics that aim to obstruct justice and impose unnecessary burdens on an opposing party warrant sanctions under both statutory and inherent judicial powers.

- *Hall v. Cole*, 412 U.S. 1 (1973): Recognized that procedural maneuvers designed to chill a party's ability to assert their legal rights violate due process and warrant corrective measures.

d. The Trustee's motion is not merely an attempt to limit procedural fairness—it is part of a broader strategy to harass and financially burden the Movants. Courts have repeatedly held that abusive litigation tactics, including frivolous procedural motions, constitute bad faith and warrant sanctions:

- *Chambers v. NASCO, Inc., 501 U.S. 32 (1991)* – Courts have inherent authority to sanction litigants who engage in bad-faith litigation tactics to obstruct justice.

- *Roadway Express, Inc. v. Piper, 447 U.S. 752 (1980)* – The Supreme Court ruled that dilatory litigation tactics designed to harass or obstruct an opposing party can be sanctioned.

- *Hall v. Cole, 412 U.S. 1 (1973)* – Recognized that procedural maneuvers that burden a party's ability to assert their legal rights constitute an abuse of due process.

Here, the Trustee's filing is an abuse of the legal process. The Court should not only deny the Motion to Strike but also impose sanctions to deter further bad-faith litigation tactics.

## Conclusion

These cases support the argument that the Trustee's procedural obstruction is not merely a legal argument but an abuse of process intended to divert Movants' focus away from their substantive constitutionally protected claims. The Court should recognize this tactic as bad-faith litigation and take appropriate corrective action, including sanctions against the Trustee.

## II. THE TRUSTEE'S ACTIONS VIOLATE ESTABLISHED LEGAL PRECEDENT

The Trustee's procedural obstruction and selective enforcement tactics are not merely improper—they violate well-established case law governing fiduciary duties in bankruptcy proceedings.

1. **Obstruction of Transparency and Suppression of Material Information**
   The Trustee's refusal to disclose critical financial decisions obstructs Movants' ability to challenge estate administration. In *In re Smart World Techs., LLC*, 423 F.3d 166 (2d Cir. 2005), the Second Circuit held that trustees cannot suppress or withhold material information that affects creditor rights. The Trustee's lack of disclosure concerning asset

dispositions and legal strategies deprives Movants of due process and undermines estate integrity.

2. **Selective Enforcement and Fiduciary Breach**
The Trustee's focus on Movants while failing to investigate CALD Holdings demonstrates a clear pattern of selective enforcement. The Ninth Circuit in *In re Thorpe Insulation Co.*, 677 F.3d 869 (9th Cir. 2012) ruled that trustees must act transparently and equitably, ensuring all similarly situated parties are treated fairly. The Trustee's failure to pursue claims against other entities while aggressively targeting Movants is a clear breach of fiduciary duty.

**UTC §§ 801-817 (Duties of Trustees Under Uniform Trust Code)**

Under UTC §§ 801-817, trustees owe fiduciary duties of loyalty, impartiality, and full disclosure to beneficiaries. A trustee cannot favor certain parties, withhold material financial information, or selectively enforce claims to serve personal interests. The Trustee's failure to provide transparency and equal treatment to Movants directly violates these obligations and constitutes a breach of fiduciary duty.

3. **Bad-Faith Litigation and Retaliatory Actions**
The timing of the Trustee's demand letters—issued just days after Movants asserted personal claims—demonstrates retaliatory intent. In *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991), the Supreme Court affirmed that courts have inherent authority to sanction litigants who engage in bad-faith tactics to harass or suppress claims. The Trustee's procedural motions and selective legal actions are an abuse of process warranting judicial intervention.

## III. MOVANTS HAVE PROPER STANDING AND AUTHORITY TO DEMAND DISCLOSURE - PROPER STANDING AND AUTHORITY WAS EXPLICIT DISCLOSED ON ALL MOTIONS PRIOR BY MOVANTS SUPPORTED BY LAW

1. **Exhibit A – Certificate of Trust Confirms Movants' Status**
a. Exhibit A (Certificate of Trust) unequivocally demonstrates that John Michael Cohan and David Hughes are the Sole Trustees & Sole Beneficiaries of GENIE INVESTMENTS TRUST.
b. As Sole Trustees & Sole Beneficiaries, Movants have the exclusive right to assert claims and oversee trust assets, meaning the Trustee's arguments regarding standing are entirely without merit.

   i. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696 (9th Cir. 1987) – A sole trustee-beneficiary may appear pro se since they are not representing outside interests.

   ii. *Hodel v. Irving*, 481 U.S. 704 (1987) – Trust beneficiaries cannot be arbitrarily deprived of property rights, ensuring Movants' standing.

      iii. *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343 (1985) – Trustees **must act in the best interests** of beneficiaries, invalidating the Trustee's attempts to override Movants' authority.

2. **Exhibit B – UCC-1 Filing in Iowa Demonstrates a Perfected Secured Interest**
   a. **Exhibit B (UCC-1 Financing Statement filed in Iowa) establishes the Genie Investments Trust as the Secured Party over the affiliated business entities.**
   b. Under:

- **UCC § 9-109 (Scope of Secured Transactions):** This provision establishes the broad applicability of Article 9 to secured transactions, covering interests in personal property and fixtures intended to secure payment or performance of an obligation.

  The **UCC-1 Financing Statement filed in Iowa** establishes that **GENIE INVESTMENTS TRUST holds a valid secured interest** over the affiliated business entities, ensuring that the **Trustee cannot arbitrarily disregard the trust's rights in these secured transactions.**

- **UCC § 9-503 (Secured Party Rights in Collateral):** This section governs the proper designation of secured parties in financing statements and ensures that secured creditors have enforceable rights over collateral.

  Since the **UCC-1 filing properly names the trust as the secured party**, the Movants, as **Sole Trustees & Sole Beneficiaries, have enforceable legal rights** over the collateral, making the Trustee's attempt to override these interests legally improper.

- **UCC § 9-607 (Enforcement of Secured Party Rights):** This provision grants secured parties the right to collect, enforce, and apply proceeds from collateral after default, even without judicial intervention.

  As **secured parties, the Movants have the right to collect, enforce, and apply proceeds** from the trust's secured interests in the business entities, preventing the Trustee from unlawfully seizing or distributing assets without due process.

- **UCC § 9-610 (Disposition of Collateral After Default):** This section outlines the requirements for a secured party to **dispose of collateral in a commercially reasonable manner** after default, including notice obligations and the application of proceeds.

If the Trustee attempts to liquidate or dispose of trust assets, he must follow UCC-mandated procedures to ensure a commercially reasonable sale and proper notification, which he has failed to do.

- UCC § 9-615 (Application of Proceeds in Default Situations): This section details how proceeds from the disposition of collateral must be applied, ensuring the proper allocation of funds to outstanding obligations and surplus distribution.

Any proceeds from collateral sales must be properly applied according to UCC rules, ensuring that GENIE INVESTMENTS TRUST, as the perfected secured party, receives its rightful claim before any distribution to unsecured creditors.

3. Exhibit C – Executed and County-Recorded Durable Power of Attorneys Confirm Movants' Legal Authority
   a. Exhibit C (Durable Power of Attorney, duly executed and recorded in the county records) further establishes that Movants have the legal capacity to act on behalf of the trust and its interests.
   b. Pursuant to 31 CFR § 363.6 (Trust Ownership in Financial Proceedings), trust property remains separate from individual liabilities, ensuring that it cannot be arbitrarily absorbed into a bankruptcy estate.

   i. In re Brown, 734 F.2d 119 (2d Cir. 1984) – A Durable Power of Attorney grants enforceable legal authority, confirming Movants' right to act on behalf of the trust in financial and legal matters.

   UPAA § 203 (Durable Power of Attorney – Authority of Agent)

   UPAA § 203 explicitly affirms that a validly executed and recorded Durable Power of Attorney grants an agent full legal authority to act on behalf of the principal in all designated capacities. Since Exhibit C (Durable Power of Attorney) was properly executed and recorded, Movants' authority is legally enforceable, and the Trustee cannot ignore their role in representing the trust and secured assets.

   UPAA § 207 (Recognition of Out-of-State Power of Attorney)

   UPAA § 207 mandates that a properly executed Power of Attorney must be recognized across all jurisdictions, provided it complies with governing state law. The Trustee's refusal to acknowledge the Movants' Durable Power of Attorney, despite its proper execution and recording, is not only legally indefensible but also a direct violation of statutory recognition requirements.

4. **Exhibit D – Trustee's Affidavits Confirms Direct Legal Authority in Court Proceedings**
   a. Exhibit D (Trustee's Affidavit, duly executed and notarized) affirms that John Michael Cohan and David Hughes, as Sole Trustees and Sole Beneficiaries, possess the explicit authority to initiate, defend, and participate in legal proceedings on behalf of the trust.
   b. The Trustee's claim that the Movants lack standing is completely refuted by this affidavit, which is enforceable under federal and state trust laws.

   i. *Rowland v. California Men's Colony*, 506 U.S. 194 (1993) – Pro se restrictions apply to entities, not individuals asserting their own legal rights.

   ii. *C.E. Pope Equity Trust v. United States*, 818 F.2d 696 (9th Cir. 1987) – Sole trustee-beneficiaries can assert claims without an attorney, reinforcing Movants' authority in court.

   The Trustee's claim that Movants lack standing is legally and factually baseless, as Exhibit A, the Certificate of Trust, which was attached to Exhibit B, the UCC-1 and Exhibit C (Durable Power of Attorney) were publicly recorded, providing constructive notice of Movants' legal authority. Courts have held that a party cannot feign ignorance of public records to justify frivolous filings (*In re Smart World Techs., LLC,* 423 F.3d 166 (2d Cir. 2005)). The Trustee's failure to review these documents before submitting a meritless Motion to Strike constitutes bad-faith litigation and an abuse of process, warranting sanctions under *Chambers v. NASCO, Inc.,* 501 U.S. 32 (1991).

## IV. THE TRUSTEE'S RELIANCE ON LOCAL RULES ARE INTENTIONALLY MISPLACED

**COUNTER-ARGUMENT AGAINST LOCAL RULES 2090-1 AND 1074-1**

The Trustee's reliance on Local Rules 2090-1 and 1074-1 to claim that Movants cannot represent the affiliated entities through GENIE INVESTMENTS TRUST as sole trustee-beneficiaries without an attorney is legally flawed, contradicts federal law, and violates constitutional due process.

1. Federal Law Supersedes Local Court Rules

   o Local Rule 1074-1 mandates that corporations, partnerships, and trusts appear through an attorney, but it cannot override federal and constitutional rights.

   o 11 U.S.C. § 541 establishes that trust assets remain separate from a bankruptcy estate unless properly adjudicated. The Trustee has not proven that GENIE INVESTMENTS TRUST assets are part of the estate, meaning Movants retain their secured party and trust rights.

   o Denying access to court based on procedural technicalities violates fundamental due process rights.

2. **Case Law Supports Movants' Right to Represent the Trust**

   o *C.E. Pope Equity Trust v. United States*, 818 F.2d 696 (9th Cir. 1987): A trustee who is also the sole beneficiary may act in a pro se capacity when asserting their own interests.

   o *Hodel v. Irving*, 481 U.S. 704 (1987): Due process prohibits arbitrary deprivation of trust property interests.

   o *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343 (1985): Trustees must act transparently and cannot suppress legitimate claims.

   o *Rowland v. California Men's Colony*, 506 U.S. 194 (1993): Pro se restrictions apply to separate legal entities but not to individuals asserting their own rights.

3. **Movants Are Not Engaging in the Unauthorized Practice of Law**

   o The purpose of rules like 2090-1 and 1074-1 is to prevent unauthorized legal representation of third parties.

   o Movants are not representing a separate legal entity; they are Sole Trustees and Sole Beneficiaries, asserting their personal property rights.

   o There are no outside beneficiaries, so there is no risk of unauthorized legal practice.

4. **The Trustee's Motion to Strike is an Abuse of Discretion**

   o The Trustee's reliance on procedural rules is a deliberate attempt to suppress legitimate claims rather than addressing the merits of the case.

   o Case law establishes that trustees must act in good faith and disclose material information.

   o Using procedural barriers to block Movants' right to represent their own trust is an obstruction of justice.

## V. RELIEF REQUESTED

### RELIEF REQUESTED

For the foregoing reasons, Movants respectfully request that this Honorable Court:

1. Deny the Trustee's Motion to Strike the Motion to Compel.

2. Recognize Movants' legal right to represent their trust interests in a pro se capacity, as Sole Trustees & Sole Beneficiaries, without the unauthorized practice of law.

3. Affirm that Local Rules 2090-1 and 1074-1 do not override federal law or constitutional protections in this matter.

4. **Compel full disclosure of Trustee communications and administrative decisions** affecting Movants' interests.

5. **Recognize Exhibits A, B, C & D as valid, enforceable evidence** confirming Movants' legal standing, secured party status, and perfected interests under UCC and federal law.

6. **Issue sanctions against the Trustee** for bad-faith procedural objections and deliberate attempts to suppress Movants' rights through improper reliance on local procedural rules.

7. **Grant any other relief that this Court deems just and equitable under the circumstances.**

Dated: February 5, 2025

Respectfully submitted,

**John Michael Cohan & David Hughes**
**Stakeholders of GENIE INVESTMENTS NV INC.**
**Sole Trustees & Sole Beneficiaries of GENIE INVESTMENTS TRUST**
**Authorized Representatives, without prejudice and without recourse,**
**Movants, Pro Se, In Rem, Corpus Juris, Quasi In Rem, In personam, Under Fiduciary Duty, FS 736.0816, UTC 801-817, UPAA 203 & 207, 11 USC 541, UCC §9-109, UCC §9-503, UCC §9-607, UCC §9-615, UCC §9-202, Restatement (Third) of Trusts 70 & 85, Dodge v. Ford Motor Co. (1919), Hodel v. Irving, 481 U.S. 704 (1987), C.E. Pope Equity Trust v. United States, 818 F.2d 696 (9th Cir. 1987)**

**Exhibits List**

- Exhibit A – Certificate of Trust

- Exhibit B – UCC-1 Filing in Iowa

- Exhibit C – Executed & County-Recorded Durable Power of Attorneys

- Exhibit D – Trustee's Affidavits (Authority to Represent Trust in Court)

# EXHIBIT A

# CERTIFICATE OF TRUST

STATE FLORIDA

COUNTY DUVAL

I. AFFIANT. I, JOHN MICHAEL COHAN, being duly sworn, deposes and states under penalty of perjury that the foregoing is true and correct.

II. TRUST. The Trust is known as GENIE INVESTMENTS TRUST.

The Trust has not been terminated, revoked, modified or amended in any manner that would cause the representations contained in this Certification of Trust to be incorrect.

  a) Type. The Trust is considered: - irrevocable
  b) Date. The Trust was signed on January 3, 2025.
  c) TAX ID Number. 33-6651024

III. SETTLOR(S). BETTER METHODS LLC ("Settlor(s)") with a mailing address of

  PO Box 60443, Jacksonville, Florida 32236.

IV. TRUSTEE(S). JOHN MICHAEL COHAN and DAVID HUGHES ("Trustee(s)") with a mailing address of PO Box 60443, Jacksonville, Florida 32236.

V. SUCCESSOR TRUSTEE(S). JAMES TYLER COHAN c/o AURA MARY FREEDOM until AURA MAY FREEDOM is of legal age and LISA HALL c/o CHARLIE HUGHES until CHARLIE HUGHES is of legal age ("Successor Trustee(s)") with a mailing address of PO Box 60443, Jacksonville, Florida 32236.

VI. AUTHORITY. The authority to act on behalf of the trustee requires:

  Two (2) Trustees to sign.

VII. POWERS. The Trustee(s) have:

  Full powers to sell, convey, and to mortgage or encumber real and personal property under this Trust.

VIII. PERSONAL PROPERTY. The Trust includes:

  GENIE INVESTMENTS II LLC, BETTER METHODS LLC, CAPITULUM LLC, ZOOMERAL INC., GENIE'S ANGELS LLC aka MERKTON GROUP LLC

IX. BENEFICIARIES. The Beneficiaries are:
  John Michael Cohan and David Hughes; 50 shares each for a total of 100 shares

X. EXECUTION. I, the Affiant, declares that this certificate has been examined by me and its contents are true and correct.

Affiant's Signature: _____  Date: 1/3/25

## NOTARY ACKNOWLEDMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document

State ___Florida_____

County ___Duval_____

On __January 3rd__, 20_25_, before me, __Maribell Sanche__ (insert name and title of the officer), appeared JOHN MICHAEL COHAN who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that they executed the same in their authorized capacity(ies), and that by their signature(s) on the instrument the person(s), or the entity upon half of which the person(s) acted, executed the instrument. I certify that under PENALTY OF PERJURY under the laws of the State of ___Florida_____ that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

Notary Public State of Florida
Maribell Sanchez
My Commission HH 620041
Expires 6/12/2028

# EXHIBIT B

Back to UCC Dashboard (/UCC)



**UCC FINANCING STATEMENT**
FOLLOW INSTRUCTIONS

E25004465-6

A. NAME & PHONE OF CONTACT AT SUBMITTER (optional)
    GENIE INVESTMENTS TRUST
    302-409-0840

B. E-MAIL CONTACT AT SUBMITTER (optional)
    contact@genieinvestments.com

C. SEND ACKNOWLEDGEMENT TO: (Name and Address)
    GENIE INVESTMENTS TRUST
    PO BOX 60443
    Jacksonville, FL 32236

**FILED**
**IOWA SECRETARY OF STATE**

2025-01-27      09:23

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**DEBTOR'S NAME:** Provide only one Debtor name - use exact, full name; do not omit, modify, or abbreviate any part of the debtor's name

| | ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | GENIE INVESTMENTS II LLC | | | |
| | INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | | | | |

| MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| PO BOX 60443 | Jacksonville | FL | 32236 | USA |

**DEBTOR'S NAME:** Provide only one Debtor name - use exact, full name; do not omit, modify, or abbreviate any part of the debtor's name

| | ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | BETTER METHODS LLC | | | |
| | INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | | | | |

| MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| PO BOX 60443 | Jacksonville | FL | 32236 | USA |

**DEBTOR'S NAME:** Provide only one Debtor name - use exact, full name; do not omit, modify, or abbreviate any part of the debtor's name

| | ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | CAPITULUM LLC | | | |
| | INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | | | | |

| MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| PO BOX 60443 | Jacksonville | FL | 32236 | USA |

**DEBTOR'S NAME:** Provide only one Debtor name - use exact, full name; do not omit, modify, or abbreviate any part of the debtor's name

| | ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | ZOOMERAL INC | | | |
| | INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | | | | |

| MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| PO BOX 60443 | Jacksonville | FL | 32236 | USA |

**DEBTOR'S NAME:** Provide only one Debtor name - use exact, full name; do not omit, modify, or abbreviate any part of the debtor's name

| | ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | GENIE'S ANGELS LLC AKA MERKTON GROUP LLC | | | |
| | INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | | | | |

| MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| PO BOX 60443 | Jacksonville | FL | 32236 | USA |

**SECURED PARTY'S NAME:** NAME (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name

| | ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| OR | GENIE INVESTMENTS TRUST | | | |
| | INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | | | | |

| MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| PO BOX 60443 | Jacksonville | FL | 32236 | USA |

**COLLATERAL:** This financing statement covers the following collateral:

All Company Assets and Control

Check only if applicable and check only one box: Collateral is: [✓] held in a Trust [ ] being administered by a Decedent's Personal Representative

Check only if applicable and check only one box:
[ ] Public-Finance Transaction [ ] Manufactured-Home Transaction [ ] A Debtor is a Transmitting Utility

Check only if applicable and check only one box:
[ ] Agricultural Lien [ ] Non-UCC Filing

**ALTERNATIVE DESIGNATION** (if applicable): [ ] Lessee/Lessor [ ] Consignee/Consignor [ ] Seller/Buyer [ ] Bailee/Bailor [ ] Licensee/Licensor

**OPTIONAL FILER REFERENCE DATA**

| [ ] This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS (if applicable) | This FINANCING STATEMENT: [ ] covers timber to be cut [ ] covers as-extracted collateral [ ] is filed as a fixture filing |
|---|---|
| Name and address of a RECORD OWNER of real estate described (if Debtor does not have a record interest): | Description of real estate: |

**MISCELLANEOUS**

PDF Upload (optional)
- SECURITY-AGREEMENT.pdf (/Uploads?
r=VzBLOUJWNW83OHlMWpybi92Q0JlRkRQSGFsOE9nOC9lNS8xQ1BDWllrSjdPV0pZZmFtaGxnNVJiS1J3Q2YyMtkQ1UWtIZBDV0hQNWdLcEFmUncyUiE9PQ%3D%3D)

First Floor • Lucas Building
321 E. 12th St
Des Moines, IA 50319

Website: sos.iowa.gov (https://sos.iowa.gov/)
Email: fti@sos.iowa.gov (mailto:help@sos.iowa.gov)
Phone: 515-281-5204 (tel:515-281-5204)

EXHIBIT C

# Durable Power of Attorney

**KNOW ALL PERSONS BY THESE PRESENTS:**

This Durable Power of Attorney is executed on this 16TH day of January , 20 25 , by JOHN MICHAEL COHAN, residing at c/o 11179 Limerick Drive, Jacksonville, Florida State Republic 32221-4120 (hereinafter referred to as the "Principal").

### Article I: Appointment of Attorney-in-Fact

The Principal hereby appoints John Michael Cohan, residing at c/o 11179 Limerick Drive, Jacksonville, Florida State Republic 32221-4120, as the Principal's true and lawful Attorney-in-Fact (hereinafter referred to as the "Agent") to act on behalf of the Principal as provided herein.

### Article II: Powers of the Attorney-in-Fact

The Agent is granted full authority to act in all matters and affairs on behalf of the Principal, including but not limited to the following:

1. **Financial Matters:** Managing bank accounts, investments, securities, and any other financial instruments.

2. **Real Estate:** Buying, selling, leasing, or otherwise dealing with real property.

3. **Personal Property:** Handling all personal property transactions.

4. **Business Transactions:** Engaging in, managing, and controlling business and financial transactions.

5. **Legal Matters:** Acting in legal matters, signing documents, and filing claims or suits on behalf of the Principal, and any other entities/security interests owned and/or controlled by the Principal.

6. **Government Benefits:** Applying for and managing government benefits.

7. **Tax Matters:** Preparing, signing, and filing tax returns and handling all tax-related affairs.

### Article III: Durable Clause

This Power of Attorney shall not be affected by subsequent disability or incapacity of the Principal or by the lapse of time. This Durable Power of Attorney shall remain in full force and effect until revoked by the Principal in writing.

### Article IV: Revocation

This Power of Attorney may be revoked by the Principal at any time by delivering a written notice of revocation to the Agent.

Doc # 2025015394, OR BK 21334 Page 243,
Number Pages: 2
Recorded 01/17/2025 10:29 AM,
JODY PHILLIPS CLERK CIRCUIT COURT DUVAL
COUNTY
RECORDING  $18.50

## Article V: Notarization

IN WITNESS WHEREOF, I have hereunto set my hand and seal this 16 day of January, 20 25.

Principal:
JOHN MICHAEL COHAN

Signature: _____

Acknowledgment
FLORIDA STATE
DUVAL COUNTY

The foregoing instrument was acknowledged before me this 16 day of January, 20, by JOHN MICHAEL COHAN, who is personally known to me or has produced appropriate identification.

Notary Public: _____

Commission No.: HH 383405

My Commission Expires: April 5th, 2027

NAILAH DUGGER
Notary Public - State of Florida
Commission # HH 383405
My Comm. Expires Apr 5, 2027

Instrument Prepared by:

David Hughes
2812 Past Tillman Rd.
Springfield, IL
62711

Return Instrument to:

Same

Mail Tax Bill to:

SANGAMON CO. RECORDER

RECEIVED

FEB - 4 2025

RECORDER'S
OFFICE

LEAVE THE SPACE ABOVE CLEAR, FOR RECORDER'S USE ONLY

This cover page has been added for the purpose of affixing recording information

Type of Instrument being recorded

# Durable Power of Attorney

**KNOW ALL PERSONS BY THESE PRESENTS:**

This Durable Power of Attorney is executed on this _1st_ day of _February 25_, by DAVID HUGHES, residing at c/o 2812 Pat Tilman Drive, Springfield, Illinois 62711 (hereinafter referred to as the "Principal").

### Article I: Appointment of Attorney-in-Fact

The Principal hereby appoints David Hughes, residing at c/o 2812 Pat Tilman Drive, Springfield, Illinois 62711, as the Principal's true and lawful Attorney-in-Fact (hereinafter referred to as the "Agent") to act on behalf of the Principal as provided herein.

### Article II: Powers of the Attorney-in-Fact

The Agent is granted full authority to act in all matters and affairs on behalf of the Principal, including but not limited to the following:

1.  **Financial Matters:** Managing bank accounts, investments, securities, and any other financial instruments.

2.  **Real Estate:** Buying, selling, leasing, or otherwise dealing with real property.

3.  **Personal Property:** Handling all personal property transactions.

4.  **Business Transactions:** Engaging in, managing, and controlling business and financial transactions.

5.  **Legal Matters:** Acting in legal matters, signing documents, and filing claims or suits on behalf of the Principal, and any other entities/security interests owned and/or controlled by the Principal.

6.  **Government Benefits:** Applying for and managing government benefits.

7.  **Tax Matters:** Preparing, signing, and filing tax returns and handling all tax-related affairs.

### Article III: Durable Clause

This Power of Attorney shall not be affected by subsequent disability or incapacity of the Principal or by the lapse of time. This Durable Power of Attorney shall remain in full force and effect until revoked by the Principal in writing.

### Article IV: Revocation

This Power of Attorney may be revoked by the Principal at any time by delivering a written notice of revocation to the Agent.

1 of 2 |

**Article V: Notarization**

IN WITNESS WHEREOF, I have hereunto set my hand and seal this 4ᵗʰ day of _February_, 20 25.

**Principal:**
DAVID HUGHES

Signature: _David Hm_

**Acknowledgment**
ILLINOIS STATE
SANGAMON COUNTY

The foregoing instrument was acknowledged before me this 4ᵗʰ day of _Feb._, 20 25, by DAVID HUGHES, who is personally known to me or has produced appropriate identification.

Notary Public: _Mhm_

Commission No.: _799592_

My Commission Expires: _3/17/2026_

MICHELLE KEOKHAM
Official Seal
Notary Public- State of Illinois
My Commission Expires March 17, 2026

# EXHIBIT D

## TRUSTEE'S AFFIDAVIT

*(Authority to Represent Trust in Legal Proceedings)*

VERSION FOR JOHN MICHAEL COHAN (FLORIDA)

**FLORIDA STATE**
**DUVAL COUNTY**

BEFORE ME, the undersigned authority, personally appeared JOHN MICHAEL COHAN, who, being duly sworn, deposes and states as follows:

**1. Identity of Trustee and Trust**

1. Affiant:
   - John Michael Cohan

2. Trust Information:
   - Name of Trust: GENIE INVESTMENTS TRUST
   - Trust Dated: January 3, 2025
   - Affiant is a Sole Trustee and Sole Beneficiary of GENIE INVESTMENTS TRUST.

**2. Trustee's Authority**

3. The Affiant, as Sole Trustee, has full legal authority to manage, control, and represent the trust in all legal, financial, and administrative matters, including but not limited to:
   - Initiating, defending, and participating in legal proceedings, arbitration, mediation, or administrative hearings involving the trust.
   - Executing legal documents, agreements, and filings on behalf of the trust.
   - Protecting, enforcing, and asserting the trust's rights, claims, and interests in all forums.

4. This authority is granted by the governing Trust Agreement and is further supported by applicable trust and fiduciary laws, including but not limited to:
   - FS 736.0816 (Florida Trust Code – Trustee Powers)
   - UTC 801-817 (Uniform Trust Code – Trustee Duties & Authority)
   - Restatement (Third) of Trusts §§ 70 & 85
   - UCC § 9-105, § 9-503, § 9-607, § 9-615 (Secured Party Rights & Trust Assets Protection)

5. As trustee and secured party under UCC filings, the Affiant is entitled to act without the requirement of separate legal counsel under the principles established in:

   o **C.E. Pope Equity Trust v. United States, 818 F.2d 696 (9th Cir. 1987)**

   o **Hodel v. Irving, 481 U.S. 704 (1987) (Trust Rights & Due Process Protections)**

## 3. Trust's Standing and Status

6. The GENIE INVESTMENTS TRUST is active, in good standing, and maintains legal capacity to act in all matters related to its assets and interests.

7. The Affiant, as Sole Trustee and Sole Beneficiary, has no restrictions or limitations preventing him from representing the trust in legal and administrative proceedings.

## 4. Affirmation of Trustee's Authority

8. This affidavit serves as confirmation of **John Michael Cohan's standing and authority as a Sole Trustee and Sole Beneficiary** of GENIE INVESTMENTS TRUST.

9. The Affiant declares under penalty of perjury that the statements made herein are true, correct, and within his personal knowledge and fiduciary duty.

**SIGNED AND SWORN**

Executed this ⅛ day of January, 2025, in Duval County, Florida State.

By: _____

**John Michael Cohan**
Sole Trustee & Sole Beneficiary
GENIE INVESTMENTS TRUST

**NOTARY ACKNOWLEDGMENT**

**FLORIDA STATE**
**DUVAL COUNTY**

Before me, the undersigned Notary Public, on this day personally appeared John Michael Cohan, known to me or identified by Valid ID, and who, after being duly sworn, executed this Trustee's Affidavit under oath.

WITNESS my hand and official seal:

Notary Public, FLORIDA STATE
My Commission Expires: 6 9 26

[Notary Seal]

AMBROSIA BLACKETOR
Notary Public - State of Florida
Commission # HH 274394
My Comm. Expires Jun 9, 2026

# TRUSTEE'S AFFIDAVIT

*(Authority to Represent Trust in Legal Proceedings)*

**VERSION FOR DAVID HUGHES (ILLINOIS)**

**ILLINOIS STATE**
**SANGAMON COUNTY**

BEFORE ME, the undersigned authority, personally appeared DAVID HUGHES, who, being duly sworn, deposes and states as follows:

## 1. Identity of Trustee and Trust

1. Affiant:

   o   David Hughes

2. Trust Information:

   o   Name of Trust: GENIE INVESTMENTS TRUST

   o   Trust Dated: January 3, 2025

   o   Affiant is a Sole Trustee and Sole Beneficiary of GENIE INVESTMENTS TRUST.

## 2. Trustee's Authority

3. The Affiant, as Sole Trustee, has full legal authority to manage, control, and represent the trust in all legal, financial, and administrative matters, including but not limited to:

   o   Initiating, defending, and participating in legal proceedings, arbitration, mediation, or administrative hearings involving the trust.

   o   Executing legal documents, agreements, and filings on behalf of the trust.

   o   Protecting, enforcing, and asserting the trust's rights, claims, and interests in all forums.

4. This authority is granted by the governing Trust Agreement and is further supported by applicable trust and fiduciary laws, including but not limited to:

   o   FS 736.0816 (Florida Trust Code – Trustee Powers)

   o   UTC 801-817 (Uniform Trust Code – Trustee Duties & Authority)

   o   Restatement (Third) of Trusts §§ 70 & 85

   o   UCC § 9-109, § 9-503, § 9-607, § 9-615 (Secured Party Rights & Trust Assets Protection)

5. As trustee and secured party under UCC filings, the Affiant is entitled to act without the requirement of separate legal counsel under the principles established in:

   o **C.E. Pope Equity Trust v. United States, 818 F.2d 696 (9th Cir. 1987)**

   o **Hodel v. Irving, 481 U.S. 704 (1987) (Trust Rights & Due Process Protections)**

### 3. Trust's Standing and Status

6. The GENIE INVESTMENTS TRUST is active, in good standing, and maintains legal capacity to act in all matters related to its assets and interests.

7. The Affiant, as Sole Trustee and Sole Beneficiary, has no restrictions or limitations preventing him from representing the trust in legal and administrative proceedings.

### 4. Affirmation of Trustee's Authority

8. This affidavit serves as confirmation of David Hughes' standing and authority as a Sole Trustee and Sole Beneficiary of GENIE INVESTMENTS TRUST.

9. The Affiant declares under penalty of perjury that the statements made herein are true, correct, and within his personal knowledge and fiduciary duty.

**SIGNED AND SWORN**

Executed this 4ᵗʰ day of _February_ 2025, in Sangamon County, Illinois State.

By:

David Hughes
Sole Trustee & Sole Beneficiary
GENIE INVESTMENTS TRUST

**NOTARY ACKNOWLEDGMENT**

**ILLINOIS STATE**
**SANGAMON COUNTY**

Before me, the undersigned Notary Public, on this day personally appeared David Hughes, known to me or identified by [Valid ID], and who, after being duly sworn, executed this Trustee's Affidavit under oath.

WITNESS my hand and official seal:

Notary Public, ILLINOIS STATE
My Commission Expires: 2/17/26

[Notary Seal]

MICHELLE KEOKHAM
Official Seal
Notary Public- State of Illinois
My Commission Expires March 17, 2026