**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

GENIE INVESTMENTS NV INC., Case No.: 3:24-bk-00496-BAJ

Debtor. Chapter 7
_______________________________________/

**TRUSTEE'S REPLY TO MEMORANDUM OF LAW IN OPPOSITION TO TRUSTEE'S MOTION TO COMPEL COMPLIANCE WITH SETTLEMENT AGREEMENT**

Aaron R. Cohen, Chapter 7 Trustee (the "Trustee"), by and through his undersigned counsel, files this reply to the Memorandum of Law in Opposition to Trustee's Motion to Compel Compliance With Settlement Agreement (Doc. 293) (the "Opposition") filed by attorney Corey D. Boddie ("Attorney Boddie"), and would show the Court as follows:

1. On January 17, 2025, the Trustee filed his Motion to Compel Compliance With Settlement Agreement (Doc. 271) (the "Motion to Compel") requesting that the Court order Attorney Boddie to provide the Account Documents[1] for Velanos Principal Capital's ("Velanos") Trading Account Interest as provided by the Settlement Agreement between Velanos and the Trustee which was approved by this Court on October 24, 2024.

2. As explained in the Trustee's Motion to Compel, the Settlement Agreement requires Velanos' attorney to hold the Account Documents in trust and provide them to the Trustee upon Velanos' default of the Settlement Agreement. The Settlement Agreement provides that if Attorney Boddie ceased to represent Velanos, that Velanos would immediately engage substitute counsel, provide the Trustee with written notice of the change in legal counsel and authorize its substitute counsel to perform the duties required in paragraph 3 of the Settlement Agreement.

[1] Defined terms from the Motion to Compel are incorporated herein by reference.

3. Velanos has defaulted under the Settlement Agreement by failing to make the payment due December 31, 2024. As of the filing of this Reply, Velanos has not cured that default. On December 23, 2024 – only ten days before the December 31 payment was due – Attorney Boddie notified the Trustee that Velanos had terminated his representation of the company. *See* Motion to Compel at Exhibit B. In violation of the Settlement Agreement, Velanos has not immediately retained replacement counsel from whom the Trustee can request the Account Documents. Therefore, on January 8, 2025, the Trustee's counsel requested the Account Documents from Attorney Boddie by email. Joshua Wearmouth, the principal of Velanos, was copied on that email at two different email addresses from which Mr. Wearmouth had previously emailed Trustee's counsel. Neither Attorney Boddie nor Mr. Wearmouth responded to the January 8 email. As a result, the Trustee filed the Motion to Compel.

4. The terms of the Amendment to the Settlement Agreement specifically provide that, "The Parties consent to the jurisdiction of the Bankruptcy Court for any and all disputes arising out of or resulting from this Settlement Agreement." *See* Motion to Compel at Exhibit A, ¶ 1(c). Therefore, the Court has jurisdiction of this matter.

5. Furthermore, a bankruptcy court "possesses the inherent authority to summarily enforce a settlement agreement entered into by parties litigant in a pending case." *In re Rolsafe Int'l, LLC*, 477 B.R. 884, 901 (Bankr. M.D. Fla. 2012), *citing Ford v. Citizens & So. Nat'l Bank*, 928 F.2d 1118, 1122 (11th Cir. 1991). *See also In re Young Hui Kim*, 565 B.R. 169, 175 (Bankr. D. Haw. 2017), *aff'd*, No. AP 15-90001, 2017 WL 5634224 (B.A.P. 9th Cir. Nov. 21, 2017), *aff'd*, 753 F. App'x 451 (9th Cir. 2019) (stating that "[t]he bankruptcy court can summarily enforce a settlement agreement."); *In re Montanari*, 541 B.R. 420, 425 (Bankr. E.D. Tenn. 2015) (bankruptcy court has broad authority to enforce a settlement agreement). The law is clear that this

Court has the authority to enforce the terms of the Settlement Agreement entered into by Velanos and the Trustee.

6. The Settlement Agreement was signed by the Trustee and Velanos and the Trustee filed a motion for approval of the Settlement Agreement which was served on all creditors. No creditor filed an objection to the Settlement Agreement and this Court expressly approved it. The Court now has authority to enforce the Settlement Agreement. *In re Seminole Walls & Ceilings Corp.*, 388 B.R. 386 (M.D. Fla. 2008) (parties to settlement agreements are entitled to some certainty that agreement they enter into is valid and will be effective and enforceable if bankruptcy court approves it).

7. Attorney Boddie argues in his Opposition that he cannot be compelled to provide the Account Documents because his representation of Velanos has ended. Attorney Boddie first cites to ABA Model Rules of Professional Conduct 1.6 which he says emphasizes that withdrawal terminates an attorney's fiduciary duties. ABA Model Rule 1.6[2], which is similar to Rule 4-1.6 of the Florida Bar Rules of Professional Conduct, deals with confidentiality of client information and doesn't state, much less "emphasize" that withdrawal terminates an attorney's fiduciary duties to a client. Instead, ABA Model Rule 1.6 provides that a lawyer may reveal information related to the representation of a client "to comply with other law or a court order"[3] or "to prevent, mitigate or rectify substantial injury to the financial interests or property of another that is reasonably certain to result or has resulted from the client's commission of a crime or fraud in furtherance of which the client has used the lawyer's services."[4]

---

[2] Available at https://www.americanbar.org/groups/professional_responsibility/publications/model_rules_of_professional_conduct/rule_1_6_confidentiality_of_information/ (last visited February 17, 2025).

[3] The comment to Rule 4-1.6 of the Rules Regulating The Florida Bar also states, "The lawyer must comply with the final orders of a court or other tribunal of competent jurisdiction requiring the lawyer to give information about the client."

[4] This provision is not in Rule 4-1.6 of the Rules Regulating the Florida Bar.

8. In this case, Velanos very conveniently terminated its attorney-client relationship with Attorney Boddie, who represented it in connection with the Settlement Agreement, only ten days before the December 31, 2024 settlement payment was due and on which it defaulted. Velanos knew that Attorney Boddie would be required to provide the Account Documents to the Trustee after it defaulted on the December 31 payment. The Trustee believes that Velanos terminated Attorney Boddie and has failed to retain new counsel from whom the Trustee could obtain the Account Documents for the express purpose of thwarting the Trustee's ability to obtain the Account Documents causing substantial injury to the financial interests of the bankruptcy estate. The Velanos Settlement Agreement providing for payment of $15 million to the bankruptcy estate was the primary asset of this case. Velanos has not only defaulted under the terms of the Settlement Agreement, it is also making it impossible for the Trustee to exercise his rights under the Settlement Agreement by terminating Attorney Boddie and not retaining replacement counsel. Velanos' efforts to thwart the Trustee's remedies under the Settlement Agreement should not be tolerated by this Court.

9. Similar to his citation to ABA Model Rule 1.6, none of the cases cited by Attorney Boddie in his Opposition actually stand for the propositions for which he cites them. First, Attorney Boddie cites to *Zauderer v. Off. of Disciplinary Couns. of Supreme Ct. of Ohio*, 471 U.S. 626, 105 S. Ct. 2265, 85 L. Ed. 2d 652 (1985) with the statement that the Supreme Court "emphasized that an attorney's obligations are specifically defined by the scope of representation." The *Zauderer* case dealt with attorney advertisements in Ohio and had nothing to do with an attorney's scope of representation. In fact, the opinion says nothing about the scope of an attorney's representation.

10. Next, Attorney Boddie cites to *Corp. of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints v. Associated Contractors, Inc.*, 877 F.2d 938 (11th Cir. 1989)



80050537;1

for the proposition that after termination of representation, an attorney's obligations to a former client are limited to confidentiality and avoiding conflicts of interest and the attorney is not burdened with ongoing obligations. The *Associated Contractors* case has nothing to do with an attorney's obligations to a client after the representation has ended and instead was the review of the imposition of Rule 11 sanctions on a client and the attorney by the district court. There is nothing in the opinion about an attorney's obligations after the representation has ended and that was not an issue in the case. Similarly, Attorney Boddie cites to *In re Egidi*, 571 F.3d 1156 (11th Cir. 2009) for the proposition that an attorney's duties are confined to the scope of active representation. In reality, *Egidi* deals with avoidance of preferential payments made by a debtor and has nothing to do with an attorney's duties and the scope of representation.

11. While Velanos may have terminated its representation by Attorney Boddie, the Trustee firmly believes that Velanos did so only to hinder the Trustee's ability to obtain the Account Documents. Velanos has not retained new counsel who could provide the Account Documents as required by the Settlement Agreement. The principal of Velanos, Mr. Wearmouth, was copied on the email from the Trustee's counsel requesting the Account Documents and could have provided them himself but did not. Attorney Boddie should be compelled to provide the Account Documents to the Trustee because Velanos has not complied with the Settlement Agreement by obtaining new counsel and has failed to turn over the Account Documents itself. While Mr. Boddie's representation of Velanos may have ended, under both the ABA Model Rules and the Florida Bar Rules, he must comply with an order of the court directing him to disclose confidential client information. This is a situation that merits such an order.

WHEREFORE, Aaron R. Cohen, Chapter 7 Trustee, respectfully requests that the Court compel compliance with the Settlement Agreement, and for such other and further relief as the Court deems just and proper.

Dated: February 18, 2025

AKERMAN LLP

By: */s/ Raye C. Elliott*

Raye C. Elliott, Esq.
Florida Bar Number: 018732
Email: raye.elliott@akerman.com
401 East Jackson Street, Suite 1700
Tampa, FL 33602
Phone: (813) 223-7333
Fax: (813) 223-2837

Attorneys for Aaron R. Cohen, Chapter 7 Trustee

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 18, 2025, I filed a true and correct copy of the foregoing with the United States Bankruptcy Court for the Middle District of Florida using the Court's CM/ECF system, which will serve copies on all counsel of record and U.S. Mail and email to:

Corey D. Boddie, Esq.
Boddie & Associates, P.C.
40 Exchange Place, Suite 1800
New York, NY 10005
Email: corey@boddieassoc.com

Corey D. Boddie, Esq.
Boddie & Associates, P.C.
10940 Wilshire Blvd., Ste. 1600
Los Angeles, CA 90024

Velanos Principal Capital, Inc.
4695 MacArthur Court
Suite 1100
Newport Beach, CA 92660
Email: jwearmouth@velanospc.com
josh.wearmouth@protonmail.com

Velanos Principal Capital
c/o Joshua Wearmouth
20101 SW Cypress Street
Newport Beach, CA 92660

*/s/ Raye C. Elliott*
Attorney