**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION**

In re:
Genie Investments NV, Inc.,
Debtor.
Case No.: 3:24-bk-00496-BAJ
Chapter 7

FILED INTAKE USBC
FEB 21 '25 PM 2:34

---

**MOTION TO STRIKE TRUSTEE'S MOTION FOR AUTOMATIC STAY AS PROCEDURALLY IMPROPER, MOTION FOR RECONSIDERATION OF ORDER GRANTING TRUSTEE'S MOTION TO STRIKE MOVANTS' MOTION TO DISMISS ADVERSARY COMPLAINT, AND REQUEST FOR ADDITIONAL SANCTIONS FOR CLEAR BREACH OF FIDUCIARY DUTY**

**COME NOW**, Movants, John Michael Cohan and David Hughes, ("We," "Us," "Our," "Ours") pro se, and move this Court to strike the Trustee's Motion to Strike Movants' Motion to Dismiss and the Trustee's Motion for Automatic Stay, on the grounds that both motions are procedurally improper, legally unfounded, and violate Movants' constitutional rights. Movants further request that this Court impose sanctions on the Trustee for bad-faith litigation tactics designed to suppress exculpatory evidence and infringe upon their constitutionally protected rights. In support thereof, Movants state as follows:

---

### I. INTRODUCTION

1. The Trustee has filed a Motion to Strike Movants' Motion to Dismiss Adversary Complaint and a separate Motion for Automatic Stay. Both motions are **procedurally improper, legally baseless, and constitute an unconstitutional attempt** to suppress Movants' ability to represent their personal interests, property, and security interests pro se. See **28 U.S.C. § 1654** (guaranteeing pro se representation rights); **Florida Constitution, Article I, Section 21** (protecting access to courts).

2. The Trustee falsely asserts that the claims Movants have against Velanos and others are property of the bankruptcy estate. However, under *In re Thorpe Insulation Co.*, 677 F.3d 869 (9th Cir. 2012), and *In re Smart World Techs., LLC*, 423 F.3d 166 (2d Cir. 2005), the **automatic stay applies only to estate assets, not independent claims.** Movants are asserting their own financial interests separate from the bankruptcy estate, over which the Trustee **has no legal authority**.

    o The **Velanos Settlement Agreement** (attached as Exhibit E of Movants' Motion to Dismiss Adversary Complaint) explicitly provides that it is binding upon and inures to the **benefit of Movants' successors, assigns, agents, heirs, and representatives.** The Trustee lacks legal authority to interfere with these claims, which **extend beyond the bankruptcy estate and are independently enforceable by Movants.**

- Additionally, the definition of **"Genie"** within the Settlement Agreement includes not only Genie itself but also its **predecessors, successors, assigns, officers, directors, employees, attorneys, agents, representatives, and heirs.** This definition further confirms that the **rights and obligations arising from the settlement extend beyond Genie itself,** reinforcing that Movants **retain independent standing** to enforce their claims.

- As stated by Mr. Cohen, Velanos defaulted under the terms of the Settlement Agreement by failing to make the settlement payment due December 31, 2024, directly affecting the bankruptcy estate AND the Movants personally as shown above.

3. The Trustee misrepresents **Local Rule 1074-1,** wrongly claiming that it prohibits Movants from representing themselves. However, *Rowland v. California Men's Colony,* 506 U.S. 194 (1993), establishes that individuals who are sole owners or trustees may represent their own interests **without the requirement of counsel.** Movants, as sole-trustees and sole-beneficiaries of **Genie Investments Trust,** are fully entitled to defend their personal property and security interests.

4. The **Trustee's Motion to Strike** is procedurally improper because **Federal Rule of Civil Procedure 12(f)** applies **only to pleadings, not motions.** See *Nationwide Ins. Co. v. Cent. Missouri Elec. Co-op, Inc.,* 278 F.3d 742 (8th Cir. 2001). The Trustee's attempt to strike Movants' Motion to Dismiss Adversary Complaint should be denied as a matter of law.

5. **No rule, code, ordinance, or statute can override or infringe upon constitutional rights.** The Supreme Court has repeatedly affirmed that **any law or procedural rule that seeks to restrict fundamental constitutional protections is invalid.** See *Marbury v. Madison,* 5 U.S. 137 (1803) (holding that laws repugnant to the Constitution are void); *Gideon v. Wainwright,* 372 U.S. 335 (1963) (establishing that state procedural rules cannot violate fundamental rights). The Trustee, aware of this legal principle, continues to argue in **bad faith** by relying on procedural rules to obstruct Movants' constitutional rights.

6. In the Trustee's recent filing, he asserts that Movants are "merely the owners and principals of the Debtor," thereby implying a lack of standing in these proceedings. This characterization is not only inaccurate but also another deliberate attempt to mislead the Court, suppress pertinent information, and infringe upon our constitutional and now beneficiary rights.

**Misleading the Court**
By portraying us solely as owners and principals, the Trustee omits the critical fact that we are also beneficiaries of the bankruptcy estate. This omission intentionally skews the Court's perception of our legitimate interests and rights within these proceedings.

**Suppression of Information**
The Trustee's selective representation effectively suppresses information regarding our beneficiary status. This tactic aims to undermine our legal standing and obstruct our ability to assert our rights concerning the estate's assets.

**Infringement of Constitutional Rights**
Denying recognition of our beneficiary status not only misrepresents our role but also infringes upon our constitutional rights to due process and equal protection under the law. Such actions by the Trustee are a blatant attempt to marginalize our legitimate claims and participation in these proceedings.

**Legal Precedents Supporting Beneficiary Rights**
It is well-established that beneficiaries hold equitable interests that are distinct from mere ownership. For instance, under **11 U.S.C. § 541(d)**, property in which the debtor holds only legal title, without an equitable interest, does not become part of the bankruptcy estate. This provision ensures that beneficiaries retain their equitable interests, preventing such property from being used to satisfy the debtor's obligations.

Furthermore, in *Christensen v. Jubber (In re Christensen)*, the court acknowledged that a trustee owes fiduciary duties to the bankruptcy estate and its beneficiaries, not merely to the creditors or the estate in abstraction. This case underscores the legal recognition of beneficiaries' rights within bankruptcy proceedings. The Trustee's deliberate misrepresentation of our status as "merely the owners and principals of the Debtor" constitutes a clear breach of fiduciary duty, as it disregards our rights as beneficiaries of the bankruptcy estate.

**Prior Discussions and Repeated Distractions**
We have previously engaged in discussions with the Trustee regarding our personal claims, specifically concerning the Warren Law Group. Despite these discussions, the Trustee continues to present poorly drafted arguments, now repeating them through the Velanos litigation. This repetition appears to be a strategic attempt to distract us from the core issues at hand and to divert attention from their own bad-faith tactics. The Trustee has not filed for an automatic stay in our personal matter, Federal Case No. 3:25-CU-164-HES-MCR, against Scarinci Hollenbeck, the successor of Warren Law Group, because they recognize the weakness of their position. Instead, they persist in their misconduct, exploiting their status as licensed professionals with fiduciary duties to prolong these actions unjustifiably.

**Conclusion**
The Trustee is correct in stating "Cohan and Hughes are not even Creditors of the bankruptcy estate," we are the Beneficiaries! Trustee's deliberate misrepresentation of our status is a calculated effort to mislead the Court, suppress critical information, and further trample upon our constitutional rights. We respectfully request that the Court recognize our rightful status as beneficiaries and ensure that our interests are duly acknowledged and protected throughout these proceedings.

7. Movants, whether acting in capacities such as **trustee, beneficiary, owner, manager, operator,** or **controller,** they are **individuals personally representing their own property, securities, and interests**. The right to self-representation is enshrined in federal law, which states that "in all courts of the United States, the parties may plead and conduct their own cases personally." Additionally, the **Florida Constitution** guarantees that "the courts shall

be open to every person for redress of any injury," ensuring that individuals are not denied justice due to procedural barriers. Furthermore, the **U.S. Supreme Court** has recognized that individuals with controlling interests in entities may represent their own interests. The **Uniform Trust Code** affirms that trustees and beneficiaries have the legal standing to enforce trust terms and obligations. The **Uniform Commercial Code** defines security interests and acknowledges individual ownership rights in financial transactions. Moreover, the **U.S. Supreme Court** has established that state procedural rules cannot override fundamental constitutional rights. (See **28 U.S.C. § 1654, Fla. Const. art. I, § 21,** *Rowland v. California Men's Colony,* 506 U.S. 194 (1993), **Uniform Trust Code § 1008, Uniform Commercial Code § 1-201,** *Gideon v. Wainwright,* 372 U.S. 335 (1963))

8. The Movants' status as trustees of Genie Investments Trust is substantiated by a duly recorded certificate of trust, eliminating any ambiguity regarding their trustee role. Florida law provides that a trustee may furnish a certification of trust containing essential details such as the existence of the trust, the identity of the settlor, and the address of the currently acting trustee. This certification serves as sufficient evidence of the trust's existence and the trustee's authority. Moreover, Florida statutes recognize that the inclusion of the term "trustee" in a conveyance instrument imparts notice of the trustee's capacity, thereby affirming the trustee's authority in dealings concerning trust property. (See **Fla. Stat. § 736.1017, Fla. Stat. § 689.07, Uniform Commercial Code § 9-503,** *In re Smart World Techs., LLC, 423 F.3d 166* (2d Cir. 2005), *Marbury v. Madison,* 5 U.S. 137 (1803))

9. Mr. Cohen's and Ms. Elliot's insinuations casting doubt on Movants' trustee status, despite clear public records, constitute a deliberate attempt to mislead the Court. Such conduct is in **direct violation of the Florida Rules of Professional Conduct,** which mandate that a lawyer shall not knowingly make a false statement of fact or law to a tribunal. The **Florida Supreme Court** has sanctioned attorneys who engage in deliberate misrepresentations, emphasizing the seriousness of such unethical behavior. Additionally, **the U.S. Supreme Court** recognizes courts' inherent power to sanction attorneys for bad-faith litigation tactics. Federal law further imposes sanctions on attorneys who unreasonably and vexatiously multiply proceedings. The **Uniform Trust Code** also prevents parties from obstructing trustees in performing their legal duties. (See **Fla. R. Prof. Conduct 4-3.3,** *Fla. Bar v. Weisser,* 721 So. 2d 1142 (Fla. 1998), *Chambers v. NASCO, Inc.,* 501 U.S. 32 (1991), **28 U.S.C. § 1927, Uniform Trust Code § 1008**)

10. Further demonstrating bad faith, the Trustee seeks an automatic stay in this case but, to the best of Movants' knowledge, **refuses to impose an automatic stay in the Byrd and Wearmouth lawsuit,** where Velanos and related entities are involved (attached as Exhibit K of Movants' Reply for Protective Order and Sanctions). This selective enforcement exposes the Trustee's inconsistencies and self-serving litigation tactics, as he attempts to suppress Movants' constitutional rights while selectively ignoring the same legal standards elsewhere. Federal law provides that the automatic stay applies only to estate property, not independent claims. The **U.S. Supreme Court** has held that an automatic stay does not extend to non-debtors or unrelated legal claims. Furthermore, courts have limited a trustee's ability to invoke an automatic stay beyond its lawful scope.

Florida procedural rules prohibit parties from seeking court orders based on misrepresentation or fraud. The **U.S. District Court** for the **Southern District of Florida** has recognized abuse of process when legal proceedings are used to retaliate against another party. (See **11 U.S.C. § 362**, *Celotex Corp. v. Edwards*, 514 U.S. 300 (1995), *In re Thorpe Insulation Co.*, 677 F.3d 869 (9th Cir. 2012), **Fla. R. Civ. P. 1.540**, *Miami Herald Publ'g Co. v. Ferre*, 636 F. Supp. 970 (S.D. Fla. 1985))

11. Movants contend that the Trustee's **persistent attempts to strike their motions stem from a lack of substantive defense or counterarguments.** Unable to refute Movants' assertions, the Trustee resorts to illegally suppressing information. Had the Trustee acted in good faith, he would have engaged with Movants' arguments substantively rather than attempting to suppress them through procedural maneuvers. The Trustee's reliance on motions to strike, particularly when lacking merit, is indicative of bad-faith litigation tactics. Such conduct not only undermines the judicial process but also violates established legal standards designed to prevent abuse of the court system.

Under **Federal Rule of Civil Procedure 11(b)**, attorneys are prohibited from filing motions for improper purposes, such as to harass or needlessly increase the cost of litigation. Similarly, **28 U.S.C. § 1927** imposes sanctions on attorneys who unreasonably and vexatiously multiply proceedings, thereby emphasizing the prohibition against dilatory practices. The **Florida Supreme Court**, in cases like *Florida Bar v. Joy*, 679 So. 2d 1165 (Fla. 1996), has sanctioned lawyers for filing baseless motions intended to obstruct proceedings, highlighting the judiciary's intolerance for such misconduct.

Moreover, the inherent authority of courts to sanction parties for bad-faith conduct is well-established. In *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991), the **U.S. Supreme Court** affirmed that courts possess the inherent power to impose sanctions for a full range of litigation abuses, including actions taken in bad faith, vexatiously, or for oppressive reasons. This authority ensures that the judicial process is not subverted by parties engaging in misconduct.

The Trustee's pattern of filing unmeritorious motions to strike appears to be a strategic attempt to delay proceedings and avoid addressing the substantive issues raised by Movants. Such behavior not only contravenes procedural rules but also constitutes a breach of the ethical obligations owed to the court and opposing parties. The courts have a duty to ensure that litigation is conducted fairly and efficiently, and they are empowered to impose appropriate sanctions to deter and address bad-faith conduct.

In light of the Trustee's actions, Movants respectfully request that the Court recognize the Trustee's bad-faith litigation tactics and consider imposing appropriate sanctions to prevent further abuse of the judicial process. (See **Federal Rule of Civil Procedure 11(b), 28 U.S.C. § 1927**, *Florida Bar v. Joy*, 679 So. 2d 1165 (Fla. 1996), *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)

12. In contrast to *Chamberlin et al. v. Goldberg*, Exhibit C of the Trustee's Motion to Impose an Automatic Stay, where the court affirmed the bankruptcy court's order enforcing the automatic stay against creditors' actions that were deemed to interfere with estate property. Our case involves Movants asserting personal claims that are independent of the bankruptcy estate. These claims pertain to individual rights and agreements that were not assigned to the estate, distinguishing our situation from the derivative claims addressed in *Chamberlin*. Besides that, we are Beneficiaries to the bankruptcy estate, not creditors, so this case clearly fails as precedent to this matter.

13. The Court granted the **Trustee's Motion to Strike [Movants'] Motion to Dismiss** within **two days of its filing**, denied Movants of a reasonable opportunity to respond. The Trustee's motion was filed on 02/19/2025, and the Court granted it on 02/21/2025.

## II. TRUSTEE'S FILINGS CONSTITUTE FRIVOLOUS LITIGATION

14. The Trustee's **repeated filing of baseless motions constitutes frivolous litigation** and violates:

- **Federal Rule of Civil Procedure 11(b)** (*prohibiting filings made for improper purposes*).

- **28 U.S.C. § 1927** (*sanctions for excessive and unreasonable filings that unnecessarily multiply proceedings*).

15. The **Trustee's use of procedural motions as a delay tactic** not only wastes judicial resources but also constitutes an abuse of process, recognized as sanctionable misconduct under *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991).

## III. TRUSTEE'S ATTEMPT TO ENFORCE AUTOMATIC STAY IS OVERREACH

16. While the automatic stay under **11 U.S.C. § 362** applies to **property of the estate**, the Trustee is attempting to **extend it beyond its lawful scope** to interfere with Movants' personal claims, which are not part of the bankruptcy estate. The automatic stay is designed to protect the debtor's estate from actions by creditors, not to prevent individuals from pursuing their independent claims.

17. Courts have consistently held that the automatic stay **does not bar actions against non-debtor third parties** or the pursuit of independent claims that do not affect the debtor's estate. In *In re Dolen*, 265 B.R. 471 (Bankr. M.D. Fla. 2001), the court recognized that actions unrelated to the debtor's estate are not subject to the automatic stay provisions.

18. The Trustee's attempt to apply the automatic stay to Movants' independent claims constitutes an **overreach of authority** and is inconsistent with established legal principles. Such actions infringe upon Movants' rights to seek redress for their personal claims, which are separate and distinct from the bankruptcy proceedings.

### IV. REQUEST FOR ADDITIONAL SANCTIONS AGAINST TRUSTEE FOR FRIVOLOUS FILINGS, SUPPRESSION OF EXCULPATORY EVIDENCE, BREACH OF FIDUCIARY DUTY, INFRINGEMENT ON CONSTITUTIONAL RIGHTS, AND ABUSE OF PROCESS

19. The Trustee's repeated **bad-faith procedural filings** are designed to obstruct Movants' constitutional rights and **waste judicial resources**. See *Chambers v. NASCO, Inc., 501 U.S. 32 (1991)*.

20. The Trustee is simply trying to **suppress information AGAIN** because Movants' arguments **destroy his case against them.** His ongoing efforts to use procedural tactics to **silence Movants and prevent the Court from considering material facts** constitute a **clear abuse of process.**

21. The Trustee has engaged in **willful suppression of exculpatory evidence** by attempting to strike Movants Motion to Dismiss Adversary Complaint, specifically the exhibits and the legal arguments being made by Movants, which violates **Florida Rules of Professional Conduct Rule 4-3.3** (prohibiting lawyers from knowingly withholding material facts), **Title 18 U.S.C. § 1503** (obstruction of justice), and **Brady v. Maryland, 373 U.S. 83 (1963)** (establishing the legal obligation to disclose exculpatory evidence).

22. The Trustee's actions constitute **an infringement on Movants' constitutional rights,** including **their First Amendment right to petition the government for redress of grievances, due process protections under the Fifth and Fourteenth Amendments,** and **their right to access the courts as guaranteed by the Florida Constitution, Article 1, Section 21.**

23. The Court has the authority to impose **sanctions under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927,** and **its inherent authority** for abusive litigation tactics, obstruction of justice, and improper suppression of evidence. Movants request that the Court impose appropriate monetary and procedural sanctions against the Trustee substantiated to strongly deter the Trustee from repeating this neglectful behavior again in the future.

24. The Trustee's deliberate failure to acknowledge Movants' status as beneficiaries of the estate constitutes a clear breach of fiduciary duty. As a fiduciary, the Trustee is obligated to act with loyalty and impartiality toward all beneficiaries. By misrepresenting Movants solely as principals and owners, the Trustee undermines their equitable interests, violating the duty to administer the estate in the best interests of all parties involved.

### IV. PRAYERS FOR RELIEF

25. The Trustee's motions are designed to *divert attention* from the **core issue: the infringement of our constitutional rights.** These filings serve to obfuscate the Trustee's bad-faith tactics and suppress critical information. We respectfully request that the Court deny the Trustee's motions, recognize the improper conduct, and impose appropriate sanctions to prevent further abuse of the judicial process.

26. Movants respectfully request that this Court:

- **As per Florida Constitution Article 1 Section 21,** vacate its prior order granting the Trustee's Motion to Strike Movants' Motion to Dismiss Adversary Complaint;

- **Allow full briefing and afford Movants an opportunity to be heard on the merits of the Motion to Dismiss;**

- **Hold a hearing to allow oral argument on the matter;**

- **Deny the Trustee's Motion for Automatic Stay** as it pertains to Movants' independent claims;

- **Impose appropriate sanctions** on the Trustee for engaging in frivolous and bad-faith litigation tactics, abuse of process, breach of fiduciary duty, and infringement on our constitutional rights.

- **Grant any further relief** the Court deems just and proper.

- **Should the Court decline** to Reconsider of Order Granting Trustee's Motion to Strike, dismiss the Adversary Complaint despite the overwhelming lack of evidence entered into the record from the Trustee, to award sanctions, deny the Trustee's motions to strike, grant summary disposition, grant a protective order, compel the Trustee to disclose information, recognize Defendants' standing, or refer the Trustee's conduct for investigation, **Defendants request that the Court provide a detailed explanation** in its ruling for each Prayer of Relief, including but not limited to, demonstrating how the Trustee has met their burden under **11 U.S.C. § 548** in light of controlling case law such as *In re TOUSA, Inc.*, 680 F.3d 1298 (11th Cir. 2012) and *In re Sharp Int'l Corp.*, 403 F.3d 43 (2d Cir. 2005). This ensures **transparency** and avoids the **appearance of impropriety.**

Dated: 02-21-2025

**Respectfully Submitted In Good Faith,**

*18 USC 411*

John Michael Cohan and David Hughes
Stakeholders of GENIE INVESTMENTS NY INC.
Sole Trustees & Sole Beneficiaries of GENIE INVESTMENTS TRUST
Authorized Representatives, without prejudice and without recourse,
Pro Se, In Rem, Corpus Juris, Quasi In Rem, In personam, Under Fiduciary Duty, FS 736.0816, UTC 801-817, UPAA 203 & 207, 11 USC 541, UCC §9-109, UCC §9-503, UCC §9-607, UCC §9-615, UCC §9-202, Restatement (Third) of Trusts 70 & 85, Dodge v. Ford Motor Co. (1919), Hodel v. Irving, 481 U.S. 704 (1987), C.E. Pope Equity Trust v. United States, 818 F.2d 696 (9th Cir. 1987), MONELL CLAIM UNDER 42 U.S.C. § 1983, VIOLATIONS OF 18 U.S.C. §§ 241 & 242, Florida Constitution Article 1, Section 21, United States Constitution of America

**CC VIA EMAIL:**
Bryan K. Mickler, Attorney for the Debtor, **Law Offices of Mickler & Mickler, LLP,** 5452 Arlington Expy. Jacksonville, Florida 32211, bkmickler@planlaw.com