FILED INTAKE USBC
FEB 24 '25 AM8:34

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION**

In re:
**Genie Investments NV, Inc.,**
Debtor.
Case No.: 3:24-bk-00496-BAJ
Chapter 7

### AMENDMENT TO MOTION TO STRIKE TRUSTEE'S MOTION FOR AUTOMATIC STAY AS PROCEDURALLY IMPROPER, MOTION FOR RECONSIDERATION OF ORDER GRANTING TRUSTEE'S MOTION TO STRIKE MOVANTS' MOTION TO DISMISS ADVERSARY COMPLAINT, AND REQUEST FOR ADDITIONAL SANCTIONS FOR CLEAR BREACH OF FIDUCIARY DUTY

**COME NOW**, Movants, **John Michael Cohan and David Hughes** ("We," "Us," "Our," "Ours"), **pro se**, and move this Court to **strike the Trustee's Motion for Automatic Stay** and to **reconsider its Order granting the Trustee's Motion to Strike Movants' Motion to Dismiss** on the grounds that both actions are **procedurally improper, legally unfounded, and violate Movants' constitutional rights.**

**At the outset, Movants emphasize that this is not an attempt to represent insider companies in this proceeding. Rather, Movants are appearing in their individual capacities to defend their constitutionally protected property rights under the Fifth and Fourteenth Amendments of the United States Constitution.** Movants have a direct and personal interest in the subject matter of these proceedings, and their right to self-representation in matters affecting their property is explicitly protected under **28 U.S.C. § 1654.**

Movants further request that this Court **impose sanctions on the Trustee** for bad-faith litigation tactics designed to suppress exculpatory evidence and infringe upon their constitutionally protected rights. In support thereof, Movants, **John Michael Cohan and David Hughes, pro se,** hereby:

a. **Move this Court to Strike** the Trustee's Motion for Automatic Stay on the grounds that it is **procedurally improper, legally unfounded, and represents an unconstitutional attempt to suppress Movants' ability to represent their personal interests, property, and security interests pro se.**

b. **Move for Reconsideration** of the Court's Order Granting the Trustee's Motion to Strike Movants' Motion to Dismiss Adversary Complaint on the basis that it was **granted without affording Movants their due process rights, including a reasonable opportunity to respond.**

c. **Request that this Court impose additional sanctions** on the Trustee for **bad-faith litigation tactics, suppression of exculpatory evidence, breach of fiduciary duty, and continued infringement on Movants' constitutionally protected rights.**

In support thereof, Movants state as follows:

## I. INTRODUCTION

1. The Trustee has filed a Motion to Strike Movants' Motion to Dismiss Adversary Complaint and a separate Motion for Automatic Stay. Both motions are **procedurally improper, legally baseless, and constitute an unconstitutional attempt** to suppress Movants' ability to represent their personal interests, property, and security interests pro se. See **28 U.S.C. § 1654** (guaranteeing pro se representation rights); **Florida Constitution, Article I, Section 21** (protecting access to courts).

2. The Trustee falsely asserts that the claims Movants have against Velanos and others are property of the bankruptcy estate. However, under *In re Thorpe Insulation Co.*, 677 F.3d 869 (9th Cir. 2012), and *In re Smart World Techs., LLC*, 423 F.3d 166 (2d Cir. 2005), the **automatic stay applies only to estate assets, not independent claims.** Movants are asserting their own financial interests separate from the bankruptcy estate, over which the Trustee **has no legal authority.**

   o The **Velanos Settlement Agreement** (attached as Exhibit E of Movants' Motion to Dismiss Adversary Complaint) explicitly provides that it is binding upon and inures to the **benefit of Movants' successors, assigns, agents, heirs, and representatives.** The Trustee lacks legal authority to interfere with these claims, which **extend beyond the bankruptcy estate** and **are independently enforceable by Movants.**

   o Additionally, the definition of **"Genie"** within the Settlement Agreement includes not only Genie itself but also its **predecessors, successors, assigns, officers, directors, employees, attorneys, agents, representatives, and heirs.** This definition further confirms that the **rights and obligations arising from the settlement extend beyond Genie itself,** reinforcing that Movants **retain independent standing** to enforce their claims.

   o As stated by Mr. Cohen, Velanos defaulted under the terms of the Settlement Agreement by failing to make the settlement payment due December 31, 2024, directly affecting the bankruptcy estate AND the Movants personally as shown above.

3. The Trustee misrepresents **Local Rule 1074-1**, wrongly claiming that it prohibits Movants from representing themselves. However, *Rowland v. California Men's Colony*, 506 U.S. 194 (1993), establishes that individuals who are sole owners or trustees may represent their own interests **without the requirement of counsel.** Movants, as sole-trustees and sole-beneficiaries of **Genie Investments Trust**, are fully entitled to defend their personal property and security interests.

   The Trustee, in a brazen and deliberate attempt to trample on fundamental constitutional rights, misapplies **Local Rule 1074-1** to strip Movants of their ability to protect their own **property, securities, and interests**—a direct affront to **Article 1, Section 21 of the Florida Constitution** and **28 U.S.C. § 1654.** The Court must recognize that procedural rules **cannot override the supremacy of constitutional law,** nor can they be wielded as a tool to

suppress due process, block judicial access, or deny individuals their inherent right to defend what is legally theirs.

Movants do **not** stand before this Court seeking to represent a third-party corporate entity or unrelated trust as an attorney. That would be impermissible. However, Movants are **not attorneys for anyone but themselves—they are the sole owners, sole trustees, sole beneficiaries, and sole secured parties** of the interests at issue. To suggest that Movants require outside legal representation is as absurd as requiring an individual homeowner to hire an attorney to defend against a wrongful foreclosure action on their own home.

The **U.S. Supreme Court has consistently ruled** that fundamental constitutional rights— including **the right to self-representation, the right to access courts, and due process rights—cannot be abrogated by arbitrary procedural rules.** The Court in *Gideon v. Wainwright*, 372 U.S. 335 (1963) held that access to courts must be meaningful and that procedural barriers cannot serve as an outright denial of justice. *Marbury v. Madison*, 5 U.S. 137 (1803), the bedrock of American jurisprudence, confirmed that laws or rules that conflict with constitutional rights are "void." The **Uniform Trust Code (UTC § 1008)** also affirms that trustees and beneficiaries have standing to protect trust assets—a right Movants are **not requesting, but demanding.**

The Trustee's argument that Movants are merely "principals and owners" is an intentional distortion meant to suppress their **standing** and **beneficiary rights**, which equates to a flagrant **breach of fiduciary duty.** The Trustee's refusal to acknowledge this **fundamental distinction** is not merely negligence—it is an orchestrated effort to **deceive the Court, obstruct justice, and violate Movants' due process rights under the Fifth and Fourteenth Amendments.**

If the Court upholds the Trustee's position, it would set a **dangerous precedent** whereby individuals could be forced into permanent legal servitude—compelled to pay for attorneys who do not and cannot possibly understand their unique personal and financial interests. Such a ruling would not only **violate federal and state constitutional law,** but also **defy logic.** The Florida Constitution explicitly states that **courts "shall be open to every person for redress of any injury"—not just to those who can afford or are forced to retain an attorney.**

The Court must ask itself: **Is it willing to deny constitutional protections in favor of an arbitrary local rule?** If so, it must reconcile that decision with **binding constitutional law, federal precedent, and the U.S. Supreme Court's unwavering stance on the sanctity of access to courts.**

4. The **Trustee's Motion to Strike** is procedurally improper because **Federal Rule of Civil Procedure 12(f)** applies **only to pleadings, not motions.** See *Nationwide Ins. Co. v. Cent. Missouri Elec. Co-op, Inc.*, 278 F.3d 742 (8th Cir. 2001). The Trustee's attempt to strike Movants' Motion to Dismiss Adversary Complaint should be denied as a matter of law.

5. In the Trustee's recent filing, he asserts that Movants are "merely the owners and principals of the Debtor," thereby implying a lack of standing in these proceedings. This

characterization is not only inaccurate but also another deliberate attempt to mislead the Court, suppress pertinent information, and infringe upon our constitutional and now beneficiary rights.

**Misleading the Court**
By portraying us solely as owners and principals, the Trustee omits the critical fact that we are also beneficiaries of the bankruptcy estate. This omission intentionally skews the Court's perception of our legitimate interests and rights within these proceedings.

**Suppression of Information**
The Trustee's selective representation effectively suppresses information regarding our beneficiary status. This tactic aims to undermine our legal standing and obstruct our ability to assert our rights concerning the estate's assets.

**Infringement of Constitutional Rights**
Denying recognition of our beneficiary status not only misrepresents our role but also infringes upon our constitutional rights to due process and equal protection under the law. Such actions by the Trustee are a blatant attempt to marginalize our legitimate claims and participation in these proceedings.

**Legal Precedents Supporting Beneficiary Rights**
It is well-established that beneficiaries hold equitable interests that are distinct from mere ownership. For instance, under **11 U.S.C. § 541(d)**, property in which the debtor holds only legal title, without an equitable interest, does not become part of the bankruptcy estate. This provision ensures that beneficiaries retain their equitable interests, preventing such property from being used to satisfy the debtor's obligations.

Furthermore, in *Christensen v. Jubber (In re Christensen)*, the court acknowledged that a trustee owes fiduciary duties to the bankruptcy estate and its beneficiaries, not just the creditors or the estate in abstraction. This case underscores the legal recognition of beneficiaries' rights within bankruptcy proceedings. The Trustee's deliberate misrepresentation of our status as "merely the owners and principals of the Debtor" constitutes a clear breach of fiduciary duty, as it disregards our rights as beneficiaries of the bankruptcy estate.

**Prior Discussions and Repeated Distractions**
We have previously engaged in discussions, that the Court is fully aware about, with the Trustee regarding our personal claims, specifically concerning the Warren Law Group. Despite these discussions, the Trustee continues to present poorly drafted arguments, now repeating them through the Velanos litigation. This repetition appears to be a strategic attempt to distract us from the core issues at hand and to divert attention from their own bad-faith tactics. The Trustee has not filed for an automatic stay in our personal matter, Federal Case No. 3:25-CU-164-HES-MCR, against Scarinci Hollenbeck, the successor of Warren Law Group, because they recognize the weakness of their position. Instead, they persist in their misconduct, exploiting their status as licensed professionals with fiduciary duties to prolong these actions unjustifiably.

**Conclusion**

The Trustee is correct in stating "Cohan and Hughes are not even Creditors of the bankruptcy estate," we are the Beneficiaries! Trustee's deliberate misrepresentation of our status is a calculated effort to mislead the Court, suppress critical information, and further trample upon our constitutional rights. We respectfully request that the Court recognize our rightful status as beneficiaries and ensure that our interests are duly acknowledged and protected throughout these proceedings.

6. Movants, whether acting in capacities such as **trustee, beneficiary, owner, manager, operator,** or **controller,** they are **individuals personally representing their own property, securities, and interests**. The right to self-representation is enshrined in federal law, which states that "in all courts of the United States, the parties may plead and conduct their own cases personally." Additionally, the **Florida Constitution** guarantees that "the courts shall be open to every person for redress of any injury," ensuring that individuals are not denied justice due to procedural barriers. Furthermore, the **U.S. Supreme Court** has recognized that individuals with controlling interests in entities may represent their own interests. The **Uniform Trust Code** affirms that trustees and beneficiaries have the legal standing to enforce trust terms and obligations. The **Uniform Commercial Code** defines security interests and acknowledges individual ownership rights in financial transactions. Moreover, the **U.S. Supreme Court** has established that state procedural rules cannot override fundamental constitutional rights. (See **28 U.S.C. § 1654, Fla. Const. art. I, § 21,** *Rowland v. California Men's Colony,* 506 U.S. 194 (1993), **Uniform Trust Code § 1008, Uniform Commercial Code § 1-201,** *Gideon v. Wainwright,* 372 U.S. 335 (1963))

7. The Movants' status as trustees of Genie Investments Trust is substantiated by a duly recorded certificate of trust, eliminating any ambiguity regarding their trustee role. Florida law provides that a trustee may furnish a certification of trust containing essential details such as the existence of the trust, the identity of the settlor, and the address of the currently acting trustee. This certification serves as sufficient evidence of the trust's existence and the trustee's authority. Moreover, Florida statutes recognize that the inclusion of the term "trustee" in a conveyance instrument imparts notice of the trustee's capacity, thereby affirming the trustee's authority in dealings concerning trust property. (See **Fla. Stat. § 736.1017, Fla. Stat. § 689.07, Uniform Commercial Code § 9-503,** *In re Smart World Techs., LLC, 423 F.3d 166* (2d Cir. 2005), *Marbury v. Madison,* 5 U.S. 137 (1803))

8. Mr. Cohen's and Ms. Elliot's insinuations casting doubt on Movants' trustee status, despite clear public records, constitute a deliberate attempt to mislead the Court. Such conduct is in **direct violation of the Florida Rules of Professional Conduct,** which mandate that a lawyer shall not knowingly make a false statement of fact or law to a tribunal. The **Florida Supreme Court** has sanctioned attorneys who engage in deliberate misrepresentations, emphasizing the seriousness of such unethical behavior. Additionally, **the U.S. Supreme Court** recognizes courts' inherent power to sanction attorneys for bad-faith litigation tactics. Federal law further imposes sanctions on attorneys who unreasonably and vexatiously multiply proceedings. The **Uniform Trust Code** also prevents parties from obstructing trustees in performing their legal duties. (See **Fla. R. Prof. Conduct 4-3.3,** *Fla.*

*Bar v. Weisser*, 721 So. 2d 1142 (Fla. 1998), *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991), **28 U.S.C. § 1927, Uniform Trust Code § 1008)**

9. Further demonstrating bad faith, the Trustee seeks an automatic stay in this case but, to the best of Movants' knowledge, **refuses to impose an automatic stay in the Byrd and Wearmouth lawsuit,** where Velanos and related entities are involved (attached as Exhibit K of Movants' Reply for Protective Order and Sanctions). This selective enforcement exposes the Trustee's inconsistencies and self-serving litigation tactics, as he attempts to suppress Movants' constitutional rights while selectively ignoring the same legal standards elsewhere. Federal law provides that the automatic stay applies only to estate property, not independent claims. The **U.S. Supreme Court** has held that an automatic stay does not extend to non-debtors or unrelated legal claims. Furthermore, courts have limited a trustee's ability to invoke an automatic stay beyond its lawful scope.

   Florida procedural rules prohibit parties from seeking court orders based on misrepresentation or fraud. The **U.S. District Court** for the **Southern District of Florida** has recognized abuse of process when legal proceedings are used to retaliate against another party. (See **11 U.S.C. § 362,** *Celotex Corp. v. Edwards*, 514 U.S. 300 (1995), *In re Thorpe Insulation Co.*, 677 F.3d 869 (9th Cir. 2012), **Fla. R. Civ. P. 1.540,** *Miami Herald Publ'g Co. v. Ferre*, 636 F. Supp. 970 (S.D. Fla. 1985))

10. Movants contend that the Trustee's **persistent attempts to strike their motions stem from a lack of substantive defense or counterarguments.** Unable to refute Movants' assertions, the Trustee resorts to illegally suppressing information. Had the Trustee acted in good faith, he would have engaged with Movants' arguments substantively rather than attempting to suppress them through procedural maneuvers. The Trustee's reliance on motions to strike, particularly when lacking merit, is indicative of bad-faith litigation tactics. Such conduct not only undermines the judicial process but also violates established legal standards designed to prevent abuse of the court system.

   Under **Federal Rule of Civil Procedure 11(b),** attorneys are prohibited from filing motions for improper purposes, such as to harass or needlessly increase the cost of litigation. Similarly, **28 U.S.C. § 1927** imposes sanctions on attorneys who unreasonably and vexatiously multiply proceedings, thereby emphasizing the prohibition against dilatory practices. The **Florida Supreme Court,** in cases like *Florida Bar v. Joy*, 679 So. 2d 1165 (Fla. 1996), has sanctioned lawyers for filing baseless motions intended to obstruct proceedings, highlighting the judiciary's intolerance for such misconduct.

   Moreover, the inherent authority of courts to sanction parties for bad-faith conduct is well-established. In *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991), the **U.S. Supreme Court** affirmed that courts possess the inherent power to impose sanctions for a full range of litigation abuses, including actions taken in bad faith, vexatiously, or for oppressive reasons. This authority ensures that the judicial process is not subverted by parties engaging in misconduct.

The Trustee's pattern of filing unmeritorious motions to strike appears to be a strategic attempt to delay proceedings and avoid addressing the substantive issues raised by Movants. Such behavior not only contravenes procedural rules but also constitutes a breach of the ethical obligations owed to the court and opposing parties. The courts have a duty to ensure that litigation is conducted fairly and efficiently, and they are empowered to impose appropriate sanctions to deter and address bad-faith conduct.

In light of the Trustee's actions, Movants respectfully request that the Court recognize the Trustee's bad-faith litigation tactics and consider imposing appropriate sanctions to prevent further abuse of the judicial process. (See **Federal Rule of Civil Procedure 11(b)**, **28 U.S.C. § 1927**, *Florida Bar v. Joy*, 679 So. 2d 1165 (Fla. 1996), *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)

11. In contrast to *Chamberlin et al. v. Goldberg,* Exhibit C of the Trustee's Motion to Impose an Automatic Stay, where the court affirmed the bankruptcy court's order enforcing the automatic stay against creditors' actions that were deemed to interfere with estate property. Our case involves Movants asserting personal claims that are independent of the bankruptcy estate. These claims pertain to individual rights and agreements that were not assigned to the estate, distinguishing our situation from the derivative claims addressed in *Chamberlin*. Besides that, we are Beneficiaries to the bankruptcy estate, not creditors, so this case clearly fails as precedent to this matter.

12. The Court granted the **Trustee's Motion to Strike [Movants'] Motion to Dismiss** within **two days of its filing**, denying Movants of a reasonable opportunity to respond. The Trustee's motion was filed on **02-19-2025**, and the Court granted it on **02-21-2025**.

---

## II. MOTION FOR RECONSIDERATION OF ORDER GRANTING TRUSTEE'S MOTION TO STRIKE MOVANTS' MOTION TO DISMISS ADVERSARY COMPLAINT

**The Court's Order Raises Due Process Concerns**

13. Judge Burgess granted the Trustee's Motion to Strike within two days of its filing, depriving Movants of a reasonable opportunity to respond. This raises significant due process concerns under the **Fifth and Fourteenth Amendments of the U.S. Constitution,** which guarantee the right to notice and an opportunity to be heard before an adverse ruling. See *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950).

14. Movants formally request an **evidentiary hearing** to present oral arguments and factual evidence before any ruling affecting their rights. **FRBP 9014(d)** mandates that contested matters require an evidentiary hearing when facts are in dispute. **Mathews v. Eldridge, 424 U.S. 319 (1976),** confirms that procedural due process requires a full and fair hearing before rights are adjudicated. Given the Trustee's **pattern of misrepresentation and suppression of evidence,** a written record alone is insufficient. To ensure fairness, Movants respectfully request that this Court **set a  hearing before issuing any further rulings.**

15. The **Federal Rules of Bankruptcy Procedure (FRBP 9013 & 9014)** require that parties be provided notice and an opportunity to respond before the Court rules on a contested motion. Here, the Trustee's motion was filed on **09-19-2025,** and Judge Burgess ruled on it by **09-21-2025,** without holding a hearing or waiting for Movants' response. The expedited ruling prevented Movants from adequately presenting their arguments. Given this short timeframe, reconsideration is warranted to ensure a fair and complete review of the issues at hand.

16. Notably, in *In re Peterson,* 657 B.R. 271 (Bankr. M.D. Fla. 2024), Judge Burgess permitted a case to be reopened to allow additional arguments and filings, demonstrating his recognition of the need for thorough review. The same standard should apply here, where Movants have not been given an opportunity to fully present their arguments.

17. The Court's ruling on the Trustee's Motion to Strike within two days, without allowing Movants to respond, violates due process. *Mullane v. Cent. Hanover Bank,* 339 U.S. 306 (1950), and *Logan v. Zimmerman Brush Co.,* 455 U.S. 422 (1982), establish that litigants must have notice and a meaningful opportunity to be heard before an adverse ruling. The rushed decision effectively denied Movants access to the Court in violation of **Florida Constitution Article 1, Section 21** and **FRBP 9013 & 9014,** which require reasonable notice before relief is granted. To uphold due process, Movants request that the Court **vacate its ruling and allow full briefing** before deciding on the Trustee's motion.

**The Court's Ruling Warrants Further Consideration**

18. Under **Federal Rule of Civil Procedure 12(f)** (applicable through **Bankruptcy Rule 7012**), a motion to strike applies only to pleadings, not motions. Given this distinction, the Trustee's Motion to Strike should have been denied as a matter of law, as established in *Nationwide Ins. Co. v. Cent. Missouri Elec. Co-op, Inc.,* 278 F.3d 742 (8th Cir. 2001).

19. Additionally, because the motion was decided before Movants had an opportunity to fully brief the issues or present arguments, reconsideration would allow for a more complete evaluation of the legal and procedural matters in question.

20. Under **Article II, Section 5(b) of the Florida Constitution** and **Florida Statutes § 876.05,** judges are required to swear an oath to uphold both the **U.S. Constitution** and the **Florida Constitution.** Any ruling that disregards due process protections under the **U.S. Constitution** directly contradicts this sworn duty.

21. While bankruptcy judges have discretion under **11 U.S.C. § 105(a)** to manage their dockets, that discretion **does not override constitutional due process rights.** In *Logan v. Zimmerman Brush Co.,* 455 U.S. 422 (1982), the U.S. Supreme Court held that procedural due process requires a meaningful opportunity to be heard before an adverse ruling. Here, the Trustee's motion was granted **within 48 hours,** depriving Movants of their right to respond. This violates **FRBP 9014,** which mandates "reasonable notice and an opportunity for hearing" before relief can be granted. The Court's expedited ruling contradicts this requirement and necessitates reconsideration.

22. Additionally, reliance on **Local Rule 1074-1** to justify striking Movants' filing is misplaced. The rule governs **attorney representation in bankruptcy cases**, but Movants are asserting **personal rights**, not representing an external entity. Under *Rowland v. California Men's Colony*, 506 U.S. 194 (1993) and **28 U.S.C. § 1654**, individuals may appear *pro se* to defend their personal financial interests. Any interpretation of a local rule that restricts this right contradicts **Article VI, Clause 2 (Supremacy Clause)** of the **U.S. Constitution**, which mandates that federal law prevails over conflicting procedural rules. For these reasons, reconsideration is necessary to ensure compliance with both federal and constitutional law.

23. The right to appear **pro se** in matters affecting one's personal property interests is well established. In *Twelker v. Shannon & Wilson, Inc.*, 564 F.2d 1314 (9th Cir. 1977), the court ruled that a party's ability to represent themselves cannot be unfairly restricted when personal property rights are at stake. Movants are not acting as corporate representatives but asserting **their own** constitutionally protected rights over property in dispute. Any attempt to misapply **Local Rule 1074-1** to block Movants' self-representation is unconstitutional and contradicts binding federal precedent affirming pro se rights.

24. Under **Article VI, Clause 2** of the **United States Constitution—the Supremacy Clause—** federal law takes precedence over any conflicting state or local rule. Furthermore, Judge Burgess' ruling appears to elevate **Local Rule 1074-1** over the **Florida Constitution, Article 1, Section 21**, which guarantees every individual's right to access the courts without procedural restrictions denying justice. The Trustee has misconstrued **Local Rule 1074-1** in an attempt to block Movants from representing their personal property, security interests, and financial interests, which are fully protected under **28 U.S.C. § 1654** and *Rowland v. California Men's Colony*, 506 U.S. 194 (1993).

25. Again, Movants are not attempting to represent a corporate entity or trust as attorneys but rather their own personal interests, which include corporate entities inside a trust whereby they are sole trustees and sole beneficiaries effectively eliminating any potential third-party interests that could be harmed. The Trustee's motion improperly ignores this distinction, which must be addressed upon reconsideration.

**The Trustee's Motion to Strike Suppresses Relevant Legal Arguments**

26. The Trustee's Motion to Strike is a clear attempt to suppress critical legal arguments and supporting exhibits that dismantle his case against Movants. Rather than addressing the substantive deficiencies in his adversary complaint, the Trustee seeks to silence Movants through procedural gamesmanship. This reflects bad-faith litigation and an abuse of process.

27. The Trustee's conduct raises serious ethical concerns under **Florida Rules of Professional Conduct Rule 4-3.3**, which prohibits attorneys from knowingly omitting material facts, as well as **Title 18 U.S.C. § 1503**, which governs obstruction of justice. The suppression of material evidence and legal arguments essential to Movants' defense should not be condoned by this Court.

28. The Trustee's deliberate misrepresentation of Movants' status as "merely the owners and principals of the Debtor" constitutes a clear breach of fiduciary duty. Under *Christensen v. Jubber (In re Christensen)*, 106 F.3d 403 (10th Cir. 1997), the Trustee has a legal obligation to act in the best interest of all estate beneficiaries, not just creditors. By omitting Movants' beneficiary status and attempting to exclude them from the proceedings, the Trustee has violated this fiduciary duty and intentionally misled the Court.

29. The Trustee has selectively chosen not to impose an automatic stay in other cases, including Federal Case No. 3:25-CU-164-HES-MCR, further demonstrating his pattern of selective enforcement and bad faith. The Trustee's actions in this case are not based on legal principles but rather on a deliberate effort to suppress Movants' ability to challenge his misconduct.

30. The Trustee's repeated efforts to stifle Movants' ability to assert their legal rights in this case further demonstrate a pattern of procedural manipulation rather than an attempt to litigate the matter in good faith. His reliance on procedural technicalities, rather than the substantive merits of his case, reveals an intent to deny Movants their constitutional right to defend their personal property, security, and interests.

31. **Title 18 U.S.C. § 2381** establishes that individuals who betray their constitutional duties may be guilty of treason. While typically applied to acts of war, knowingly issuing rulings that suppress constitutional rights and due process protections contradicts a judge's sworn oath and undermines the integrity of the judiciary.

---

### III. TRUSTEE'S FILINGS CONSTITUTE FRIVOLOUS LITIGATION

32. The Trustee's **repeated filing of baseless motions constitutes frivolous litigation** and violates:

- **Federal Rule of Civil Procedure 11(b)** (*prohibiting filings made for improper purposes*).

- **28 U.S.C. § 1927** (*sanctions for excessive and unreasonable filings that unnecessarily multiply proceedings*).

33. The **Trustee's use of procedural motions as a delay tactic** not only wastes judicial resources but also constitutes an abuse of process, recognized as sanctionable misconduct under *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991).

---

### IV. TRUSTEE'S ATTEMPT TO ENFORCE AUTOMATIC STAY IS OVERREACH

34. While the automatic stay under **11 U.S.C. § 362** applies to **property of the estate,** the Trustee is attempting to **extend it beyond its lawful scope** to interfere with Movants' personal claims, which are not part of the bankruptcy estate. The automatic stay is designed to protect the debtor's estate from actions by creditors, not to prevent individuals from pursuing their independent claims.

35. Courts have consistently held that the automatic stay **does not bar actions against non-debtor third parties** or the pursuit of independent claims that do not affect the debtor's estate. In *In re Dolen*, 265 B.R. 471 (Bankr. M.D. Fla. 2001), the court recognized that actions unrelated to the debtor's estate are not subject to the automatic stay provisions.

36. The Trustee's attempt to apply the automatic stay to Movants' independent claims constitutes an **overreach of authority** and is inconsistent with established legal principles. Such actions infringe upon Movants' rights to seek redress for their personal claims, which are separate and distinct from the bankruptcy proceedings.

37. The **Trustee has improperly cited legal authority** in an attempt to expand the **automatic stay beyond its lawful scope** and suppress Movants' **personal claims** that do not belong to the bankruptcy estate. **The automatic stay under 11 U.S.C. § 362(a)(3) applies only to estate property,** preventing actions to obtain possession or control over assets that belong to the debtor's estate. However, **Movants' claims against Joshua Wearmouth, Velanos, Resydency, and Nordic Trust Alliance KB are personal in nature, arising from direct contractual breaches and independent harm,** not from estate property or claims that the estate could have pursued. Courts have repeatedly held that **the automatic stay does not extend to independent claims brought by third parties**. See *In re Thorpe Insulation Co.*, 677 F.3d 869 (9th Cir. 2012) and *In re Smart World Techs., LLC*, 423 F.3d 166 (2d Cir. 2005).

38. The **Trustee's reliance on** *Matter of Patel*, 642 B.R. 187 (Bankr. N.D. Ga. 2022), and *In re Howard*, 391 B.R. 511 (Bankr. N.D. Ga. 2008), **is misplaced**. These cases involved creditors seeking to collect estate assets, **not independent claimants pursuing their own damages.** *Patel* and *Howard* do not stand for the proposition that all claims related to a debtor's business become estate property; rather, they confirm that **only claims belonging to the debtor at the time of bankruptcy fall under the estate's control. Movants' claims arose post-petition and pertain to harm inflicted on them individually by Joshua Wearmouth, Velanos, Resydency, and Nordic Trust Alliance KB, making them separate from the estate.**

39. **Similarly, the Trustee's citation** to *In re Icarus Holding, LLC*, 391 F.3d 1315 (11th Cir. 2004), **is inapplicable**, as that case involved **pre-petition claims that had already been adjudicated as belonging to the debtor's estate.** In contrast, **Movants' claims against Joshua Wearmouth, Velanos, Resydency, and Nordic Trust Alliance KB are not derivative of the estate** and do not belong to the debtor—they belong to Movants in their individual capacities. See *Celotex Corp. v. Edwards*, 514 U.S. 300 (1995) (confirming that the **automatic stay cannot extend beyond estate property**).

40. The **Trustee's Motion for Automatic Stay** seeks to extend the **bankruptcy stay beyond its lawful scope** to suppress Movants' independent claims.

41. **The automatic stay under 11 U.S.C. § 362** applies **only to property of the estate** and does not extend to **independent claims held by third parties**. Courts have consistently ruled that a bankruptcy stay does not apply to **non-debtor third parties or their legal claims.** See: *Celotex Corp. v. Edwards*, 514 U.S. 300 (1995) (automatic stay does not extend to non-debtors). *In re Thorpe Insulation Co.*, 677 F.3d 869 (9th Cir. 2012) (trustees cannot use automatic stays to suppress third-party claims).

42. The **Trustee further misapplies** *Mennen v. Onkyo Corp.*, 248 F. App'x 112 (11th Cir. 2007), **which held that claims alleging only indirect harm to a creditor, derived from injury to the debtor, belong to the estate.** However, this is **not the situation here. Movants' claims against Joshua Wearmouth, Velanos, Resydency, and Nordic Trust Alliance KB do not derive from estate harm—they assert direct injuries, including contractual breaches, fraudulent misrepresentation, and financial loss suffered by Movants individually.** Under *Christensen v. Jubber (In re Christensen)*, 106 F.3d 403 (10th Cir. 1997), a trustee owes fiduciary duties to all stakeholders, including **beneficiaries like Movants, whose rights cannot simply be disregarded in favor of creditors.**

43. **The Trustee's selective reliance on** *O'Halloran v. First Union Nat'l Bank of Fla.*, 350 F.3d 1197 (11th Cir. 2003), **is also flawed,** as that case dealt with a **trustee's ability to bring claims that the debtor could have pursued pre-bankruptcy. Movants' claims against Joshua Wearmouth, Velanos, Resydency, and Nordic Trust Alliance KB were never part of the debtor's legal rights—they are distinct contractual claims arising post-petition, separate from the estate's interest.**

44. The Trustee's citation to cases involving fraudulent transfers, such as *Fox v. Picard (In re Bernard L. Madoff Inv. Sec. LLC)*, 848 F. Supp. 2d 469 (S.D.N.Y. 2012), **is misleading and inapplicable.** In *Fox*, the court ruled that **investors could not separately recover funds that had already become part of the bankruptcy estate. However, Movants' claims against Joshua Wearmouth, Velanos, Resydency, and Nordic Trust Alliance KB are distinct from the claims in** *Fox* **because they do not seek recovery of estate assets.**

    While **Movants do allege fraudulent transfers involving Resydency, those transfers harmed Movants personally, and the claims asserted are separate from any fraudulent transfer claims that the Trustee may bring on behalf of the estate.** The Trustee has **failed to pursue these claims against Resydency himself** while simultaneously attempting to block Movants from doing so. Courts have held that **fraudulent transfer claims do not automatically belong to the estate when independent parties have suffered direct harm.** See *In re Emoral, Inc.*, 740 F.3d 875 (3d Cir. 2014) (holding that claims based on distinct injuries suffered by individual parties are separate from estate fraudulent transfer claims).

    Thus, the *Fox* **decision does not support the Trustee's position, as Movants' fraudulent transfer claims involve personal harm and do not seek recovery of assets already included in the bankruptcy estate. The Trustee's reliance on** *Fox* **is another attempt to mislead the Court into believing that Movants' claims are derivative of the estate when they are not.**

45. Movants' claims **are not derivative of the bankruptcy estate,** and therefore, the Trustee **has no legal authority** to impose an automatic stay on their lawsuits.

46. The Trustee has misrepresented his role and authority by asserting that the alleged claims in this case "belong exclusively to the Trustee." This statement is legally and ethically improper, as a Trustee does not own estate assets—he administers them for the benefit of creditors and beneficiaries. Under **11 U.S.C. § 541(a)**, estate property remains the property of the estate, and the Trustee's role is to manage it in the best interest of all stakeholders,

not to assert ownership or exclusive control over it. Courts have repeatedly held that a Trustee's fiduciary duty requires impartial administration of the estate, not self-serving overreach. See *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343 (1985) (holding that a trustee must act in the estate's best interest) and *In re Christensen*, 106 F.3d 403 (10th Cir. 1997) (confirming that a trustee owes fiduciary duties to all estate stakeholders, not just select creditors). By claiming outright ownership, rather than acknowledging his administrative role, the Trustee is not only misleading the Court but also attempting to suppress the legitimate rights of estate beneficiaries. This overreach constitutes a breach of fiduciary duty, a violation of due process, and a misuse of the bankruptcy process to obstruct Movants' rights while selectively enforcing claims for the benefit of certain parties. Movants request that the Court recognize and correct this misstatement of law and require the Trustee to clarify his role as a fiduciary administrator, rather than an owner, of the estate.

47. Additionally, the **Trustee's reliance on** *In re Meier*, 2014 WL 5426763 (Bankr. N.D. Ill. Oct. 21, 2014), and *In re Medicar Ambulance Co., Inc.*, 166 B.R. 918 (Bankr. N.D. Cal. 1994), **is misplaced.** These cases dealt with **creditors seeking estate assets, whereas Movants are not creditors asserting claims against the estate—they are independent claimants seeking to hold Joshua Wearmouth, Velanos, Resydency, and Nordic Trust Alliance KB accountable for contractual breaches and fraud.**

48. The **Trustee has intentionally omitted all exhibits submitted with Movants' complaint against Joshua Wearmouth, Velanos, Resydency, and Nordic Trust Alliance KB,** which contained **exculpatory** and **critical evidence proving contractual breaches, and misrepresentation.** This omission is not a clerical error but a **deliberate effort to mislead the Court** and suppress material facts that support Movants' claims and defenses.

49. The Trustee's failure to acknowledge these exhibits **demonstrates a pattern of selective enforcement,** where he aggressively pursues insiders while **shielding key third parties** (such as Resydency, which may have received fraudulent transfers) from scrutiny. Courts have held that **trustees who omit material evidence or selectively pursue claims violate their fiduciary duty.** See *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343 (1985) (holding that a trustee's duty is to act in the best interest of the estate, not to selectively enforce claims for strategic gain).

50. By **excluding evidence that directly refutes his position,** the Trustee has also violated **Florida Rules of Professional Conduct, Rule 4-3.3,** which prohibits attorneys from **knowingly making false statements or omitting material facts to a tribunal.** This conduct **obstructs justice and undermines the fairness of these proceedings.** See *Brady v. Maryland*, 373 U.S. 83 (1963) (establishing the legal obligation to disclose exculpatory evidence).

51. The Trustee's intentional suppression of evidence warrants **corrective action by the Court, including reconsideration of prior rulings that may have been influenced by an incomplete factual record.** Movants respectfully request that the Court **order the Trustee to incorporate all previously submitted exhibits into the record** and explain why these exhibits were omitted in the first place.

52. **Finally, the Trustee's omission of Movants' beneficiary status further demonstrates his bad-faith attempt to mislead the Court.** By referring to Movants only as "owners and principals of the Debtor" while ignoring their legally recognized status as beneficiaries, the Trustee **mischaracterizes Movants' rights and seeks to suppress their standing. Florida Rules of Professional Conduct Rule 4-3.3 prohibits attorneys from making false statements or omitting material facts to mislead the Court.** The Trustee's conduct violates this obligation and further supports the conclusion that his motion is based on procedural manipulation rather than legitimate legal grounds.

53. The **Trustee's attempt to use the automatic stay as a tool to suppress Movants' independent claims against Joshua Wearmouth, Velanos, Resydency, and Nordic Trust Alliance KB is an improper expansion of his authority and a violation of constitutional due process.** The Court should **reject the Trustee's misapplication of the law and recognize that Movants' claims against these entities are independent, personal claims beyond the scope of the bankruptcy estate.**

54. The Trustee's assertion that the automatic stay applies to Movants' independent claims is legally baseless and constitutes an improper attempt to suppress claims that do not belong to the bankruptcy estate. In **Line 14** of Movants' Complaint against Joshua Wearmouth, Velanos, Resydency and Nordic Trust Alliance KB, **it is explicitly stated that the breach of contract and related misconduct directly caused personal harm to Movants, which is separate and apart from any injury to the estate.** This distinction is critical, as courts have repeatedly held that the automatic stay under **11 U.S.C. § 362** applies only to property of the estate and not to independent claims asserted by third parties. See *In re Thorpe Insulation Co.*, 677 F.3d 869 (9th Cir. 2012) (holding that the automatic stay does not extend to non-estate property or personal claims) and *In re Smart World Techs., LLC*, 423 F.3d 166 (2d Cir. 2005) (confirming that the bankruptcy stay cannot be used to block third-party claims). By attempting to expand the automatic stay to cover claims that belong to Movants personally, the Trustee is engaging in overreach and violating Movants' constitutional right to access the courts under **Florida Constitution, Article 1, Section 21.** The Court should reject the Trustee's improper attempt to suppress Movants' legitimate claims and affirm that the automatic stay does not extend to personal claims for damages resulting from contractual breaches and other harms suffered by Movants individually.

55. Furthermore, Trustee intentionally wrote that Movants sued "Joshua Wearmouth and others," again, misleading the court.

56. The **Trustee has intentionally misrepresented the nature of Movants' lawsuit** by selectively referring to the defendants as **"Joshua Wearmouth and others"** instead of stating the **full and correct case title:** *John Michael Cohan and David Hughes v. Joshua Wearmouth, Velanos, Resydency, and Nordic Trust Alliance KB LLC.* By doing so, the **Trustee has deliberately misled the Court** into believing that the harm in question was solely caused by **Joshua Wearmouth and Velanos,** when in fact, additional defendants— including **Resydency and Nordic Trust Alliance KB LLC—are equally responsible.**

57. **This omission is a material misrepresentation** intended to **obscure the Trustee's failure to pursue claims against all responsible parties.** The **Trustee is aggressively targeting**

insiders while deliberately avoiding legal action against the actual parties who caused harm, namely Scarinici Hollenbeck (successor to Warren Law Group), Scott Oh, Joshua Wearmouth, William Byrd, Velanos, Resydency, and Nordic Trust Alliance KB LLC. This selective enforcement is a **clear abuse of discretion**, violating the Trustee's fiduciary duty under *Christensen v. Jubber (In re Christensen)*, 106 F.3d 403 (10th Cir. 1997), which holds that a **trustee owes duties to the entire estate, including beneficiaries, and must act with impartiality.**

58. **The Trustee's failure to acknowledge all defendants while aggressively pursuing insiders constitutes a violation of fundamental fairness and due process.** Courts have long recognized that a **trustee's selective enforcement of claims is evidence of bad faith and improper administration of the estate.** See *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) (holding that courts have inherent power to sanction bad-faith litigation tactics) and *Marrama v. Citizens Bank of Massachusetts*, 549 U.S. 365 (2007) (trustee misconduct can justify judicial intervention).

59. The **intentional omission of material parties from the Trustee's filings constitutes a violation of Florida Rules of Professional Conduct, Rule 4-3.3**, which **prohibits attorneys from knowingly making false statements or omitting material facts to mislead the Court. The Trustee's strategic failure to include the full case title is not a clerical oversight—it is a deliberate effort to conceal his failure to pursue claims against all responsible parties.**

60. **Trustees are required to act in the best interest of the estate as a whole,** rather than selectively targeting certain individuals while ignoring equally or more culpable parties. By selectively omitting the full list of defendants, the Trustee has violated his **fiduciary duty of impartiality,** which mandates that he **administer the estate equitably** and **not favor certain creditors or insiders over others.** See **Uniform Trust Code (UTC) § 802,** which imposes a **duty of loyalty and impartiality upon fiduciaries.**

61. **Movants respectfully request that the Court recognize this material misrepresentation and direct the Trustee to correct the record to reflect the full and complete list of defendants, as well as justify his failure to pursue claims against all responsible parties.** Furthermore, **this Court should view the Trustee's selective enforcement of claims as evidence of bad faith and an improper expansion of his authority over independent claims not belonging to the bankruptcy estate.**

---

## V. REQUEST FOR ADDITIONAL SANCTIONS AGAINST TRUSTEE FOR FRIVOLOUS FILINGS, SUPPRESSION OF EXCULPATORY EVIDENCE, BREACH OF FIDUCIARY DUTY, INFRINGEMENT ON CONSTITUTIONAL RIGHTS, AND ABUSE OF PROCESS

62. The Trustee's repeated **bad-faith procedural filings** are designed to obstruct Movants' constitutional rights and **waste judicial resources.** See *Chambers v. NASCO, Inc., 501 U.S. 32 (1991)*.

63. The Trustee is simply trying to **suppress information AGAIN** because Movants' arguments **destroy his case against them.** His ongoing efforts to use procedural tactics to **silence Movants and prevent the Court from considering material facts** constitute a **clear abuse of process.**

64. The Trustee has engaged in **willful suppression of exculpatory evidence** by attempting to strike Movants' Motion to Dismiss Adversary Complaint, specifically the exhibits and the legal arguments being made by Movants, which violates **Florida Rules of Professional Conduct Rule 4-3.3** (prohibiting lawyers from knowingly withholding material facts), **Title 18 U.S.C. § 1503** (obstruction of justice), and *Brady v. Maryland,* 373 U.S. 83 (1963) (establishing the legal obligation to disclose exculpatory evidence).

65. The Trustee's actions constitute **an infringement on Movants' constitutional rights,** including **their First Amendment right to petition the government for redress of grievances, due process protections under the Fifth and Fourteenth Amendments,** and **their right to access the courts as guaranteed by the Florida Constitution, Article 1, Section 21.**

66. The Trustee's reliance on procedural technicalities to suppress Movants' access to the Court is constitutionally impermissible. In *Murdock v. Pennsylvania,* 319 U.S. 105 (1943), the **U.S. Supreme Court** held that the government cannot impose procedural barriers to suppress constitutionally protected rights. By attempting to use **Local Rule 1074-1** to prevent Movants from defending their property interests, the Trustee is engaging in an unconstitutional restriction of due process and equal protection. Under the **Supremacy Clause,** such restrictions cannot stand, and any attempt to impose procedural hurdles on Movants' **pro se** representation should be rejected.

67. The Court has the authority to impose **sanctions under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927,** and **its inherent authority** for abusive litigation tactics, obstruction of justice, and improper suppression of evidence. Movants request that the Court impose appropriate monetary and procedural sanctions against the Trustee substantiated to strongly deter the Trustee from repeating this neglectful behavior again in the future.

68. The Trustee's deliberate failure to acknowledge Movants' status as beneficiaries of the estate constitutes a clear breach of fiduciary duty. As a fiduciary, the Trustee is obligated to act with loyalty and impartiality toward all beneficiaries. By misrepresenting Movants solely as principals and owners, the Trustee undermines their equitable interests, violating the duty to administer the estate in the best interests of all parties involved.

69. The **Trustee has engaged in an intentional pattern of misconduct,** including:

o   Filing frivolous motions to delay proceedings (**Federal Rule of Civil Procedure 11(b)**).

o   Suppressing material evidence to obstruct justice (*Brady v. Maryland,* 373 U.S. 83 (1963)).

o   Willfully failing to acknowledge Movants' **beneficiary status,** constituting **a breach of fiduciary duty** (*Christensen v. Jubber (In re Christensen)*).

70. The Court has the authority to impose **monetary and procedural sanctions** under:

- o   **Federal Rule of Civil Procedure 11** (sanctions for bad-faith litigation).
- o   **28 U.S.C. § 1927** (penalties for unreasonably multiplying proceedings).
- o   **The Court's inherent authority to sanction bad-faith conduct** (*Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)).

---

## VI. PRAYERS FOR RELIEF

71. The Trustee's motions are designed to *divert attention* from the **core issue: the infringement of our constitutional rights.** These filings aim to obfuscate the Trustee's bad-faith tactics and suppress critical information, but amplify these actions instead. We respectfully request that the Court deny the Trustee's motions, recognize the improper conduct, and impose appropriate sanctions to prevent further abuse of the judicial process.

72. Movants respectfully request that this Court:

- **As per Florida Constitution Article 1, Section 21, and 28 U.S.C. § 1654, Movants request the Court recognize that procedural rules cannot override constitutional rights and affirm Movants' ability to represent their own personal property, securities, and interests in this matter.**

- **Acknowledge that Movants are specially appearing pro se in their personal capacity, representing their own personal property, security interests, and financial interests.**

- **In reference to Trustee's assertion that claims belonged exclusively to the Trustee, recognize and correct this misstatement of law and require the Trustee to clarify his role as a fiduciary administrator, rather than an owner, of the estate.**

- **Recognize the material misrepresentation and direct the Trustee to correct the record to reflect the full and complete list of defendants, Joshua Wearmouth, Velanos, Resydency, and Nordic Trust Alliance KB, as well as justify his failure to pursue claims against all responsible parties.**

- **Order the Trustee to incorporate all previously submitted exhibits from Movant's personal complaint against Joshua Wearmouth, Velanos, Resydency, and Nordic Trust Alliance KB into the record and explain why these exhibits were omitted in the first place.**

- **Recognize our rightful status as beneficiaries and ensure that our interests are duly acknowledged and protected throughout these proceedings.**

- **Vacate its prior order granting the Trustee's Motion to Strike Movants' Motion to Dismiss Adversary Complaint;**

- **Allow full briefing and afford Movants an opportunity to be heard on the merits of the Motion to Dismiss;**

- **Hold a non-evidentiary, evidentiary, preliminary hearing or trial to allow oral argument on the matter;**

- **Deny the Trustee's Motion for Automatic Stay** as it pertains to Movants' independent claims;

- **Impose appropriate sanctions** on the Trustee for engaging in frivolous and bad-faith litigation tactics by filing improper motions, suppressing evidence, abuse of process, breach of fiduciary duty, and infringement on our constitutional rights.

- **Grant any further relief** the Court deems just and proper.

- **Should the Court decline** to Reconsider the Order Granting Trustee's Motion to Strike, dismiss the Adversary Complaint despite the overwhelming lack of evidence entered into the record from the Trustee, to award sanctions, deny the Trustee's motions to strike, clarify that Movants' personal claims are not subject to the bankruptcy estate's stay under **11 U.S.C. § 362**, grant summary disposition, grant a protective order, compel the Trustee to disclose information, recognize Defendants' standing, or refer the Trustee's conduct for investigation, **Defendants request that the Court provide a detailed explanation** in its ruling for each Prayer of Relief, including but not limited to, demonstrating how the Trustee has met their burden under **11 U.S.C. § 548** in light of controlling case law such as *In re TOUSA, Inc.*, 680 F.3d 1298 (11th Cir. 2012) and *In re Sharp Int'l Corp.*, 403 F.3d 43 (2d Cir. 2005). This ensures **transparency** and avoids the **appearance of impropriety.**

Dated: 02-24-2025

Respectfully Submitted In Good Faith,

John Michael Cohan and David Hughes
Stakeholders of GENIE INVESTMENTS NV INC.
Sole Trustees & Sole Beneficiaries of GENIE INVESTMENTS TRUST
Authorized Representatives, without prejudice and without recourse,
Pro Se, In Rem, Corpus Juris, Quasi In Rem, In personam, Under Fiduciary Duty, FS 736.0816, UTC 801-817, UPAA 203 & 207, 11 USC 541, UCC §9-109, UCC §9-503, UCC §9-607, UCC §9-615, UCC §9-202, Restatement (Third) of Trusts 70 & 85, Dodge v. Ford Motor Co. (1919), Hodel v. Irving, 481 U.S. 704 (1987), C.E. Pope Equity Trust v. United States, 818 F.2d 696 (9th Cir. 1987), MONELL CLAIM UNDER 42 U.S.C. § 1983, VIOLATIONS OF 18 U.S.C. §§ 241 & 242, Florida Constitution Article 1, Section 21, United States Constitution of America

CC VIA EMAIL:
Bryan K. Mickler, Attorney for the Debtor, **Law Offices of Mickler & Mickler, LLP,** 5452 Arlington Expy., Jacksonville, Florida 32211, bkmickler@planlaw.com