**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION**

In re:
**Genie Investments NV, Inc.,**
Debtor.
**Case No.: 3:24-bk-00496-BAJ**
**Chapter 7**

---

### MOTION FOR EXPEDITED RULING ON MOTION FOR RECONSIDERATIONS

**COME NOW,** Movants, **John Michael Cohan** and **David Hughes,** pro se, and respectfully move this Honorable Court for an expedited ruling on their pending **Motion for Reconsiderations** regarding the **Court's Order Granting the Trustee's Motion to Strike Movants' Motion to Dismiss Adversary Complaint.** In support of this motion, Movants state the following:

**1. The Motion for Reconsiderations Remain Pending Without a Ruling**

1. Movant **John Michael Cohan** filed a **Motion for Reconsideration on 02-05-2025,** Movants **John Michael Cohan** and **David Hughes** filed a **Motion for Reconsideration on 02-21-2025** and an **Amendment to Motion for Reconsideration on 02-24-2025 prior to 9:00 AM Eastern Standard Time,** but the Court has yet to rule on them.

2. The Court, however, granted the Trustee's **Motion to Strike Movants' Motion to Dismiss** within **two (2) days** of its filing.

3. The failure to rule on the **Motion for Reconsiderations** before the upcoming **February 25, 2025, hearing** will render it **moot,** effectively depriving Movants of their right to be heard on certain issues.

**2. Urgent Need for Resolution Before the February 25, 2025 Hearing**

4. The **hearing scheduled for February 25, 2025,** will address critical issues, and Movants' ability to participate meaningfully will be **severely prejudiced** if the Court does not rule on their Motion for Reconsiderations beforehand.

5. **Due process under the Fifth and Fourteenth Amendments** requires that Movants be given a fair opportunity to present their arguments **before adverse actions become final.** See *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306 (1950).

6. **Failure to rule before the hearing would deprive Movants of their constitutional right to due process** and their ability to present a meaningful defense in this proceeding.

**3. The Court Has Already Ruled on the Trustee's Motion in an Expedited Manner**

7. The **Trustee's Motion to Strike Movants' Motion to Dismiss** was granted within **two (2) days** of its filing.

8. However, **Movants' Motion for Reconsiderations remain pending without a ruling.**

9. The Court's failure to act with the same urgency demonstrates **unequal treatment of the parties** and procedural unfairness, warranting immediate judicial action.

### 4. Relief Requested

WHEREFORE, **Movants respectfully request that the Court:**

1. **Issue an expedited ruling** on Movants' **Motion for Reconsiderations** before the **February 25, 2025 hearing;**

2. **If the Court declines to rule before February 25, 2025,** provide a written explanation on the record as to why the motion is not being addressed prior to the scheduled hearing; and

3. **Grant any further relief the Court deems just and proper.**

**Dated:** February 24, 2025

**Respectfully Submitted In Good Faith,**

*[signature]*

**John Michael Cohan and David Hughes**
**Stakeholders of GENIE INVESTMENTS NY INC.**
**Sole Trustees & Sole Beneficiaries of GENIE INVESTMENTS TRUST**
**Authorized Representatives, without prejudice and without recourse,**
**Pro Se, In Rem, Corpus Juris, Quasi In Rem, In personam, Under Fiduciary Duty, FS 736.0816, UTC 801-817, UPAA 203 & 207, 11 USC 541, UCC §9-109, UCC §9-503, UCC §9-607, UCC §9-615, UCC §9-202, Restatement (Third) of Trusts 70 & 85, Dodge v. Ford Motor Co. (1919), Hodel v. Irving, 481 U.S. 704 (1987), C.E. Pope Equity Trust v. United States, 818 F.2d 696 (9th Cir. 1987), MONELL CLAIM UNDER 42 U.S.C. § 1983, VIOLATIONS OF 18 U.S.C. §§ 241 & 242, Florida Constitution Article 1, Section 21, United States Constitution of America**

**CC VIA EMAIL:**
Bryan K. Mickler, Attorney for the Debtor, **Law Offices of Mickler & Mickler, LLP,** 5452 Arlington Expy., Jacksonville, Florida 32211, bkmickler@planlaw.com