FILED INTAKE USBC
FEB 24 '25 AM8:34

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION**

In re:
**Genie Investments NV, Inc.,**
Debtor.
**Case No.: 3:24-bk-00496-BAJ**
**Chapter 7**

---

### NOTICE OF URGENCY REGARDING PENDING MOTION FOR RECONSIDERATIONS

**COME NOW,** Movants, **John Michael Cohan** and **David Hughes**, pro se, and file this **Notice of Urgency** regarding their pending **Motion for Reconsiderations**, which remains unresolved as of **February 24, 2025,** despite its direct impact on the upcoming **February 25, 2025, hearing.**

### 1. The Motion for Reconsideration Remains Unresolved

1. Movant **John Michael Cohan** filed a **Motion for Reconsideration on 02-05-2025,** Movants John Michael Cohan and David Hughes filed a **Motion for Reconsideration on 02-21-2025** and an **Amendment to Motion for Reconsideration on 02-24-2025 prior to 9:00 AM Eastern Standard Time,** but the Court has yet to rule on them.

2. The Court **granted the Trustee's Motion to Strike Movants' Motion to Dismiss** within two **(2) days** but has not ruled on Movants' reconsideration request, causing a **significant procedural disadvantage** to Movants.

### 2. The Delay in Ruling Prejudices Movants' Rights

3. The **scheduled hearing on February 25, 2025,** addresses legal issues directly impacted by the pending **Motion for Reconsiderations.**

4. If the Court **fails to rule before the hearing,** it will effectively render the reconsideration motion **moot,** violating **Movants' right to due process** under *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950).

5. The **continued inaction** on these motion raises concerns of **procedural fairness** and **unequal treatment** of the parties.

### 3. Request for Immediate Judicial Action

WHEREFORE, **Movants respectfully request that the Court:**

1. **Issue a ruling on the Motion for Reconsiderations before the February 25, 2025 hearing** to ensure fairness and due process;

2. **If the Court refuses to rule before February 25, 2025, provide a written explanation on the record** for the delay; and

3. **Grant any further relief the Court deems just and proper.**

**Dated:** February 24, 2025

**Respectfully Submitted In Good Faith,**

*[Signature with handwritten notation: 12 USC 411]*

**John Michael Cohan and David Hughes**
Stakeholders of GENIE INVESTMENTS NV INC.
Sole Trustees & Sole Beneficiaries of GENIE INVESTMENTS TRUST
Authorized Representatives, without prejudice and without recourse,
Pro Se, In Rem, Corpus Juris, Quasi In Rem, In personam, Under Fiduciary Duty, FS 736.0816, UTC 801-817, UPAA 203 & 207, 11 USC 541, UCC §9-109, UCC §9-503, UCC §9-607, UCC §9-615, UCC §9-202, Restatement (Third) of Trusts 70 & 85, Dodge v. Ford Motor Co. (1919), Hodel v. Irving, 481 U.S. 704 (1987), C.E. Pope Equity Trust v. United States, 818 F.2d 696 (9th Cir. 1987), MONELL CLAIM UNDER 42 U.S.C. § 1983, VIOLATIONS OF 18 U.S.C. §§ 241 & 242, Florida Constitution Article 1, Section 21, United States Constitution of America

**CC VIA EMAIL:**
Bryan K. Mickler, Attorney for the Debtor, **Law Offices of Mickler & Mickler, LLP,** 5452 Arlington Expy., Jacksonville, Florida 32211, bkmickler@planlaw.com