**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION**
**IN RE:**
**Genie Investments NV, Inc., Debtor.**
**Case No.: 3:24-bk-00496-BAJ**
**Chapter 7**

---

### MOTION TO LIFT THE AUTOMATIC STAYS PURSUANT TO 11 U.S.C. § 362(d)

Movants, John Michael Cohan and David Hughes, specially appearing pro se in their personal capacities, respectfully move this Court to lift the automatic stays imposed on their independent claims against Warren Law Group, Joshua Wearmouth, and other third parties. The Trustee has improperly sought to extend the stay beyond its lawful scope, obstructing Movants' ability to pursue claims that are personal in nature and unrelated to the bankruptcy estate.

### I. INTRODUCTION & BACKGROUND

1. Movants filed a **BRIEF ON THE INAPPLICABILITY OF THE AUTOMATIC STAYS TO PERSONAL CLAIMS** (hereinafter "Brief"), as directed by the Court, which outlines in detail why the automatic stays should not extend to their independent claims. That brief is incorporated herein by reference.

2. The automatic stay under **11 U.S.C. § 362(a)** applies only to **property of the bankruptcy estate** and does not extend to **independent claims held by non-debtor third parties.**

3. Despite this well-established principle, the **Trustee has improperly sought to stay Movants' personal lawsuits,** including claims against Warren Law Group and Joshua Wearmouth, which are **wholly separate from the debtor and do not involve estate assets.**

4. Movants have been forced to incur **personal financial harm, legal expenses, and unnecessary litigation burdens** as a direct result of the Trustee's bad-faith extension of the stays.

5. Accordingly, **Movants request relief from the automatic stay under 11 U.S.C. § 362(d),** as their personal claims:

    o   Are **not property of the estate** under **11 U.S.C. § 541;**

    o   Do **not affect the administration of the estate;**

    o   Were **brought solely by Movants in their individual capacities;** and

    o   Have been improperly suppressed by the Trustee's procedural maneuvering.

## II. LEGAL STANDARD FOR LIFTING THE STAYS

6. **11 U.S.C. § 362(d)(1)** provides that the Court **shall** grant relief from the automatic stay "for cause." Courts have held that **"cause" includes cases where the stay is being improperly used to delay or obstruct non-estate claims.** See *In re Thorpe Insulation Co.*, 677 F.3d 869, 884 (9th Cir. 2012); *In re Smart World Techs., LLC*, 423 F.3d 166, 180 (2d Cir. 2005).

7. **Movants' personal claims do not belong to the estate** and therefore should not be stayed. Courts consistently rule that **personal claims for direct injury are not subject to the automatic stay.** See *Celotex Corp. v. Edwards*, 514 U.S. 300 (1995).

8. The Trustee's argument that the **stays should apply to Movants' personal lawsuits is legally and factually baseless. The only impact on the bankruptcy estate is the Trustee's improper effort to suppress independent claims.**

9. **The timing of the Trustee's actions further demonstrates bad faith, as:**

    o   The Trustee did not seek a stay in the **Warren Law Group case until Movants pointed out the omission.**

    o   The Trustee's retaliatory **demand letters were issued just two days after Movants exercised their constitutional rights.**

    o   The Trustee strategically used procedural motions to **coerce Movants into hiring attorneys and delay their personal claims.**

## III. MOVANTS' PERSONAL CLAIMS ARE INDEPENDENT & SHOULD PROCEED

10. The Court **should lift the stay** to allow Movants to proceed with their personal claims, as they:

- **Are not derivative of the estate** and do not involve estate property.

- **Do not interfere with estate administration** or impact creditor distributions.

- **Were filed solely by Movants in their personal capacities** and are unrelated to any third-party entity.

11. The **Trustee's overreach violates Movants' due process rights and improperly suppresses legitimate claims.** Courts have sanctioned trustees who use the stay to block independent litigation. See *Christensen v. Jubber (In re Christensen)*, 106 F.3d 403, 406 (10th Cir. 1997).

## IV. RELIEF REQUESTED

**WHEREFORE, Movants respectfully request that this Court:**

1. **Grant this Motion to Lift the Automatic Stays** under **11 U.S.C. § 362(d)** as it applies to Movants' personal claims.

2. **Allow Movants to proceed with their lawsuits against Warren Law Group, Joshua Wearmouth, and other third-party defendants.**

3. **Acknowledge that the Trustee has improperly extended the automatic stays beyond its lawful scope.**

4. **Grant any further relief this Court deems just and proper.**

**Dated:** March 3, 2025

**Respectfully submitted in Good Faith,**

*[signature]*

**John Michael Cohan and David Hughes, Pro Se**