**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION**
**IN RE:**
**Genie Investments NV, Inc., Debtor.**
**Case No.: 3:24-bk-00496-BAJ**
**Chapter 7**

**MOTION TO ALLOW USE OF PHONE AND COMPUTER FOR JOHN MICHAEL COHAN DURING SUBSEQUENT HEARING DATES AND TRIAL DATES**

COMES NOW, Movant, John Michael Cohan, specially appearing pro se, and respectfully moves this Court for an order permitting the use of a phone and computer during all subsequent hearing dates and trial proceedings in this matter. This request is based on the principles of due process, the necessity of effective self-representation, and prior motions and orders already entered by this Court, as follows:

## I. BACKGROUND & LEGAL FOUNDATION

1. Movant previously filed a Motion for Reconsideration, requesting permission to use electronic devices during court proceedings to adequately present and reference critical documents, communications, and case materials necessary for his defense and argumentation.

2. This Court granted the Motion for Reconsideration, affirming that the ability to access electronic case files, notes, and exhibits in real time is essential to ensuring fairness and due process in these proceedings.

3. The Fifth and Fourteenth Amendments to the United States Constitution guarantee procedural due process, which includes the right to meaningfully present a defense in legal proceedings. See *Mathews v. Eldridge*, 424 U.S. 319 (1976) (due process requires the opportunity to be heard in a meaningful manner).

4. The Supreme Court has emphasized the importance of providing pro se litigants reasonable access to legal materials and the ability to fairly present their case. See *Faretta v. California*, **422 U.S. 806 (1975)** (holding that the right to self-representation must be "unfettered by unreasonable constraints").

5. Under **Local Rule 5073-1** of the **Middle District of Florida**, electronic devices may be permitted upon request and court approval in specific cases where their use is necessary for fair proceedings.

6. The **Federal Rules of Civil Procedure, Rule 1**, and the **Federal Rules of Bankruptcy Procedure, Rule 1001**, both emphasize the need for proceedings to be conducted in a manner that

is "just, speedy, and inexpensive." Restricting Movant's access to electronic case materials would unduly burden the fair administration of justice and slow down the proceedings.

## II. NECESSITY OF PHONE & COMPUTER ACCESS FOR DUE PROCESS

7. The ongoing complexity of this case requires real-time access to digital records, legal research, and electronic exhibits, which cannot be sufficiently managed without the use of a computer and phone for reference and communication.

8. Pro se litigants do not have paper-filed copies of thousands of pages of court filings and evidentiary exhibits, nor the financial resources to print them. Denying access to electronic files would effectively disenfranchise Movant's ability to present his case.

9. The Bankruptcy Court for the Southern District of New York has recognized in *In re Lehman Brothers Holdings, Inc.*, 592 B.R. 165 (Bankr. S.D.N.Y. 2018) that restricting access to necessary case materials places a litigant at an undue disadvantage, particularly when complex financial issues and legal arguments are involved.

10. **The Bankruptcy Code under 11 U.S.C. § 105(a)** authorizes courts to issue any order necessary to carry out the provisions of the bankruptcy code, including ensuring that all parties have an opportunity to fairly present their case.

## III. PRIOR COURT ACKNOWLEDGMENT OF THIS REQUEST

11. *The Court has already acknowledged the necessity of this request in granting Movant's prior Motion for Reconsideration, and extending this permission to all subsequent hearing and trial dates will prevent the need for redundant motions while maintaining consistency with prior rulings.* **(Exhibit A)**

12. The **Middle District of Florida Bankruptcy Court** has previously allowed electronic device access for pro se litigants when demonstrated to be necessary for case presentation, ensuring that self-represented parties can engage meaningfully in legal proceedings.

## IV. NO PREJUDICE OR DISRUPTION TO THE COURT

13. Permitting Movant to use a phone and computer will not disrupt court proceedings but will promote efficiency and clarity, allowing for a more organized and effective presentation of arguments, including references to prior court orders, motions, and legal authorities.

14. Courts have found that restricting access to electronic devices without justification can constitute an arbitrary barrier to self-representation, which violates principles of equal access to

justice. See *Bounds v. Smith*, 430 U.S. 817 (1977) (holding that prisoners must be given access to law libraries and materials to prepare cases, a principle equally applicable to pro se litigants).

15. This request is made solely for case-related purposes and will not interfere with court decorum or proceedings.

---

### V. REQUEST FOR RELIEF

WHEREFORE, Movant respectfully requests that this Court:

1. Grant this Motion, allowing John Michael Cohan to bring/use a phone and computer during all future hearings and trial dates in this matter in accordance with the Order.

2. Recognize that this request aligns with the previously granted Motion for Reconsideration, ensuring consistency with prior rulings.

3. Ensure that Movant has full access to electronic exhibits, case files, and legal research to prevent any undue procedural disadvantage.

4. Grant such further relief as this Court deems just and proper.

**Dated:** March 3, 2025

**Respectfully submitted in Good Faith,**

*/s/ 42 USC/411*

John Michael Cohan, Pro Se

# EXHIBIT A

**ORDERED.**

Dated: **February 20, 2025**

_____
Jason A. Burgess
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:

GENIE INVESTMENTS NV INC.,

CASE NO.: 3:24-bk-00496-BAJ
Chapter 7

Debtor.
_____/

### ORDER GRANTING MOTION FOR RECONSIDERATION

This case is before the Court on the Motion for Reconsideration (the "Motion") (Doc. No. 286) filed by interested party, John-Michael Cohan. Upon review, the Court determines that the Motion should be granted.

Accordingly, it is **ORDERED**:

1. The Motion is **GRANTED**.

2. Mr. Cohan's authorization to use his cell phone and laptop in the courthouse is limited to the terms and conditions outlined in the Order of Authorization entered in Miscellaneous Proceeding 3:25-mp-2-JAB.

Clerk's Office to Serve.

ORDERED.

Dated: February 11, 2025

Jason A. Burgess
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

In re:                                              Misc. Pro. No. 3:25-mp-2-JAB

Possession and Use of Personal
Electronic Devices in the
Bryan Simpson United States Courthouse
_____/

### ORDER OF AUTHORIZATION

THIS CAUSE is before the Court in connection with John-Michel Cohan's Motion for Reconsideration of Order Denying Motion to Allow Cell Phone and/or Computer Access to the Courthouse in case 3:24-bk-00496-BAJ. The Court entered an order granting the Interested Party's motion, and therefore it is

**ORDERED:**

In accordance with **United States District Court Middle District of Florida Local Rule 7.02(a)(2)**, John-Michel Cohan is permitted to bring a cellphone and a laptop into the Courthouse on **Tuesday, February 25, 2025**, for use during a court hearing before the undersigned.

Mr. Cohan shall present a copy of this Order to security personnel each time he enters the Courthouse with such equipment. Courthouse security personnel will require Mr. Cohan to present a picture identification at the time of entry.

I CERTIFY THE FOREGOING TO BE TRUE
AND CORRECT COPY OF THE ORIGINAL.
UNITED STATES BANKRUPTCY COURT

DEPUTY CLERK
DATED: 2/24/25

The equipment is subject to inspection at any time by Courthouse security personnel. The equipment shall not be used to take any video or audio recordings. The equipment may not be connected to the Judiciary's computer network within the Courthouse.

The Clerk of the Court shall ensure a copy of this Order is provided to appropriate security personnel and to Mr. Cohan.

Copies:
U.S. Marshal Service
Court Security Officer
Division Manager – District Court
Division Manager – Bankruptcy Court
John Michael Cohan

