**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION**
**IN RE:**
Genie Investments NV, Inc., Debtor.
Case No.: 3:24-bk-00496-BAJ
Chapter 7



FILED INTAKE USBC
MAR 6 '25 AM 10:37

---

### MOTION FOR SANCTIONS AGAINST ATTORNEY RAYE C. ELLIOTT & AKERMAN LLP FOR VIOLATION OF BANKRUPTCY STAY AND BAD FAITH LITIGATION

**COME NOW,** Movants **John Michael Cohan and David Hughes**, and respectfully move this Court to impose sanctions against **Attorney Raye C. Elliott, Esq. and Akerman LLP for knowingly engaging in bad faith litigation, violating this Court's stay order, and improperly interfering in non-bankruptcy proceedings.**

### I. INTRODUCTION & BASIS FOR SANCTIONS

1. This Court issued a **stay order halting all proceedings in the District Court case pending resolution of bankruptcy matters.**

2. Despite the stay, **Attorney Raye C. Elliott filed a Notice of Appearance in the District Court in direct violation of this Court's order.**

3. Elliott was aware of the stay, as she herself participated in the proceedings leading to its issuance. Despite this, she proceeded to file a Notice of Appearance in the District Court, knowingly disregarding this Court's authority and violating binding legal precedent that renders such filings void. This demonstrates an intentional effort to undermine this Court's jurisdiction.

4. **This Court has the inherent power under 11 U.S.C. § 105(a) and Rule 9011 of the Federal Rules of Bankruptcy Procedure to impose sanctions for violations of stay orders and litigation abuse.**

5. Elliott's actions forced Plaintiffs to expend additional time and resources in responding to her improper filing, including the preparation of this motion. Her misconduct has also created procedural confusion, requiring further court intervention to resolve a matter that should have been straightforward—enforcing the stay she herself requested. This behavior has materially prejudiced Plaintiffs and wasted judicial resources.

6. Attorney Raye C. Elliott requested this Court to impose the stay that she subsequently violated by filing a Notice of Appearance in District Court. By first invoking the authority of this Court to stay proceedings and then disregarding that same order, Elliott has engaged in procedurally contradictory conduct that raises

serious ethical and legal concerns. If an attorney is permitted to manipulate court orders in this way, it undermines judicial authority and invites procedural abuse.

## II. LEGAL BASIS FOR SANCTIONS

### 1. Violation of the Bankruptcy Court's Stay Order

6. **The stay order prohibited all filings and legal activity in the District Court case.**

7. Elliott's **Notice of Appearance directly violated the stay and is legally void ab initio** (*In re Casse*, 198 F.3d 327 (2d Cir. 1999)).

8. Under binding Supreme Court precedent, any action taken in violation of a stay order is void ab initio (*Kalb v. Feuerstein,* 308 U.S. 433 (1940)). The legal effect of Elliott's Notice of Appearance is not simply that it is improper—it does not exist in the eyes of the law. This Court must strike it from the record to uphold its authority and prevent further stay violations.

9. Because Elliott's Notice of Appearance was filed while the stay was in effect, it is not merely improper—it is legally nonexistent. The Supreme Court has held that any action taken in violation of a court-ordered stay has no legal effect and must be vacated (*Kalb v. Feuerstein*, 308 U.S. 433 (1940)). This Court must strike Elliott's filing from the record to maintain its authority and prevent future stay violations.

10. Elliott's actions have directly caused unnecessary legal fees, procedural delays, and a waste of judicial resources. Courts have imposed sanctions under **28 U.S.C. § 1927** in similar cases, including an attorney being sanctioned $29,592.50 for engaging in litigation misconduct that increased legal expenses (see ca5.uscourts.gov). However, Elliott's conduct is more egregious because she violated a court-ordered stay *that she herself requested*. Given this escalation in misconduct, the Court should impose monetary sanctions exceeding $75,000 to reflect the severity of this violation and to deter similar abuse in the future.

### 2. Sanctions Under 28 U.S.C. § 1927 for Vexatious Litigation

8. **Under 28 U.S.C. § 1927, an attorney may be sanctioned for multiplying proceedings unreasonably and vexatiously.**

9. **Elliott's actions have needlessly increased litigation costs and delayed proceedings, justifying similar sanctions.**

### 3. The Court's Inherent Authority to Sanction Bad Faith Conduct

10. Bankruptcy courts have **broad discretion to impose sanctions** for attorney misconduct that **disrupts judicial proceedings and undermines the integrity of the court** (*Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)).

11. Elliott's **conduct represents a knowing and willful violation of this Court's order, warranting sanctions.**

12. *Elliott has engaged in contradictory litigation tactics by first seeking a stay and then immediately violating it.* This demonstrates a strategic abuse of legal procedure—first using the stay to prevent legal action from moving forward, then disregarding it when it becomes inconvenient. The Court cannot allow a party to manipulate judicial orders in this way without consequence. An attorney cannot both seek the protection of a court order and then ignore it when it becomes inconvenient. Elliott's conduct demonstrates an intentional misuse of judicial authority—first invoking the Court's power to halt proceedings and then acting as if the Court's order does not apply to her. This type of procedural manipulation is an abuse of process that courts have sanctioned in similar cases to prevent erosion of judicial integrity.

### 4. Professional Conduct Violations (Potential Bar Complaint)

13. Elliott's decision to knowingly violate a court-ordered stay, despite having requested it herself, is a clear ethical violation. Under **Florida Rule of Professional Conduct 4-8.4(d)** (Misconduct), an attorney may not engage in conduct that is prejudicial to the administration of justice. Knowingly disregarding a binding court order is a direct violation of this ethical obligation. Given the severity of this misconduct, the Court should refer this matter to the Florida Bar for disciplinary review.

14. Attorney Raye C. Elliott's actions demonstrate a clear abuse of the bankruptcy process. By filing a Notice of Appearance during an active automatic stay, she anticipates the stay's imminent lift, indicating that her initial request for the stay was made in bad faith. Such conduct undermines the integrity of the bankruptcy system and constitutes an abuse of process, warranting the imposition of sanctions.

### III. REQUESTED RELIEF

WHEREFORE, Movants respectfully request that this Court:

1. **Impose punitive monetary sanctions against Attorney Raye C. Elliott and Akerman LLP in the amount** exceeding $75,000 due to the particularly egregious nature of Elliott's misconduct. Unlike in previous cases where sanctions were

imposed under **28 U.S.C. § 1927**, Elliott's violation was not only vexatious but also a direct violation of a court-ordered stay that she herself requested. This escalation in monetary sanctions is necessary to deter similar misconduct in any case and future proceedings. This warrants a heightened sanction beyond the $75,000 threshold to ensure that legal professionals do not treat court orders as optional. Failing to impose meaningful sanctions would send a message that stay violations will go unpunished, inviting further procedural abuse.

2. **Strike Elliott's Notice of Appearance in the District Court as void as required by law.**

3. **Refer Elliott's conduct to the Florida Bar for disciplinary review.** Elliott's actions constitute a direct violation of **Florida Rule of Professional Conduct 4-8.4(d)** (Misconduct), which prohibits conduct prejudicial to the administration of justice. Knowingly filing a Notice of Appearance in violation of a stay order demonstrates a reckless disregard for legal ethics and court authority. The Court should refer this matter to the Florida Bar for disciplinary review to prevent further misconduct in future cases.

4. **Grant any other relief this Court deems just and proper.**

Dated: March 6, 2025
Respectfully submitted in Good Faith,

*/s/ 28 USC 411*

John Michael Cohan & David Hughes, Pro Se

**EXHIBIT LIST**

A- Notice of Order of Temporary Stay – Order Dated **March 3, 2025**

B- Notice of Appearance – Dated **March 5, 2025**

# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 3:25-cv-00164-HES-MCR

JOHN MICHAEL COHAN and
DAVID HUGHES,

    Plaintiffs,

v.

SCARINCI HOLLENBECK, LLC, as
successor in interest to WARREN
LAW GROUP, and SCOTT OH,

    Defendants.

_____

## NOTICE OF FILING COPY OF BANKRUPTCY COURT ORDER

Aaron R. Cohen, the duly appointed Chapter 7 Trustee, in the bankruptcy case styled *In re: Genie Investments NV Inc.*, in the United States Bankruptcy Court, Middle District of Florida, Jacksonville Division, Case No. 3:24-bk-00496-BAJ (the "Bankruptcy Case"), by and through undersigned counsel, hereby gives notice of filing a copy of the Interim Order on Motion to Enforce Automatic Stay entered on March 3, 2025, in the Bankruptcy Case. The bankruptcy court determined this action should be stayed pending further order of the bankruptcy court.

                              Respectfully submitted,

                              AKERMAN LLP

                              By: */s/ Raye C. Elliott*
                                  Raye C. Elliott

80177947;1

Florida Bar No.: 18732
Email: raye.elliott@akerman.com
401 East Jackson Street, Suite 1700
Tampa, Florida 33602
Telephone: (813) 223-7333
Facsimile: (813) 223-2837

*Counsel for Aaron R. Cohen, Chapter 7 Trustee*

**I HEREBY CERTIFY** that on March 5, 2025, a true and correct copy of the foregoing was electronically filed using the CM/ECF electronic filing system which will automatically serve a copy on all registered CM/ECF users; and by E-mail and U.S. mail on plaintiffs (non-registered CM/ECF user):

| | |
|---|---|
| John Michael Cohan | David Hughes |
| PO Box 60443 | PO Box 60443 |
| Jacksonville, FL 32236 | Jacksonville, FL 32236 |
| jmcohan@genieinvestments.com | dhughes@genieinvestments.com |

/s/ *Raye C. Elliott*
Attorney

2

80177947;1

**ORDERED.**

Dated: **March 03, 2025**

_____
Jason A. Burgess
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

In re:

GENIE INVESTMENTS NV INC.,

CASE NO.: 3:24-bk-00496-BAJ
Chapter 7

Debtor.
_____/

## INTERIM ORDER ON MOTION TO ENFORCE AUTOMATIC STAY

This case is before the Court for hearing on February 25, 2025, on the Motion to Enforce the Automatic Stay (Doc. 296) filed by Raye Curry Elliott, Esq. on behalf of Chapter 7 Trustee Aaron R. Cohen (the "Trustee") and the Amended Motion to Strike Trustee's Motion to Enforce the Automatic Stay (Doc. 301) filed by Interested Parties, John-Michael Cohan and David Hughes ("Mr. Cohan and Mr. Hughes"). For the reasons stated at the hearing, the Court will temporarily stay the Velanos Litigation and the Scarinci Litigation. Accordingly, it is

**ORDERED:**

1. Reference #216797945,[1] Duval County, Florida, Circuit Court (the "Velanos Litigation") is stayed pending further order of the Court.

2. Civil Case No. 3:25-cv-00164-HES-MCR, U.S. District Court, Middle District of Florida, Jacksonville Division (the "Scrainci Litigation") is stayed pending further order of the Court.

Clerk's Office to Serve on Relevant Parties.

---

[1] Complaint was filed and rejected by Duval County clerk with no case number generated.

# EXHIBIT B

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 3:25-cv-00164-HES-MCR

JOHN MICHAEL COHAN and
DAVID HUGHES,

    Plaintiffs,

v.

SCARINCI HOLLENBECK, LLC, as
successor in interest to WARREN
LAW GROUP, and SCOTT OH,

    Defendants.

## NOTICE OF APPEARANCE

Raye C. Elliott, Esq., of the law firm Akerman LLP, hereby enters her appearance as counsel on behalf of interested party Aaron R. Cohen, the duly appointed Chapter 7 Trustee in the bankruptcy case styled *In re: Genie Investments NV Inc.*, in the United States Bankruptcy Court, Middle District of Florida, Jacksonville Division, Case No. 3:24-bk-00496-BAJ, and requests that copies of all orders, process, pleadings, and other documents filed or served in this matter be served on her via CM/ECF, e-mail, or at the address listed below, as appropriate.

    Respectfully submitted,

    AKERMAN LLP

    By: /s/ Raye C. Elliott

80297269;1

Raye C. Elliott
Florida Bar No.: 18732
Email: raye.elliott@akerman.com
401 East Jackson Street, Suite 1700
Tampa, Florida 33602
Telephone: (813) 223-7333
Facsimile: (813) 223-2837

*Counsel for Aaron R. Cohen, Chapter 7 Trustee*

I HEREBY CERTIFY that on March 5, 2025, a true and correct copy of the foregoing was electronically filed using the CM/ECF electronic filing system which will automatically serve a copy on all registered CM/ECF users; and by E-mail and U.S. mail on plaintiffs (non-registered CM/ECF users):

| | |
|---|---|
| John Michael Cohan | David Hughes |
| PO Box 60443 | PO Box 60443 |
| Jacksonville, FL 32236 | Jacksonville, FL 32236 |
| jmcohan@genieinvestments.com | dhughes@genieinvestments.com |

*/s/ Raye C. Elliott*
Attorney

2

80297269;1