## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:

GENIE INVESTMENTS NV INC.,                    Case No.: 3:24-bk-00496-BAJ

                Debtor.                       Chapter 7

_____/

### RESPONSE TO MOTION FOR SANCTIONS AGAINST ATTORNEY
### RAYE C. ELLIOTT AND AKERMAN LLP FOR VIOLATION OF
### BANKRUPTCY STAY AND BAD FAITH LITIGATION

Raye Elliott (the "Trustee's Counsel"), as counsel for Aaron R. Cohen, Chapter 7 Trustee

(the "Trustee"), files this Response to the Motion for Sanctions Against Attorney Raye C. Elliott

and Akerman LLP for Violation of Bankruptcy Stay and Bad Faith Litigation (Doc. 325) (the

"Third Sanctions Motion") filed by John Michael Cohan ("Cohan") and David Hughes

("Hughes").

As with the first two motions for sanctions filed by Cohan and Hughes, there is no basis in

fact or law to impose sanctions against the Trustee's Counsel. As a factual matter, the Trustee's

Counsel has not violated the automatic stay and as a legal matter, the Trustee's Counsel has

qualified immunity from sanctions for all acts taken within the scope of her duties, which is the

case here. The Third Sanctions Motion is rife with misstatements of fact and law and is, at bottom,

completely meritless and frivolous.[1]

---

[1] Indeed, this is the third motion for sanctions Cohan and Hughes filed in this bankruptcy case. Additionally, on March 6, 2025, Cohan and Hughes filed yet another motion for sanctions against the Trustee's Counsel in the United States District Court in the Malpractice Lawsuit, as well as a motion to strike her notice of appearance and a motion to disqualify her as counsel to the Trustee. All these frivolous and meritless pleadings do is deplete estate assets by forcing the Trustee to prepare and file responses to the daily barrage of pleadings filed by Cohan and Hughes. In fact, a majority of the Trustee's attorney's time in recent weeks has been devoted to responding to things Cohan and Hughes have done or filed.

**Factual Background**

1. Cohan and Hughes are the owners and former principals of the Debtor, with each owning 50% of the Debtor. (Debtor's Statement of Financial Affairs (Doc. 40) at p. 15).

2. On February 17, 2025, the Trustee learned that Cohan and Hughes had filed lawsuits against Velanos Principal Capital (the "Velanos Lawsuit"), the Warren Law Group and its attorney who represented the Debtor (the "Malpractice Lawsuit"), in addition to a number of lawsuits against certain creditors of the Debtor. On February 19, 2025, the Trustee filed a Motion to Enforce Automatic Stay (Doc. 296) (the "Trustee's Stay Motion") seeking to enforce the automatic stay with respect to the lawsuit filed against Velanos in the Duval County Circuit Court.

3. At the hearing held on the Motion to Enforce Automatic Stay on February 25, 2025, when the Court ordered briefing on the Motion and the scheduling of a trial, the Trustee's counsel made an *ore tenus* motion to include the Malpractice Lawsuit in the briefing on the Motion for purposes of judicial efficiency since the Trustee intended to file a second motion with respect to the Malpractice Lawsuit.

4. The Court scheduled a trial on the Trustee's Stay Motion for June 24, 2025 and a set a briefing schedule for the Motion. On March 4, 2025, the Court also entered an Interim Order on Motion to Enforce Automatic Stay (Doc. 318) (the "Interim Order") staying the Velanos Lawsuit and Malpractice Lawsuit pending further order of the Court.

5. On March 5, 2025, the Trustee's Counsel filed a copy of the Interim Order with the United States District Court for the Middle District of Florida in the Malpractice Lawsuit to notify that court of this Court's Interim Order staying the case.[2] The Trustee's Counsel also filed

---

[2] The Trustee's Counsel has not filed a copy of the Interim Order in the Velanos Lawsuit because that case has not yet been accepted and docketed by the Duval County Circuit Court Clerk's office and therefore nothing can yet be filed in that case.

a notice of appearance in the Malpractice Case simply so that she would receive pleadings filed in the Malpractice Case by the CM/ECF filing system.

6.     Cohan and Hughes argue that the Trustee's Counsel's filing of her notice of appearance in the Malpractice Lawsuit somehow violated the automatic stay.

## Memorandum of Law

There is no basis in fact or law for the allegations and relief requested in the Third Sanctions Motion. The filing of a notice of appearance in the Malpractice Lawsuit does not violate the automatic stay or this Court's Interim Order. Section 362 of the Bankruptcy Code imposes an automatic stay on all collection actions, enforcement of judgments, and litigation pursuits against the Debtor once a bankruptcy petition is filed. The stay applies to "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3).

The Trustee's Counsel's filing of a notice of appearance in the Malpractice Lawsuit does not violate the automatic stay or the Interim Order. As explained above, the Trustee's Counsel only filed the notice of appearance so that she would receive filings in the Malpractice Lawsuit by the CM/ECF filing system. The notice of appearance does not "advance" the Malpractice Lawsuit filed by Cohan and Hughes – who are the plaintiffs in the case – in violation of the automatic stay or the Interim Order.

Furthermore, Cohan and Hughes are prohibited from seeking sanctions against the Trustee's Counsel for acts undertaken in her capacity as court-approved counsel for the bankruptcy trustee. It is black letter law that bankruptcy trustees are entitled to qualified immunity for any actions that are taken within the scope of the trustee's official duties. *See Matter of Ondova Ltd. Co.*, 914 F.3d 990, 993 (5th Cir. 2019) (holding that bankruptcy trustees are entitled to qualified

immunity for actions that fall within the scope of their official duties); *In re McKenzie*, 716 F.3d 404, 413 (6th Cir. 2013) ("[A] bankruptcy trustee is ordinarily entitled to quasi-judicial (or derivative) immunity from suit by third parties for actions taken in his official capacity."); *Sierra v. Seeber*, 966 F.2d 1444 (4th Cir. 1992) (same); *In re Lickman*, 297 B.R. 162 (Bankr. M.D. Fla. 2003) (trustees have immunity for acts taken that are within the scope of their duties in administering the estate); *In re Clearwater Bay Marine Service, Inc.*, 236 B.R. 285 (Bankr. M.D. Fla. 1999) (same).

The doctrine of qualified immunity also extends to the Trustee's attorney and her law firm. *Ondova Ltd. Co.*, 914 F.3d at 994 (affirming the district court that qualified immunity extends to trustee's attorneys under a derivative theory of judicial immunity). *See also In re DeLorean Motor Co.*, 991 F.2d 1236, 1241 (6th Cir. 1993) ("We hold, as a matter of law, counsel for trustee, court appointed officers who represent the estate, are the functional equivalent of a trustee, where as here, they act at the direction of the trustee and for the purpose of administering the estate or protecting its assets."); *In re Foster*, No. 12-43804-ELM, 2020 WL 6390671, at *15 (Bankr. N.D. Tex. Oct. 30, 2020), *aff'd sub nom. Matter of Foster*, No. 22-10310, 2023 WL 20872 (5th Cir. Jan. 3, 2023) (explaining that bankruptcy trustee's attorneys employed with court approval are also entitled to immunity from suits).

In filing a copy of the Interim Order and a notice of appearance in the Malpractice Lawsuit, the Trustee's Counsel was acting in her capacity as attorney for the bankruptcy trustee and she is therefore entitled to immunity from sanctions.

WHEREFORE, Raye Elliott as attorney for Aaron R. Cohen, Chapter 7 Trustee, respectfully requests that the Court deny the Third Sanctions Motion and for such other and further relief as the Court deems just and proper.

4

Dated:  March 7, 2025             AKERMAN LLP

By: */s/ Raye C. Elliott*
    Raye  C. Elliott, Esq.
    Florida Bar Number: 018732
    Email: raye.elliott@akerman.com
    401 East Jackson Street, Suite 1700
    Tampa, FL 33602
    Phone:  (813) 223-7333
    Fax:  (813) 223-2837

Attorneys for Aaron R. Cohen, Chapter 7 Trustee

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 7, 2025, I filed a true and correct copy of the foregoing with the United States Bankruptcy Court for the Middle District of Florida using the Court's CM/ECF system, which will serve copies on all counsel of record and by U.S. Mail and email to:

John Michael Cohan           David Hughes
11179 Limerick Dr.           PO Box 60443
Jacksonville, FL 32256         Jacksonville, FL 32211
jmcohan@genieinvestments.com    dhughes@genieinvestments.com

              */s/ Raye C. Elliott*
              Attorney