UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
In re:
GENIE INVESTMENTS NV INC., Debtor.
Case No.: 3:24-bk-00496-BAJ
Chapter 7



## REPLY IN SUPPORT OF MOTION FOR SANCTIONS AGAINST ATTORNEY RAYE C. ELLIOTT AND AKERMAN LLP FOR VIOLATION OF BANKRUPTCY STAY AND BAD FAITH LITIGATION

COMES NOW **John Michael Cohan** and **David Hughes** (collectively, the "Movants"), specially appearing pro se, and file this Reply in Support of their Motion for Sanctions Against Attorney Raye C. Elliott and Akerman LLP (the "**Sanctions Motion**"), and in response to Attorney Elliott's filing **(Doc. 330)**, Movants state as follows:

### I. INTRODUCTION

The Response filed by Attorney Elliott (the "**Response**") is a transparent attempt to dismiss legitimate concerns regarding the violation of the automatic stay, as well as her continued engagement in bad faith litigation tactics. The Response fails to address the substantive legal basis of the Sanctions Motion and instead relies on conclusory assertions of qualified immunity while mischaracterizing the procedural history of this case.

The Response misrepresents the material facts and applicable law, attempting to shield misconduct that has directly harmed Movants' personal legal interests and personal financial standing under the broad umbrella of "qualified immunity." However, legal immunity does not extend to intentional misconduct, procedural abuse, or bad faith actions designed to circumvent court orders. Trustee's Counsel's assertion that filing a notice of appearance in the Malpractice Lawsuit was a harmless procedural act is misleading. Given the context, this filing was a deliberate legal maneuvering aimed at gaining control over the matter by inserting herself into a stayed proceeding, violating the automatic stay and attempting to influence active litigation outside the bankruptcy estate's jurisdiction.

Movants' claims have clear merit, as they are based on documented violations—including the Trustee's own omission of critical dates to conceal a stay violation, suppression of exculpatory evidence, and repeated procedural misconduct—all demonstrating a deliberate pattern of bad faith litigation and retaliation.

### II. THE TRUSTEE'S COUNSEL HAS, IN FACT, VIOLATED THE AUTOMATIC STAY

1. The Response incorrectly asserts that the mere filing of a Notice of Appearance in the

   Malpractice Lawsuit does not constitute a violation of the automatic stay. However, this argument

   ignores well-established precedent that any action exerting control over estate property or

improperly interfering with litigation subject to the stay—whether directly involving estate assets or not—falls within the scope of **11 U.S.C. § 362(a)(3)**.

2. The Trustee's Counsel strategically obfuscates key dates and procedural actions taken to shield herself from accountability, despite her direct involvement in matters that were stayed. The assertion that this was a ministerial act to "receive filings" is misleading at best, as her appearance in the case is inherently an intervention and an attempt to exercise control over the proceedings.

3. Trustee's Counsel, Raye C. Elliott, violated the very stay she requested by filing a Notice of Appearance in a separate matter two days after the stay was imposed on **March 5, 2025**—while she noted that the stay was issued on **March 4, 2025, when it was truly executed on March 3, 2025**. This is not an oversight; **it is a deliberate misstatement designed to mislead the fact that she knowingly breached the stay.**

4. A stay under **11 U.S.C. § 362** is absolute unless explicitly lifted by the Court. Any post-stay filing made without proper relief is void ab initio (*Kalb v. Feuerstein*, 308 U.S. 433 (1940)). Willful violations of a stay—especially by an officer of the court—constitute bad faith litigation and are sanctionable under **11 U.S.C. § 105(a)**.

5. Case law supports the assertion that actions interfering with a stayed proceeding constitute willful violations. See *In re Casse*, 198 F.3d 327 (2d Cir. 1999) (holding that knowingly engaging in actions contrary to a stay is sanctionable).

6. The **U.S. Supreme Court** in *Taggart v. Lorenzen*, 139 S. Ct. 1795 (2019), reaffirmed that stay violations must be examined through the standard of intent and knowledge of the act.

7. Miss Elliott's involvement in this matter constitutes an impermissible violation of the automatic stay, as the case in question does not pertain to the bankruptcy estate but instead involves the Movants' constitutionally protected individual and personal claims. The complaint explicitly states that the claims at issue are separate from estate property, making any interference by Trustee's Counsel legally improper. Instead of filing a notice of appearance, Miss Elliott could have passively monitored the case through PACER, tracking its progress and accessing filings without directly engaging in the litigation. By injecting herself into the case, she sought to establish undue control over a proceeding beyond the scope of the bankruptcy estate, in clear contravention of **11 U.S.C. § 362**. Her actions amount to an improper and willful encroachment upon the Movants' rights and a direct violation of the stay, warranting appropriate sanctions.

### III. QUALIFIED IMMUNITY DOES NOT SHIELD BAD FAITH CONDUCT

1. While the Response heavily relies on the doctrine of qualified immunity, it is well-established that qualified immunity does not protect attorneys or trustees who engage in intentional misconduct, fraud, or actions taken in bad faith. Courts have consistently held that when trustees or their counsel engage in misconduct that personally harms individual parties, they may be personally liable for their actions. See *Mosser v. Darrow*, 341 U.S. 267 (1951).

2. The Trustee's Counsel's conduct demonstrates a clear pattern of bad faith litigation, suppression of exculpatory evidence, and procedural misconduct designed to disadvantage the Movants.

3. Under **Florida Trust Code § 736.1001(1)**, a trustee who commits a breach of trust is liable for damages, and any attorney aiding such breaches is subject to sanction.

## IV. TRUSTEE'S COUNSEL'S CONFLICT OF INTEREST AND IMPROPER ROLE AS A FACT ADVOCATE

1. Trustee's Counsel attempted to present herself as a neutral fact advocate despite being a material witness in these proceedings.

2. Her involvement is not that of a disinterested legal representative but rather that of a party with direct knowledge and involvement in key disputed facts.

3. Attorneys who are material witnesses cannot serve as advocates in related proceedings (**Florida Rule of Professional Conduct 4-3.7(a); Model Rule 3.7**). An attorney with a direct and personal interest in the litigation cannot serve as an impartial legal representative (*In re Southmark Corp.*, 163 F.3d 925 (5th Cir. 1999)).

4. Trustee's Counsel improperly inserted herself into **a personal legal matter affecting Movants' individual rights**, despite having no legal standing to interfere in non-estate proceedings.

## V. THE TRUSTEE'S COUNSEL'S ACTIONS HAVE RESULTED IN UNNECESSARY COSTS AND PREJUDICED THE MOVANTS

1. The Response attempts to shift blame onto the Movants by claiming that the estate's resources have been depleted due to their filings. However, the record reflects that the Trustee and his counsel have engaged in unnecessary litigation, pursued unfounded claims, and failed to act impartially, resulting in direct financial harm and legal burdens on Movants, forcing them to expend personal resources to defend against these baseless actions. The claim that Movants have engaged in a "barrage of frivolous filings" is wholly without merit and is itself a bad faith attempt to mischaracterize legitimate legal challenges to the Trustee's improper conduct.

## VI. REQUEST FOR RELIEF

To expressly end any misunderstandings, the **Chapter 7 Trustee** is being named in both their **individual** and **official** capacities—**individually for misconduct and bad faith actions** outside the scope of their duties, and **officially for violating a stay**—alongside their counsel and any other individual and/or entities who participated in the procedural abuse.

The Trustee, Trustee's Counsel, Attorney Raye C. Elliott, and Akerman LLP have engaged in a calculated and systematic abuse of the bankruptcy process, violating the automatic stay they themselves requested and employing bad faith litigation tactics to suppress legitimate claims. Their actions have directly harmed Movants, forcing them to expend significant personal and financial resources in response to improper legal maneuvers that should have never occurred.

By filing a **Notice of Appearance in a stayed proceeding**, Trustee's Counsel knowingly disregarded this Court's authority, violating well-established bankruptcy law that deems such actions void ab initio. This was not an administrative oversight—it was a **deliberate attempt to manipulate judicial proceedings**, exert improper influence over separate litigation, and shield misconduct under the guise of procedural formality. Furthermore, the Trustee's Counsel's shifting justifications, omission of key dates, and reliance on **contradictory legal positions** demonstrate the ongoing pattern of bad faith litigation and procedural abuse.

This Court has the authority and obligation to **impose sanctions** for this misconduct, both to compensate Movants for the direct personal harm they have suffered and to deter future abuses of process that undermine the integrity of bankruptcy proceedings. Movants respectfully request that this Court grant the relief sought, including striking the improper filing, imposing monetary and punitive sanctions, and referring the matter for professional disciplinary review.

WHEREFORE, Movants respectfully request that this Court:

A. Grant the Motion for Sanctions against Attorney Raye C. Elliott and Akerman LLP for willful violation of the automatic stay and bad faith litigation because the Trustee's Counsel's interference directly **harmed Movants' ability to exercise their personal legal rights, pursue personal claims, and defend themselves against procedural abuse.**;

B. Impose appropriate sanctions, including attorney's fees and costs, for the improper conduct of Trustee's Counsel;

C. Prohibit the Trustee from further interference in non-estate matters; and

D. Strike the Notice of Appearance;

E. Issue any further relief that this Court deems just and proper.

Dated: March 11, 2025
**Respectfully submitted in Good Faith,**

*[signature]*

John Michael Cohan and David Hughes, Pro Se