UNITED STATES BANKRUPTCY COURT

MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

In re:

GENIE INVESTMENTS NV INC., Debtor.

Case No.: 3:24-bk-00496-BAJ

Chapter 7

FILED INTAKE USBC
MAR 20 '25 AM 10:34

---

### MOTION FOR EXPEDITED RULINGS ON PROCEDURAL VIOLATIONS, BAD-FAITH LITIGATION, DUE PROCESS VIOLATIONS AND REQUEST FOR SANCTIONS AGAINST THE TRUSTEE

Movants, John Michael Cohan and David Hughes, appearing pro se, respectfully move this Court for expedited rulings on constitutional violations, procedural misconduct, and bad-faith litigation committed by the Trustee. Movants further request sanctions against the Trustee for knowingly engaging in targeted harassment, abuse of process, and violations of due process and equal protection under the law.

Movants have been directly and adversely affected by the Trustee's bad faith litigation tactics, despite not being named as individual defendants in the Adversary Complaint. The Trustee's conduct has imposed a material undue burden on Movants, forcing them to expend significant time and resources defending against both meritless allegations and personal threats. The Trustee's bad-faith litigation tactics warrant certain, material, and urgent judicial intervention.

Movants further seek expedited relief due to the Trustee's arbitrary and procedurally defective March 31, 2025 deadline, which was imposed unilaterally through an independently made stipulation that failed to properly give notice to all parties and intentionally omitted a Certificate of Service to disguise procedural misconduct.

In support, Movants state as follows:

---

### I. INTRODUCTION

1. Movants have been directly and personally targeted and retaliated against by the Trustee's legal maneuvers, despite not being named as individual defendants in the Adversary Complaint. The Trustee's bad-faith litigation, procedural fraud, and abuse of process have placed a disproportionate burden on Movants, violating their due process rights and equal protection under the law. The Trustee certainly threatened personal litigation against Movants causing harm to the Movants, Movants' personal property, interests, such as personal stock positions, securities, other personal assets, creditors, and the estate itself. The Trustee's bad-faith threats forced Movants to work on defending themselves and their constitutionally

protected individual claims and Movants cannot get that time back. Even though the Trustee never followed through with the personal threats, the time spent in defense of these threats by Movants was considerable and sanctions are justifiably for many obvious reasons. The Trustee's actions and behavior is unacceptable on every level.

2.  The Trustee's actions certainly align with several of the Eight (8) Badges of Fraud, which courts have recognized as indicators of questionable legal practices. *(See Exhibit A of this motion, "8 Badges of Fraud" Doc. 333, Exhibit K)*. These include:

    - **Filing a suit before obtaining any supportive evidence** demonstrates that the Trustee is grasping for straws in the hope that they can make future arguments **after litigation discovery begins**. *(Doc. 273)*

    - **Selective enforcement against Movants** while delaying legal action against similarly situated parties, raising concerns of arbitrary enforcement.

    - **Omitting exculpatory financial records** proving the $1.1 million transaction was legitimate *(Doc. 287, Exhibit L; 3:25-ap-00011-BAJ, Doc. 1)*.

    - **Retaliatory timing**— The timing of the Trustee's cease-and-desist orders, demand letters, and Adversary Complaint immediately followed within hours of Movants' assertion of their constitutional legal rights, raising concerns about the sequence of events. i.e. cease-and-desist orders were issued **within 2 hours** of Movants asserting their constitutional individual rights, followed by demand letters **within 2 days** and an Adversary Complaint **within 10 days**. It is a undeniable fact that no reasonable person would believe the Trustee's stance that the timing was nothing more than a coincidence. Their assertion of merely coincidence is an insult to all parties.

3.  **The Trustee's independently made stipulation imposing a March 31 deadline raises procedural concerns due to the lack of proper notice and omission of a Certificate of Service. Movants respectfully request that the Court review this issue to ensure procedural fairness.**

4.  The Trustee filed an Adversary Complaint before confirming whether a fraudulent transfer occurred. If they bothered to check the testimony and record, they would have realized a fraudulent transfer could not possibly have occurred because the Movants did not have access to the account at the time the wire was sent. The Trustee would have known this by reviewing prior testimony and previously submitted evidence. Therefore, the Trustee filed an Adversary Complaint without presenting verifiable evidence of a fraudulent transfer at the time of filing, which is inconsistent with the requirements of **Rule 11 of the Federal Rules of Civil Procedure** and **Rule 9011 of the Federal Rules of Bankruptcy Procedure.**

5.  This motion seeks expedited rulings on the Trustee's misconduct and a determination that:

- o   The Trustee's procedural violations and bad-faith tactics warrant immediate material correction by the Court.

- o   The Trustee knowingly pursued fraudulent transfer claims without evidence, warranting sanctions.

- o   The Adversary Complaint constitutes de facto litigation against Movants personally, violating due process.

## II. FACTUAL BACKGROUND

4.  **The Trustee filed first and is grasping for straws that arguments or evidence can be found later,** just as the United States Trustee (UST) originally did which was and is a clear abuse of process and power. This certainly has become a common theme throughout these proceedings. We need to take a deep breath and look at the original filing that the UST made, which contained baseless and fraudulent accusations that Genie Investments never made any refunds and never made any loans at all; Genie Investments simply took in money and kept it. "In summary, the Debtor kept the Small Business Owners' money and did not provide them with any benefit." *(Doc. 20 Paragraph 6)* The fact is that immediately after filing the complaint, Mr. Mickler Esq., Mr. Walker, Esq., Mr. Hughes, and Mr. Cohan, all had a conference call and were all in amazement at how the UST could be making these claims without bothering to pick up the phone or send an email to Mr. Mickler or Mr. Walker before making these profound claims. **It is notable that at the conclusion of 1st trial, not only were the UST's fraudulent claims soundly defeated but Mr. Hughes and Mr. Cohan were allowed to retain their position as Debtor in Possession. After the conclusion of the trial Mr. Mickler, himself, excitedly informed both Mr. Hughes and Mr. Cohan that he had never had a client retain Debtor in Possession, "maybe one time," in the 25 years he's been practicing. The above is a true statement and demands to be highlighted. Now, as of today, both the UST and the Chapter 7 Trustee have made any and all arguments and accusations they've wished without having any supportive evidence of any kind and moreover are seemingly not concerned about the consequences. Go back to the 1st initial 341 meeting, the UST was surprised to hear that the debtor closed 44 loans to other businesses not associated with and completely separate from any insider. Again, if the UST bothered to pick up the phone or send an email to Debtor's counsel, whom the UST knows very well, this wouldn't have come as a shock.**

5.  **The sequence of events indicates that the Trustee initiated legal proceedings before obtaining evidence, raising concerns about procedural fairness, a clear abuse of process and power.** Demand letters to Cohan, Hughes, and insider companies were sent on **January 24, 2025,** *the same day* the Trustee issued subpoenas to Chase Bank, proving that the Trustee was attempting to create a claim without actual evidence. *(Doc. 329 - Trustee's Response, Paragraphs 4 & 5)*

6.  The Trustee's adversary proceedings against Movants raise grave concerns of procedural fairness and potential abuse of process. Courts have consistently ruled that legal action must be based on substantial evidence before filing—not filed first and justified later. *(In re Rainbow Magazine, Inc., 77 F.3d 278 (9th Cir. 1996)).*

7.  On January 24, 2025, the Trustee simultaneously issued subpoenas to Chase Bank and sent demand letters to Cohan, Hughes, and the alleged Insider Companies. This timeline indicates that the Trustee proceeded with litigation before obtaining supporting evidence, which raises concerns about procedural integrity. *(Doc. 273; Exhibit A of this motion; Doc. 329 - Trustee's Response, Paragraphs 4 & 5).*

8.  The Trustee received no evidence from Chase Bank confirming a fraudulent transfer before filing the Adversary Complaint on February 6, 2025, because it is impossible to obtain. If such evidence existed, it would have been included in the Trustee's Exhibits. The absence of Chase Bank records in the Trustee's exhibits suggests that the Adversary Complaint was filed before supporting evidence was obtained. *(Doc. 273 filed 1-24-2025; Doc 276 filed 01-29-2025; Exhibit L of Doc. 287 filed 02-05-2025; Adversary Complaint filed 02-06-2025; Doc. 329 - Trustee's Response, Paragraphs 4 & 5)*

9.  The Trustee originally cited a $1.1 million transfer as the basis for the Adversary Complaint *(Doc. 276, filed 01-29-2025)* but after the transaction was disproven *(Exhibit L of Doc. 287, filed 02-05-2025)*, the Trustee intentionally omitted it from the final Adversary Complaint *(filed 02-06-2025)*. Again, a dead-end claim that could have been avoided if the Trustee was working in good faith or bothered to pick up the phone and call Debtor's counsel, send an email to Debtor's counsel or did a cursory level of due diligence. This deliberate omission demonstrates that the Trustee continued pursuing the claims despite contradictory evidence in the record. It is clear that the Trustee doesn't wish to discuss this error on their part any longer.

10. The Trustee is knowingly disregarding corporate separateness and contractual protection established under **Section 13.7** of the agreements governing the Debtor's obligations. Exhibit I explicitly states that all financial obligations related to refunds were addressed at the corporate level, not personally by Movants. It also clearly states that the Company must use reasonable diligent efforts to end or delay and ensure the effects of the Force Majeure event were minimized. This protective contractual language ensures that a Trustee does not do exactly what this Trustee is attempting to do without any basis at all. Despite this, the Trustee continues to improperly pursue Movants personally through de facto litigation tactics, attempting to extend liability beyond the Debtor in clear violation of corporate law. Additionally, Movants exercised reasonable due diligence, made sound decisions and engaged the best legal counsel (Adam Walker, Esq. - 12-year veteran FINRA attorney who routinely investigated fraud) to mitigate damages caused by the Force Majeure Event that resulted from the wholesale lender's failure. The Trustee's acceptance of the $15MM Velanos Settlement, which resolved all viable creditor claims, confirms that continued pursuit of Movants or their Insider Companies does not align with the resolution of estate matters. The Trustee's actions constitute an abuse of process, bad-faith litigation, and an attempt to manufacture personal liability where none exists. *(Exhibit I, Doc. 333)*

11. **The Trustee's actions have directly impacted Movants personally,** forcing them to expend time and resources defending against baseless claims, despite not being named in the Adversary Complaint. This creates legal entanglements that directly affect Movants despite their absence from the named parties in the Adversary Complaint. Not being named personally in the Adversary Complaint did not mean that Movants did not have to drop everything they were doing to defend themselves from these threats. This constitutes de facto litigation and a violation of procedural due process. It is Movants' unwavering position that material sanctions must be ordered here because this Trustee, apparently, thinks that they can say or do whatever they want without any regard for the law, the Movants' individual Constitutional rights, the estate as a fiduciary, or the creditors of the estate.

12. Movants incorporate by reference the **Sworn Affidavit of John Michael Cohan and David Hughes (Exhibit A of this motion),** which details the extensive procedural violations, misrepresentations, and selective enforcement committed by the Trustee. This affidavit contains **specific factual statements,** all of which demand strict proof from the Trustee either proving or denying the statement. These statements demonstrate that the Trustee has certainly engaged in bad-faith litigation, weaponized procedural rules, and filed an Adversary Complaint without evidence, violating due process and justifying immediate material corrective action by this Court.

---

### III. LEGAL BASIS FOR EXPEDITED RULINGS

8. **Expedited rulings are warranted under Bankruptcy Rule 9006(c),** which allows courts to shorten time periods for cause. Here, cause exists because:

    o The Trustee's claims, not supported by any evidence, of any kind, create unnecessary litigation burdens and increase judicial workload while simultaneously wasting the courts' resources.

    o The longer the Adversary Complaint remains active, the greater the financial and legal burden on Movants.

    o The March 31 deadline, imposed without proper notice, violates fundamental due process rights and must be nullified.

    Movants respectfully request that the Court address procedural concerns that may impact due process.

9. **Rule 11 (Federal Rules of Civil Procedure) and Rule 9011 (Bankruptcy Rules) require factual support for claims before filing.** The Trustee filed an Adversary Complaint without confirming whether a fraudulent transfer occurred, warranting sanctions for misrepresentation and abuse of process. A fraudulent transfer could not possibly have occurred as Movants did not have access to the Chase Bank account, which the Trustee should have known from multiple excerpts from prior testimony or by picking up the

phone and calling/emailing Mr. Mickler, Esquire for information regarding the $1.1 million transaction. *(Doc. 333 - Exhibits E & F)*

10. **Courts have sanctioned trustees for similar misconduct, including filing baseless claims, suppressing exculpatory evidence, and engaging in procedural fraud.** *(Chambers v. NASCO, Inc., 501 U.S. 32 (1991); In re Rainbow Magazine, Inc., 77 F.3d 278 (9th Cir. 1996)).*

11. Movants respectfully submit that the Trustee's approach does not align with corporate law principles and Section 13.7 of the governing agreements, which allocate refund-related obligations at the corporate level rather than to Movants personally or to the Insider Companies. Courts have consistently upheld corporate separateness and recognized that attempts to pierce the corporate veil without legal justification constitute an abuse of process (See *United States v. Bestfoods*, 524 U.S. 51 (1998)). The Trustee's actions are contrary to established legal precedents and amount to an unlawful attempt to manufacture personal liability where none exists.

12. Additionally, the Trustee's refusal to recognize these contractual limitations and the previously accepted $15MM Velanos Settlement contradicts due process rights and demonstrates bad-faith litigation in violation of **Rule 9011 of the Federal Rules of Bankruptcy Procedure** and **Rule 11 of the Federal Rules of Civil Procedure**. The Trustee's actions also constitute an attempt to re-litigate settled matters, which courts have found to be improper and sanctionable misconduct. (See *Montana v. United States*, 440 U.S. 147 (1979))

13. Given the legal protections in **Section 13.7**, Movants request that the Court review the Trustee's approach to corporate separateness and contractual obligations to ensure compliance with established legal standards.

14. Movants' Sworn Affidavit (**Exhibit A of this motion**) establishes that the Trustee knowingly filed the Adversary Complaint without sufficient evidence, as required under **Rule 11** and **Rule 9011**.

---

## IV. REQUEST FOR JUDICIAL NOTICE OF TRUSTEE'S PROCEDURAL MISCONDUCT

**Movants request that the Court take judicial notice under Federal Rule of Evidence 201 of the following facts and documents, all of which are already in the record and demonstrate the Trustee's procedural misconduct, contradictions, and bad-faith litigation:**

**1. The Trustee's bad faith litigation and abuse of process.**

- The Trustee initiated adversary proceedings before obtaining factual support, violating **Rule 11 and Rule 9011.**

- The Trustee's own filings contradict each other, proving procedural misrepresentations.

- Docs. 20, 38, 274, 276, 287, 319, 322, 329, and 330 of this matter, as well as Docs. 1, 8, 9, 10, and 12 of Case No. 3:25-ap-00011-BAJ, contain these contradictions.

## 2. The Trustee's violation of the automatic stay and contradictory statements regarding Movants' legal standing.

- The Trustee first argued that Movants had no standing when seeking enforcement actions, then reversed position when seeking enforcement actions. defending against their bad faith actions. *(Doc. 296, Doc. 329)*

- These contradictions are judicial admissions that require immediate Court recognition.

## 3. The Trustee's suppression of exculpatory evidence, including Exhibit L in Doc. 287, which disproves the $1.1 million fraudulent transfer allegation.

- The Trustee originally cited this $1.1M transfer as the primary basis for the Adversary Complaint but removed it after Exhibit L disproved the claim.

- The omission of this document proves that the Adversary Complaint was filed without evidence.

## 4. The Trustee's procedurally defective March 31 stipulation.

- The Trustee unilaterally imposed a March 31 deadline without proper notice and intentionally omitted a Certificate of Service to prevent Movants from asserting their due process rights.

- This stipulation violated Local Rule 9013-3 as referenced in Doc. 321, the Court's order denying Movants' relief from the stay (Exhibit B of this motion).

- Courts have reviewed similar cases involving selective enforcement and found them to be procedurally improper.

- Movants respectfully request judicial notice of this procedural issue to ensure fairness in the enforcement of the stipulation

## 5. The Trustee's failure to pursue legitimate claims while aggressively targeting Movants.

- The Trustee delayed legal action against Warren Law Group for over three months while forcing Movants to respond within 21 days, a stringent timeline to obtain counsel for five corporations.

- Selective enforcement of legal claims demonstrates bad-faith litigation and must be judicially recognized.

## 6. The Trustee's legal arguments have varied across filings, leading to inconsistencies in factual claims.

- The Trustee's own filings contradict themselves, including false statements about Nicholas Spigner's experience *(Doc. 276, Paragraph 7 vs. Doc. 329, Paragraph 8)*.

- This manipulation of the record justifies immediate sanctions and necessitates judicial notice.

**7. The Trustee is improperly recycling fraudulent transfer claims that were already defeated twice in this courtroom.**

- The United States Trustee previously **brought fraudulent transfer allegations against Movants in this Court and lost twice.** Moreover, the Examiner, an independent party, was tasked with ruling out any fraud. The Examiner indeed reviewed and discussed all loans with Mr. Hughes, Mr. Cohan, and Debtor's counsel, and found no evidence, of any kind, that the Insider loans were anything other than bonified loans. Please also reference Mr. Walker's Declaration as to the good faith nature of these loans and solvency of the Debtor.

- Now, the **Trustee is repackaging the same arguments** under a different procedural pretext, manipulating the record to fit their flawed, self-serving and contradictive narrative.

- This is a textbook example of **relitigating settled matters,** which courts have consistently barred as an abuse of process. *(See Montana v. United States, 440 U.S. 147 (1979) (barring re-litigation of issues already decided); Parklane Hosiery Co. v. Shore, 439 U.S. 322 (1979) (preventing re-litigation through collateral estoppel)).*

- **Judicial notice of these procedural concerns is necessary to ensure that Movants are not subjected to unnecessary and duplicative legal actions.** Simply put, how many times are separate parties going to be allowed to claim that loans, clearly made in good faith, are not genuine loans? Again, these loans have been attested to be loans made in good faith by several seasoned attorneys as well as being thoroughly reviewed by a third-party examiner.

**8. Movants respectfully request that the Court take judicial notice of Section 13.7 of the Debtor's agreements, which establishes that:**

- All refund-related financial liabilities were resolved at the corporate level and do not extend de facto litigation to Movants personally.
- The Trustee's actions, though not naming Movants individually—disregard corporate separateness and threaten their personal rights and interests in a de-facto way.
- The Trustee accepted the **$15MM Velanos Settlement,** resolving all viable creditor claims, yet continues litigating against corporate entities in a way that improperly affects Movants.
- This raises concerns regarding due process and procedural fairness, which require Court review. *(See Exhibit I; Doc. 333)*

**9. Movants request that the Court take judicial notice of their individual standing and personal ownership interests:**

- Movants own five (5) out of six (6) entities in the adversary proceeding matter.
- Though litigation is against corporate entities, it directly impacts Movants' personal property, financial interests, and control over assets.
- Movants are not named individually, yet the proceedings certainly create **de facto** personal litigation by entangling their financial interests.
- Continued classification of these assets as purely corporate.
- Misrepresents the facts and creates improper legal barriers to Movants' substantive rights.
- The Court must recognize Movants' individual standing, as their claims are strictly personal and certainly distinct from any bankruptcy estate matters. Movants made this clear to the Trustee from day one to no avail.
- **For clarity**: Movants do not claim ownership, liability, or interest in the sixth entity, CALD HOLDINGS LLC.

**10. Movants respectfully request that the Court take judicial notice that this expedited ruling will directly impact responses due before the March 31 deadline:**

- The ruling will clarify the legal posture and dictate necessary responses.
- A decision before March 31 is essential to avoid procedural confusion and unnecessary litigation.
- Instead, a decision before March 31 would provide a fair playing field for Movants.
- Without clarity, Movants may be forced into redundant or unnecessary filings.
- A timely ruling will streamline proceedings and reduce legal burdens on all parties including the estate.

**11. Pursuant to Federal Rule of Evidence 201, Movants request that this Court take judicial notice of the facts set forth in Exhibit A of this motion, which is incorporated herein by reference. These facts are supported by sworn testimony and documentary evidence, and no reasonable dispute exists as to their accuracy. Judicial notice is proper as these facts are verifiable through the record of these proceedings and are central to the issues before the Court.**

**Movants request that the Court take judicial notice of these documents and facts without requiring a hearing, as all necessary evidence is already in the record.**

---

### V. REQUEST FOR RELIEF

Movants respectfully request that this Court:

1. **Issue an expedited ruling declaring that the Trustee's procedural violations constitute bad-faith litigation and abuse of process.**

2. Materially and immediately sanction the Trustee under Rule 9011 for knowingly violating due process and equal protection through selective enforcement, obvious retaliatory tactics, procedural fraud, and suppression of exculpatory evidence.

3. Declare the March 31 deadline imposed in the defective stipulation null and void due to lack of proper notice and procedural violations.

4. Movants reserve the right to request additional relief as necessary, including but not limited to procedural remedies addressing improper filings, undisclosed records, and any further oversight or remedial action the Court may deem appropriate to ensure compliance with professional and ethical obligations.

5. Provide any further relief this Court deems just and necessary to deter further abuse.

The Trustee has engaged in clear violations of due process, filing an Adversary Complaint without evidence, omitting material facts in retaliation, and engaged in a pattern of procedural fraud. Movants request that the Court review these matters, then take swift and appropriate action to ensure the integrity of the judicial process.

WHEREFORE, Movants respectfully request that this Court grant expedited rulings on the issues presented and issue appropriate sanctions against the Trustee.

Dated: March 20, 2025

Respectfully submitted in Good Faith,

John Michael Cohan and David Hughes, Pro Se, without prejudice, UCC 1-308, 1-103

# EXHIBIT A

**SWORN AFFIDAVIT OF JOHN MICHAEL COHAN AND DAVID HUGHES IN SUPPORT OF MOTION FOR EXPEDITED RULINGS AND SANCTIONS AGAINST THE TRUSTEE**

We, John Michael Cohan and David Hughes, declare under penalty of perjury under the laws of the United States of America that the following statements are true, correct, and complete to the best of our knowledge and belief. We make this sworn affidavit of our own free will, without coercion, and for the purpose of establishing a formal legal record in these proceedings.

---

## 1. INTRODUCTION

We, the undersigned, affirm our standing and legal rights as recognized under the Constitution of the United States and relevant legal principles. This sworn affidavit serves as:

- A lawful declaration of our standing.
- A rebuttal to the fraudulent and retaliatory actions of the Trustee.
- A demand for correction and accountability.

Though the adversary complaint is directed at certain business entities, we have been personally affected by the Trustee's actions, legal maneuvering, and procedural misconduct. The Trustee's bad-faith litigation, procedural abuses, and strategic misrepresentations have placed an undue burden upon us, despite neither of us being named as individual defendants in the complaint.

This de facto litigation has subjected us to unnecessary legal expenses, delays, and interference with our lawful businesses and personal affairs. The actions of the Trustee, as documented below, constitute fraud, abuse of process, and violations of due process and equal protection under the law.

---

## 2. FACTUAL STATEMENTS

We make the following statements in truth and in fact, and we demand strict proof of the contrary from the Trustee or any opposing party:

### I. Procedural Misconduct & Due Process Violations

1. There is no evidence on the record that the Trustee has not engaged in procedural manipulation by selectively imposing deadlines, omitting certificates of service, and deliberately failing to serve key filings to Movants.
2. There is no evidence on the record that the Trustee's failure to properly serve documents while simultaneously holding us to strict deadlines is not an intentional abuse of process.

---

*This document is submitted as Exhibit A to Movants' Motion for Expedited Rulings and Sanctions Against the Trustee.*

3. There is no evidence on the record that the Trustee did not intentionally violate a stay they requested, proving their filings were made in bad faith and for procedural manipulation rather than legitimate estate administration.

4. There is no evidence on the record that the Trustee knowingly and deliberately failed to notice all relevant parties in adversary proceedings, violating due process.

5. There is no evidence on the record that the Trustee complied with procedural due process in ensuring that all critical filings were properly served to Movants.

6. There is no evidence on the record that the Trustee selectively weaponized Florida Local Rule 1074-1 to obstruct due process and deny us the right to defend against fraudulent claims.

7. There is no evidence on the record that the Trustee's shifting legal justifications were based on consistent factual records, as previous filings contradict the Trustee's later claims.

8. There is evidence on the record that the Trustee failed to comply with procedural due process, withholding critical filings and entering stipulations—such as the March 31 deadline—without proper service or notice.

9. There is evidence on the record that the Trustee's procedural missteps and lack of service invalidate certain filings, as Movants were never properly served with key documents.

10. There is evidence on the record that the Trustee unfairly enforced procedural deadlines, imposing a March 31 deadline from an unserved stipulation while granting flexibility to others.

11. There is evidence on the record that the Trustee selectively enforced procedural rules, applying strict deadlines and service requirements to Movants while failing to follow the same rules in their own filings and legal actions.

**Citations:**
3:24-bk-00496-BAJ - Doc. 322 generally; Doc. 322 generally, Section V; Doc. 329 generally; Doc. 333, Exhibit K - Badge 2, Sections IV, VII, IX; 3:25-ap-00011-BAJ - Doc. 10 & Doc. 12; 3:25-cv-00164-HES-MCR - Doc. 4 & Doc. 5

### II. Abuse of Process & Bad-Faith Litigation

12. There is no evidence on the record that the Trustee's legal actions were based on a good-faith effort to administer the estate rather than actions that resulted in suppressing Movants' claims.

13. There is no evidence on the record that the Trustee's pursuit of corporate entities is not directly and improperly interfering with our individual property, financial interests, and assets.

14. There is no evidence on the record that the Trustee is not engaged in de facto litigation, forcing us to bear the burden of adversarial proceedings despite not being named in the complaint.

15. There is no evidence on the record that the Trustee's shifting legal positions do not reflect intentional bad-faith litigation.

*This document is submitted as Exhibit A to Movants' Motion for Expedited Rulings and Sanctions Against the Trustee.*

16. There is evidence on the record that the Trustee's legal positions have varied across filings, and that procedural inconsistencies have resulted in a disadvantage to Movants.

17. There is evidence on the record that the Trustee is misusing procedural mechanisms to prolong litigation, create unnecessary legal burdens, and prevent Movants from effectively defending themselves.

18. There is evidence on the record that the Trustee's legal strategies contain contradictions, with filings reflecting multiple inconsistencies regarding standing, legal counsel experience, and procedural justifications.

19. There is evidence on the record that the Trustee misrepresented legal standing, as filings contain contradictory statements where the Trustee first claimed Movants lacked standing, only to reverse that position when convenient.

<u>Citations:</u>

3:24-bk-00496-BAJ - Doc. 322; Doc. 333, generally; Doc. 333 Section IV

### III. Selective Enforcement & Conflict of Interest

21. There is no evidence on the record that the Trustee has pursued all available estate claims with the same level of diligence, as the legal malpractice claim against Warren Law Group remains unresolved despite being on the Court's record for nearly a year.

22. There is no evidence on the record that the Trustee is not stalling to act on the Warren Law Group malpractice claim, raising concerns about the prioritization of estate claims.

23. There is no evidence on the record that the Trustee selectively provided procedural extensions to certain defendants while aggressively litigating against us.

24. There is no evidence on the record that the Trustee's failure to hire counsel for the Warren Law Group claim, despite interviewing multiple firms, is not an intentional delay to protect preferred parties.

25. There is evidence on the record that the Trustee engaged in selective enforcement, aggressively targeting Movants while stalling to pursue claims against Warren Law Group and other third-party actors.

26. There is evidence on the record that the Trustee has delayed pursuing Warren Law Group despite evidence of malpractice, while simultaneously taking aggressive legal action against Movants.

27. There is evidence on the record that the Trustee's litigation priorities have focused on claims against Movants while other claims with potential estate value remain unresolved.

28. There is evidence on the record that the Trustee made inconsistent statements about Nicholas Spigner's legal experience, initially claiming he had none and later acknowledging some experience while asserting he required further qualifications.

*This document is submitted as Exhibit A to Movants' Motion for Expedited Rulings and Sanctions Against the Trustee.*

Citations:
3:24-bk-00496-BAJ - Doc. 39; Doc. 287 Exhibit M & N, Doc. 276 & Doc. 329; Doc. 333, Exhibit K - Badge 2; Doc. 333, Section IV

## IV. Fraud, Fabrication, and Misrepresentation

29. There is no evidence on the record that the Trustee has provided a consistent and verifiable explanation for the discrepancies between Paragraphs 5 and 12 in Doc. 329.

30. There is no evidence on the record that the Trustee's misrepresentations in multiple court filings were not intended to deceive the Court into ruling in their favor.

31. There is no evidence on the record that the Trustee's legal timeline for the Adversary Complaint was based on verifiable, pre-existing records rather than being developed after the fact to support litigation.

32. There is evidence on the record that the Trustee failed to disclose exculpatory evidence, including financial records that contradict key allegations.

33. There is evidence on the record that the Trustee omitted key context from financial records, selectively presenting only portions of transactions while disregarding evidence that disproves their claims.

34. There is evidence on the record that the Trustee's shifting justifications regarding Spigner's qualifications were an intentional effort to obstruct the estate from retaining competent counsel.

35. There is evidence on the record that the Trustee's fraudulent transfer claims relied on a $1.1 million transaction that was later disproven, yet the Trustee continued pursuing the claim.

36. There is evidence on the record that the Trustee's approach to corporate separateness and contractual protections raises legal and procedural concerns.

37. There is evidence on the record that the Trustee's legal arguments have shifted over time, with positions that contradict previous filings and factual records.

38. There is no evidence on the record that the Trustee's refusal to withdraw fraudulent transfer claims after they were disproven was based on a valid legal justification.

Citations:
3:24-bk-00496-BAJ - Doc.322, Section VII; Doc. 329 Paragragh 5 and 12; Doc. 333, Section VII; Doc. 333, Exhibit K - Badge 7; Doc. 333, Exhibit K - Badge 8

## V. Retaliation, Harassment, and Fiduciary Breaches

38. There is no evidence on the record that the Trustee reconsidered the fraudulent transfer claims after contradictory evidence was introduced into the record.

*This document submitted as Exhibit A to Movants' Motion for Expedited Rulings and Sanctions Against the Trustee.*

39. There is no evidence on the record that the Trustee knowingly and deliberately disclosed our personal information in public filings despite repeated requests to refrain, constituting targeted harassment.

40. There is evidence on the record that the Trustee's legal actions have resulted in significant litigation costs for Movants, despite the lack of verifiable evidence supporting key claims.

41. There is evidence on the record that legal actions against Movants followed shortly after they pursued independent legal claims, raising concerns about the sequence of events.

42. There is evidence on the record that the Trustee's failure to vehemently pursue Warren Law Group while targeting Movants demonstrates selective enforcement and an abuse of discretion.

**Citations:**

3:24-bk-00496-BAJ - Doc. 276; Doc. 287, Exhibit L; Doc. 322, Section IV, VII; Doc. 329, Paragraphs 5 and 12; Doc. 333, Section IX; Doc. 333, Exhibit K – Badge 5 & 6

### VI. Trustee's Procedural Misconduct and Abuse of Authority

43. There is evidence on the record that the Trustee filed suit before obtaining  , as subpoenas were issued the same day as demand letters, proving the Trustee initiated legal action first and searched for evidence later, violating Rule 11 and Rule 9011.

44. There is no evidence on the record that the Trustee had sufficient proof to support fraudulent transfer claims before filing the Adversary Complaint, as the initial $1.1 million transaction was later omitted after Exhibit L of Doc. 287 disproved its legitimacy.

45. There is evidence on the record that Movants provided 44 loans to various businesses that are not related to insiders, as evidenced by the Examiner's Report. The Trustee's failure to acknowledge this evidence demonstrates selective enforcement and a misrepresentation of the actual financial transactions.

46. There is no evidence on the record that the Trustee has consistently maintained their legal standing argument, as filings contain contradictory statements where the Trustee first claimed Movants lacked standing, only to reverse that position when convenient.

47. There is evidence on the record that Movants acted to preserve assets, making reasonable business decisions in response to economic conditions, with no fraudulent intent.

48. There is evidence on the record that the Trustee failed to comply with procedural due process, withholding critical filings and entering stipulations—such as the March 31 deadline—without proper service or notice, making them procedurally defective.

49. There is no evidence on the record that Movants were ever personally liable for the debts at issue, as contractual obligations were strictly between creditors and the corporate entity, with no legal basis for personal liability.

50. There is no evidence on the record that the Trustee's pursuit of fraudulent transfer claims is not an attempt to re-litigate arguments already defeated twice in this Court.

*This document is submitted as Exhibit A to Movants' Motion for Expedited Rulings and Sanctions Against the Trustee.*

51. There is evidence on the record that the Velanos Settlement satisfied viable creditor claims, as the Trustee accepted the $15 million settlement, making further pursuit of Movants unnecessary and a clear sign of bad-faith litigation.

52. There is evidence on the record that Movants operated lawfully, with financial records and operational agreements demonstrating compliance with fiduciary duties and no fraudulent intent.

53. There is no evidence on the record that the Trustee's litigation against Movants is not a retaliatory action, as the Trustee only initiated legal proceedings after Movants pursued claims against Warren Law Group.

54. There is no evidence on the record that the Trustee properly served Movants with key documents, including the stipulation imposing the March 31 deadline, rendering it unenforceable.

55. There is no evidence on the record that the Trustee has not knowingly withheld exculpatory evidence, as financial records disproving key allegations were omitted in a clear violation of due process and demonstration of bad faith.

56. There is no evidence on the record that the Trustee's legal arguments have remained consistent, as filings contain multiple inconsistencies regarding standing, legal counsel experience, and procedural justifications, undermining credibility.

57. There is no evidence on the record that the Trustee is not attempting to create personal liability where none exists, as corporate separateness and contractual protections explicitly bar such liability.

58. There is no evidence on the record that the Trustee has not violated fiduciary duties by prioritizing personal litigation strategies over impartial estate administration.

59.  There is evidence on the record that Ms. Elliott, counsel for the Trustee, violated a stay that they themselves requested that this bankruptcy court impose, which it did temporarily.

60. There is no evidence on the record that the Trustee is not selectively enforcing procedural deadlines, as the March 31 deadline was imposed through an unserved stipulation while flexibility was granted to others.

61. There is no evidence on the record that the Trustee did not intentionally withhold Chase Bank records disproving fraudulent transfer claims to mislead the Court.

62. There is evidence on the record that Movants' business decisions were lawful, based on financial records and expert assessments showing sound judgment rather than fraud.

63. There is no evidence on the record that the Trustee is not engaging in improper litigation tactics to manufacture liability where none exists.

64. There is no evidence on the record that the Trustee has not stalled to pursue claims against Warren Law Group and other responsible parties, demonstrating selective enforcement and an abuse of discretion.

65. There is no evidence on the record that the Trustee's legal actions have not caused undue financial harm to Movants, as they have been forced into costly litigation based on unfounded allegations.

66. There is no evidence on the record that the Trustee did not mislead the Court into making an order that violated due process, using omissions and procedural defects to gain an unfair advantage.

*This document submitted as Exhibit A to Movants' Motion for Expedited Rulings and Sanctions Against the Trustee.*

67. There is no evidence on the record that the Trustee's conduct does not demonstrate intentional bad faith, including inconsistent legal arguments, selective enforcement, and disregard for due process.

68. There is no evidence on the record that the Trustee has not made contradictory judicial admissions, as demonstrated by the inconsistency between Line 5 and Line 12 of Doc. 329, which directly conflicts with the record established in Doc. 287, Exhibit B.

69. There is no evidence on the record that the Trustee has consistently enforced procedural rules, as strict deadlines and service requirements were applied to Movants while ignored in the Trustee's own filings.

70. There is no evidence on the record that the Trustee's delay in pursuing Warren Law Group, despite clear evidence of malpractice, is not an intentional attempt to protect certain parties while aggressively targeting Movants without basis.

71. There is evidence on the record that the Trustee acted outside their fiduciary duty, prioritizing litigation against Movants' other companies without any new evidence or cost-benefit analysis while refusing to pursue more viable claims that would actually benefit creditors.

72. There is no evidence on the record that the Trustee's aggressive litigation strategy is not a means to deplete estate assets for professional fees rather than pursue valid claims. Statements in Trustee's filings confirm this, stating, *"All these frivolous and meritless pleadings do is deplete estate assets by forcing the Trustee to prepare and file responses to the daily barrage of pleadings filed by Cohan and Hughes."* The Trustee's bad faith and retaliatory actions against Movants' constitutional right to redress grievances have directly resulted in this litigation.

73. There is no evidence on the record that the Trustee has not used misleading legal arguments, shifting positions when convenient and relying on mischaracterized facts to justify baseless claims against Movants.

74. There is no evidence on the record that the Trustee did not omit key context from financial records, selectively presenting only portions of transactions while disregarding exculpatory evidence that disproves their claims.

75. There is no evidence on the record that the Trustee has engaged in fair settlement discussions, as refusal to negotiate demonstrates a litigation strategy aimed at prolonging proceedings rather than seeking resolution.

76. There is no evidence on the record that the Trustee is not misusing procedural mechanisms to create unnecessary legal burdens, prevent Movants from effectively defending themselves, and prolong litigation.


**Citations:**

3:25-ap-00011-BAJ- Doc. 10 & 12; 3:24-bk-00496-BAJ - Doc. 145 (Examiner's Report); Doc. 276 &

Doc. 287, Exhibit L; Doc. 296; Doc. 330; Doc. 333, Section IV; Doc. 333, Exhibit K, Badge 2; 3:25-cv-

00164-HES-MCR - Doc. 4 & Doc. 5


*This document is submitted as Exhibit A to Movants' Motion for Expedited Rulings and Sanctions Against the Trustee.*

## VII. RETALIATION TIMELINE & BAD-FAITH LITIGATION

77. There is no evidence on the record that the Trustee's Cease and Desist letter, issued at 3:12 PM on January 22, 2025, was not a direct and immediate retaliation against Movants for asserting their constitutionally protected individual claims at 1:05 PM on the same day.

78. There is no evidence on the record that the Trustee's demand letters, issued within a 22-minute span on January 24, 2025, were not a coordinated effort to suppress Movants' legal rights and apply economic pressure in retaliation for their pursuit of claims against Warren Law Group.

     a. **Personal Demand Letter (10:01 AM)** – Directly targets Movants as individuals.

     b. **ZOOMERAL Demand Letter (10:20 AM)** – Aims pressure at Movants' business operations.

     c. **Capitulum Demand Letter (10:21 AM)** – Expands coercion through a key entity.

     d. **Genie Investments II Demand Letter (10:22 AM)** – Further escalates retaliation against another business.

     e. **Better Methods Demand Letter (10:23 AM)** – Continues the campaign against Movants' financial holdings.

     f. **Genie's Angels Demand Letter (10:23 AM)** – Finalizes the coordinated assault, proving intent to overwhelm Movants into submission.

79. There is no evidence on the record that the Trustee's actions do not constitute a pattern of bad-faith litigation, procedural coercion, and retaliation, as demonstrated by the immediate threats against Movants, the rapid escalation of legal actions, and the direct targeting of their businesses after asserting their legal rights.

80. There is evidence on the record that the Trustee engaged in immediate and coordinated retaliation against Movants, as the Cease and Desist letter was issued within 2 hours of Movants asserting their claims, and a series of demand letters followed within two days, targeting Movants and their personal business interests.

81. There is evidence on the record that the timing of the Trustee's legal actions raises concerns about procedural fairness and the impact on Movants' ability to pursue their claims.

82. There is no evidence on the record that the Trustee has provided verifiable proof supporting the assertion that the timing of the Adversary Complaint and demand letters was coincidental. The record indicates that the Trustee's position on timing has varied in response to procedural challenges.

83. There is no evidence on the record that the Trustee did not construct a post hoc timeline to justify the Adversary Complaint after the fact, rather than basing it on pre-existing evidence. The Trustee's issuance of subpoenas and demand letters on January 24, 2025—the same day—proves that they filed suit first and searched for evidence later, which constitutes an abuse of process.

84. There is evidence on the record that the Trustee fabricated a timeline after filing the Adversary Complaint, as no contemporaneous records support their justification of events. The Trustee's own

*This document is submitted as Exhibit A to Movants' Motion for Expedited Rulings and Sanctions Against the Trustee.*

response contradicts their initial dismissal of timing concerns, confirming that the alleged rationale was created retroactively.

85. There is evidence on the record that the Trustee's legal timeline for the Adversary Complaint was developed after the fact to align with litigation, rather than being based on pre-existing evidence.

Citations:
3:24-bk-00496-BAJ - Doc. 322, Exhibits A, B & C; Doc. 276 Paragraph 13 & Doc. 329, Paragraphs 4 & 5; Doc. 333, Section III, Exhibit K - Badge 7

---

### 3. NOTICE AND OPPORTUNITY TO REBUT

If the Trustee believes the statements in this affidavit to be inaccurate, they must present verifiable evidence, under oath and penalty of perjury, to rebut each claim made herein.

Movants respectfully submit that, absent a rebuttal supported by verifiable evidence, the statements herein should be considered as undisputed factual assertions.:

- "Silence is acquiescence." (Maxim of Law)
- "He who does not deny, admits." (Maxim of Law)
- "A fraud that is concealed is still a fraud." (Maxim of Equity)

---

### 4. REQUEST FOR RELIEF

Based on the foregoing, we respectfully request the following:

1. A formal judicial determination that our individual claims are separate from the bankruptcy estate and that the Trustee has no authority to obstruct them.

2. A full accounting of the Trustee's procedural actions, including an explanation for each omission, misstatement, and procedural manipulation exposed in this affidavit.

3. A finding that the Trustee's failure to serve us with key filings and their imposition of arbitrary deadlines without notice constitutes bad-faith litigation and an abuse of process.

4. A sworn statement by the Trustee affirming or denying each statement made herein.

5. A determination that the Trustee's selective enforcement, concealment of exculpatory evidence, and repeated contradictions in their legal filings warrant sanctions against them both in their official and individual capacities.

---

*This document submitted as Exhibit A to Movants' Motion for Expedited Rulings and Sanctions Against the Trustee.*

## 5. AFFIRMATION AND SIGNATURE

We affirm, under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct to the best of our knowledge and belief.

Dated: March 20, 2025

By: _____

John Michael Cohan, a living man, without prejudice, UCC 1-308, 1-103

By: _David Hughes_____

David Hughes, a living man, electronically signed, without prejudice, UCC 1-308, 1-103

*This document is submitted as Exhibit A to Movants' Motion for Expedited Rulings and Sanctions Against the Trustee.*

# EXHIBIT B

**[Doddos]** [District Order Denying, Disapproving, Overruling, or Striking]

ORDERED.

**Dated: March 4, 2025**

Jason A. Burgess
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

In re:

Case No.
3:24–bk–00496–BAJ
Chapter 7

Genie Investments NV Inc.

_____Debtor*_____/

### *ORDER DENYING MOTION FOR RELIEF FROM STAY*

THIS CASE came on for consideration, without hearing, of the Motion for Relief from Stay filed by Interested Parties, John Michael Cohan and David Hughes , Doc. # 320 . After review, the Court determines that the motion is deficient as follows:

A signed and dated proof of service was not filed. Local Rule 9013–3.

Service on required parties is not indicated. Local Rule 9013–3.

The prescribed filing fee was not paid as required by the Bankruptcy Court Schedule under 28 U.S.C. § 1930. The prescribed filing fee is $199.00

Accordingly it is

**_ORDERED:_**

1. The motion is denied to allow movant to file an amended motion. No additional filing fee will be assessed for the filing of any amended motion filed for the purpose of correcting the noted deficiency.

2. The automatic stay of 11 U.S.C. § 362(a) is continued in effect until further order of this Court. The deadlines of 11 U.S.C. § 362(e)(1),(2) are tolled during the abatement period.

The Clerk's Office is directed to serve a copy of this order on interested parties.

*All references to "Debtor" shall include and refer to both of the debtors in a case filed jointly by two individuals.