**ORDERED.**

Dated: March 27, 2025

_____
Jason A. Burgess
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

IN RE:

Genie Investments NV Inc.,            Case No.: 3:24-bk-00496-BAJ
                                                            Chapter 7
           Debtor.

_____/

## ORDER TO SHOW CAUSE

        This Case is before the Court to consider appropriate actions the Court may take going forward with respect to the efficient administration of this Case.  On February 21, 2024, the Debtor filed the Case under Chapter 11 of the United States Bankruptcy Code.  Approximately 6 months later, on August 12, 2024, the Case was converted to Chapter 7.  As reflected by the docket, there has been a flurry of filings by John-Michael Cohan and David Hughes, who are parties of interest in the case (collectively, the "Interested Parties").  At the core of the pleadings filed by the Interested Parties, are various allegations against the Chapter 7 Trustee (the "Trustee").

        The Court is very aware of how invested the Interested Parties are in the Case and has taken a good deal of time to consider the arguments raised, both in their written submissions and their

arguments at hearings and has set a trial on all issues.[1] Despite this, the Interested Parties continue to recycle the same arguments in a seemingly unending stream of pleadings.

The lynch pin in the Court's ability to effectively and efficiently administer the over 1,200 cases currently pending before it, is that the Court must prioritize the management of "its own affairs to achieve the orderly and expeditious disposition of cases."[2] Specifically, under 11 U.S.C. § 105(a), the Court has the authority to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title…or to prevent an abuse of process."[3] This broad grant of authority to bankruptcy courts is necessary "in order to facilitate the orderly administration of bankruptcy cases."[4]

At this juncture, the Case has 343 docket entries and counting. The barrage of filings is making it extremely difficult for the Case to be efficiently administered. Accordingly, the Court finds it necessary to require the Interested Parties to appear at a Show Cause hearing. While the Court clearly has the authority to "sanction 'conduct which abuses the judicial process'"[5] the Court hopes that the Interested Parties will cease the continued pleadings so that the Case can begin to proceed in an efficient manner, without the need to travel down the path of issuing sanctions.[6]

---

[1] The trial is scheduled for June 24, 2025, at 9:00 a.m.

[2] NextGear Cap., Inc. v. Gerstner (In re Gerstner), 648 B.R. 746, 751 (Bankr. N.D. Ga. 2022) (citing In re Evergreen Security, Ltd., 570 F.3d 1257, 1263 (11th Cir. 2009)) (quoting In re Sunshine Jr. Stores, Inc., 456 F.3d 1291, 1304 (11th Cir.2006)).

[3] 11 U.S.C. § 105(a). Bridgewater v. Robinson (In re Robinson), AP No. 20-0049, Doc. 56 (Bankr. S.D. Miss. Jun. 7, 2021); In re Howell, 4 B.R. 102, 105 (Bankr. M.D. Tenn. 1980).

[4] In re Howell, 4 B.R. at 105.

[5] Dondero v. Highland Capital Management LP (In re Highland Capital Management LP), 22-10889 (5th Cir. July 1, 2024) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 44–45 (1991)).

[6] The Debtor should be aware that the "filing of excessive motions may sometimes constitute "harassment" under the rule even if the motions are well grounded." Robeson Defense Comm. v. Britt (In re Kunstler), 914 F.2d 505, 518 (4th Cir. 1990), cert. denied 499 U.S. 969 (1991).

The Court's handling of this Case clearly reflects that the Court has taken great strides to liberally construe the pleadings filed by the Interested Parties' *pro se* filings.[7] However, the Interested Parties are still bound to follow the rules of procedure and evidence.[8] In cases where an interested party consistently exhibits an inability to do so, the Court may impose non-monetary sanctions that require a *pro se* party to retain an attorney to make future filings on their behalf or obtain permission from the Court prior to making any *pro se* filings in the bankruptcy case.[9] Accordingly, it is,

**ORDERED:**

1. Interested Parties, John-Michael Cohan and David Hughes, are required to appear ***in-person*** before the Court on **June 24, 2025, at 9:00 a.m.** to show cause, if cause exists, why the Interested Parties should be permitted to file additional *pro se* pleadings in the Case.

2. The Court temporarily restricts Interested Parties, John-Michael Cohan and David Hughes, right to file *pro se* pleadings in this Case, pending the outcome of the Show Cause hearing. Any pleadings filed in violation of this Order will be stricken by the Clerk's Office.

---

[7] The Court, however, has no duty to act as a *pro se* party's lawyer. Pliler v. Ford, 542 U.S. 225, 231 (2004).
[8] Faretta v. California, 422 U.S. 806, 834 n.46 (1975).
[9] Perryman v. Kiem (In re Micron Devises, Inc.), 657 B.R. 897, 901, 903 (S.D. Fla. 2024).