**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

GENIE INVESTMENTS NV INC.,                     Case No.: 3:24-bk-00496-BAJ

           Debtor.                                    Chapter 7
_____/

**TRUSTEE'S REPLY TO DAVID HUGHES' AND JOHN COHAN'S**
**RESPONSE TO TRUSTEE'S BRIEF OPPOSING ENFORCEMENT**
**OF THE STAY AGAINST NON-ESTATE PERSONAL CLAIMS**

Aaron R. Cohen, Chapter 7 Trustee (the "Trustee"), by and through his undersigned counsel, files his Reply to the Response to Trustee's Brief Opposing Enforcement of the Stay Against Non-Estate Personal Claims (Doc. 355) (the "Response") filed by David Hughes ("Hughes") and John Cohan ("Cohan") and would show the Court as follows:

From the beginning, the Trustee has made clear that Hughes and Cohan are free to pursue any and all personal claims they may have against third parties and the automatic stay imposed by this bankruptcy case does not interfere with Hughes and Cohan prosecuting their personal claims. However, that is not what Hughes and Cohan are doing in their lawsuits filed against Velanos Principal Capital (the "Velanos Lawsuit") and Scarinci Hollenbeck, LLC as successor in interest to Warren Law Group (the "Scarinci Action"). Instead, Hughes and Cohan are asserting claims that very clearly belong to the bankruptcy estate because they derive from and flow from the harm inflicted upon the Debtor.[1]

---

[1] Cohan and Hughes spend the first several pages of their Response repeating the same unsupported allegations of alleged misconduct by the Trustee that they claim in their pending Motions for Sanctions against the Trustee and his attorney which are scheduled for evidentiary hearing on June 24, 2025. The Trustee has addressed these allegations at length in his responses to the Sanctions Motions and will not waste the Court's time by repeating them here, since they have no bearing on the Motion to Enforce Automatic Stay at issue in this Reply.

81417740;1

As the Trustee explained at length in his Brief in Support of Motion to Enforce Automatic Stay (Doc. 353) (the "Trustee's Brief"), each of the claims asserted by Hughes and Cohan in the Velanos Lawsuit and the Scarinci Action are claims that belong to the Debtor. The causes of action asserted by Cohan and Hughes against Velanos Principal Capital ("Velanos") are breach of contract for breach of the Settlement Agreement between Velanos and the Trustee, fraudulent misrepresentation based on Velanos's alleged false statements regarding its financial abilities to comply with the Settlement Agreement, and unjust enrichment/fraudulent conveyance based on Velanos allegedly receiving financial benefits from them (in reality the financial benefits came from the Debtor) without providing consideration, and for Velanos's alleged fraudulent transfer of assets. Each and every one of these claims arise out of harm suffered by the Debtor and therefore the claims belong to the Debtor.

Similarly, the causes of action asserted by Cohan and Hughes in the Scarinci Action all arise out of the Warren Law Group's ("Warren Law") and its attorney, Scott Oh's ("Oh") representation of the Debtor. They assert causes of action for legal malpractice/negligence, breach of fiduciary duty, bad faith, fraud, coercion, and extortion all of which arise from Warren Law's and Oh's work for the Debtor. Warren Law and Oh were not engaged by Cohan and Hughes individually. Therefore, any harm suffered by Cohan and Hughes as a result of Warren Law's and Oh's professional negligence is derivative of the harm suffered by the Debtor.

The concept that these claims belong only to the Debtor are similar to the law prohibiting shareholders of a company from suing for harm suffered by the company itself.

> Generally, if a harm has been directed toward the corporation, then only the corporation has standing to assert a claim. In *Brictson v. Woodrough,* 164 F.2d 107, 109 (8th Cir. 1947) . . . our court adopted this shareholder standing rule and held that "[a]ctions to enforce corporate rights or redress injuries to the corporation cannot be maintained by a stockholder in his own name ... even though the

81417740;1

>  injury to the corporation may incidentally result in the depreciation or destruction of the value of the stock."

*Potthoff v. Morin*, 245 F.3d 710, 716 (8th Cir. 2001). Under Florida law, an action brought directly by a shareholder for harm suffered by the shareholder may be maintained only where (1) there is a direct harm to the shareholder such that the alleged injury ***does not flow subsequently from an initial harm to the company***, and (2) there is a special injury to the shareholder that is separate and distinct from those sustained by the other shareholders. *Freedman v. magicJack Vocaltec Ltd.*, 963 F.3d 1125, 1136 (11th Cir. 2020). Here, Cohan and Hughes argue that they suffered personal financial harm due to the acts of Velanos and Warren Law. But the financial losses suffered by Cohan and Hughes only arise out of the harm caused to the Debtor and was suffered by all owners of the Debtor – that, is Cohan and Hughes. They did not suffer, and cannot allege, any harm they suffered caused <u>directly</u> by Velanos and Warren Law that does not flow from harm to the Debtor.

As explained in the Trustee's Brief, the same standing rule applies to creditors of a bankruptcy estate. "If a cause of action alleges only indirect harm to a creditor (i.e., an injury which derives from harm to the debtor), and the debtor could have raised a claim for its direct injury under the applicable law, then the cause of action belongs to the estate." *Matter of Educators Group Health Trust*, 25 F.3d 1281, 1284 (5th Cir. 1994). The financial losses suffered by Cohan and Hughes derive from the harm to the Debtor and, therefore, even if Cohan and Hughes were creditors of the Debtor (which they are not), they still would not have standing to bring the claims they are attempting to bring. *See also In re Lothian Oil, Inc.*, 531 F. App'x 428, 439 (5th Cir. 2013) (creditors' injury in the form of reduced bankruptcy recovery was derived from the injury to the debtor and therefore only the bankruptcy estate could sue the third parties that caused the injury).

The cases cited by Cohan and Hughes in their Response are inapplicable to the issue in the Trustee's Motion to Enforce Automatic Stay or actually support the Trustee's Motion. For example,

they cite to *Doe v. Roe*, 958 F.2d 763 (7th Cir. 1992) stating that it "recogniz[es] personal injury claims where professional misrepresentation caused individual economic and emotional harm." *See* Response at p. 6. *Doe v. Roe* was a RICO case brought by a client against her former divorce attorney and, in fact, the court held that the plaintiff had no cause of action under RICO because she had not suffered any harm to "business or property" as required by the RICO statute.[2] The decision in *Doe v. Roe* had nothing to do with whether causes of action belong to a bankruptcy estate and whether third parties suing for estate causes of action violate the automatic stay. The next case cited by Cohan and Hughes, *In re Buccaneer Resources, LLC*, 912 F.3d 291 (5th Cir. 2019), actually supports the Trustee's position. In that case, the debtor fired its CEO shortly before filing its bankruptcy petition. The former CEO claimed that he was fired at the behest of the debtor's secured creditor who he also claimed controlled the debtor's board of directors. The former CEO sued the secured creditor for tortious interference with contract. The secured creditor argued that the claims asserted by the former CEO belonged to the bankruptcy estate and could not be brought by the CEO. In making its decision, the Fifth Circuit explained that in determining whether a cause of action belongs to the bankruptcy estate or to a creditor the,

> [F]ocus [is] on whether the creditor has a suffered a direct injury or that is derivative of an injury to the debtor. If the harm to the creditor comes about only because of harm to the debtor, then its injury is derivative, and the claim is property of the estate. In that situation, only the bankruptcy trustee has standing to pursue the claim for the estate so that all creditors will share in any recovery.

*Buccaneer Resources, LLC*, 912 F.3d at 293 (internal citations omitted) (citing to *In re Seven Seas Petroleum, Inc.*, 522 F.3d 575 (5th Cir. 2008)). The court held that the former CEO's claim for tortious interference with his contract with the debtor was not a cause of action that belonged to the bankruptcy estate because it did not depend on any harm to the debtor. The harm in being fired was

---

[2] *Doe v. Roe* was abrogated recently by *Medical Marijuana, Inc. v. Horn*, 145 S. Ct. 931 (April 2, 2025).

suffered only by the CEO. In contrast, in this case, the financial losses suffered by Cohan and Hughes as a result of Velanos's and Warren Law's action depend upon harm to the Debtor – without the Debtor having suffered financial losses caused by Velanos and Warren Law, Cohan and Hughes would not have suffered any harm. Therefore, their claims against Velanos and Warren Law are property of the bankruptcy estate and can only be brought by the Trustee. *See also In re Seven Seas Petroleum, Inc.*, 522 F.3d 575, 584 (5th Cir. 2008) ("If the harm to the creditor comes about only because of harm to the debtor, then its injury is derivative, and the claim is property of the estate and only the bankruptcy trustee has standing to pursue the claim for the estate so that all creditors will share in any recovery.").

Cohan and Hughes argue that their "personal reputational harm", "personal financial losses", and "emotional distress" are claims personal to them and not derivative of the Debtor's claims. While Cohan and Hughes may have such personal claims they could bring against third parties, those are not the causes of action they asserted in the complaints they filed against Velanos and Warren Law. Instead, as stated above, Cohan and Hughes brought causes of action for breach of contract and related claims and legal malpractice and related claims against Velanos and Warren Law. Those specific causes of action belong to the bankrtupcy estate. Furthermore, even if Cohan and Hughes amended their complaints against Velanos and Warren Law to limit them to "personal reputational harm", "personal financial losses", and "emotional distress", those causes of action, as to Velanos and Warren Law, are still derivative of and dependent on the harm caused to the Debtor. Put another way, any reputational harm, financial losses and emotional distress suffered by Cohan and Hughes as a result of Velanos's and Warren Law's actions were caused by Velanos's and Warren Law's ***harm to the Debtor***. If Velanos had not breached its Settlement Agreement with the Trustee resulting in losses to the bankruptcy estate, Cohan and Hughes would not have suffered financial losses,

5

reputational harm, and emotional distress. If Warren Law had not committed malpractice in its representation of the Debtor, Cohan and Hughes would not have suffered financial losses, reputational harm, and emotional distress. There is no harm to Cohan and Hughes without the harm to the Debtor. Therefore, as the Court can clearly see, the claims brought by Cohan and Hughes against Velanos and Warren Law are derivative of the harm to the Debtor and, as a result, are claims that belong to the bankruptcy estate. Cohan and Hughes bringing these claims against Velanos and Warren Law violates the automatic stay protecting estate property and the Court must enforce that stay against Cohan and Hughes. *See In re The Center for Special Needs Trust Administration, Inc.*, No. 8:24-bk-00676-RCT (Bank. M.D. Fla. August 5, 2024), *aff'd*, No. 8:24-cv-0192-WFJ (M.D. Fla. Feb. 19, 2025).

## Conclusion

WHEREFORE, Aaron R. Cohen, Chapter 7 Trustee, respectfully requests that the Court enter an order enforcing the automatic stay against the Velanos Lawsuit and Scarinci Action and for such other and further relief as the Court deems just and proper.

Dated: May 16, 2025                    AKERMAN LLP

By: */s/ Raye C. Elliott*
    Raye C. Elliott, Esq.
    Florida Bar Number: 018732
    Email: raye.elliott@akerman.com
    401 East Jackson Street, Suite 1700
    Tampa, FL 33602
    Phone: (813) 223-7333
    Fax: (813) 223-2837

Attorneys for Aaron R. Cohen, Chapter 7 Trustee

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on May 16, 2025, I filed a true and correct copy of the foregoing with the United States Bankruptcy Court for the Middle District of Florida using the Court's CM/ECF system, which will serve copies on all counsel of record and a true and correct copy was served by electronic mail to the following who consented in writing to receive service of pleadings at the email address listed below:

| | |
|---|---|
| John Michael Cohan<br>iustusprocessus@outlook.com | David Hughes<br>iustusprocessus@outlook.com |

                                      */s/ Raye C. Elliott*
                                      Attorney

81417740;1