UNITED STATES BANKRUPTCY COURT

FILED INTAKE USBC
MAY 16 '25 PM4:03

MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

In re: GENIE INVESTMENTS NV INC.,

Debtor.

Case No.: 3:24-bk-00496-BAJ

Chapter 7

## OBJECTION TO TRUSTEE'S UNAUTHORIZED SECOND REPLY

COMES NOW the undersigned and objects to theChapter 7 Trustee's improper second reply, and in support states as follows:

1. The Court issued a specific directive governing the briefing sequence. The Court made clear which party was to file a response and which was to file a reply and when they were supposed to be filed by. The Trustee did not file a response at all. Instead, he filed two separate replies, neither of which was authorized or preceded by a motion for leave.

2. The Trustee's filings directly violate the Court's procedural order. The second reply was not styled as an amendment or surreply, nor was it accompanied by any explanation or request for permission. See *United States v. Flynn*, 411 F. Supp. 3d 15, 34 (D.D.C. 2019) (successive replies filed without leave are improper); Fed. R. Civ. P. 7(b)(1) (motions and pleadings must clearly seek judicial relief). The filing exceeds the scope of what the Court authorized—this is not just informal or irregular, it's noncompliant.

3. The Trustee's conduct reflects, at minimum, reckless disregard—and likely more bad faith. As a licensed attorney and fiduciary of the estate, the Trustee is presumed to understand the boundaries of motion practice and compliance with Court orders. See *Chambers v. NASCO*, Inc., 501 U.S. 32, 45–46 (1991) (courts may sanction conduct that abuses the judicial process). Inserting multiple unauthorized filings under the guise of a reply—particularly in the narrow window governed by the Court's express briefing order—serves only to confuse, delay, and burden the process via procedural gamesmanship. This is exacerbated by the fact that an active Order to Show Cause against Movant is already in place.

4. This Objection is not an attempt to circumvent the Court's process—but to preserve it. This objection arises from the same string of filings expressly governed by the Court's directive. It does not seek to reopen or expand the scope of briefing, but rather to ensure that what has been filed conforms to the order already in effect.

## Grounds for Objection: Trustee's Procedurally Defective and Meritless Fraudulent Transfer Allegations

5. No Adversary Proceeding Filed

Under Fed. R. Bankr. P. 7001(1), any action to recover money or property—including claims based on fraudulent transfer theories—must be brought as an adversary proceeding. The Trustee's attempt to recharacterize Hughes and Cohan's independent litigation claims as fraudulent transfers (or as derivative of the estate) without filing an adversary proceeding is procedurally improper. See In re Weatherford, 434 B.R. 644, 652 (Bankr. N.D. Ala. 2010).

6. Improper Attempt to Litigate Facts Without Evidence or Process

The Trustee is making factual assertions about fraudulent transfers (e.g., "the financial benefits came from the Debtor") without introducing any admissible evidence, conducting discovery, or allowing for a proper hearing. Allegations of fraud require specificity under Fed. R. Civ. P. 9(b), which demands that fraud be pleaded with particularity—not generalized conclusions. Yet here, the Trustee relies on unsupported narratives. That's not just weak—it's prejudicial and sanctionable conduct when it burdens the Court and parties with baseless, precluded arguments.

7. Procedural Defaults Waive the Trustee's Claims

If the Trustee believes that Hughes and Cohan's state court claims belong to the estate, he was required to timely assert that position in the forum where those cases were filed—or bring a proper motion to enjoin under 11 U.S.C. § 105(a). Procedural default—including failure to object timely or file the required adversary proceeding—waives the Trustee's standing to challenge ownership or assert derivative theories now. See In re MortgageAmerica Corp., 714 F.2d 1266, 1275 (5th Cir. 1983) (estate fiduciaries cannot retroactively assert ownership without procedural compliance).

8. Legal Conclusion Masquerading as Fact

The Trustee's statement that the "benefits came from the Debtor" is a legal conclusion masquerading as an uncontested fact, which violates the standards for both briefing and evidentiary argument. The proper venue to prove those claims is a separate proceeding, not backdoored through rhetorical argument in a brief.

WHEREFORE, the undersigned respectfully requests that the Court:

(a) Strike or disregard the Trustee's second reply in its entirety;

(b) In the alternative, require the Trustee to show cause why this unauthorized filing should not be stricken as improper or sanctionable; and

(c) Grant such other and further relief as the Court deems just and appropriate.

Dated: 05-16-2025

Respectfully submitted in good faith,

John Michael Cohan, Pro se, without recourse, UCC 1-308, 1-103

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 05-16-25 a true and correct copy of the Objection to Trustee's Unauthorized and Procedurally Defective Second Reply was filed with the Court and served electronically via the CM/ECF system to all parties registered to receive electronic notices in this case, in accordance with the service agreements between the parties.