**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA JACKSONVILLE DIVISION**  FILED INTAKE USBC
**In re: Genie Investments NV Inc., Debtor.**  JUN 4 '25 AM10:44
**Case No: 3:24-bk-00496-BAJ**
**Chapter 7**

## NOTICE OF WITHDRAWAL AND REDUCTION OF PROOF OF CLAIM NO. 16 TO ZERO WITH SWORN DECLARATION AND OTHER SUPPORTING EXHIBITS

(Filed on Behalf of MIMS-IPR LLC and Genie Investments LLC (Both Dissolved) by Successors-in-Interest)

TO THE HONORABLE COURT, TRUSTEE, AND ALL INTERESTED PARTIES:

PLEASE TAKE NOTICE that the undersigned, acting solely as successors-in-interest to the dissolved entity MIMS-IPR LLC and Genie Investments LLC, submit this notice to clarify the corporate authority and status affecting Claim No. 16, and to preserve the record in light of misstatements submitted to the Court.

1. To be clear, Mr. Mithcell Mims, nor the dissolved entity, MIMS-IPR LLC, were ever a part of Genie Investments NV Inc. MIMS-IPR LLC was solely a customer of Genie Investments LLC, contractually, an entity that was formed prior to Genie Investments NV Inc. MIMS-IPR LLC never appeared on any creditor list prepared, verified, or submitted by Genie Investments NV Inc. or its management. Mr. Mims received knowledge of this Bankruptcy and inserted himself onto the list because he was communicating with McMann Commercial Lending LLC's customers, which he also never a customer of either. Mr. Mims submitted Claim No. 16, attempting to manufacture a creditor relationship with Genie Investments NV, Inc, again, where none has ever existed. This was not a mistake—it was a willful attempt to abuse the bankruptcy process. This can be demonstrated by reviewing his own exhibits. We repeatedly informed counsel for the Debtor and the Chapter 7 Trustee of this objection, however, to date neither party has taken a formal stance on the issue, so we must.

2. Genie Investments LLC is an entirely separate entity from Genie Investments NV Inc. Genie Investments LLC was formed in Delaware and has a completely separate EIN from Genie Investments NV Inc. that was formed in Nevada.

3. For absolute clarity and without exception, it is an unequivocal fact that MIMS-IPR LLC was never a customer of Genie Investments NV Inc., was never a customer of McMann Commercial Lending LLC, and was never a customer of—or in any business relationship with—any client, entity, or affiliate of Warren Law Group or Velanos Principal Capital or Joshua Wearmouth. Moreover, Genie Investments NV Inc. and its management team

had no introduction to Mr. Wearmouth whatsoever until long after MIMS-IPR LLC obtained their loan from an entirely separate and unrelated business entity. There is not a single document, transaction, agreement, communication, or connection—direct or indirect—that ties MIMS-IPR LLC to this bankruptcy proceeding from either entity. Nothing connects Mr. Mims or the dissolved company to this estate. Any attempt to suggest otherwise is patently false and legally baseless.

4. Claim No. 16, filed unilaterally in the name of MIMS-IPR LLC, was submitted at a time, without invitation, when Mr. Mitchell Mims held managerial authority. However, that authority was extinguished on February 23, 2025, upon foreclosure under UCC Article 9-610 and the formal adoption of a corporate resolution assigning control of the company to the current successors-in-interest. Mr. Mims has held no legal authority to act on behalf of MIMS-IPR LLC since that date.

5. On May 30, 2025, MIMS-IPR LLC was formally dissolved. Accordingly, all claims, filings, and records pertaining to the company are now under the control of its lawful successors-in-interest, pursuant to the default, powers of attorney, security agreements, and foreclosure documentation on file.

6. This entity—MIMS-IPR LLC—has no business or legal relationship with the Debtor in this case beyond what was mistakenly represented by the filer. Furthermore, contrary to statements filed by Mr. Mims, there have been no cash transfers of MIMS-IPR LLC between Genie Investments LLC and Genie Investments NV Inc. The assertion of such a transfer is categorically false and unsupported. In fact, per the agreement with the filer, the funds he refers to is a credit on the separate books of Genie Investments LLC, not held in any account or trust, despite the filer's wrongful interpretation of the contractual language. (Recitals Section C)

7. For the record, Genie Investments LLC was formally dissolved on March 14, 2025, not "years ago" as falsely claimed by Mr. Mims.

8. The undersigned further clarify that a valid UCC-1 Financing Statement securing the relevant obligations was in place at the time of foreclosure. That filing was improperly terminated by a third-party entity through a UCC-3 termination statement, despite having no legal authority as Debtor or secured party to do so. That unauthorized termination has since been corrected through the filing of a UCC-5 as soon as the secured party was made aware, and the financing statement is currently active and properly recorded under the secured party's control. All UCC filings made by a third party at our direction were only through a company called Parasec based in California. This proves that the UCC-3 filed by Orion Financial Group Inc. was unauthorized. On a phone call to Orion Financial Group Inc., the representative stated that Superior Loan Servicing dba Little Way Financial Incorporation gave them the authorization to file the UCC-3. On an immediate subsequent call, the representative at Superior Loan Servicing stated that Loan Funder LLC gave them the authorization to file the UCC-3. To make matters worse, MIMS-IPR LLC received a loan 3 days after the UCC-3 was filed and according to our title search on

MIMS-IPR LLC properties, Loan Funder LLC provided Mitchell with a loan as well. These actions indicate fraud on this court by Mr. Mims, as Mims has indicated that he is using this UCC-3 as "proof" that he is not in default, our UCC-1 lien was gone and that he was free to get loans from other lenders. Nothing could be further from the truth. Pursuant to UCC 9-509(d)(2), only the secured party can authorize a UCC-3 termination, which we did not.

9. Mims mentions that Judge Burgess stated that the contract was "sketchy." This is entirely untrue.

10. Mims is flaunting an FBI letter around various courthouses stating that he is a victim and he is making the accusation that the letter is in direct relation to us. This FBI letter is irrelevant as it does not state our names, however, Mims uses it as a sword and shield as if it does.

11. Mims stated in his most recent filing that he hopes that we will not show up to the court in Chilton County. We would just like to preserve the record and state that we will be attending as we have done nothing wrong. We have asked the court to allow remote attendance, however, the Chilton County Court has yet to rule on that motion.

12. We were not served or notified of Mims' filings to this Court. We came upon it ourselves during a review of the docket. Neither of Mims' filings have a Certificate of Service attached to them.

13. This is official notice of reduction of Claim 16 to ($0.00) zero dollars and zero cents and its withdrawal.

This notice is submitted strictly to clarify and preserve the record, and is not a motion, pleading, or request for judicial relief. It is submitted in full compliance with the Court's prior procedural order restricting pro se filings by certain individuals, and is filed solely on behalf of the dissolved entity.

Dated: 06-04-2025

Respectfully submitted in Good Faith,

John Michael Cohan and David Hughes, Successors-in-interest to MIMS-IPR LLC and Genie Investments LLC (Both Dissolved), without prejudice, UCC 1-308, 1-103

## CERTIFICATE OF SERVICE

Successors-in-interest hereby certify that on this date, successors-in-interest caused true and correct copies of the following documents to be served upon all interested parties via electronic mail:

NOTICE OF WITHDRAWAL AND REDUCTION OF PROOF OF CLAIM NO. 16 TO ZERO WITH SWORN DECLARATION AND OTHER SUPPORTING EXHIBITS

Service of these documents was effectuated by electronic mail to all interested parties.

## EXHIBIT INDEX

**Exhibit A** – UCC Article 9-610 Foreclosure Documents (including but not limited to Notices of Default, Bill of Sale, UCC1, UCC3, UCC5, Parasec Invoice and Receipt, and a Corporate Resolution Changing MIMS-IPR LLC officers—effectively removing Mr. Mims from control of the entity)

**Exhibit B** – Genie Investments LLC to MIMS-IPR LLC Full Loan Agreement - Power of Attorney and ability to foreclose per UCC Article 9 without the signature of the Grantor (Loan Agreement Section 13.2 and Exhibit E of the Loan Agreement—Security Agreement Section 4)

**Exhibit C** – Formation Paperwork of both Genie Investments LLC and Genie Investments NV Inc. Employer Identification Numbers of both Genie Investments LLC and Genie Investments NV Inc.

**Exhibit D** – Dissolution Paperwork - Delaware Cancellation Receipts and Current Entity Details of Genie Investments LLC and Alabama Secretary of State Certificate of Dissolution for MIMS-IPR LLC

**Exhibit E** – Declaration of Authority (executed by David Hughes and John Michael Cohan)