**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

GENIE INVESTMENTS NV INC.,                    Case No.: 3:24-bk-00496-BAJ

    Debtor.                                                            Chapter 7

_____/

**TRUSTEE'S OBJECTION TO AND MOTION FOR PROTECTIVE ORDER FOR WITNESS LIST FILED BY JOHN MICHAEL COHAN AND DAVID HUGHES**

    Aaron R. Cohen, Chapter 7 Trustee (the "Trustee"), by and through his undersigned counsel, pursuant to Rules 9014, 7012, and 7026 of the Federal Rules of Bankruptcy Procedure and Rules 12(f) and 26(c), Federal Rules of Civil Procedure objects in part and moves for a protective order in part for the Witness List (Doc. 364) filed by John Michael Cohan ("Cohan") and David Hughes ("Hughes") and would show the Court as follows:

    1.    On February 19, 2025, the Trustee filed a Motion to Enforce Automatic Stay (Doc. 296) (the "Motion") which is scheduled for an evidentiary hearing on June 24, 2025 pursuant to the Court's March 3, 2025 Order Scheduling Trial (Doc. 317) (the "Trial Order").

    2.    The Trial Order requires the Trustee, Cohan and Hughes (collectively, the "Parties") to file and exchange names, telephone numbers and addresses for witnesses at least 28 days before the June 24, 2025 hearing which was May 27, 2025.

    3.    On June 2, 2025 Hughes and Cohan filed their Witness List (Doc. 364) which included "Raye Elliott, in her individual and official capacity" and "Aaron Cohen, in his individual and official capacity."

    4.    The Trustee has no objection to being listed as a witness and testifying at the hearing in his official capacity as Chapter 7 Trustee, but objects to and moves for a protective

81774706;1

order from being listed as a witness and testifying in his "individual capacity". The Trustee also objects to and moves for a protective order for his attorney, Raye Elliott (the "Trustee's Attorney"), being listed as a witness and testifying in her official capacity as the Trustee's attorney or in her individual capacity.

5. There is no basis to call the Trustee as a witness in his "individual capacity." All actions of the Trustee in this case are taken in his official capacity as Chapter 7 Trustee. A Chapter 7 trustee does not act in his individual capacity when administering a bankruptcy estate and there are no grounds for Hughes and Cohan to call the Trustee as a witness in his individual capacity.

6. Furthermore, there is no basis to call the Trustee's Attorney as a witness at all, either in her official capacity as the Trustee's Attorney and certainly not in her individual capacity. The Trustee's Attorney only acts at the direction of the Trustee and any information sought by Hughes and Cohan regarding this bankruptcy case may be obtained through the Trustee's testimony (in his official capacity). The lawyer for an opponent may be called to testify only if there is a "compelling need." *U.S. v. Tamura*, 694 F.2d 591, 601 (9th Cir. 1982); *U.S. v. Dupuy*, 760 F.2d 1492, 1499 (9th Cir. 1985). *Accord U.S. v. Regan*, 103 F.3d 1072, 1083 (2d Cir. 1997) ("Regan's arguments are entirely without merit. A defendant who wishes to call a prosecutor as a witness must demonstrate a compelling and legitimate reason to do so."). In this case, there is no compelling need for the Trustee's Attorney to testify because any information sought from the Trustee's Attorney can be elicited from the Trustee himself.

7. Furthermore, should the Trustee's Attorney be compelled to testify at the hearing, such testimony would likely lead to her disqualification to represent the Trustee in this case which would create undue hardship on the Trustee and unnecessary expense for the bankruptcy estate. Rule 4-3.7 of the Florida Bar Rules of Professional Conduct prohibits a lawyer from acting as an

advocate in a case in which the lawyer is also a witness. If the Trustee's Attorney is disqualified from representing him in this case, the Trustee would be forced to retain replacement counsel which would cost the bankruptcy estate unnecessary costs and expenses for the replacement counsel to get up to speed on a case that has been pending for 10 months and has several complicated litigation issues/targets in it.

8. Finally, most if not all, of the information Hughes and Cohan might seek from the Trustee's Attorney's testimony would be covered by the attorney/client and/or attorney/work product privilege and not subject to disclosure.

WHEREFORE, Aaron Cohen, Chapter 7 Trustee respectfully requests that the Court prohibit David Hughes and John Michael Cohan from calling the Trustee as a witness in his individual capacity and prohibit David Hughes and John Michael Cohan from calling the Trustee's Attorney, Raye Elliott, as a witness in any capacity and for such other relief as the Court deems just.

Dated: June 10, 2025

AKERMAN LLP

By: */s/ Raye C. Elliott*
Raye C. Elliott, Esq.
Florida Bar Number: 018732
Email: raye.elliott@akerman.com
401 East Jackson Street, Suite 1700
Tampa, FL 33602
Phone: (813) 223-7333
Fax: (813) 223-2837

Attorneys for Aaron R. Cohen, Chapter 7 Trustee

81774706;1

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 10, 2025, I filed a true and correct copy of the foregoing with the United States Bankruptcy Court for the Middle District of Florida using the Court's CM/ECF system, which will serve copies on all counsel of record and a true and correct copy was served by electronic mail to the following who consented in writing to receive service of pleadings at the email address listed below:

| | |
|---|---|
| John Michael Cohan | David Hughes |
| iustusprocessus@outlook.com | iustusprocessus@outlook.com |

/s/ Raye C. Elliott
Attorney