**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

IN RE:
GENIE INVESTMENTS NV, INC.,
Debtor.
Case No. 3:24-bk-00496-BAJ
Chapter 7

## OBJECTION TO TRUSTEE'S POST-TRIAL BRIEF AND CLARIFICATION OF DAVID HUGHES' NON-APPEARANCE FOR MEDICAL REASONS

COMES NOW, David C. Hughes, pro se party-in-interest, and respectfully submits this response and objection to the Trustee's Post-Trial Brief (Doc. 388), specifically to correct a material mischaracterization regarding his appearance and participation in the June 24, 2025, hearing.

1. **Medical Notice and Request for Remote Appearance**
   Contrary to the Trustee's assertion that "Hughes did not attend or participate in the June 24, 2025 trial and therefore was not present to submit evidence" (Doc. 388, p.2), Mr. Hughes properly and timely filed a written Notice of Non-Appearance for Medical Reasons and Remote Availability with the Court on June 23, 2025 (attached hereto as Exhibit A). In that filing, Mr. Hughes clearly informed the Court that he was under medical treatment for a temporary respiratory illness and offered to participate remotely via Zoom or telephone if the Court or Trustee wished to ask questions or clarify matters.
2. **Good Faith and Due Notice**
   Mr. Hughes did not "fail to participate" but rather complied with the duty of notice by informing the Court in good faith of his illness and availability to appear remotely. He neither sought to delay proceedings nor sought independent relief at that hearing but supported co-party John Michael Cohan's arguments while reserving his full rights. The Trustee's suggestion that Mr. Hughes' motions should be summarily denied is unfounded and unfairly prejudicial.
3. **Relief Should Not Be Denied on False Grounds**
   The relief requested by Mr. Hughes, including opposition to the Trustee's enforcement motion and motions for sanctions, should not be denied based on a false presumption of non-participation. Procedural due process demands that such decisions be made on the merits, not by default, especially where the record includes timely notice of illness and a willingness to appear remotely.

**PRAYER FOR RELIEF**

WHEREFORE, David C. Hughes respectfully requests this Court to:

1. Reject any suggestion in the Trustee's Post-Trial Brief that Mr. Hughes failed to appear without justification;
2. Acknowledge Mr. Hughes' timely filing of his remote appearance notice due to medical illness;
3. Ensure Mr. Hughes' motions and arguments are considered on their merits;

4. Grant such other relief as this Court deems just and proper.

**Respectfully submitted,**

*/s/ David C. Hughes II*

David C. Hughes
2812 Pat Tillman Drive
Springfield, IL 62711
Email: davidchoatehughes@gmail.com
Date: July 29, 2025

**Exhibit A** – Notice of Non-Appearance for Medical Reasons and Remote Availability (filed June 23, 2025)

UNITED STATES BANKRUPTCY COURT

MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION

IN RE:

GENIE INVESTMENTS, NV, Inc.,

Debtor.

Case No. 3:24-bk-00496-BAJ

Chapter 7

NOTICE OF NON-APPEARANCE FOR MEDICAL REASONS AND REMOTE AVAILABILITY

PLEASE TAKE NOTICE that Respondent and Party-in-Interest David C. Hughes, while not appearing in person at the June 24, 2025, hearing due to a temporary respiratory illness for which he is currently under medical treatment, will be fully available to participate by Zoom or telephone, should the Court or Trustee have any questions for him.

Respondent does not intend to request separate or independent relief beyond what is being sought by co-principal and in-person party John Michael Cohan.

Respectfully submitted,

*/s/ David C. Hughes II*

David C. Hughes

2812 Pat Tillman Drive

Springfield, IL 62711

Email: davidchoatehughes@gmail.com

Date: June 23, 2025

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
300 N. HOGAN ST., SUITE 3-350
JACKSONVILLE, FL 32202-4267

OFFICIAL BUSINESS

DEBTOR NAME Genie Investments NV

CASE # 3:24-bk-00496-BAJ

EMAIL davidchoatehughes@gmail.com

After Hours