FILED INTAKE USBC
AUG 15 '25 PM2:33

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
In re: Genie Investments NV Inc., Debtor.
Case No. 3:24-bk-00496-BAJ
Chapter 7

**Motion to Reconsider Motion to Seal Address**

I, John Michael Cohan, upon special appearance, as an interested party in this matter, respectfully move this Court for an order sealing my new address in the Court's records pursuant to Federal Rule of Bankruptcy Procedure 9037 (Privacy Protection for Filings) and 11 U.S.C. § 107(b) (Protection of Sensitive Information).

GROUNDS FOR RELIEF

1. Necessity of Confidentiality – My new address is required to receive Court notices and official correspondence but must remain confidential due to a documented history of abuse, harassment, and misuse of personal information by opposing parties or associated individuals. (Exhibit A)

2. Risk of Harm – Public disclosure of this address would pose a substantial risk of harassment, intimidation, or physical harm, warranting protection under Federal Rule of Civil Procedure 5.2(d) (incorporated by Federal Rule of Bankruptcy Procedure 9037) and In re Knoxville News-Sentinel Co., 723 F.2d 470 (6th Cir. 1983) (recognizing privacy interests where disclosure could lead to harm). The potentional harm is further described in Exhibit B, Honorable Judge Patricia Barksdale's order granting the address to be sealed.

3. Legal Basis for Sealing – Courts have inherent authority to restrict public access to sensitive information where "the interest in privacy or confidentiality outweighs the presumption of public access" (*Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). Bankruptcy courts, in particular, may seal records under 11 U.S.C. § 107(b) when justice so requires.

REQUESTED RELIEF

I respectfully request that the Court:

- Seal my new address in all Court records, limiting access solely to the Court and its authorized personnel.
- Direct all official correspondence to the sealed address while maintaining its confidentiality from opposing parties and the public.
- Permit service of process via the sealed address, ensuring compliance with due process while safeguarding my privacy.

CONCLUSION

For the reasons stated above, and in the interest of justice and personal safety, I respectfully request that this Motion be granted.

Dated: 08-15-2025

Respectfully submitted in Good Faith,

John Michael Cohan, without prejudice, without recourse, UCC 1-308, 1-103

Certificate of Service

I hereby certify that all interested parties have been duly served a copy of the following documents by the CM/ECF system.

Exhibit A
Active Restraining Order -- *This restraining order was violated during 341 meetings in this very proceeding on three (3) separate occasions.*

Exhibit B
Order from Other Court granting sealed address request.

# EXHIBIT A

P-0851
Rev. 02/2022

**Foreign Order of Protection Affidavit**

Jacksonville Sheriff's Office

**IN THE CIRCUIT COURT, FOURTH JUDICIAL CIRCUIT, IN AND FOR DUVAL COUNTY, FLORIDA**

Petitioner
John Michael Cohen

vs.

Respondent
Peace Ayelo Ekitz

**Foreign Order of Protection Affidavit**

Pursuant to 741.315, Florida Statutes, [Name of affiliant] personally appeared and being duly sworn states the following:

1. My name is John Michael Cohan. I am of sound mind and over the age of eighteen.

2. Further, I am a protected person who has presented a certified copy of a foreign order of protection to the Office of the Sheriff and requests that the same be registered in the injunction registry. The foreign order of protection is from the State of New Jersey, in the court ________, with case number V-04-002494-22 / FD-04-180-22. The foreign order is currently in effect as written and has not been superseded by any other order.

3. The foreign order of protection was issued on 3-3-22.

4. To the best of my knowledge (choose one):

______ respondent was served with the order of protection because I was present at time of service;

______ respondent told me that he or she was served;

______ another named person told me respondent was served; or,

______ respondent told me that he or she knows of the content of the order and date of the return hearing.

I hereby certify under penalty of perjury, that I have read the foregoing and that the statements and facts in this order are true and correct to the best of my knowledge and belief.

5-29-25
Date

[signature] without prejudice UCC 1-308, 1-1[...]
Signature

Affiant (print name) John Michael Cohan
Agency: Jacksonville Sheriff's Office

Sworn to and signed before me this 29 day of May, 2025 by the aforementioned Affiant [___] who is personally known to me or [X] who has produced John M. Cohan as identification.

Signature: [signature] #73983 [__] Judge or [X] Police Officer or [__] Notary

Maurice Greene (Printed Name)

**State of New Jersey**

**Prevention of Domestic Violence Act**

CAMDEN **County, Superior Court, Chancery Division, Family Part**

☑ **Final Restraining Order (FRO)** ☐ **Amended Final Restraining Order**

| Docket Number | Plaintiff's Date of Birth | Defendant's Sex | Defendant's Race |
|---|---|---|---|
| FV-04-002494-22 | [redacted] | F | BLACK |

| In the Matter of Plaintiff | Defendant's Social Security Number | Date of Birth | Height | Weight |
|---|---|---|---|---|
| COHAN JOHN M | XXX-XX-3105 | 01/15/1993 | 5 07 | 120 |

| Defendant | Eye Color | Hair Color |
|---|---|---|
| FREEDOM PEACE M | BROWN | BROWN |

| Home Phone Number | Work Phone Number | Distinguishing Features (Scars, Facial Hair, Etc.) |
|---|---|---|
| ********** | ********** | |

| Home Address | Driver's License Number |
|---|---|
| *** CONFIDENTIAL *** | E496[redacted] |

| Work Address | State | Driver's License Expiration Date |
|---|---|---|
| *** CONFIDENTIAL *** | | |

The Court having considered plaintiff's Complaint dated 02/10/2022 seeking an ORDER under the Prevention of Domestic Violence Act, having established jurisdiction over the subject matter and the parties pursuant to *N.J.S.A.* 2C:25-17 et seq., and having found that defendant has committed an act of domestic violence, and all other statutory requirements having been satisfied:

It is on this 03 day of March 2022, ORDERED that:

**Sought Granted Part I - Relief**

**DEFENDANT:**

1. ☑ ☑ You are prohibited against future acts of domestic violence.
2. ☑ ☑ You are barred from the following locations:
   - ☑ **Residence(s) of Plaintiff** ☑ **Place(s) of employment of Plaintiff**
   - ☐ Other
3. You are prohibited from having <u>any</u> oral, written, personal, electronic, or other form of contact or communication with:
   - ☑ ☑ Plaintiff
   - ☐ ☐ Other(s) (List names & relationship to Plaintiff):
4. You are prohibited from making or causing anyone else to make harassing communications to:
   - ☑ ☑ Plaintiff
   - ☐ ☐ Other(s) (Same as above or list names & relationship to Plaintiff):
5. You are prohibited from stalking, following, or threatening to harm, to stalk or to follow:
   - ☑ ☑ Plaintiff
   - ☐ ☐ Other(s) (Same as above or list names & relationship to Plaintiff):
6. You must pay emergent monetary relief (describe amount and method):
   - ☐ ☐ Plaintiff: $ ________ Effective: ________
   - ☐ ☐ Dependents: $ ________ Effective: ________
7. ☐ ☐ Other appropriate relief:
   Defendant (including substance abuse, mental health or other evaluations and subsequent treatment):
8. ☑ ☑ Psychiatric evaluation:
   DEF MUST COMPLETE PSYCHIATRIC EVALUATION AND DCP&P EVALUATION BEFORE APPLYING FOR UNSUPERVISED PT
9. ☐ ☐ Intake monitoring of conditions and restraints (specify):

**NOTICE TO DEFENDANT:** A violation of any of the provisions listed in this order may constitute either civil or criminal contempt pursuant to *N.J.S.A.* 2C:25-30 and may result in your arrest, prosecution, and possible incarceration, as well as an imposition of a fine or jail sentence. **Only a court can modify any of the terms or conditions of this court order.**

**Prevention of Domestic Violence Act**

☑ **Final Restraining Order (FRO)** ☐ **Amended Final Restraining Order** **FV-04-002494-22**

**Sought Granted** **Part I - Relief** continued

**DEFENDANT:**

10. ☑ ☑ **PROHIBITIONS AGAINST POSSESSION OF WEAPONS:** You are prohibited from possessing **any and all fire-arms or other weapons** and must immediately surrender these firearms, weapons, permits to carry, applications to purchase firearms and firearms purchaser ID card to the officer serving this court Order. Failure to do so can result in your arrest and incarceration.

Other Weapon(s) (describe) NONE PERMITTED

**PLAINTIFF:**

11. ☑ ☑ You are granted exclusive possession of (residence or alternate housing, list address only if specifically known to defendant):

[REDACTED]

12. ☑ ☑ Plaintiff is granted temporary custody of (specify name(s)):
[REDACTED] PURSUANT TO FD-04-180-22

13. ☐ ☐ Other appropriate relief:
Plaintiff (describe)

Child(ren) (describe)

**LAW ENFORCEMENT OFFICER**

You are to accompany to scene, residence, shared place of business, other (indicate address, time, duration & purpose):

☐ ☐ Plaintiff:

☐ ☐ Defendant:

**WARRANT TO SEARCH FOR AND TO SEIZE WEAPONS FOR SAFEKEEPING**

☐ ***To any law enforcement officer having jurisdiction -*** *this Order shall serve as a warrant to search for and seize any issued* permit to carry a firearm, application to purchase a firearm and firearms purchaser identification card issued to the defendant and the following firearm(s) or weapon(s).

1. **You are hereby commanded to** search the premises for the above described weapons and/or permits to carry a firearm, application to purchase a firearm and firearms purchaser ID card and to serve a copy of this Order upon the person at the premises or location described as:

2. **You are hereby ordered** in the event you seize any of the above described weapons, to give a receipt for the property so seized to the person from whom they were taken or in whose possession they were found, or in the absence of such person to have a copy of this Order together with such receipt in or upon the said structure from which the property was taken.

3. You are to execute this Order immediately or as soon thereafter as is practicable.
☐ *Anytime* ☐ *Other:* ______________________

4. **You are further ordered,** after the execution of this Order, to promptly provide the Court with a written inventory of the *property seized per this Order.*

**NOTICE TO DEFENDANT:** A violation of any of the provisions listed in this order may constitute either civil or criminal contempt pursuant to *N.J.S.A.* 2C:25-30 and may result in your arrest, prosecution, and possible incarceration, as well as an imposition of a fine or jail sentence. **Only a court can modify any of the terms or conditions of this court order.**

☑ **Final Restraining Order (FRO)** ☐ **Amended Final Restraining Order** **FV-04-002494-22**

**Sought Granted** **Part II - Relief**

**DEFENDANT:**

1. ☐ ☐ You acknowledge parentage of: ______
2. ☐ ☐ You must submit to genetic testing: ______
3. ☐ ☐ No parenting time (visitation) until further order; ______
4. ☐ ☐ Parenting time (visitation) pursuant to (prior FV, FM, or FD Order) # --- ______ is suspended, a hearing is scheduled for: ______
5. ☑ ☑ Parenting time (visitation) is ordered as follows: (specify drop-off and pick-up times and locations, participation of or supervision by designated third party):
PURSUANT TO FD-04-180-22, DEF SHALL ENJOY SUPERVISED PARENTING TIME BY DEF'S FATHER, JETHRO EKUTA; PARENTING TIME TO BE ARRANGED BETWEEN PLA AND DEF'S FATHER
6. ☐ ☐ Risk assessment ordered (specify by whom): ______ Return Date: ______
7. ☐ ☐ You must provide compensation as follows: (Appropriate notices have been attached as part of this Order):
   - ☐ ☐ Emergent support - Plaintiff: $ ______
   - ☐ ☐ Emergent support - Dependent(s): $ ______
   - ☐ Interim support - Plaintiff: $ ______
   - ☐ Interim support - Dependent(s): $ ______
   - ☐ ☐ Ongoing Plaintiff support: $ ______ Effective: ______
     Paid via income withholding through the: ______ Probation Div. ______
   - ☐ ☐ Other: ______
   - ☐ ☐ Ongoing child support: $ ______ Effective: ______
     Paid via income withholding through the: ______ Probation Div. ______
   - ☐ ☐ Other: ______
8. ☐ ☐ Medical coverage for plaintiff: ______
9. ☐ ☐ Medical coverage for dependent(s): ______
10. ☐ ☐ Compensatory damages to plaintiff: $ ______
11. ☐ ☐ Punitive damages (describe): $ ______
12. ☐ ☐ You must pay compensation to (specify third party and/or VCCO, and describe):
13. ☐ ☐ You must participate in a batterers' intervention program (specify):
14. ☐ ☐ You must make ☐ rent ☐ mortgage payments (specify amount(s) due date(s) and payment manner):
15. ☐ ☐ Defendant is granted temporary possession of the following personal property (describe):
16. ☐ ☐ Defendant is granted temporary custody of (specify name(s)):

☑ **You must submit to fingerprinting and other identification procedures as required by law pursuant to *N.J.S.A.* 53:1-15.**

☐ You must pay a civil penalty of $ ______ ($50.00 to $500.00 per *N.J.S.A.* 2C:25-29) to: ______ within ______ days. You will be charged a $2.00 transaction fee for each payment or partial payment that you make.

☑ Waived due to extreme financial hardship because: PER JUDGE'S ORDER

**Sought Granted**

**PLAINTIFF:**

17. ☐ ☐ Plaintiff is granted temporary possession of the following personal property (describe):

**NOTICE TO DEFENDANT:** A violation of any of the provisions listed in this order may constitute either civil or criminal contempt pursuant to *N.J.S.A.* 2C:25-30 and may result in your arrest, prosecution, and possible incarceration, as well as an imposition of a fine or jail sentence. **Only a court can modify any of the terms or conditions of this court order.**

☑ Final Restraining Order (FRO) ☐ Amended Final Restraining Order FV-04-002494-22

**Comments:**
THE DEFENDANT WAS PRESENT AT THE TIME THE FRO/AFRO WAS ISSUED ON 03/03/2022

**Addendum:**

This Order is to become effective immediately and shall remain in effect until further Order of the Superior Court, Chancery Division, Family Part.

03/03/2022 10:26 AM
Date

s/ LINDA W. EYNON
Honorable

## All Law Enforcement Officers Will Serve and Fully Enforce This Order.
## The Plaintiff Shall Not Be Arrested for a Violation of This Restraining Order.

- **This Final Restraining Order Was Issued After Defendant Was Provided with Notice and the Opportunity to Be Heard and Should Be Given Full Faith and Credit Pursuant to the Violence Against Women Act of 1991, Sec. 40221, Codified at 18 U.S.C.A. S2265(A) and S2266.**
- **If Ordered, Sufficient Grounds Have Been Found By This Court for the Search and Seizure of Firearms and Other Weapons as Indicated in This Court Order.**
- **Defendant Shall Not Be Permitted to Possess any Weapon, ID Card or Purchase Permit While This Order Is in Effect, or for Two Years, Whichever Is Greater.**

### Notice to Plaintiff and Defendant

**IMPORTANT:** The parties cannot themselves change the terms of this Order on their own. This Order may only be changed or dismissed by the Family Court. The named defendant **cannot** have any contact with the plaintiff without permission of the court. If you wish to change the terms of this Order and/or you resume living together, you **must** appear before this court for a rehearing.

### Notice to Defendant

A violation of any of the provisions listed in this Order or a failure to comply with the directive to surrender all weapons, firearm permits, application or identification cards may constitute criminal contempt pursuant to *N.J.S.A.* 2C:29-9(b), and may also constitute violations of other state and federal laws which can result in your arrest and/or criminal prosecution. This may result in a jail sentence.

### Return of Service

☑ Plaintiff was given a copy of the Order by:

| Print Name | Time and Date | Signature / Badge Number / Department |
|---|---|---|
| SERVED IN COURT B.SMITH | 10:28 AM 03/03/2022 | CAMDEN COUNTY FAMILY COURT |

☑ I hereby certify that I served the within Order by delivering a copy to the defendant personally:

| Print Name | Time and Date | Signature / Badge Number / Department |
|---|---|---|
| SERVED IN COURT B.SMITH | 10:26 AM 03/03/2022 | CAMDEN COUNTY FAMILY COURT |

☐ I hereby certify that I served the within Order by use of substituted service as follows:

| Print Name | Time and Date | Signature / Badge Number / Department |
|---|---|---|
| | | |

☐ Defendant could not be served (explain):

| Print Name | Time and Date | Signature / Badge Number / Department |
|---|---|---|
| | | |

**The Courthouse is accessible to those with disabilities. Please notify the Court if you require assistance.**

Distribution: Family Part, Plaintiff, Defendant, Sheriff, Other

# EXHIBIT B

United States District Court
Middle District of Florida
Jacksonville Division

**JOHN MICHAEL COHAN,**

***Plaintiff,***

**v.** **NO. 3:25-cv-643-WWB-PDB**

**JUDGE JASON L. CALHOUN ET AL.,**

***Defendants.***

---

## Order

The plaintiff moves for leave to place his address under seal and for a protective order "preventing public disclosure of said address." Doc. 8. As the grounds for the motion, he represents these facts:

> The undersigned has been the subject of stalking, harassment, and intimidation directly tied to information obtained from public U.S. Middle District court dockets. An individual against whom a restraining order (from the State of New Jersey and a Foreign order of Protection recorded with the Jacksonville Sheriff's Office ...) has been issued has already appeared—uninvited and telephonically—at several federal courthouse proceedings ... after monitoring public filings. This presents a credible and ongoing threat to the safety of the undersigned and their minor child.

Doc. 8 at 1 (error in original).

The plaintiff includes with the motion a copy of the foreign order of protection affidavit, an email from a law firm regarding a copy of the final restraining order, and a copy of the final restraining order issued in New

Jersey. Doc. 8-1. He also moves for leave to file the issued summonses under seal because they contain his address. Doc. 12.

Under Local Rule 1.11(b), a motion to seal must establish that filing the item is necessary; that sealing the item is necessary; and that using redaction, a pseudonym, or a means other than sealing is unavailable or unsatisfactory; must include a legal memorandum; and must propose a duration for the seal.

In determining whether a paper should be sealed, a court's discretion is guided by the presumption of public access. *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013). The presumption applies to any papers invoking judicial resolution on the merits. *F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54, 63–64 (11th Cir. 2013).

The presumption is not absolute; a court must consider the nature and character of the information and balance the public's right of access against a party's interest in confidentiality. *Perez-Guerrero*, 717 F.3d at 1235. The balancing depends on the facts and circumstances. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978). Factors may include whether allowing public access would impair court functions or harm legitimate privacy interests, the degree and likelihood of injury if the documents are made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less restrictive alternative to sealing. *Romero v. Drummond Co.*, 480 F.3d 1234, 1246 (11th Cir. 2007).

If the presumption does not apply, the court conducts an ordinary good-cause analysis. *In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 355–56 (11th Cir. 1987).

Rule 5.2, Federal Rules of Civil Procedure, protects privacy:

> (a) REDACTED FILINGS. Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:
>
> (1) the last four digits of the social-security number and taxpayer-identification number;
>
> (2) the year of the individual's birth;
>
> (3) the minor's initials; and
>
> (4) the last four digits of the financial-account number.

Fed. R. Civ. P. 5.2(a). "For good cause, the court may by order in a case: (1) require redaction of additional information; or (2) limit or prohibit a nonparty's remote electronic access to a document filed with the court." Fed. R. Civ. P. 5.2(e).

Because the papers do not invoke judicial resolution on the merits, the good-cause standard applies. Considering the plaintiff's alleged safety concerns, the plaintiff shows good cause. The motion for leave to file the plaintiff's address under seal and for a protective order, Doc. 8, is **granted** to the extent that the clerk is directed to redact the plaintiff's mailing address from the motion and leave the address off the public docket. Because the plaintiff does not request sealing the motion itself, after redacting the plaintiff's address, the clerk must unseal the motion, Doc. 8. The motion for leave to file the issued summonses under seal, Doc. 12, is **granted** to the extent that the clerk's office is directed to redact the plaintiff's address from the issued summonses, Doc. 12-1, unseal the summonses, and file the summonses as separate docket entries. The plaintiff is responsible for redacting his address

from any future filings. To comply with Rule 11(a), Federal Rules of Civil Procedure, he must file an unredacted version under seal and a redacted version on the public docket.

For future motions, the plaintiff must comply with the typography requirements in Local Rule 1.08, as supplemented by the standing order entered on January 13, 2021, available on the Court's website, https://www.flmd.uscourts.gov/sites/flmd/files/documents/flmd-berger-standing-order-on-revised-local-rules-6-21-mc-3-orl-78.pdf. *See also* Doc. 4 at 1 (directing the plaintiff to comply with the standing order); Doc. 5 (same).

**Ordered** in Jacksonville, Florida, on July 10, 2025.

Patricia D. Barksdale
*United States Magistrate Judge*

c: John Michael Cohan