**ORDERED.**

Dated: September 05, 2025

_____
Jason A. Burgess
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

GENIE INVESTMENTS NV INC.,                    Case No.: 3:24-bk-00496-BAJ

　　　　Debtor.                                           Chapter 7
_____/

**ORDER DENYING WITH PREJUDICE EMERGENCY MOTION**
**TO STAY ALL PROCEEDINGS AND OUTSIDE LITIGATION**

　　　　This Case came before the Court for hearing on August 25, 2025, on the *Emergency Motion to Stay All Proceedings and Outside Litigation* (the "Motion to Stay") (Doc. 394), filed by David Hughes, and the *Objection to the Motion to Stay* (the "Objection") (Doc. 411), filed by the United States Trustee (the "Trustee").  By the Motion, Mr. Hughes primarily seeks an extension of the automatic stay as to the pending litigation in the Eastern District of Louisiana.  Mr. Hughes seeks this relief to shield himself and his companies from liability; in essence a co-debtor stay.  As stated at the hearing, the Court has no authority in the context of a Chapter 7 case to issue the relief sought by Mr. Hughes.  The Court reaches this conclusion based on the following: (i) the Debtor is in Chapter 7 to liquidate the business, and Mr. Hughes has no authority to act on behalf of the

Debtor since the conversion of the case,[1] (ii) Mr. Hughes filed a Motion for Court Recognition of Resignation as Debtor Representative, which the Court granted in part (Doc. 380), and (iii) the active litigation in Louisiana is against non-debtors.[2] The Court also notes that in the *limited* circumstances in which the Court may grant a stay, the request is made on behalf of the Debtor.[3] For these reasons, and because there is no co-debtor stay in a Chapter 7, the Court will deny the Motion to Stay with prejudice.[4] Accordingly, it is

**ORDERED:**

The Motion to Stay, with respect to all relief sought, is Denied with Prejudice.

---

[1] Upon a Chapter 7 trustee's appointment, the trustee assumes control of the business, resulting in the directors of the debtor being "completely ousted." Commodity Futures Trading Comm'n v. Weintraub, 471 U.S. 343, 352–53 (1985).

[2] The court presiding over the litigation in Louisiana recognized the matters pending before it are solely against non-debtors.

[3] For similar reasons already stated, Mr. Hughes' request to stay all proceedings and hearings in the bankruptcy case will also be denied with prejudice.

[4] See In re HCP Sys., LLC, 619 B.R. 479, 483 (Bankr. D.N.M. 2020); In re Mohr, 538 B.R. 882, 888 (Bankr. S.D. Ga. 2015).