## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re:

GENIE INVESTMENTS NV INC.,                    Case No.: 3:24-bk-00496-BAJ

            Debtor.                              Chapter 7

_____/

### TRUSTEE'S MOTION TO COMPROMISE CLAIMS
### WITH CALD HOLDINGS, LLC AND CALEB DAVIS

---

**NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**

If you object to the relief requested in this paper you must file a response with the Clerk of Court at 300 North Hogan Street, Suite 3-150, Jacksonville, Florida 32202 within twenty-one (21) days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.

---

Aaron R. Cohen, Chapter 7 Trustee, (the "Trustee"), by and through his undersigned counsel, moves the Court pursuant to Fed. R. Bankr. P. 9019 for an order approving the compromise of claims by and between the Trustee and Cald Holdings, LLC, a Florida limited liability company ("Cald"), and Caleb Davis ("Davis"). In support thereof, the Trustee states as follows:

### I.    Background

1. On February 21, 2024 (the "Petition Date"), Genie Investments NV Inc. (the "Debtor") filed a Voluntary Petition for Relief (Doc. 1) under Chapter 11 of Title 11 of the United

States Code in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division, in the case styled *In re Genie Investments NV Inc.*, Case No: 3:24-bk-00496-BAJ (the "Bankruptcy Case").

2. On August 12, 2024, the Bankruptcy Case was converted to a Chapter 7 liquidation case and the Trustee was appointed to administer the Debtor's estate (Doc. 207).

3. Since his appointment, the Trustee has investigated the Debtor's assets and affairs. As a result of that investigation, the Trustee has concluded that the Debtor made certain transfers he alleges are subject to avoidance.

4. On September 5, 2022, the Debtor and Cald entered into a Loan Agreement (the "Loan Agreement") for a loan of up to $1.5 million by the Debtor to Cald. The Loan Agreement provided that the loan would accrue interest at only .1% per year and that the loan would be repaid in the form of one balloon payment on December 5, 2029. The Loan Agreement was not secured by any collateral and gave Cald the sole right to extend the term of the loan for an additional 10 years.

5. Between September 16, 2022, and July 28, 2023, the Debtor transferred a net total of $517,108.87 to Cald (the "Transfers").

6. Davis is the sole member of Cald.

7. On February 6, 2025, the Trustee filed an adversary proceeding Complaint against Cald, among others, styled *Aaron C. Cohen, Chapter 7 Trustee v. Zoomeral, Inc., et al.*, Adversary Proceeding Number 3:25-ap-00011-BAJ (the "Adversary Proceeding") seeking avoidance and recovery of the Transfers as actual and constructively fraudulent transfers.

2

8.     Cald filed an Answer (Adv. Doc. 26) in the Adversary Proceeding on March 31, 2025.  Cald alleges that the Transfers were commissions earned by Davis for his work for the Debtor.

## II.     Terms of Compromise

9.     The Trustee, Cald, and Davis (collectively, the "Parties") have agreed to a compromise of claims related to the Adversary Proceeding (the "Compromise") which is set forth in the Settlement Agreement attached hereto and incorporated herein as **Exhibit A**. The Settlement Agreement contains the full Compromise but the primary terms are as follows:

  a.     Davis shall pay the total sum of $30,000 (the "Settlement Payment") to the Trustee as full and complete settlement of the Adversary Proceeding within ten (10) days after entry of an order approving this Settlement Agreement by the Bankruptcy Court;

  b.     Cald will stipulate to a judgment in the Adversary Proceeding in the full amount of the Transfers;

  c.     Davis provided an Affidavit of Financial Condition attesting to all of his assets and liabilities under penalty of perjury and, if the Trustee should subsequently learn that any information in the Affidavit is materially false or that any assets were omitted from the Affidavit, the Trustee's release of Davis is null and void and the Trustee may pursue Davis for the full amount of the Transfers; and

  d.     If Davis fails to timely make the Settlement Payment, then after ten (10) days written notice to Davis's counsel and Davis's failure to cure within

82707553;2

that ten (10) day period, Davis agrees that the Trustee may file an amended complaint in the Adversary Proceeding to include Davis as a defendant and Davis consents to entry of a judgment against him personally in the Adversary Proceeding for the full amount of the Transfers.

10.     The Settlement Payment shall be property of the bankruptcy estate and shall be free and clear of all liens, claims, and encumbrances, and distributed by the Trustee in accordance with 11 U.S.C. § 726.

### Trustee's Reasons for the Compromise

11.     The Trustee believes that the Compromise is in the best interests of the estate and its creditors due to the costs and time involved in litigating the Adversary Proceeding and the prospects of payment of any judgment by Cald and Davis.

12.     First, litigating the Adversary Proceeding would cost the estate significant attorneys' fees and costs. The Trustee would have to first obtain a judgment against Cald and then most likely file a separate lawsuit against Davis for fraudulent transfers. As with any litigation, it is not certain that the Trustee would prevail against Cald in the Adversary Proceeding or against Davis in a subsequent lawsuit.

13.     Further, if the Trustee obtained a judgment against Cald and Davis for the full amount of the Transfers, it is not likely that the Trustee would be able to recover payment of the judgment from Cald and Davis.

14.     First, Cald is a dissolved limited liability company with no assets. Counsel for the Trustee reviewed bank statements and tax returns for Cald which were provided by Cald and also took a deposition of Davis. The bank statements and Davis's testimony at the deposition show that the Transfers received by Cald were spent on personal expenses of Davis and his family (including

4

two family vacations for extended members of the Davis family), donations of athletic equipment to the small private school where Davis was employed while he was also employed by the Debtor, donations to his church, the purchase of a life insurance policy for Davis's wife, and investments which did not yield any returns and for which the investment was lost. All of the Transfers received by Cald have been spent or transferred to third parties.

15.     Next, Davis provided financial records to the Trustee which established that Davis's only assets are his homestead real property, one four-year old vehicle owned jointly with Davis's wife, one checking account owned jointly with Davis's wife with relatively small balances within the past year, and very small balances in accounts at Robinhood and Coinbase. Davis is employed as a regional account manager for a building products company with a modest annual salary. Davis's wife is not employed and therefore Davis is the sole source of support for himself, his wife, and his two minor children.

16.     Davis provided an Affidavit of Financial Condition to the Trustee as part of the Settlement Agreement attesting under penalty of perjury to his current assets and liabilities. The Settlement Agreement provides that if the Trustee subsequently learns that any information in the Affidavit is materially false or that any of Davis's assets were omitted from the Affidavit, the Trustee's release of Davis in the Settlement Agreement is null and void and the Trustee may pursue Davis for the full amount of the Transfers and retain the Settlement Payment.

17.     Based on the documents produced by Davis and the Affidavit of Financial Condition, the Trustee reasonably believes that, if he obtained a judgment against Davis for the full amount of the Transfers, Davis has very few, if any, non-exempt assets upon which the Trustee could execute to satisfy a judgment.

## Standard of Review

18.     Bankruptcy Rule 9019(a) provides, in pertinent part, that "[o]n motion by the trustee after notice and a hearing, the court may approve a compromise or settlement."  Fed. R. Bankr. P. 9019(a). The standard in this Circuit for approving a compromise or settlement is set forth in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990). The Eleventh Circuit explained that bankruptcy courts must consider the following factors in evaluating a proposed settlement:

    b.  The probability of success in the litigation;
    c.  The difficulties, if any, to be encountered in the matter of collection;
    d.  The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
    e.  The paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id.* at 1549.

19.     The Trustee has considered each of the *Justice Oaks* factors and has concluded that the Compromise adequately balances the risks of litigation, eliminates the related expense and delay, and helps ensure that the Estate will realize $30,000. Therefore, the Trustee, in exercising his business judgment, believes approval of the Compromise is in the best interest of the creditors and the bankruptcy estate.

82707553;2

WHEREFORE, Aaron R. Cohen, Chapter 7 Trustee, respectfully requests the Court enter an Order approving this Compromise substantially in the form attached as **Exhibit B** and granting such other and further relief as the Court deems just and proper.

Dated: September 16, 2025                    AKERMAN LLP

By: /s/ *Raye C. Elliott*
Raye C. Elliott, Esq.
Florida Bar Number: 018732
Email: raye.elliott@akerman.com
401 East Jackson Street, Suite 1700
Tampa, FL 33602
Phone:  (813) 223-7333
Fax:  (813) 223-2837

*Attorneys for Aaron R. Cohen, Chapter 7 Trustee*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 16, 2025, I filed a true and correct copy of the foregoing with the United States Bankruptcy Court for the Middle District of Florida using the Court's CM/ECF system, which will serve copies on all counsel of record and that a true and correct copy of the foregoing was sent by U.S. Mail, postage prepaid and properly addressed to all creditors who hold claims for which a proof of claim has been filed, creditors, if any, that are still permitted to file claims by reason of an extension granted pursuant to Fed. R. Bankr. P. 3001(c)(1) or (c)(2), and parties who have filed a request for notice pursuant to section (f) of Local Rule 2002-1, as listed on the attached matrix.

*/s/ Raye C. Elliott*
Attorney

7

Label Matrix for local noticing
113A-3
Case 3:24-bk-00496-BAJ
Middle District of Florida
Jacksonville
Tue Sep 16 15:23:39 EDT 2025

Corey D. Boddie
40 Exchange Place, Suite 1800
New York, NY 10005-2716

20Twenty Development LLC
494 N Emery Ave
Orem, UT 84057-3708

A Complete Home Inspection LLC
110 Velsco Lane
Port Sulphur, LA 70083-2362

ALV Capital LLC
c/o Strauss Law Group PLLC
264 South River Road, Box 552
Bedford, NH 03110-7058

AMRODDO HOLDINGS, LLC
625 WOODMONT AVE
BERKELEY, CA 94708-1233

Acres & Royalty LLC
P.O. Box 1087
Ruston, LA  71273-1087

Alere LLC
1530 E. Williams Field Rd 201
Gilbert, AZ 85295-1825

Another Chance Group Home Inc
54 N Vista Ave
Casa Grande, AZ 85122-3193

Anvil Construction Inc.
470 N Main St
Brigham City, UT  84302
Brigham City, UT 84302-1858

Archer Capital Investments LLC / Michael Tho
1448 W. Salmon Caddis Dr.
1448 W. Salmon Caddis Dr.
Bluffdale, UT 84065-5122

Autonomous Drone Solutions DBA Calaway Solut
2121 Brittmoore 2200
Houston, TX 77043-2220

(p)BELLE MAISON REALTY  LLC
ATTN LEA MUSE
1133 E 83RD ST
171
CHICAGO IL 60619-6455

Bild Credit LLC
30 N Gould Street 30212
Sheridan, WY 82801-6317

Braces at Brick, PA - Dr John Young
900 Cedar Bridge Ave Ste B15
Brick, NJ 08723

Brian Bevan
282 East 300 South
SMITHFIELD, UT 84335-1636

Brooklyn Heights
307 N Lincoln Street
307 N Lincoln Street
Tallulah, LA 71282-4314

Bull & Bear Properties LLC
1140 E 87th Street
Chicago, IL 60619-7012

Business Live Global USA LLC
4538 Walnut Ridge Circle
4538 Walnut Ridge Circle
McDonald, PA 15057-1608

Charles Blake Stringer/Nutra-AcresLLC
149 South Shore Drive
Amarillo, TX 79118-8007

Cobb Utilities Inc.
191 Honeysuckle Circle NE.
Ranger, GA 30734-6792

Cool Beanz, LLC
143 West Fulton Street
Sanford, FL 32771-1218

Dajo Properties LLC
11360Chestnut Tree Rd
Honey Brook, PA 19344

Darnell Development
1118 N Chinowth
VISALIA, CA 93291-7896

Faith Investors Services LLC
1522 4th Ave
Asbury Park, NJ 07712-4962

Foster Group LLC
2539 N 300 E
Lehi, UT 84043-4403

Global Verse Holdings LLC
1709 Vintage Lane
Wylie, TX 75098-0816

Heliosun LLC DBA Odin
1600 S Litchfield Rd 230A
Goodyear, AZ 85338

Hospitality Growth Capital LLC
c/o Strauss Law Group PLLC
264 South River Road, Box 552
Bedford, NH 03110-7058

Internal Revenue Service
PO Box 7346
Philadelphia, PA  19101-7346

Jimmy D Chambers, CPA
7200 Hwy 87 N
Orange, TX 77632-9275

Knut LLC
697 N 740 E
Lehi UT 84043-1300

Latent Lending, LLC
Latent Wealth Group, LLC
Mark Steiner
302 N. Abajo Peak Way, UT 84032

Legacy Land Developers LLC
1651 W 100th St
CHICAGO, IL 60643-2128

Limitless Investment Group, LLC
3855 south
500 West Unit B
Salt Lake City, UT 84115

Log Cabin Building LLC
289 Parker Drive
Pittsburgh, PA 15216-1346

MIMS-IPR, LLC
1627 7th St S
Clanton, AL 35045-8786

McMann Commercial Lending LLC
c/o David E. Cohen
SWK Attorneys at Law
500 Skokie Blvd., Ste 600
Northbrook, IL 60062-2831

Meetopolis LLC
Attn: Lisa Butkiewicz
5434 E Kathleen Road
Scottsdale, AZ 85254-1759

Michael Calvitto, H&M Essential Services LLC
15714 Torry Pines Rd.
Houston, TX 77062-4512

Michael Thompson
1448 W Salmon Caddis Dr
Bluffdale, UT 84065-5122

Moser Holdings, LLC
537 S. 150 E.
Smithfield, UT 84335-1654

N2N Group, Inc
5 Webb Hill Road
Great Neck, NY 11020
Attention: Michelle Chen
Great Neck, NY 11020-1118

NCR Digital Corp
237 Floyd Road
Shirley, NY 11967-2941

New Mount Olive Church
2905 Macfarlane Crescent
2905 Macfarlane Crescent
Flossmoor, IL 60422-1427

North Haven Lodging Partners LLC
Benjamin J. Morris, c/o Foley & Lardner
11988 El Camino Real, Suite 400
San Diego, CA 92130-2594

Nortical Capital Inc
921 E. Parker Street 1
Lakeland, FL 33801-1901

Nutre Leasing LLC
c/o Strauss Law Group PLLC
264 South River Road, Box 552
c/o Strauss Law Group PLLC, 264 South Ri
Bedford, NH 03110-7058

Office of the United States Trustee
400 West Washington Street
Suite 1100
Orlando, FL 32801-2440

Onsite lifecare Inc
23 dora lane
Holmdel, NJ 07733-1624

Relco Industries LLC and Richard L Ellison
75 Lambert Avenue
Clifton, NJ 07013-1254

Rolling By The Dozen RV Park LLC
40 Country Road 267
Somerville, TX 77879-5208

Rowehl & Russo Properties LLC.
237 Floyd Rd
Shirley, NY 11967-2941

S&L Zeppeteli DBA SLZ Waste Inc
191 Moonachie Road
Moonachie, NJ 07074-1309

Seiler Tucker Inc
400 Poydras Suite 1460
New Orleans, LA 70130-3260

Solace Realty Concepts LLC
112 Lehigh Ave
Newark, NJ 07112-2036

Solar Capital Funding LLC
c/o Strauss Law Group PLLC
264 South River Road, Box 552
c/o Strauss Law Group PLLC, 264 South Ri
Bedford, NH 03110-7058

Springer Farms Landholdings, LLC
325 N 1200 E
American Fork, UT 84003-2049

Sun Coast Entertainment Live LLC
6960 Brescia Way
Orlando, FL 32819-5288

Sunlight Storage LLC
3344 Bear Canyon Ln
Pleasant Grove, UT 84062-8016

Susan Ray
4314 Argentina Circle
4314 Argentina Circle
Pasadena, TX 77504-2502

Temidayo Adebayo
148 Undercliff Avenue
Suite 9
Edgewater, NJ 07020-1123

The Farming Co Pty Ltd
86 Lakeside Drive
Helena Valley
6056, Western Australia

The Generations Group-DonStrickland
14312 Zion Gate Xing
Conroe, TX 77384-2516

TnC NOLA Holdings LLC
1461 Annunciaction Street B
New Orleans, LA 70130-4539

Uncle Willie Green Wings
141 Lehigh Ave
Newark, NJ 07112-2037

WAI Holdings, LLC
1275 S Lucerne Blvd
Los Angeles, California 90019
Attention:  David Meiselman
Los Angeles, CA 90019-6804

Wallingford Lodging Partners LLC
Benjamin J. Morris, c/o Foley & Lardner
11988 El Camino Real, Suite 400
San Diego, CA 92130-2594

West Palm Holdings Inc
2705 Via Vistosa
San Clemente, CA 92672-3636

Zelco Properties LLC
108 Patriot Dr A
Middletown, DE 19709-8803

Aaron R. Cohen +
P.O. Box 4218
Jacksonville, FL 32201-4218

Raye Curry Elliott +
Akerman LLP
401 East Jackson Street, Suite 1700
Tampa, FL 33602-5250

Ryan E Davis +
Winderweedle Haines Ward & Woodman P.A.
329 Park Avenue North, Second Floor
Winter Park, FL 32789-7421

Bryan K. Mickler +
Mickler & Mickler
5452 Arlington Expressway
Jacksonville, FL 32211-6860

United States Trustee - JAX 11 +
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801-2210

Edward M Fitzgerald +
Holland & Knight LLP
200 South Orange Ave
Suite 2600
Orlando, FL 32801-3453

Max R Tarbox +
Tarbox Law PC
2301 Broadway
Lubbock, TX 79401-2916

Scott E Bomkamp +
DOJ-Ust
United States Trustee
400 W. Washington St.
Ste 1100
Orlando, FL 32801-2440

Note: Entries with a '+' at the end of the
name have an email address on file in CMECF

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Belle Maison Realty, LLC
Attn: Lea Muse
1133 E 83rd Street 171
Chicago, IL 60619

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Adam B. Walker

End of Label Matrix
Mailable recipients    78
Bypassed recipients     1
Total                  79

# Exhibit A

# SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** (the "Agreement") is entered into as of the 10th day of August, 2025, by and between Aaron Cohen, Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Genie Investments NV, Inc. (the "Debtor"), Cald Holdings, LLC, a Florida limited liability company ("Cald"), and Caleb Davis ("Davis") (each a "Party" and collectively with the Trustee, the "Parties").

## Recitals

**WHEREAS,** on February 21, 2024 (the "Petition Date"), Genie Investments NV Inc. (the "Debtor") filed a Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division, in the case styled *In re Genie Investments NV Inc.*, Case No: 3:24-bk-00496-BAJ (the "Bankruptcy Case").

**WHEREAS,** on August 12, 2024, the Bankruptcy Case was converted to a Chapter 7 liquidation case and the Trustee was appointed to administer the Debtor's estate.

**WHEREAS,** on September 5, 2022, the Debtor and Cald entered into a Loan Agreement for a loan of up to $1.5 million by the Debtor to Cald. The Loan Agreement provides that the loan will accrue interest at only .1% per year and that the loan would be repaid in the form of one balloon payment on December 5, 2029. The Loan Agreement is not secured by any collateral and gives Cald the sole right to extend the term of the loan for an additional 10 years.

**WHEREAS,** between September 16, 2022 and July 28, 2023, the Debtor transferred a net total of $517,108.87 to Cald (the "Transfers").

**WHEREAS,** Davis is the sole member of Cald.

**WHEREAS,** on February 6, 2025, the Trustee filed a Complaint to Avoid and Recover Fraudulent Transfers of Property which was designated Adversary Proceeding Number 3:25-ap-00011-BAJ (the "Adversary Proceeding").

**WHEREAS,** Cald was voluntarily dissolved on December 5, 2024 by filing a voluntary dissolution with the Florida Secretary of State and Cald has no remaining assets.

**WHEREAS,** in the interest of avoiding costly and time-consuming litigation, the Parties have agreed to the terms set forth in this Agreement;

**NOW, THEREFORE,** for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, including the mutual covenants and conditions set forth herein, the parties enter into the following Agreement:

## Terms and Conditions

1. **Recitals.** The above recitals are incorporated herein and made a part hereof, and each Party acknowledges that the recitals are true and correct to the best of the Party's knowledge, information, and belief and each is a material inducement to enter into this Agreement.

2. **Authority.** Cald, Davis, and the Trustee, who are represented by counsel of their choice knowingly and voluntarily enter into this Agreement and have full and complete authority to execute this Agreement.

3. **Settlement of Trustee's Claims.** In full settlement of the Adversary Proceeding, Davis shall pay the Trustee the total sum of $30,000.00 (the "Settlement Payment") within ten (10) days after entry of an order approving this Settlement Agreement by the Bankruptcy Court. The Settlement Payment shall be made by check payable to Aaron Cohen, Trustee and mailed to the Trustee at P.O. Box 4218, Jacksonville, FL 32201-4218.

4. **Stipulated Judgment**. Cald shall consent to entry of a Stipulated Judgment in the Adversary Proceeding for the full amount of the Transfers.

5. **Affidavit of Financial Condition**. Davis shall complete and sign an affidavit of financial condition under penalty of perjury in the form attached here to as Exhibit A, disclosing all of his assets and liabilities.

6. **Default.** If Davis fails to timely make the Settlement Payment described in paragraph 3 above, then after ten (10) days written notice to Davis, through his attorney, of the default and Davis's failure to cure within that ten (10) day period, Davis agrees that the Trustee may file an amended complaint in the Adversary Proceeding to include Davis as a defendant and Davis consents to entry of a judgment against him personally in the Adversary Proceeding for the full amount of the Transfers.

7. **Release of Davis.** On the ninety-first (91st) day after the Settlement Payment clears the Trustee's Bank and, contingent upon Davis not filing a petition for relief under the Bankruptcy Code during the preceding 90 days, and in consideration of the terms and conditions of this Agreement, except as otherwise set forth or contemplated herein, Davis, on one hand, and the Trustee, on another hand, do hereby release, and forever discharge each other, and all their respective heirs, parents, subsidiaries, officers, directors, attorneys, and employees of and from any and all claims and demands whatsoever, known and unknown, disputed and undisputed, suspected and unsuspected, including without limitation all actions and causes of action, debts, damages, punitive damages, liens, costs, expenses, attorneys' fees or court costs, which they ever had, now have, or which any personal representative, successor, heir or assign of said parties, hereafter can, shall or may have, against each other for, upon or by reason of any and all matters, from the beginning of the world to the day of this Release, including, but not limited to, all claims which could be asserted for fraudulent transfers from Cald to Davis and which were asserted or could have been asserted in the Adversary Proceeding. **However, should the Trustee subsequently learn that any information in the Affidavit of Financial Condition was materially false or that any of Davis's assets were omitted from the Affidavit of Financial**

**Condition, this Release shall be null and void.** Nothing contained herein, however, shall release the Parties from the requirements of this Agreement or any judgment issued pursuant thereto.

8.    **Bankruptcy Court Approval.** The terms of this Agreement will be embodied in a motion to approve compromise (the "Compromise Motion") in a form acceptable to all Parties that will be filed by the Trustee in the Bankruptcy Case. Cald and Davis shall support such Compromise Motion and agree not to oppose or appeal therefrom.

9.    **Inability to Obtain Approval.** If the Trustee is unable to obtain Bankruptcy Court approval in the form of a non-appealable and final order as required in paragraph 9 above, then this Agreement shall be of no force and effect and the Trustee may proceed with prosecution of his claims against Cald.

10.    **Governing Law/Stipulated Jurisdiction.** This Agreement shall in all respects be construed in accordance with and governed by the laws of the State of Florida applicable to contracts made and to be performed fully within the State of Florida. The Parties consent to the jurisdiction of the Bankruptcy Court for any all disputes arising out of or resulting from this Agreement.

11.    **Counterparts.** This Agreement may be executed in counterparts, each of which shall constitute an original but all of which taken together shall constitute one and the same document.

12.    **Notices Pursuant to the Agreement.** Any written notices under this agreement may be delivered by email, U.S. Mail, overnight courier, facsimile, or hand delivery, sent to counsel to the relevant Party or to the relevant Party. Raye Elliott shall be counsel for Trustee and notice may be delivered to said counsel by email at raye.elliott@akerman.com. Jerrett McConnell shall be counsel for Cald and Davis and notice may be delivered to said counsel by email at jmcconnell@mcconnelllawgroup.com.

13.    **Successors and Assigns.** This Agreement as well as the order contemplated herein, shall be binding upon, and inure to the benefit of the Parties and their respective successors and assigns.

14.    **Modification.** This Agreement, and any of the covenants, conditions and representations contained herein may not be waived, changed, altered or modified except by an instrument in writing signed by the Party against whom enforcement of such change is sought.

15.    **Interpretation.** The Parties each acknowledge that each has contributed substantially and materially to the negotiation and preparation of this Agreement, and it shall be deemed the joint work product of all parties and their respective counsel and all Parties shall be considered the drafters of this Agreement. As such, this Agreement shall not be construed more strictly against one party than against another merely by virtue of the fact that it may have been prepared by counsel to one of the Parties. Each of the Parties declares that they have been represented by counsel in connection with the negotiation of this Agreement or have had the opportunity and wherewithal to be represented by counsel in the review, negotiation, and execution of this Agreement, and that the terms and conditions of this Agreement are understood fully and

82416628;2

agreed to voluntarily. Headings used in this Agreement are for the convenience of the Parties solely and have no substantive intent or purpose.

**IN WITNESS WHEREOF,** the Parties intending to be legally bound, have duly executed and delivered this Agreement as of the Effective Date.

CALD HOLDINGS, LLC

By: _____

Aaron Cohen as Trustee of the
bankruptcy estate of Genie Investments
NV, Inc.

Caleb Davis
Its: Managing Member

Caleb Davis

4

# Exhibit B

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

GENIE INVESTMENTS NV INC.,                    Case No.: 3:24-bk-00496-BAJ

                    Debtor.                   Chapter 7
_____/

### ORDER GRANTING TRUSTEE'S MOTION TO COMPROMISE
### CLAIMS WITH CALD HOLDINGS, LLC AND CALEB DAVIS

THIS CASE came before the Court upon the Motion (the "Motion") (Doc. ____) of Aaron

R. Cohen, as Chapter 7 Trustee for the bankruptcy estate of Debtor, Genie Investments NV Inc.,

for entry of an Order approving the terms of the Compromise by and between the Trustee and Cald

Holdings, LLC and Caleb Davis. There being no objection to the Motion after proper notice to

interested parties pursuant to Local Bankruptcy Rule 2002-4 on September 16, 2025, it is

**ORDERED**:

1.      The Motion is granted.

2.       The Compromise is approved and is fully enforceable in all respects.


Attorney Raye C. Elliott is directed to serve a copy of this order on interested parties who are non-
CM/ECF users and file a proof of service within 3 days of entry of the order.

82709185;1