FILED MAIL USBC
JAX, FL OCT 24'25

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
In re: Genie Investments NV Inc., Debtor.
Case No. 3:24-bk-00496-BAJ
Chapter 7

## MOTION TO CORRECT THE RECORD AND FOR RELIEF FROM ORDER GRANTING MOTION FOR CONTEMPT AND IMPOSING FILING SANCTIONS

NOW COMES John Michael Cohan and David Hughes, and respectfully moves this Honorable Court, pursuant to Federal Rule of Civil Procedure 60(a) and (b)(1) & (6), made applicable by Federal Rule of Bankruptcy Procedure 9024, and Local Rule 3.03, to correct the record and for relief from the Court's Order Granting Plaintiff's Motion for an Order to Show Cause (the "Contempt Order") (Doc. 107) entered on August 27, 2025, and to reinstate documents stricken by Orders at Docs. 446 and 447. In support thereof, the undersigned states as follows:

1. On August 27, 2025, the Court issued the Contempt Order, which held the Defendants in contempt and, pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(ii) & (iii), imposed sanctions prohibiting Defendants from supporting or opposing claims, introducing evidence, and striking any future pleadings filed until they comply with the Court's discovery order.

2. The factual basis for the continued imposition of sanctions—that Defendants had not furnished responses to the Trustee's discovery requests—was cured by compliance before the striking orders were entered.

3. **Critical Timeline Establishing Compliance:**

    o The Contempt Order was entered on August 27, 2025, requiring Defendants to provide discovery responses within 14 days.

    o Defendants fully complied by serving complete responses to the Trustee's First Set of Interrogatories and Request for Production via email on **October 20, 2025**.

    o The Court entered Orders at Documents 446 and 447 on **October 21, 2025**, striking Documents 437 and 438 respectively.

4. The Defendants' compliance on October 20, 2025, occurred **ONE DAY BEFORE** the Court's orders striking Documents 437 and 438. This compliance satisfies the requirements of the Contempt Order and renders the striking of these filings unjust.

5. The undersigned promptly filed (by U.S. Mail) a "Notice of Service of Discovery Responses" with the Court on **October 20, 2025**, putting the Court and all parties on

notice that compliance had been effected prior to the entry of the orders striking Documents 437 and 438.

6. Copies of the "Notice of Service of Discovery Responses" filed on October 20, 2025, and the email confirmation of service upon the Trustee's counsel dated **October 20, 2025**, are attached hereto as **Exhibits A and B**, respectively.

7. Federal Rule of Civil Procedure 60(a) permits the court to "correct a clerical mistake or a mistake arising from oversight or omission" in a judgment, order, or other part of the record. The Court's October 21, 2025 orders striking Documents 437 and 438 were based on an oversight of the Defendants' compliance achieved the previous day.

8. Alternatively, Federal Rule of Civil Procedure 60(b)(1) & (6) provides for relief from a final order for reasons of "mistake, inadvertence, or excusable neglect" or for "any other reason that justifies relief." Maintaining sanctions against a party that complied with the court's discovery order before the striking orders were entered constitutes a manifest injustice warranting relief.

9. The continuing sanctions create severe prejudice by precluding Defendants from defending this action despite their full compliance with the discovery requirements of the Contempt Order.

10. WHEREFORE, the undersigned respectfully requests that this Honorable Court grant this Motion, correct the record pursuant to Rule 60(a), grant relief from the continuing sanctions pursuant to Rule 60(b), and reinstate Defendants' right to defend this action by reinstating Documents 437 and 438. The undersigned respectfully requests that the Court:
a. Correct the record to reflect that all discovery responses were fully served in compliance with the Contempt Order on **October 20, 2025**;
b. Vacate the filing restrictions and evidential sanctions imposed by the Contempt Order, as Defendants have now complied with its terms;
c. Reinstate Documents 437 and 438 that were stricken by Orders at Docs. 446 and 447; and
d. Schedule any pending substantive motions for hearing at the Court's next available date.

Dated: 10-22-2025

Respectfully submitted in Good Faith,

*[signature]*                *[signature]*

John Michael Cohan and David Hughes, without prejudice, without recourse, UCC 1-308, 1-103

## Certificate of Service

We hereby certify that all interested parties have been duly served a copy of the following documents by the CM/ECF system.

# EXHIBIT A


# Gmail

David Choate <davidchoatehughes@gmail.com>

## Responses/Deliverables

**David Choate** <davidchoatehughes@gmail.com>  Mon, Oct 20, 2025 at 2:03 PM
To: raye.elliott@akerman.com

Ms. Elliot,

As discussed, please see the attached responses to each question/request.

Thank you, and Respectfully,

David C. Hughes II
2812 Pat Tillman Drive
Springfield, Illinois 62711
217.416.5059

📎 **Responses to Interrogatories and Doc Request (combined).pdf**
803K

# EXHIBIT B

John Michael I Cohen
General Delivery
5455 Vienna Blvd #6693
Jacksonville, Florida 32036

JACKSONVILLE RPDC 320

22 OCT 2025 PM 2 L

1775



US Bankruptcy Court
300 N Hogan Street 3-150
Jacksonville, Florida 32202