UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re: Genie Investments NV Inc., Debtor.
Case No. 3:24-bk-00496-BAJ
Chapter 7

FILED INTAKE USBC
NOV 12 '25 PM 3:10

## DESIGNATION OF RECORD AND STATEMENT OF ISSUES ON APPEAL

Pursuant to Federal Rule of Bankruptcy Procedure 8009(a)(1) and (a)(4), Interested Party and Appellant, John Michael Cohan (pro se), hereby designates the items to be included in the record on appeal and states the issues to be presented.

I. DESIGNATION OF RECORD

The record on appeal shall include the entire record of the proceedings in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division, in Case No. 3:24-bk-00496-BAJ and Adversary Proceeding No. 3:25-ap-00011-BAJ, as defined by Federal Rule of Bankruptcy Procedure 8006. Appellant specifically designates the following documents and portions of the transcript as necessary for this appeal:

1. The Notice of Systemic Docket Tampering, Ex Parte Communication, and Compromise of Judicial Integrity and Notice of Retaliatory Action and Procedural Irregularity (both filed concurrently with this Designation), including all of their exhibits.

2. Documents demonstrating docket tampering and suppression of evidence: Documents 406, 428, 470, 474, and all original versions of documents provided by counsel for the Chapter 7 Trustee that demonstrate the discrepancies with the public docket.

3. Documents demonstrating retaliatory conduct and procedural bars: Documents 464 (Order Denying IFP), 471 (Order Granting Compromise), and all docket entries, notices, and orders related to the scheduling and subsequent cancellation of the trial on Appellant's personal claims against Warren Law Group.

4. Documents demonstrating a pattern of unfair process: Documents 117 and 131 from Adversary Proceeding No. 3:25-ap-00011-BAJ; Documents 305, 347, 348 (showing consent to email service), 353, 356, 357, 359, 361, 378, 382, 386, 390, 429, 430, and 431.

5. Evidence of external proceedings and misconduct: Any and all documents related to the Florida State Attorney's Office arrest warrant arising from the events documented in the suppressed exhibits.

6. Evidence of ex parte and off-the-record communications: Any and all transcripts, recordings, or logs of ex parte or off-the-record communications from the Court or its staff to the Appellant, including the voicemail referenced in the filed Notices.

Appellant requests that the Clerk of the Bankruptcy Court prepare and transmit to this Court the designated record, including any transcripts not yet produced.

II. STATEMENT OF ISSUES

The issues to be presented on appeal, which question the constitutional and statutory integrity of the proceedings below, are as follows:

1. Whether the Bankruptcy Court's systemic tampering with the official docket, resulting in the suppression of material evidence—including a law enforcement report documenting a verified crime—violated the Due Process Clause and the Court's ministerial duty to maintain a complete record, thereby rendering the proceedings fundamentally unfair and the record unsuitable for meaningful appellate review. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963); *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1200 (9th Cir. 1999); *Bonner v. Henderson*, 147 F.2d 459, 461 (5th Cir. 1945).

2. Whether the Bankruptcy Court engaged in judicial retaliation and violated Appellant's due process rights by canceling the trial on his personal claims immediately after he exposed docket tampering and misconduct, creating a reasonable perception of a retaliatory intent to punish the exercise of his First Amendment right to petition. *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 242 (1980).

3. Whether the Bankruptcy Court created an impermissible procedural trap that functionally nullified Appellant's statutory right to appeal by denying his IFP application and imposing a short fee deadline without a final, appealable order, and by consistently failing to ensure proper service of its orders despite Appellant's documented consent to electronic service. *See In re Gorshtein*, 285 B.R. 118, 121 (Bankr. S.D.N.Y. 2002); *In re Walker*, 515 F.3d 1204, 1211 (11th Cir. 2008).

4. Whether the cumulative effect of the documented misconduct—docket tampering, concealment of evidence, judicial retaliation, procedural entrapment, and ex parte communications—demonstrates a pattern of bias and a breakdown of the adversarial process so severe that it creates a conclusive appearance of partiality, requiring vacatur of the appealed orders and remand with instructions for reassignment to a different judge. *See* 28 U.S.C. § 455(a); *United States v. Lopez*, 590 F.3d 1238, 1258 (11th Cir. 2009) (cumulative error doctrine); *Liteky v. United States*, 510 U.S. at 548.

Dated: 11-12-2025

Respectfully submitted in good faith,

John Michael Cohan, without prejudice, without recourse, UCC 1-308, 1-103
iustusprocessus@outlook.com

## Certificate of Service

I hereby certify that all interested parties have been duly served a copy of the following documents by the CM/ECF system.