**ORDERED.**

Dated: **November 25, 2025**

Jason A. Burgess
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

GENIE INVESTMENTS NV INC.,	Case No.: 3:24-bk-00496-BAJ

Debtor.	Chapter 7
_____/

**FINDINGS OF FACT AND CONCLUSIONS OF LAW ON ORDER**
**DENYING MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS**

This Case is before the Court to issue Findings of Fact and Conclusions of Law on the Order Denying Motion for Leave to Appeal In Forma Pauperis (the "Order Denying") (Doc. 486).[1] The Order Denying addressed the Motion for Leave to Appeal in Forma Pauperis (the "Motion for Leave") (Doc. 479), filed by John-Michael Cohan ("Mr. Cohan"). By the Motion for Leave, Mr. Cohan seeks to appeal the Order Granting Motion to Approve Compromise or Settlement (the "Compromise Order") (Doc. 471). The Compromise Order, entered into by the Chapter 7 Trustee (the "Trustee") on behalf of the bankruptcy estate, approved the compromise with Christopher D.

---

[1] The Order Denying specified, "[t]he Court in its discretion may file written findings of fact and conclusions of law at a later date." (Doc. 486).

Warren, P.C., Warren Law Group, PLLC ("Warren Law"), and Scott Oh, and enjoined certain claims. (Doc. 471). Although an objection was filed by Mr. Cohan and David Hughes (collectively, the "Equity Holders"), the objection was stricken by the Court.[2] (Doc. 457). No other party in interest filed an objection to the Compromise Order, and the Court approved the compromise in all respects. (Doc. 471). For the reasons set forth herein, the Court properly denied the Motion for Leave on the basis that Mr. Cohan's appeal is frivolous and without merit.

### Findings of Fact

On February 1, 2024, the Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code. Almost six months later, the case was converted to Chapter 7, and the Trustee was appointed to administer the estate. The Equity Holders are the former principals of the Debtor, with each owning a 50% interest.

The Debtor's schedules listed a legal malpractice cause of action against Warren Law, which arose out of an ill-fated joint venture the Debtor entered into with Velanos Principal Capital ("Velanos").[3] While the Trustee was executing his statutory duty of pursuing the cause of action,[4] the Equity Holders filed a *pro se* complaint in the United States District Court, for the Middle District of Florida, Jacksonville Division[5] asserting various claims arising from the Velanos joint venture against the successor in interest to the Warren Law Group and its attorney, Scott Oh.[6] In response, the Trustee filed a Motion to Enforce Automatic Stay. The Court granted the motion,

---

[2] On March 27, 2025, the Court entered an Order to Show Cause, which prohibits the right of the Equity Holders from filing *pro se* pleadings in the Case and provides that any pleadings filed in violation of the order will be stricken by the Clerk's Office. (Doc. 347). The Order to Show Cause has *not* been discharged and remains in full force and effect. For reference, a copy of the Show Cause Order is attached.

[3] The Debtor lost approximately $9 million dollars of its capital contribution in the joint venture.

[4] The Trustee thoroughly considered the merits of the Debtor's malpractice claim, in relation in the associated litigation costs, and initiated settlement discussions with the respective parties.

[5] Case No. 3:25-cv-164-HES-MCR.

[6] Scarinci Hollenbeck, LLC is the successor in interest to Warren Law Group and Scott Oh.

and an Interim Order on Motion to Enforce Automatic Stay was entered which stayed the action in the District Court. (Doc. 318).

On September 30, 2025, the Court entered an Order Granting Trustee's Motion to Enforce Automatic Stay and Denying with Prejudice Equity Holders' Motions for Sanctions. (the "Order Enforcing") (Doc. 432).  In the Order Enforcing, the Court found that the Equity Holders' causes of action against Velanos and Warren Law are property of the estate, and that their attempts to pursue such causes of action are a violation of the automatic stay.  The Court concluded the Order Enforcing by stating,

> Since the filing of the case, the Court has spent a prolific amount of time digesting the various layers of complexity and has listened intently to all interested parties.  The Court is cognizant of the Equity Holders' position and their passion for wanting to independently prosecute the injustices they allege against Velanos and Warren Law. The very mechanisms that make the Chapter 7 process work in the best interests of the estate, however, do not permit the Equity Holders to do so.  Therefore, the Court finds the Equity Holders' actions are in clear violation of the automatic stay because the Settlement Agreement and the Warren Law claims the Trustee seeks to enforce are property of the bankruptcy estate.

(Doc. 432).

On October 9, 2025, the Trustee filed a Motion to (I) Compromise Claims with Christopher D. Warren, P.C., Warren Law Group, PLLC, and Scott Oh and Enjoin Certain Claims (the "Motion to Compromise") (Doc. 435).  As set forth in the Motion to Compromise, the primary terms of the Settlement Agreement are:

> a. WLG and Oh shall pay the Trustee the total sum of $435,000 (the "Settlement Payment") within twenty-one (21) days after the later to occur of (i) entry of a final non-appealable order granting this Motion and (ii) entry of an order of dismissal with prejudice of all claims asserted in the District Court Action becoming a final and non-appealable order; and
>
> b. If WLG and Oh fail to timely make the Settlement Payment, then after ten (10) days written notice to WLG's and Oh's counsel and

> WLG's and Oh's failure to cure within that ten (10) day period, WLG and Oh agree that the Trustee may pursue the Debtor's claims against WLG and Oh. (Doc. 435).

The Motion to Compromise is based on the Trustee's business judgment that the Compromise is in the best interests of the estate and its creditors because of the time and high costs associated with pursuing the Debtor's claims against WLG and Oh. Aside from an objection filed by the Equity Holders, which was stricken by the Court, no other responses were timely filed to the Motion to Compromise.

On November 4, 2025, the Court entered an Order Granting the Motion to Compromise (the "Order Granting Compromise") (Doc. 471). As a mandatory condition to the Compromise, the Order Granting Compromise contains a bar order which states:

> [T]he right to pursue any claims held by the Debtor against Christopher D. Warren, P.C., Warren Law Group, PLLC, and Scott Oh (as well as any purported successors in interest) are solely owned by the bankruptcy estate and all non-debtor parties are enjoined from asserting a claim against Christopher D. Warren, P.C., Warren Law Group, PLLC, and Scott Oh arising out of or related to their representation of the Debtor, included, but not limited to, the District Court Action.

Further, the Order Granting Compromise states that the entry of the bar order "is an appropriate exercise of the Court's sound discretion to facilitate settlements and promote the consensual resolution of disputes." (Doc. 471).

**Conclusions of Law**

The issue before the Court is whether Mr. Cohan may proceed in forma pauperis to appeal the Compromise Order.[7] To make this determination, the Court looks to 28 U.S.C. Section 1915 which provides as follows:

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a). In addition, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(c).

A petition to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is granted or denied at the discretion of the court, but the court's discretion is limited to determinations of poverty and objective good faith. Heghmann v. Indorf (In re Heghmann), 324 B.R. 415, 420 (B.A.P. 1st Cir. 2005) (citing Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 46 (1915)). "Thus, a determination as to whether [a debtor's] application to proceed in forma pauperis on appeal should be granted turns on two factors: (1) a showing by affidavit that he is unable to pay the filing fees, and (2) a showing that the proposed proceedings are not frivolous or malicious. Id. (citing Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948); 28 U.S.C. § 1915(e)). Further, a

---

[7] The Eleventh Circuit has recognized that courts are not required "to address every argument which a litigant raises. Rather, [it has] stressed that the orders of lower courts require sufficient explanation to provide an opportunity for meaningful appellate review. When a litigant raises nondispositive, irrelevant, or frivolous issues, it would unnecessarily burden the court system to require every issue to be addressed. And to require a court to address meaningless issues would not accord with our purpose of providing meaningful appellate review. Rather, requiring courts to address nondispositive issues would produce a cavalcade of dicta and strain judicial administration without providing any benefit to the litigants." In re Ellingsworth Residential Cmty. Ass'n, Inc., 125 F.4th 1365, 1381 (11th Cir. 2025) (internal citations omitted).

"pauper's affidavit should not be a broad highway into the federal courts." Williams v. Jimenez, No. 6:23-CV-151-PGB-DAB, 2023 WL 11892467, at *1 (M.D. Fla. Jan. 31, 2023); see also, Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Jones v. Ault, 67 F.R.D. 124, 127 (S.D. Ga.1974), aff'd without opinion, 516 F.2d 898 (5th Cir. 1975). "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts to prosecute an action that is totally without merit." Jimenez, 2023 WL 11892467, at *1; Phillips, 746 F.2d at 785; Collins v. Cundy, 603 F.2d 825, 828 (10th Cir. 1979).

In considering the issue of objective good faith, the Court reaches the conclusion that Mr. Cohan's appeal of the Order Granting Compromise is frivolous and meritless.[8] In the Motion for Leave, Mr. Cohan states the basis for the appeal is to challenge "fundamental due process violations and the bankruptcy court's abuse of discretion." (Doc. 479). Importantly, an appeal is not taken in good faith when the party appealing fails to articulate a basis for the appeal. Madura v. Lakebridge Condo. Ass'n, Inc., No. 8:07CV02274-T-17EAJ, 2009 WL 1659444, at *2 (M.D. Fla. June 15, 2009). When the basis of an appeal is given, the Court looks to "whether, objectively speaking, there is any non-frivolous issue to be litigated on appeal." Knight v. Lane, No. CA 08-0301-KD-C, 2010 WL 1487806, at *2 (S.D. Ala. Apr. 7, 2010) (internal quotations and citations omitted) report and recommendation adopted, No. CIVA 08-0301-KD-C, 2010 WL 1487275 (S.D. Ala. Apr. 13, 2010). If there are *not* any non-frivolous issues to be litigated on appeal, then the appeal is not taken in good faith. Id.

The record before the Court clearly reflects that there are *no* non-frivolous issues to be litigated on appeal. As a starting point, the Motion to Compromise was properly served and noticed, and *no* valid objections were timely filed. Additionally, "[c]ourts give trustees considerable deference to exercise their business judgment with respect to settlements." In re Ortiz, 619 B.R. 273, 275 (Bankr.

---

[8] Based on the finding that the appeal is frivolous and meritless, the Court will not examine the issue of whether Mr. Cohan meets the required showing of poverty.

6

M.D. Fla. 2020). The Court has spent an inordinate amount of time on this Case and is extremely familiar with the intricacy of the various issues involved. There is simply no legitimate basis which exists to support the conclusion that the entry of the Order Granting Compromise involves due process violations or an abuse of discretion by the Court. Further, the Court has already held that the "Trustee clearly has exclusive standing to pursue the potential malpractice claim listed by the Debtor on its schedules against Warren Law. Further, the facts reflect that the Trustee covered multiple bases in performing his due diligence." (Doc. 432, p. 8).

## Conclusion

For the reasons articulated above, the Court properly denied Mr. Cohan's Motion for Leave to Appeal in Forma Pauperis because his appeal of the Order Granting Compromise is frivolous and without merit.

ORDERED.

Dated: March 27, 2025

_____
Jason A. Burgess
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:

Genie Investments NV Inc.,

        Debtor.

Case No.: 3:24-bk-00496-BAJ
Chapter 7

_____/

### ORDER TO SHOW CAUSE

    This Case is before the Court to consider appropriate actions the Court may take going forward with respect to the efficient administration of this Case.  On February 21, 2024, the Debtor filed the Case under Chapter 11 of the United States Bankruptcy Code.  Approximately 6 months later, on August 12, 2024, the Case was converted to Chapter 7.  As reflected by the docket, there has been a flurry of filings by John-Michael Cohan and David Hughes, who are parties of interest in the case (collectively, the "Interested Parties").  At the core of the pleadings filed by the Interested Parties, are various allegations against the Chapter 7 Trustee (the "Trustee").

    The Court is very aware of how invested the Interested Parties are in the Case and has taken a good deal of time to consider the arguments raised, both in their written submissions and their

arguments at hearings and has set a trial on all issues.[1] Despite this, the Interested Parties continue to recycle the same arguments in a seemingly unending stream of pleadings.

The lynch pin in the Court's ability to effectively and efficiently administer the over 1,200 cases currently pending before it, is that the Court must prioritize the management of "its own affairs to achieve the orderly and expeditious disposition of cases."[2] Specifically, under 11 U.S.C. § 105(a), the Court has the authority to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title…or to prevent an abuse of process."[3] This broad grant of authority to bankruptcy courts is necessary "in order to facilitate the orderly administration of bankruptcy cases."[4]

At this juncture, the Case has 343 docket entries and counting. The barrage of filings is making it extremely difficult for the Case to be efficiently administered. Accordingly, the Court finds it necessary to require the Interested Parties to appear at a Show Cause hearing. While the Court clearly has the authority to "sanction 'conduct which abuses the judicial process'"[5] the Court hopes that the Interested Parties will cease the continued pleadings so that the Case can begin to proceed in an efficient manner, without the need to travel down the path of issuing sanctions.[6]

---

[1] The trial is scheduled for June 24, 2025, at 9:00 a.m.

[2] NextGear Cap., Inc. v. Gerstner (In re Gerstner), 648 B.R. 746, 751 (Bankr. N.D. Ga. 2022) (citing In re Evergreen Security, Ltd., 570 F.3d 1257, 1263 (11th Cir. 2009)) (quoting In re Sunshine Jr. Stores, Inc., 456 F.3d 1291, 1304 (11th Cir.2006)).

[3] 11 U.S.C. § 105(a). Bridgewater v. Robinson (In re Robinson), AP No. 20-0049, Doc. 56 (Bankr. S.D. Miss. Jun. 7, 2021); In re Howell, 4 B.R. 102, 105 (Bankr. M.D. Tenn. 1980).

[4] In re Howell, 4 B.R. at 105.

[5] Dondero v. Highland Capital Management LP (In re Highland Capital Management LP), 22-10889 (5th Cir. July 1, 2024) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 44–45 (1991)).

[6] The Debtor should be aware that the "filing of excessive motions may sometimes constitute "harassment" under the rule even if the motions are well grounded." Robeson Defense Comm. v. Britt (In re Kunstler), 914 F.2d 505, 518 (4th Cir. 1990), cert. denied 499 U.S. 969 (1991).

The Court's handling of this Case clearly reflects that the Court has taken great strides to liberally construe the pleadings filed by the Interested Parties' *pro se* filings.[7] However, the Interested Parties are still bound to follow the rules of procedure and evidence.[8] In cases where an interested party consistently exhibits an inability to do so, the Court may impose non-monetary sanctions that require a *pro se* party to retain an attorney to make future filings on their behalf or obtain permission from the Court prior to making any *pro se* filings in the bankruptcy case.[9] Accordingly, it is,

**ORDERED:**

1. Interested Parties, John-Michael Cohan and David Hughes, are required to appear ***in-person*** before the Court on **June 24, 2025, at 9:00 a.m.** to show cause, if cause exists, why the Interested Parties should be permitted to file additional *pro se* pleadings in the Case.

2. The Court temporarily restricts Interested Parties, John-Michael Cohan and David Hughes, right to file *pro se* pleadings in this Case, pending the outcome of the Show Cause hearing. Any pleadings filed in violation of this Order will be stricken by the Clerk's Office.

---

[7] The Court, however, has no duty to act as a *pro se* party's lawyer. <u>Pliler v. Ford</u>, 542 U.S. 225, 231 (2004).
[8] <u>Faretta v. California</u>, 422 U.S. 806, 834 n.46 (1975).
[9] <u>Perryman v. Kiem (In re Micron Devises, Inc.)</u>, 657 B.R. 897, 901, 903 (S.D. Fla. 2024).

3