UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
In re: Genie Investments NV Inc., Debtor.
Case No. 3:24-bk-00496-BAJ
Chapter 7

FILED
JACKSONVILLE, FLORIDA

DEC - 1 2025

CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
Via Mail

## RESPONSE AND OBJECTION TO TRUSTEE'S MOTION TO DISMISS APPEALS

I, John Michael Cohan, respectfully respond and object to the Trustee's Motion to Dismiss Appeals and state as follows:

1. I was never served with the orders the Trustee relies on.
2. The Trustee's motion is based on deadlines that supposedly began running from orders and filings I was never served with. This is already established in Doc. 475 – Notice of Non-Receipt of Service of Order Granting Motion to Approve Compromise. Because I did not receive service, the Trustee cannot rely on those unserved orders to justify their position. Proceeding on non-service violates due process and Bankruptcy Rule 7004.
3. The Motion to Dismiss Appeals is an attempt to shield misconduct — and would deny meaningful access.
4. The Trustee seeks dismissal not because of any valid procedural deficiency, but because the appeals raise detailed issues of trustee misconduct, contradictions in filings, evidence tampering, splicing of 341 audio, docket tampering, and concealment of a verified crime by Jacksonville Sheriff's Office, the Florida State Attorney's office and Duval County Court's judiciary (see **EXHIBIT 1**)—to name a few. The original complaint against Warren Law Group and Scott Oh alleged legal malpractice, yet it appears that the Trustee and other professionals are attempting to shield those parties from accountability rather than allowing me to seek lawful redress.
5. Moreover, the recent record shows police reports and other documents being removed without notice, motion, or order, further obstructing my ability to protect my rights and fully present the appeal. Dismissing the appeal under these circumstances would constitute a miscarriage of justice.
6. While the right of access to the courts is neither absolute nor unconditional, see *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008), restrictions must still provide meaningful access to the courts. Here, dismissing my appeal while my In Forma Pauperis (IFP) application remains pending, and before confirmation of transmission to the District Court, would amount to a blanket prohibition on appellate review. This is particularly egregious because the interested party's indigent status has already been acknowledged by a government agency, yet the IFP application was denied without explanation, findings of fact, or reasoning—simply stating, "upon consideration of the record, the motion for leave to file the appeal In Forma Pauperis is denied."

7. In the Interested Party's opinion, the only reason the IFP applications are being denied is that the professionals involved are terrified of the Eleventh Circuit learning of the extensive misconduct that has occurred on the record since the inception of this case. As demonstrated in Interested Party's collateral or parallel civil litigation against the United States Trustee, Case No. 25-CV-2009, specifically Docs. 33, 34, and 36, the history of misconduct is well-documented and verified.
8. Furthermore, if the Trustee, or any party for that matter, had a substantive argument, they would fight the misconduct on the merits—but they are not able to. Instead, they try to suppress and ignore it. Their position is otherwise indefensible, as can be shown in Docs. 406, 428, 470, 474, 476, and 477.
9. The service of this motion came at 1:18 PM. In the parallel D.C. case (Case No. 25-CV-2009), Docs. 35 and 36 were filed at 1:23 PM and 1:25 PM on the same day. (see **EXHIBIT 2**) Docs 35 and 36 were submitted on the Friday before the weekend, giving the parties ample time to react over the weekend. While no coordination is claimed at this time, the timing creates a strong appearance of irregularity that further supports the need for careful judicial review.
10. The Bankruptcy Court appears to be showing a pattern of lack of impartiality.
11. While the Trustee cites *In re Owens*, 458 F. App'x 836 (11th Cir. 2012), and *In re Roundtree*, No. 6:08-bk-08583-ABB, 2009 WL 10742987 (Bankr. M.D. Fla. Mar. 23, 2009), those cases do not preclude relief where the appellant has filed a pending In Forma Pauperis application and the fee issue has not been finally resolved by the District Court.
12. This response was placed in my mailbox the same day I received the trustee's motion to dismiss the appeals.
13. If the Court enters any order before this Response appears on the docket, it would constitute a rapid concession similar to prior instances where orders were entered without affording adequate time to respond, such as the text order made by the Court (or the Court clerk) in the adversary proceeding (25-ap-00011) on a federal holiday, Juneteenth, (06/19/2025) one (1) day after the trustee's motion was filed on 06/18/2025 where the interested party was served after hours. I respectfully request the Court recognize that this Response was placed in the mail on November 24, 2025—the same date I was served this motion.
14. A motion for the District Court (Doc. 490) to review my IFP application is currently pending.
15. The Trustee's Motion is procedurally premature. I have filed a Motion for Review of the IFP denial with the District Court. However, as of this date, according to the District Court the bankruptcy record has not yet been transmitted to the District Court, which prevents the District Court from exercising its review authority. The appeals process is therefore in an intermediate, administrative stage. The Trustee is asking this Court to dismiss the appeals for failure to pay a fee while the mechanism for obtaining a waiver of that very fee is pending but stalled due to the lack of transmission. Dismissing the appeals

at this juncture would effectively terminate the process before the reviewing court (the District Court) can perform its function, denying me meaningful access to appellate review. The proper course is to resolve the transmission and allow the District Court to rule on the IFP review.

WHEREFORE, I request that the Court deny the Trustee's Motion to Dismiss Appeals and grant such other relief as the Court deems just and proper.

Dated: 11-24-2025

Respectfully submitted in good faith,

*[signature]*

John Michael Cohan, without prejudice, without recourse, UCC 1-308, 1-103
iustusprocessus@outlook.com

## Certificate of Service

I hereby certify that all interested parties have been duly served a copy of the following documents by the CM/ECF system.

# EXHIBIT 1

iustusprocessus@outlook.com

**From:** Asbrand, Justin <JAsbrand@coj.net>
**Sent:** Wednesday, November 19, 2025 1:44 PM
**To:** Debitus Processus
**Subject:** RE: Following Up >> Warrant Status - JSO Report 25-471040

Good afternoon,

I just wanted to let you know that Judge Charbula signed the warrant on 11/10/25 and that it is active right now.

Thanks



**Justin Asbrand**
Assistant State Attorney
State Attorney's Office, 4th Circuit
311 W. Monroe St. – Jacksonville, FL 32202
O: (904) 255-2782
PURSUE JUSTICE ALWAYS



**From:** Debitus Processus <iustusprocessus@outlook.com>
**Sent:** Monday, November 17, 2025 12:08 PM
**To:** Asbrand, Justin <JAsbrand@coj.net>
**Subject:** RE: Following Up >> Warrant Status - JSO Report 25-471040

EXTERNAL EMAIL: This email originated from a non-COJ email address. Do not click any links or open any attachments unless you trust the sender and know the content is safe.

Mr. Asbrand,

Understood. I will await your confirmation regarding the system. Also, if it's any help to law enforcement, the last known jurisdiction she was in is Philadelphia, Pennsylvania. (See attached)

Thank you.

John Michael Cohan

**From:** Asbrand, Justin <JAsbrand@coj.net>
**Sent:** Monday, November 17, 2025 11:31 AM
**To:** Debitus Processus <iustusprocessus@outlook.com>
**Subject:** RE: Following Up >> Warrant Status - JSO Report 25-471040

Good morning,

1

The technical problem is still ongoing; I will get you the info as soon as I can access it. They are telling us the system should be back sometime today. There will not be an assigned attorney or case number until she is arrested. The warrant is only in Florida, so she would not be arrested for it unless she is in the state of Florida

Thanks,



**Justin Asbrand**
Assistant State Attorney
State Attorney's Office, 4th Circuit
311 W. Monroe St. – Jacksonville, FL 32202
O: (904) 255-2782
PURSUE JUSTICE ALWAYS



From: Debitus Processus <iustusprocessus@outlook.com>
Sent: Monday, November 17, 2025 8:53 AM
To: Asbrand, Justin <JAsbrand@coj.net>
Subject: Re: Following Up >> Warrant Status - JSO Report 25-471040

EXTERNAL EMAIL: This email originated from a non-COJ email address. Do not click any links or open any attachments unless you trust the sender and know the content is safe.

Mr. Asbrand,

Thank you for your email on Friday.

I am following up as I have not yet received the confirmation of the signed warrant. Please confirm if the technical issue has been resolved and provide an estimated timeframe for when I can expect to receive the official confirmation/documentation of the signed warrant.

For my records and for the related federal court proceedings, could you please also provide the name of the assigned Supervising State Attorney for this case and the official court case number associated with the warrant?

I appreciate your assistance in this urgent matter.

Sincerely,

John Michael Cohan

From: Asbrand, Justin <JAsbrand@coj.net>
Sent: Friday, November 14, 2025 1:59 PM
To: Debitus Processus <iustusprocessus@outlook.com>
Subject: RE: Following Up >> Warrant Status - JSO Report 25-471040

2

Hello,

Our warrant system is down right now so I cannot check. However, I'm pretty sure I remember seeing the warrant was signed. I will update you once the system is back up.

Thanks,



**Justin Asbrand**
Assistant State Attorney
State Attorney's Office, 4th Circuit
311 W. Monroe St. – Jacksonville, FL 32202
O: (904) 255-2782
**Pursue Justice Always**



---

From: Debitus Processus <iustusprocessus@outlook.com>
Sent: Friday, November 14, 2025 1:03 PM
To: Asbrand, Justin <JAsbrand@coj.net>
Subject: Following Up >> Warrant Status - JSO Report 25-471040

EXTERNAL EMAIL: This email originated from a non-COJ email address. Do not click any links or open any attachments unless you trust the sender and know the content is safe.

Mr. Asbrand,

I am following up on our conversation from November 7, 2025 regarding the restraining order violation.

Could you please confirm if the judge has signed the warrant yet?
Also, what is the judge's name that is presiding over the matter?

Thank you for your assistance and time.

John Michael Cohan

3

# EXHIBIT 2

**2:09** ⬈      .ıll 5Gᵤc 🔋

# Inbox 🔔 🔍

**DCD_ECFNotice@dcd.uscourt...**   1:25 PM
Activity in Case 1:25-cv-02009-RDM COH...
This is an automatic e-mail message generated by the CM/ECF system. Please...

**DCD_ECFNotice@dcd.uscourt...**   1:23 PM
Activity in Case 1:25-cv-02009-RDM COH...
This is an automatic e-mail message generated by the CM/ECF system. Please...

**jennifer.meehan@akerman.com**   1:18 PM
SERVICE OF COURT DOCUMENT - C... 📎
Court : United States Bankruptcy Court, Middle District of Florida, Jacksonville Divis...