UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
In re: Genie Investments NV Inc., Debtor.
Case No. 3:24-bk-00496-BAJ
Chapter 7



FILED INTAKE USBC
DEC 18 '25 PM2:44

## MOTION FOR TRANSCRIPTS AT GOVERNMENT EXPENSE PURSUANT TO 28 U.S.C. § 753(f)

Appellant John Michael Cohan, pro se, respectfully moves this Court for an order directing the preparation of necessary transcripts at government expense for his appeal to the United States District Court. In support of this Motion, Appellant states as follows:

### I. BASIS FOR REQUEST

1. This Motion is brought pursuant to 28 U.S.C. § 753(f), which provides that "Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States." Although this is not a § 2255 proceeding, the same principle applies to indigent appellants in civil matters, particularly where transcripts are necessary for meaningful appellate review.

2. Alternatively, this Motion is brought under the Court's inherent authority and the Due Process Clause to ensure meaningful access to the courts for indigent litigants.

### II. INDIGENT STATUS

3. Appellant has contemporaneously filed a Motion for Leave to Proceed In Forma Pauperis on Appeal, demonstrating his inability to pay court fees and costs. That motion establishes that:

   a. Appellant is unemployed with no income except SNAP benefits;
   b. Appellant has total liquid assets of $293.99;
   c. Appellant has sole custody of a four-year-old daughter;
   d. Appellant's monthly living expenses exceed $2,500;
   e. Appellant cannot afford the district court filing fee of $605, let alone transcript costs.

4. The government has previously and recently acknowledged Appellant's indigent status.

## III. NECESSARY TRANSCRIPTS

5. For meaningful appellate review, the following transcripts are necessary:

a. Transcript of the Hearing on Conversion to Chapter 7 and all hearing and trials leading up to the conversion: This transcript is essential to demonstrate:
- Whether the Court properly considered evidence of fraud;
- Whether the Court abused its discretion in converting the case;
- Whether Appellant's due process rights were violated;
- The factual basis for the conversion order.

b. Transcript of All §341 Meetings: These transcripts are critical to Appellant's claim of fraud on the court, as they would show:

- The alleged criminal activity during the §341 meeting;
- Whether the audio was spliced or manipulated;
- The context of statements made by parties;
- Evidence supporting the arrest warrant issued by the Florida State Attorney's Office.

c. Transcript of Any Hearings on Motions to Strike or Limit Filings: These transcripts would demonstrate:

- The basis for the Court's procedural restrictions;
- Whether Appellant received proper notice and opportunity to be heard;
- Whether the restrictions were imposed as retaliation.

d. Transcript of the Examiner's Testimony and Related Hearings: This transcript is necessary to show:

- The factual basis for the Examiner's conclusions;
- Whether evidence of attorney malpractice was properly considered;
- Whether the "gross mismanagement" finding was supported by evidence.

## IV. NECESSITY FOR MEANINGFUL APPELLATE REVIEW

7. Without these transcripts, Appellant cannot effectively prosecute his appeal, which raises substantial questions including:

a. Whether the Bankruptcy Court abused its discretion by striking Appellant's Emergency Motion without considering evidence of fraud on the court;
b. Whether the conversion order was procured by fraud;

   c. Whether Appellant's due process rights were violated;

   d. Whether the Court engaged in judicial retaliation.

8. The transcripts are not merely desirable but essential because:

   a. Factual Disputes: The appeal turns on factual disputes about what occurred during hearings;

   b. Abuse of Discretion: Review requires examining the Court's reasoning during hearings;

   c. Due Process Claims: Appellant alleges he was denied meaningful hearings;

   d. Fraud Allegations: The spliced audio and §341 meeting issues require review of the record.

9. Appellant cannot present these issues to the District Court without a complete record, which necessarily includes the transcripts of critical proceedings.

## V. GOOD FAITH AND SUBSTANTIAL QUESTIONS

10. Appellant's appeal is brought in good faith and presents substantial questions of law and fact, including:

   a. The standard for striking motions without review;

   b. The court's duty to address evidence of fraud;

   c. Due process requirements in bankruptcy proceedings;

   d. The finality of orders for appeal purposes.

11. The necessity of these transcripts is underscored by the complex factual record and the serious nature of the allegations, including criminal activity during court proceedings and judicial confirmation of same through an arrest warrant.

## VI. GOVERNMENT INTEREST

12. Providing transcripts at government expense serves important governmental interests:

   a. Judicial Economy: Prevents piecemeal appeals and remands due to incomplete records;

   b. Due Process: Ensures indigent litigants have meaningful access to appellate review;

   c. Judicial Integrity: Allows full review of allegations of judicial misconduct;

   d. Truth-Seeking: Facilitates complete review of fraud allegations.

13. The cost of preparing transcripts is minimal compared to the interests at stake, which include the integrity of the bankruptcy process and the court's duty to prevent fraud.

## VII. ALTERNATIVES CONSIDERED

14. Appellant has considered and rejected alternatives because:

 a. Appellant Cannot Pay: As established in the IFP motion, Appellant cannot afford transcript costs;

 b. Partial Transcripts Inadequate: Selective transcripts would not provide complete review;

 c. Appellant Pro Se: Without counsel, Appellant cannot effectively identify all necessary portions without complete transcripts;

 d. Complex Record: The interrelationship of issues requires comprehensive review.

## VIII. REQUESTED RELIEF

15. Appellant respectfully requests that this Court:

 a. Order the preparation of the following transcripts at government expense:
  1. All hearings related to the conversion from Chapter 11 to Chapter 7;
  2. All §341 meetings in this case;
  3. All hearings on motions to strike, limit filings, or impose procedural restrictions;
  4. All hearings involving the Examiner's testimony and report;

 b. Direct the court reporter(s) to prepare and file these transcripts within 30 days;
 c. Waive all transcript fees due to Appellant's indigent status;
 d. Include these transcripts in the record transmitted to the District Court;
 e. Grant such other relief as the Court deems just.

WHEREFORE, Appellant John Michael Cohan respectfully requests that this Court grant his Motion for Transcripts at Government Expense.

Dated: 12-18-2025

Respectfully submitted in good faith,

John Michael Cohan, without prejudice, without recourse, UCC 1-308, 1-103
iustusprocessus@outlook.com

## Certificate of Service

I hereby certify that all interested parties have been duly served a copy of the following documents by the CM/ECF system.