UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
In re: Genie Investments NV Inc., Debtor.
Case No. 3:24-bk-00496-BAJ
Chapter 7


FILED INTAKE USBC
DEC 18 '25 PH2:44

## MOTION FOR STAY PENDING APPEAL

Appellant John Michael Cohan, pro se, respectfully moves this Court for an order staying the proceedings in the above-captioned bankruptcy case and, specifically, enjoining any distribution, transfer, sale, or disbursement of estate assets pending resolution of his appeal to the United States District Court. In support of this Motion, Appellant states as follows:

INTRODUCTION

1. This Motion seeks emergency relief to preserve the status quo and prevent irreparable harm during the pendency of Appellant's appeal. The Bankruptcy Court's Orders striking Appellant's Emergency Motion to Vacate Conversion Order (Doc. 506) and denying his Motion for Relief as moot (Doc. 505) have created an imminent risk that the Chapter 7 Trustee will distribute estate assets, rendering the appeal moot and causing permanent, irreparable injury to Appellant and all creditors.

I. FACTUAL BACKGROUND

2. On December 5, 2025, Appellant filed an Emergency Motion to Vacate Conversion Order Under Rule 9024/60(d)(3), for Immediate Temporary Restraining Order, and to Preserve All Rights Pending Full Briefing (Doc. 501). The motion presented prima facie evidence of fraud on the court, including:

   a. Corruption of the §341 meeting record (Exhibit 1: spliced audio waveform);
   b. Confirmation by the Florida State Attorney's Office of a judge-signed arrest warrant for crimes committed during the §341 meeting (Exhibit 2);
   c. Expert opinion from a former FINRA enforcement attorney demonstrating that the U.S. Trustee's allegations were "unsupported by the Report or anything in the record" (Exhibit 3);
   d. Evidence that Debtor's counsel refused to allege known fraud, seek reconsideration or appeal (Exhibit 4).

3. The Emergency Motion also demonstrated the Debtor's ability to successfully reorganize under Chapter 11, including:

   a. A roster of capital providers and accredited investors ready to fund loans (Exhibit 5);
   b. Contracts authorizing collection and foreclosure remedies (Exhibit 6);
   c. An active third-party customer confirming intent to make payment within 30 days of reconversion (Exhibit 7);
   d. Default letters sent to borrowers versus the Chapter 7 Trustee's erroneous "voluntary repayment" plan (Exhibit 8).

4. The Chapter 7 Trustee's authority to distribute assets is legitimately challenged by Appellant's pending Motion for Removal filed on 12/16/25.

   Allowing distribution while this motion remains pending would:
   a. Compound due process violations;
   b. Potentially distribute assets under challenged authority;
   c. Render the appeal and removal motion moot;
   d. Cause irreparable harm that cannot be undone.

5. Despite this evidence and the emergency nature of the request for a TRO to prevent asset distribution, the Bankruptcy Court struck the motion without considering the merits or providing a hearing (Doc. 506).

6. Appellant previously filed a Motion for Relief seeking to address the procedural deadlock created by the Court's restrictions (Doc. 504), which the Court denied as moot (Doc. 505).

7. The Chapter 7 Trustee is now free to distribute estate assets at any time. Once distributed, recovery would be impracticable if not impossible, and Appellant's appeal would be rendered constitutionally moot.

## II. LEGAL STANDARD FOR STAY PENDING APPEAL

8. Federal Rule of Bankruptcy Procedure 8007 governs stays pending appeal. The Court considers four (4) factors:

   a. Likelihood of success on the merits;
   b. Irreparable injury absent a stay;
   c. Substantial injury to other parties if stay is granted;
   d. Public interest.

9. These factors weigh heavily in favor of granting a stay.

## III. LIKELIHOOD OF SUCCESS ON THE MERITS

10. Appellant has a substantial likelihood of success on appeal because:

   a. Abuse of Discretion: The Bankruptcy Court abused its discretion by striking the Emergency Motion without considering the merits or providing a hearing, particularly when the motion presented evidence of fraud on the court under Rule 60(d)(3), which allows vacatur "at any time."

   b. Due Process Violation: The Court violated Appellant's due process rights by denying any opportunity to be heard on evidence of fraud that goes to the heart of the Court's jurisdiction and integrity.

   c. Failure to Address Fraud on the Court: The Court had a duty to address evidence of fraud on the court but instead struck the motion without review.

   d. Procedural Irregularities: The pattern of striking motions without review, imposing filing restrictions, and denying hearings demonstrates fundamental unfairness.

11. The Emergency Motion presented compelling evidence that the conversion order was procured by fraud, including:

   a. Material Misrepresentations: The U.S. Trustee reframed attorney malpractice as "gross mismanagement";

   b. Fabricated Evidence: The U.S. Trustee's motions included fabricated or materially inaccurate confirmations;

   c. Corrupted Record: The §341 audio was spliced to conceal criminal activity;

   d. Judicial Confirmation: A Florida state agency verified judge-signed arrest warrant exists for crimes committed during the §341 meeting.

## IV. IRREPARABLE INJURY ABSENT A STAY

12. Without a stay, the Chapter 7 Trustee will imminently distribute estate assets, causing irreparable harm:

   a. Mootness: Distribution will render the appeal constitutionally moot. Once assets are distributed to creditors, recovery is impracticable if not impossible.

   b. Permanent Loss: The Debtor's ability to reorganize and maximize value for all creditors will be permanently lost.

   c. Inability to Remedy Fraud: If the conversion order was indeed procured by fraud (as evidenced), allowing liquidation under false pretenses cannot be undone after distribution.

13. Appellant has demonstrated that the Debtor has viable operations and can reorganize:

   a. Capital providers and investors are ready to fund new loans;
   b. Active customers intend to make payments upon reconversion;

 c. Contractual remedies allow for collection on defaulted loans;
 d. Approximately $1.5 million in recovery would enable immediate refunds to creditors.

14. A brief pause in distributions causes no harm, while erroneous liquidation causes permanent injury.

## V. SUBSTANTIAL INJURY TO OTHER PARTIES

15. Granting a stay will not substantially injure other parties:

 a. Creditors: Creditors benefit from preserving the estate for potential reorganization, which could yield higher recoveries than liquidation.
 b. Chapter 7 Trustee: The Trustee incurs no harm from a brief administrative pause.
 c. Estate: The estate remains intact and may increase in value through reorganization efforts.

16. Conversely, denying a stay will injure all parties if the conversion order was fraudulently procured.

## VI. PUBLIC INTEREST

17. The public interest strongly favors a stay:

 a. Judicial Integrity: The public has an interest in courts addressing evidence of fraud rather than striking motions without review.
 b. Due Process: The public interest requires meaningful access to courts and fair process.
 c. Truth-Seeking: The public interest favors uncovering truth and remedying fraud on the court.
 d. Efficient Administration: A brief stay to preserve appellate rights promotes efficient justice by preventing mootness and the need for additional litigation.

## VII. REQUESTED RELIEF

18. Appellant respectfully requests that this Court enter an order:

 a. Staying all proceedings in Case No. 3:24-bk-00496-BAJ pending resolution of the appeal;
 b. Specifically enjoining the Chapter 7 Trustee, United States Trustee, and all parties-in-interest from making any distribution, transfer, sale, or disbursement of any property of the estate;
 c. Setting an expedited hearing on this Motion;
 d. Granting such other and further relief as the Court deems just.

VIII. EMERGENCY NATURE

19. This Motion is filed as an emergency because:

   a. Asset distribution may occur at any time;

   b. Once assets are distributed, the appeal will be moot;

   c. The Bankruptcy Court has already demonstrated willingness to strike emergency motions without hearing;

   d. Immediate action is necessary to preserve the status quo.

WHEREFORE, Appellant John Michael Cohan respectfully requests that this Court grant his Motion for Stay Pending Appeal and enter an order staying all proceedings and enjoining any distribution of estate assets pending resolution of his appeal to the District Court. Any attempt to reframe these allegations as frivolous or meritless would be erroneous.

Dated: 12-18-2025

Respectfully submitted in good faith,

John Michael Cohan, without prejudice, without recourse, UCC 1-308, 1-103
iustusprocessus@outlook.com

### Certificate of Service

I hereby certify that all interested parties have been duly served a copy of the following documents by the CM/ECF system.