**ORDERED.**

Dated: February 10, 2026

*Jason A. Burgess*
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

GENIE INVESTMENTS NV INC.,           Case No.: 3:24-bk-00496-BAJ

    Debtor.                                     Chapter 7

_____/

**ORDER DENYING MOTION FOR TRANSCRIPTS AT**
**GOVERNMENT EXPENSE PURSUANT TO 28 U.S.C. § 753(f)**

This Proceeding is before the Court without a hearing on the *Motion for Transcripts at Government Expense Pursuant to 28 U.S.C. § 753(f)* (the "Motion") (Doc. 520). By the Motion, the pro se Movant seeks for the United States to pay fees for transcripts in furtherance of his appeal. Movant relies on 28 U.S.C. § 753(f) yet admits that that statute does not apply to this proceeding. Alternatively, Movant seeks relief pursuant to the Court's inherent authority.

Upon consideration, the Court will deny the Motion. The Court is unconvinced by the Movant's arguments, which further no compelling justification for the Court to use its inherent authority to grant the Motion. Movant offers arguments why generally a court might grant such a request, yet offers little, if any, specific justification for granting the Motion in this instance. The

only specifics offered by the Movant pertain to his inability to pay the transcript costs. The Movant relies on his *Motion for Leave to Appeal in Forma Pauperis* (Doc. 460)[1], however, the Court already denied that motion (Docs. 464, 492). Thus, contrary to the Movant's assertions, the mere filing a motion does not establish the statements contained in the Motion. Based on the Movant's conduct in this case, the Court has reason to doubt the veracity of the Movant's statements regarding his lack of income. It would certainly be imprudent for the Court to take his assertions regarding his income at face value. Even if the Court were to take his statements at face value, the lack of income alone does not persuade the Court to grant the Motion.

Next, as Movant admits, 28 U.S.C. § 753(f) typically applies to criminal proceedings.[2] This is not a criminal proceeding, and the relief sought may only apply in civil cases under limited circumstances. First, the Court would need to grant the Movant's motion to appeal in forma pauperis. Youngblood v. City of Georgiana, 2023 U.S. Dist. LEXIS 204484 (M.D. Ala. Nov. 15, 2023); Boyd v. City of San Rafael, 2023 U.S. Dist. LEXIS 207907 (N.D. Cal. Nov. 20, 2023); Assa'Ad Faltas v. Richland Cnty. Sheriff's Dep't, 2022 U.S. Dist LEXIS 242528 (D.S.C. Feb. 8, 2022). The Court has repeatedly denied the Movant's requests to appeal in forma pauperis. (Docs. 464, 492). Second, the Court would need to certify that the appeal is not frivolous and presents a substantial question. Youngblood v. City of Georgiana, 2023 U.S. Dist. LEXIS 204484 (M.D. Ala. Nov. 15, 2023); Boyd v. City of San Rafael, 2023 U.S. Dist. LEXIS 207907 (N.D. Cal. Nov. 20, 2023); Assa'Ad Faltas v. Richland Cnty. Sheriff's Dep't, 2022 U.S. Dist LEXIS 242528 (D.S.C. Feb. 8, 2022). The Court has already determined that the appeal is frivolous and does not

---

[1] Movant does not identify the docket number of the referenced motion. He has filed multiple motions for leave to appeal in forma pauperis and it is uncertain which particular motion he is referencing since he does not identify the specific docket number.

[2] 28 U.S.C. 753(f) sets forth certain instances that the United States must pay fees for transcripts of certain prisoners proceeding on appeal in forma pauperis. None of these instances apply here. See, e.g., Stanley v. Henderson, 590 F.2d 752 (8th Cir. 1979) (permitting an inmate that had already been granted in forma pauperis status to receive a copy of the transcript with the United States to pay the cost).

present a substantial question.  (Docs. 464, 492).  Therefore, 28 U.S.C. § 753(f) does not authorize the Court to grant the Motion.

Finally, Movant makes various allegations in the Motion, including allegations of criminal activity.  These allegations, like many of Movant's pro se filings in this case, lack substance.

Accordingly, it is

**ORDERED:**

The Motion is **DENIED**.

Clerk's Office to Serve.