**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

GENIE INVESTMENTS NV INC.,                    Case No.: 3:24-bk-00496-BAJ

        Debtor.                                      Chapter 7

_____/

**TRUSTEE'S OBJECTION TO CLAIM 4-2 OF BELLE MAISON REALTY, LLC**

---

**NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**

If you object to the relief requested in this paper you must file a response with the Clerk of Court at 300 North Hogan Street, Suite 3-150, Jacksonville, Florida 32202 within thirty (30) days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

**You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.**

---

Aaron R. Cohen, Chapter 7 Trustee, (the "Trustee"), by and through his undersigned counsel, objects to Claim 4-2 filed by Belle Maison Realty, LLC ("Belle Maison") and in support would show the Court as follows:

## I.       Background

1.       On February 21, 2024 (the "Petition Date"), Genie Investments NV Inc. (the "Debtor") filed a Voluntary Petition for Relief (Doc. 1) under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville

85586699;1

Division, in the case styled *In re Genie Investments NV Inc.*, Case No: 3:24-bk-00496-BAJ (the "Bankruptcy Case").

2.     On August 12, 2024, the Bankruptcy Case was converted to a Chapter 7 liquidation case and the Trustee was appointed to administer the Debtor's estate (Doc. 207).

3.      On June 6, 2024, Belle Maison filed Claim 4-2 in the amount of $3,000,000 with $200,000 designated as a priority claim under "11 U.S.C. § 507(a)(c)."

4.     Attached to Claim 4-2 is a copy of a Business Line Expansion Line of Credit Agreement dated February 13, 2023 between Belle Maison and McMann Commercial Lending LLC ("McMann") providing for a loan in the maximum amount of $3,120,000 and for Belle Maison to pay McMann an "interest reserve account" payment of $300,000.

5.     Also attached to Claim 4-2 is a Bridge Loan Agreement between Belle Maison and the Debtor dated February 3, 2023 providing for a loan from the Debtor to Belle Maison of $300,000, which appears to be for the purpose of funding the $300,000 "interest reserve account" payment.

6.     Belle Maison also attached printouts from its bank showing that it wired $45,000 to the Debtor on March 9, 2023 and $25,000 on an unidentified date. The Debtor's bank records reflect a wire deposit of $25,000 into the Debtor's account from Lea J. Muse on January 30, 2023 and a wire deposit of $45,000 into the Debtor's account from Belle Maison on March 9, 2023.

7.     Also attached to Claim 4-2 is a promissory note for borrower Lea Muse from Cross River Bank dated January 19, 2023 in the principal amount of $200,000 and a statement from "Happy Money" dated January 24, 2023 addressed to Lea Muse showing a "total due" of $892.81.

8.     There is nothing in the Debtor's bank or other records indicating that it ever funded a loan to Belle Maison.

2

9.      The documents attached to Claim 4-2 substantiate a claim for $70,000 for payments made to the Debtor by Lea Muse and Belle Maison. The Trustee does not object to Claim 4-2 in the reduced amount of $70,000.

10.     The Trustee does object to Claim 4-2 in the amount of $3 million because there is nothing attached to the claim to substantiate that amount and the Debtor's bank records do not reflect that Belle Maison paid the Debtor $3 million. Belle Maison is not entitled to a claim for speculative "lost opportunity" damages incurred as a result of the Debtor's failure to fund a loan to Belle Maison.

11.     The Trustee also objects to the classification of $200,000 as a priority claim under § 507(a) which provides for priority for domestic support obligations, administrative expenses of the estate, a claim in an involuntary case during the gap period, wages, contributions to an employee benefit plan, certain farming and fisherman claims, and certain taxes owed to governmental entities. Belle Maison's claim falls into none of those categories.

WHEREFORE, Aaron R. Cohen, Chapter 7 Trustee, respectfully requests the Court enter an order sustaining his objection to Claim 4-2 of Belle Maison Realty, LLC, allowing Claim 4-2 in the reduced amount of $70,000 as a general unsecured claim, and granting such other and further relief as the Court deems just and proper.

Dated: February 27, 2026                    AKERMAN LLP

By: /s/ *Raye C. Elliott*
     Raye C. Elliott, Esq.
     Florida Bar Number: 018732
     Email: raye.elliott@akerman.com
     401 East Jackson Street, Suite 1700
     Tampa, FL 33602
     Phone:  (813) 223-7333
     Fax:  (813) 223-2837

     *Attorneys for Aaron R. Cohen, Chapter 7 Trustee*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on February 27, 2026, I filed a true and correct copy of the foregoing with the United States Bankruptcy Court for the Middle District of Florida using the Court's CM/ECF system, which will serve copies on all counsel of record and that a true and correct copy of the foregoing was sent by U.S. Mail, postage prepaid and properly addressed to:

Belle Maison Realty, LLC
Attn: Lea Muse
1133 E. 83rd Street, #171
Chicago, IL 60619

and by email to

lea.bellerealty@gmail.com.

/s/ Raye C. Elliott
Attorney

4

85586699;1