FILED INTAKE USBC
MAR 26 '26 PM 1:02

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

Genie Investments NV,

Case No.: 3:24-bk-00496-BAJ

Debtor.

Chapter 7

_____ /

# RESPONSE OF BELLE MAISON REALTY, LLC
# TO TRUSTEE'S OBJECTION TO CLAIM (doc 560)

Claimant: Belle Maison Realty, LLC
Claim Amount: $3,000,000

## I. INTRODUCTION

Belle Maison Realty, LLC ("Claimant") respectfully submits this Response to the Trustee's Objection to Claim.

The Trustee seeks to reduce Claimant's damages to approximately $70,000 by characterizing the remainder of the claim as "speculative lost opportunity damages." This characterization is incorrect and does not reflect the contractual agreements, the structure of the transaction, or the findings of the Court-appointed Examiner.

Claimant's damages arise from a defined and structured loan agreement in the amount of $3,000,000 that was never funded, not merely from funds paid upfront.

## II. FACTUAL BACKGROUND

### A. The Loan Agreements Establish a Defined $3,000,000 Obligation

Claimant entered into the following agreements:

  Bridge Loan Agreement

  Business Expansion Line of Credit Agreement ("BELOC")

The BELOC Agreement establishes:

- A Project LOC Amount of $3,000,000
- A maximum credit facility of $3,120,000
- A structured loan funding process, including tranche disbursements
- Required borrower payments as a condition of funding

These agreements reflect a specific and defined lending arrangement, not a speculative opportunity.

**B. Claimant Fully Performed Required Conditions**

Claimant:

- Executed all required agreements
- Paid approximately $70,000 in required upfront funds
- Complied with all conditions necessary to obtain funding

**C. The Loan Was Never Funded**

Despite Claimant's compliance:

- No full loan funding occurred
- No legitimate capital provider was ever identified
- The promised loan structure was not carried out

**III. LEGAL STANDARD**

Under 11 U.S.C. § 101(5), a "claim" includes any right to payment, including those that are contingent, unliquidated, or disputed.

Under 11 U.S.C. § 502(b), a claim is allowed unless it is unenforceable under applicable law.

Under Bankruptcy Rule 3001(f), a properly filed proof of claim constitutes prima facie evidence of the validity and amount of the claim.

**IV. ARGUMENT**

A. THE CLAIM IS BASED ON A DEFINED CONTRACTUAL OBLIGATION — NOT SPECULATION

The Trustee characterizes Claimant's damages as "speculative lost opportunity damages." This is incorrect.

The claim is based on:

> A written agreement defining a $3,000,000 loan amount
> A structured lending arrangement
> A clear obligation to fund

This is not a situation involving uncertain future profits or hypothetical business opportunities.

Rather:

> The loan amount is fixed and stated in the agreement
> The obligation to fund was part of the agreed transaction
> The failure to fund is undisputed

Accordingly, the claim arises from the failure to perform a defined contractual obligation, not from speculation.

## B. THE TRUSTEE'S POSITION IMPROPERLY REDUCES THE CLAIM TO OUT-OF-POCKET PAYMENTS

The Trustee's position would limit Claimant's damages to only the funds paid.

However:

> The transaction was not structured as a fee-for-service arrangement
> The payments were made as part of a larger loan funding process
> The agreements establish that the ultimate objective was a funded loan

Reducing the claim to only upfront payments ignores the structure and purpose of the transaction.

## C. THE EXAMINER REPORT SUPPORTS THE CLAIMANT'S POSITION

The Court-appointed Examiner's findings confirm that:

The lending program lacked any legitimate external capital source
Borrower funds were used to sustain operations rather than fund loans
Funds were commingled and diverted

Examiner Report (Key Findings):

Structure of the lending program → p. 9 ¶26

BELOC, ICA, and borrower payment mechanics → p. 7 ¶17

Lack of viable funding model → p. 51 ¶237

Insider transfers and misuse of funds → Section VI

**These findings demonstrate that:**

The loan structure existed in form but not in substance
Borrowers were induced into a program that did not function as represented

## D. THE STRUCTURE OF THE TRANSACTION DEMONSTRATES MISREPRESENTATION

The BELOC Agreement identifies a nominal lender and references "capital partners," yet:

No capital partners were identified or verified

No funding source was demonstrated

Borrower funds were directed to and controlled by the Debtor

The Examiner's findings further show that:

- Funds were routed through financial accounts and diverted to other uses
- Borrower funds were not preserved or used for loan funding

This disconnect between the agreement and actual conduct demonstrates that the lending structure was misrepresented.

## E. THE CLAIM IS VALID UNDER BANKRUPTCY LAW REGARDLESS OF ESTATE SIZE

The Trustee's objection appears to focus on limiting the size of the claim based on the current estate.

However:

> The ability of the estate to pay a claim does not determine the validity or amount of that claim.

Under bankruptcy law:

Claims may be contingent or disputed

Claims are evaluated based on the underlying obligation, not the estate's assets

## F. THE TRUSTEE HAS NOT REBUTTED THE CLAIM

The Trustee has not:

Disputed the existence of the agreements

Disputed the stated loan amount

Disputed that funding did not occur

Instead, the Trustee relies solely on labeling the damages as "speculative."

This is insufficient to overcome the prima facie validity of the filed claim.

## G. RESERVATION OF RIGHTS

Claimant reserves all rights to:

Supplement this Response

Provide additional evidence

Seek amendment or clarification of the claim consistent with the underlying transaction

## H. STATUS OF REPRESENTATION

Claimant is a small, single-member limited liability company and has made efforts to obtain legal representation but has been unable to do so due to financial constraints.

Accordingly, this Response is submitted in good faith to preserve Claimant's rights in response to the Trustee's objection.

Claimant respectfully requests that the Court consider this context. The claimant intends to seek counsel if resources permit.

## V. CONCLUSION

The Trustee's objection:

Mischaracterizes the nature of Claimant's damages

Ignores the contractual structure of the transaction

Disregards the findings of the Court-appointed Examiner

The claim is based on a defined $3,000,000 loan obligation that was never funded, not speculative damages.

**WHEREFORE,** Claimant respectfully requests that this Court:

1. Overrule the Trustee's Objection

2. Allow Claimant's Proof of Claim in the full amount of $3,000,000

3. In the alternative, set the matter for evidentiary hearing

4. Grant such other relief as the Court deems just and proper

Respectfully submitted,

Belle Maison Realty, LLC

By:

Name: Lea Muse
Title: Single Owner Belle Maison Realty, LLC
Date: March 24, 2026

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Response was served on the following parties on this 24 day of March, 2026:

**Chapter 7 Trustee:** (US Mail)

Aaron R. Cohen
Akerman LLP
401 East Jackson St., Suite 1700
Tampa, FL 33602

**Counsel for Trustee:** (email)

Raye Curry Elliott, raye.elliott@akerman.com

**Office of the United States Trustee:** (email)

Scott E Bomkamp, scott.e.bomkamp@usdoj.gov

**Debtor's Counsel:** N/A

Service was made via the U.S. Mail and Email

Lea Muse

# FedEx®

**This envelope is only for FedEx Express® shipments**

You can help us get your package safely to its destin... ...ng your
items securely. Need help? Go to **fedex.com/pack...** ...ng tips.

Check your FedEx shipping document, the curre... ...ce Guide,
or the conditions of carriage for complete term... ...and limits
of liability.

...onsible
...g options



**408-7558**

SP-PD-100FY
EITP:1

4357 THU 0326A
300 N HOGAN ST
08:00

JACKSONVILLE FL
32202-426-7-15

ORIGIN ID:GYYA          (181) 826-8583
LEA MUSE
BELLE MAISON REALTY LLC
1133 EAST 83RD STREET
171
CHICAGO, IL 60619
UNITED STATES US

SHIP DATE: 24MAR26
ACTWGT: 1.00 LB
CAD: 30860009/INET4762

BILL CREDIT CARD

TO **CLERK'S OFFICE**
**UNITED STATES BANKRUPTCY COURT**
**300 NORTH HOGAN STREET**
**SUITE 3-150**
**JACKSONVILLE FL 32202**
(904) 301-6490
INV:
PO:                REF:
DEPT:

58KJS/7AE5/48dB

FedEx Express

J281026012001UV

**THU – 26 MAR 5:00P**
**★★ 2DAY ★★**

**32202**
FL-US  **JAX**

TRK# 8899 3229 0927
0201

**SS NIPA**