FILED *Via Mail*

JACKSONVILLE, FLORIDA

APR 2 8 2026

CLERK, U.S. BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
**JACKSONVILLE DIVISION**

In re:

Genie Investments NV,                            Case No.: 3:24-bk-00496-BAJ

Debtor.                                          Chapter 7

_____ /

**MOTION TO ALLOW AMENDMENT OF PROOF OF CLAIM AND CLARIFICATION
OF CLAIMANT INTEREST**

## I. INTRODUCTION

Lea Muse ("Movant"), appearing pro se, respectfully moves the Court to allow clarification and amendment of the existing Proof of Claim filed by Belle Maison Realty, LLC (Claim No. 4).

This Motion is submitted in direct response to the Trustee's Objection to Claim 4-2 (doc 560), which characterizes the claim as unsupported and speculative. This Motion is filed following Movant's timely Response to the Trustee's Objection and is intended to further clarify the issues raised therein.

Movant respectfully submits that the Trustee's objection is based on an incomplete characterization of the transaction and that clarification is necessary to properly reflect:

- The structure of the loan agreements;
- The relationship between the $70,000 paid and the $3,000,000 loan amount; and
- The nature of the damages arising from the failure to fund the loan.

Movant does not seek to represent Belle Maison Realty, LLC, but instead seeks recognition of Movant's individual involvement and interest arising from the same transaction.

This Motion does not assert a new claim, does not increase the amount of the claim, and does not introduce new facts. It clarifies the existing claim already before the Court.

At its core, this claim arises from a written agreement defining a $3,000,000 loan that was never funded.

## II. BACKGROUND

1. Belle Maison Realty, LLC timely filed Proof of Claim No. 4.
2. The claim arises from a loan transaction involving:
   o A Business Expansion Line of Credit Agreement ("BELOC") (attached as Exhibit A);
   o A Bridge Loan Agreement (attached as Exhibit B).
3. The BELOC defines a **Project LOC Amount of $3,000,000**, with a maximum facility of $3,120,000.
4. The claim history reflects:
   o An initial filing of approximately **$70,000** representing funds paid (attached as Exhibit C); and
   o An amended filing of **$3,000,000** reflecting the full loan amount defined in the agreement.
5. As noted by the Trustee, the Debtor's records reflect payments totaling approximately $70,000.
6. The Trustee does not object to the claim in the amount of $70,000 but objects to the remainder of the claim.
7. Movant was directly involved in the transaction and:
   o Personally signed loan-related documents;
   o Personally paid funds in connection with the transaction; and
   o Personally relied on representations that the loan would be funded.

## III. RELIEF REQUESTED

Movant respectfully requests that the Court:

1. Allow clarification and amendment of Proof of Claim No. 4;
2. Recognize Movant's individual involvement and interest arising from the same transaction; and
3. Grant such further relief as the Court deems just and proper.

## IV. ARGUMENT

### A. THIS MOTION SEEKS CLARIFICATION, NOT A NEW CLAIM

The Trustee's objection suggests that the claim is unsupported or improperly expanded.

Movant respectfully submits that this Motion does not assert a new claim.

- The underlying transaction remains unchanged;
- The agreements remain unchanged;
- The payments remain unchanged; and
- The total claim amount remains unchanged.

This Motion clarifies the structure of the claim and the parties involved in the same transaction already before the Court.

## B. THE TRUSTEE IMPROPERLY LIMITS THE CLAIM TO CASH PAYMENTS

The Trustee's objection focuses on the fact that the Debtor's records reflect approximately $70,000 in payments.

However, this characterization treats the transaction as if it were limited to a payment.

It was not.

The documents attached to the Proof of Claim establish:

- A structured loan transaction;
- A defined loan amount of $3,000,000; and
- Required borrower payments as part of that transaction.

The $70,000 represents only one component of that transaction.

## C. THE CLAIM IS BASED ON A DEFINED AGREEMENT, NOT SPECULATION

The Trustee characterizes the claim as speculative "lost opportunity" damages.

Movant respectfully disagrees.

This claim is based on:

- A written agreement defining a specific loan amount;
- A structured lending process; and
- The Debtor's failure to fund that loan.

This is not a claim based on uncertain future outcomes.

It is based on a defined loan that was not funded.

The amount is not derived from projections or expected profits, but directly from the loan amount stated in the written agreement. It is the exact amount stated in the governing loan agreement.

## D. THE FAILURE TO FUND SUPPORTS THE CLAIM

The Trustee asserts that because no loan was funded, the claim is unsupported.

Movant respectfully submits:

The failure to fund the loan is the basis of the claim, not a reason to deny it.

The transaction contemplated:

- A defined loan;
- Required borrower performance; and
- Funding by the Debtor or its program.

That funding did not occur.

To hold otherwise would allow a defined loan agreement to be reduced solely to upfront payments, without regard to the agreed transaction.

## E. CLARIFICATION OF CLAIM COMPONENTS

Movant clarifies that the claim includes:

- Approximately **$70,000** in funds paid; and
- A **$3,000,000** loan amount defined in the agreement.

These are not separate claims.

They are:

Components of a single transaction involving a structured loan that was never funded.

This clarification does not change the claim amount, it explains it.

## F. CLARIFICATION REGARDING PRIORITY DESIGNATION

Movant acknowledges the Trustee's objection to the priority designation and does not oppose reclassification of the claim as a general unsecured claim, while maintaining the full amount of the claim.

## G. NO PREJUDICE TO THE ESTATE

Allowing this clarification does not prejudice the estate because:

- The transaction has been fully disclosed;
- No new facts are introduced;
- No increase in claim amount is requested; and
- No additional investigation is required.

## <u>Exhibits</u>

Movant attaches the following exhibits in support of this Motion:

- Exhibit A – Business Expansion Line of Credit Agreement (BELOC)
- Exhibit B – Bridge Loan Agreement
- Exhibit C – Proof of payment of approximately $70,000

## V. CONCLUSION

This Motion:

- Clarifies the structure of the existing claim;
- Directly addresses the Trustee's objections;
- Does not assert a new claim; and
- Provides the Court with a clearer understanding of the transaction.

## WHEREFORE, Movant respectfully requests that this Court:

1. Allow clarification and amendment of Proof of Claim No. 4;
2. Recognize Movant's individual involvement arising from the same transaction;
3. Allow the claim consistent with the clarified structure and underlying agreements;
4. Alternatively, set the matter for evidentiary hearing, if necessary; and
5. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Lea Muse
Individual Creditor (Pro Se)

Email: lea.bellerealty@gmail.com

Phone: 818-261-8583

Date: April 24, 2026

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on all required parties, including:

- Chapter 7 Trustee - Fedex
- Counsel for Trustee - Email
- Office of the United States Trustee - Email
- Debtor's Counsel (N/A)

on the 24th day of April, 2026, via FedEx and Email.


Lea Muse