UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

In re:

GENIE INVESTMENTS NV INC.,

Debtor.
_______________________________/

Case No.: 3:24-bk-00496-BAJ

Chapter 7

**RESPONSE TO TRUSTEE'S OBJECTION TO CLAIM 5-3 OF CHARLES BLAKE STRINGER AND NUTRA-ACRES, LLC**

Creditors Charles Blake Stringer and Nutra-Acres, LLC ("the Creditors"), file this, their *Response to the Trustee's Objection to Claim 5-3,* as follows:

**I. Procedural History**

1. On July 15, 2024, the Creditors timely filed Proof of Claim 5-3, and thereby asserted their claim against Debtor, Genie Investments, NV, Inc. ("the Debtor") in the amount of $14,247,750 ("the Proof of Claim"). The Proof of Claim is supported by145 pages of documentary support, including copies of contracts and agreements between the Creditors and the Debtor.

1. On February 27, 2026, Trustee Aaron R. Cohen ("the Trustee") filed its *Objection to Claim 5-3 of the Creditors* (Doc. No. 561) ("the Trustee's Objection").

2. Prior to the expiration of the deadline for the Creditors to respond to the Trustee's Objection, the Creditors and the Trustee, through counsel, filed a *Joint Stipulation to Enlarge Time to Respond to Trustee's Objection to Claim 5-3 of Charles Blake Stringer and Nutra-Acres, LLC* (Doc. 571), with the stipulated response deadline being May 2, 2026 ("the Response Deadline").

3. Prior to the expiration of the Response Deadline, the Creditors filed their *Motion to Enlarge Time to Respond to Trustee's Objection to Claim 5-3 of Charles Blake Stringer and Nutra-Acres, LLC* (Doc. 577) ("the Motion") as additional time was necessary for the Creditors to file their Response to the Trustee's Objection. This Response is filed prior to a hearing on the Motion.

## **II. Response to the Objection**

4. The Creditors object to the Trustee's Objection.

5. Specifically, through the Trustee's Objection, the Trustee seeks to limit the Creditors' claim to a total claim of $400,000, which is the amount the Trustee has determined is reflected in the Debtor's bank statements as having been received from the Creditors.

6. The Creditors agree that the sum of $400,000 was paid to the Debtor by the Creditors prepaid interest and fees on a promised Business Line of Credit from the Debtor to the Creditors in the amount of $24,000,000 ("the LOC").

7. The Creditors state, however, that the damages caused by the Debtor to the Creditors far exceeds the $400,000 reflected in the Debtor's books and records.

8. Moreover, the Debtor failed to fund the LOC in favor of the Creditors and defaulted on virtually all of its obligations to the Creditors, pursuant to the loan documents and related agreements described herein.

## **III. The Loan Documents and Related Agreements**

9. On February 7, 2023, Creditor Nutra-Acres, LLC ("Nutra-Acres") and the Debtor entered into a Bridge Loan Agreement ("the Loan Agreement") , in which Nutra-Acres was Borrower and the Debtor was Lender. The principal amount of the loan was $2,400,000.

10. Pursuant to Article II, Section 2.03(b) of the Loan Agreement, Stringer and Nutra-Acres was required to make a prepaid interest and fees in the approximate amount of $400,000. Stringer and Nutra-Acres complied with the prepaid interest obligation by making a total of $400,000 in payments to the Debtor in February and March of 2023.

11. On February 7, 2023, Nutra-Acres, LLC and the Debtor entered into an Intercreditor Agreement ("the Intercreditor Agreement") in which Nutra-Acres was "Debtor" and the Debtor was "LOC Lender." The Intercreditor Agreement provided that the Debtor would provide Nutra-Acres with a $24,000,000 line of credit. As stated in paragraph 8, herein, the Debtor failed to provide Nutra-Acres with the $24,000,000 line of credit.

## IV. Damages to the Creditors

12. The Creditors detrimentally relied on the Debtor to fund the Loan Agreement. The Creditors detrimentally relied on the Debtor to provide the $24,000,000 line of credit.

13. The reliance by the Creditors on the Debtor's obligations under the Loan Agreement and the Intercreditor Agreement was reasonable.

13. As a direct result of the failure of the Debtor to fund the Loan Agreement and failure of the Debtor to provide the $24,000,000 line of credit, the Creditors sustained extensive damages, including but not limited to actual damages and consequential damages totaling in excess of $14,000,000.

14. The Creditors intend to prove their damages at a trial on the Trustee's Objection through documentary evidence and through sworn testimony of witnesses.

**WHEREFORE**, for the foregoing reasons, Creditors Charles Blake Stringer and Nutra-Acres, LLC respectfully request that the Trustee's Objection be overruled after notice and a trial;

that the Creditors' claims be allowed in an amount to be determined at trial; and for any and such other and further relief as this Court deems just and equitable.

*/s/ Scott W. Spradley*
SCOTT W. SPRADLEY
Florida Bar No. 782467
Law Offices of Scott W. Spradley, P.A.
301 S. Central Avenue
P.O. Box 1
Flagler Beach, FL 32136
Tel: 386/693-4935
Fax: 386/693-4937
scott@flaglerbeachlaw.com
Attorneys for Creditors Charles Blake Stringer
and Nutra-Acres LLC

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by electronic means this 18th day of May, 2026 to all parties in interest.

*/s/ Scott W. Spradley*
SCOTT W. SPRADLEY