**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

GENIE INVESTMENTS NV INC.,                    Case No.: 3:24-bk-00496-BAJ

        Debtor.                                   Chapter 7

_____/

**MOTION TO STRIKE NOTICE OF APPEAL, MOTION**
**FOR RECONSIDERATION, AND OBJECTION TO CLAIM 5**

Aaron R. Cohen, Chapter 7 Trustee (the "Trustee"), by and through his undersigned counsel, and pursuant to Fed. R. Civ. P. 12(f), Fed. R. Bankr. P. 7012 and 9014[1], requests that the Court strike the Notice of Appeal (Doc. 591), the Motion for Reconsideration of Order Allowing Claim 4 (Doc. 593), and the Objection to Claim 5 of Charles Blake Stringer and Nutra-Acres, LLC (Doc. 594) all filed by John Michael Cohan ("Cohan") and in support would show the Court as follows:

1.      On May 18, 2026, the Court entered an Agreed Order Sustaining Trustee's Objection to Claim 4-2 of Belle Maison Realty, LLC (Doc. 583) (the "Agreed Claim Objection Order") which consensually resolved with the claimant the Trustee's Objection to Claim 4-2.

2.      On June 1, 2026, Cohan filed a Notice of Appeal (Doc. 591) and a Motion for Reconsideration (Doc. 593) of the Agreed Claim Objection Order.

3.      Also on June 1, 2026, Cohan filed an Objection to Claim 5 (Doc. 594). The Trustee filed his own Objection to Claim 5 on February 27, 2026 (Doc. 561) and a Response has been filed

---

[1] Although Rule 7012 does not automatically apply to contested matters, the "court may order that one or more other Part VII rules apply."

by the claimant (Doc. 581). The Trustee's Objection to Claim 5 is being set for hearing on August 18, 2026.

4.      Cohan's Notice of Appeal, Motion for Reconsideration and Objection to Claim 5 must be stricken because Cohan does not have standing to object to claims or appeal or seek reconsideration of orders dealing with objections to claim. Cohan is not a creditor in this bankruptcy. He is a former principal of the Debtor and holds an equity interest in the Debtor. Cohan claims that he is a party in interest because any surplus from the bankruptcy estate will inure to his benefit. However, it is clear from the claims register and court docket that there will be no surplus in this case after administrative expenses are paid and distributions are made to creditors.

5.      Even with the reduced amount for Claim 4 and if the Trustee succeeds in his Objection to Claim 5, the claims in this case total $22,327,743.89. The Trustee may and likely will object to other claims in this case, but the total claims far exceed the amount the Trustee will be able to collect to distribute to creditors. As of March 31, 2026, the Trustee has collected $1,566,544.77. *See* Trustee's Interim Report (Doc. 573).

6.      The Trustee has reached a settlement agreement for the Debtor's malpractice claim against Warren Law in the amount of $435,000. However, that settlement has not yet been consummated due to an appeal filed by John Cohan. The Trustee is also continuing to collect some funds from borrowers of the Debtor who received more from the Debtor than they collected from the Debtor.

7.      Although the Trustee has a judgment against Velanos Principal Capital, Inc. ("Velanos") for $20 million, the judgment is very likely uncollectible. The Trustee has been unable to locate the principal of Velanos, Joshua Wearmouth, despite extensive due diligence, including

87055732;1

retaining a private investigator. Without locating Wearmouth, the Trustee is unable to take a deposition in aid of execution of Velanos. The Trustee has also conducted a bank account search and an asset search but was unable to locate any assets or bank accounts for Velanos.

8. The Trustee is diligently administering all assets of the Debtor. However, there will simply not be sufficient funds to pay all creditors in full in this case and there will be no distribution of any surplus back to the Debtor.

9. A Chapter 7 debtor does not have standing to object to claims unless there will be sufficient funds to pay all administrative expenses in full and all claims in full. *See In re Khullar*, 676 B.R. 446 (Bankr. S.D. Fla. 2025); *In re McKeever*, 588 B.R. 649 (Bankr. N.D. Ga. 2018). Furthermore, Cohan is not the Debtor – he is a shareholder of the Debtor and does not have standing to take actions on behalf of the Debtor. *See In re Manshul Constr. Corp.*, 223 B.R. 428 (Bankr. S.D.N.Y. 1998) (corporate Chapter 7 debtor's sole shareholder did not have standing as equity holder to object to claims).

10. Since Cohan does not have standing to object to claims in this case, his Notice of Appeal (Doc. 591), the Motion for Reconsideration of Order Allowing Claim 4 (Doc. 593), and the Objection to Claim 5 of Charles Blake Stringer and Nutra-Acres, LLC (Doc. 594) must be stricken. *See In re Potter*, No. 11-40237, 2021 WL 4494263 (Bankr. D.N.J. Sept. 30, 2021) (granting a motion to strike pleadings filed by a party who did not have standing); *U.S. v. Fifty-Three Virtual Currency Accounts*, No. 20-2227, 2025 WL 2732705 (D.D.C. Sept. 25, 2025) (striking pleadings because filer of pleadings did not have standing to file them).

WHEREFORE, Aaron R. Cohen, Chapter 7 Trustee, respectfully requests that the Court strike the Notice of Appeal (Doc. 591), the Motion for Reconsideration of Order Allowing Claim

87055732;1

4 (Doc. 593), and the Objection to Claim 5 of Charles Blake Stringer and Nutra-Acres, LLC (Doc. 594) filed by John Cohan, and for such other and further relief as the Court deems just and proper.

Dated:  June 8, 2026                                        AKERMAN LLP

By: */s/ Raye C. Elliott*
    Raye  C. Elliott, Esq.
    Florida Bar Number: 018732
    Email: raye.elliott@akerman.com
    401 East Jackson Street, Suite 1700
    Tampa, FL 33602
    Phone:  (813) 223-7333
    Fax:  (813) 223-2837

Attorneys for Aaron R. Cohen, Chapter 7 Trustee

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 8, 2026, I filed a true and correct copy of the foregoing with the United States Bankruptcy Court for the Middle District of Florida using the Court's CM/ECF system, which will serve copies on all counsel of record and by email to:

John Michael Cohan
iustusprocessus@outlook.com

*/s/ Raye C. Elliott*
Attorney

4

87055732;1