**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

GENIE INVESTMENTS NV INC.,                    Case No.: 3:24-bk-00496-BAJ

           Debtor.                                        Chapter 7

_____/

## TRUSTEE'S MOTION TO COMPROMISE CLAIMS WITH SUMERIAN, LLC

---

### NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING

If you object to the relief requested in this paper you must file a response with the Clerk of Court at 300 North Hogan Street, Suite 3-150, Jacksonville, Florida 32202 within twenty-one (21) days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.

---

Aaron R. Cohen, Chapter 7 Trustee, (the "Trustee"), by and through his undersigned counsel, moves the Court pursuant to Fed. R. Bankr. P. 9019 for an order approving the compromise of claims by and between the Trustee and Sumerian, LLC ("Sumerian"). In support thereof, the Trustee states as follows:

### I.      Background

1.      On February 21, 2024 (the "Petition Date"), Genie Investments NV Inc. (the "Debtor") filed a Voluntary Petition for Relief (Doc. 1) under Chapter 11 of Title 11 of the United

87073004;1

States Code in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division, in the case styled *In re Genie Investments NV Inc.*, Case No: 3:24-bk-00496-BAJ (the "Bankruptcy Case").

2.      On August 12, 2024, the Bankruptcy Case was converted to a Chapter 7 liquidation case and the Trustee was appointed to administer the Debtor's estate (Doc. 207).

3.      Since his appointment, the Trustee has investigated the Debtor's assets and affairs. As a result of that investigation, the Trustee has concluded that the Debtor made certain transfers he alleges are subject to avoidance.

4.      On or about May 18, 2022, the Debtor and Sumerian entered into a Business Credit Line of Expansion Agreement (the "Loan Agreement") for a loan in the maximum amount of $624,000 (the "Loan") by the Debtor to Sumerian.

5.      Sumerian electronically signed a promissory note (the "Note") to the Debtor via a verified e-signature program which is an enforceable promissory note.

6.      The Loan does not mature until November 10, 2032. Sumerian is only required to make interest payments until the Loan matures and the first several years of interest payments were applied from an interest reserve account prepaid by Sumerian.

7.      On May 18, 2022, Sumerian wired the total amount of $60,075 to the Debtor for its interest reserve payment pursuant to the Loan Agreement.

8.      On November 10, 2022 the Debtor wired Sumerian the total amount of $95,900.

9.      Sumerian received a net benefit of $35,825 (the "Net Transfer").

10.     The Debtor never made the full amount of the Loan to Sumerian.

## II.   Terms of Compromise

11.   The Trustee and Sumerian (collectively, the "Parties") have agreed to a compromise of claims related to Net Transfer (the "Compromise") which is set forth in the Settlement Agreement attached hereto and incorporated herein as **Exhibit A**. The Settlement Agreement contains the full Compromise but the primary term is Sumerian shall pay the Trustee the total sum of $15,000.00 in full repayment of the Net Transfer (the "Settlement Payment"). The Settlement Payment shall be made within seven (7) days of entry of an order by the Bankruptcy Court approving this Agreement.

12.   The Settlement Payment shall be property of the Debtor's bankruptcy estate, free and clear of all liens, claims, and encumbrances, and the Trustee shall distribute the Settlement Payment in accordance with the provisions of 11 U.S.C. § 726.

13.   Because the costs and time involved in resolving the bankruptcy estate's interest in the settled claims described herein could yield less than what creditors will receive as a result of this compromise, the Trustee believes that this compromise is reasonable and recommends it to the creditors of this estate.

WHEREFORE, Aaron R. Cohen, Chapter 7 Trustee, respectfully requests the Court enter an Order approving this Compromise substantially in the form attached as **Exhibit B** and granting such other and further relief as the Court deems just and proper.

Dated: June 11, 2026                          AKERMAN LLP

By: /s/ *Raye C. Elliott*
Raye C. Elliott, Esq., Florida Bar No.: 018732
Email: raye.elliott@akerman.com
401 East Jackson Street, Suite 1700
Tampa, FL 33602
Phone:  (813) 223-7333
Fax:  (813) 223-2837

*Attorneys for Aaron R. Cohen, Chapter 7 Trustee*

87073004;1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 11, 2026, I filed a true and correct copy of the foregoing with the United States Bankruptcy Court for the Middle District of Florida using the Court's CM/ECF system, which will serve copies on all counsel of record and that a true and correct copy of the foregoing was sent by U.S. Mail, postage prepaid and properly addressed to all creditors who hold claims for which a proof of claim has been filed, creditors, if any, that are still permitted to file claims by reason of an extension granted pursuant to Fed. R. Bankr. P. 3001(c)(1) or (c)(2), and parties who have filed a request for notice pursuant to section (f) of Local Rule 2002-1, as listed on the attached matrix.

*/s/ Raye C. Elliott*
Attorney

4

87073004;1

Label Matrix for local noticing
113A-3
Case 3:24-bk-00496-BAJ
Middle District of Florida
Jacksonville
Thu Jun 11 15:13:09 EDT 2026

20Twenty Development LLC
494 N Emery Ave
Orem, UT 84057-3708

A Complete Home Inspection LLC
110 Velsco Lane
Port Sulphur, LA 70083-2362

ALV Capital LLC
c/o Strauss Law Group PLLC
264 South River Road, Box 552
Bedford, NH 03110-7058

AMRODDO HOLDINGS, LLC
625 WOODMONT AVE
BERKELEY, CA 94708-1233

Acres & Royalty LLC
P.O. Box 1087
Ruston, LA  71273-1087

Alere LLC
1530 E. Williams Field Rd 201
Gilbert, AZ 85295-1825

Another Chance Group Home Inc
54 N Vista Ave
Casa Grande, AZ 85122-3193

Anvil Construction Inc.
470 N Main St
Brigham City, UT  84302
Brigham City, UT 84302-1858

Archer Capital Investments LLC / Michael Tho
1448 W. Salmon Caddis Dr.
1448 W. Salmon Caddis Dr.
Bluffdale, UT 84065-5122

Autonomous Drone Solutions DBA Calaway Solut
2121 Brittmoore 2200
Houston, TX 77043-2220

(p)BELLE MAISON REALTY  LLC
ATTN LEA MUSE
1133 E 83RD ST
171
CHICAGO IL 60619-6455

Bild Credit LLC
30 N Gould Street 30212
Sheridan, WY 82801-6317

Braces at Brick, PA - Dr John Young
900 Cedar Bridge Ave Ste B15
Brick, NJ 08723

Brian Bevan
282 East 300 South
SMITHFIELD, UT 84335-1636

Brooklyn Heights
307 N Lincoln Street
307 N Lincoln Street
Tallulah, LA 71282-4314

Bull & Bear Properties LLC
1140 E 87th Street
Chicago, IL 60619-7012

Business Live Global USA LLC
4538 Walnut Ridge Circle
4538 Walnut Ridge Circle
McDonald, PA 15057-1608

Charles Blake Stringer/Nutra-AcresLLC
149 South Shore Drive
Amarillo, TX 79118-8007

Cobb Utilities Inc.
191 Honeysuckle Circle NE.
Ranger, GA 30734-6792

Cool Beanz, LLC
143 West Fulton Street
Sanford, FL 32771-1218

Dajo Properties LLC
11360Chestnut Tree Rd
Honey Brook, PA 19344

Darnell Development
1118 N Chinowth
VISALIA, CA 93291-7896

Faith Investors Services LLC
1522 4th Ave
Asbury Park, NJ 07712-4962

(p)FOSTER GROUP LLC
322 E 2600 N
LEHI UT 84043-4410

Global Verse Holdings LLC
1709 Vintage Lane
Wylie, TX 75098-0816

Heliosun LLC DBA Odin
1600 S Litchfield Rd 230A
Goodyear, AZ 85338

Hospitality Growth Capital LLC
c/o Strauss Law Group PLLC
264 South River Road, Box 552
Bedford, NH 03110-7058

Internal Revenue Service
PO Box 7346
Philadelphia, PA  19101-7346

Jimmy D Chambers, CPA
7200 Hwy 87 N
Orange, TX 77632-9275

Knut LLC
697 N 740 E
Lehi UT 84043-1300

Latent Lending, LLC
Latent Wealth Group, LLC
Mark Steiner
302 N. Abajo Peak Way, UT 84032

Legacy Land Developers LLC
1651 W 100th St
CHICAGO, IL 60643-2128

Limitless Investment Group, LLC
3855 south
500 West Unit B
Salt Lake City, UT 84115

Log Cabin Building LLC
289 Parker Drive
Pittsburgh, PA 15216-1346

MIMS-IPR, LLC
1627 7th St S
Clanton, AL 35045-8786

McMann Commercial Lending LLC
c/o David E. Cohen
SWK Attorneys at Law
500 Skokie Blvd., Ste 600
Northbrook, IL 60062-2831

Meetopolis LLC
Attn: Lisa Butkiewicz
5434 E Kathleen Road
Scottsdale, AZ 85254-1759

Michael Calvitto, H&M Essential Services LLC
15714 Torry Pines Rd.
Houston, TX 77062-4512

Michael Thompson
1448 W Salmon Caddis Dr
Bluffdale, UT 84065-5122

Moser Holdings, LLC
537 S. 150 E.
Smithfield, UT 84335-1654

N2N Group, Inc
5 Webb Hill Road
Great Neck, NY  11020
Attention:  Michelle Chen
Great Neck, NY 11020-1118

NCR Digital Corp
237 Floyd Road
Shirley, NY 11967-2941

New Mount Olive Church
2905 Macfarlane Crescent
2905 Macfarlane Crescent
Flossmoor, IL 60422-1427

North Haven Lodging Partners LLC
Benjamin J. Morris, c/o Foley & Lardner
11988 El Camino Real, Suite 400
San Diego, CA 92130-2594

North Haven Lodging Partners, LLC
Attn: Benjamin Morris, Esq.
Foley & Lardner LLP
11988 El Camino Real, Suite 400
San Diego, CA 92130-2594

Nortical Capital Inc
921 E. Parker Street 1
Lakeland, FL 33801-1901

Nutre Leasing LLC
c/o Strauss Law Group PLLC
264 South River Road, Box 552
c/o Strauss Law Group PLLC, 264 South Ri
Bedford, NH 03110-7058

Office of the United States Trustee
400 West Washington Street
Suite 1100
Orlando, FL 32801-2440

Onsite lifecare Inc
23 dora lane
Holmdel, NJ 07733-1624

Relco Industries LLC and Richard L Ellison
75 Lambert Avenue
Clifton, NJ 07013-1254

Rolling By The Dozen RV Park LLC
40 Country Road 267
Somerville, TX 77879-5208

Rowehl & Russo Properties LLC.
237 Floyd Rd
Shirley, NY 11967-2941

S&L Zeppeteli DBA SLZ Waste Inc
191 Moonachie Road
Moonachie, NJ 07074-1309

Seiler Tucker Inc
400 Poydras Suite 1460
New Orleans, LA 70130-3260

Solace Realty Concepts LLC
112 Lehigh Ave
Newark, NJ 07112-2036

Solar Capital Funding LLC
c/o Strauss Law Group PLLC
264 South River Road, Box 552
c/o Strauss Law Group PLLC, 264 South Ri
Bedford, NH 03110-7058

Springer Farms Landholdings, LLC
325 N 1200 E
American Fork, UT 84003-2049

Sun Coast Entertainment Live LLC
6960 Brescia Way
Orlando, FL 32819-5288

Sunlight Storage LLC
3344 Bear Canyon Ln
Pleasant Grove, UT 84062-8016

Susan Ray
4314 Argentina Circle
4314 Argentina Circle
Pasadena, TX 77504-2502

Temidayo Adebayo
148 Undercliff Avenue
Suite 9
Edgewater, NJ 07020-1123

The Farming Co Pty Ltd
86 Lakeside Drive
Helena Valley
6056, Western Australia

The Generations Group-DonStrickland
14312 Zion Gate Xing
Conroe, TX 77384-2516

TnC NOLA Holdings LLC
1461 Annunciaction Street B
New Orleans, LA 70130-4539

Uncle Willie Green Wings
141 Lehigh Ave
Newark, NJ 07112-2037

WAI Holdings, LLC
1275 S Lucerne Blvd
Los Angeles, California 90019
Attention:  David Meiselman
Los Angeles, CA 90019-6804

Wallingford Lodging Partners LLC
Benjamin J. Morris, c/o Foley & Lardner
11988 El Camino Real, Suite 400
San Diego, CA 92130-2594

West Palm Holdings Inc
2705 Via Vistosa
San Clemente, CA 92672-3636

Zelco Properties LLC
108 Patriot Dr A
Middletown, DE 19709-8803

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Belle Maison Realty, LLC
Attn: Lea Muse
1133 E 83rd Street 171
Chicago, IL 60619

Foster Group LLC
2539 N 300 E
Lehi, UT 84043

End of Label Matrix
Mailable recipients    69
Bypassed recipients     0
Total                  69

## SETTLEMENT AGREEMENT

**THIS SETTLEMENT AGREEMENT** (the "Agreement") is entered into as of the 30 day of May, 2026, by and between Aaron Cohen, Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Genie Investments NV, Inc. (the "Debtor") and Sumerian, LLC ("Sumerian") (each a "Party" and collectively with the Trustee, the "Parties").

### Recitals

**WHEREAS,** on February 21, 2024 (the "Petition Date"), Genie Investments NV Inc. (the "Debtor") filed a Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court"), in the case styled *In re Genie Investments NV Inc.*, Case No: 3:24-bk-00496-BAJ (the "Bankruptcy Case").

**WHEREAS,** on August 12, 2024, the Bankruptcy Case was converted to a Chapter 7 liquidation case and the Trustee was appointed to administer the Debtor's estate.

**WHEREAS,** on or about May 18, 2022, the Debtor and Sumerian entered into a Business Credit Line of Expansion Agreement (the "Loan Agreement") for a loan in the maximum amount of $624,000 (the "Loan") by the Debtor to Sumerian.

**WHEREAS,** on May 18, 2022, Sumerian wired the total amount of $60,075 to the Debtor for its interest reserve payment pursuant to the Loan Agreement.

**WHEREAS,** on November 10, 2022 the Debtor wired Sumerian the total amount of $95,900.

**WHEREAS,** Sumerian received a net benefit of $35,825 (the "Net Transfer").

**WHEREAS,** the Debtor never made the full amount of the Loan to Sumerian.

**WHEREAS,** in the interest of avoiding costly and time-consuming litigation, the Parties have agreed to the terms set forth in this Agreement;

**NOW, THEREFORE,** for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, including the mutual covenants and conditions set forth herein, the parties enter into the following Agreement:



05/30/26
12:07 PM MDT
dotloop verified

86675503;1

# Exhibit A

## Terms and Conditions

1.   **Recitals.** The above recitals are incorporated herein and made a part hereof, and each Party acknowledges that the recitals are true and correct to the best of the Party's knowledge, information, and belief and each is a material inducement to enter into this Agreement.

2.   **Authority.** Sumerian and the Trustee, who are represented by counsel of their choice, or who have had the opportunity to consult counsel of their choice, knowingly and voluntarily enter into this Agreement and have full and complete authority to execute this Agreement.

3.   **Repayment of Net Transfer.** Sumerian shall pay the Trustee the total sum of $15,000.00 in full repayment of the Net Transfer (the "Settlement Payment"). The Settlement Payment shall be made within seven (7) days of entry of an order by the Bankruptcy Court approving this Agreement.

4.   **Release.** Upon entry of a final order approving this Agreement and upon full payment of the Settlement Payment by Sumerian in good and sufficient funds, and in consideration of the terms and conditions of this Agreement, except as otherwise set forth or contemplated herein, Sumerian, on one hand, and the Trustee, on another hand, do hereby release, and forever discharge each other, and all their respective heirs, parents, subsidiaries, officers, directors, attorneys, and employees of and from any and all claims and demands whatsoever, known and unknown, disputed and undisputed, suspected and unsuspected, including without limitation all actions and causes of action, debts, damages, punitive damages, liens, costs, expenses, attorneys' fees or court costs, which they ever had, now have, or which any personal representative, successor, heir or assign of said parties, hereafter can, shall or may have, against each other for, upon or by reason of any and all matters, from the beginning of the world to the day of this Release, including, but not limited to, all claims which could be asserted under the Loan Agreement and any other loan documents executed by Sumerian in favor of the Debtor. Nothing contained herein, however, shall release the Parties from the requirements of this Agreement or any judgment issued pursuant thereto.

5.   **Bankruptcy Court Approval.** The terms of this Agreement will be embodied in a motion to approve compromise (the "Compromise Motion") that will be filed by the Trustee in the Bankruptcy Case.

6.   **Inability to Obtain Approval.** If the Trustee is unable to obtain Bankruptcy Court approval in the form of a non-appealable and final order as required in paragraph 5 above, then this Agreement shall be of no force and effect and the Trustee may proceed with prosecution of his claims against Sumerian.

86675503;1

2



05/30/26
12:07 PM MDT
dotloop verified

## Exhibit A

dotloop signature verification: dtlp.us/...

7.    **Governing Law/Stipulated Jurisdiction.** This Agreement shall in all respects be construed in accordance with and governed by the laws of the State of Florida applicable to contracts made and to be performed fully within the State of Florida. The Parties consent to the jurisdiction of the Bankruptcy Court for any all disputes arising out of or resulting from this Agreement.

8.    **Counterparts.** This Agreement may be executed in counterparts, each of which shall constitute an original but all of which taken together shall constitute one and the same document.

9.    **Notices Pursuant to the Agreement.** Any written notices under this agreement may be delivered by email, U.S. Mail, overnight courier, facsimile, or hand delivery, sent to counsel to the relevant Party or to the relevant Party. Raye Elliott shall be counsel for Trustee and notice may be delivered to said counsel by email to raye.elliott@akerman.com. Gabriel White shall be the counsel for Sumerian and notice may be delivered to said counsel at gabriel.white@mylegalbeagle.com.

10.    **Successors and Assigns.** This Agreement as well as the order contemplated herein, shall be binding upon, and inure to the benefit of the Parties and their respective successors and assigns.

11.    **Modification.** This Agreement, and any of the covenants, conditions and representations contained herein may not be waived, changed, altered or modified except by an instrument in writing signed by the Party against whom enforcement of such change is sought.

12.    **Interpretation.** The Parties each acknowledge that each has contributed substantially and materially to the negotiation and preparation of this Agreement, and it shall be deemed the joint work product of all parties and their respective counsel and all Parties shall be considered the drafters of this Agreement. As such, this Agreement shall not be construed more strictly against one party than against another merely by virtue of the fact that it may have been prepared by counsel to one of the Parties. Each of the Parties declares that they have been represented by counsel in connection with the negotiation of this Agreement or have had the opportunity and wherewithal to be represented by counsel in the review, negotiation, and execution of this Agreement, and that the terms and conditions of this Agreement are understood fully and agreed to voluntarily. Headings used in this Agreement are for the convenience of the Parties solely and have no substantive intent or purpose.

**IN WITNESS WHEREOF,** the Parties intending to be legally bound, have duly executed and delivered this Agreement as of the Effective Date.

86675503;1

3



05/30/26
12:07 PM MDT
dotloop verified

## Exhibit A

_____

Aaron Cohen as Trustee of the
bankruptcy estate of Genie Investments
NV, Inc.

**SUMERIAN, LLC**

By: _Mohammed Alhareb_   dotloop verified
05/30/26 12:07 PM MDT
EUX6-JMG8-XAD0-TTMU

Mohammed Alhareb

Its:  Managing Member

4

86675503;1

# Exhibit A

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

GENIE INVESTMENTS NV INC.,                     Case No.: 3:24-bk-00496-BAJ

　　　　　Debtor.                                          Chapter 7

_____/

**ORDER GRANTING TRUSTEE'S MOTION TO**
**COMPROMISE CLAIMS WITH SUMERIAN, LLC**

THIS CASE came before the Court on the Motion (the "Motion")[1] (Doc. ____) of Aaron

R. Cohen, Chapter 7 Trustee, for entry of an Order approving the terms of the Compromise by and

between the Trustee and Sumerian, LLC.  There being no objection to the Motion after proper

notice to interested parties pursuant to Local Bankruptcy Rule 2002-4 on June 11, 2026, it is

　　　**ORDERED**:

　　　1.　　The Motion is granted.

　　　2.　　The Compromise is approved and is fully enforceable in all respects.

Attorney Raye C. Elliott is directed to serve a copy of this order on interested parties who do not
receive service by CM/ECF and to file a proof of service within three days of entry of this order.

---

[1] Defined terms from the Motion are incorporated by reference herein.

87072996;1

**Exhibit B**