**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

GENIE INVESTMENTS NV INC.,                         Case No.: 3:24-bk-00496-BAJ

              Debtor.                              Chapter 7

_____/

**NOTICE OF ETHICAL SCREENING PURSUANT TO**
**FLORIDA BAR RULE OF PROFESSIONAL CONDUCT 4-1.12**

Akerman LLP ("Akerman"), by and through undersigned counsel, files this Notice pursuant to Rule 4-1.12 of the Florida Bar Rules of Professional Conduct and states:

1.      Akerman has recently employed Taylor J. King who served as a Term Law Clerk to the Honorable Jason A. Burgess of the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division from May 2022 through May 2026. Mr. King commenced employment with Akerman as a Bankruptcy Special Counsel in its Jacksonville office on June 15, 2026.

2.      Rule 4-1.12 of the Florida Bar Rules of Professional Conduct provides that a lawyer shall not represent anyone in connection with a matter in which the lawyer participated personally and substantially as a judge, law clerk, or other adjudicative officer, unless all parties give informed consent, confirmed in writing. The Rule further provides that a law firm may continue such representation if: (a) the disqualified lawyer is timely screened from any participation in the matter and apportioned no part of the fee; and (b) written notice is promptly given to the parties and appropriate tribunal.

3.      In accordance with Rule 4-1.12, Akerman has implemented a timely and effective ethical screen to prohibit Mr. King from any participation in this matter and any other matter in

which he participated personally and substantially during his clerkship or as to which he obtained confidential information. The screening procedures include, among other measures:

    a. Restricting Mr. King's access to all physical and electronic files relating to such matters;

    b. Instructing firm personnel not to discuss such matters with Mr. King; and

    c. Ensuring that Mr. King receives no portion of any fee derived from such matters.

4. Mr. King will have no involvement whatsoever in the above-captioned case.

5. This Notice is provided to enable the Court and parties to ascertain Akerman's compliance with Rule 4-1.12. Akerman does not seek any waiver or consent and provides this notice out of an abundance of caution.

Dated: June 15, 2026                AKERMAN LLP

                             By: */s/ Raye C. Elliott*
                                Raye  C. Elliott, Esq.
                                Florida Bar Number: 018732
                                Email: raye.elliott@akerman.com
                                401 East Jackson Street, Suite 1700
                                Tampa, FL 33602
                                Phone:  (813) 223-7333
                                Fax:  (813) 223-2837

                              Attorneys for Aaron R. Cohen, Chapter 7 Trustee

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 15, 2026, I filed a true and correct copy of the foregoing with the United States Bankruptcy Court for the Middle District of Florida using the Court's CM/ECF system, which will serve copies on all counsel of record.

                              */s/ Raye C. Elliott*
                              Attorney

2