FILED INTAKE VIA COURIE
JUL 9 '26 AM9:55
via FedeX

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
**JACKSONVILLE DIVISION**

In re:

Genie Investments NV,                                    Case No.: 3:24-bk-00496-BAJ

Debtor.                                                          Chapter 7

_____ /

## LIMITED RESPONSE AND OBJECTION OF LEA MUSE TO JOHN MICHAEL COHAN'S VERIFIED OBJECTIONS TO CLAIMS AS TO CLAIM NO. 4
### (Doc 620)

Lea Muse, appearing pro se in her individual capacity and as the sole member and real party in interest behind Belle Maison Realty, LLC, respectfully files this Limited Response and Objection to John Michael Cohan's Verified Objections to Claims, Doc. 620, only as it relates to Claim No. 4 filed by Belle Maison Realty, LLC and/or Lea Muse.

This response is limited to correcting the record, preserving claimant rights, and objecting to the unsupported accusations made against Belle Maison Realty, LLC and Lea Muse.

## I. LIMITED APPEARANCE AND PERSONAL INTEREST

1. Belle Maison Realty, LLC is a single-member limited liability company.
2. Lea Muse is the sole member of Belle Maison Realty, LLC.
3. The funds paid in connection with the Genie Investments transaction were Lea Muse's personal funds.
4. Those personal funds were derived from Ms. Muse's employment income.
5. Ms. Muse contributed those personal funds to Belle Maison Realty, LLC as startup and working capital for the business.
6. Those funds were then paid in reliance on the promised loan transaction involving Genie Investments NV Inc where John Michael Cohan was listed as a principal since 12/17/2021.
7. When the promised loan funding did not occur, the loss of those personal funds materially harmed Belle Maison Realty, LLC and impaired its ability to operate and develop as intended.

1

8. The failed funding also frustrated the business purpose for which Ms. Muse had contributed her personal employment income into Belle Maison Realty, LLC.

9. Although Claim No. 4 was filed under Belle Maison Realty, LLC, the underlying funds were personally earned by Lea Muse, contributed to the single-member LLC, and lost in connection with the same transaction that is the subject of Claim No. 4.

10. This response is not intended to create a duplicative claim or seek an improper windfall. Rather, it is intended to clarify that the funds at issue were personally earned by Lea Muse, contributed to Belle Maison Realty, LLC, and paid in reliance on the failed Genie transaction.

11. To the extent the Court determines that Belle Maison Realty, LLC may appear only through counsel, Ms. Muse respectfully requests that this filing be considered as a limited response made by her individually to preserve her personal interest, correct the record, and oppose unsupported accusations directed at her and her company.

12. Ms. Muse does not seek through this limited response to improperly litigate on behalf of an entity if the Court determines counsel is required. Rather, she seeks to preserve her individual interest and ensure the record is accurate.

## II. RESPONSE TO THE OBJECTION TO CLAIM NO. 4

13. Mr. Cohan objects to Claim No. 4 and asserts that the claim should be disallowed. His objection should be overruled.

14. Mr. Cohan mischaracterizes Claim No. 4 as an improper attempt to inflate a $70,000 claim into a $3,000,000 claim.

15. The $3,000,000 amount relates to the promised loan transaction, the failed funding, the representations made in connection with that funding, and damages arising from the failed transaction.

16. The funds actually paid in connection with the transaction were Ms. Muse's personal funds, derived from employment income and contributed to Belle Maison Realty, LLC as startup and working capital.

17. Those funds were paid in reliance on the transaction and documents presented to Ms. Muse.

18. To avoid any confusion, Ms. Muse states that she is not seeking a duplicative recovery or an improper windfall from the bankruptcy estate.

19. To the extent the Court requires clarification, Ms. Muse seeks allowance of the amounts actually paid and preservation of all rights arising from the failed $3,000,000 transaction, including rights against non-debtor parties.

20. Mr. Cohan's objection relies heavily on the phrase "non-refundable," but that does not resolve issues of fraud, misrepresentation, wrongful inducement, failure of consideration, failure to fund, or the Debtor's acceptance of funds in connection with a transaction that was never completed.

21. A contractual label of "non-refundable" does not, by itself, eliminate claims based on fraud, misrepresentation, wrongful inducement, failure to perform, or failure of consideration.

22. Mr. Cohan's objection also ignores the factual context of the Genie transaction, including that the promised loan funding did not occur after Ms. Muse's personal funds were paid.

23. The loss of those funds materially harmed Belle Maison Realty, LLC because the funds were intended to support the formation, operation, and development of the business.

## III. RESPONSE TO UNSUPPORTED ACCUSATIONS

24. Mr. Cohan's filing goes beyond a claim objection and includes unsupported accusations against Belle Maison Realty, LLC and/or Lea Muse.

25. Specifically, Mr. Cohan accuses the claimant of encouraging false or misleading reports to the FBI and engaging in misconduct. Those accusations are denied.

26. Any communications made by Ms. Muse to law enforcement, the Trustee, the United States Trustee, creditors, or other appropriate parties were made in good faith and for the purpose of reporting facts, preserving rights, and assisting in the investigation of the Genie matter.

27. Reporting information to law enforcement or bankruptcy authorities in good faith is not misconduct.

28. Mr. Cohan offers no competent evidence establishing that Belle Maison Realty, LLC or Lea Muse made false statements, filed a false claim, or engaged in any conduct that would justify disallowance of Claim No. 4.

29. To the extent Mr. Cohan seeks to inject accusations of defamation, false light, civil conspiracy, reputational harm, or similar allegations into a claim objection, those allegations are unsupported, improper, and should not be used as a basis to disallow Claim No. 4.

30. Ms. Muse respectfully requests that the Court disregard or strike those unsupported accusations as they relate to Belle Maison Realty, LLC and Lea Muse.

## IV. PROCEDURAL RESERVATION

31. Ms. Muse reserves all rights and objections regarding service, notice, standing, procedure, and compliance with Bankruptcy Rule 3007 and applicable Local Rules.

32. Ms. Muse also reserves the right to supplement this response if the Court sets a hearing, requires further briefing, or if additional allegations are made against her or Belle Maison Realty, LLC.

33. Nothing in this response should be construed as waiving any rights, claims, defenses, or remedies held by Lea Muse, Belle Maison Realty, LLC, or any related party against Genie Investments NV Inc., its principals, insiders, agents, brokers, professionals, or non-debtor third parties.

34. Nothing in this response should be construed as limiting Ms. Muse's right to clarify claimant identity, establish her personal financial interest, or preserve her rights arising from the same transaction underlying Claim No. 4.

## V. REQUEST FOR RELIEF

WHEREFORE, Lea Muse respectfully requests that this Court:

A. Overrule John Michael Cohan's objection to Claim No. 4;

B. Decline to disallow Claim No. 4 based on unsupported allegations;

C. Recognize that Belle Maison Realty, LLC is a single-member LLC;

D. Recognize that the funds paid in connection with the Genie transaction were Lea Muse's personal funds derived from employment income and contributed to Belle Maison Realty, LLC as startup and working capital;

E. Permit clarification of the claimant's interest to the extent necessary to reflect Lea Muse's personal financial interest in the transaction;

F. Disregard or strike unsupported accusations against Belle Maison Realty, LLC and Lea Muse;

G. Preserve all rights of Lea Muse and Belle Maison Realty, LLC against non-debtor parties;

and

H. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Date: June 7, 2026

Lea Muse
Individually and as sole member of Belle Maison Realty, LLC
lea.bellerealty@gmail.com

4

# VERIFICATION

I, Lea Muse, declare under penalty of perjury that the factual statements made in this Limited Response are true and correct to the best of my knowledge, information, and belief.

Date: June 7, 2026

Lea Muse

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Limited Response and Objection of Lea Muse to John Michael Cohan's Verified Objections to Claims as to Claim No. 4 was served on all required parties by email as required by the applicable Bankruptcy Rules and Local Rules.

Date: June 7, 2026

Lea Muse

6