**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

GENIE INVESTMENTS NV INC.,                           Case No.: 3:24-bk-00496-BAJ

              Debtor.                                        Chapter 7

_____/

**CHAPTER 7 TRUSTEE'S MOTION FOR**
**PRELIMINARY AND PERMANENT INJUNCTION**

Aaron R. Cohen, Chapter 7 Trustee (the "Trustee"), by and through his undersigned counsel, pursuant to 11 U.S.C. § 105, respectfully requests that this Court enter a preliminary and permanent injunction prohibiting John Michael Cohan ("Cohan") and David Hughes ("Hughes") from filing any further pleadings with this Court on a *pro se* basis without first obtaining leave of this Court. In support of this Motion, the Trustee would show the Court as follows:

1.      Cohan and Hughes have filed numerous frivolous pleadings in this bankruptcy case and in the adversary proceeding filed by the Trustee against companies owned by Cohan and Hughes, which has unnecessarily caused this estate to incur substantial administrative expenses responding to the pleadings. The Trustee requests that the Court enter a pre-filing injunction prohibiting Cohan and Hughes from future *pro se* filings without first obtaining leave of this Court.

2.      For all of the reasons set forth below, Cohan and Hughes should be enjoined from future filings pursuant to this Court's inherent authority. 11 U.S.C. § 105(a).

**Factual Background**

3.      On February 21, 2024 (the "Petition Date"), Genie Investments NV Inc. (the "Debtor") filed a Voluntary Petition for Relief (Doc. 1) under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville

82093572

Division, in the case styled In re Genie Investments NV Inc., Case No: 3:24-bk-00496-BAJ (the "Bankruptcy Case").

4.      On August 12, 2024, the Bankruptcy Case was converted to a Chapter 7 liquidation case and the Trustee was appointed to administer the Debtor's estate (Doc. 207).

5.      The principals of the Debtor are Cohan and Hughes who each own 50% of the Debtor. (Statement of Financial Affairs, Doc. 40, at p. 15).

6.      Beginning in February 2025, when the Trustee sent demand letters to several companies owned by Cohan and Hughes for the recovery of fraudulent transfers made by the Debtor, Cohan and Hughes have engaged in a campaign of numerous meritless filings targeting the Trustee, the Trustee's attorney, and her law firm. Cohan's and Hughes' filings regurgitate the same meritless assertions of misconduct by the Trustee and his attorney to the point where this Court entered its own Order to Show Cause (Doc. 347) temporarily prohibiting Cohan and Hughes from filing any additional pleadings.

7.      On February 6, 2025, the Trustee filed an adversary proceeding against Zoomeral, Inc., Capitulum, LLC, Genie Investments II, LLC, Better Methods, LLC, and Genie's Angels, LLC n/k/a Merkton Group, LLC (collectively, the "Insider Companies") which was designated Adversary Proceeding Number 3:25-ap-00011-BAJ (the "Adversary Proceeding"). Each of the Insider Companies is owned by some combination of Hughes and Cohan. Cald Holdings, LLC is also a defendant in the Adversary Proceeding but it is not owned by Hughes or Cohan.

8.      The frivolous pleadings filed by Cohan and Hughes in the main bankruptcy case consist of the following:

1)      *Combined Motion for Sanctions and Protective Order Against Chapter 7 Trustee For Retaliatory Conduct, Abuse of Process, and Breach of Fiduciary Duty* (Doc. 274);

82093572

2)      *Motion to Compel Disclosure of Trustee Communications and Administrative Decisions* (Doc. 277);

3)      *Motion to Strike Trustee's Motion for Automatic Stay as Procedurally Improper, Motion for Reconsideration of Order Granting Trustee's Motion to Strike Movants' Motion to Dismiss Adversary Complaint, and Request for Additional Sanctions for Clear Breach of Fiduciary Duty* (Doc. 299);

4)      *Amendment to Motion to Strike Trustee's Motion for Automatic Stay as Procedurally Improper, Motion for Reconsideration of Order Granting Trustee's Motion to Strike Movants' Motion to Dismiss Adversary Complaint, and Request for Additional Sanctions for Clear Breach of Fiduciary Duty* (Doc. 301);

5)      *Motion for Expedited Ruling on Motion for Reconsiderations* (Doc. 302);

6)      *Notice of Urgency Regarding Pending Motion for Reconsiderations* (Doc. 303);

7)      *Motion to Lift the Automatic Stays Pursuant to 11 U.S.C. § 362(d)* (Doc. 320);

8)      *Motion for Sanctions Against Chapter 7 Trustee, Akerman LLP, Aaron Cohen, and Raye Elliott for Bad Faith Litigation, Abuse of Process, Suppression of Exculpatory Evidence, Retaliation, and Breach of Fiduciary Duty* (Doc. 322);

9)      *Motion for Sanctions Against Attorney Raye C. Elliott & Akerman LLP For Violation of Bankruptcy Stay and Bad Faith Litigation* (Doc. 325);

10)     *Motion for Court Recognition of Resignation as Debtor Representative* (Doc. 334);

11)     *Motion for Court Recognition of Resignation as Debtor Representative* (Doc. 335);

12)     *Motion for Expedited Rulings on Procedural Violations, Bad-Faith Litigation, Due Process Violations and Request for Sanctions Against Trustee* (Doc. 337);

13)     *Notice of Material Change in Circumstances* (Doc. 343);

14)     *Motion for Immediate Consideration On Pending Motion for Expedited Rulings and Sanctions* (Doc. 344);

15)     *Objection to Trustee's Unauthorized Second Reply* (Doc. 361);

3

16) *Notice of Withdrawal and Reduction of Proof of Claim No. 16 to Zero With Sworn Declaration and Other Supporting Exhibits* (Doc. 366);

17) *Notice to Material Witnesses of Judicial Misconduct & Civil Rights Violations* (Doc. 368);

18) *Motion to Quash Trustee's Motion to Compel Discovery and For Entry of Protective Order* (Doc. 376);

19) *Notice of Intent to Challenge Default Judgment and Seek Intervention* (Doc. 382);

20) *Supplemental Notice to Material Witnesses of Judicial Misconduct & Civil Rights Violations* (Doc. 385);

21) *Notice of Abuse and Misconduct Impacting These Proceedings* (Doc. 386);

22) *Motion to Vacate Judgment for Fraud on the Court and Wrongful Conversion* (Doc. 392);

23) *Motion for Prompt Ruling on Post-Trial Issues or, In the Alternative, for a Prompt Status Conference* (Doc. 393);

24) *Emergency Motion to Stay All Proceedings and Outside Litigation, To Set Expedite Hearing on Motion to Vacate for Fraud on the Court* (Doc. 394);

25) *Supplemental Motion to Compel Ruling on Pending rule 60(d)(3) Motion* (Doc. 398);

26) *Motion for Clarification Regarding Party Status and Standing* (Doc. 400);

27) *Notice of Non-Response/Supplemental Request for Prompt Ruling* (Doc. 402);

28) *Notice of Improper Collateral Litigation and Request for Judicial Notice* (Doc. 403);

29) *Motion for Judicial Notice of Bankruptcy Court Fraud, Judicial Notice of "FINRA" Report and Notice of Defaults Filed* (Doc. 406);

30) *Motion to Vacate Conversion Order and for Relief from Fraud on Court* (Doc. 419);

31) *Objection to Judicial Conduct and Suppression of Evidence* (Doc. 426);

32) *Notice of Lack of Response/Notice of Unopposed Motion* (Doc. 428);

33) *Notice of Evidence of Potential Fraud, Defamation, and Abuse of Process* (429);

4

82093572

34)     *Notice of Objection Regarding Selective Enforcement and Retaliatory Actions* (Doc. 430);

35)     *Notice of Related Proceedings and Evidence of Bad Faith* (Doc. 431);

36)     *Motion for Reconsideration of Order Granting Trustee's Motion to Enforce Automatic Stay and Denying with Prejudice Third Party Individual's Motion for Sanctions* (Doc. 437);

37)     *Motion for Reconsideration of Order Granting Trustee's Motion to Enforce Automatic Stay and Denying with Prejudice Third Party Individual's Motion for Sanctions* (Doc. 438);

38)     *Memorandum of Law in Support of Motion for Reconsideration of Order* (Doc. 439);

39)     *Objection to Trustee's Motion to (1) Compromise Claims with Christopher D. Warren, P.C., Warren Law Group, PLLC, and Scott OH and (II) Enjoin Certain Claims* (Doc. 440);

40)     *Protective Notice of Appeal* (Doc. 441);

41)     *Motion to Correct the Record and for Relief from Order Granting Motion for Contempt and Imposing Filing Sanctions* (Doc. 451);

42)     *Motion for Full Briefing Schedule* (Doc. 462);

43)     *Notice of Missing Exhibit from Docket Record* (Doc. 470);

44)     *Notice to Correct Oversight Error in Prior Filing Proves Illogical Sequence of Exhibits* (Doc. 474);

45)     *Notice of Non-Receipt of Service of Order Granting Motion to Approve Compromise* (Doc. 475);

46)     *Notice of Retaliatory Action and Procedural Irregularity* (Doc. 476);

47)     *Notice of Systemic Docket Tampering, Ex Parte Communication, and Compromise of Judicial Integrity* (Doc. 477);

48)     *Motion for Relief* (Doc. 485);

49)     *Notice of Filing Notice of Protected Person* (Doc. 496);

50)     *Notice of Filing Notice to United States Marshals Regarding Protected Person Status and Court Appearances and Filings* (Doc. 497);

5

82093572

51)     *Notice of Filing Notice of Thanksgiving Administrative Filing Irregularity in Poor Attempt to Rebut Judicially-Verified 341 Meeting Criminal Act* (Doc. 498);

52)     *Emergency Motion to Vacate Conversion Order Under Rule 9024/60(d)(3), for Immediate Temporary Restraining Order, and to Preserve all Rights Pending Full Briefing* (Doc. 501);

53)     *Notice Regarding Non-Response to Reconversion Motion and Observed Pattern of Litigation Conduct* (Doc. 502);

54)     *Notice of Good-Faith Recovery Efforts and Reliance on Licensed Counsel* (Doc. 503);

55)     *Supplemental Notice Regarding Claims Discrepancies* (Doc. 504);

56)     *Motion for Disqualification and to Recuse United States Trustee Scott Bomkamp and Debtor's Counsel Bryan Mickler as Material Witnesses* (Doc. 507);

57)     *Motion for Disqualification and to Recuse Chapter 7 Trustee Aaron Cohen, Counsel for the Chapter 7 Trustee Raye Elliott, United States Trustee Scott Bomkamp, and Debtor's Counsel Bryan Mickler as Material Witnesses* (Doc. 508);

58)     *Motion for Removal of Chapter 7 Trustee Aaron Cohen and Disqualification of His Counsel, Raye Elliott, for Cause* (Doc. 509);

59)     *Notice Identifying Record Evidence Relevant to Recusals, Disqualifications, and Removals* (Doc. 513) (a 434 page filing);

60)     *Notice of Pending Recusal/Disqualification/Removal Motions* (Doc. 522);

61)     *Supplemental Notice of Protected Person* (Doc. 523);

62)     *Notice of Clarification Regarding Docketing and Scope* (Doc. 528);

63)     *Motion for Judicial Notice and Application of Full Faith and Credit* (Doc. 529);

64)     *Notice To Correct And Clarify Record Regarding Order Filed February 10, 2026* (Doc. 555);

65)     *Notice of Inconsistent or Incomplete Accounting by Trustee* (Doc. 587);

66)     *Request for Judicial Notice* (Doc. 588);

67)     *Response/Objection to Lea Muse, Principal of Belle Maison Realty LLC (Claim/Amended Claim #4)* (Doc. 589);

6

82093572

68) *Notice of Conferral, Trustee's Declination to Respond and Notice of No Investigation Conducted by Trustee* (Doc. 590);

69) *Verified Motion for Reconsideration of Order Allowing Claim #4 (Doc. 583) Under Federal Rule of Bankruptcy Procedure 3008* (Doc. 593);

70) *Verified Response/Objection to Claim(s) 5 of Charles Blake Stringer and Nutra-Acres, LLC* (Doc. 594);

71) *Verified Notice of Reservation of Rights and Demand for Service* (Doc. 595);

72) *Verified Supplement to Verified Notice of Reservation of Rights* (Doc. 596);

73) *Verified Notice of Trustee's Pattern of Shielding Attorneys and Refusing to Investigate* (Doc. 597);

74) *Verified Notice of Trustee's Pattern of Refusing to Investigate, Refusing to Respond, and Refusing to Take a Position* (Doc. 616);

75) *Verified Motion to Modify or Rescind Order to Show Cause* (Doc. 617);

76) *Verified Objection to Claim(s)* (Doc. 620);

77) *Verified Notice of Filing of Objections to Claims* (Doc. 621);

9. The 77 pleadings listed above do not even include the ***nine*** notices of appeal of various orders filed by Cohan, along with accompanying motions for leave to appeal in forma pauperis, each of which have been abated pending a ruling by the District Court on Cohan's request for District Court review of this Court's order denying his motions for leave to appeal in forma pauperis.

10. The recent pleadings filed by Cohan are an attempt to insert himself into the administration of the bankruptcy estate which he clearly does not have standing to do. For example, Cohan has filed multiple objections to claims which is something solely within the power of the Chapter 7 Trustee. There will not be an excess distribution back to the Debtor in this case because there will not be sufficient funds to pay all creditors in full. Absent a likelihood of a surplus distribution back to the debtor, a Chapter 7 debtor (or its equity owner) does not have standing to

82093572

object to claims. *See In re Brooks*, 548 B.R. 896, 900 (Bankr. S.D. Ga. 2016). Cohan's pleadings are also creating procedural problems in the case.  In his Objection to Claims (Doc. 620), Cohan objected to Claim 4 of Belle Maison Realty which the Trustee already objected and resolved with the Claimant, resulting in the Agreed Order Sustaining Trustee's Objection to Claim 4-2 of Belle Maison Realty, LLC (Doc. 583). The Claimant filed a Response to Cohan's Objection at Doc. 623. Claim 4 has already been resolved by a final Order, yet there is now another objection and a response on the docket, resulting in a procedural quagmire.

11.    The frivolous pleadings filed by Cohan and Hughes in the Adversary Proceeding are:

1)    *Motion to Dismiss Adversary Complaint* (Doc. 4);

2)    *Motion to Stay Adversary Proceeding Pending Resolution of Related Personal Matters* (Doc. 8);

3)    *Motion for Extension of Time to Retain Counsel for Adversary Proceeding* (Doc. 9);

4)    *Motion for Reconsideration of Order Striking Motion to Extend Time to Retain Counsel* (Doc. 14);

5)    *Motion for Reconsideration of Order Striking Motion to Stay Adversary Proceeding Pending Resolution of Related Personal Matters* (Doc. 15);

6)    *Notice of Material Change in Circumstances* (Doc. 20);

7)    *Motion to Dismiss for Mootness Due to Dissolution of Defendant Entities* (Doc. 21);

8)    *Supplemental Notice of Procedural Defect in Support of Prior Motions* (Doc. 22);

9)    *Motion to Quash Motion to Compel, For Reconsideration of Text Orders Issued Without Due Process on Juneteenth, and to Preserve Objections* (Doc. 48);

10)    *Notice of Intent to Challenge Default Judgment and Seek Intervention* (Doc. 52);

11)    *Objection to De Facto Enforcement and Denial of Standing (Doc. 54);*

8

82093572

12)    *Emergency Motion to Intervene Under Bankruptcy Rule 7024* (Doc. 53);

13)    *Notice of Constitutional Preservation and Warning of Civil Liability (Doc. 55);*

14)    *Notice of Abuse and Misconduct Impacting These Proceedings* (Doc. 61);

15)    *Notice by John Michael Cohan of Non-Participation, Objection to Jurisdiction, and Reservation of Rights* (Doc. 72);

16)    *Emergency Motion for Immediate Intervention (to Remedy Trustee's Fraud on the Court and Retaliatory Conduct)* (Doc. 75);

17)    *Emergency Motion to Stay All Enforcement and Adverse Proceeding against David Hughes and to Issue Protective Order* (Doc. 76);

18)    *Emergency Motion for (1) Immediate Hearing on Pending Intervention Motions; (2) Temporary Stay of Judgment Collection* (Doc. 83);

19)    *Motion for Clarification Regarding Party Status and Standing* (Doc. 97);

20)    *Motion to Vacate Default Judgment for Fraud on the Court Pursuant to Fed. R. Civ. P. 60(d)(3), via Fed. R. Bankr. P. 9024, and the Court's Inherent Authority* (Doc. 112);

21)    *Emergency Motion to Stay All Proceedings in the Main Case and Adversary Proceeding, Including Outside Litigation, Pending Adjudication of Fraud-On-The-Court Motions; Request for Expedited Evidentiary Hearing* (Doc. 116);

22)    *Motion for Reconsideration* (Doc. 117);

23)    *Emergency Motion for: (I) Leave to File; (II) To Lift Filing Sanctions; and (III) To Stay All Proceedings Pending Adjudication of Fraud on the Court* (Doc. 121);

24)    *Notice of Objection Regarding Selective Enforcement and Retaliatory Actions* (Doc. 125);

25)    *Notice of Related Filing in Main Bankruptcy Case* (Doc. 136);

26)    *Notice of Compliance With Discovery* (Doc. 137);

27)    *Response to Judgment Debtors to Chapter 7 Trustee's Notice with Respect to Order to Show Cause* (Doc. 139);

28)    *Motion for Leave to File and Proposed Motion Under Rule 60(d)(3) Alleging Fraud on the Court and Requesting Vacatur of Certain Prior Orders* (Doc. 140);

9

82093572

29)   *Emergency Motion for Protective Order, Stay, and Limited Remote Evidentiary Hearing Regarding Court-Compelled Accounting Disclosures as to David Hughes, Individually* (Doc. 143);

30)   *Notice of Related Filing in Main Bankruptcy Case(Doc Nos. 507, 508, 509)* (Doc. 144);

12.   In addition to the above listed pleadings, Cohan and Hughes have filed *six* notices of appeal in the Adversary Proceeding.

13.   Between the main case and Adversary Proceeding, Cohan and Hughes have filed **122** frivolous pleadings since February 2025. Each and every one of these pleadings repeats the same distorted facts and arguments claiming that the Trustee and his attorney engaged in misconduct by sending demand letters to the Insider Companies and by filing the Adversary Proceeding. Many of these pleadings are almost or more than a hundred pages in length with all of the exhibits attached to each one.

14.   In the main case, every motion filed by Cohan and Hughes has thus far either been summarily denied or struck by the Court. Every pleading filed by Cohan and Hughes in the Adversary Proceeding has been struck by the Court.

15.   While not within the purview of this Court, Cohan has also filed a lawsuit against an Alabama state court judge in the United States District Court for the Middle District of Florida and a lawsuit against the United States Trustee Program and United States Trustee trial attorney Scott Bonkamp in the United States District Court for the District of Columbia. However, these are further examples of Cohan's vexatious and frivolous litigation.

**Memorandum of Law**

The Eleventh Circuit has observed that, "[E]very lawsuit filed, no matter how frivolous or repetitious requires the investment of court time, whether the complaint is reviewed initially by a law clerk, a staff attorney, a magistrate or a judge." *Procup v. Strickland*, 792 F.2d 1069, 1072

10

82093572

(11th Cir. 1986) (*en banc*). The same can be said for pleadings filed in bankruptcy cases and adversary proceedings with this Court – every pleading filed no matter how frivolous or repetitious requires the investment of time from this Court, whether it be from Your Honor, his law clerks or members of the Clerk's Office. "Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out [its] functions." *Id*. at 1073.

Federal courts have also long recognized the ability to protect themselves from abusive litigants, including the issuance of injunctions to prohibit further filings without court approval. *See In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984). *See also Martin-Trigona v. Shaw*, 986 F.2d 1384 (11th Cir. 1993) (affirming dismissal of a case that violated an injunction against an abusive litigant's filings issued by the United States District Court for the District of Connecticut which was affirmed by the Second Circuit). In order to merit such an injunction, "it is sufficient to show a history of litigation entailing vexation, harassment, and needless burden on the courts and their supporting personnel." *In re Dicks*, 306 B.R. 700, 705-06 (Bankr. M.D. Fla. 2004) (*citing Martin-Trigona v. Shaw*, 986 F.2d 1384 (11th Cir. 1993)).

In a somewhat factually similar case, the court in *In re Micron Devices, Inc.*, 638 B.R. 649 (Bankr. S.D. Fla. 2021) enjoined the former principal of the debtor from filing frivolous *pro se* pleadings without first obtaining leave of court. The court held that it had inherent authority under 11 U.S.C. § 105 and Fed. Bankr. R. 9011 to issue such an injunction upon a finding of bad faith including "'demonstrate[ing] bad faith by delaying or disrupting the litigation . . . . Further, continually advancing 'groundless and patently frivolous litigation' is 'tantamount to bad faith.'" *Micron Devices*, 638 B.R. at 657 *quoting In re Evergreen Sec. Ltd.*, 570 F.3d 1257, 1263 (11th Cir. 2009). *See also Lustig v. Stone*, No. 15-20150-CIV, 2020 WL 3469719 (S.D. Fla. June 25, 2020)

11

(finding that a *pro se* litigant was a vexatious litigant and should be restricted from further filings without first obtaining leave of court); *Ho v. Warren*, No. 8:21-cv-2621, 2021 WL 5494374 (M.D. Fla. Nov. 23, 2021) (enjoining a *pro se* litigant from filing future pleadings without obtaining leave of court and explaining that when a litigant is not proceeding in good faith, courts have no choice but to act); *In re U. S. Corp. Co.*, No. 20-40375-KKS, 2021 WL 1100078 (Bankr. N.D. Fla. Jan. 22, 2021 (explaining that a bankruptcy court has the authority under § 105 and Rule 9011 to address vexatious litigation and enjoining a *pro se* litigant from filing pleadings without leave of court). The Eleventh Circuit has approved injunctions against filings made by vexatious litigants as long as the litigant's access to the courts is not completely foreclosed. *See Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1298 (11th Cir. 2002).

In order to obtain a so-called *Martin-Trigona* injunction, the

> [M]ovant must show: (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits, (2) the litigant's motive in pursuing the litigation, e.g. does the litigant have an objective, good-faith expectation of prevailing, (3) whether the litigant is represented by counsel, (4) whether litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel, and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Dicks*, 306 B.R. at 706. Cohan and Hughes meet each of these requirements.

First, Cohan and Hughes have a history of vexatious, harassing and duplicative litigation as shown by the **122** pleadings they have filed with this Court in the past 18 months. The majority of the pleadings have been denied or struck by the Court. Each of the pleadings repeats the same unfounded allegations of misconduct by the Trustee and his attorney, complaints about the conversion of the bankruptcy case from Chapter 11 to Chapter 7 (which occurred almost two years

12

82093572

ago), as well as the same litany of distorted facts concerning the Adversary Proceeding against the Insider Companies.

Next, Hughes' and Cohan's motive in filing the 122 pleadings is clearly to attempt to avoid any personal liability for any fraudulent transfers that may have been made by the Insider Companies to them. This is evidenced by their initial *pro se* attempts to have the Adversary Proceeding dismissed and, when that failed, dissolving each of the Insider Companies and "resigning" as representatives of those Companies misguidedly thinking that would somehow mean the Insider Companies could not be held accountable for the Judgment. Hughes and Cohan cannot have an objective, good faith expectation of prevailing in their filings with the Court and, if they do, they are ill-informed.

Third, Cohan and Hughes are obviously not represented by counsel.

Fourth, Cohan and Hughes are causing the administrative fees in this case to sky rocket because of the need for the Trustee and his counsel to review and respond to many of the 122 pleadings and attend hearings on the pleadings. Since February 2025, the estate has incurred tens of thousands of additional attorneys' fees responding to Cohan's and Hughes' various motions and pleadings and attending hearings on same. This is money that could otherwise be paid to creditors of this estate. Instead, the money is being spent defending against Cohan's and Hughes' frivolous filings. The 122 pleadings also place a burden on this Court and its personnel in having to review and issue orders on each of the pleadings.

Finally, there are no other sanctions that would be adequate to protect the Court and other parties to this case from Cohan's and Hughes' frivolous filings, other than imposing pre-filing restrictions on them. The Court has previously issued its Order to Show Cause (Doc. 347) which temporarily restricted Cohan and Hughes from further filings and required them to appear in

13

82093572

person before the Court on June 24, 2025 to show cause why they should be permitted to file additional *pro se* pleadings in the case. Hughes failed to appear at the June 24 hearing at all. Cohan appeared but did not show cause why he should be allowed to continue to file *pro se* pleadings. Subsequent to the June 24 hearing, Cohan and Hughes resumed their litany of filings. It is clear that nothing short of pre-filing restrictions will be sufficient to restrain Cohan and Hughes from their frivolous filings.

In order preserve the estate's funds for creditors, Cohan's and Hughes' vexatious ways must come to an end. Cohan and Hughes should be enjoined from future filings in this Court without first obtaining leave of Court.

WHEREFORE, Aaron Cohen, Chapter 7 Trustee respectfully requests that the Court grant this Motion and enjoin John Cohan and David Hughes from filing, *pro se*, any new action, complaint, motion, or claim for relief in this Court without first obtaining leave of this Court and for such other relief as the Court deems just.

Dated:  July 13, 2026

AKERMAN LLP

By: */s/ Raye C. Elliott*
Raye C. Elliott, Esq.
Florida Bar Number: 018732
Email: raye.elliott@akerman.com
401 East Jackson Street, Suite 1700
Tampa, FL 33602
Phone:  (813) 223-7333
Fax:  (813) 223-2837

Attorneys for Aaron R. Cohen, Chapter 7 Trustee

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 13, 2026, I filed a true and correct copy of the foregoing with the United States Bankruptcy Court for the Middle District of Florida using the

14

82093572

Court's CM/ECF system, which will serve copies on all counsel of record and a true and correct

copy was served by electronic mail to the following who consented in writing to receive service

of pleadings at the email address listed below:

John Michael Cohan                                    David Hughes
iustusprocessus@outlook.com                 davidchoatehughes@gmail.com


                                                                    */s/ Raye C. Elliott*
                                                                          Attorney

15

82093572