FILED INTAKE USBC
JUL 15 '26 AM9:39

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
In re: Genie Investments NV Inc., Debtor.
Case No. 3:24-bk-00496-BAJ
Chapter 7

**REPLY TO LEA MUSE'S LIMITED RESPONSE AND OBJECTION TO VERIFIED OBJECTIONS TO CLAIMS (DOC. 620) AS TO CLAIM NO. 4**

John Michael Cohan, a protected person, party in interest and equity shareholder of the debtor,

respectfully files this Reply to Lea Muse's Limited Response and Objection (Doc. 623) to his

Verified Objections to Claims (Doc. 620) as to Claim No. 4.

## I. PRELIMINARY STATEMENT

Lea Muse's Response confirms exactly what Mr. Cohan's Objection alleged: Claim No. 4 is an

attempt to recover funds that were contractually non-refundable, filed by an entity appearing

without counsel, and now being recharacterized to avoid the clear terms of the governing

agreements. She's playing the same game as Stringer (Claim 5; 3:26-ap-00063)— unsupported

fraud allegations to get around a clear contract. Ms. Muse's Response does not cure these defects

— it confirms them.

## II. THE ENTITY ISSUE IS DISPOSITIVE

1. Claim No. 4 was filed by Belle Maison Realty, LLC — not Lea Muse individually.

2. Belle Maison Realty, LLC is a limited liability company. Under Middle District of Florida Local Rule 1074-1, "[a]ny corporation which maintains an action in this Court under any chapter of the Bankruptcy Code or appears before the Court in any manner must be represented at all times by counsel." This applies to LLCs.

3. Ms. Muse admits she is "appearing pro se in her individual capacity and as the sole member and real party in interest behind Belle Maison Realty, LLC." (Doc. 623 at 1). That is not permitted. A non-lawyer may not represent an LLC in federal court.

4. Ms. Muse's attempt to recharacterize the claim as personal does not cure the defect. The claim was filed by the LLC. The LLC contracted with the Debtor, not Ms. Muse. The LLC is not represented by counsel regardless of what capacity Ms. Muse elects. The objection should be sustained on that ground alone.

## III. THE CONTRACT IS CLEAR — THE PAYMENT WAS NON-REFUNDABLE

5. Ms. Muse does not dispute that she signed agreements containing the following language:

· Due Diligence Fee Agreement: "This fee for Due Diligence is 100% non-refundable."

· Bridge Loan Agreement § 2.03(b): "Borrower understands that this payment is fully non-refundable."

6. Ms. Muse does not dispute that she signed these agreements. She does not allege fraud with specificity. She does not allege misrepresentation with particularity. Instead, she argues by simply stating that "non-refundable does not resolve issues of fraud, misrepresentation, wrongful inducement, failure of consideration, failure to fund." (Doc. 623 at ¶ 20).

7. To the extent Ms. Muse relies on fraud-based defenses or affirmative allegations, those assertions must be supported by competent evidence and, where pled as fraud, stated with particularity. Mere conclusory accusations do not overcome a properly filed proof of claim that is prima facie valid under Fed. R. Bankr. P. 3001(f) and 11 U.S.C. § 502(a)-(b)(1). Ms. Muse has not produced evidence sufficient to rebut the claim, and her unsupported fraud assertions do not defeat the contract terms she signed.

8. Moreover, Ms. Muse received the bridge loan — as determined at the trial that preceded the Chapter 7 Trustee's tenure. What she did not receive was the BELOC funding. She is conflating two (2) separate agreements: one that funded (the bridge loan) and one that did not (the BELOC). The non-refundable payments totaling seventy thousand dollars ($70,000) were for due diligence and the bridge loan — which she received. Her claim for the BELOC is unsupported because the BELOC funding was contingent on conditions that were never satisfied, and the governing contracts expressly disclaim liability for the failure of the wholesale lender. See Section 13.7(c)(ix) of the BELOC Agreement ("Lender shall not be liable or responsible to the Borrower ... for any failure or delay in funding Advances ... caused by ... failure of the Lender's wholesale lender from performing").

## IV. MS. MUSE'S PERSONAL FINANCES ARE IRRELEVANT

9. Ms. Muse spends considerable time explaining that the funds were personally hers. Doc. 623 at ¶¶ 1–9. That is irrelevant. The contract was between Belle Maison Realty, LLC and Genie Investments NV Inc. — not Lea Muse individually.

10. Ms. Muse's internal accounting — whether she contributed personal funds to the LLC — does not change the identity of the contracting party. The LLC signed the agreement. The LLC filed the claim. The LLC must appear through counsel. The funds were paid by the LLC. Any recharacterization of those funds as "personal" is an attempt to avoid the LLC's obligations and the non-refundable contract terms.

11. Ms. Muse cannot have it both ways. Either the LLC is the claimant (and must have counsel), or Ms. Muse is the claimant (and the claim was not filed by her). She cannot blur the line to suit her convenience.

## V. THE $3 MILLION CLAIM IS INFLATED AND UNSUPPORTED

12. Ms. Muse admits that the funds actually paid were her personal funds — and that the $3,000,000 figure relates to a "promised loan transaction" that did not occur. (Doc. 623 at ¶¶ 15, 19).

13. A claim against the bankruptcy estate is not a vehicle for speculative damages based on a transaction that never closed. The claim is for $70,000 in actual funds paid — or less, if the LLC cannot appear through counsel. The $3,000,000 figure is unsupported and should be disallowed.

## VI. MS. MUSE'S ACCUSATIONS ARE UNSUPPORTED

14. Ms. Muse denies encouraging false reports to the FBI. (Doc. 623 at ¶¶ 24–26). Mr. Cohan does not concede the point. But the objection to Claim No. 4 does not depend on that allegation. The claim fails on the contract, the entity issue, and the lack of counsel.

15. To the extent Ms. Muse has reserved rights against non-debtor parties, including Mr. Cohan personally, she is free to do so — but that reservation does not cure the defects in Claim No. 4, nor does it remove the indemnification, confidentiality and non-disparagement clauses Belle Muse Realty LLC agreed to with Ms. Muse as its sole signatory. (Please see Bankr. Doc. 593, Section 10.11 (Indemnification), Section 10.12 (General Limitation of Liability), Section 10.14 (JURY TRIAL WAIVER), Section 1.01 (Definitions - "Affiliate"), Section 10.02 (Confidentiality).)

## VII. MS. MUSE IS ACTIVELY ORGANIZING CREDITORS

16. Attached as an exhibit is a recent text message exchange in which Ms. Lea Muse solicits a Proof of Claims in David Hughes's personal bankruptcy case (Case No. 25-70566). In that exchange to sixteen (16) phone numbers, she states "there are 57 of us affected" — confirming she is actively organizing creditors against the Debtor, Mr. Cohan and Mr. Hughes.

17. This conduct undermines her claim that she is merely seeking to "correct the record" or "preserve her rights." She is organizing a coordinated effort against Mr. Cohan and Mr. Hughes — which supports the objections to Claim No. 4 and the broader pattern of civil conspiracy among creditors while admitting the Debtor made loans to its customers.q ?

## VIII. CONCLUSION

Claim No. 4 should be disallowed because:

· The claim was filed by an LLC appearing without counsel, in violation of Local Rule 1074-1;

· The payment was contractually non-refundable;

· Belle Muse Realty received the bridge loan — the BELOC funding was contingent and never satisfied;

· The $3,000,000 figure is unsupported;

· Ms. Muse's personal finances do not change the identity of the contracting party; and

· Ms. Muse has not alleged fraud with particularity — she is playing the same unfounded allegations game as Stringer.

WHEREFORE, Mr. Cohan respectfully requests that this Court:

     i. Sustain his objection to Claim No. 4;

     ii. Disallow Claim No. 4 in its entirety;

     iii. Strike Ms. Muse's pro se appearances on behalf of Belle Maison Realty, LLC;

     iv. Grant such other and further relief as the Court deems just and proper.

VERIFICATION

Under penalty of perjury, I declare that I have read the foregoing Reply, and the facts alleged therein are true and correct to the best of my knowledge, information, and belief. I further note that I was never served with Ms. Muse's filing (Doc. 623). I became aware of it only by monitoring the docket. I was not emailed, not mailed, and not otherwise notified of her response.

Dated: 07-15-2026

Respectfully submitted in good faith,

John Michael Cohan, without prejudice, without recourse, UCC 1-308, 1-103

iustusprocessus@outlook.com

### Certificate of Service

I hereby certify that all interested parties have been duly served a copy of the following documents by the CM/ECF system.



