FILED INTAKE USBC
JUL 22 '26 PM3:09

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:
**GENIE INVESTMENTS NV INC.,**
Debtor.

Case No. 3:24-bk-00496-BAJ
Chapter 7

### RESPONSE OF DAVID C. HUGHES TO CHAPTER 7 TRUSTEE'S MOTION FOR PRELIMINARY AND PERMANENT INJUNCTION (DOC. 624)

David C. Hughes, a party in interest and 50% equity shareholder of the Debtor, respectfully files

this Response to the Chapter 7 Trustee's Motion for Preliminary and Permanent Injunction (Doc.

624). In support thereof, Mr. Hughes states as follows:

### I. PRELIMINARY STATEMENT

1. The Trustee's Motion (Doc. 624) seeks to restrict my ability to file pro se pleadings in this case. I respectfully submit that the Motion does not accurately reflect my individual filing history or the nature of my participation in this case.

2. My filings in this matter have been very limited and have been made only when necessary to address issues that directly affect my personal and pecuniary interests.

3. I must be able to defend myself against current and future claims and accusations raised in this case, particularly where those matters may affect my rights, interests, and any potential distribution.

4. I respectfully submit that I should continue to have access to this Court to protect my rights.

## II. MR. HUGHES' INDIVIDUAL FILING HISTORY IS LIMITED

5. The Trustee's Motion lists 122 pleadings filed by "Cohan and Hughes" (Doc. 624 at ¶ 13). However, that list does not distinguish between the filings attributable to me individually and those attributable to Mr. Cohan.

6. My individual filings in this case have been limited and have generally consisted of: (a) joinders in, or support for, motions raising substantial issues; (b) responses to Trustee actions that directly affect my personal interests; and (c) objections or responses necessary to preserve rights that may affect the estate or any potential surplus.

7. These filings have been made in good faith and for the purpose of protecting my personal and pecuniary interests.

## III. THE FILINGS HAVE BEEN NECESSARY TO PROTECT MY INTERESTS

8. This case has involved unresolved issues that continue to affect the parties' rights and positions. As long as those issues remain pending, I must be able to participate in a limited and appropriate manner to protect my interests.

9. A pre-filing injunction that prevents me from filing any further pro se pleadings would substantially impair my ability to respond to matters that directly affect me.

## IV. THE TRUSTEE HAS NOT SHOWN THAT A PRE-FILING INJUNCTION IS WARRANTED AS TO MR. HUGHES

10. The Trustee relies on authorities such as *In re Dicks*, 306 B.R. 700 (Bankr. M.D. Fla. 2004), and *Martin-Trigona v. Shaw*, 986 F.2d 1384 (11th Cir. 1993). Those cases involve circumstances in which a clear record supported restrictive relief.

11. I respectfully submit that my own filing history does not justify the requested injunction as applied to me. My filings have been limited, responsive, and directed to matters affecting my own interests.

12. A pre-filing injunction is an extraordinary remedy and should be narrowly applied only if necessary.

## V. DUE PROCESS CONCERNS

13. Any restriction on my ability to file pleadings should be based on my individual conduct and should not prevent me from participating in proceedings that directly affect my rights.

14. I respectfully request that I not be barred from filing pleadings necessary to respond to claims, protect my interests, or preserve issues for the record.

## VI. CONCLUSION

15. My filings in this case have been limited and made for the purpose of protecting my personal and pecuniary interests. I respectfully ask that the Court consider my individual circumstances separately from those of any other party.

16. For these reasons, the Trustee's Motion should be denied as it applies to me.

WHEREFORE, Mr. Hughes respectfully requests that this Court:

i. Deny the Trustee's Motion for Preliminary and Permanent Injunction (Bankr. Doc. 624) as it applies to me, David C. Hughes;

ii. Recognize that I may continue to file pleadings necessary to defend my personal and pecuniary interests; and

iii. Grant such other and further relief as the Court deems just and proper.

Dated: July 22, 2026

Respectfully submitted,

/s/ David C. Hughes II
**David C. Hughes II**
3309 Robbins Rd PMB 160
Springfield, IL 62704
(217) 416-5059
davidchoatehughes@gmail.com
Pro Se Party in Interest

## CERTIFICATE OF SERVICE

I hereby certify that on July 22, 2026, a true and correct copy of the foregoing Response was served via the Court's CM/ECF system on all counsel of record, and via electronic mail to:

John Michael Cohan
iustusprocessus@outlook.com

And to:

Raye C. Elliott, Esq.
Akerman LLP
401 East Jackson Street, Suite 1700
Tampa, FL 33602
raye.elliott@akerman.com

/s/ David C. Hughes II
David C. Hughes II