FILED INTAKE USBC
AUG 5 '26 PM3:25

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
In re: Genie Investments NV Inc., Debtor.
Case No. 3:24-bk-00496-BAJ
Chapter 7

**AMENDED VERIFIED OMNIBUS OBJECTION TO CLAIM NOS. 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 57, 58, 59, 60, 63, 64, 65, 66, 67, 68, 69, 70, 71 BY EQUITY SHAREHOLDER JOHN MICHAEL COHAN, ON GROUNDS OF NON-REFUNDABLE FEE AGREEMENTS, ICA MITIGATION/FORCE MAJEURE, NOT A CUSTOMER OF THE DEBTOR, DEBTOR IS THE CREDITOR, INFLATED CLAIMS, IMPROPER ZOOMERAL FEES, SETOFF RIGHTS, DUPLICATIVE CLAIMS, IMPROPER PRIORITY, UNTIMELY CLAIMS, UNREPRESENTED NON-INDIVIDUAL CLAIMANTS, DEFAMATION, ARBITRATION VIOLATIONS, AND THE CLAIM TRANSFER ISSUE**

Movant: John Michael Cohan, a protected person, a party in interest and equity shareholder of the debtor, appearing pro se, solely for his personal interests, hereby files this Amended Verified Omnibus Objection to all claims and Notice to the Court.

I. INTRODUCTION

1. The undersigned has reviewed all claims filed in the above-captioned bankruptcy case and submits this amended omnibus objection. The claims identified herein arise from agreements with Genie Investments NV Inc., the entity, and not from any personal obligation of David Choate Hughes II or the undersigned. Many claims are asserted by McMann Commercial Lending customers (third-party white-labeler clients) and are duplicative of claims filed in the David Choate Hughes II bankruptcy case (Case No. 25-70566, Central District of Illinois). Several claims are based on agreements that expressly state payments are "100% non-refundable" or "fully non-refundable." Certain claims are grossly inflated without supporting

documentation. Other claims involve claimants who are not customers of Genie Investments NV Inc. Some claimants engaged in misconduct, including but not limited to, defamatory online campaigns, false FBI reports, and coordinated harassment campaigns against the Debtor and its equity stakeholders. Additionally, McMann Commercial Lending LLC (Claim No. 64) is a third-party white-labeler that has sold or transferred its claim to its underlying customers, creating impermissible double recovery.

## II. STANDING AND REASONABLE POSSIBILITY OF SURPLUS

2. Movant John Michael Cohan is a 50% equity shareholder of the Debtor and a party in interest with standing to object to claims pursuant to 11 U.S.C. § 1109(b). Allowance of claims directly affects the size of the estate, the distribution waterfall, and Movant's residual recovery. *In re Bay Circle Props., LLC*, 955 F.3d 874 (11th Cir. 2020). Movant submits there is a reasonable possibility of a surplus in this estate, establishing Movant's standing as an equity shareholder. *In re Bay Circle Props., LLC*, 955 F.3d 874 (11th Cir. 2020). The Estate Assets are $20MM Velanos judgment, contingent settlement of $435,000 with Warren Law Group/Scott Oh, and $4MM+ in defaulted customer loans (being collected). The Trustee cannot manufacture the math. The Trustee cannot use manufactured math to justify pursuit of funds against principals or their affiliated companies, which it appears that the Trustee is currently doing. After all double-counted McMann's customers' claims are accounted for, the actual maximum claim calculation if every alleged creditor made a claim based on their contract with the debtor is below:

>Total potential recoveries: $24MM+ ($20MM Judgment; $435K Settlement; ~$4MM in loans)

>>Maximum total allowable claims (if any): ~$16.7MM

>>>Projected surplus: ~$7.2MM+

## III. CLAIMS OBJECTED TO — BY CATEGORY

CATEGORY A: NON-REFUNDABLE FEE AGREEMENTS (24 claims)

3. Grounds: Intercreditor Agreement § 2.03(b) states payments are "fully non-refundable"; Due Diligence Fee Agreements state payments are "100% non-refundable." Claimants waived any right to refund. Unenforceable under 11 U.S.C. § 502(b)(1). *In re Carolina Internet Ltd.*, 2012 WL 847462 (Bankr. E.D.N.C. 2012).

| Claim No. | Claimant | Amount |
|---|---|---|
| 57 | Ameiva | $13,942 |
| 8 | BAYI Capital Management | $45,000 |
| 4 | Belle Maison Realty, LLC | $3,000,000 |
| 28 | Bild Credit LLC | $750,000 |
| 37 | Business Live Global USA LLC | $36,839.95 |
| 15 | Faith Investors Services LLC | $35,000 |
| 22 | Foster Group LLC | $202,900 |
| 10 | Global Verse Holdings LLC | $95,000 |
| 14 | Heliosun LLC DBA Odin | $185,090 |
| 58 | Limitless Investment Group LLC | $115,000 |
| 38 | Log Cabin Building LLC | $105,000 |
| 13 | Meetopolis LLC | $60,000 |
| 49 | N2N Group, Inc | $117,900 |
| 5 | Nutra-Acres LLC | $14,247,750 |
| 55 | Onsite Lifecare Inc | $137,000 |
| 7 | Rolling By The Dozen RV Park LLC | $61,805 |
| 17 | Solace Realty Concepts LLC | $65,000 |
| 35 | Springer Farms Landholdings, LLC | $165,075 |
| 12 | Sun Coast Entertainment Live LLC | $321,325 |
| 3 | TnC NOLA Holdings LLC | $64,575 |
| 71 | 20Twenty Development LLC | $545,000 |
| 11 | A Complete Home Inspection LLC | $65,500 |
| 6 | Acres & Royalty LLC | $90,018.50 |
| 50 | WAI Holdings, LLC | $32,900 |

CATEGORY B: ICA MITIGATION / FORCE MAJEURE (33 claims)

4. Grounds: Debtor fully complied with BELOC Agreement § 13.7(c)(ix) requiring "diligent efforts" to mitigate Force Majeure events. Debtor's collection efforts, arbitrations, litigation, *and*

a voluntary bankruptcy filing constituted reasonable mitigation. Damages not recoverable for losses avoidable without undue risk. Unenforceable under 11 U.S.C. § 502(b)(1). *Rockingham County v. Luten Bridge Co.*, 35 F.2d 301 (4th Cir. 1929); Restatement (Second) of Contracts § 350.

| Claim No. | Claimant | Amount |
|---|---|---|
| 47 | Alere LLC | $250,075 |
| 31 | ALV Capital LLC | $150,000 |
| 27 | AMRODDO HOLDINGS, LLC | $176,000 |
| 5 | Anvil Construction Inc. | $350,000 |
| 19 | Another Chance Group Home Inc | $235,000 |
| 68 | Archer Capital Investments LLC | $238,250 |
| 70 | Braces at Brick, PA | $360,000 |
| 40 | Brooklyn Heights | $500,000 |
| 30 | Bull & Bear Properties LLC | $150,000 |
| 66 | Bull & Bear Properties LLC | $150,000 |
| 46 | Cobb Utilities Inc. | $64,100 |
| 25 | Cool Beanz, LLC | $70,000 |
| 63 | Dajo Properties LLC | $100,000 |
| 36 | Darnell Development | $900,000 |
| 59 | H&M Essential Services LLC | $125,000 |
| 32 | Hospitality Growth Capital LLC | $30,000 |
| 51 | Michael Thompson | $205,075 |
| 69 | Moser Holdings, LLC | $80,000 |
| 54 | NCR Digital Corp | $15,000 |
| 44 | New Mount Olive Church | $223,000 |
| 42 | North Haven Lodging Partners LLC | $1,974,028.48 |
| 21 | Nortical Capital Inc | $200,000 |
| 33 | Nutre Leasing LLC | $30,000 |
| 45 | Relco Industries LLC | $45,075 |
| 53 | Rowehl & Russo Properties LLC | $15,000 |
| 9 | S&L Zeppetelli DBA SLZ Waste Inc | $91,900 |
| 34 | Solar Capital Funding LLC | $30,000 |
| 67 | Sunlight Storage LLC | $50,000 |
| 20 | The Farming Co Pty Ltd | $500,000 |
| 48 | The Farming Co Pty Ltd | $500,000 |
| 1 | The Generations Group | $48,000 |
| 43 | Wallingford Lodging Partners LLC | $1,974,028.48 |
| 41 | Zelco Properties LLC | $150,000 |

CATEGORY C: NOT A CUSTOMER OF THE DEBTOR (8 claims)

5. Grounds: No privity with Debtor. Claims arise from transactions with different legal entities or third parties. Creditors must establish privity with the debtor to enforce a claim. Unenforceable under 11 U.S.C. § 502(b)(1). *In re Lakeside Cmty. Hosp., Inc.*, 151 B.R. 887 (Bankr. M.D. Fla. 1993).

| Claim No. | Claimant | Amount |
|---|---|---|
| 29 | Autonomous Drone Solutions | $2,500,000 |
| 26 | Knut LLC | $50,000 |
| 60 | Knut LLC | $50,000 |
| 18 | Legacy Land Developers LLC | $47,900 |
| 58 | Limitless Investment Group LLC | $115,000 |
| 64 | McMann Commercial Lending LLC | $3,972,311.48 |
| 16 | MIMS-IPR, LLC | $44,400 |
| 52 | Seiler Tucker Inc | $0 |

CATEGORY D: DEBTOR IS THE CREDITOR — CLAIMANT DEFAULTED (2 claims)

6. Grounds: Claimants defaulted and owe the Debtor more than their claims. Demand letters attached show outstanding principal and Interest Credit Account balances exceeding claim amounts. A claim for reimbursement must show actual overpayment or contractual entitlement. Unenforceable under 11 U.S.C. § 502(b)(1). *In re First NLC Fin. Servs.*, LLC, 396 B.R. 562 (Bankr. S.D. Fla. 2008).

| Claim No. | Claimant | Claim Amount | Amount Owed to Debtor |
|---|---|---|---|
| 23 | Uncle Willie Green Wings | $60,000 | $174,558 |
| 39 | West Palm Holdings Inc. | $40,075 | $101,191 |

CATEGORY E: OVERSTATED CLAIMS

7. The following claims, including but not limited to, are overstated and should be reduced or

disallowed:

| Claim No. | Claimant | Overstated Amount |
|---|---|---|
| 4 | Belle Maison Realty, LLC | $70,000 — overstated by ~$2,930,000 |
| 5 | Nutra-Acres LLC | $385,000 — overstated by ~$13,862,750 |
| 29 | Autonomous Drone Solutions | $100,000 — overstated by ~$2,400,000 |
| 22 | Foster Group: | $30,000 — overstated by ~$172,900 |

> Claim 22 Note: Bridge payment went to McMann, not Debtor — overstated by the amount paid to McMann.

| | | |
|---|---|---|
| 42 | North Haven Lodging Partners | $1,800,000 — overstated by ~$174,028.48 |
| 43 | Wallingford Lodging Partners | $1,800,000 — overstated by ~$174,028.48 |
| 58 | Limitless Investments Group LLC | $115,000 — overstated by ~$20,000 |

8. These claims seek recovery for amounts the Debtor never received. They should be reduced to the actual amounts paid to or received by the Debtor, or disallowed in full. The seven claims at issue alone were originally overstated by a total of $19,718,706.96. Accordingly, even as reduced by the Trustee, the claims remain overstated by $4,300,000. A potential surplus, when the case is properly administered, is undeniable and the Trustee's $22MM+ (Bankr. Doc. 599 at ¶ 5) amount appears to be a fabrication to, once again, procedurally cast out and put pressure on the only two (2) parties (Hughes and Cohan) attempting to litigate on the merits while allegedly suppressing evidence of misconduct in what appears to be bad faith. (Please see Section II of this brief for the actual approximated totals.)

CATEGORY F: NO OBJECTION (4 claims)

| Claim No. | Claimant | Amount |
|---|---|---|
| 62 | Jimmy D. Chambers, CPA | $2,775 |
| 2 | IRS | $0 |
| 56 | Office of UST | $250 |
| 61 | Susan Ray | $630 |

## IV. ADDITIONAL OBJECTIONS

### A. Duplicative Claims and Impermissible Double Recovery

9. The following McMann Commercial Lending customer claims are duplicative of Claim 64 filed by McMann: Claims 1, 3, 4, 5, 6, 7, 9, 10, 11, 12, 21, 22, 25, 27, 38, 40, 42, 43, 44, 46, 49, 50, 55, and 70. Additionally, Claims 20 and 48 (The Farming Co Pty Ltd), Claims 26 and 60 (Knut LLC), and Claims 51 and 68 (Archer Capital Investments LLC / Michael Thompson) are duplicative of each other. Claimants cannot recover the same debt from separate bankruptcy estates. *In re Int'l Admin. Servs., Inc.*, 408 F.3d 689 (11th Cir. 2005).

### B. The Claim Transfer Issue — McMann's Improper Double-Counting

10. McMann transferred Claim 64 to North Haven (Claim 42) and Wallingford (Claim 43) (Bankr. Docs. 558, 559). North Haven and Wallingford now each hold a direct customer claim plus the transferred portion of Claim 64—potentially impermissible double recovery. A claim purchaser steps into the seller's shoes and takes the claim subject to all defenses.

### C. McMann's Own Admissions

11. In *North Haven Lodging Partners LLC v. McMann Commercial Lending LLC* (N.D. Ill.), McMann admitted the claims are "inextricably intertwined" and it is "entitled to complete indemnification and reimbursement from Genie." McMann cannot claim indemnification while its customers also pursue direct claims for the same losses.

### D. The Non-Refundable Issue

12. Claims 4 (Belle Maison) and 5 (Stringer/Nutra-Acres) are for non-refundable payments. The Trustee has indicated he would accept only reduced amounts ($70,000 (agreed order, (Bankr. Doc. 583) and $400,000 respectively), yet McMann still claims against the estate for the same

payments and the $400,000 is still overstated by fifteen grand ($15,000)—another layer of double recovery. The undersigned asks this court once again to reconsider Claim 4.

E. Contractual Compliance — Force Majeure Mitigation

13. Under BELOC § 13.7(c)(ix), Genie was required to "use diligent efforts" to mitigate the wholesale lender failure. The Debtor fulfilled this through demand letters, arbitrations, lawsuits, Chapter 11 filing, and negotiation of a $20 million settlement. Additionally, the Debtor hired Nicolas Spignor, Esq. to pursue Warren Law Group and Scott Oh for legal malpractice. A party need not take impracticable measures. *Rockingham County v. Luten Bridge Co.*, 35 F.2d 301 (4th Cir. 1929); Restatement (Second) of Contracts § 350.

F. The "Ponzi Scheme"/Defamation/Bad Faith Campaign

14. Including but not limited to, Stringer (Claim 5), Muse (Claim 4), Stegent (Claim 7), and Nash (Claim 11) engaged in a coordinated defamation/bad faith campaign against the Debtor and its equity stakeholders, including but not limited to: [1] a website www.victimsbelocscam.com (taken down by WiX), [2] filing false FBI reports, [2] allegedly impersonating judges, [3] fake online aliases ("Sandra Tate"; "Christine Ellsworth"), and [4] an "organized tortious group" documented in the JAMS portal spreadsheets uploaded by Stegent. The Trustee's citation of "Bernie Madoff" (Doc. 389 at 46:14-20) and the alleged creditors implication that the Debtor ran a Ponzi scheme without any fraud finding is a stark mischaracterization—the Debtor intended to and made actual loans to its customers, unlike Madoff who "cooked the books" and used investor capital to pay other investors. Additionally, after various investigations, no charges have been filed against the undersigned or David Choate Hughes II by any governmental agency. Madoff went to prison for 150 years. Repeatedly making false accusations without any factual support

does not change the facts of the case or the underlying contracts that all parties executed. At the very least, due to their pre- and post-petition actions, their claims should be set off or reduced.

G. Arbitration Violations and Refusals

15. Claimants Rolling By The Dozen RV Park LLC (Claim 7) and A Complete Home Inspection LLC (Claim 11) agreed to yet refused to pay arbitration fees, forcing the Debtor to cover double fees, which may waive their claim rights or result in their claims being reduced.

H. Unrepresented Non-Individual Claimants

16. At this time all claimants are corporations, LLCs, or other non-individual entities not represented by licensed counsel, except for Claims 5, 31, 32, 33, 34, 42, 43, 52 and 64. Under M.D. Fla. Local Rule 1074-1, corporations must be represented by counsel. The Trustee has selectively enforced this rule against the equity holders while permitting non-individual claimants to proceed pro se, violating due process.

I. Improper Priority Claims

17. Claims 8 (BAYI Capital Management), 14 (Heliosun LLC DBA Odin), and 27 (AMRODDO HOLDINGS, LLC) improperly claim priority status despite not being secured parties. These claims should be reclassified as general unsecured or disallowed.

J. Improper Zoomeral Fees

18. Claims 14, 15, 17, 37, 39, and 59 improperly include $5,000 in software fees paid to ZOOMERAL Inc., a dissolved and completely separate entity. These fees were explicitly non-refundable. Disallowed under 11 U.S.C. § 502(b)(1). *In re Circle J Dairy, Inc.*, 112 B.R. 297 (W.D. Ark. 1989).

## K. Untimely Claim

19. Claim 71 (20Twenty Development LLC) is untimely. The creditor failed to update its mailing address. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380 (1993); 11 U.S.C. § 502(b)(9).

## L. Admission of No Direct Contact with Genie

20. Lea Muse (Claim 4), Lisa Butkiewicz (Claim 13), Kipp Nash (Claim 11), Kristen Stegent (Claim 7), Charles Blake Stringer (Claim 5), and Adam Foster (Claim 22) [along with others] admitted at the April 2024 trial that they never spoke to the Debtor prior to their engagement and they all acknowledged the "non-refundable" clauses in their agreements. These admissions confirm they are McMann third-party clients, not direct customers of the Debtor. Their claims, along with many others, either lack privity and are unenforceable under 11 U.S.C. § 502(b)(1) or McMann's claim (#64) needs to be reduced or disallowed. Once again, double recovery is impermissible.

## V. LEGAL BASIS

21.  11 U.S.C. § 502(b)(1) — Claims unenforceable under applicable law

11 U.S.C. § 502(b)(9) — Untimely claims

11 U.S.C. § 553(a) — Setoff rights

11 U.S.C. § 1109(b) — Standing of parties in interest

Fed. R. Bankr. P. 3001(f) — Prima facie validity

Fed. R. Bankr. P. 3007(e) — Omnibus objection requirements

M.D. Fla. Local Rule 1074-1 — Attorney representation requirement

*In re Carolina Internet Ltd.*, 2012 WL 847462 (Bankr. E.D.N.C. 2012) — Non-refundable fees

*In re Int'l Admin. Servs., Inc.*, 408 F.3d 689 (11th Cir. 2005) — Duplicative claims

*Rockingham County v. Luten Bridge Co.*, 35 F.2d 301 (4th Cir. 1929) — Mitigation

*In re Lakeside Cmty. Hosp., Inc.*, 151 B.R. 887 (Bankr. M.D. Fla. 1993) — Privity required

*In re First NLC Fin. Servs., LLC*, 396 B.R. 562 (Bankr. S.D. Fla. 2008) — Overpayment required

*In re Circle J Dairy, Inc.*, 112 B.R. 297 (W.D. Ark. 1989) — Claims must be enforceable

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. L.P.*, 507 U.S. 380 (1993) — Untimeliness

*Travelers Cas. & Sur. Co. v. Pac. Gas & Elec. Co.*, 549 U.S. 443 (2007) — State law enforceability

*Pepper v. Litton*, 308 U.S. 295 (1939) — Equitable power to disallow claims

*In re Optical Techs., Inc.*, 425 F.3d 1294 (11th Cir. 2005) — Claims not enforceable

## VI. PROCEDURAL STATEMENT

Movant is prepared to provide all evidentiary materials at the evidentiary hearing and understands he bears the initial burden of producing evidence to rebut the prima facie validity of claims. *In re Int'l Admin. Servs., Inc.*, 408 F.3d 689, 702 (11th Cir. 2005). Movant has not received notice of any settlements or agreed orders entered into between the Trustee and certain parties, and reserves all rights to challenge any such orders entered without proper notice under Fed. R. Civ. P. 60(b)(4) and Fed. R. Bankr. P. 9024. *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

## VII. REQUEST FOR RELIEF

WHEREFORE, Movant John Michael Cohan respectfully requests that this Court:

i.    Sustain the objections, reduce or disallow all claims listed in Categories A, B, C, D and E;

ii.   Require all non-individual claimants to retain licensed counsel per Local Rule 1074-1;

iii.    If an alleged creditor does not respond in thirty (30) days, disallow the claim.

iv.    Schedule an evidentiary hearing for each claim, if necessary;

v.    In the alternative, should the Court determine any claims are allowable, Movant

respectfully requests that the Court adopt the following framework:

TWO-TIER FRAMEWORK

TIER 1 — ICA REFUNDABLE (PAID FIRST):

~$9,727,644.00

TIER 2 — NON-REFUNDABLE (PRO RATA IF FUNDS REMAIN):

~$7,004,855.00

EXCLUDED: Claims 16, 18, 23, 24, 26, 29, 39, 52, 60, 64 or duplicate customers'

claims (See ¶ 9). Administrative claims (2, 56, 61, 62) are not subject to this

framework.

This surplus confirms Movant's standing as a 50% equity shareholder and co-owner

of the Alabama portfolio with a direct pecuniary stake in the allowance or

disallowance of each challenged claim; and

vi.    Grant such other relief as the Court deems just and proper.

## VIII. VERIFICATION

Under penalty of perjury, I declare that I have read the foregoing objection, and the facts alleged

therein are true and correct to the best of my knowledge, information, and belief.

Dated: August 5, 2026

Respectfully submitted in good faith,

John Michael Cohan, without prejudice, without recourse, UCC 1-308, 1-103

iustusprocessus@outlook.com

General Delivery
5545 Verna Blvd.
Jacksonville, Florida 32236

To respond, parties should serve the Court and U.S. Bankruptcy Court, 300 N. Hogan Street, 3-150, Jacksonville, Florida 32202 and the undersigned at iustusprocessus@outlook.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **AMENDED VERIFIED OMNIBUS OBJECTION TO CLAIM NOS. 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 57, 58, 59, 60, 63, 64, 65, 66, 67, 68, 69, 70, 71 BY EQUITY SHAREHOLDER JOHN MICHAEL COHAN, ON GROUNDS OF NON-REFUNDABLE FEE AGREEMENTS, ICA MITIGATION/FORCE MAJEURE, NOT A CUSTOMER OF THE DEBTOR, DEBTOR IS THE CREDITOR, INFLATED CLAIMS, IMPROPER ZOOMERAL FEES, SETOFF RIGHTS, DUPLICATIVE CLAIMS, IMPROPER PRIORITY, UNTIMELY CLAIMS, UNREPRESENTED NON-INDIVIDUAL CLAIMANTS, DEFAMATION, ARBITRATION VIOLATIONS, AND THE CLAIM TRANSFER ISSUE** has been duly served by the CM/ECF system, U.S. Mail and/or email on this 5th day of August, 2026, upon the following parties:

ALL CLAIMANTS (65+ parties): See attached Alphabetized Service List (incorporated herein)

INTERESTED PARTIES:

Aaron R. Cohen, Chapter 7 Trustee — P.O. Box 4218, Jacksonville, FL 32201-4218
Raye Curry Elliott, Attorney for Trustee — Akerman LLP, 401 East Jackson Street, Suite 1700, Tampa, FL 33602; raye.elliott@akerman.com
Bryan K. Mickler, Debtor's Counsel — Mickler & Mickler, 5452 Arlington Expressway, Jacksonville, FL 32211; court@planlaw.com
Scott W. Spradley, Attorney for Creditor Stringer/Nutra-Acres — Law Offices of Scott W. Spradley, P.A., 301 S. Central Avenue, P.O. Box 1, Flagler Beach, FL 32136; scott@flaglerbeachlaw.com

## ALPHABETICAL SERVICE LIST

Name; Claim No.; Address; Email Address (if available)

[1] A Complete Home Inspection LLC; 11; 110 Velsco Lane, Port Sulphur, LA 70083; kipnash7@gmail.com
[2] Acres & Royalty LLC; 6; P.O. Box 1087, Ruston, LA 71273-1087; gcbuxton@acresandroyalty.com
[3] Alere LLC; 47; 1530 E. Williams Field Rd 201, Gilbert, AZ 85295; (Not available)
[4] ALV Capital LLC; 31; c/o Strauss Law Group PLLC, 264 S River Rd, Box 552, Bedford, NH 03110; (Not available)
[5] Ameiva; 57; 282 East 300 South, Smithfield, UT 84335-1636; brian.bevan.13@gmail.com
[6] AMRODDO HOLDINGS, LLC; 27; 625 Woodmont Ave, Berkeley, CA 94708; owners@amroddo.net
[7] Another Chance Group Home Inc; 19; 54 N Vista Ave, Casa Grande, AZ 85122; (Not available)

[8] Anvil Construction Inc.; 65; 470 N. Main Street, Brigham City, UT 84302; (Not available)

[9] Archer Capital Investments LLC; 68; 1448 W. Salmon Caddis Dr., Bluffdale, UT 84065; MFThompson@gmail.com

[10] Autonomous Drone Solutions; 29; 2121 Brittmoore 2200, Houston, TX 77043; calaway@gmx.com

[11] BAYI Capital Management; 8; 148 Undercliff Ave, Ste 9, Edgewater, NJ 07020; tadebayo@bayicapital.com

[12] Belle Maison Realty, LLC; 4; 1133 E 83rd St 171, Chicago, IL 60619; lea.bellerealty@gmail.com

[13] Bild Credit LLC; 28; 30 N Gould Street 30212, Sheridan, WY 82801; (Not available)

[14] Braces at Brick, PA; 70; 900 Cedar Bridge Ave Ste B15, Brick, NJ 08723; (Not available)

[15] Brooklyn Heights; 40; 307 N Lincoln St, Tallulah, LA 71282-307; shameikaamin80@gmail.com

[16] Bull & Bear Properties LLC; 30, 66; 1140 E 87th St, Chicago, IL 60619; (Not available)

[17] Business Live Global USA LLC; 37; 4538 Walnut Ridge Circle, McDonald, PA 15057; bizliveusa@gmail.com

[18] Cobb Utilities Inc.; 46; 191 Honey Suckle Circle, Ranger, GA 30734; (Not available)

[19] Cool Beanz, LLC; 25; 143 West Fulton St, Sanford, FL 32771-143; (Not available)

[20] Dajo Properties LLC; 63; 1136 Chestnut Tree Rd, Honeybrook, PA 19344; dajoprop@gmail.com

[21] Darnell Development; 36; 1118 N Chinowth, Visalia, CA 93291-2814; darnelldev01@protonmail.com

[22] Faith Investors Services LLC; 15; 1522 4th Ave, Asbury Park, NJ 07712; lourndystlouis@gmail.com

[23] Foster Group LLC; 22; 2539 N 300 E, Lehi, UT 84043; Fostergroupllc.net@gmail.com

[24] Global Verse Holdings LLC; 10; 1709 Vintage Lane, Wylie, TX 75098; globalverseholdingsllc@gmail.com

[25] H&M Essential Services LLC; 59; 15714 Torry Pines Rd., Houston, TX 77062-4512; michaelcalvitto1@gmail.com

[26] Heliosun LLC DBA Odin; 14; 1600 S Litchfield Rd 230A, Goodyear, AZ 85338; wlindsay@odin.energy

[27] Hospitality Growth Capital LLC; 32; c/o Strauss Law Group PLLC, 264 S River Rd, Box 552, Bedford, NH 03110; (Not available)

[28] Knut LLC; 26, 60; 697 N 740 E, Lehi, UT 84043; (Not available)

[29] Latent Lending, LLC; 24; 302 N. Abajo Peak Way, UT 84032; mark@latentwealthgroup.com

[30] Legacy Land Developers LLC; 18; 1651 W 100th St, Chicago, IL 60643; (Not available)

[31] Limitless Investment Group LLC; 58; 3855 S 500 West Unit B, Salt Lake City, UT 84115; (Not available)

[32] Log Cabin Building LLC; 38; 289 Parker Drive, Pittsburgh, PA 15216; iblack@ikbrealestate.com

[33] McMann Commercial Lending LLC; 64; 500 N Michigan Ave Ste 600, Chicago, IL 60611; walt.trock@gmail.com

[34] Meetopolis LLC; 13; 5434 E Kathleen Road, Scottsdale, AZ 85254; meetopolis1@protonmail.com

[35] Michael Thompson; 51; 1448 W Salmon Caddis Dr, Bluffdale, UT 85065; MFThompson@gmail.com

[36] MIMS-IPR, LLC; 16; 1627 7th St S, Clanton, AL 35045; mimsipr@hotmail.com

[37] Moser Holdings, LLC; 69; 537 S. 150 E., Smithfield, UT 84335; (Not available)

[38] N2N Group, Inc; 49; 5 Webb Hill Road, Great Neck, NY 11020; michellechennyc@gmail.com

[39] NCR Digital Corp; 54; 237 Floyd Road, Shirley, NY 11967; (Not available)

[40] New Mount Olive Church; 44; 2905 Macfarlane Crescent, Flossmoor, IL 60422-2905; fernlew@comcast.net

[41] North Haven Lodging Partners LLC; 42; c/o Foley & Lardner LLP, 11988 El Camino Real, Ste 400, San Diego, CA 92130; (Not available)

[42] Nortical Capital Inc; 21; 921 E. Parker St, Ste 1, Lakeland, FL 33801; (Not available)

[43] Nutre Leasing LLC; 33; c/o Strauss Law Group PLLC, 264 S River Rd, Box 552, Bedford, NH 03110; (Not available)

[44] Onsite Lifecare Inc; 55; 23 Dora lane, Holmdel, NJ 07733; info@onsitelifecare.com

[45] Relco Industries LLC; 45; 75 Lambert Avenue, Clifton, NJ 07013; richard.ellison@relcoindustries.com

[46] Rolling By The Dozen RV Park LLC; 7; 40 Country Road 267, Somerville, TX 77879; kristinstegent@hotmail.com

[47] Rowehl & Russo Properties LLC; 53; 237 Floyd Road, Shirley, NY 11967; rowehl1@gmx.com

[48] S&L Zeppetelli DBA SLZ Waste Inc; 9; 191 Moonachie Road, Moonachie, NJ 07074; (Not available)

[49] Seiler Tucker Inc; 52; 400 Poydras Ste 1460, New Orleans, LA 70130; michelle@seilertucker.com

[50] Solace Realty Concepts LLC; 17; 112 Lehigh Ave, Newark, NJ 07112; solacerealty2020@gmail.com

[51] Solar Capital Funding LLC; 34; c/o Strauss Law Group PLLC, 264 S River Rd, Box 552, Bedford, NH 03110; (Not available)

[52] Springer Farms Landholdings, LLC; 35; 325 N 1200 E, American Fork, UT 84003-325; tnokes@discoverealty.com

[53] Sun Coast Entertainment Live LLC; 12; 6960 Brescia Way, Orlando, FL 32819; nicholas@sensobeachclub.com

[54] Sunlight Storage LLC; 67; 3344 Bear Canyon Ln, Cedar Hills, UT 84062; dougelo7@gmail.com

[55] The Farming Co Pty Ltd; 20, 48; 86 Lakeside Drive, Helena Valley, WA 6056, Australia; melprinsloo@protonmail.com

[56] The Generations Group; 1; 14312 Zion Gate Xing, Conroe, TX 77384-2516; info@thegenerationsgroup.net

[57] TnC NOLA Holdings LLC; 3; 1461 Annunciation St B, New Orleans, LA 70130; chris@revolutionmep.com

[58] Uncle Willie Green Wings; 23; 141 Lehigh Ave, Newark, NJ 07112; (Not available)

[59] WAI Holdings, LLC; 50; 1275 S Lucerne Blvd, Los Angeles, CA 90019; johnny@waibarmaui.com

[60] Wallingford Lodging Partners LLC; 43; c/o Foley & Lardner LLP, 11988 El Camino Real, Ste 400, San Diego, CA 92130; (Not available)

[61] West Palm Holdings Inc.; 39; 2705 Via Vistosa, San Clemente, CA 92672; scott.a.mednick@gmail.com

[62] Zelco Properties LLC; 41; 108 Patriot Dr Ste A, Middletown, DE 19709; zelco@gmx.com

[63] 20Twenty Development LLC; 71; 494 N Emery Ave, Orem, UT 84057; bryan@newdevelopmentconsulting.com

**PLEASE TAKE NOTICE that pursuant to the Middle District of Florida's negative notice procedures, if you fail to file a written response to this objection to your claim within thirty (30) days from the date of service, the Court may consider that you do not oppose the relief requested and may grant the relief requested without further notice or hearing.**