**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

GENIE INVESTMENTS NV INC.,                          Case No.: 3:24-bk-00496-BAJ

                Debtor.                                      Chapter 7

_____/

**CHAPTER 7 TRUSTEE'S RESPONSE TO MOTION**
**TO MODIFY OR RESCIND ORDER TO SHOW CAUSE**

Aaron R. Cohen, Chapter 7 Trustee (the "Trustee"), by and through his undersigned counsel, pursuant to the Court's Order Directing Response to Motion to Modify or Rescind Order to Show Cause and For Final Ruling on Show Cause Hearing (Doc. 634) responds to the Verified Motion to Modify or Rescind Order to Show Cause and For Final Ruling on Show Cause Hearing (Doc. 617) (the "Motion") filed by John Michael Cohan ("Cohan") as follows:

1. The Trustee believes that the Court's Order to Show Cause (Doc. 347) entered on March 27, 2025 should be continued and converted into a permanent injunction prohibiting Cohan and David Hughes ("Hughes") from filing any further pleadings with this Court on a *pro se* basis without first obtaining leave of this Court. The Trustee separately filed a Motion for Preliminary and Permanent Injunction on July 13, 2026 (Doc. 624) (the "Trustee's Injunction Motion") requesting the same relief – that Cohan and Hughes be prohibited from filing any further pleadings with the Court on a *pro se* basis without first obtaining leave of this Court. Simply put, Cohan and Hughes (most especially Cohan) have overwhelmed this Court and the Trustee with frivolous filings in this bankruptcy case. By the Trustee's count, Cohan and Hughes have filed 82 frivolous pleadings in this case concerning matters for which they do not have standing or concerning alleged and fabricated misconduct by the U.S. Trustee's office, the Clerk's office of this Court or

87927798

this Court itself.  There have been 440 pleadings filed in this case since the case was converted to a Chapter 7 on August 9, 2024. That is an extraordinary number of pleadings for, what should be, an uncomplicated, straightforward Chapter 7 case.  The sole reason this case has not been uncomplicated and straightforward is the number of and substance of the pleadings filed *pro se* by Cohan and Hughes. The time has come for the Court to put a complete stop to their frivolous filings.

2.      On March 27, 2025, the Court entered its Order to Show Cause (Doc. 347) directing Cohan and Hughes to appear and show cause on June 24, 2025 why they should be permitted to file additional *pro se* pleadings in this case and restricting them from filing any *pro se* pleadings in the case pending the outcome of the hearing.

3.      At the time the Court entered the Show Cause Order, Cohan and Hughes had only filed 14 *pro se* pleadings in the main case and 8 *pro se* pleadings in the adversary proceeding filed by the Trustee against Zoomeral, Inc., Capitulum, LLC, Genie Investments II, LLC, Better Methods, LLC, and Genie's Angels, LLC n/k/a Merkton Group, LLC (collectively, the "Insider Companies") which was designated Adversary Proceeding Number 3:25-ap-00011-BAJ (the "Adversary Proceeding"). As of today, they have filed 82 frivolous *pro se* pleadings in the main case and 30 frivolous *pro se* pleadings in the Adversary Proceeding. A complete list of Cohan's and Hughes' frivolous pro se pleadings is contained in the Trustee's Injunction Motion at ¶¶ 8 and 11. The 112 pleadings filed by Cohan and Hughes in the main case and the Adversary Proceeding do not even include the *nine* notices of appeal of various orders filed by Cohan in the main case and *five* notices of appeal in the Adversary Proceeding, along with accompanying motions for leave to appeal in forma pauperis, each of which have been abated pending a ruling by the District

87927798

Court on Cohan's request for District Court review of this Court's order denying his motions for leave to appeal in forma pauperis.

4.    Each of Cohan's and Hughes' filings regurgitate the same meritless assertions of misconduct by the Trustee, the Trustee's attorney, the trial attorney for the U.S. Trustee's office, the Clerk's Office and this Court or complain about the Chapter 11 Examiner's findings and the conversion of this case from Chapter 11 to Chapter 7.

5.    Furthermore, the recent pleadings filed by Cohan are an attempt to insert himself into the administration of the bankruptcy estate which he clearly does not have standing to do. For example, Cohan has filed multiple objections to claims which is something solely within the power of the Chapter 7 Trustee. As recently as August 5, 2026, Cohan filed an Omnibus Objection to 67 creditor claims (Doc. 644).

6.    Cohan does not have standing to object to claims because there will not be an excess distribution back to the Debtor in this case. Absent a likelihood of a surplus distribution back to the debtor, a Chapter 7 debtor (or its equity owner) does not have standing to object to claims. *See In re Brooks*, 548 B.R. 896, 900 (Bankr. S.D. Ga. 2016). Given the amount of creditor claims in this case and the relatively small amount recovered by the Trustee thus far, there will not be a surplus distribution in this case.

7.    Cohan argues in his most recent Omnibus Objection to Claims that the estate assets consist of the $20 million judgment against Velanos Principal Capital ("Velanos") obtained by the Trustee in Adversary Proceeding Number 3:25-ap-000007-BAJ, the $435,000 settlement between the Trustee and Warren Law (which has not yet been paid to the Trustee due to Cohan's pending notice of appeal), and over $4 million in defaulted customer loans owed to the Debtor. First, merely because the Trustee has a $20 million judgment against Velanos does not mean that the Trustee

3

will collect $20 million from Velanos. The judgment has thus far proved to be uncollectible. The Trustee served written discovery in aid of execution of the judgment on Velanos which was ignored. The Trustee also attempted to serve a subpoena for deposition in aid of execution on the principal of Velanos, Joshua Wearmouth ("Wearmouth"), at his alleged residence in California, but was never able to locate Wearmouth to serve him. The Trustee paid process servers "stake out time" to wait outside Wearmouth's alleged residence to serve him. However, when the server finally made contact with someone at the residence, he was told that Wearmouth had moved over a year ago from the rented residence and the current tenant did not know who or where he was – only that multiple people had tried to serve Wearmouth with legal papers at the address. The process server also ran a "skip trace" on Wearmouth but again could not locate Wearmouth at any of the addresses revealed in the search. The Trustee even hired a private investigator to perform a preliminary investigation into Wearmouth's location, but the investigator was unable to locate any additional addresses for him. Finally, the Trustee ran a bank account search for Velanos but did not locate any bank accounts for Velanos in the United States. Frankly, the Trustee has little hope of ever collecting the judgment against Velanos.

8.      With respect to the claimed over $4 million in customer loans to be collected, after reviewing the Debtor's bank statements and the statements for Michael Connor's IOLTA account, the Trustee determined that the Debtor was only owed approximately $1.8 million from customers to which it had made loans, over and above the "prepaid interest" paid to the Debtor by the customers. The Trustee sent demand letters to all of the borrowers but received minimal responses. The Trustee also filed adversary proceedings against the borrowers deemed most collectible but almost all of them were defaulted for failure to respond to the complaints and have ignored

87927798

judgments against them. The Trustee has only been able to collect a total of $76,625 from the Debtor's customers thus far.

9.      As of the most recent Trustee's Interim Report on March 31, 2026, the Trustee was holding $1,578,710.86. The Trustee hopes to receive the $435,000 settlement from Warren Law once Cohan's appeal is disposed of. The Trustee does not anticipate receiving any additional large payments. The claims filed in this case currently total over $38 million. The Trustee has objected to and will continue to object to some of the claims on file. However, the final claims amount will total multi-millions of dollars in excess of the amount the Trustee has thus far collected. As a result, Cohan and Hughes do not have standing to insert themselves into the administration of this case.[1]

10.      While not within the purview of this Court, Cohan has also filed a lawsuit against an Alabama state court judge in the United States District Court for the Middle District of Florida and  a lawsuit against the United States Trustee Program and United States Trustee trial attorney Scott Bonkamp in the United States District Court for the District of Columbia. The District Court for the District of Columbia dismissed Cohan's complaint against Mr. Bonkamp on June 16, 2026. Cohan has filed an appeal of that order. Cohan has also filed two writs of mandamus with the Eleventh Circuit Court of Appeals requesting that the Eleventh Circuit order the District Court for the Middle District of Florida to rule on his IFP appeal and rule on motions he filed in the case he and Hughes filed against Warren Law. These are further examples of Cohan's vexatious and frivolous litigation.

---

[1] In his Motion, Cohan cites to § 1109(b) of the Bankruptcy Code as giving him standing in this case. However, § 1109(b) only applies to equity security holders in Chapter 11 cases – not Chapter 7 cases.

87927798

11.     In his Injunction Motion, the Trustee included a detailed memorandum of law at pages 10-14 setting forth the authority for the Court to restrict *pro se* filings which the Trustee incorporates by reference herein.

WHEREFORE, Aaron Cohen, Chapter 7 Trustee respectfully requests that the Court continue and extend its Show Cause Order and enjoin John Cohan and David Hughes from filing, *pro se*, any new action, complaint, motion, or claim for relief in this Court without first obtaining leave of this Court and for such other relief as the Court deems just.

Dated:  August 6, 2026                          AKERMAN LLP

By: */s/ Raye C. Elliott*
Raye C. Elliott, Esq.
Florida Bar Number: 018732
Email: raye.elliott@akerman.com
401 East Jackson Street, Suite 1700
Tampa, FL 33602
Phone:  (813) 223-7333
Fax:  (813) 223-2837

Attorneys for Aaron R. Cohen, Chapter 7 Trustee

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 6, 2026, I filed a true and correct copy of the foregoing with the United States Bankruptcy Court for the Middle District of Florida using the Court's CM/ECF system, which will serve copies on all counsel of record and a true and correct copy was served by electronic mail to the following who consented in writing to receive service of pleadings at the email address listed below:

John Michael Cohan                          David Hughes
iustusprocessus@outlook.com                 davidchoatehughes@gmail.com

*/s/ Raye C. Elliott*
Attorney

6

87927798