UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
www.flmb.uscourts.gov

In re:

Genie Investments NV, Inc.,                    Case No.: 3:24-bk-00496-BAJ
                                               Chapter 7

          Debtor.

_____/

**UNITED STATES TRUSTEE'S RESPONSE TO
MOTON TO MODIFY OR RESCIND ORDER TO SHOW CAUSE**

Guy A. Van Baalen, Acting United States Trustee for Region 21 (the "United States Trustee"), by and through the undersigned counsel, files this reponse to John-Michael Cohan's Verified Motion to Modify or Rescind Order to Show Cause and for Final Ruling on Show Cause Hearing ("Vexatious Litigant Motion"; Doc. No. 617).

**SUMMARY OF ARGUMENT**

The Court should maintain the injunction against John Michael Cohan ("Cohan") and David Hughes ("Hughes"). They have filed excessive *pro se* pleadings in the main case and in the related adversary against insider companies despite lacking standing and despite not being attorneys. In addition, their campaign of litigation has expanded to the U.S. District Court for the Middle District of Florida and to D.C. District Court.

Consistent with Eleventh Circuit precedent, the Court flexibly should craft an Order that prevents vexatious litigation, while allowing Cohan and Hughes to appropriately protect their interests if the chapter 7 trustee sues them personally. In the discretion of the Court, such an order could require Cohan and Hughes to submit proposed pleadings to the Court

for review. The Court could disallow pleadings because (i) they are incoherent or lack a legal purpose; (ii) they are redundant with pleadings already filed in the main case or in a collateral proceeding; (iii) the filer lacks standing regarding the subject of the pleadings; (iv) the filer cannot file the pleading because they are not a lawyer; (v) the grounds for the pleading are speculative or constitute a "fishing expedition;" (vi) the pleading has a vexatious purpose; (vii) the pleading lacks a street address of the filer or other required information under rule 9011(a); or (viii) any other grounds to be explained in a subsequent order of the Court.

Such an approach would fairly balance the legitimate interests of Cohan and Hughes as potential fraudulent transfer defendants with the interests of the small business owners who are the estate's principal creditors.

## BACKGROUND

1.      On February 21, 2024, Genie Investments NV, Inc. filed a chapter 11 bankruptcy petition to initiate case number 3:24-bk-00496-BAJ ("Main Case").[1]

2.      On March 5, 2024, the United States Trustee filed an Expedited Motion to Appoint Chapter 11 Trustee, or, in the Alternative, Appoint an Examiner, Dismiss this Case, or Convert this Case to Chapter 7 ("First Trustee Motion"; Doc. No. 20).

3.      The First Trustee Motion resulted in the appointment of an examiner who filed her report with the Court. (Doc. Nos. 68 and 146). Based on the contents of the examiner's report, the United States Trustee filed a Second Motion to Appoint Chapter 11 Trustee, Dismiss Case, or Convert Case to Chapter 7, which resulted in the conversion of the Main Case to chapter 7. (Doc. Nos. 154, 203, and 207).

---

[1] All docket citations herein will be in reference to the Main Case.

4.      The order converting the Main Case to chapter 7 was not timely appealed and is a final order.

5.      Due to the conversion of the Main Case, Cohan and Hughes were completely removed from any role with the Debtor. Congress contemplated that when a trustee is appointed, he assumes control of the business, and the debtor's directors are "completely ousted." *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 352–53 (1985).

> Moreover, the Code makes no provision within the structure of Chapter 7 for "former management" to appear in the proceeding and attempt to control the property of the estate or assert a separate interest on behalf of the Debtor. The whole notion that the contrary is true is antithetical to the basic concept of a corporate liquidating bankruptcy under Chapter 7 of the Code

*In re C.W. Mining Co.*, 636 F.3d 1257, 1263 (10th Cir. 2011) (quoting *Log Furniture, Inc. v. Call*, 180 F. App'x 785, 787–88 (10th Cir. 2006)).

6.      Cohan and Hughes apparently agreed with that legal conclusion as they filed Motion for Court Recognition of Resignation as Debtor Representative (Doc. No. 334 and 335), which the Court granted in part on June 26, 2025 (Doc. No. 380).  Under the terms of the Court's order, Cohan's and Hughes' resignation was granted except that they remained subject to "all duties and responsibilities provided for under state and federal law." (*Id.* at 2).

7.      In the chapter 7 context, Cohan's and Hughes' duties consisted primarily of the duty to "turn over the corporation's property to the trustee and to provide certain information to the trustee and to the creditors." *Commodity Futures Trading Com v. Weintraub,* 471 U.S. 343, 352 (1985). Beyond the transfer of records, Cohan and Hughes have no authority to act on behalf of the Debtor. Instead, the chapter 7 trustee has the

3

exclusive rights and discretion to act in the best interest of the Debtor's bankruptcy estate.

8.     Despite Cohan's and Hughes' ouster, both as a matter of law and according to his own request, they continue to file endless pleadings, notices, motions, appeals and miscellaneous with the effect of disrupting case administration to the detriment of the small business owners who are the estate's ultimate beneficiaries. Hughes has filed numerous such pleadings (Doc. Nos. 274, 287, 288, 301, 302-303, 319, 322, 337, 340, 342-343, 355, 367, 369, 376, 391-392, 394, 398, 419, 437, 440, 444, 451, 459-463, and 528). And Cohan has been particularly prolific (*See* Doc. Nos. 274, 277, 286, 287, 301-303, 319, 322, 325, 332, 337, 340, 343-355, 361, 368, 382, 385-386, 393, 395, 398, 400-403, 406, 428-431, 438-439, 441, 444, 451, 459-463, 470, 474-485, 488-490, 496-499, 501-504, 507-509, 513-523, 555-557, 587-597, 616-619, 621-623, 626-627, 638-639, and 644). Mr. Cohan has expanded his campaign of excessive filings to the District Courts in Florida (*see* Case Nos. 3:25-bk-01398-JEP) and unsuccessfully sued the undersigned in Washington D.C. (*see* Case No. 1:25-cv-02009-RDM) in an exhaustive waste of judicial resources.[2] This D.C. District Court Order is the subject of an appeal, and Mr. Cohan continues to prosecute his grievances against the undersigned in Washington D.C.

9.     Many of the filings by Cohan and Hughes are clearly of an improper character. For example, on December 1, 2025, Cohan filed Notice of Thanksgiving Administrative Filing Irregularity in Poor Attempt to Rebut Judicially-Verified 341 Meeting Criminal Act (Doc. No. 498). The theory of this pleading is that the bankruptcy court improperly made a docket entry on Thanksgiving. *Id.* Even if that were somehow a

---

[2] See Docket No.73 in Case No. 1:25-cv-02009-RDM.

legitimate complaint (it is not) examination of the docket shows that the docket entry was made the day before Thanksgiving (Doc. No. 492). On January 27, 2025, Cohan and Hughes filed Motion for Sanctions and Protective Order Against Chapter 7 Trustee for Retaliatory Conduct, Abuse of Process, and Breach of Fiduciary Duty (Combined) (Doc. No. 274). This lengthy pleading needlessly harassed the chapter 7 trustee, without any reasonable basis in the record, in his administration of the estate. The Court denied the motion on February 27, 2025 (Doc. No. 310). Numerous other pleadings filed by Cohan and Hughes are of a similar character.

10.     On August 11, 2025, Cohan filed Motion to Seal Address, which was denied by order of the Court on August 12, 2025 (Doc. Nos. 395 and 397). Despite the denial of this motion, Cohan continues to file pleadings without his mailing address in violation of Federal Rule of Bankruptcy Procedure 9011(a).

11.     On August 6, 2026, the chapter 7 trustee filed his response to the Vexatious Litigant Motion. The chapter 7 trustee states that he will not have adequate funds to pay the creditors of the estate, which are primarily small business owners, in full (Doc. No. 645, at 3).

**LAW AND ARGUMENT**

12.     "A vexatious litigant does not have a First Amendment right to abuse official processes with baseless filings in order to harass someone to the point of distraction or capitulation." *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1298 (11th Cir. 2002). "The court's power to protect its jurisdiction includes the power to enjoin a dissatisfied party bent on re-litigating claims that were (or could have been) previously litigated before the court

from filing in both judicial and non-judicial forums, as long as the injunction does not completely foreclose a litigant from any access to the courts . . . ." *Id.* at 1295 n.15. The Court may flexibly tailor an appropriate injunction based upon the circumstances of the case. *See Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986).

13.    The Court should tailor an injunction suitable to the circumstances of this case, while still allowing Cohan and Hughes appropriate access to the Court. In considering the scope of injunction, the Court should consider the scope of the Hughes' and Cohan's standing. First, Hughes and Cohan lack authority to make filings on behalf of the Debtor. This is the law based upon the Supreme Court's decision in *Weintraub* and based upon Cohan's and Hughes' own requests (Doc. No. 380).

14.    Cohan and Hughes also lack standing based upon their equity interest. Section 1109(b) ceased to be applicable to this case when it converted to chapter 7. *See* 11 U.S.C. § 103. The chapter 7 trustee reports that there are inadequate funds to pay creditors in full (Doc. No. 645, at 3). As such, Cohan and Hughes have no standing based upon their equity interest. *In re B & P Baird Holdings, Inc.*, 2011 WL 5909669, at *1 (Bankr. W.D. Mich. Nov. 22, 2011) (finding that an equity holder only has standing if the estate has a surplus).

15.    Under the facts of this case, the most plausible way that Cohan and Hughes could acquire standing is if they are personally sued by the chapter 7 trustee. The injunction entered by the Court should permit Cohan and Hughes to file legally appropriate, non-redundant, non-vexatious pleadings in this instance.

16.    Cohan and Hughes also lack the ability to file pleadings for their affiliate

6

companies because they are not attorneys. "The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se,* and must be represented by counsel." *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985). This rule is also reflected in Local Rule 1074-1, which provides that corporations must be represented by attorneys.

17.    In crafting an appropriate injunction, the Court should also consider the tendency of Cohan and Hughes to file pleadings based upon highly speculative facts that have no foundation in the record, and do not rise to the level of plausibility under Federal Rule 12(b)(6), as well as their tendency to simultaneously carry on litigating the same matters in multiple parallel proceedings. *See Ashcroft v. Iqbal,* 556 U.S. 662 (2009) (setting minimum pleading standards). This tendency is exemplified by the highly speculative allegations against the United States Trustee in both this courtroom and in Washington D.C.

18.    The Court has wide discretion in crafting an appropriate injunction. Under the facts of this case, the United States Trustee suggests that require Cohan and Hughes to submit proposed pleadings to the Court for review. The Court could disallow pleadings because (i) they are incoherent or lack a legal purpose; (ii) they are redundant with pleadings already filed in the main case or in a collateral proceeding; (iii) the filer lacks standing regarding the subject of the pleadings; (iv) the filer cannot file the pleading because they are not a lawyer; (v) the grounds for the pleading are speculative or constitute a "fishing expedition;" (vi) the pleading has a vexatious purpose; (vii) the pleading lacks a street address or other required information required by Rule 9011(a); or (viii) any other grounds to be explained in a subsequent order of the Court.

WHEREFORE, the United States Trustee requests that the Court (i) deny the Vexatious Litigant Motion; (ii) Modify the Court's injunction consistent with this response; or (iii) take such other action as the Court deems appropriate.

Dated:  August 11, 2026.

Respectfully Submitted

Guy A. Van Baalen
Acting United States Trustee for Region 21

*/s/   Scott Bomkamp*
Scott Bomkamp, Trial Attorney
Office of the United States Trustee
U.S. Department of Justice
400 W. Washington St., Suite 1100
Orlando, FL 32801
Telephone No.:  407.648.6067
Email: scott.e.bomkamp@usdoj.gov
Indiana Bar No.: 28475-49

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing motion was served on August 11, 2026 on all parties appearing electronically via CM/ECF in this action, including *pro se* parties who are receiving electronic notice.

*/s/   Scott Bomkamp*
Scott Bomkamp, Trial Attorney