UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
In re: Genie Investments NV Inc., Debtor.
Case No. 3:24-bk-00496-BAJ
Chapter 7

FILED MAIL USBC
JAX, FL AUG31'26

# VERIFIED MOTION TO EXPEDITE HEARING AND FOR EVIDENTIARY HEARING ON MOTION TO MODIFY OR RESCIND ORDER TO SHOW CAUSE (BANKR. DOC. 617)

COMES NOW John Michael Cohan, protected person, pro se, and respectfully moves this Court to expedite the hearing on his Motion to Modify or Rescind Order to Show Cause (Bankr. Doc. 617) and to set this matter for an evidentiary hearing. In support thereof, the undersigned states:

I. PROCEDURAL BACKGROUND

1. On March 27, 2025, the Court entered an Order to Show Cause (Bankr. Doc. 347).

2. On June 24, 2025, the show cause hearing was held and continued until further order of the Court (Bankr. Doc. 378).

3. On June 22, 2026, the undersigned filed a Motion to Modify or Rescind Order to Show Cause (Bankr. Doc. 617).

4. On July 17, 2026, the Court entered an Order (Bankr. Doc. 631) directing the undersigned to amend his Omnibus Objection to correct deficiencies.

5. On August 5, 2026, the undersigned filed the Amended Omnibus Objection (Bankr. Doc. 644).

6. On August 21, 2026, the Court entered an Order (Bankr. Doc. 658) striking the Amended Omnibus Objection based on the Order to Show Cause (Bankr. Doc. 347).

II. THE ORDER TO SHOW CAUSE REMAINS PENDING

7. The Order to Show Cause (Bankr. Doc. 347) has been pending since March 27, 2025.

8. No final ruling has been entered on the Order to Show Cause.

9. The Order to Show Cause has been used to strike filings, including the Amended Omnibus Objection (Bankr. Doc. 644).

III. THE HEARING IS SCHEDULED FOR DECEMBER 2026

10. The "non-evidentiary" hearing on the Motion to Modify or Rescind (Bankr. Doc. 617) is scheduled for December 14, 2026.

11. The facially over-inflated Stringer claim (#5) trial is scheduled for January 7, 2027.

12. The undersigned seeks to have the hearing on his Motion to Modify or Rescind heard within the next thirty (30) days. The hearing should take no more than a half day.

## IV. THE UNDERSIGNED WAS ORDERED TO AMEND, COMPLIED, AND WAS THEN STRUCK

13. On July 17, 2026, the Court entered an Order (Bankr. Doc. 631) directing the undersigned to amend his Omnibus Objection to correct deficiencies.

14. On August 5, 2026, the undersigned filed the Amended Omnibus Objection (Bankr. Doc. 644), fully complying with the Court's Order.

15. On August 21, 2026, the Court entered an Order (Bankr. Doc. 658) striking the Amended Omnibus Objection based on the Order to Show Cause (Bankr. Doc. 347).

16. The undersigned was ordered to amend (Bankr. Doc. 631), complied (Bankr. Doc. 644) and was then struck (Bankr. Doc. 658).

17. The Order to Show Cause was entered on March 27, 2025 — over seventeen (17) months ago.

18. The show cause hearing was held on June 24, 2025, and continued until further order of the Court.

19. No final ruling has been entered on the Order to Show Cause.

20. The undersigned has been deprived of the right to challenge claims filed against the estate based on an unresolved order.

V. THE DELAY, THE CLAIMS, AND THE RECUSAL ARE ALL CONNECTED

21. On July 6, 2026, the undersigned filed a Motion for Recusal of Judge Jason A. Burgess (Bankr. Doc. 622).

22. On July 15, 2026, Judge Burgess entered an Order transferring the recusal motion to the Fort Myers Division, where it was assigned to the Honorable Judge Rivera (Bankr. Doc. 628).

23. On August 12, 2026, a hearing was held before the Honorable Judge Rivera in Case No. 2:26-mp-00001-FMR.

24. The Honorable Judge Rivera did not deny the recusal motion. He left the door open for additional briefing and discovery, which the undersigned has commenced.

25. Since the recusal motion was filed, the undersigned has observed a pattern of delay in the Jacksonville Division:

a. The hearing on the Motion to Modify or Rescind (Bankr. Doc. 617) was scheduled for December 14, 2026 — over six (6) months after it was filed;

b. The Stringer claim trial was scheduled for January 7, 2027 — over five (5) months after both sides agreed [without any objection from the undersigned] to trial being set in sixty (60) days from the August 18, 2026 hearing;

c. The undersigned's Amended Omnibus Objection (Bankr. Doc. 644) was struck on August 21, 2026, rather than being heard on the merits after being instructed by the same Court to amend.

26. The undersigned, through the Corporate Debtor, entered this case with a $15 million settlement agreement that resulted in a $20 million judgment, the pursuit of Scott Oh resulting in the $435,000 contingent settlement, and $4 million in customer outstanding loans.

27. If the claims were properly adjudicated, the record would demonstrate that the estate has been solvent from the beginning.

28. But the claims have not been properly adjudicated. After two (2) years, the trustee has only administered two (2) claims out of seventy-one (71):

a. Stringer Claim 5-3 — $14 million based on a $385,000 payment — objected to — trial pending — but remains on the books;

b. Belle Maison Claim 4 — $3 million based on a $70,000 payment — Agreed Order (Bankr. Doc. 583) with a *pro se* represented limited liability company clearly demonstrating disparate treatment against the undersigned;

c. McMann Claim 64 — which duplicates up to twenty-four (24) other customer claims — remains on the books.

d. After waiting for over two (2) years, the undersigned objected to roughly sixty-three (63) claims, the court ordered the undersigned to correct the deficiencies, the undersigned complied, then *without any rebuttal or response from any party*, the amended objections were struck.

29. The undersigned filed an Amended Omnibus Objection to challenge these claims (Bankr. Doc. 644). The Court struck it (Bankr. Doc. 658) based on the unresolved Order to Show Cause (Bankr. Doc. 347) that the Court itself put in place without any request from any party based on a "flurry of filings" that did not exist at the time the order was entered.

30. The claims remain unchallenged. The estate appears to be insolvent. The Trustee uses that appearance to justify going after and denying standing in multiple forums of principals (Central District of Illinois, Case No. 25-70566), equity holders and their affiliates (3:25-ap-00011) and the United States Trustee, who allegedly allowed the alleged violation of a restraining order during the 341

meetings (which a two (2) state agencies and a state judge found probable cause of) after witnessed in-person notice of the order (1:25-cv-02009, Doc. 29, Ex. IV, incorporated by reference), then allegedly altered the foundational audio to remove the victim's invocation of rights (Bankr. Doc. 501, Ex. 1; 1:25-cv-02009, Doc. 29, Ex. I) and did not inform this Court of the underlying violation as is its duty as an officer of the court (which the Trustee refuses to investigate (Bankr. Doc. 590) [with its shotty accounting methods (Bankr. Doc. 587)]) is demonstrably in support of the Trustee's lack of estate administration (Bankr. Doc. 650) while police reports placed on the docket go missing (Bankr. Docs. 406-3, 470-1) and the United States Trustee demands the undersigned's address (Bankr. Doc. 648). At least five (5) federal judges and two (2) state judges have been required to weigh in to properly sort out this procedural mess and now the Honorable Judge Rivera presides over a recusal motion that normally, by law, Judge Burgess should have ruled on himself (Bankr. Doc. 628).

31. Although the undersigned sincerely believes at the very least a change of venue was necessary, based on the governing law, 28 U.S.C. § 455(a), the undersigned objects to Judge Burgess' further participation in these matters and reserves all rights.

Dated: 08-27-2026

**Respectfully submitted in good faith,**

**John Michael Cohan, without prejudice, without recourse, UCC 1-308, 1-103**
iustusprocessus@outlook.com

Certificate of Service

I hereby certify that all interested parties have been duly served a copy of the foregoing document and/or its attachments by the CM/ECF system, U.S. Mail and/or email.

Debtor
Genie Investments NV Inc.
represented by Bryan K. Mickler
Email: court@planlaw.com

Chapter 7 Trustee
Aaron R. Cohen
represented by Raye Curry Elliott
Email: raye.elliott@akerman.com

U.S. Trustee
represented by Scott E. Bomkamp
DOJ-Ust
Email: scott.e.bomkamp@usdoj.gov

David C. Hughes II
davidchoatehughes@gmail.com

John Michael Cohen
General Delivery
5455 Verna Blvd.
Jacksonville, Florida 32236




US Bankruptcy Court
300 N Hogan Street, 3-150
Jacksonville Florida 32202

32202$4267 C008