FILED INTAKE USBC
SEP 17 '26 PM3:32

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
In re: Genie Investments NV Inc., Debtor.
Case No. 3:24-bk-00496-BAJ
Chapter 7

# VERIFIED EXPEDITED MOTION FOR RULING ON MOTION FOR TRANSCRIPTS AND AUDIO RECORDINGS (Bankr. Doc. 681) AND OBJECTION TO NOTICE OF HEARINGS (Bankr. Docs. 695, 698, 699, 701) AS PROCEDURALLY INSUFFICIENT

COMES NOW, John Michael Cohan, protected person under Marsy's Law, pro se, and respectfully moves this Court for an expedited ruling on his Verified Motion for Transcripts and Audio Recordings at Government Expense (Bankr. Doc. 681), and objects to the Notice of Hearing (Bankr. Doc. 699) as it schedules a non-evidentiary hearing on a motion that requires evidentiary resolution, and in support states:

## I. THE MOTION FOR TRANSCRIPTS (BANKR. DOC. 681) IS CRITICAL FOR THE NOVEMBER 9, 2026 TRIAL

1. On September 11, 2026, the undersigned filed a Verified Motion for Transcripts and Audio Recordings (Bankr. Doc. 681).

2. That motion requests the transcripts and audio recordings of the §341 meetings, the April 2024 trial, and all other hearings in this case.

3. As confirmed by the email from the Trustee's counsel, Raye Elliott, dated September 9, 2026 (attached to Bankr. Doc. 681 at pages 13-14), the Trustee does not have transcripts of the §341 meetings or the April 2024 trial.

4. The Trustee's counsel also stated that the agreements are "not relevant" to the trial on the Motion to Rescind the Show Cause Order (Bankr. Doc. 617) and the Trustee's Motion for an Injunction (Bankr. Doc. 624).

5. The November 9, 2026 trial will determine the undersigned's standing. The standing argument is based entirely on the claims, which are based on the agreements. The transcripts are necessary to impeach the Trustee's narrative and to establish the true nature of the agreements and the claims.

6. Without the transcripts, the undersigned cannot effectively prepare for or conduct the trial or any ongoing appeal. The request is not frivolous; it is essential.

## II. THE NOTICE OF HEARING (BANKR. DOC. 699) IS PROCEDURALLY INSUFFICIENT

7. On September 16, 2026, the Court entered a Notice of Hearing (Bankr. Doc. 699) scheduling a non-evidentiary hearing on the undersigned's Motion to Compel Stipulation of Authenticity and Admissibility of Agreements (Bankr. Doc. 684).

8. This hearing is scheduled for November 9, 2026 at 12:00 PM, after the trial on standing.

9. A non-evidentiary hearing is insufficient to resolve a motion to compel the admission of evidence. The Trustee opposes the admission of the agreements (see email from Raye Elliott, Bankr. Doc. 681, p. 13-14). The Court must hear evidence and argument to determine whether the agreements are admissible and relevant.

10. If the Court hears the Motion to Compel and other motions (Please see Bankr. Docs. 695, 698, 701) after the trial, it may be too late. The agreements are the very documents that establish the claims and, therefore, the undersigned's standing. If they are excluded, the trial is seemingly a sham and the undersigned explicitly objects to this improper and prejudicial timing.

11. The undersigned requests that the Court rule on the Motion for Transcripts (Bankr. Doc. 681) expeditiously, before the November 9, 2026 trial.

ALTERNATIVE RELIEF PURSUANT TO FED. R. EVID. 902(11)

12. In the alternative, if the Court declines to compel the Trustee to stipulate to the authenticity and admissibility of the agreements, the undersigned intends to rely upon the self-authentication procedures of Fed. R. Evid. 902(11) and Fed. R. Evid. 803(6), as permitted by this Court's order (Bankr. Doc. 671-1).

13. Pursuant to Bankr. Doc. 671-1, the undersigned will file with the Court and serve on all parties the written declaration required by Fed. R. Evid. 902(11)

and a copy of all records sought to be admitted at least twenty-eight (28) days before trial.

14. The undersigned requests that, in the alternative to compelling the Trustee's stipulation, the Court accept the self-authentication of the agreements under Fed. R. Evid. 902(11) and admit them into evidence at the November 9, 2026 trial.

15. If the Court grants this alternative relief, the undersigned requests that the Motion to Compel (Bankr. Doc. 684) be **denied as moot**.

III. REQUEST FOR RELIEF

WHEREFORE, the undersigned respectfully requests that this Court:

i. Expedite a ruling on the Verified Motion for Transcripts and Audio Recordings (Bankr. Doc. 681) so that the transcripts and audio recordings may be prepared and provided to the undersigned before the November 9, 2026 trial;

ii. Object to the Notice of Hearings (Bankr. Docs. 695, 698, 699, 701) as procedurally insufficient, and rule on the Motion to Compel prior to the November 9, 2026 trial;

iii. Clarify the sequence of the November 9, 2026 hearings (Bankr. Doc. 695, 698, 699, 701), specifically whether the underlying motions (Bankr. Docs. 617, 624) will be heard before, during, or after the trial on standing;

iv. In the alternative, permit the undersigned to proceed under Fed. R. Evid. 902(11) and Bankr. Doc. 671-1 to self-authenticate the agreements, and deny the Motion to Compel (Bankr. Doc. 684) as *moot* if the Court accepts will self-authentication.

v. Grant such other and further relief as the Court deems just and proper.

VERIFICATION

I, John Michael Cohan, declare under penalty of perjury under the laws of the United States and the State of Florida that the foregoing is true and correct to the best of my knowledge and belief.

Dated: 09-17-2026

**Respectfully submitted in good faith,**

**John Michael Cohan, without prejudice, without recourse, UCC 1-308, 1-103**
iustusprocessus@outlook.com

## Certificate of Service

I hereby certify that all interested parties have been duly served a copy of the foregoing document and/or its attachments by the CM/ECF system, U.S. Mail and/or email.


Debtor
Genie Investments NV Inc.
represented by Bryan K. Mickler
Mickler & Mickler
5452 Arlington Expressway
Jacksonville, FL 32211
904-725-0822
Email: court@planlaw.com

U.S. Trustee
represented by Scott E. Bomkamp
DOJ-Ust
United States Trustee
400 W. Washington St., Ste 1100
Orlando, FL 32801
407-648-6069
Email: scott.e.bomkamp@usdoj.gov

Chapter 7 Trustee
Aaron R. Cohen
represented by Raye Curry Elliott
Akerman LLP
401 East Jackson Street, Suite 1700
Tampa, FL 33602
(813) 223-7333
Email: raye.elliott@akerman.com

David C. Hughes II
davidchoatehughes@gmail.com




**Public Records Request :: P541886-091726**

Dear John Cohan:

Thank you for your interest in public records of Jacksonville Sheriff's Office. Your request has been received and is being processed. Your request was received in this office on 9/17/2026 and given the reference number P541886-091726 for tracking purposes.

*Case No# 2026-CA-6395*
*All related documents to the following CCR's: (25-471040), (25-471178), (25-562988) and (26-538341).*

*Received on 09/16/2026 @ 15:25*
*Entered into GovQA on 09/17/2026 @ 07:18*

Reply

Mail Calendar Apps