FILED INTAKE USBC
SEP 17 '26 PM3:32

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
In re: Genie Investments NV Inc., Debtor.
Case No. 3:24-bk-00496-BAJ
Chapter 7

# VERIFIED MOTION FOR LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS

COMES NOW John Michael Cohan, protected person under Marsy's Law, pro se, and respectfully moves this Court for leave to proceed on appeal *in forma pauperis* without prepayment of fees, costs, or security therefor. In support thereof, the undersigned states:

## I. THE UNDERSIGNED IS INDIGENT

1. The undersigned is unable to pay the fees and costs associated with this appeal.

2. A true and correct copy of the undersigned's financial affidavit with attached screenshots is attached hereto as **Exhibit A**, showing minimal liquid assets totaling approximately $127.16, no regular income, and sole custody of a minor child.

3. The undersigned's total annual income is approximately $6,972, which is below the federal poverty level of $15,650 for an individual.

4. The undersigned's monthly expenses far exceed his income.

## II. THE UNDERSIGNED IS INDIGENT

5. On September 11, 2026, the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, issued a Certificate of Indigency finding the undersigned indigent.

6. On September 14, 2026, the same court issued an additional Certificate of Indigency finding the undersigned indigent for his foreclosure case.

7. These certificates are in addition to prior findings of indigency by:

   a. The United States District Court for the District of Columbia (Judge Randolph Moss, July 17, 2026); and

   b. The United States District Court for the Middle District of Florida (Judge Jason Burgess, September 3, 2026).

8. In total, three (3) separate courts, including this one — two (2) federal and one (1) state — have very recently found the undersigned indigent.

9. The undersigned was previously granted *in forma pauperis* status in the United States District Court for the District of Columbia in *Cohan v. Bomkamp*, Case No. 1:25-cv-02009-RDM (D.D.C.), where Judge Moss granted IFP status within twenty-four (24) hours.

10. True and correct copies of all certificates and orders referenced in paragraphs 5 through 9 are attached hereto as **Exhibit B**.

11. The undersigned is proceeding *in forma pauperis* in multiple related proceedings.

12. The undersigned's financial circumstances are set forth in the attached Affidavit.

13. The undersigned is unable to pay the filing fees and costs of this appeal.

III. THE APPEAL IS TAKEN IN GOOD FAITH AND RAISES NON-FRIVOLOUS ISSUES

7. This appeal is taken in good faith and raises substantial, non-frivolous questions, including but not limited to:

a. Whether the Bankruptcy Court erred by vacating the abatement orders without directing the Clerk to process the underlying appeals, where the condition causing the abatement — the pendency of the IFP appeal — had been resolved (Bankr. Doc. 669).

b. Whether the Bankruptcy Court erred by setting status conferences instead of allowing the appeals to proceed where the IFP issue has been resolved and the appeals are ready to proceed.

c. Whether the Bankruptcy Court erred by sequencing the standing trials *before* the appeals, the objections, the compelling of stipulating the underlying agreements that form the basis of the claims, and the alleged fraud on the court, where those matters establish the very standing the Trustee says the undersigned lacks.

d. Whether the Bankruptcy Court erred by setting the status conferences for November 9, 2026 at noon — after the trial on the Motion to Modify or Rescind Order to Show Cause (Bankr. Doc. 617), the hearing on the Amended Omnibus Objections (Bankr. Doc. 644), the hearing on the Motion to Compel Stipulation (Bankr. Doc. 684), the hearing on the Motion for Leave to Appeal IFP (Bankr. Doc. 662), the hearing on David Hughes's Rule 60(d)(3) motion (Bankr. Doc. 651), and David Hughes's motion for limited discovery (Bankr. Doc. 692).

e. Whether the Bankruptcy Court erred by failing to address the alleged fraud on the court (Bankr. Doc. 651 and others), the alleged spoliation of the audio recording, the alleged removal of the police report, and the agreements that define the claims.

8. The Trustee has declined to respond to many of the undersigned's motions, stating he "does not believe a response was necessary for the court to rule" (Bankr. Doc. 590), leaving the motions unopposed and ripe for decision on the merits.

9. The bankruptcy court's repeated denial/striking of the undersigned's motions without addressing the merits and now vacating the abated motions after the condition was satisfied is precisely the type of procedural abuse that requires appellate review to ensure the integrity of judicial proceedings.

10. The recent appeal filed in the district court which was certified for being filed not in good faith (3:25-cv-00164, Dkt. 52), was denied without any findings of fact or conclusions of law, while ignoring the underlying merits of the matter and will be addressed with the 11th circuit via a 24(a)(5) motion in due course.

IV. CONCLUSION

WHEREFORE, the undersigned respectfully requests that this Court:

i. Grant the undersigned leave to proceed on appeal *in forma pauperis* without prepayment of fees, costs, or security;

ii. Waive the requirement for prepayment of the $605 appellate filing fee;

iii. Authorize the Clerk of this Court to transmit the notice of appeal, docket sheet, and all relevant parts of the record, including transcripts, to the

District Court without requiring the undersigned to pay the record preparation fees; and

iv. Grant such other and further relief as justice requires.

VERIFICATION

I, John Michael Cohan, declare under penalty of perjury under the laws of the United States and the State of Florida that the foregoing is true and correct to the best of my knowledge and belief.

Dated: 09-17-2026

**Respectfully submitted in good faith,**

**John Michael Cohan, without prejudice, without recourse, UCC 1-308, 1-103**
iustusprocessus@outlook.com

## Certificate of Service

I hereby certify that all interested parties have been duly served a copy of the foregoing document and/or its attachments by the CM/ECF system, U.S. Mail and/or email.

Debtor
Genie Investments NV Inc.
represented by Bryan K. Mickler
Mickler & Mickler
5452 Arlington Expressway
Jacksonville, FL 32211
904-725-0822
Email: court@planlaw.com

U.S. Trustee
represented by Scott E. Bomkamp
DOJ-Ust
United States Trustee
400 W. Washington St., Ste 1100
Orlando, FL 32801
407-648-6069
Email: scott.e.bomkamp@usdoj.gov

Chapter 7 Trustee
Aaron R. Cohen
represented by Raye Curry Elliott
Akerman LLP
401 East Jackson Street, Suite 1700
Tampa, FL 33602
(813) 223-7333
Email: raye.elliott@akerman.com

David C. Hughes II
davidchoatehughes@gmail.com

# Exhibit A

**AFFIDAVIT IN SUPPORT OF MOTION FOR LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

STATE OF FLORIDA
COUNTY OF DUVAL

I, John Michael Cohan, being first duly sworn, depose and state that the following is true and correct to the best of my knowledge, information, and belief:

I am the Appellant in this action and seek to appeal in good faith to the United States Court of Appeals for the Eleventh Circuit.

I am unable to pay the fees and costs associated with this appeal, or to give security for them. My financial situation is as follows:

a. Employment & Income: I am currently unemployed. My sole source of income is government assistance in the form of Supplemental Nutrition Assistance Program (SNAP) benefits. I receive no salary, wages, or unemployment compensation. I occasionally receive nominal funds from plasma donation, which are used for basic subsistence. My projected total annual income is approximately $6,972, which is below the federal poverty level of $15,650 for an individual and qualifies me for *in forma pauperis*

status. For Tax Year 2025, I earned less than $2,500.

b. Cash Assets: The total of all cash and funds in my checking and savings accounts is:

| Source | Amount |
| --- | --- |
| Cash financial assistance | $89.77 |
| Bank account #1 | $0.13 |
| Bank account #2 (TD) | $0.00 (Closed) |
| Checking account #1 | $0.00 |
| Checking account #2 | $00.16 |
| Plasma debit card (Octapharma donations) | ($0.50) |
| Plasma debit card (Biolife donations) | $37.60 |
| Travel gas card (Florida benefits) | $0.00 |
| Total cash / liquid balance | $127.16 |

Food stamps (SNAP benefits)$206.72 (not cash; food only)

c. Dependents: I have sole legal and physical custody of my five-year-old daughter. I am her only provider, and all my limited income and resources are used for our basic

subsistence, including her food, clothing, and shelter. A substantial amount of money has gone towards USPS mailing.

d. Real Property: I am on the title of a domicile that is currently in foreclosure proceedings due to my inability to pay the mortgage. I have no equity or liquid assets I can access to pay for appellate filing fees. I am merely a tenant-in-possession with no financial interest in the property. For safety reasons related to an active protective order, I omit the specific address, but I will provide it in camera if required by the Court.

e. Monthly Expenses: My essential monthly living expenses for myself and my daughter, including housing, utilities, food, transportation, and other basic necessities, exceed $2,500. These are estimates based on bills owed, not amounts paid. Any variation between $2,500 and higher figures in prior filings, if any, reflects normal fluctuations in monthly obligations for someone in financial distress. Some months certain bills are not paid. These necessary costs of living far surpass my income and negligible liquid assets, making it impossible for me to pay appellate filing fees.

f. Other Assets:

> I have a potential interest in a real estate portfolio located in Alabama that is the subject of pending state litigation. However, the opposing party controls the properties, collects all rent, and a cloud on the title makes any sale or refinance impossible. This entity provides me with no income, no accessible funds, and has no liquid value to me at this time.
>
> I do not own a vehicle.
>
> All of my former business entities are defunct and generate no income.
>
> I have no substantial retirement accounts, stocks, bonds, or other investments.
>
> I have no trust funds or expected inheritances.

g. Debt and Financial Collapse: A $9 million corporate collapse that forms the backdrop of this litigation destroyed my businesses and left me personally financially devastated. I survive through state assistance and drawing on dwindling resources. I have no access to credit or loans to pay court fees.

h. Expenses vs. Income: My mortgage/rent is unpaid, my home is in foreclosure, and I am surviving through assistance, unreliable income and non-payment of certain bills. I am unable to pay the $605 appellate filing fee because I have no stable disposable income and no liquid assets.

I believe I am entitled to redress and that this appeal is taken in good faith. It raises substantial, non-frivolous questions regarding the bankruptcy court's vacating abatement orders for which the specified conditions had been satisfied.

I was previously granted *in forma pauperis* status in the United States District Court for the District of Columbia in Cohan v. Bomkamp, Case No. 1:25-cv-02009-RDM (D.D.C.), where Judge Moss granted IFP status within twenty-four (24) hours and from other courts.

The attached screenshots from my banking and benefits applications accurately reflect my available financial resources and corroborate the financial information provided herein.

I declare under penalty of perjury that the foregoing is true and correct.

FURTHER AFFIANT SAYETH NAUGHT.

Dated: 09-17-2026

**Respectfully submitted in good faith,**

**John Michael Cohan, without prejudice, without recourse, UCC 1-308, 1-103**
iustusprocessus@outlook.com







Rewards Checking
$0.00
AVAILABLE BALANCE
Current Balance $0.00


Good afternoon, John
0 pts →
Get $15 →
Banking • 2
0 transactions today
$0.13
$0.00

**445544**

Today 12:32 PM

Bal

MyPaymentVault: Your card ending in 9348 has a balance of USD37.60 as of 12:32PM on 17-Sep-26. Visit your card URL for more info.

MyPaymentVault: Your card ending in 9865 has a balance of USD0.00 as of 12:32PM on 17-Sep-26. Visit your card URL for more info.

# Good morning, John

**Get paid on your card**

Control where your money goes by setting up direct deposit.

Set up direct deposit



Wisely •••0985 ••• Quick actions

wisely by ADP

Activate

$0.00
Available Balance

# Exhibit B

Activity in Case 1:25-cv-02009-RDM COHAN v. UNITED STATES TRUSTEE PROGRAM et al Order on Motion for Leave to Appeal ...

Summarize

Reply | Reply All | Forward | ...

D DCD_ECFNotice@dcd.uscourts.gov
To DCD_ECFNotice@dcd.uscourts.gov

Fri 7/17/2026 10:06 AM

You forwarded this message on 7/17/2026 11:41 AM.

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
*****NOTE TO PUBLIC ACCESS USERS*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**District of Columbia**

**Notice of Electronic Filing**

The following transaction was entered on 7/17/2026 at 10:05 AM and filed on 7/17/2026
**Case Name:** COHAN v. UNITED STATES TRUSTEE PROGRAM et al
**Case Number:** 1:25-cv-02009-RDM
**Filer:**
**WARNING: CASE CLOSED on 06/16/2026**
**Document Number:** No document attached

**Docket Text:**
**MINUTE ORDER: Upon consideration of Plaintiff's motion for leave to appeal in forma pauperis, Dkt. [77], it is hereby ORDERED that the motion is GRANTED. Upon consideration of Plaintiff's two requests for leave to file, Dkt. [75] ; Dkt. [79], it is further ORDERED that the requests are GRANTED and that the proposed notices are DEEMED FILED. Defendant need not respond to Plaintiff's notices absent further order of the Court. Signed by Judge Randolph D. Moss on 7/17/2026. (lcrdm3)**

**1:25-cv-02009-RDM Notice has been electronically mailed to:**

Tara Derbisz tara.derbisz@usdoj.gov, CaseView.ECF@usdoj.gov, USADC.ECFCSS@usdoj.gov

JOHN MICHAEL COHAN iustusprocessus@outlook.com

**1:25-cv-02009-RDM Notice will be delivered by other means to::**

All folders are up to date. Connected to: Microsoft Exchange Display Settings

Search

11:46 AM
7/19/2026

**ORDERED.**

**Dated: September 03, 2026**

Jason A. Burgess
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

GENIE INVESTMENTS NV INC., Case No.: 3:24-bk-00496-BAJ

Debtor. Chapter 7

_______________________________________/

**ORDER APPROVING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS**

This Case is before the Court on the *Application to Proceed in District Court Without Pre-Paying Fees or Costs* (the "Application") (Doc. 666, pp. 15-19), filed by John Michael Cohan. The Application was filed in response to the Court's Order Directing Response (Doc. 664), which gave Mr. Cohan fourteen (14) days from the date of the order to file the Application.[1] Upon review

[1] On August 25, 2026, the United States District Court for the Middle District of Florida, Jacksonville Division, entered an order which vacated this Court's Order Denying Motion for Leave to Appeal In Forma Pauperis (Docs. 479, 486) and remanded the case for further proceedings to determine whether Mr. Cohan meets the indigency requirements under 28 U.S.C. § 1915(a)(1). (Case No.: 3-25-cv-1398-JEP, Doc. 33).

of the Application, the Affidavit in Support of the Application, and the supporting documents filed by Mr. Cohan, the Court finds that Mr. Cohan meets the indigency requirement to proceed in forma pauperis on appeal. Accordingly, the Court will approve the Application. It is,

**ORDERED:**

1. The Application is Approved.
2. The Clerk for the Middle District of Florida Bankruptcy Court is directed to process the Notice of Appeal filed by Mr. Cohan on November 12, 2025 (Doc. 480).

Jody Phillips
Clerk of the Circuit Court
Duval County
501 W Adams St.
Jacksonville, Florida 32202
(904) 255-2000

IN THE CIRCUIT COURT,
FOURTH JUDICIAL CIRCUIT, IN
AND FOR DUVAL COUNTY,
FLORIDA

DATE: 09/11/2026

CASE NUMBER: 16-2026-CA-006395-AXXX-MA
DIVISION: CV-A (Circuit Court)

JOHN MICHAEL COHAN
Plantiff(s)

vs.

PEACE AYELO EKUTA
Defendant(s)

**CERTIFICATE OF INDIGENCY**

I, Jody Phillips, Clerk of the Circuit Court, Duval County, Florida do hereby certify that petitioner JOHN MICHAEL COHAN has filed an afffidavit of_indigency in this case in accordance with Section 57.081(1), Florida Statutes, and it appears that said affidavit is sufficient and that the petitioner is entitled to receive the services of the court, sheriff, and clerk with respect to this proceeding.

Witness my hand and seal at Jacksonville, Florida this 11th of September, 2026.

BY Lisa A. Reeves
DEPUTY CLERK

Jody Phillips
Clerk of the Circuit Court
Duval County
501 W Adams St.
Jacksonville, Florida 32202
(904) 255-2000

IN THE CIRCUIT COURT,
FOURTH JUDICIAL CIRCUIT, IN
AND FOR DUVAL COUNTY,
FLORIDA

DATE: 09/14/2026

CASE NUMBER: 16-2025-CA-004534-AXXX-MA
DIVISION: CV-F (Circuit Court)

US BANK TRUST NATIONAL ASSOCIATION NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCF 2 ACQUISITION TRUST
Plantiff(s)

vs.

ADH HOLDINGS FL LLC
Defendant(s)

**CERTIFICATE OF INDIGENCY**

I, Jody Phillips, Clerk of the Circuit Court, Duval County, Florida do hereby certify that petitioner John Michael Cohan has filed an afffidavit of_indigency in this case in accordance with Section 57.081(1), Florida Statutes, and it appears that said affidavit is sufficient and that the petitioner is entitled to receive the services of the court, sheriff, and clerk with respect to this proceeding.

Witness my hand and seal at Jacksonville, Florida this 14th of September, 2026.

Pamela R Harrell

BY Pamela R Harrell
DEPUTY CLERK