FILED INTAKE USBC
SEP 22 '26 PM3:48

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
In re: Genie Investments NV Inc., Debtor.
Case No. 3:24-bk-00496-BAJ
Chapter 7

## COVER SHEET FOR NOTICE OF APPEAL

**Appellant:** John Michael Cohan, Pro Se Interested Party

ADDRESS and PHONE NUMBER REDACTED UNDER MARSY'S LAW;
iustusprocessus@outlook.com

**Appellee:** Aaron R. Cohen, Chapter 7 Trustee

**Raye Curry Elliott, Attorney for Chapter 7 Trustee Aaron R. Cohen ---**
Akerman LLP, 401 East Jackson Street, Suite 1700, Tampa, FL 33602;
raye.elliott@akerman.com

**Order Being Appealed (ONE ORDER ONLY):**
Order Vacating Orders Abating (Docs. 533, 534), entered September 16, 2026 (Doc. 700)

**Date of Order:** September 16, 2026

**Notice of Appeal Docket No.:** DE#712

**IFP Motion Docket No.:** DE#712

**Related Underlying Orders:**
Order Abating Notice of Appeal (Doc. 533) and Order Abating Motion for Leave to Proceed on Appeal In Forma Pauperis (Doc. 534); underlying appeal at DE#546 and IFP motion at DE#547

**Filing Fee Status:** IFP motion filed — DE#712

**STATEMENT OF ISSUES (including but not limited to)**

**ISSUE 1 (COMMON TO ALL APPEALS):** Whether the Bankruptcy Court erred by striking Appellant's filing pursuant to the Order to Show Cause (Doc. 347), where the United States District Court for the Middle District of Florida has held that the Order to Show Cause's blanket prohibition on pro se filings impermissibly forecloses a litigant's constitutional right of access to the courts. *Authority:* 3:25-cv-01398, Doc. 33 (M.D. Fla. Aug. 25, 2026); Bankr. Doc. 660 (transmittal); *Procup v. Strickland*, 792 F.2d 1069 (11th Cir. 1986); *Miller v. Donald*, 541 F.3d 1091 (11th Cir. 2008); *Martin-Trigona v. Shaw*, 986 F.2d 1384 (11th Cir. 1993).

**ISSUE 2:** Whether the Bankruptcy Court erred by vacating the abatement orders without directing the Clerk to process the underlying appeals, where the condition causing the abatement — the pendency of the IFP appeal — had been resolved by the District Court's August 25, 2026 Order.

**ISSUE 3:** Whether the Bankruptcy Court erred by setting a status conference instead of allowing the appeals to proceed, where the IFP issue had been resolved and the appeals were ready for transmission to the District Court.

**TRANSCRIPTS**

Appellant incorporates by reference **Bankr. Doc. 681** and **Bankr. Doc. 714** and the transcripts requested therein.

**DESIGNATION OF RECORD**

Pursuant to Fed. R. Bankr. P. 8009(a), Appellant designates the following record on appeal. **Bankr. Doc. 687 is incorporated by reference in its entirety.** In addition, Appellant designates the following:

- Doc. 522 (Cohan — Notice of Pending Recusal/Disqualification/Removal Motions, 12/18/2025)
- Doc. 546 (Cohan — Notice of Appeal, 01/22/2026)
- Doc. 547 (Cohan — IFP Motion, 01/22/2026)

- Doc. 555
- Doc. 617 (Cohan — Verified Motion to Modify or Rescind Order to Show Cause, 06/22/2026)
- Doc. 618 (Cohan — Notice of Appeal, 06/22/2026)
- Doc. 619 (Cohan — IFP Motion, 06/22/2026)
- Doc. 666 (Cohan — Notice of Filing Supporting Documents to Proceed IFP on Appeal, 08/31/2026)
- Doc. 700 (Order Vacating Orders Abating, 09/16/2026) — **the order on appeal**
- Doc. 712 (Cohan — Notice of Appeal and IFP, 09/17/2026)
- Doc. 687 (Cohan — Designation of Record) — the designation of record therein incorporated in its entirety

**DISCLAIMER NOTICE**

**NOTICE TO THE CLERK:** Appellant files these Cover Sheets at the direction of the clerk. In the interest of the judicial economy, some or all of these appeals (and later filed motions i.e. Doc. 690) may be moot due to this Court's recent orders entered on or around September 2026, and the Clerk should therefore verify with the presiding Judge prior to transmission to the District Court whether any appeal should be transmitted, held in abeyance, or administratively closed as moot. If the underlying motion has been reinstated on the docket, it should not be held in abeyance, it is not moot and it should be transmitted to the District Court unless this Court deems otherwise. Appellant reserves the right to correct or rebut any Court errors. If necessary, Appellant encourages the Court to reach out by email (iustusprocessus@outlook.com) with any questions or concerns and recommends that the Clerk carbon copy the interested parties related to the appeal.

## RESERVATION OF RIGHTS

Appellant reserves the right to request that the United States District Court for the Middle District of Florida consolidate any or all of the above-captioned appeals as needed, as many issues overlap across appeals — including, but not limited to, Issue 1, which is common to all appeals. For expediency, if the District Court determines that all of these appeals can be resolved on the first issue as set forth in 3:25-cv-01398, Doc. 33 and Bankr. Doc. 660, Appellant has no objection to *sua sponte* consolidation.

## CERTIFICATE OF INTERESTED PERSONS

Pursuant to Fed. R. App. P. 26.1 and the Local Rules of the United States District Court for the Middle District of Florida, Appellant certifies that the following persons and entities have an interest in the outcome of this appeal:

**Appellant:**
John Michael Cohan, Pro Se Interested Party — iustusprocessus@outlook.com

**Appellees and Counsel:**
Aaron R. Cohen, Chapter 7 Trustee — Raye Curry Elliott, Akerman LLP, 401 East Jackson Street, Suite 1700, Tampa, FL 33602; raye.elliott@akerman.com

**Other Interested Party:**
David C. Hughes II — 2812 Pat Tillman Drive, Springfield, IL 62711; davidchoatehughes@gmail.com

Dated: 09-22-2026

Respectfully submitted in good faith,

John Michael Cohan, without prejudice, without recourse, UCC 1-308, 1-103
iustusprocessus@outlook.com

Certificate of Service

I hereby certify that all interested parties have been duly served a copy of the foregoing document and/or its attachments by the CM/ECF system, U.S. Mail and/or email.