UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
In re: Genie Investments NV Inc., Debtor.
Case No. 3:24-bk-00496-BAJ
Chapter 7

FILED MAIL USBC
JAX, FL SEP29'26

**VERIFIED OBJECTION TO APPELLEE'S DESIGNATION OF ITEMS TO BE INCLUDED IN RECORD ON APPEAL AND STATEMENT OF ISSUES**

COMES NOW John Michael Cohan, protected person under Marsy's Law, pro se, and respectfully objects to the Appellee's Designation of Items to be Included in Record on Appeal and Statement of Issues (Bankr. Doc. 748).

1. The Appellee admits in footnote 1 of Bankr. Doc. 748 that "Federal Rule of Bankruptcy Procedure 8009 does not provide for Appellee to file a separate statement of issues to be presented on appeal."

2. The Appellee filed the separate statement of issues anyway.

3. The Appellee offers no authority for this filing.

4. Rule 8009(a) governs the designation of the record and statement of issues. It provides for the appellant to file. It does not provide for the appellee to file a separate statement of issues.

5. The Appellee's filing is procedurally improper and should be stricken.

6. The Appellee's Statement of Issues is also an attempt to control the narrative of the appeal and further avoid the record. The Appellee's three (3) issues are narrowly focused on the malpractice settlement and exclude:

a. The alleged crime that occurred during the §341 meeting (JSO# 2025-0471040); [1] [2]

b. The removal of the police report from the docket (Bankr. Doc. 406-3) and its *re*-filing and *re*-removal (Bankr. 470-1), which was met with the retaliatory bar order (Docs. 471, 476, 477, 490) the day after the undersigned re-filed the report to notify the Court of its initial removal without notice, motion, order, or hearing;

c. The fact that no hearing was ever held because Judge Burgess struck the undersigned's objection pursuant to the unlawful blanket filing restriction (Bankr. Doc. 347), which the District Court found was never finalized (Bankr. Doc. 660; 3:25-cv-01398-JEP, Doc. 33), and canceled the hearing — leaving the undersigned unheard, exactly as the prior remand stated;

d. The alleged alteration of the §341 audio (Bankr. Doc. 501, Ex. I, which happened prior to this appeal; and

---

[1] A motion for judicial notice of the existence of the police report (JSO# 2025-0471040) is already on the appellate docket at 3:26-cv-02394-WWB, Doc. 3, supported by the Judge on this appeal that has already recognized the harm (3:25-cv-00643-WWB-PDB, Docs. 8, 14).

[2] It is insanity to believe that a police report does not matter. Any *reasonable* person would say that a police report documenting a crime that occurred during a federal proceeding matters. The Appellee is spending estate money to fight the inclusion of this report in the record instead of addressing why it was removed in the first place.

e. The fraud on the court that has been raised repeatedly and never addressed on the merits.

7. The Appellee seeks to narrow the appellate court's review to the settlement and exclude the very issues that establish the alleged pattern of [mis]conduct in this case by officers of the court.

8. The undersigned's Statement of Issues (Bankr. Doc. 689) accurately represents the issues on appeal. The Appellee's attempt to replace it with his own narrow version should be rejected.

9. The Court should not be misled or fooled by parties who allegedly intentionally omit material information from the record, including but not limited to, the Chapter 7 Trustee and his counsel.

WHEREFORE, the undersigned respectfully requests that this Court:

i. Strike the Appellee's Statement of Issues (Bankr. Doc. 748);

ii. Confirm that the undersigned's Statement of Issues (Bankr. Doc. 689) governs the appeal; and

iii. Grant such other and further relief as the Court deems just and proper.

VERIFICATION

I, John Michael Cohan, declare under penalty of perjury under the laws of the United States and the State of Florida that the foregoing is true and correct to the best of my knowledge and belief.

Dated: 09-25-2026

**Respectfully submitted in good faith,**

**John Michael Cohan, without prejudice, without recourse, UCC 1-308, 1-103**
iustusprocessus@outlook.com

Certificate of Service

I hereby certify that all interested parties have been duly served a copy of the foregoing document and/or its attachments by the CM/ECF system, U.S. Mail and/or email.

Debtor
Genie Investments NV Inc.
represented by Bryan K. Mickler
Mickler & Mickler
5452 Arlington Expressway
Jacksonville, FL 32211
904-725-0822
Email: court@planlaw.com

U.S. Trustee
represented by Scott E. Bomkamp
DOJ-Ust
United States Trustee
400 W. Washington St., Ste 1100
Orlando, FL 32801
407-648-6069
Email: scott.e.bomkamp@usdoj.gov

Chapter 7 Trustee
Aaron R. Cohen
represented by Raye Curry Elliott
Akerman LLP
401 East Jackson Street, Suite 1700
Tampa, FL 33602
(813) 223-7333
Email: raye.elliott@akerman.com

David C. Hughes II
davidchoatehughes@gmail.com

John Michael Cohan
General Delivery
1455 Verna Blvd.
Jacksonville, Florida 32205




US Bankruptcy Court
300 N. Hogan Street
Jacksonville, Florida 32202