UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
In re: Genie Investments NV Inc., Debtor.
Case No. 3:24-bk-00496-BAJ
Chapter 7

FILED MAIL USBC
JAX, FL SEP29'26

**VERIFIED RESPONSE TO ORDER DIRECTING RESPONSE (BANKR. DOC. 735), OBJECTIONS TO PROCEDURAL GAMEPLAY AND REQUEST FOR ORDERS TO SHOW CAUSE**

COMES NOW John Michael Cohan, protected person under Marsy's Law, pro se, and respectfully responds to the Court's Order Directing Response (Bankr. Doc. 735).

1. The Court directs the undersigned to identify a hearing or meeting that is needed to be transcribed to decide the issue presented by the Appeal.

2. The undersigned has already identified the hearings, trials, and meetings needed to be transcribed in his Verified Motion for Transcripts and Audio Recordings (Bankr. Doc. 681).

3. The undersigned incorporates Bankr. Doc. 681 by reference.

4. The transcripts requested are necessary to decide the issues presented by the Appeal, including the compromise order, the claims, the agreements, and the pattern of conduct that forms the basis of the recusal motion.

5. The transcripts identified in Bankr. Doc. 681 include:

a. The April 9-10, 2024 trial;
b. The June 24, 2025 trial and evidentiary hearing;
c. All §341 meetings;
d. All 2004 examinations;
e. All other hearings and trials.

Bankr. Doc. 681 already explicitly stated:

> "i. Order the Clerk of Court to prepare and provide at government expense transcripts of...
> §341 meetings: 03/20/2024, 03/27/2024, 04/03/2024, 04/17/2024, and 09/19/2024[;]
> 2004 Exams: 09/25/2024, 10/21/2024[;]
> Hearings: 03/07/2024, 05/13/2024, 06/12/2024, 07/08/2024, 08/08/2024, 10/23/2024, 11/13/2024, 02/25/2025, 06/24/2025, 08/25/2025, 12/02/2025, 12/16/2025, and 08/18/2026;
> Trials: 04/09/2024, 04/10/2024 and 06/24/2025"

6. Whether there is one (1) non-frivolous issue or fifty (50) all identified trials, hearings, and meetings, especially as an alleged victim of a crime, that happened in this proceeding, protected under Marsy's Law, are relevant to the undersigned's ability to effectively present his appeal and to establish the record necessary for appellate review. The transcripts before and after the Compromise Order are necessary to decide the issues presented by the Appeal. They are part of the same alleged pattern of [mis]conduct that forms the basis of the Compromise Order. Under Rule 8009(a)(4), transcripts of all oral rulings relating to the issues on appeal must be included.

7. The undersigned requests that the Court order the transcripts prepared at government expense pursuant to 28 U.S.C. § 753(f). The Court's Order (Bankr. Doc. 735) acknowledges that the transcripts are needed "to decide the issue presented by the Appeal." The undersigned has identified the hearings, trials, and meetings needed, twice. The Court should order them prepared for judicial economy and efficiency.

JUDICIAL NOTICE OF THE POLICE REPORT

8. *Attached* hereto is the police report (JSO# 2025-0471040).

9. Pursuant to Federal Rule of Evidence 201(b)(2), the undersigned requests that this Court take judicial notice of the existence of the police report.

THE SCHEDULE

10. The Court has scheduled the following matters for November 9, 2026:

· 10:00 AM — Order to Show Cause (Bankr. Doc. 734) — filed days ago

· 10:00 AM — Trial on the Motion to Rescind Order to Show Cause (Bankr. Docs. 617, 671-1) — filed first

· 10:00 AM — Trial on the Preliminary and Permanent Injunction (Bankr. Docs. 624, 672) — filed second

· 12:00 PM — The Amended Omnibus Objections (Bankr. Docs. 644, 695) — filed third

· 12:00 PM — David Hughes's Rule 60(d)(3) Motion (Bankr. Docs. 651, 698) — filed fourth

· 12:00 PM — Motion to Compel Stipulation of Authenticity and Admissibility of Agreements (Bankr. Docs. 684, 699) — filed fifth

· 12:00 PM Motion for Authorization to Conduct Limited Discovery (Bankr. Docs. 692, 701) — filed sixth

11. The Motion to Rescind and the Injunction were filed first and second, respectively. They are the oldest matters.

12. The Amended Omnibus Objections were filed third.

13. David Hughes' Rule 60(d)(3) Motion was filed after, but fraud on the court is the an issue that establishes the undersigned's standing for the first trial. The undersigned has requested a joinder (Bankr. Doc. 713). Whether joinder is granted or not, the undersigned will be addressing the alleged frauds on the court during the standing trial as these issues are relevant to the undersigned's standing.

14. The Motion to Compel Stipulation of Authenticity and Admissibility of Agreements filed after the trials, but the agreements is another issue that establishes the undersigned's standing for the first trial.

15. The *sua sponte* Order to Show Cause (Bankr. Doc. 734) [1] was issued days ago and placed at the front of the line — ahead of matters that have been pending for months.

**16. To say the very least, the schedule seems to be a procedural mess. It appears intended to be.**

**Reason:** Seemingly to protect their own — the licensed professionals — rather than protecting the party who had an active restraining order far prior to ever voluntarily filing this bankruptcy case (Camden County, New Jersey, FV-04-002494-22; 1:25-cv-02009, ECF No. 29, Ex. III, incorporated by reference); the party who was a victim of the alleged crime during this proceeding (JSO# 2025-0471040, incorporated by reference); the party who allegedly informed the United States Trustee prior to the August 17, 2024 §341 meeting (1:25-cv-02009, ECF No. 29, Ex. IV, incorporated by reference); the party whose invocation of rights as an alleged victim was allegedly removed from the record (1:25-cv-02009, ECF No. 29, Ex. I; Bankr. Doc. 501, Ex. 1–4, incorporated by reference); the party whose police report was allegedly removed from the docket without notice, order, motion

[1] The Fort Myers' Court's Order (2:26-mp-00001, Misc. Doc. 84) cited "Rule 9036(h)." Rule 9036 has no subsection (h). Rule 9036 governs electronic notice and service. Rule 9037(h) governs motions to redact a previously filed document. The undersigned assumes the Fort Myers Court intended to cite Rule 9037(h). This demonstrates even judges can make mistakes, that misquotations or citations can be identified and that someone should not have their rights taken away for a mistaken citation as this Court's order seemingly intended.

or hearing (Bankr. Docs. 406-3, 470-1, 477, 490; 1:25-cv-02009, ECF No. 34, incorporated by reference); and the party who fell victim to allegedly falsely created narratives (i.e. "Customer funds") not supported by a "cursory review" of any agreement 1:25-cv-02009, ECF No. 29, Ex. II, incorporated by reference) — while the Chapter 7 Trustee deems the agreements "irrelevant" despite the agreements being the basis for every single claim (Bankr. Doc. 684, incorporated by reference) — and yet licensed parties face no such sanctions, no order to show cause why the United States Trustee allegedly spliced the audio when the rules require the audio to be recorded verbatim (Federal Rule of Bankruptcy Procedure 2003(c)), no order to show cause why the United States Trustee allegedly let a party who was subject to a restraining order speak for five (5) minutes after being notified of said restraining order, no order to show cause why Debtor's counsel and the United States Trustee allegedly omitted the alleged violation from the record (Rule 60(d)(3)), while this Court seemingly intends to remove the undersigned's filings from the record for some unidentified quotes and citations that were pulled from reputable websites and an Ai program that is directly connected to PACER and that advertises that it does not provide "phantom" citations while seemingly refusing to take judicial notice of a police report.

17. The *sua sponte* Order to Show Cause says all the undersigned's filings are going to get wiped out if the undersigned does not explain why he unintentionally

did something, which the undersigned has provided good cause, is now providing additional good cause and has asked for clarity, so he can correct the issue (Bankr. Doc. 743). As of the date of this filing, the undersigned was not given any opportunity to correct the issue. Yet the Court did not identify a single case, a single quote, or a single filing, so the undersigned wishes to but cannot correct an unidentified issue.

18. The undersigned is all about a Judge being able to manage their own docket, but not if it is procedurally setup to hinder one party but not the other, or simply to just delay the inevitable. That's not fairness or impartiality. That's a complete appearance of bias, if not, actual bias (Bankr. Docs. 622, 628).

THE PATTERN OF GAMESMANSHIP

19. The undersigned incorporates ¶¶ 10 through 18 above by reference.

20. The undersigned notes that on September 22, 2026, before Judge Burgess entered Bankr. Doc. 735 at approximately 6:00 PM, the undersigned had already filed the following in the following order:

a. The Response to the Objection regarding Raye C. Elliott on the Witness List (Bankr. Doc. 744);

b. Seventeen (17) Appeal Cover Sheets (Bankr. 736, 737, 738, 739, 740, 741), as instructed by the Clerk;

c. The Amended Notice of Appeal (Bankr. Doc. 742); and

d. The Response (Bankr. Doc. 743) to the Order to Show Cause (Bankr. Doc. 734).

21. The undersigned filed these documents before the Court entered the order directing the undersigned to identify transcripts (Bankr. Doc. 735).

22. The Clerk advised the undersigned that the documents might be docketed the following day.

23. They were not docketed until September 24, 2026.

24. The docket first reflected September 24, but the undersigned filed on September 22. After speaking with the clerk earlier on September 24, this should be corrected.

25. Even more concerning, however, the Court entered the Order to Show Cause (Bankr. Doc. 734) and then waited until the undersigned had filed the response, the cover sheets, and the response to opposing counsel's objection before entering the Order Directing Response (Bankr. Doc. 735).

26. The Court could have combined these orders. The Court could have asked the undersigned to identify the transcripts in Bankr. Doc. 734. Instead, the Court waited until the undersigned had already filed the documents and then asked for

the same information again after the undersigned already made his way to the Courthouse, regarding information the undersigned has already provided to the Court (Bankr. Doc. 681).

THE SAME AFTERNOON — TWO JUDGES, TWO CASES, ONE OPERATION

27. The dockets (3:24-bk-00496; 2:26-mp-00001) reflect a sequence of events on September 24, 2026 that cannot or should not be reconciled with the Courts' portrayal of these matters as unrelated or procedurally routine:

a. At 12:39 PM, the undersigned's Response to the United States Trustee's Expedited Motion for Protective Order and Request for Judicial Notice of Police Report was filed (Misc. Doc. 85, Case No. 2:26-mp-00001-FMR, before Judge Rivera, incorporated by reference);

b. At 12:45 PM — six (6) minutes later — an Amended Order Scheduling Trial on the Objection to Claim No. 5-3 of Charles Blake Stringer/Nutra-Acres LLC was entered, moving that trial from January 7, 2027 to February 4, 2027 (Bankr. Doc. 745, Case No. 3:24-bk-00496-BAJ, before Judge Burgess, incorporated by reference) — an alleged ~$14 million claim arising from an alleged ~$400,000 non-refundable payment;

c. At 12:46 PM — one (1) minute later — the undersigned's Motion to Deem Requests for Admission Admitted was filed (Misc. Doc. 86, 86-1, Case No. 2:26-mp-00001-FMR, before Judge Rivera, incorporated by reference);

d. At 12:49 PM — three (3) minutes later — the undersigned's Motion to Compel Answers to Interrogatories was filed (Misc. Doc. 87, 87-1, Case No. 2:26-mp-00001-FMR, before Judge Rivera, incorporated by reference); and

e. At 12:51 PM — two (2) minutes later — the undersigned's Motion to Compel Production of Documents was filed (Misc. Doc. 88, 88-1, Case No. 2:26-mp-00001-FMR, before Judge Rivera, incorporated by reference).

28. Every one of these events occurred within a twelve (12) minute window, on the same afternoon, in same District — but in two (2) different case numbers, before two (2) different Judges in two (2) different divisions. One hand in the miscellaneous proceeding. One hand in the main bankruptcy. Both moving at the same time, seemingly in unison.

29. The sequence does not seem even remotely accidental. The United States Trustee's Expedited Motion for Protective Order was met with the undersigned's Response at 12:39 PM before Judge Rivera. Six (6) minutes later, in a different case before Judge Burgess, a $14 million claim trial was moved — from January 7, 2027 to February 4, 2027 — placing it far after the November 9, 2026 schedule the

undersigned objects to. One (1) minute after that, the undersigned's discovery motions began hitting the docket in Judge Rivera's case that exposes what the undersigned has been stating all along through the alleged creditors own silence (Please see Federal Rule of Civil Procedure 36, made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7036).

30. The sequence is unusual. Two (2) judges do not independently process filings at 12:39, 12:45, 12:46, 12:49, and 12:51 PM in two (2) separate cases without some explanation. Two (2) chambers do not [*sua sponte*] move a $14 million claim trial moments before discovery is deemed admitted (Rule 36(a)(3)) without some explanation. The dockets reflect what happened. The timestamps are the timestamps. The undersigned simply asks the Court to take notice of it. "Ensuring independence" (2:26-mp-00001-FMR, Misc. Doc. 45 at pgs. 4-5, paraphrased) is starting to seem a little far-fetched.

31. The miscellaneous proceeding (2:26-mp-00001-FMR) and the main bankruptcy case (3:24-bk-00496-BAJ) seemingly appear, based on the dockets and the timestamps, to be moving in the same direction [against the undersigned] at the same time. The undersigned notes that one of the judges whose conduct is reflected in this sequence is the judge whose recusal is pending before the other judge. The appearance of impartiality is a matter for this Court to consider under 28 U.S.C. § 455(a). This is strikingly similar to the June 17-18, 2025 Illinois-Louisiana-Florida

scenario and the December 16, 2025 Alabama-Florida scenario (Please see 2:26-mp-00001-FMR, Misc. Doc. 33 ¶ 43 and Addendum ¶ 20, incorporated by reference), a scenario the Trustee refused to substantively address (Please see 2:26-mp-00001-FMR, Misc. Doc. 45 at pg. 5, incorporated by reference).

32. The undersigned does not call this chaos. The undersigned calls it a pattern. And it is a pattern that consistently disadvantages one party [in multiple jurisdictions simultaneously at once] — the undersigned — while the licensed professionals and opposing parties, receive expedited treatment (*Id.* Misc. Docs. 75, 81, incorporated by reference), protective order (*Id.*), dismissal orders after Trustee abandonment with *sua sponte* reinstatements (Please see timeline of 14-CV-2026-900175.00; 14-CV-2025-900132.00, Docs. 306, 308 and CDIL, *In re David C. Hughes* II, 25-70566, Bankr. Doc. 614, 721, incorporated by reference) and trial dates for matters the undersigned has been trying to have heard for about a year (3:25-cv-00164; 3:24-bk-00496-BAJ, Bankr. Doc 745, incorporated by reference), immediately before Motions to Deem Admissions Admitted hit the public docket (2:26-mp-00001-FMR, Misc. Doc. 86, incorporated by reference).

OBJECTION(S)

33. The undersigned incorporates ¶¶ 19 through 32 above by reference. The alleged pattern of procedural gamesmanship is evident and the undersigned therefore files the following objections for the record:

a. The undersigned objects to any further procedural stalling of his appeals, which includes but is not limited to, setting a hearing for the transcript issue, especially when this Court is asking for something **the undersigned has already addressed** (Bankr. Doc. 681).

b. The undersigned objects to this Court continuing to preside over the underlying bankruptcy case (Case No. 3:24-bk-00496-BAJ). Judge Burgess is the subject of the recusal motion (Bankr. Doc. 622). Instead of disqualifying himself *sua sponte* under 28 U.S.C. § 455(a), he opened a miscellaneous proceeding and transferred the decision to another judge (Bankr. Doc. 628) — **a procedural end run.** A judge who is the subject of a pending recusal motion should not continue to preside over the underlying case, issue orders, set hearings, or rule on matters.

c. The undersigned objects to the Order to Show Cause (Bankr. Doc. 734). The Order alleges that "many of the cases cited appear to not exist or quotes from the cited cases do not exist" **without identifying a single case, without identifying a single quote, and without identifying a single filing**. A blanket allegation without specifics is seemingly an overbroad scare tactic and almost certainly violates due process. The undersigned has responded separately and requests that the Court identify the specific cases and quotes, so the alleged unidentified defect(s) can be corrected.

d. The undersigned objects to the sequencing of the November 9, 2026 hearings and all other alleged procedural gamesmanship aforementioned. Every matter — the Amended Omnibus Objections, the trial on the Motion to Modify or Rescind Order to Show Cause, the trial on the Preliminary and Permanent Injunction, the Motion for Leave to Appeal IFP, David Hughes' Rule 60(d)(3) Motion, David Hughes' Motion for Limited Discovery, and the Motion to Compel Stipulation of Agreements — is set for after the standing trial. **If the Court denies standing, the undersigned is potentially foreclosed from participating in matters that could establish standing.**

e. The undersigned objects **to any further delay in taking judicial notice of the police report** (JSO# 2025-0471040) (*attached*). The report was filed at Bankr. Docs. 406-3 and 470-1. It is a matter of public record and capable of accurate and ready determination from the Court's own docket. Further delay serves no purpose and prejudices the undersigned.

f. The undersigned objects to the removal of the police report from the docket. The report was filed at Bankr. Docs. 406-3 and 470-1. It was removed — not once, but twice — without motion, notice, order, or hearing. **The removal of filed evidence from the docket without court approval is improper, deprives the appellate court of the complete record, and forms part of the pattern of [mis]conduct that is the subject of the recusal proceeding.**

g. The undersigned objects to **seemingly being blocked from getting to the merits of the underlying alleged fraud(s)** by alleged officers of the court, supported by a multitude of documents.

h. The undersigned further objects to the November 9, 2026 schedule. The matters were filed in this order: (1) the Motion to Rescind (Bankr. Doc. 617); (2) the Injunction (Bankr. Doc. 624); (3) the Amended Omnibus Objections (Bankr. Doc. 644); (4) David Hughes's Rule 60(d)(3) Motion (Bankr. Doc. 651); (5) the Motion for Leave to Appeal IFP (Bankr. Doc. 662); (6) the Motion to Compel Stipulation of Authenticity and Admissibility of Agreements (Bankr. Doc. 684); and (7) the Motion for Authorization to Conduct Limited Discovery (Bankr. Doc. 692). The Rule 60(d)(3) Motion came after the first three, but fraud on the court is what could establish the undersigned's standing for the first trial. Meanwhile, the Order to Show Cause (Bankr. Doc. 734) — issued days ago — was placed ahead of matters pending for months. It threatens to wipe everything out absent good cause but never identifies what defect needs correcting. The schedule is seemingly a procedural mess, and it appears intended to be one. The undersigned seeks a schedule that hears all matters without any procedural hoops to jump through.

i. The undersigned objects to the September 24, 2026 docket sequencing and the *sua sponte* Amended Scheduling Order (Bankr. Doc. 745). At **12:39 PM,** the undersigned's Response was filed before **Judge Rivera** (Misc. Doc. 85). Six (6) minutes later, at **12:45 PM**, the Nutra-Acres trial — a **~$14 million claim on an alleged ~$400,000 payment** — was moved from January 7 to February 4, 2027 before **Judge Burgess** (Bankr. Doc. 745). One (1) minute later, the undersigned's three (3) discovery motions hit the docket before **Judge Rivera** at **12:46, 12:49,** and **12:51 PM** (Misc. Docs. 86–88). Five (5) events. Twelve (12) minutes. **Two (2) judges. Two (2) cases.** The right hand certainly seems to know what the left hand is doing, when one of the judges is supposed to be reviewing the recusal or disqualification of the other.

j. The undersigned further objects to any disparate treatment.

WHEREFORE, the undersigned respectfully requests that this Court:

i. Take judicial notice of the police report (JSO# 2025-0471040) (*attached*) and at [removed] Bankr. Docs. 406-3 and 470-1 [2];

ii. Order the police report restored to the docket at Bankr. Docs. 406-3 and 470-1.

iii. Order the transcripts identified in Bankr. Doc. 681 (above) to be prepared at government expense;

---

[2] John Michael Cohan notes that a United States District Judge for the District of Columbia has already taken judicial notice of the police report (JSO# 2025-0471040) in Case No. 1:25-cv-02009, ECF No. 73 (D.D.C.). A United States District Judge for the Middle District of Florida sealed Cohan's address based on the same safety concerns in Case No. 3:25-cv-00643, Docs. 8, 14 (M.D. Fla.)...(cont'd on the next page)

iv. Overrule the *sua sponte* Order to Show Cause (Bankr. Doc. 734) or, in the alternative, identify the specific cases and quotes alleged to be nonexistent so that the undersigned can correct the alleged unidentified defect(s);

v. Set the standing trial after the objections, the agreements, the fraud on the court and the OSC have been heard;

vi. Issue an Order to Show Cause, for the reasons stated in ¶ 16 above, directed to:

a. the Chapter 7 Trustee, to show cause why the Chapter 7 Trustee should *not* be sanctioned for deeming the agreements "irrelevant" to the undersigned's standing despite the agreements being the basis for every single claim, and for any other conduct this Court deems appropriate;

b. the United States Trustee, to show cause why the United States Trustee should *not* be sanctioned for (i) allegedly splicing the audio when the rules require the audio to be recorded verbatim; (ii) allegedly permitting a party who was subject to a restraining order to speak for five (5) minutes after being notified of said restraining order; and (iii) allegedly omitting the alleged violation from the record;

---

[2] (cont'd) … A Florida state judge found probable cause to issue a warrant for the violation of the restraining order that occurred during the §341 meeting, according to the Florida's State Attorney's Office. The judge in Cohan's Florida foreclosure case has recognized the safety concerns based on the police report and has instructed all parties to redact Cohan's address off of the certificate of service. This Court appears to be the only Court that has refused to take judicial notice of the report so far. Cohan respectfully requests that this Court do the same.

c. Debtor's counsel, to show cause why Debtor's counsel should *not* be sanctioned for allegedly omitting the alleged violation from the record;

vii. Take notice of the September 24, 2026 sequence on the Courts' own dockets — the undersigned's Response at **12:39 PM** before Judge Rivera (Bankr. Doc. 85, Case No. 2:26-mp-00001-FMR), the Nutra-Acres trial moved from January 7 to February 4, 2027 at **12:45 PM** before this Court (Bankr. Doc. 745), and the undersigned's three (3) discovery motions at **12:46**, **12:49**, and **12:51 PM** (Bankr. Docs. 86–88) — five (5) events, twelve (12) minutes, two (2) judges, two (2) cases — as matters of public record, for whatever action this Court deems appropriate within its own jurisdiction; and

viii. Grant such other and further relief as the Court deems just and proper.

VERIFICATION

I, John Michael Cohan, declare under penalty of perjury under the laws of the United States and the State of Florida that the foregoing is true and correct to the best of my knowledge and belief.

Dated: 09-25-2026

Respectfully submitted in good faith,

John Michael Cohan, without prejudice, without recourse, UCC 1-308, 1-103
iustusprocessus@outlook.com

Certificate of Service

I hereby certify that all interested parties have been duly served a copy of the foregoing document and/or its attachments by the CM/ECF system, U.S. Mail and/or email.

Debtor
Genie Investments NV Inc.
represented by Bryan K. Mickler
Mickler & Mickler
5452 Arlington Expressway
Jacksonville, FL 32211
904-725-0822
Email: court@planlaw.com

U.S. Trustee
represented by Scott E. Bomkamp
DOJ-Ust
United States Trustee
400 W. Washington St., Ste 1100
Orlando, FL 32801
407-648-6069
Email: scott.e.bomkamp@usdoj.gov

Chapter 7 Trustee
Aaron R. Cohen
represented by Raye Curry Elliott
Akerman LLP
401 East Jackson Street, Suite 1700
Tampa, FL 33602
(813) 223-7333
Email: raye.elliott@akerman.com

David C. Hughes II
davidchoatehughes@gmail.com

**Jacksonville Sheriff's Office**
**Incident (Offense)**
**2025-0471040**

**Sheriff T.K. Waters**

## Route To
*Groups:*
*People:*

## Incident Information
**Incident Location**
1425 CHAFFEE RD S
JACKSONVILLE, FL 32221
*Sub-sector:* T2 *TAZ:* 544
*Location Type:* ONLINE
*Primary Weapon Used:* THREAT / INTIMIDATION
*School Name:* *School Number:*
*Incident Occurred:* Outside Location *Incident Occurred In the Parking Lot at this Location?:* NO

*Day/Date/Time Reported:* Saturday, 08/16/2025 09:19
*Day/Date/Time Incident From:* Friday, 08/15/2025 17:28 *To:* Friday, 08/15/2025 17:28
*Is this a Corrections Information Report?:* NO

**Miscellaneous**
*Drug Activity:* NOT APPLICABLE *Drug Type:* NOT APPLICABLE
*MCI Case:* YES *Follow-up By:* Patrol
*Was Hate Crime Involved?:* NO *Dating Violence Involved?:* NO *Is Offense(s) Related to Domestic Violence?:* NO
*If not Domestic Violence, Is it Domestic Related?:* NO *Any Children under 18 Involved as a Victim?:* NO

*# of Offenses:* 1
*# of Victims:* 1
*# of Suspects:* 1

**NIBIN Leads**

**Associated CCR Numbers**

## Offense(s)
#1 *Statute #:* 741.31(4)(A) *Degree:* M1 *UCR Code:* 9000 *Attempt Code:* Committed
VIOLATION OF INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE
*Criminal Activity Type:*

## Victim #1 - COHAN, JOHN MICHAEL
*Did victim invoke right to prevent the disclosure of personal info (Marsy's Law)?:* NO

**Demographics**
*Race:* WHITE *Sex:* MALE *Date of Birth:* 07/05/1989
*Ethnicity:* NOT OF HISPANIC ORIGIN
*Primary Language:* English *Secondary Language:* NOT APPLICABLE
*Age:* 36 *Height (inches):* 5'10" *Weight (lbs):* 170
*Hair Style:* NAPPY / UNKEMPT *Hair Color:* BROWN *Hair Length:* LONG
*Build:* THIN *Eye Color:* BLUE *Facial Hair:* BEARD
*Complexion:* PALE *Voice:* NORMAL
*Clothing/Description:*

**Contact Information**
*Home Phone #:* *Bus. Phone #:* *Ext.:* *Alt. Phone #:*
*Cell Phone #:* (516) 547-2810 *Cell Phone Provider:*
*Email Address:*

**Primary Identification**
*Type of ID Given:* DRIVERS LICENSE *ID:* C500[redacted] *Issuing State:* FLORIDA

**Home Address**
[redacted]
JACKSONVILLE, FL [redacted]
*Sub-sector:* T4 *TAZ:* 456

**Mailing Address**

**Alternate Address**

**Employment/School**
*Employer:* UK *Occupation:* UK
*School Last Attended:*

**Alternate Contact Information**
*Home Phone #:* *Bus. Phone #:* *Ext.:*
*Cell Phone #:* *Cell Phone Provider:*
*Email Address:*

**Other Information**
*Residence Type:* CITY *Residence Status:* RESIDENT

## Incident (Offense) 2025-0471040 (Continued)

*Drugs Involved?:* NO *Alcohol Involved?:* NO *Computer Involved?:* NO *Mode of Travel:* FOOT
*Victim Type:* ADULT *Injury Extent:* NONE *Injury Type:* NOT APPLICABLE
*Hospital Victim Taken To:* NOT APPLICABLE *Sexual Battery Type:*

**Life Saving Measures**
*Used?:* NO *Type:* *Narcan Administered By:* *Narcan Outcome:*

**Weapon(s) Involved**
*Weapon(s):* THREAT / INTIMIDATION

**Victim Relationship to Offender(s):**
*Relationship:* CHILD IN COMMON *To:* Suspect (01) - FREEDOM, PEACE M

**Related Offenses**
<unset>

---

### *Suspect #1 - FREEDOM, PEACE M*

**Demographics**
*Race:* BLACK *Sex:* FEMALE *Date of Birth:* 01/15/1993
*Ethnicity:* UNKNOWN
*Primary Language:* English *Secondary Language:* NOT APPLICABLE
*Age:* 32 *Height (inches):* 5'05" to 5'06" *Weight (lbs):* 130 to 140
*Hair Style:* *Hair Color:* BLACK *Hair Length:*
*Build:* *Eye Color:* BROWN *Facial Hair:*
*Complexion:* DARK *Voice:* UNKNOWN
*Clothing/Description:* UK
*Place of Birth:* UNKNOWN, UNKNOWN
*Nicknames:*
*Aliases:* PEACE EKUTA

**Distinguishing Marks (Scars, Marks, and Tattoos)**

**Contact Information**
*Home Phone #:* *Bus. Phone #:* *Ext.:* *Alt. Phone #:*
*Cell Phone #:* UK *Cell Phone Provider:*
*Email Address:*

**Primary Identification**
*Type of ID Given:* DRIVERS LICENSE *ID:* 204[redacted] *Issuing State:* DELAWARE

**Home Address** **Mailing Address** **Alternate Address**

**Employment/School**
*Employer:* UK *Occupation:* UK
*School Last Attended:*

**CEW (Conducted Electric Weapon)**
*ECD Usage:*
*RTR Written Related to This Incident?:* NO *RTR Incident Year:* *RTR Incident #:*

**Other Information**
*Drugs Involved?:* UNKNOWN *Alcohol Involved?:* UNKNOWN *Computer Involved?:* UNKNOWN
*Mode of Travel:* UNKNOWN *Juvenile?:* UNKNOWN *Confessed?:* NO
*Arrested?:* At Large *Were Miranda Rights Given?:* NO *Jail # Type:* NA *Jail Booking #:*

**Related Offenses**
<unset>

**Life Saving Measures**
*Used?:* NO *Type:* *Narcan Administered By:* *Narcan Outcome:*

---

### *Property #1 - Documents/ Personal or Business*

*Quantity:* 1 *Status:* NONE
*Turned in at:* NOT APPLICABLE
*Manufacturer:* *Model:*
*Serial Number:* *Color:*
*Description:* Copies of screenshots, injunction, and miscellaneous documents
*Related Charge:* #01: 741.31(4)(A) - VIOLATION OF INJUNCTION FOR PROTECTION AGAINST DOMESTIC VIOLENCE
*Value Stolen or Damaged:* *Value Recovered:* *Victim/Complaint Signed Signature Card:* N/A
*Was Property Recovered From Vehicle?:* NO *Vehicle Property Recovered From:*

**Property Owner:**

*JACKSONVILLE SHERIFF'S OFFICE*
*Bus. Contact Name:* P.T. BURKE ( #81350 ) *Bus. Contact Phone #:* (904) 630-0500 *Ext.:*

## Incident (Offense) 2025-0471040 (Continued)

**Received From:**
Victim (01) - COHAN, JOHN MICHAEL

### *Additional Information*

On 08/16/2025 at 0954, I responded to the Chaffee Public Library (1425 Chaffee Rd S) in reference to written threats to kill (CCR #25-471040) and a violation of injunction (this CCR). Upon arrival, I made contact with the victim, Mr. Cohan.

Note: Cohan and the suspect (Peace Freedom) were in an intimate relationship for 10 years and share a child [redacted] together. Cohan has a foreign (New Jersey) injunction (#FV-04-002494-22), which has been entered into Florida (#16-2025-AO-156901-FXXX-MA).

Cohan advised that on 04/09/2024 and 04/17/2024, Freedom telephonically (voice only) called in to his company's Federal Bankruptcy 341 hearing, knowing the injunction has been active since 03/03/2022. Cohan stated Freedom was not invited to the hearing, nor was she a part of the company. However, the hearing details were publicly available and the Federal Trustee (Mr. Bonkamp) allowed Freedom to remain in the hearing and to speak during the hearing and ask questions. According to Cohan, Bonkamp was notified of the active injunction and still allowed Freedom to remain. Cohan stated Freedom never identified herself by her real name and he did not see her, but due to their long shared history he recognized her voice immediately.

When speaking to Sgt. P. Yarber #5134, Cohan advised during the bankruptcy hearings Freedom spoke directly to him.

Cohan also provided a typed "Affidavit to Witness Statement" from a Mr. Hughes, who corroborates his account of the violation of injunction during the bankruptcy hearings.

Cohan further advised that between 05/2025-06/29/2025, Freedom "poked" him on Pi KSY cryptocurrency app, which sends him notifications to "keep mining" for cryptocurrency. The app allows users in the same crypto mining circle to send fellow miners reminders to continue mining, but no actual talking/ typing occurs. Cohan advised he was unable to remove Freedom from his group and he did not leave the group because he would lose all of his money/ crypto if he did.

It should be noted, Freedom's current location and contact information is unknown. Freedom's last police contact was in 2024 in Virginia, and her most recent driver's license is out of Delaware.

Because Cohan can reasonably identify Freedom's voice due to their history, Probable Cause exists to seek an arrest warrant for Freedom for violating the injunction.

The copies of the provided documents (property 1) were placed in the property room.

Case not cleared. Pending SAO disposition.

### *Additional Question(s)*

**Body Worn Camera Footage**

01 *Is there Body Worn Camera (BWC) footage for incident?:* **YES**

**Risk Protection Order**

01 *Subject poses a significant danger of causing personal injury to himself/herself or others:* **NO**
02 *Subject owns, has care, custody or control of, or has the ability to purchase, possess, or receive firearm(s) and/or ammunition:*
03 *Subject was involved in a recent act or threat of violence against himself/herself or others, whether or not such violence involved a firearm:*
04 *Subject has made a threat of violence in the past 12 months against himself/herself or others:*
05 *Subject is seriously mentally ill or has recurring mental health issues:*
06 *Subject was a respondent of, or violated, a previous/existing injunction related to domestic, dating, sexual, or repeat violence and/or stalking:*
07 *The subject has previously been issued an RPO:*
08 *Subject has previously violated the provisions of an RPO:*
09 *Subject has been convicted of, had adjudication withheld on, or pled nolo contendere to, a crime constituting domestic violence in any state:*
10 *Subject has used, or threatened to use, against himself/herself or others, any weapons or physical force:*
11 *Subject has unlawfully or recklessly used, displayed, or brandished a firearm:*
12 *Subject has stalked another person:*
13 *Subject has been arrested for, convicted of, had adjudication withheld, or pled nolo contendere to a crime or threat of violence in any other state:*
14 *Is evidence to demonstrate the abuse of controlled substances or alcohol by the subject:*
15 *Is evidence to demonstrate the subject has recently acquired firearm(s) or ammunition:*
16 *Is there any other relevant information provided by a family/household member concerning the subject. (If yes, place information into the narrative):*

**Investigative Resource Use**

## Incident (Offense) 2025-0471040 (Continued)

| | | |
|---|---|---|
| 1 | *Use of LPR assisted in investigation?:* | NO |
| 2 | *Use of NIBN assisted in investigation?:* | NO |
| 3 | *Use of RTCC assisted in investigation?:* | NO |

### *Misc Information*

*Clearance Status:* **CASE NOT CLEARED** *Clearance Code:* **NOT APPLICABLE** *Date Case Was Cleared:*
*Case Not Cleared Type:* **PENDING STATE ATTORNEY'S OFFICE DISP?** *Number of Cases Cleared:*
*Is there additional information included on a continuation report?:* **NO** *Are there other Pertinent Reports?:* **NO**
*Did this incident qualify as a "Cargo Theft"?:*
*Is this a "TeleServ" report?:* **NO** *Was victim provided options to obtain rights card?:*
*Option provided to victim?:*
*In your opinion is there significant reason to believe that the crime can be solved by a patrol follow-up investigation?:*
*Neighborhood Canvass Conducted?:*

**Case Card Information Left with: Person**
Victim (01) - COHAN, JOHN MICHAEL

**Handouts**
*#1:* **Case Information Card**

**Bias Motivation(s)**

### *Investigation Time #1*

*Hour(s):* **03** *Minute(s):* **00** *Cost Amount:* **$144.72**

### *Signature*

**Signature(s)**

*Reporting Officer #1:* **P.T. BURKE ( #81350 )** *Division:* **PATROL** *Section/Unit:* **ZONE 5**
*Reporting Officer #2:* **N/A** *Division:* *Section/Unit:*
*Report submitted on:* **08/16/2025 11:59**
*Report Reviewer:* **P.G. YARBER II ( #5134 )** *Status:* **Approved**
*Report approved on:* **08/16/2025 17:11**