**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

GENIE INVESTMENTS NV INC., Case No.: 3:24-bk-00496-BAJ

Debtor. Chapter 7
_________________________________________/

**TRUSTEE'S OBJECTION TO CLAIM 64-2**
**OF MCMANN COMMERCIAL LENDING, LLC**

**NOTICE OF OPPORTUNITY TO OBJECT AND REQUEST FOR HEARING**

If you object to the relief requested in this paper you must file a response with the Clerk of Court at 300 North Hogan Street, Suite 3-150, Jacksonville, Florida 32202 within thirty (30) days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. Mail.

If you file and serve a response within the time permitted, the Court will either notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

**You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.**

Aaron R. Cohen, Chapter 7 Trustee, (the "Trustee"), by and through his undersigned counsel, objects to Claim 64-2 filed by McMann Commercial Lending, LLC ("McMann") which was transferred to North Haven Lodging Partners, LLC (Doc. 558) ("North Haven") and Wallingford Lodging Partners, LLC (Doc. 559) ("Wallingford") and in support would show the Court as follows:

## I. Background

1. On February 21, 2024 (the "Petition Date"), Genie Investments NV Inc. (the "Debtor") filed a Voluntary Petition for Relief (Doc. 1) under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division, in the case styled *In re Genie Investments NV Inc.*, Case No: 3:24-bk-00496-BAJ (the "Bankruptcy Case").

2. On August 12, 2024, the Bankruptcy Case was converted to a Chapter 7 liquidation case and the Trustee was appointed to administer the Debtor's estate (Doc. 207).

3. On February 3, 2026, McMann filed Claim 64-2 in the amount of $3,972,311.48 for "fees, expenses, lost profits, contribution claim."

4. Attached to Claim 64-2 is a "Breakdown of Amounts Owed" reflecting that the claim is comprised of $107,356.50 in attorneys' fees and expenses, $264,954.98 in "lost profits/brokerage commissions", and $3,600,000.00 for "Contingent/Contribution claim case 23-cv-16264 (U.S. District Court, Northern District of Illinois)". Also attached to Claim 64-2 is a list of invoices for "SWK Attorneys at Law" for various matters it is assumed the law firm handled for McMann including for "Adv. Wallingford/North Haven" and "Disputes with Genie Investments LLC." Finally, attached to Claim 64-2 is a four-page list of "McMann Estimated Losses" broken down by "Loan #, Open Date, Loan Amount." There is no support for the $3.6 million contribution claim attached to the claim.

5. There are no contracts or documents attached to Claim 64 evidencing any agreement between the Debtor and McMann for the Debtor to pay McMann's attorneys' fees and costs, estimated losses/brokerage commissions, or contribution claim. Absent a written agreement between the Debtor and McMann, there is no basis for Claim 64.



88775206;1

6. Even if there were a written agreement between the Debtor and McMann, the Trustee has no information on how “McMann Estimated Losses” were calculated or which of the Debtor’s loans are included in that calculation. The Trustee does not know which of the Debtor’s alleged loans the “Loan #” on the pages attached to the claim refer to.

7. Finally, the “contingent/contribution” claim refers to a case pending in the United States District Court for the Northern District of Illinois which is a lawsuit filed by North Haven and Wallingford against McMann and the Debtor (prepetition) for return of interest reserve payments each made to the Debtor for loans they were to obtain from McMann. Now that Claim 64 has been transferred to North Haven and Wallingford, it is duplicative of Claim 42 filed by North Haven and Claim 43 filed by Wallingford. Claims 42 and 43 filed by North Haven and Wallingford are also for the amounts each paid the Debtor for interest reserve payments that were never refunded by the Debtor.

WHEREFORE, Aaron R. Cohen, Chapter 7 Trustee, respectfully requests the Court enter an order sustaining his objection to Claim 64-2 of McMann Commercial Lending, LLC and granting such other and further relief as the Court deems just and proper.

Dated: October 7, 2026

AKERMAN LLP

By: /s/ *Raye C. Elliott*

Raye C. Elliott, Esq.
Florida Bar Number: 018732
Email: raye.elliott@akerman.com
401 East Jackson Street, Suite 1700
Tampa, FL 33602
Phone: (813) 223-7333
Fax: (813) 223-2837

*Attorneys for Aaron R. Cohen, Chapter 7 Trustee*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 7, 2026, I filed a true and correct copy of the foregoing with the United States Bankruptcy Court for the Middle District of Florida using the Court's CM/ECF system, which will serve copies on all counsel of record and that a true and correct copy of the foregoing was sent by U.S. Mail, postage prepaid and properly addressed to:

Benjamin J. Morris
Foley & Lardner LLP
11988 El Camino Real, Suite 400
San Diego, CA 92130

and by email to
BMorris@foley.com

*/s/ Raye C. Elliott*
Attorney