FILED MAIL USBC
JAX, FL OCT 6 '26

UNITED STATES BANKRUPTCY COURT

MIDDLE DISTRICT OF FLORIDA

JACKSONVILLE DIVISION

**In re:**

**GENIE INVESTMENTS NV INC.,**

Debtor.

Case No. 3:24-bk-00496-BAJ

Chapter 7

**DAVID HUGHES' MOTION FOR AUTHORIZATION TO FILE ELECTRONICALLY AND RECEIVE ELECTRONIC NOTICE AS A PRO SE PARTY**

David Hughes, appearing pro se and as an interested party, respectfully moves for an order authorizing him to file documents through the Court's CM/ECF system and to receive electronic notice and service in this case. In support, Mr. Hughes states:

## I. Relevant Facts

1. Mr. Hughes is an interested party in this bankruptcy case and has filed, or intends to file, motions concerning the November 9, 2026, proceedings.

2. The Court has scheduled a 10:00 a.m. trial on motions concerning show-cause proceedings and injunctive relief.

3. The Court has also scheduled a noon hearing on the Amended Verified Omnibus Objection to Claims.

4. The Court has scheduled a noon non-evidentiary hearing on Mr. Hughes'smotion under Rule 60(d)(3) for relief from the August 12, 2024 conversion order based on alleged fraud on the court, including requests for an evidentiary hearing, discovery, and related relief.

5. Mr. Hughes is presently out of town and has access to PACER for viewing docket materials, but he does not presently have CM/ECF privileges to file documents or receive electronic notices through the Court's filing system.

6. Without electronic filing and notice access, Mr. Hughes must rely on slower filing and service methods despite multiple time-sensitive proceedings, pending motions, discovery-related issues, and court-imposed deadlines.

7. Electronic access would improve filing efficiency, reduce delay, facilitate timely service, and assist the Court and parties in maintaining an accurate and current record.

## II. Authority

8. Fed. R. Bankr. P. 5005(a)(3)(B) provides that an unrepresented individual may file electronically only if permitted by court order or local rule.

9. Fed. R. Bankr. P. 5005(a)(3)(D) provides that an electronically filed paper is a written paper for purposes of the Bankruptcy Rules and applicable statutes.

10. Fed. R. Bankr. P. 9036 permits electronic notice and service through the Court's electronic filing system for registered users and by other electronic means when the recipient has consented in writing.

11. Mr. Hughes respectfully requests authorization under these rules and agrees to comply with all applicable Court procedures, technical requirements, filing conventions, signature requirements, service obligations, and limitations imposed on pro se CM/ECF users.

**III. Requested Relief**

12. Mr. Hughes requests an order:

a. authorizing him to register as a pro se CM/ECF filer in this case;

b. authorizing him to file motions, responses, objections, notices, proposed orders, exhibits, and other permitted documents electronically;

c. authorizing him to receive electronic notices of electronic filing and other notices or service through CM/ECF;

d. directing the Clerk's Office to provide the necessary registration instructions, forms, training, or activation procedures;

e. permitting electronic service at the following email address:

**davidchoatehughes@gmail.com**;

f. recognizing that Mr. Hughes consents to electronic service at that address to the extent permitted by the Bankruptcy Rules and Court procedures;

g. permitting Mr. Hughes to continue receiving paper notices or service when required by rule, order, or the Court's procedures; and

h. granting such other relief as the Court deems just and proper.

13. Mr. Hughes understands that CM/ECF access does not itself authorize remote attendance at any hearing. He will separately comply with the Court's procedures governing attendance by Zoom or other remote means.

14. Mr. Hughes further understands that electronic filing does not eliminate any obligation to serve parties, protect confidential information, redact documents, comply with page or exhibit requirements, or obtain permission before filing sealed materials.

15. Mr. Hughes submits that prompt authorization is appropriate because the November 9 proceedings involve multiple hearings and trials, including a trial at 10:00 a.m., a noon claim-objection hearing, and the noon Rule 60(d)(3) hearing.

WHEREFORE, David Hughes respectfully requests that the Court enter an order authorizing him to file electronically through CM/ECF and receive electronic notice and service in this case, subject to the Court's procedures and any conditions the Court deems appropriate.

Respectfully submitted this 21st day of September, 2026.

/s/ David Hughes

David Hughes, pro se

3309 Robbins Road, PMB 160

Springfield, Illinois 62704

Telephone: 217-416-5059

Email: davidchoatehughes@gmail.com

Certificate of Service

I hereby certify that all interested parties have been duly served a copy of the foregoing document and/or its attachments by the CM/ECF system, U.S. Mail and/or email.

Chapter 7 Trustee
Aaron R. Cohen
represented by Raye Curry Elliott
Akerman LLP
401 East Jackson Street, Suite 1700
Tampa, FL 33602
(813) 223-7333
Email: court@planlaw.com

U.S. Trustee
represented by Scott E. Bomkamp
DOJ-Ust
United States Trustee
400 W. Washington St.
Orlando, FL 32801
407-648-6069
Email: scott.e.bomkamp@usdoj.gov

John Michael Cohan
Email: iustusprocessus@outlook.com

Respectfully submitted,

(AKA)

/s/ David C. Hughes II
David C. Hughes II, pro se
3309 Robbins Road, PMB 160
Springfield, Illinois 62711
(217) 416-5059
davidchoatehughes@gmail.com

Dated: September 21st, 2026

David Hughes
82 Plantation Pointe Rd #281
Fairhope, AL 36532

United States Bankruptcy
300 North Hogan St
Jacksonville, Florida