FILED INTAKE USB
OCT 13 '26 PM12:5

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
In re: Genie Investments NV Inc., Debtor.
Case No. 3:24-bk-00496-BAJ
Chapter 7

**VERIFIED MOTION FOR JUDICIAL NOTICE OF THE COURT'S OWN DOCKET AND TRANSCRIPTS UNDER FED. R. EVID. 201**

COMES NOW John Michael Cohan, protected person under Marsy's Law and the First Amendment of the United States Constitution, 50% equity shareholder of the Debtor, interested party, pro se, and moves the Court under Fed. R. Evid. 201 to take judicial notice of its own docket and the transcripts filed in this case, in support of his Verified Declaration of Self-Authentication of Exhibits and the "Corroborating Sworn Testimony" cited in the Relevancy sections of his exhibits.

1. Standard. Under Fed. R. Evid. 201(b)(2), a court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. Under Rule 201(c)(2), the Court must take judicial notice if a party requests it and supplies the necessary information. Under Rule 201(d), the Court may take judicial notice at any stage of the proceeding.

2. The Court's own docket and transcripts are subject to judicial notice. A bankruptcy court may take judicial notice of its own docket and records. It is well settled that a court may take judicial notice of its own records and files. The same principle applies to transcripts of proceedings in the same case.

3. The transcripts and docket entries for which judicial notice is requested.

Document — Relevance

Apr. 9, 2024 Tr. (Bankr. Doc. 79) — Sworn testimony of the U.S. Trustee's witnesses on Sections 2.02, 2.03(b), and 13.7 of the BELOC, Bridge Loan, and Due Diligence Fee Agreements, and on the non-refundable nature of the fees

Apr. 10, 2024 Tr. (Bankr. Doc. 80) — Sworn testimony of Adam Walker, David Hughes, and John Cohan; the Court's findings on the U.S. Trustee's failure to meet its burden for appointment of a trustee and the "impeccable" financial records

June 24, 2025 Tr. (Bankr. Doc. 389) — Sworn testimony of Chapter 7 Trustee Aaron Cohen on the shifting bases for the fraudulent transfer claims, his failure to review the bank records before filing, and the sequence of the cease-and-desist letter, demand letters, and adversary complaint

Claims register — Filed amounts versus actual non-refundable amounts; the facially inflated claims

Docket entries for Docs. 51, 51-1, 51-2, 51-3, 51-4, 51-5, 51-6, 51-7, 51-8, 366, 406, 428, 438, 470, 474, 476, 477, 499, 501, 502, 507, 508, 509, 555, 573, 587, 644, 650, 745, 759, 772 — The record of the case, including but not limited to the claim objections, the removal of exhibits, the exhibits attached to each filing, the disqualification motions, the accounting inconsistencies, and the trial scheduling orders

4. The Court may take judicial notice at any stage. Rule 201(d) provides that the Court may take judicial notice at any stage of the proceeding. The Movant requests that judicial notice be taken now, before trial, so that the "Corroborating Sworn Testimony" cited in the Relevancy sections of the Cohan's exhibits is part of the record the Court may consider at the November 9, 2026 trials and hearings.

5. The transcripts and docket entries are not subject to reasonable dispute. Each document is part of the official record of this case. Each transcript is certified by a court-approved transcriber. Each docket entry is maintained or should be maintained by the Clerk of the Court. The accuracy of these records cannot reasonably be questioned.

WHEREFORE, the Movant respectfully requests that the Court:

(a) Take judicial notice of its own docket in this case, including the docket entries identified in Paragraph 3 above;

(b) Take judicial notice of the transcripts filed at Bankr. Docs. 79, 80, and 389; and

(c) Take judicial notice of the claims register.

VERIFICATION

I, John Michael Cohan, declare under penalty of perjury under the laws of the United States and the State of Florida that the foregoing is true and correct to the best of my knowledge and belief.

Dated: 10-13-2026

Respectfully submitted in good faith,

John Michael Cohan, without prejudice, without recourse, UCC 1-308, 1-103
iustusprocessus@outlook.com

## Certificate of Service

I hereby certify that all interested parties have been duly served a copy of the foregoing document and/or its attachments by the CM/ECF system, U.S. Mail and/or email.

Debtor
Genie Investments NV Inc.
represented by Bryan K. Mickler
Mickler & Mickler
5452 Arlington Expressway
Jacksonville, FL 32211
904-725-0822
Email: court@planlaw.com

U.S. Trustee
represented by Scott E. Bomkamp
DOJ-Ust
United States Trustee
400 W. Washington St., Ste 1100
Orlando, FL 32801
407-648-6069
Email: scott.e.bomkamp@usdoj.gov

Chapter 7 Trustee
Aaron R. Cohen
represented by Raye Curry Elliott
Akerman LLP
401 East Jackson Street, Suite 1700
Tampa, FL 33602
(813) 223-7333
Email: raye.elliott@akerman.com

David C. Hughes II
davidchoatehughes@gmail.com