**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

GENIE INVESTMENTS NV INC., Case No.: 3:24-bk-00496-BAJ

Debtor. Chapter 7
_______________________________________/

**TRUSTEE'S RESPONSE IN OPPOSITION TO AMENDED VERIFIED OBJECTION TO CLAIMS FILED BY JOHN COHAN**

Aaron R. Cohen, Chapter 7 Trustee, (the "Trustee"), by and through his undersigned counsel, files this response in opposition to the Amended Verified Objection to Claims (Doc. 644) (the "Objection") filed by John Michael Cohan ("Cohan") and in support would show the Court as follows:

**Preliminary Statement**

1. Cohan is an equity shareholder of the Debtor. He is not the Trustee, not a creditor, and not the representative of this estate. Yet he has filed a sweeping omnibus objection to more than 60 claims filed by creditors in this case. He has no standing to do so.

2. The law in this area is settled. Once a Chapter 7 trustee is appointed, the trustee alone is charged with examining and objecting to proofs of claim. *In re Walker*, 356 B.R. 834, 847 (Bankr. S.D. Fla. 2006). A debtor or equity holder may step into that role only in the narrow circumstance where disallowance of claims would produce a surplus that is actually returned to equity — because only then does the objector have the pecuniary interest that Article III and the Bankruptcy Code require. *Caserta v. Tobin*, 175 B.R. 773, 775 (S.D. Fla. 1994). The objector bears the burden of demonstrating that surplus. *In re Stanley*, 114 B.R. 777, 778 (Bankr. M.D. Fla. 1990).

3. Cohan cannot carry that burden, and the numbers make the point for the Trustee.

Creditors have filed claims against this estate totaling over $39 million. The Trustee has recovered approximately $1.5 million to date and will not recover enough to pay allowed claims in full. There will be no surplus. Because there will be no surplus, Cohan has no pecuniary stake in whether any given claim is allowed or disallowed, and therefore no standing to object. The Objection should be overruled in its entirety on that threshold ground, without the Court reaching the merits of the individual objections.

## Factual Background

4. On February 21, 2024 (the "Petition Date"), Genie Investments NV Inc. (the "Debtor") filed a Voluntary Petition for Relief (Doc. 1) under Chapter 11 of Title 11 of the United States Code in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division, in the case styled *In re Genie Investments NV Inc.*, Case No: 3:24-bk-00496-BAJ (the "Bankruptcy Case").

5. On August 12, 2024, the Bankruptcy Case was converted to a Chapter 7 liquidation case and the Trustee was appointed to administer the Debtor's estate (Doc. 207).

6. According to the Court's Claims Register, the claims filed in this case total $39,281,218.89. The Trustee has already objected to Claim 4 which was originally filed in the amount of $3 million and the claim has been consensually reduced to $70,000. (Agreed Order Sustaining Trustee's Objection to Claim 4-2 of Belle Maison Realty, LLC (Doc. 583).[1] Therefore, the claims currently total $36,351,218.89.

7. The Trustee also has pending objections to Claim 5 filed in the amount of $14,247,750 which the Trustee seeks to reduce to $400,000, Claim 64 filed in the amount of $3,972,311.48 which the Trustee seeks to reduce to $0, and Claim 72 filed in the amount of

[1] Cohan filed an appeal of that Order which the Court has allowed to go forward without Cohan paying filing fees. (Doc. 706).

$175,725 which the Trustee seeks to reduce to $0. If these objections to claim are sustained, total claims will be reduced to $18,355,432.41. There are a handful of other smaller claims to which the Trustee may object, but the Trustee believes that by the conclusion of the case, claims will total in excess of $18 million.

8. As of March 31, 2026 and according to the Trustee's last Interim Report, the estate had total assets of $1,578,710.86. The Trustee has a pending settlement of a legal malpractice claim for $435,000. (Order Granting Trustee's Motion to (I) Compromise Claims With Christopher D. Warren, P.C., Warren Law Group, PLLC, and Scott Oh and (II) Enjoin Certain Claims (Doc. 471)). However, Cohan has filed an appeal of the Order approving the settlement of the legal malpractice claim, so those funds have not yet been received. The Trustee also filed a proof of claim in an individual bankruptcy case filed by David Hughes in the Central District of Illinois and expects to receive some distribution for that claim, but currently does not know how much that distribution will be. Other than the legal malpractice settlement, if affirmed on appeal, and a distribution from David Hughes' bankruptcy case, the Trustee does not believe there are any other substantial assets to liquidate in this case.

9. There will also be substantial administrative expenses in this case caused, in part, by Cohan's own multiple filings and appeals which have caused the Trustee's attorneys' fees to increase significantly. The Trustee will also have expenses for an accountant to prepare an estate tax return, as well as Chapter 11 administrative expenses that have to be paid. The significant administrative expenses will result in even less money to distribute to allowed claims.

10. Cohan points to a $20 million default judgment the Trustee obtained against Velanos Principal Capital, LLC ("Velanos"). As the Trustee has explained repeatedly, the principal of Velanos, Joshua Wearmouth, cannot be located for the Trustee to engage in any discovery in

aid of execution, despite efforts by multiple process servers and even a private investigator. The Trustee also conducted a bank account search for Velanos but did not locate any bank accounts in the United States. The Trustee believes that the Velanos judgment is very likely uncollectible.

11. Cohan describes himself as "a party in interest and equity shareholder of the debtor, appearing pro se," and asserts that he is "a 50% equity shareholder of the Debtor." He is not a creditor of the estate and has not been appointed to any representative capacity.

12. On August 5, 2026, Cohan filed the Objection, purporting to object to and seeking disallowance or reduction of some sixty-five claims across five categories. As his basis for standing, Cohan relies on 11 U.S.C. § 1109(b) and asserts "a reasonable possibility of a surplus in this estate." To manufacture that surplus, Cohan relies on the uncollectible Velanos judgment, the $435,000 legal malpractice settlement (which he himself has held up because of his appeal), and approximately $4 million in loan receivables he claims the Debtor has.

13. With respect to the alleged $4 million in loan receivables, first, when the Trustee reviewed the Debtor's bank records he determined that the amount the Debtor advanced in loans was far less than $4 million and the Debtor's loan documents are mostly unenforceable because the Debtor failed to obtain and retain original promissory notes from its borrowers. For the few borrowers who did receive more from the Debtor than they paid to the Debtor in "prepaid interest", the Trustee sent numerous demand letters and filed a number of adversary complaints to collect the difference on the basis of unjust enrichment. While the Trustee has reached settlements with a few of the Debtor's borrowers for repayment of some or all of the excess amount each received, the majority of the demand letters and adversary complaints were ignored and not responded to. As a result, the Trustee has several default judgments against former borrowers of the Debtor, which are also likely uncollectible.

14. The Trustee also has a judgment against Zoomeral, Inc., Capitulum, LLC, Genie Investments II, LLC, Better Methods, LLC, and Genie's Angels, LLC which have also proven to be uncollectible.

15. Despite Cohan's manufactured surplus, in reality the claims in this case will exceed $18 million, administrative expenses will total several hundred thousand dollars, and the Trustee will likely not be able to recover more than an estimated $2 million – if the legal malpractice settlement is affirmed on appeal and a distribution is made on the Trustee's claim in the David Hughes' bankruptcy case. No surplus exists or will exist for distribution to equity.

## **Argument**

### I. As An Equity Holder In An Insolvent Estate, Cohan Lacks Standing To Object to Claims

A party must have standing before it may invoke the Court's authority to adjudicate a claim objection. Section 502(a) of the Bankruptcy Code allows a filed claim unless a "party in interest" objects, but Congress did not define "party in interest," and the courts have consistently held that the term requires a *pecuniary* interest in the outcome. *Caserta*, 175 B.R. at 775. A "party in interest" must therefore "have a personal stake in the outcome of the controversy," reflecting the constitutional limitation that federal courts may hear only cases and controversies; "[u]nless the estate is solvent and there will be a distribution to the debtor, the debtor has no pecuniary interest in the reduction of a filed claim." *In re I & F Corp.*, 219 B.R. 483, 484–485 (Bankr. S.D. Ohio 1998).

That requirement is fatal to an equity holder in an insolvent liquidation. Section 726 governs distribution and permits no distribution to the debtor and, as a result, none to equity "until all allowed unsecured claims are paid in full with interest." *Caserta*, 175 B.R. at 775. It follows that a chapter 7 debtor is not a party in interest for the purpose of objecting to creditor claims,

subject to only two exceptions: "(1) where no trustee has been appointed; or (2) where there will be a surplus after distribution providing the debtor with a pecuniary interest in the estate." *Id*. Neither exception applies here: a Chapter 7 Trustee has been appointed, and no surplus exists.

An equity shareholder stands in no better position than the debtor — indeed, in a worse one. "[F]or the same reason that the Chapter 7 debtor and creditors usually may not object to the allowability of another creditor's claim when there is an appointed trustee, the debtor's stockholders . . . lack the standing to object to the allowability of the claims of creditors to the debtor." *Pascazi v. Fiber Consultants, Inc.*, 445 B.R. 124, 129 (S.D.N.Y. 2011). An equity holder "receives payment only if there is a surplus after all creditors' claims are paid," so absent a surplus the shareholder has no cognizable interest in whether a given claim is allowed. *Id*.

This District has applied the same rule to shareholders directly. Under the Eleventh Circuit's "person aggrieved" doctrine, "[s]hareholders may not appeal a bankruptcy court decision where they assert only a derivative interest," a rule that "applies to even a sole shareholder" because a corporation is an entity separate from its shareholders. *In re Universal Towers Constr., Inc.*, 641 B.R. 691, 702 (M.D. Fla. 2022). A shareholder's interest in the estate's assets is derivative of the corporation's; it is not the "direct, personal interest" that standing requires. *Id*. And to the extent Cohan relies on the theory that a possible surplus confers shareholder standing, this District has characterized that line of authority as "unpersuasive outliers," reasoning that any surplus "would belong to [the debtor] and not to . . . its shareholders." *Id*. at 702-704.

Cohan's own authority confirms the standard he cannot meet. He cites *In re Bay Circle Properties, LLC*, 955 F.3d 874 (11th Cir. 2020) for his standing. But that decision holds that Article III standing requires an injury in fact that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical," and that "naked assertions devoid of further factual enhancement"

and allegations that do not rise above the speculative level will not suffice. *Id*. at 877-878. *Bay Circle* further adopts the "person aggrieved" doctrine, which "restricts standing more than Article III" and limits participation to those with a "direct and substantial interest" whom an order affects "directly, adversely, and pecuniarily"; a shareholder whose interest is only "indirect" and "derivative" is not aggrieved. *Id*. at 879. Cohan's standing fails under the very case he invokes.

Because there will be no surplus in this case and Cohan cannot prove otherwise, Cohan has no standing to object to claims.

**II. Section 1109(b) Does Not Confer Standing In Chapter 7**

Cohan also grounds his standing in 11 U.S.C. § 1109(b). That reliance is misplaced. By its terms, § 1109(b) provides that a party in interest may raise and may appear and be heard on any issue in a case under this chapter — and the section appears in, and is confined to, Chapter 11. The expansive Chapter 11 definition of "party in interest," which expressly includes "an equity security holder," is supplied by § 1121(c) and has no analog in Chapter 7. *Pascazi*, 445 B.R. at 127-129. As courts have observed in contrasting the two chapters, "[i]n a Chapter 11 case, the Code specifically includes the debtor as a party in interest," but "Chapter 7 does not mirror that language." *In re Manshul Const. Corp.*, 223 B.R. 428, 429 (Bankr. S.D.N.Y. 1998). Section 1109(b) thus cannot supply the standing Chapter 7 withholds.

The structure of Chapter 7 places responsibility for claims administration with the Trustee, not with individual equity holders. The trustee is "the representative of the estate," and § 704(a)(5) directs that the trustee "shall . . . if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper." *Walker*, 356 B.R. at 847-848. "[I]t is the trustee's job, not the debtor's, to examine proofs of claim and to object to the allowance of any claim that is improper"; to permit others to assume that role "would permit them to usurp the trustee's

authority." *Id.*; 11 U.S.C.A. § 704**.** For that reason, "[t]he vast majority of courts have held that a chapter 7 trustee alone may file objections to proofs of claim," a rule rooted in "the demands of orderly and expeditious administration" recognized in the Advisory Committee Note to Bankruptcy Rule 3007. *I & F Corp.*, 219 B.R. at 485. Allowing an individual equity holder to prosecute a sweeping omnibus objection to dozens of claims poses exactly the threat to orderly administration that the rule guards against. *Pascazi*, 445 B.R. at 129.

## III. The Court Need Not Reach The Merits Of The Individual Objections

Standing is a threshold question. Because Cohan lacks standing to object to any claim, the Court should overrule the Objection without reaching the substantive grounds asserted in it. The Trustee will, in the ordinary course and consistent with his statutory duty, examine the filed claims and object to any that are improper where a purpose would be served. *I & F Corp.*, 219 B.R. at 485.

WHEREFORE, Aaron R. Cohen, Chapter 7 Trustee, respectfully requests the Court enter an order overruling Cohan's Objection, and granting such other and further relief as the Court deems just and proper.

Dated: October 19, 2026

AKERMAN LLP

By: /s/ *Raye C. Elliott*

Raye C. Elliott, Esq.
Florida Bar Number: 018732
Email: raye.elliott@akerman.com
401 East Jackson Street, Suite 1700
Tampa, FL 33602
Phone: (813) 223-7333
Fax: (813) 223-2837

*Attorneys for Aaron R. Cohen, Chapter 7 Trustee*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 19, 2026, I filed a true and correct copy of the foregoing with the United States Bankruptcy Court for the Middle District of Florida using the Court's CM/ECF system, which will serve copies on all counsel of record and a true and correct copy was served by electronic mail to the following who consented in writing to receive service of pleadings at the email address listed below:

John Michael Cohan
iustusprocessus@outlook.com

*/s/ Raye C. Elliott*
Attorney