UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
In re: Genie Investments NV Inc., Debtor.
Case No. 3:24-bk-00496-BAJ
Chapter 7

FILED INTAKE USBC
OCT 20 '26 PM3:49

# VERIFIED MOTION FOR ORDER SUSTAINING OBJECTIONS TO CLAIMS AND DISALLOWING CLAIMS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 3007

COMES NOW John Michael Cohan, interested party, 50% equity holder of the Debtor, pro se, protected person under Marsy's Law and the First Amendment of the United States Constitution, and respectfully requests that the Court enter an order sustaining the objections to claims and disallowing the claims for which no response was filed, pursuant to Federal Rule of Bankruptcy Procedure 3007.

## I. PROCEDURAL BACKGROUND

1. On August 5, 2026, the undersigned filed an Amended Verified Omnibus Objection to Claim Nos. 1–71 (Bankr. Doc. 644).

2. The Objections were served on the claimants in accordance with Federal Rule of Bankruptcy Procedure 3007.

3. On September 17, 2026, this Court entered an Order (Bankr. Doc. 711) setting the deadline for filing responses at thirty (30) days, or October 19, 2026. Today is October 20, 2026.

4. Claimant Charles Blake Stringer/Nutra-Acres LLC is represented by counsel, Scott W. Spradley, Esq., of the Law Offices of Scott W. Spradley, P.A. Mr. Spradley has been a member of the Florida Bar since 1988 and is admitted to practice before the United States Bankruptcy Court for the Middle District of Florida. He is charged with knowledge of Federal Rule of Bankruptcy Procedure 3007. That claimant did *not* file a response under Federal Rule of Bankruptcy Procedure 3007. Instead, that claimant filed an Addendum (Bankr. Doc. 786). The Addendum is *not* a response to the Objections. It asserts new theories — agency, ratification, fraud in the inducement, and unjust enrichment — that were *not* in Claim 5-3 as filed. There should be no excuse for filing an Addendum in place of a response, particularly when the claimant is represented by a licensed bankruptcy attorney with decades of experience. The Addendum is addressed separately in the undersigned's Response and Partial Objection to Trustee's Motion for Summary Judgment on Trustee's Objection to Claim 5-3 (Bankr. Doc. 759).

5. This Court has previously stated on the record — and the undersigned paraphrases — that if someone files suit against you, you have to respond; you have to defend yourself (paraphrased). Mr. Spradley is charged with knowledge of

that rule and of Federal Rule of Bankruptcy Procedure 3007. Filing an Addendum in place of a response is *not* a response.

6. No claimant filed a response. No claimant filed an objection. No claimant filed a motion for extension of time.

7. The undersigned files this request within thirty (30) days of the expiration of the response deadline.

8. The undersigned submits herewith a proposed order and the declaration required by the Rule.

III. THE CORPORATE CLAIMANTS CANNOT APPEAR PRO SE

9. The Objections identify corporate claimants, limited liability companies, and other non-individual entities.

10. A corporation, limited liability company, partnership, or trust may appear in federal court only through a licensed attorney. *Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993); Local Rule 1074-1.

11. To the best of Cohan's knowledge, the corporate claimants, excluding Claims 5, 42 & 43 have *not* retained counsel for this matter. It seems only the attorneys for the Debtor, United States Trustee, the Chapter 7 Trustee and Nutra-Acres LLC have placed Notices of Appearances on the record (Bankr. Docs. 4, 7, 231, 495).

12. According to the rules, the corporate claimants that have *not* retained counsel and *cannot* appear or be heard.

13. The Objections should be sustained as to the corporate claimants because they have *not* responded and/or *cannot* appear.

III. THE OBJECTIONS ARE UNOPPOSED AND SUPPORTED BY THE RECORD

14. The Objections are supported by the record evidence at Bankr. Doc. 781, which contains twenty-four (24) authenticated exhibits totaling approximately 1,900 pages.

15. The Objections are supported by the filed agreements themselves, which many contain the plain "non-refundable" language on which the Objections rest. See Bankr. Docs. 781, 781-3, 781-4, 781-5, 781-19, Ex. 3, 4, 5, 19.

16. The Objections are supported by the sworn testimony at the April 2024 trial, in which the claimants themselves admitted the non-refundable nature of the fees they now seek to recover.

17. The Objections are consistent with the Chapter 7 Trustee's own position in Bankr. Doc. 759, in which the Trustee seeks to reduce Claim 5-3 by $13,847,750 on the same "plain language of the agreements" theory on which the Objections rest.

18. All of the Objections are seemingly *unopposed*.

## IV. THE COURT HAS CONSISTENTLY STRUCK FILINGS AND ENTERED ORDERS WITHOUT HEARINGS, AND THE SAME STANDARD SHOULD APPLY TO UNOPPOSED CLAIMS

19. There is a pattern of struck filings and orders entered without hearings in this case and in the related adversary proceeding. Incorporated by reference: See Bankr. Doc. 650 and:

Motions to Strike and Orders Striking — 3:25-ap-00011-BAJ

Motions: Adv. Doc. 5

Orders: Adv. Doc. 6, Adv. Doc. 13, Adv. Doc. 23, Adv. Doc. 56, Adv. Doc. 113, Adv. Doc. 129, Adv. Doc. 130, Adv. Doc. 131, Adv. Doc. 142

Trustee Motions to Strike and Orders Striking — 3:24-bk-00496-BAJ

Motions: Bankr. Docs. 282, 599 (withdrawn by Doc. 606)

Orders: Bankr. Doc. 240; Bankr. Doc. 347; Bankr. Doc. 356 (vacated by Bankr. Doc. 359); Bankr. Doc. 359; Bankr. Doc. 420; Bankr. Doc. 421; Bankr. Doc. 442; Bankr. Doc. 446; Bankr. Doc. 447; Bankr. Doc. 457; Bankr. Doc. 458; Bankr. Doc. 506; Bankr. Doc. 530; Bankr. Doc. 531;

Bankr. Doc. 532; Bankr. Doc. 536; Bankr. Doc. 601; Bankr. Doc. 603; Bankr. Doc. 604; Bankr. Doc. 631; Bankr. Doc. 658

20. The related filings were struck and those orders were entered without hearings and *without* the benefit of the evidentiary record at Bankr. Doc. 781, incorporated by reference.

21. The same standard should apply here to avoid disparate treatment. The claimants were served. They did *not* respond. Under Local Rule 2002-4, if you do *not* file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing. The Court should sustain the Objections and disallow the claims — just as it has struck filings and entered orders in this case without hearings when the record supported it.

22. The undersigned has submitted a declaration and a proposed order. The Court can rule on the papers and a hearing is not required.

## V. THE DISALLOWANCE OF THE UNOPPOSED CLAIMS ESTABLISHES THE SURPLUS AND THE UNDERSIGNED'S STANDING

23. If the claimants do not come forward to defend their claims, the claims are disallowed. That is what happens in any bankruptcy proceeding. That is what the

Rule provides. That is what the Illinois Bankruptcy Court did in the parallel Hughes case. See Bankr. Doc. 650.

24. Every claim that is disallowed reduces the claims pool. Every reduction in the claims pool increases the likelihood that the estate's assets exceed the allowed claims. That is the surplus analysis. That is the standing question.

25. The standing trial is set for November 9, 2026. The surplus question is what the Court will decide. The claims that are disallowed on this request are claims the Court will not have to try.

26. The claims pool shrinks. = The surplus grows.

27. Disallowance reduces the claims pool, which increases the likelihood of a surplus in which the undersigned, as a 50% equity holder, has a pecuniary interest. Therefore, the undersigned has standing.

28. The Chapter 7 Trustee has stated that the claims will total $13–14 million after objections (2:26-mp-00001-FMR, Misc. Doc. 45). The estate holds a $20,000,000 judgment against Velanos, a $435,000 settlement with Warren Law Group/Scott Oh, and $1,566,544.77 in cash as of March 31, 2026, plus approximately $4.5 million in non-insider loan receivables. See Bankr. Docs. 781, 781-13, 781-21, 781-22, Ex. 13, 21, 22. The arithmetic establishes a reasonable possibility of a surplus, and this request reduces the claims pool further.

29. The undersigned is a 50% equity holder. The undersigned has a pecuniary interest in the surplus.

30. The undersigned has standing to pursue the disallowance of unopposed claims. If the claims are disallowed, the surplus is larger.

31. If the surplus is larger, the undersigned's injury is redressable. That is standing.

32. The parties who did not respond have not opposed the relief requested, and the Court may determine the issue on the pleadings without a hearing under Local Rule 2002-4.

33. The claims should be disallowed. The surplus should be preserved for the estate and for equity.

VII. REQUESTED RELIEF

WHEREFORE, the undersigned respectfully requests that the Court to Enter order sustaining the Objections and disallowing the claims for which no response was filed, pursuant to Federal Rule of Bankruptcy Procedure 3007.

DECLARATION UNDER PENALTY OF PERJURY

I, John Michael Cohan, declare under penalty of perjury under the laws of the United States and the State of Florida that:

1. The Objections (Bankr. Doc. 644) were filed and served in accordance with Federal Rule of Bankruptcy Procedure 3007.

2. Claimant Charles Blake Stringer/Nutra-Acres LLC is represented by counsel, Scott W. Spradley, Esq. That claimant did not file a response under Federal Rule of Bankruptcy Procedure 3007, but instead filed an Addendum (Bankr. Doc. 786) that is not a response to the Objections.

3. This Court has previously stated on the record — and the undersigned paraphrases — that if someone files suit against you, you have to respond; you have to defend yourself (paraphrased).

4. No claimant filed a response, objection, or motion for extension of time.

5. I make this declaration in support of the motion for entry of an order under Federal Rule of Bankruptcy Procedure 3007.

VERIFICATION

I, John Michael Cohan, declare under penalty of perjury under the laws of the United States and the State of Florida that the foregoing is true and correct to the best of my knowledge and belief.

Dated: 10-20-2026

Respectfully submitted in good faith,

John Michael Cohan, without prejudice, without recourse, UCC 1-308, 1-103
iustusprocessus@outlook.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **JOHN MICHAEL COHAN'S VERIFIED MOTION FOR LEAVE TO CONDUCT A SECOND ROUND OF DISCOVERY** has been duly served by the CM/ECF system, U.S. Mail and/or email on this 20th day of October, 2026, upon the following parties:

ALL CLAIMANTS (65+ parties): See attached Alphabetized Service List (incorporated herein)

INTERESTED PARTIES:

Aaron R. Cohen, Chapter 7 Trustee — P.O. Box 4218, Jacksonville, FL 32201-4218
Raye Curry Elliott, Attorney for Trustee — Akerman LLP, 401 East Jackson Street, Suite 1700, Tampa, FL 33602; raye.elliott@akerman.com
Bryan K. Mickler, Debtor's Counsel — Mickler & Mickler, 5452 Arlington Expressway, Jacksonville, FL 32211; court@planlaw.com
Scott W. Spradley, Attorney for Creditor Stringer/Nutra-Acres — Law Offices of Scott W. Spradley, P.A., 301 S. Central Avenue, P.O. Box 1, Flagler Beach, FL 32136; scott@flaglerbeachlaw.com

## ALPHABETICAL SERVICE LIST

Name; Claim No.; Address; Email Address

[1] A Complete Home Inspection LLC; 11; 110 Velsco Lane, Port Sulphur, LA 70083; kipnash7@gmail.com
[2] Acres & Royalty LLC; 6; P.O. Box 1087, Ruston, LA 71273-1087; gcbuxton@acresandroyalty.com
[3] Alere LLC; 47; 1530 E. Williams Field Rd 201, Gilbert, AZ 85295; mendredy@aleregroup.com
[4] ALV Capital LLC; 31; c/o Strauss Law Group PLLC, 264 S River Rd, Box 552, Bedford, NH 03110; Michael@strauss.law
[5] Ameiva; 57; 282 East 300 South, Smithfield, UT 84335-1636; brian.bevan.13@gmail.com
[6] AMRODDO HOLDINGS, LLC; 27; 625 Woodmont Ave, Berkeley, CA 94708; owners@amroddo.net

[7] Another Chance Group Home Inc; 19; 54 N Vista Ave, Casa Grande, AZ 85122; skylarwhitfield@yahoo.com
[8] Anvil Construction Inc.; 65; 470 N. Main Street, Brigham City, UT 84302; randy.deem@anvilcabinets.com
[9] Archer Capital Investments LLC; 68; 1448 W. Salmon Caddis Dr., Bluffdale, UT 84065; MFThompson@gmail.com
[10] Autonomous Drone Solutions; 29; 2121 Brittmoore 2200, Houston, TX 77043; calaway@gmx.com
[11] BAYI Capital Management; 8; 148 Undercliff Ave, Ste 9, Edgewater, NJ 07020; tadebayo@bayicapital.com
[12] Belle Maison Realty, LLC; 4; 1133 E 83rd St 171, Chicago, IL 60619; lea.bellerealty@gmail.com
[13] Bild Credit LLC; 28; 30 N Gould Street 30212, Sheridan, WY 82801; dayton@bildcredit.com
[14] Braces at Brick, PA; 70; 900 Cedar Bridge Ave Ste B15, Brick, NJ 08723; dryoung@shoresleep.com
[15] Brooklyn Heights; 40; 307 N Lincoln St, Tallulah, LA 71282-307; shameikaamin80@gmail.com
[16] Bull & Bear Properties LLC; 30, 66; 1140 E 87th St, Chicago, IL 60619; chanelleprogers@gmail.com
[17] Business Live Global USA LLC; 37; 4538 Walnut Ridge Circle, McDonald, PA 15057; bizliveusa@gmail.com
[18] Cobb Utilities Inc.; 46; 191 Honey Suckle Circle, Ranger, GA 30734; cobbutilitiesinc@gmail.com
[19] Cool Beanz, LLC; 25; 143 West Fulton St, Sanford, FL 32771-143; mike@coolbeanzllc.com
[20] Dajo Properties LLC; 63; 1136 Chestnut Tree Rd, Honeybrook, PA 19344; dajoprop@gmail.com
[21] Darnell Development; 36; 1118 N Chinowth, Visalia, CA 93291-2814; darnelldev01@protonmail.com
[22] Faith Investors Services LLC; 15; 1522 4th Ave, Asbury Park, NJ 07712; lourndystlouis@gmail.com
[23] Foster Group LLC; 22; 2539 N 300 E, Lehi, UT 84043; Fostergroupllc.net@gmail.com
[24] Global Verse Holdings LLC; 10; 1709 Vintage Lane, Wylie, TX 75098; globalverseholdingsllc@gmail.com
[25] H&M Essential Services LLC; 59; 15714 Torry Pines Rd., Houston, TX 77062-4512; michaelcalvitto1@gmail.com
[26] Heliosun LLC DBA Odin; 14; 1600 S Litchfield Rd 230A, Goodyear, AZ 85338; wlindsay@odin.energy
[27] Hospitality Growth Capital LLC; 32; c/o Strauss Law Group PLLC, 264 S River Rd, Box 552, Bedford, NH 03110; Michael@strauss.law
[28] Knut LLC; 26, 60; 697 N 740 E, Lehi, UT 84043; dpknutsen@gmail.com
[29] Latent Lending, LLC; 24; 302 N. Abajo Peak Way, UT 84032; mark@latentwealthgroup.com
[30] Legacy Land Developers LLC; 18; 1651 W 100th St, Chicago, IL 60643; legacylandllc@att.net
[31] Limitless Investment Group LLC; 58; 3855 S 500 West Unit B, Salt Lake City, UT 84115; joe.darger3@gmail.com
[32] Log Cabin Building LLC; 38; 289 Parker Drive, Pittsburgh, PA 15216; jblack@jkbrealestate.com
[33] McMann Commercial Lending LLC; 64; 500 N Michigan Ave Ste 600, Chicago, IL 60611; walt.trock@gmail.com
[34] Meetopolis LLC; 13; 6501 E. Greenway Parkway #103-218, Scottsdale, AZ 85254; meetopolis1@protonmail.com
[35] Michael Thompson; 51; 1448 W Salmon Caddis Dr, Bluffdale, UT 85065; MFThompson@gmail.com

[36] MIMS-IPR, LLC; 16; 1627 7th St S, Clanton, AL 35045; mimsipr@hotmail.com
[37] Moser Holdings, LLC; 69; 537 S. 150 E., Smithfield, UT 84335; luvtofish3@yahoo.com
[38] N2N Group, Inc; 49; 5 Webb Hill Road, Great Neck, NY 11020; michellechennyc@gmail.com
[39] NCR Digital Corp; 54; 237 Floyd Road, Shirley, NY 11967; dolfyn103@gmail.com
[40] New Mount Olive Church; 44; 2905 Macfarlane Crescent, Flossmoor, IL 60422-2905; fernlew@comcast.net
[41] North Haven Lodging Partners LLC; 42; c/o Foley & Lardner LLP, 11988 El Camino Real, Ste 400, San Diego, CA 92130; bmorris@foley.com
[42] Nortical Capital Inc; 21; 921 E. Parker St, Ste 1, Lakeland, FL 33801; norticalcapital@gmail.com
[43] Nutre Leasing LLC; 33; c/o Strauss Law Group PLLC, 264 S River Rd, Box 552, Bedford, NH 03110; Michael@strauss.law
[44] Onsite Lifecare Inc; 55; 23 Dora lane, Holmdel, NJ 07733; info@onsitelifecare.com
[45] Relco Industries LLC; 45; 75 Lambert Avenue, Clifton, NJ 07013; richard.ellison@relcoindustries.com
[46] Rolling By The Dozen RV Park LLC; 7; 40 Country Road 267, Somerville, TX 77879; kristinstegent@hotmail.com
[47] Rowehl & Russo Properties LLC; 53; 237 Floyd Road, Shirley, NY 11967; rowehl1@gmx.com
[48] S&L Zeppetelli DBA SLZ Waste Inc; 9; 191 Moonachie Road, Moonachie, NJ 07074; nick@slzwaste.com
[49] Seiler Tucker Inc; 52; 400 Poydras Ste 1460, New Orleans, LA 70130; michelle@seilertucker.com
[50] Solace Realty Concepts LLC; 17; 112 Lehigh Ave, Newark, NJ 07112; solacerealty2020@gmail.com
[51] Solar Capital Funding LLC; 34; c/o Strauss Law Group PLLC, 264 S River Rd, Box 552, Bedford, NH 03110; Michael@strauss.law
[52] Springer Farms Landholdings, LLC; 35; 325 N 1200 E, American Fork, UT 84003-325; tnokes@discoverealty.com
[53] Sun Coast Entertainment Live LLC; 12; 6960 Brescia Way, Orlando, FL 32819; nicholas@sensobeachclub.com
[54] Sunlight Storage LLC; 67; 3344 Bear Canyon Ln, Cedar Hills, UT 84062; dougelo7@gmail.com
[55] The Farming Co Pty Ltd; 20, 48; 86 Lakeside Drive, Helena Valley, WA 6056, Australia; melprinsloo@protonmail.com
[56] The Generations Group; 1; 14312 Zion Gate Xing, Conroe, TX 77384-2516; info@thegenerationsgroup.net
[57] TnC NOLA Holdings LLC; 3; 1461 Annunciation St B, New Orleans, LA 70130; chris@revolutionmep.com
[58] Uncle Willie Green Wings; 23; 141 Lehigh Ave, Newark, NJ 07112; walter.green@unclewillieswings.com
[59] WAI Holdings, LLC; 50; 1275 S Lucerne Blvd, Los Angeles, CA 90019; johnny@waibarmaui.com
[60] Wallingford Lodging Partners LLC; 43; c/o Foley & Lardner LLP, 11988 El Camino Real, Ste 400, San Diego, CA 92130; bmorris@foley.com
[61] West Palm Holdings Inc.; 39; 2705 Via Vistosa, San Clemente, CA 92672; scott.a.mednick@gmail.com
[62] Zelco Properties LLC; 41; 108 Patriot Dr Ste A, Middletown, DE 19709; zelco@gmx.com
[63] 20Twenty Development LLC; 71; 494 N Emery Ave, Orem, UT 84057; bryan@newdevelopmentconsulting.com

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
In re: Genie Investments NV Inc., Debtor.
Case No: 3:24-bk-00496-BAJ
Chapter 7

## PROPOSED ORDER SUSTAINING OBJECTIONS TO CLAIMS AND DISALLOWING CLAIMS FOR WHICH NO RESPONSE WAS FILED

THIS MATTER came before the Court on John Michael Cohan's Verified Motion for Order Sustaining Objections to Claims and Disallowing Claims Pursuant to Federal Rule of Bankruptcy Procedure 3007 (the "Request"). The Court, having reviewed the Request, the Declaration filed in support thereof, the Amended Verified Omnibus Objection to Claim Nos. 1–71 (Bankr. Doc. 644), and the record in this case, and being otherwise fully advised, finds as follows:

FINDINGS

A. The Objections were filed on August 5, 2026 (Bankr. Doc. 644).

B. The Objections were served on the claimants in accordance with Federal Rule of Bankruptcy Procedure 3007.

C. On September 17, 2026, this Court entered an Order (Bankr. Doc. 711) setting the deadline for filing responses at thirty (30) days, or October 19, 2026.

D. Claimant Charles Blake Stringer/Nutra-Acres LLC is represented by counsel. That claimant did not file a response under Federal Rule of Bankruptcy Procedure 3007. It filed an Addendum (Bankr. Doc. 786). The Addendum is not a response to the Objections for the reasons stated in the Request. That claimant is excluded from the relief granted herein.

E. No claimant filed a response, objection, or motion for extension of time.

F. Under Local Rule 2002-4, if you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

G. The corporate claimants, limited liability companies, and other non-individual entities identified in the Objections have not retained counsel and cannot appear or be heard. *Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993); Local Rule 1074-1.

H. The Objections are supported by the record evidence at Bankr. Doc. 781 and by the sworn testimony at the April 2024 conversion trial.

CONCLUSION

The Objections are unopposed as to the claims listed below. The Objections should be sustained and the claims disallowed.

ORDERED AND ADJUDGED as follows:

1. The Request is GRANTED.

2. The Objections are SUSTAINED as to each claim listed below.

3. The following claims are DISALLOWED in their entirety:

Claimant; Claim Number

1. A Complete Home Inspection LLC; 11
2. Acres & Royalty LLC; 6
3. Alere LLC; 47
4. ALV Capital LLC; 31
5. Ameiva; 57
6. AMRODDO HOLDINGS, LLC; 27
7. Another Chance Group Home Inc; 19
8. Anvil Construction Inc.; 65
9. Archer Capital Investments LLC; 68
10. Autonomous Drone Solutions; 29
11. BAYI Capital Management; 8
12. Belle Maison Realty, LLC; 4
13. Bild Credit LLC; 28
14. Braces at Brick, PA; 70
15. Brooklyn Heights; 40
16. Bull & Bear Properties LLC; 30, 66
17. Business Live Global USA LLC; 37
18. Cobb Utilities Inc.; 46
19. Cool Beanz, LLC; 25
20. Dajo Properties LLC; 63
21. Darnell Development; 36
22. Faith Investors Services LLC; 15
23. Foster Group LLC; 22
24. Global Verse Holdings LLC; 10
25. H&M Essential Services LLC; 59
26. Heliosun LLC DBA Odin; 14
27. Hospitality Growth Capital LLC; 32

28.Knut LLC; 26, 60
29.Latent Lending, LLC; 24
30.Legacy Land Developers LLC; 18
31.Limitless Investment Group LLC; 58
32.Log Cabin Building LLC; 38
33.McMann Commercial Lending LLC; 64
34.Meetopolis LLC; 13
35.Michael Thompson; 51
36.MIMS-IPR, LLC; 16
37.Moser Holdings, LLC; 69
38.N2N Group, Inc; 49
39.NCR Digital Corp; 54
40.New Mount Olive Church; 44
41.North Haven Lodging Partners LLC; 42
42.Nortical Capital Inc; 21
43.Nutre Leasing LLC; 33
44.Onsite Lifecare Inc; 55
45.Relco Industries LLC; 45
46.Rolling By The Dozen RV Park LLC; 7
47.Rowehl & Russo Properties LLC; 53
48.S&L Zeppetelli DBA SLZ Waste Inc; 9
49.Seiler Tucker Inc; 52
50.Solace Realty Concepts LLC; 17
51.Solar Capital Funding LLC; 34
52.Springer Farms Landholdings, LLC; 35
53.Sun Coast Entertainment Live LLC; 12
54.Sunlight Storage LLC; 67
55.The Farming Co Pty Ltd; 20, 48
56.The Generations Group; 1
57.TnC NOLA Holdings LLC; 3
58.Uncle Willie Green Wings; 23
59.WAI Holdings, LLC; 50
60.Wallingford Lodging Partners LLC; 43
61.West Palm Holdings Inc.; 39
62.Zelco Properties LLC; 41
63.20Twenty Development LLC; 71

4. The Court shall retain jurisdiction to enter such further orders as may be necessary to implement and enforce this Order.

DONE and ORDERED in Jacksonville, Florida, this ______ day of ____________, 2026.

______________________________

United States Bankruptcy Judge