**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

GENIE INVESTMENTS NV INC., Case No.: 3:24-bk-00496-BAJ

Debtor. Chapter 7

_______________________________________/

**TRUSTEE'S RESPONSE TO VERIFIED**
**DECLARATION OF SELF-AUTHENTICATION OF EXHIBITS**

Aaron R. Cohen, Chapter 7 Trustee, (the "Trustee"), by and through his undersigned counsel, files this response to the Verified Declaration of Self-Authentication of Exhibits (Doc. 781) (the "Declaration") filed by John Michael Cohan ("Cohan") and in support would show the Court as follows:

1. On October 13, 2026, Cohan filed his Declaration under Fed. R. Evid. 902(11) giving notice of his intent to introduce into evidence at the November 9, 2026 trial (the "Trial") on the Trustee's Motion for Preliminary and Permanent Injunction and Cohan's Motion to Rescind or Modify Show Cause Order self-authenticating records of a regularly conducted activity. The Declaration lists 23 exhibits (many of which are "composite exhibits" containing multiple documents) that Cohan intends to introduce as self-authenticating at the Trial. None of the exhibits are attached to the Declaration.

2. The Court's Orders Scheduling Trial (Docs. 671 and 672) state that a declaration for self-authentication of records must be include "a copy of all records sought to be admitted." Additionally, Fed. R. Evid. 902(11) states that, in addition to the required certification, the adverse party "must make the record . . . available for inspection." The 23 exhibits Cohan intends to introduce at the Trial have not been filed with the Court or made available for inspection.

3. Further, most of the 23 exhibits listed in the Declaration do not meet the requirements of a regularly conducted activity under Fed. R. Evid. 803(6)(A)-(C) which states that,

> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:
>
> * * *
>
> (6) A record of an act, event, condition, opinion, or diagnosis if:
>
> (A) the record was made at or near the time by — or from information transmitted by — someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> (C) making the record was a regular practice of that activity;

4. Most of the 22 exhibits do not meet these requirements. For example, Exhibit 2 – "Attorney Attestation from Spiegel & Utrera, P.A. – Genie Investments NV Inc. Corporate Good Standing and Clean History" and Exhibit 6 – Forensic Waveform Analysis of the April 17, 2024 § 341 Meeting Audio (Flatline Discontinuity) and Notice of Chapter 7 Trustee's Refusal to Investigate U.S. Trustee Bomkamp (Bankr. Doc. 590) are not records of a regularly conducted activity of a business. These are only examples.

5. The only exhibits listed in the Declaration that arguably meet the requirements for self-authenticating records of a regularly conducted activity by a business are Exhibits 3, 4 and 5 which are the Debtor's loan documents.[1] None of the remaining 23 exhibits meet the requirements of Fed. R. Evid. 803(6) and cannot be self-authenticating. In order to introduce the remaining 20 exhibits into evidence at the Trial, Cohan will be required to properly authenticate the exhibits for their admission under Fed. R. Evid. 901.

[1] The Trustee reserves the right to object to the admission of the Debtor's loan documents on the basis of relevancy to the issues at Trial.

Dated: October 23, 2026

AKERMAN LLP

By: /s/ *Raye C. Elliott*

Raye C. Elliott, Esq.
Florida Bar Number: 018732
Email: raye.elliott@akerman.com
401 East Jackson Street, Suite 1700
Tampa, FL 33602
Phone: (813) 223-7333
Fax: (813) 223-2837

*Attorneys for Aaron R. Cohen, Chapter 7 Trustee*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on October 23, 2026, I filed a true and correct copy of the foregoing with the United States Bankruptcy Court for the Middle District of Florida using the Court's CM/ECF system, which will serve copies on all counsel of record and a true and correct copy was served by electronic mail to the following who consented in writing to receive service of pleadings at the email address listed below:

John Michael Cohan
iustusprocessus@outlook.com

*/s/ Raye C. Elliott*
Attorney