FILED INTAKE USBC
OCT 27 '26 PM3:56

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
In re: Genie Investments NV Inc., Debtor.
Case No. 3:24-bk-00496-BAJ
Chapter 7

**JOHN MICHAEL COHAN'S VERIFIED REPLY TO TRUSTEE'S AMENDED RESPONSE TO VERIFIED DECLARATION OF SELF-AUTHENTICATION OF EXHIBITS (BANKR. DOC. 805)**

COMES NOW John Michael Cohan, protected person under Marsy's Law and the United States Constitution, an interested party and 50% equity holder of the Debtor, proceeding pro se, and respectfully files this Response to the Chapter 7 Trustee's Amended Response (Bankr. Doc. 805) to the Verified Declaration of Self-Authentication of Exhibits (Bankr. Doc. 781).

I. INTRODUCTION

The Trustee's Amended Response makes a simple argument: Exhibits 3, 4, and 5 are business records under Rule 902(11), and the remaining exhibits must be authenticated under Rule 901. The undersigned accepts that framework. This Response addresses each exhibit and explains how it is authenticated under Rule 901 or is otherwise admissible.

For the Court's convenience, the exhibits are numbered consecutively in the main declaration (Bankr. Doc. 781), with each exhibit corresponding to a separate PDF

attachment on the docket: 781-1 is Exhibit 1, 781-2 is Exhibit 2, and so on through 781-24, which is Exhibit 24. Each of the twenty-four (24) exhibits is addressed individually below.

The Trustee's initial objection—that the exhibits were "not filed with the Court or made available"—has been withdrawn. That withdrawal is a concession that the exhibits are properly before the Court. The only remaining question is authentication, and that question is easily answered.

## II. THE TRUSTEE'S WITHDRAWN OBJECTION IS A CONCESSION

1. The Trustee's original Response (Bankr. Doc. 804) argued that the exhibits should be excluded because they were "not filed with the Court or made available for inspection." (Bankr. Doc. 804 at ¶ 2).

2. The Trustee's Amended Response (Bankr. Doc. 805) withdraws that objection.

3. The withdrawal is a concession that the exhibits have been available and are properly before the Court.

## III. THE TRUSTEE CONCEDES EXHIBITS 3, 4, AND 5 ARE BUSINESS RECORDS

4. The Trustee concedes that Exhibits 3, 4, and 5—the Debtor's loan documents—qualify as business records under Rule 902(11). (Bankr. Doc. 805 at ¶ 4).

5. The Trustee reserves only a relevance objection. (Bankr. Doc. 805 at n.1).

6. The relevance objection is *without* merit. These agreements are the foundation of the Trustee's own cause of action. The non-refundable language in the agreements is the reason the claims filed against the estate are facially inflated. The agreements are relevant to every substantive issue, from the claims analysis to the surplus determination. The Trustee *cannot* simultaneously rely on the agreements to object or not object to claims while seeking to exclude them from evidence when they are used to challenge his own conclusions.

## IV. EACH REMAINING EXHIBIT IS AUTHENTICATED UNDER RULE 901 OR IS SUBJECT TO JUDICIAL NOTICE

7. The Declaration includes a foundational statement under penalty of perjury for each exhibit, stating that the undersigned personally filed, sent, received, or obtained each document through the Court's CM/ECF system, PACER,

the JAMS arbitration process, the issuing agencies, or the ordinary course of the Debtor's business, and that each exhibit is a true and correct copy of the document it purports to be. Those "foundational statements" are the Rule 901(a) authentication. The Trustee's objection is therefore not that the exhibits lack authentication, but that the authentication was not in the form he preferred. That is not a basis for exclusion.

8. The Trustee states that the remaining exhibits must be authenticated under Rule 901. To appease the Court, the undersigned accepts that requirement and provides additional Rule 901 authentication for each exhibit below. Rule 901(a) requires only "evidence sufficient to support a finding that the item is what the proponent claims it is." The undersigned is a witness with knowledge. He was the custodian of records for the Debtor. He obtained the police reports from the Jacksonville Sheriff's Office. He obtained the court records from PACER. He commissioned the forensic waveform analysis. He received the Walker Declaration and Memorandum. He sent or received the emails. He made the Knutson recording. He executed the management declaration. He received the proof of funds screenshots. He is available to testify. The following is the authentication for each exhibit:

Exhibit 1 (781-1) — Trustee's Motion for Summary Judgment (Bankr. Doc. 759). This is a document filed on this Court's docket. It is authenticated

under Rule 901(b)(1) by the undersigned's testimony that he retrieved it from the docket. The Court may also take judicial notice of its own docket under Rule 201(b)(2).

Exhibit 2 (781-2) — Attorney Attestation from Spiegel & Utrera, P.A. This is a business record received by the undersigned in the ordinary course of the Debtor's business. It is authenticated under Rule 901(b)(1) by the undersigned's testimony and is admissible under Rule 803(6) as a record of a regularly conducted activity.

Exhibit 3 (781-3) — BELOC Loan Portfolio. The Trustee concedes this is a business record under Rule 902(11). The relevance objection is addressed in Section III above.

Exhibit 4 (781-4) — Due Diligence Fee Agreements. The Trustee concedes this is a business record under Rule 902(11). The relevance objection is addressed in Section III above.

Exhibit 5 (781-5) — Bridge Loan Agreements. The Trustee concedes this is a business record under Rule 902(11). The relevance objection is addressed in Section III above.

Exhibit 6 (781-6) — Forensic Waveform Analysis and Notice of Trustee's Refusal (Bankr. Doc. 590). The forensic waveform analysis is

authenticated under Rule 901(b)(1) by the undersigned's testimony that he commissioned it, and under Rule 901(b)(9) by evidence describing or will describe the process used and showing that it produces an accurate result. Bankr. Doc. 590 is a document filed on the docket and is subject to judicial notice under Rule 201(b)(2).

Exhibit 7 (781-7) — Composite Exhibit: Restraining Order Violation Evidence. This exhibit contains multiple documents, each authenticated as follows:

- Marsy's Law Excerpt: This is an official publication of the Florida Constitution and Statutes, self-authenticating under Rule 902(5).
- JSO Public Records Request Response: This is a public record, authenticated under Rule 901(b)(7).
- JSO Police Reports and Supplements: These are public records, authenticated under Rule 901(b)(7).
- State Attorney Warrant Confirmation: This is a public record, authenticated under Rule 901(b)(7).
- Case Information Sheet: This is a public record, authenticated under Rule 901(b)(7).

- Altered Waveform Analysis (Exhibit 6): Authenticated as set forth above under Exhibit 6.
- Attorney Email Thread (Mickler/Bomkamp): These are emails sent and received by the undersigned's counsel, authenticated under Rule 901(b)(4) by distinctive characteristics (email headers, addresses, timestamps).
- Affidavit of David Hughes: This is a sworn statement, self-authenticating under Rule 902(2).
- Restraining Order and Florida Domestication Order: These are court records, subject to judicial notice under Rule 201(b)(2).
- Federal Order Permitting Address Redaction (Case No. 3:25-cv-00643-WWB-PDB): This is a court record, subject to judicial notice under Rule 201(b)(2).
- State Court Order Requiring Address Redaction: This is a court record, subject to judicial notice under Rule 201(b)(2).
- FBI Return-Address Envelope: Authenticated by the undersigned's testimony that he received it in the ordinary course of business.

Exhibit 8 (781-8) — Post-Filing Removal of Material Exhibits. This exhibit consists of side-by-side comparisons of original filings and altered versions, together with official docket text and PACER menus. It is authenticated under Rule 901(b)(1) by the undersigned's testimony that he retrieved the originals from the Trustee's counsel and the current versions from PACER, and under Rule 901(b)(4) by distinctive characteristics. The Court may take judicial notice of its own docket to confirm the discrepancy. The integrity of this Court's record is a fact "whose accuracy cannot reasonably be questioned."

Exhibit 9 (781-9) — Attorney Emails, Walker Declaration and Memorandum, and Background Research. This composite exhibit contains multiple documents, each authenticated as follows:

- Adam Walker's Declaration (filed on the docket as Bankr. Doc. 34, pp. 100–104): This is a sworn declaration of a 12-year former FINRA enforcement attorney. It is self-authenticating under Rule 902(2) and is also subject to judicial notice under Rule 201(b)(2) as a document filed on this Court's docket.

- Adam Walker's Internal Memorandum (received by the undersigned from Walker): This is a business record received by the undersigned

from his litigation counsel in the ordinary course of the Debtor's business. It is authenticated under Rule 901(b)(1) by the undersigned's testimony and is admissible under Rule 803(6) as a record of a regularly conducted activity (the preparation of the opposition to the U.S. Trustee's motion).

- Email Exchange Between Cohan, Hughes, Walker, and Mickler: These are emails sent and received by the undersigned, authenticated under Rule 901(b)(1) and (b)(4) by distinctive characteristics (email headers, addresses, timestamps). They establish that Cohan and Hughes instructed counsel to incorporate Walker's Declaration and Memorandum into the opposition, and that counsel refused.

- Scott Oh Professional Biography (Warren Law Group): This is a public webpage, authenticated under Rule 901(b)(1) by the undersigned's testimony that he retrieved it.

- Christopher Warren / Scarinci Hollenbeck Screenshot: This is a screenshot of a public attorney directory, authenticated under Rule 901(b)(1) and (b)(4).

- Suppressed Rebuttal Opposing Conversion: This is a business record prepared in the ordinary course of the Debtor's business, authenticated under Rule 901(b)(1) by the undersigned's testimony.

- Google Search Results for "SBLCs": These are screenshots of public search results, authenticated under Rule 901(b)(1) and (b)(4).

Exhibit 10 (781-10) — Composite Exhibit: Ponzi Complaint Withdrawal, Inflated Claims, Defamation Campaign, etc. This composite exhibit contains multiple documents, each authenticated as follows:

- Stringer Ponzi Complaint and Voluntary Dismissal: These are court records, subject to judicial notice under Rule 201(b)(2).

- Over-Inflated Claims: These are records from the claims register, subject to judicial notice under Rule 201(b)(2).

- Coordinated Online Defamation Campaign: These are screenshots of public posts, authenticated under Rule 901(b)(1) by the undersigned's testimony and under Rule 901(b)(4) by distinctive characteristics.

- ZOOMERAL Defamation Lawsuit and Defaults: These are court records, subject to judicial notice under Rule 201(b)(2).

- Arbitrations and Contract Clauses Violated: The arbitration demands are authenticated under Rule 901(b)(1) by the undersigned's testimony. The contract clauses are authenticated as business records under Rule 803(6).

- Bankr. Doc. 513 (Estate Surplus): This is a document filed on this Court's docket, subject to judicial notice under Rule 201(b)(2).

Exhibit 11 (781-11) — Composite Exhibit: Scheduling Orders, Recusal Denial, Discovery Evasion, etc. This composite exhibit consists of court orders, docket records, and discovery filings, all of which are court records subject to judicial notice under Rule 201(b)(2).

Exhibit 12 (781-12) — Composite Exhibit: Omnibus Objection, Illinois Orders, Corporate Separation, etc. This composite exhibit contains this Court's docket and the docket from the parallel Illinois bankruptcy case, both subject to judicial notice under Rule 201(b)(2). The corporate records are public records authenticated under Rule 901(b)(7).

Exhibit 13 (781-13) — Composite Exhibit: Velanos Judgment, Warren Law Settlement, etc. This composite exhibit contains the final judgment from the adversary proceeding, orders from this Court, and complete dockets

from the M.D. Fla. and C.D. Cal. cases. All are court records subject to judicial notice under Rule 201(b)(2).

Exhibit 14 (781-14) — Composite Exhibit: Force Majeure Compliance and Wearmouth Deposition. This composite exhibit contains the BELOC Agreement (a business record under Rule 803(6)), Borrower Update Letters (business records authenticated under Rule 901(b)(1) and (b)(4)), the Arbitration Demand (a business record authenticated under Rule 901(b)(1)), and the Wearmouth Deposition Transcript (a court record authenticated under Rule 901(b)(1) and subject to judicial notice).

Exhibit 15 (781-15) — Composite Exhibit: Management Declaration, Gowling WLG Letter, etc. This composite exhibit contains the Genie Management Declaration (self-authenticating under Rule 902(2)), the Gowling WLG Engagement Letter (a business record authenticated under Rule 901(b)(1)), the Scott Oh Wire Trace Report (an electronic communication authenticated under Rule 901(b)(1) and (b)(4)), and [the $19.8 Million Proof of Funds Screenshots (authenticated under Rule 901(b)(1) by the undersigned's testimony)].

Exhibit 16 (781-16) — Composite Exhibit: Recusal Motions and Related Rulings. This composite exhibit contains this Court's docket and

orders from the D.D.C. and the Eleventh Circuit. All are court records subject to judicial notice under Rule 201(b)(2).

Exhibit 17 (781-17) — Recorded Call Summary and Transcript (Knutson). This is a recording of a borrower verification call, made in the ordinary course of the Debtor's business. It is authenticated under Rule 901(b)(1) by the undersigned's testimony and under Rule 901(b)(9) by evidence describing the recording process.

Exhibit 18 (781-18) — Composite Exhibit: Pre-Drafted Appeal and Mickler Emails. This composite exhibit contains emails sent and received by the undersigned. They are authenticated under Rule 901(b)(1) and (b)(4) by distinctive characteristics (email headers, addresses, timestamps).

Exhibit 19 (781-19) — Composite Exhibit: McMann Audit and Loan Documents. This composite exhibit contains business emails sent and received by the undersigned (authenticated under Rule 901(b)(1) and (b)(4)), and loan documents filed on the docket (subject to judicial notice under Rule 201(b)(2)). The Trustee's Objection to Claim 64-2 (Bankr. Doc. 772) is a document filed on this Court's docket and is subject to judicial notice.

Exhibit 20 (781-20) — Composite Exhibit: Third-Party Complaints, Default Notices, ZOOMERAL Terms, etc. This composite exhibit contains multiple documents, each authenticated as follows:

- Third-Party Complaints (Klein, Hantash, Genie): These are court records, subject to judicial notice under Rule 201(b)(2).
- Borrower Default Notices: These are business records authenticated under Rule 901(b)(1) and (b)(4).
- Trustee's Voluntary Payment Demand Letter: A business record authenticated under Rule 901(b)(1).
- Email Exchange (Elliott/Hughes): Emails authenticated under Rule 901(b)(4).
- Transaction Log (1/3 Due Diligence Fee Split): A business record authenticated under Rule 901(b)(1).
- ZOOMERAL Terms of Use: A public webpage authenticated under Rule 901(b)(1).
- Sample Term Sheet: A business record authenticated under Rule 901(b)(1).

- Examiner's Report Excerpts: A court record subject to judicial notice under Rule 201(b)(2).
- Trustee Correspondence: Business records authenticated under Rule 901(b)(1).
- Cohan's Notice of Good-Faith Conduct: A document filed on this Court's docket, subject to judicial notice.
- Fraud Report to FBI, SEC, FTC, RCMP: A business record authenticated under Rule 901(b)(1).

Exhibit 21 (781-21) — Examiner's Report (Bankr. Doc. 146). This is a document filed on this Court's docket, subject to judicial notice under Rule 201(b)(2).

Exhibit 22 (781-22) — Composite Exhibit: Trustee's Inconsistent Accounting and Shifting Positions. This composite exhibit contains this Court's docket and transcripts, all subject to judicial notice under Rule 201(b)(2). The exhibit also contains emails received by the undersigned. Those emails are authenticated under Rule 901(b)(1) by the undersigned's testimony that he received them, and under Rule 901(b)(4) by distinctive characteristics (email headers, addresses, timestamps).

Exhibit 23 (781-23) — Composite Exhibit: IFP Orders and Certificates of Indigency. This composite exhibit contains orders from three (3) federal courts and two (2) state court findings. All are court records subject to judicial notice under Rule 201(b)(2).

Exhibit 24 (781-24) — The Constitution of the United States. This is an official publication, self-authenticating under Rule 902(5).

## V. THE COURT SHOULD AND MUST TAKE JUDICIAL NOTICE

9. Rule 201 of the Federal Rules of Evidence governs judicial notice.

10. The undersigned has repeatedly requested that this Court take judicial notice of the police report, its supplements and the related reports. See Bankr. Docs. 767, 778, 779, 782.

11. The reports are on the docket. They are public records. Their accuracy *cannot* reasonably be questioned. The Court **must** take judicial notice of them under Rule 201(c)(2).

12. The same is true for the removal of the report from the docket (Exhibit 8) and the Court's own orders (Exhibits 11, 12, 13).

13. The Trustee's Amended Response does *not* dispute that any exhibit is what the undersigned claims it is. It does *not* identify a single document whose

authenticity is actually in question. Instead, it invokes Rule 901 as a blanket gate and asks the Court to litigate foundation exhibit-by-exhibit — while conceding the three (3) exhibits (3, 4, 5) that are the foundation of its own claims analysis. That is *not* an authentication objection. It is an attempt to avoid the merits. Rule 901(a) sets a low bar — "evidence sufficient to support a finding" — and the undersigned, as the former custodian of records and the witness with knowledge for every exhibit, more than satisfies it. The Court should overrule the objection, take judicial notice of its own docket and the public records, and reach the merits.

VI. REQUESTED RELIEF

WHEREFORE, the undersigned respectfully requests that this Court:

i. Note that the Trustee has withdrawn his false "not made available" claim;

ii. Find that each exhibit is authentic and admissible under Rules 901, 902, and 201;

iii. Take judicial notice of the JSO police report and this Court's own docket;

iv. Overrule the Trustee's relevance objection to the loan documents; and

v. Find that the Trustee's authentication objection is not made in good faith and does not preclude consideration of the exhibits on the merits.

VERIFICATION

I, John Michael Cohan, declare under penalty of perjury under the laws of the United States and the State of Florida that the foregoing is true and correct to the best of my knowledge and belief.

Dated: 10-27-2026

Respectfully submitted in good faith,

John Michael Cohan, without prejudice, without recourse, UCC 1-308, 1-103
iustusprocessus@outlook.com

Certificate of Service

I hereby certify that all interested parties have been duly served a copy of the foregoing document and/or its attachments by the CM/ECF system, U.S. Mail and/or email.

Debtor
Genie Investments NV Inc.
represented by Bryan K. Mickler
Mickler & Mickler
5452 Arlington Expressway
Jacksonville, FL 32211
904-725-0822
Email: court@planlaw.com

U.S. Trustee
represented by Scott E. Bomkamp
DOJ-Ust
United States Trustee
400 W. Washington St., Ste 1100
Orlando, FL 32801
407-648-6069
Email: scott.e.bomkamp@usdoj.gov

Chapter 7 Trustee
Aaron R. Cohen
represented by Raye Curry Elliott
Akerman LLP
401 East Jackson Street, Suite 1700
Tampa, FL 33602
(813) 223-7333
Email: raye.elliott@akerman.com

David C. Hughes II
davidchoatehughes@gmail.com