**ORDERED.**

**Dated: October 29, 2026**

Jason A. Burgess
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

GENIE INVESTMENTS NV INC., Case No.: 3:24-bk-00496-BAJ

Debtor. Chapter 7

______________________________________/

**ORDER GRANTING UNITED STATES TRUSTEE'S EXPEDITED MOTION FOR PROTECTIVE ORDER**

This Case is before the Court on the *Expedited Motion for Protective Order* (the "Motion") (Doc. 785), filed by the United States Trustee (the "Trustee"). By the Motion, the Trustee seeks to be relieved of any obligation to respond to discovery requests served by John Michael Cohan ("Mr. Cohan"). For the reasons set forth below, the Court will grant the Motion.

"The Federal Housekeeping Act, 5 U.S.C. § 301, permits federal agencies to prescribe regulations establishing conditions for the production or disclosure of agency information. Pursuant to 5 U.S.C. § 301, the DOJ promulgated regulations restricting DOJ employees from disclosing DOJ information in private litigation." Hickey v. Columbus Consol. Gov't, No. 4:07-CV-096 (CDL), 2008 WL 450561, at *2 (M.D. Ga. Feb. 15, 2008); see 28 C.F.R. §§ 16.21-16.29. The regulations state in pertinent part:

> In any federal or state case or matter in which the United States is not a party, no employee or former employee of the Department of Justice shall, in response to a demand, produce any material contained in the files of the Department, or disclose any information relating to or based upon material contained in the files of the Department, or disclose any information or produce any material acquired as part of the performance of that person's official duties or because of that person's official status without prior approval of the proper Department official in accordance with §§ 16.24 and 16.25 of this part.

28 C.F.R. § 16.22(a). The Supreme Court has upheld the Attorney General's authority to promulgate such regulations, noting that "[w]hen one considers the variety of information contained in the files of any government department and the possibilities of harm from unrestricted disclosure in court, the usefulness, indeed the necessity, of centralizing determination as to whether subpoenas duces tecum will be willingly obeyed or challenged is obvious." United States ex rel. Touhy v. Ragen, 340 U.S. 462, 468, 71 S.Ct. 416, 95 L.Ed. 417 (1951). Since the Supreme Court's decision in Touhy, a "line of authority directly supports [the] contention that a federal employee may not be compelled to obey a subpoena contrary to his federal employer's instructions under valid agency regulations.'" Moore v. Armour Pharm. Co., 927 F.2d 1194, 1197 (11th Cir.1991) (quoting Boron Oil Co. v. Downie, 873 F.2d 67, 73 (4th Cir.1989)) (alteration in original).

The Trustee accurately asserts that any third-party subpoena on a government entity would require compliance with the regulations set forth in Touhy, and that "even if Mr. Cohan had otherwise properly requested discovery, the Protective Order should be granted due to noncompliance with Touhy regulations." The Court notes that the Notice of Subpoenas is also not in compliance with Local Rule 9016-1 because the Notice fails to attach the proposed subpoenas as required under the Rule. Accordingly, it is

**ORDERED:**

The Motion is **GRANTED** for the reasons stated herein.

The United States Trustee, Scott E. Bomkamp, is directed to serve a copy of this Order.