**ORDERED.**

**Dated: October 29, 2026**

Jason A. Burgess
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

GENIE INVESTMENTS NV INC., Case No.: 3:24-bk-00496-BAJ

Debtor. Chapter 7

______________________________________/

**ORDER DENYING COMBINED NOTICE OF INTENT TO SERVE SUBPOENAS DUCES TECUM AND MOTION FOR SERVICE BY THE UNITED STATES MARSHALS SERVICE**

This Case is before the Court on the *Combined Notice of Intent to Serve Subpoenas Duces Tecum and Motion for Service by the United States Marshals Service* (the "Motion") (Doc. 771), filed by John Michael Cohan ("Mr. Cohan"). By the Motion, Mr. Cohan states that he "is indigent and cannot afford the costs of private service" to serve subpoenas on various non-parties, and requests that the Court "order the United States Marshals Service to serve process for an indigent without costs." (Doc. 771, p. 3). For the reasons set forth below, the Court must deny the Motion.

Mr. Cohan mistakenly believes that his *in forma pauperis* status relieves him of the costs associated with his own discovery. Carter v. Keener, No. 3:23cv11744/MCR/ZCB, 2024 WL

7043424, at *1 (N.D. Fla. May 30, 2024); see also Depinto v. Shader, No. 5:20-cv-11-RH/MJF, 2021 WL 12169624, at *1-2 (N.D. Fla. Sept. 22, 2021) (recognizing that an indigent plaintiff must still pay for the cost of his discovery). Notably, "[t]his includes the costs of service of the subpoena (which must be done by a non-party) and any copies the non-party may make of the requested documents." Carter, 2024 WL 7043424, at *1; see, e.g., Neal v. Cassiday, No. 3:06-cv-8/RV/MD, 2009 WL 691878, at *3 (N.D. Fla. Mar. 13, 2009) (recognizing that a plaintiff's indigent status "does not shift the financial burden of prosecuting his civil case onto the defendants or taxpayers, and plaintiff must bear the costs of his subpoenas").[1] As recognized by a District Court in the Southern District of Florida, a parties *in forma pauperis* status does not translate to the party being entitled to "free services such as scheduling, conducting and recording depositions, conducting discovery, paying for investigator fees, issuing subpoenas for the production of records from non-parties, etc." Green v. Croft, No. 15-14207-CIV, 2016 WL 11734217, at *1 (S.D. Fla. Mar. 23, 2016).[1]

Therefore, because Mr. Cohan is admittedly unable to pay for the costs of the subpoenas, the Court will not issue the subpoenas. Carter, 2024 WL 7043424, at *1; see also, Croft, 2016 WL 11734217 ay *1 (declining to issue subpoenas to non-parties because plaintiff failed to "make a showing that he is able and willing" to pay the costs of the subpoena).[2] Accordingly, until Mr.

---

[1] The Court in Green also stated that because "the records requested from the various institutions and the individual he seeks subpoenaed are not a party to this action, he will be required to pay attendance and/or mileage fees pursuant to Rule 45." 2016 WL 11734217, at *1.

[2] The Court also notes that whether it approves a subpoena requested by a *pro se* plaintiff "is subject to limitations, including the relevance of the information sought as well as the burden and expense to the non-party in providing the requested information." Carter, 2024 WL 7043424, at *1 (citing Heaggins v. Thomas, No. CV491-024, 2021 WL 5456974, at *2 (S.D. Ga. Nov. 22, 2021) (internal quotations omitted).

Cohan can meet the requirements for service of the subpoenas upon the non-party witnesses, and pay witness fees where applicable, the Court will deny the Motion without prejudice.[3]

**ORDERED:**

The Motion is **DENIED** without prejudice.

###

Clerk's Office to serve.

[3] "[C]ourts have held that failure to meet both the service and witness fee requirements of Rule 45 results in ineffectiveness of service." Croft, 2016 WL 11734217, at *2, see also In the Matter of Dennis, 330 F.3d 696, 704 (5th Cir. 2003) (stating plain meaning of Rule 45(b)(1) requires simultaneous tendering of witness fees and the reasonably estimated mileage allowed by law with service of a subpoena) (citation omitted); Kimbrough v. City of Cocoa, 2006 WL 3412258, *1 (M.D. Fla. Nov. 27, 2006) (quashing subpoena for failing to comply with Rule 45 dictates including tendering witness fees and mileage to witness).