UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
In re: Genie Investments NV Inc., Debtor.
Case No. 3:24-bk-00496-BAJ
Chapter 7

FILED MAIL USBC
JAX, FL NOV2'26

**VERIFIED EXPEDITED MOTION TO COMPEL PRODUCTION OF THE § 341 AUDIO RECORDINGS PURSUANT TO FED. R. BANKR. P. 2003(c)**

COMES NOW John Michael Cohan, interested party, 50% equity holder of the Debtor, pro se, protected person under Marsy's Law and the First Amendment of the United States Constitution, and respectfully moves the Court to compel the United States Trustee to produce all § 341 audio recordings.

I. EXPEDITED CONSIDERATION IS REQUIRED

1. The trial is set for November 9, 2026. Bankr. Docs. 671-1, 672, 803.
2. The motion to continue the trial was denied. Bankr. Doc. 813.
3. The trial will proceed on November 9, 2026, *without* the alleged *unaltered* audio in the undersigned's possession.
4. The alleged *unaltered* audio is the subject of the trial. The *pending* motions ask the Court to take judicial notice of the audio and the alleged flatline. See Bankr. Docs. 767, 778, 779, 782.

5. The Court *cannot* take judicial notice of audio it does *not* have. The Court *cannot* evaluate the alleged flatline without the alleged *unaltered* audio.

6. Expedited consideration is required so that the alleged *unaltered* audio can be produced and placed in the record *before* the November 9, 2026 trial.

THE MOTION IS NARROW

7. This motion does *not* ask the Court to revisit the Order Granting United States Trustee's Expedited Motion for Protective Order (Bankr. Doc. 816).

8. This motion does *not* ask the Court to order the United States Trustee to respond to interrogatories or requests for production.

9. This motion asks the Court to order the United States Trustee to produce all audio recordings of the § 341 meetings held in this case.

10. That request is *not* discovery. It is the United States Trustee's statutory obligation under Federal Rule of Bankruptcy Procedure 2003(c). The protective order is about discovery. It does *not* cover the Rule 2003(c) obligation.

THE UST PRODUCED AN ALLEGEDLY ALTERED VERSION

11. The undersigned has had access to the audio of the §341 meetings. The UST produced the audio.

12. The audio the UST produced is allegedly *altered*. It allegedly contains a flatline at the precise moment the undersigned invoked his rights. See Bankr. Doc. 781-6.

13. The undersigned does *not* have the alleged *unaltered* audio. The UST has *never* produced the alleged *unaltered* audio.

14. The alleged *unaltered* audio is in the possession of the United States Trustee. The UST is the statutory custodian of the audio under Rule 2003(c).

15. The UST has *not* explained the alleged flatline. The UST has *not* produced the alleged *unaltered* audio. The UST has *not* made the alleged *unaltered* audio available for inspection.

RULE 2003(c) REQUIRES THE UST TO RECORD VERBATIM, PRESERVE, AND PRODUCE THE AUDIO

16. Federal Rule of Bankruptcy Procedure 2003(c) provides that the § 341 meeting "shall be recorded verbatim by the United States trustee using electronic sound recording equipment or other means of recording."

17. The same rule requires that the recording be preserved.

18. The recording is the official record of the § 341 meeting. It is *not* a document produced in response to discovery. It exists independently of the discovery. The

UST is required to record it verbatim and preserve it whether or not there is any discovery request.

19. The UST is the statutory custodian of the § 341 audio. When a party in interest requests the audio, the UST must provide it. The UST did *not* provide the alleged *unaltered* audio.

20. The protective order (Bankr. Doc. 816) relieves the UST of responding to discovery. It does *not* relieve the UST of his statutory obligation under Rule 2003(c) to record the meeting verbatim and produce the alleged *unaltered* audio.

THE PROTECTIVE ORDER DOES NOT COVER THE RULE 2003(c) OBLIGATION

21. The protective order is about discovery. It is about interrogatories and requests for production. It is *not* about the audio.

22. The audio is the official record of a federal proceeding. The UST is the custodian. The UST is required by Rule 2003(c) to record it verbatim and to preserve it. The Court has jurisdiction over the UST and over the proceeding. The Court can order the UST to produce the alleged *unaltered* audio.

23. The protective order does *not* relieve the UST of the Rule 2003(c) obligation. The protective order is about discovery. The Rule 2003(c) obligation is *not*

discovery. The obligation to produce the alleged *unaltered* audio comes from Rule 2003(c), *not* from the discovery.

THE REQUESTED ORDER IS NARROW

24. The undersigned requests that the Court order the UST to produce all alleged *unaltered* audio recordings of the § 341 meetings held in this case.

25. The undersigned does *not* ask the UST to answer questions about the audio by means of discovery. He asks the UST to produce the alleged *unaltered* audio.

26. The UST can produce the alleged *unaltered* audio *without* answering any questions. The production is separate from the discovery. The production is the Rule 2003(c) obligation. The discovery is the interrogatories and requests for production. The protective order covers the discovery. It does *not* cover the production.

THE RECORDING IS THE RECORD OF THE PROCEEDING

27. The § 341 meeting is a proceeding in this case. The recording is the record of that proceeding. The Court has jurisdiction over the record of its own proceedings.

28. The UST *cannot* claim the recording is privileged or protected. It is the official record. It is *not* attorney work product. It is *not* a deliberative document. It is the verbatim record of what was said at the meeting.

29. The UST *cannot* claim the recording is *not* relevant. The recording is the record of the meetings at which the alleged crimes occurred. The crime is the basis of the *pending* motions and the *pending* trials. The recording is central to the case.

30. REQUESTED RELIEF

WHEREFORE, the undersigned respectfully requests that the Court:

i. Expedite consideration of this Motion;

ii. Order the UST to produce all alleged *unaltered* audio recordings of the §341 meetings held in this case at least three (3) days before the trials on November 9, 2026.

VERIFICATION

I, John Michael Cohan, declare under penalty of perjury under the laws of the United States and the State of Florida that the foregoing is true and correct to the best of my knowledge and belief.

Dated: 10-30-2026

Respectfully submitted in good faith,

John Michael Cohan, without prejudice, without recourse, UCC 1-308, 1-103
iustusprocessus@outlook.com

Certificate of Service

I hereby certify that all interested parties have been duly served a copy of the foregoing document and/or its attachments by the CM/ECF system, U.S. Mail and/or email.

Debtor
Genie Investments NV Inc.
represented by Bryan K. Mickler
Mickler & Mickler
5452 Arlington Expressway
Jacksonville, FL 32211
904-725-0822
Email: court@planlaw.com

U.S. Trustee
represented by Scott E. Bomkamp
DOJ-Ust
United States Trustee
400 W. Washington St., Ste 1100
Orlando, FL 32801
407-648-6069
Email: scott.e.bomkamp@usdoj.gov

Chapter 7 Trustee
Aaron R. Cohen
represented by Raye Curry Elliott
Akerman LLP
401 East Jackson Street, Suite 1700
Tampa, FL 33602
(813) 223-7333
Email: raye.elliott@akerman.com

David C. Hughes II
davidchoatehughes@gmail.com