UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
In re: Genie Investments NV Inc., Debtor.
Case No. 3:24-bk-00496-BAJ
Chapter 7

FILED MAIL USBC
JAX, FL NOV2'26

# VERIFIED OBJECTIONS TO THE RECORD OF THIS PROCEEDING

COMES NOW John Michael Cohan, interested party, 50% equity holder of the Debtor, protected person under Marsy's Law and the First Amendment of the United States Constitution, pro se, and respectfully submits these Verified Objections to the record of this proceeding.

## I. PURPOSE OF THIS OBJECTION

1. This Objection is submitted for one purpose: to place on the record, in one document, the pattern of non-compliance by the Trustees and the claimants, the misrepresentations made to this Court, and the Court's failure to address them. The undersigned does *not* ask this Court to rule on the merits of the underlying dispute. He asks only that the record reflect what has happened in this case.

## II. THE ALLEGED CRIME AND THE SILENCE

2. On April 10, 2024, the undersigned personally notified U.S. Trustee Scott Bomkamp of an active restraining order.

3. On April 17, 2024, Bomkamp allowed the individual subject to that restraining order to appear at the § 341 meeting under the alias "Agent Amber Adams," to speak on the record, and to ask the undersigned direct questions for approximately five (5) minutes.

4. The official audio of the April 17, 2024 § 341 meeting contains a flatline at the precise moment the undersigned invoked his rights. See Bankr. Doc. 781-6.

5. The JSO police report documenting the violation was filed on the docket twice and removed twice without motion, notice, order, or hearing. See Bankr. Docs. 406-3, 470-1, 471, 474, 476, 477, 490, 781-8.

6. The Jacksonville Sheriff's Office investigated. Judge M. Charbula signed a warrant on November 10, 2025. Assistant State Attorney Justin Asbrand confirmed the warrant is active. See Bankr. Doc. 781-7.

7. The U.S. Trustee has *not* denied the crime. He has *not* produced the *unaltered* audio. He has not explained the flatline. He has *not* denied that the police report was removed from the docket. He filed a motion for protective order (Bankr. Doc. 785) to avoid responding to discovery about these matters.

8. The Chapter 7 Trustee has *not* investigated the crime. His counsel confirmed in writing that no investigation was conducted. See Bankr. Doc. 590.

## III. THE MISREPRESENTATIONS TO THIS COURT

9. The U.S. Trustee represented to the Court that the Examiner's Report "confirms" fraud. The Report contains no finding of fraud. See Bankr. Doc. 146.

10. The U.S. Trustee represented that the fraud theory was supported by the record. Adam B. Walker, Esq., a 12-year former FINRA enforcement attorney, stated in a sworn declaration that the "confirmation" was fabricated, was "itself a fraud" and unsupported by any evidence in the Report. See Bankr. Doc. 781-9.

11. The Chapter 7 Trustee represented in his Response (Bankr. Doc. 804) that the exhibits in Bankr. Doc. 781 were "not made available for inspection." That is false. Every exhibit is on the docket. The exhibits were filed on October 13 and 14, 2026. The Trustee's counsel has had access to them since then.

12. The Chapter 7 Trustee represented that the Velanos judgment is "very likely uncollectible." He has not moved to abandon it. He is actively enforcing it in the Central District of California. See Bankr. Doc. 781-13.

13. The Chapter 7 Trustee represented that the claims will total "in excess of $18 million." In the recusal proceeding, he represented that claims would total $13–14 million. See 2:26-mp-00001-FMR, Misc. Doc. 45. Please see overinflated claims 4, 5, 29, 64 et al.

14. According to rule, Fed. R. Civ. P. 36(a)(3), made applicable here by Fed. R. Bankr. P. 7036, the claimants have **admittedly** [amongst other serious admissions] (Bankr. Docs. 792, 793, Misc. Docs. 86, 86-1) engaged in a coordinated online defamation campaign against the undersigned, against David Hughes, and against the Debtor. The campaign is documented at Bankr. Doc. 781-10. It includes posts on BiggerPockets, Trustpilot, Ripoff Report, and other platforms accusing the undersigned and his co-principals of operating a scam, stealing millions, being "criminals" and a operating "ponzi" scheme". To the contrary, profiles like "Sandra Tate" and "Christine Ellsworth" have been identified as fake profiles created as part of the campaign. The ZOOMERAL defamation lawsuit (Case No. 2024-008427-CA-01) documented that the campaign participants attempted a fraudulent wire recall, filed false FBI reports, and organized a group to file fraudulent law enforcement complaints. Defaults were entered against some of them. None of this is in dispute. None of it has been addressed. Now they ask for more discovery *without* any standing and the Trustee does nothing despite filing 3:25-ap-000011, Adv. Docs. 5, 6 against the undersigned and Mr. Hughes.

IV. THE NON-COMPLIANCE

15. On top of all that, *none of the claimants* responded to the Amended Verified Omnibus Objection to Claim Nos. 1–71 (Bankr. Doc. 644) despite being **ordered** by this Court (Bankr. Doc. 711).

15. The claimants did *not* respond to the Requests for Admission, Interrogatories, or Requests for Production served on September 14, 2026 (Bankr. Docs. 792, 793, 794, 795, 797).

-16. The U.S. Trustee did *not* respond to discovery. He filed a motion for protective order instead. See Bankr. Doc. 785.

17. The Chapter 7 Trustee objected to almost every request on relevance and asserted a privilege claim *without* a privilege log (Bankr. Doc. 796).

18. Foley & Lardner LLP stated in writing that "none will be forthcoming" (Bankr. Doc. 797), but did not file an objection with the Court.

19. The Court closed the miscellaneous proceeding (2:26-mp-00001-FMR) on September 25, 2026, *without* ruling on the *pending* discovery motions at Misc. Docs. 85, 86, 87, 88, 91.

V. THE COURT'S FAILURE TO ADDRESS THE RECORD

20. The Court has *not* taken judicial notice of the police report. It set it for trial. See Bankr. Docs. 767, 778, 779, 782, 803.

21. The Court has *not* addressed the removals of the police report from the docket. See Bankr. Doc. 781-8.

22. The Court has *not* addressed the alleged flatline in the §341 audio. See Bankr. Doc. 781-6.

23. The Court has *not* addressed the Walker declaration or his analysis post-examiner, which was withheld from this Court by Debtor's counsel. See Bankr. Doc. 781-9.

24. The Court has *not* addressed the discrepancy between the claims totals the Chapter 7 Trustee has given in different proceedings.

25. The Court has *not* ruled on the pending motions to compel, to deem requests for admission admitted, or to compel production of documents. Instead, it set them for trial for next year (Bankr. Doc. 808) despite the discovery being relevant to the upcoming trials on November 9, 2026.

26. The Court has *not* ruled on the pending Motion for Leave to Conduct a Second Round of Discovery. Instead, it set it for trial for next year (Bankr. Doc. 808) despite the discovery being relevant to the upcoming trials on November 9, 2026.

27. The Court has denied the Motion to Proceed IFP and Instruct US Marshals to Serve Subpoenas.

28. The Court has denied the Motion for Continuance.

## VI. THE PATTERN

29. Any one of these, in isolation, could be brushed aside as a mistake. A missed deadline could be an oversight. A failure to produce could be an administrative error. A failure to rule could be a scheduling issue.

30. Taken together, they are not mistakes. They are a pattern. The pattern is that the record the undersigned has placed on the docket is *not* being addressed by the responding parties. The pattern is that the responding parties have refused to engage with that record.

## VII. THE OBJECTIONS

31. The undersigned objects to the Court's continued failure to take judicial notice of the police report. The request was made on October 13, 2026, and on October 21, 2026, the Court set it for trial. The Court has *not* ruled on it. See Bankr. Docs. 767, 778, 779, 782, 803.

32. The undersigned objects to the Court's failure to address the removals of the police report from the docket (Bankr. 781-8).

33. The undersigned objects to the Court's failure to address the flatline in the §341 audio.

34. The undersigned objects to the Court's failure to address the Walker declaration and post-examiner analysis.

35. The undersigned objects to the Court's failure to address the discrepancy in the claims totals.

36. The undersigned objects to the Court's decision to set the six (6) pending discovery motions for a non-evidentiary hearing on January 13, 2027 — sixty-six (66) days after the November 9, 2026 trial and seventy-two (72) days after the November 2, 2026 discovery cutoff. See Bankr. Doc. 808. The practical effect of the scheduling order is that the trial will proceed *before* the discovery motions are heard and the discovery is *never* completed before trial.

37. The undersigned objects to the Court's failure to rule on the pending Motion for Leave to Conduct a Second Round of Discovery before the trial. It is set for the January 13, 2027 hearing. See Bankr. Doc. 808.

38. The undersigned objects to the Court's denial of the Motion to Proceed IFP and Instruct US Marshals to Serve Subpoenas. See Bankr. Doc. 817.

39. The undersigned objects to the Court's denial of the Motion for Continuance. See Bankr. Doc. 813.

40. The undersigned objects to the Court's failure to address the *unopposed* claims. See Bankr. Doc. 802.

41. The undersigned objects to the Court's failure to address the Chapter 7 Trustee's repeated inconsistent representations including but not limited to the claims pool. See Bankr. Doc. 781-22.

42. The undersigned objects to the U.S. Trustee's and the Chapter 7 Trustee's misrepresentations of the Examiner's Report.

43. The undersigned objects to the Chapter 7 Trustee's misrepresentation that the exhibits were *not* made available for inspection, and to the withdrawal of that misrepresentation in the Amended Response (Bankr. Docs. 804, 805) *without* any explanation or correction.

44. The undersigned objects to the Chapter 7 Trustee's prediction that the Velanos judgment is uncollectible *without* any motion to abandon it.

45. The undersigned objects to the responding parties' refusal to respond to discovery (Bankr. Docs. 792, 793, 794, 795).

46. The undersigned objects to Foley & Lardner LLP's statement that "none will be forthcoming." (Bankr. Doc. 797)

47. The undersigned objects to the closing of the miscellaneous proceeding without substantive rulings on the pending motions. (2:26-mp-00001, Misc. Doc. 85, 86, 86-1, 87, 87-1, 88, 88-1, 91).

48. The undersigned objects to any perception that he is litigating against this Court rather than against the responding parties. That perception was created by the Court's own conduct: motions are routinely struck, denied or left pending without findings of fact, without conclusions of law, and without requiring a response from the responding parties.

49. The undersigned objects to *not* being treated with fairness.

50. The undersigned objects to *not* being treated with impartiality.

51. The undersigned objects to any finding that the record in this case is complete when the police report was removed from the docket, the audio contains a flatline, and the transcripts have *not* been produced.

52. The undersigned objects to any later statement by any attorney. Claimant, Trustee, or Court that it was unaware of the matters set forth in this Objection. Everything the undersigned could identify is set forth herein, and any later claim of ignorance would be a misrepresentation.

53. The undersigned objects to any misrepresentation by any attorney, Claimant or Trustee.

54. The undersigned objects to any party characterizing these proceedings as a fair process.

55. The undersigned objects to any party, including this Court, even considering that these proceedings have been a fair process.

56. The undersigned objects to any further denial of transcripts at government expense to a litigant found indigent by at least six (6) court findings, especially before the upcoming trial and the pending appeal.

57. The undersigned objects to any sanction against a litigant who is exercising his First Amendment right to petition the government.

58. The undersigned objects to any fraud finding against the undersigned, former companies or his affiliates on a manufactured record.

59. The undersigned objects to any finding that the record in this case is complete when the §341 audio contains a flatline and the police report was removed from the docket.

60. The undersigned objects to not being heard.

61. The undersigned objects to any finding or inclination that he lacks standing based on this record.

62. The undersigned objects to the Court's failure to address the integrity of the record.

63. **The undersigned objects to the Chapter 7 Trustee's position that the contracts are irrelevant, when he simultaneously argues the contracts are the only admissible exhibits.**

64. The undersigned objects to the Chapter 7 Trustee being allowed to talk out of both sides of his mouth *without* consequence.

65. The undersigned objects to being required to defend himself in a forum where the responding parties refuse to engage, on a record that is incomplete, and before a Court that has not substantively addressed any of the above.

66. The undersigned objects to any possible ruling against his standing based on this record and the circumstances. [1]

VERIFICATION

I, John Michael Cohan, declare under penalty of perjury under the laws of the United States and the State of Florida that the foregoing is true and correct to the best of my knowledge and belief.

[1] To clarify, the undersigned objects to the Court's actions and inaction throughout the entire record as set forth. However, recently, the undersigned has noticed a change since the recusal motion (Bankr. Docs. 622, 628) was filed. Trials are being set. Motions are being ruled on. The Court is moving. The undersigned only files this Objection because the record must reflect what has happened. He files it because the record is the records and because a litigant is entitled to have his objections on the docket. He does *not* file it to attack the Court. He files it to preserve the record for the trial and any appeal.

Dated: 10-30-2026

Respectfully submitted in good faith,

John Michael Cohan, without prejudice, without recourse, UCC 1-308, 1-103
iustusprocessus@outlook.com

## Certificate of Service

I hereby certify that all interested parties have been duly served a copy of the foregoing document and/or its attachments by the CM/ECF system, U.S. Mail and/or email.

Debtor
Genie Investments NV Inc.
represented by Bryan K. Mickler
Mickler & Mickler
5452 Arlington Expressway
Jacksonville, FL 32211
904-725-0822
Email: court@planlaw.com

U.S. Trustee
represented by Scott E. Bomkamp
DOJ-Ust
United States Trustee
400 W. Washington St., Ste 1100
Orlando, FL 32801
407-648-6069
Email: scott.e.bomkamp@usdoj.gov

Chapter 7 Trustee
Aaron R. Cohen
represented by Raye Curry Elliott
Akerman LLP
401 East Jackson Street, Suite 1700
Tampa, FL 33602
(813) 223-7333
Email: raye.elliott@akerman.com

David C. Hughes II
davidchoatehughes@gmail.com

John Michael Cohen
General Delivery
5455 Verna Blvd
Jacksonville Florida 32205

UNITED STATES OF AMERICA FOREVER/USA

UNITED STATES OF AMERICA FOREVER/USA

Envelope 2 of 3

US Bankruptcy Court
300 N. Hogan Street 3-150
Jacksonville, Florida 32202