FILED MAIL USBC
JAX, FL NOV3'26

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
In re: Genie Investments NV Inc., Debtor.
Case No. 3:24-bk-00496-BAJ
Chapter 7

# VERIFIED OBJECTION TO THE ORDER OF PROCEEDINGS AT THE NOVEMBER 9, 2026 TRIALS AND REQUEST THAT THE COURT HEAR THE MATTERS IN THE ORDER OF THE RECORD

COMES NOW John Michael Cohan, interested party, 50% equity holder of the Debtor, pro se, protected person under Marsy's Law and the First Amendment of the United States Constitution, and respectfully objects to the order of proceedings at the November 9, 2026 trials and requests that the Court hear the matters in the order in which the events occurred.

## I. THE TRANSCRIPTS HAVE NOT BEEN PRODUCED

1. The undersigned has requested transcripts of the hearings in this case and in the related proceedings. Some of those transcripts have not been produced.

2. The undersigned filed a Request for Transcripts at Bankr. Doc. 681. That request has *not* been fully complied with.

3. The transcripts are necessary for the Court to evaluate the record. Without them, the Court is deciding the standing question and the other matters on an incomplete record.

4. The undersigned objects to any ruling on standing or the merits of the *pending* motions before the missing transcripts are produced. The Court *cannot* evaluate what was said at the hearings if it does *not* have the transcripts of the hearings. That is a due process violation.

## II. THE OBJECTION TO THE ORDER OF PROCEEDINGS

5. The Court's Order Scheduling Trial (Bankr. Doc. 803) sets three (3) matters for trial on November 9, 2026: (1) the Verified Motion to Expedite Consideration of Request for Orders to Show Cause (Bankr. Doc. 783); (2) the Verified Motion for Judicial Notice of the Court's Own Docket and Transcripts (Bankr. Doc. 780); and (3) the Verified Motion to Expedite Consideration of the Verified Notice of Filing of Police Reports and Request for Judicial Notice (Bankr. Doc. 782).

6. The order in which the Court hears these matters is *not* specified in Bankr. Doc. 803.

7. The undersigned objects to any order of proceedings that places the standing question, the injunction, or the order to show cause *before* the police report and the transcripts. The alleged crime occurred at the §341 meetings in April 2024.

Everything else in this case flows from that event. The standing question, the claim objections, the injunction, and the order to show causes all depend on the record that the police report and the transcripts establish.

8. If the Court hears standing first, the Court will be deciding whether the undersigned has a pecuniary interest in the estate *without* first establishing the record on which that interest depends. If the Court hears the crime first and testimony regarding the alleged altered §341 audio, the record is complete *before* the standing question is reached.

9. The undersigned has a due process right to have the record established *before* the Court rules on the merits of the pending motions or his standing. The police report and the transcripts are the record. They should be heard first.

III. THE PROPOSED ORDER OF PROCEEDINGS

10. The undersigned respectfully requests that the Court hear the matters in the following order:

a. The Transcripts. Judicial notice of the transcripts of the proceedings identified in Bankr. Doc. 780. The transcripts establish what was said and what was *not* said at each hearing.

b. The §341 Meeting and the Crime. Judicial notice of the police reports and its supplements (JSO# 2025-0471040, -01, -02, -03, -04) and the related

injunction is necessary or whether it is a response to the record established in (a) through (f).

h. The Order to Show Cause for Citations. The Court's order to show cause regarding citations. The record establishes whether the citations are accurate and whether the order to show cause is warranted.

i. Any remaining matters.

IV. THE COURT HAS DISCRETION TO MANAGE ITS DOCKET, BUT THAT DISCRETION SHOULD BE EXERCISED IN FAVOR OF THE VICTIM

11. The undersigned acknowledges that the Court has broad discretion to manage its docket.

12. The undersigned also acknowledges that the Court has already set the November 9, 2026 trials and that the Court is *not* required to reorder them.

13. But the Court's discretion is *not* unlimited. It is bounded by the due process right to be heard and by the rights of crime victims under the United States Constitution and Article I, Section 16(b) of the Florida Constitution and § 960.001, Florida Statutes.

14. The undersigned is a protected person under an active restraining order. He is a victim of a crime that occurred during the §341 meetings in 2024. The Jacksonville

Sheriff's Office investigated. Judge M. Charbula signed a warrant on November 10, 2025. Assistant State Attorney Justin Asbrand confirmed the warrant is active. See Bankr. Doc. 781-7.

15. Under Marsy's Law, the victim has the right to be heard in *any* proceeding during which a right of the victim is implicated. The standing question, the injunction, and the order to show cause all implicate the victim's right to be heard. If the Court hears those matters first and the police report last, the victim's right to be heard is being exercised in the wrong order.

16. The Court can manage its docket however it chooses. The undersigned respectfully submits that, on this record, the docket should be managed in a way that protects the victim's right to be heard first. The alleged crime happened first. It's cover up allegedly happened thereafter. The record should establish the crime first. Everything else follows.

V. REQUESTED RELIEF

WHEREFORE, the undersigned respectfully requests that the Court:

i. Sustain the objection to any ruling on the merits of the pending motions before the missing transcripts are produced;

ii. Sustain the objection to any order of proceedings that places the police report and the transcripts after standing, the injunction, or the order to show cause;

iii. Hear the transcript and police report matters first on November 9, 2026; and

iv. Follow the order of proceedings proposed in Section III above.

VERIFICATION

I, John Michael Cohan, declare under penalty of perjury under the laws of the United States and the State of Florida that the foregoing is true and correct to the best of my knowledge and belief.

Dated: 10-30-2026

**Respectfully submitted in good faith,**

**John Michael Cohan, without prejudice, without recourse, UCC 1-308, 1-103**
iustusprocessus@outlook.com

## Certificate of Service

I hereby certify that all interested parties have been duly served a copy of the foregoing document and/or its attachments by the CM/ECF system, U.S. Mail and/or email.

Debtor
Genie Investments NV Inc.
represented by Bryan K. Mickler
Mickler & Mickler
5452 Arlington Expressway
Jacksonville, FL 32211
904-725-0822
Email: court@planlaw.com

U.S. Trustee
represented by Scott E. Bomkamp
DOJ-Ust
United States Trustee
400 W. Washington St., Ste 1100
Orlando, FL 32801
407-648-6069
Email: scott.e.bomkamp@usdoj.gov

Chapter 7 Trustee
Aaron R. Cohen
represented by Raye Curry Elliott
Akerman LLP
401 East Jackson Street, Suite 1700
Tampa, FL 33602
(813) 223-7333
Email: raye.elliott@akerman.com

David C. Hughes II
davidchoatehughes@gmail.com

John Michael Cohen
General Delivery
5455 Verna Blvd.
Jacksonville Florida 32205

Envelope 1 of 3

US Bankruptcy Court
300 N. Hogan Street 3-150
Jacksonville, Florida 32202

UNITED STATES OF AMERICA FOREVER/USA

UNITED STATES OF AMERICA FOREVER/USA

322023429B C008