FILED INTAKE USBC
NOV 3 '26 PM3:21

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
In re: Genie Investments NV Inc., Debtor.
Case No. 3:24-bk-00496-BAJ
Chapter 7

# JOHN MICHAEL COHAN'S VERIFIED OBJECTION TO TRUSTEE'S DECLARATION OF ATTORNEYS' FEES (BANKR. DOC. 834-1)

COMES NOW John Michael Cohan, interested party, 50% equity holder of the Debtor, pro se, protected person under Marsy's Law and the First Amendment to the United States Constitution, and respectfully objects to the Declaration of Raye C. Elliott Regarding Attorneys' Fees (Bankr. Doc. 834-1).

## I. THE DECLARATION IS IMPOSSIBLE ON ITS FACE

1. The Trustee filed a Declaration of Raye C. Elliott claiming the estate incurred $90,752.50 in attorneys' fees "directly as a result of pleadings and actions filed by Cohan and Hughes." Bankr. Doc. 834-1 at ¶ 6.

2. The Declaration includes a time entry for October 30, 2026, for 2.3 hours. The narrative states the time includes reviewing an email from John Cohan regarding the meet and confer. Bankr. Doc. 834-1.

3. The email was *not* sent on October 30. The undersigned sent the stipulation to Ms. Elliott on November 2, 2026 (please see **Exhibit 27** of

contemporaneously filed **VERIFIED NOTICE OF FILING OF SUPPLEMENTAL TRIAL EXHIBITS (EXHIBITS 27–33)**).

4. The meet and confer began at 10:30 AM to 11:00 AM on November 2, 2026 (please see **Exhibit 28** of contemporaneously filed **VERIFIED NOTICE OF FILING OF SUPPLEMENTAL TRIAL EXHIBITS (EXHIBITS 27–33)**).

5. Ms. Elliott could *not* have spent 2.3 hours reviewing a stipulation on October 30 that was not sent until November 2 (please see **Exhibit 27** of contemporaneously filed **VERIFIED NOTICE OF FILING OF SUPPLEMENTAL TRIAL EXHIBITS (EXHIBITS 27–33)**).

6. The time entry is impossible. The entry is false.

7. This is the first entry the undersigned reviewed. The most recent entry. It is completely inaccurate. This is what the undersigned noticed at first glance. The undersigned can only imagine what else has been fabricated.

## II. THE DECLARATION IS AN ATTEMPT TO MAKE THE VICTIM PAY FOR THE TRUSTEES' MISTAKES

8. The Trustee seeks a pre-filing injunction against the undersigned. The Trustee claims the fees are a burden on the estate. The Trustee claims the undersigned should be punished for filing.

9. The fees are *not* the result of the undersigned's conduct. They are the result of the Trustees' conduct.

10. If the Trustees had accepted the facts as they were given, we would *not* be here.

11. If the Trustees had reviewed the transcripts that have been on the docket for roughly two (2) years, they would have known what was said at the hearings, they would have known what the Court ordered and they would not be filing frivolous objections and adversary complaints.

12. If the Trustees had reviewed the bank records before filing fraudulent transfer claims, they would have known the claims were *not* supported.

13. If the Trustees had produced the *unaltered* audio, we would *not* be litigating the flatline.

14. If they admitted the removals the police report from the docket, we would *not* be litigating the removals.

15. If the Trustees had investigated the crime, we would *not* be litigating the crime.

16. The Trustees are trying to make the victim of a crime pay for their own mistakes. Their own fraud. Their own cover-up.

17. The Trustees have *not* responded to more than half of the docket. They did *not* respond to the Objections until told.

18. The Trustees cannot claim they spent $90,000 responding to the docket when they did *not* respond to over half of the docket. The fees seem to be grossly inflated.

III. THE RECORD SHOWS TWO (2) WARRANTS

20. The police report shows that a crime occurred during the § 341 meeting.

21. The Jacksonville Sheriff's Office investigated.

22. The State Attorney's Office applied for a warrant.

23. Judge Charbula found probable cause.

24. According to a recent phone call with the Florida State Attorney's office, there are two (2) warrants. Not one (1). Two (2).

25. The undersigned is *not* making this up. The police department investigated. The State Attorney's Office applied for the warrant. The judge found probable cause. The warrants are active.

26. The Trustees are trying to make the victim of a crime pay for their own failures. Their own mistakes. Their own alleged cover-up.

27. When confronted with the state court order (please see **Exhibit 29** of contemporaneously filed **VERIFIED NOTICE OF FILING OF SUPPLEMENTAL TRIAL EXHIBITS (EXHIBITS 27–33)**) received November 2, 2026, recognizing the authenticity of the police reports filed with the relevant motions (please see **Exhibit 30** of contemporaneously filed **VERIFIED NOTICE OF FILING OF SUPPLEMENTAL TRIAL EXHIBITS (EXHIBITS 27–33)**). Ms. Elliott did *not* respond. [1] She seemed to back out of the conversation. She handed the conversation to Mr. Bomkamp. Mr. Bomkamp responded: "As far as the stipulation goes, I think we can continue to discuss tomorrow. The court is unlikely to mind as long as we are trying to work something out". (please see **Exhibit 31** of contemporaneously filed **VERIFIED NOTICE OF FILING OF SUPPLEMENTAL TRIAL EXHIBITS (EXHIBITS 27–33)**)

28. That is *not* an answer. That is an avoidance. That is Mr. Bomkamp defying additional court orders (Bankr. Docs. 671-1, 672, 803). At this point, Ms. Elliott knows or at least should know, the police reports are authentic. She knows the state court accepted them. She knows she *cannot* deny them. She backed out. She handed the conversation to Mr. Bomkamp.

---

[1] The State of Florida has recognized the authenticity of these police reports. The Florida State Attorney's Office has confirmed the warrants active. A Florida state court found probable cause. A separate Florida state court has extended a temporary injunction based on these documents. See **Exhibit 29** (Order Extending Temporary Injunction, dated November 2, 2026); **Exhibit 30** (Relevant Motions). This District is the *only* District that has *not* acted on the authenticity of these reports. The Middle District of Florida and its insider professionals stand alone.

At this point, Mr. Bomkamp should know the police reports are authentic, yet, Mr. Bomkamp stalled, rather than just agreeing to their authenticity.

29. The pattern is consistent. The Trustees avoid the record. They avoid the crime. They avoid the warrant. They avoid the State Attorney's confirmation. They avoid the truth. They file declarations. They file false statements. They file motions for protective orders. They file motions for injunctions. They do *not* file the truth.

## IV. THE DECLARATION IS INCOMPLETE AND MISLEADING

32. The Declaration does *not* identify the specific pleadings and actions it attributes to the undersigned.

33. The Declaration does *not* provide a privilege log.

34. The Declaration does *not* provide the billing records.

35. The Declaration does *not* provide the fee agreement.

36. The Declaration is a summary. It is *not* evidence.

37. The false statement in the Declaration is *not* the first false statement Ms. Elliott has submitted to a Court.

38. Additionally, on November 2, 2026, Ms. Elliott sent an email to David C. Hughes II stating: "Attached is an amended response to the Trustee's

Objection to Claim 9 of the Genie Trustee to correct the statement about the ownership of ZOOMERAL. The statement in the original response was simply a mistake on my part – I forgot that Mr. Cohan owned a percentage of ZOOMERAL when I drafted the response. It was *not* intended to mislead the court or anyone else." Please see **Exhibit 32** of contemporaneously filed **VERIFIED NOTICE OF FILING OF SUPPLEMENTAL TRIAL EXHIBITS (EXHIBITS 27–33)**.

39. Ms. Elliott admitted in writing that she submitted a response to a Court that contained a false statement about the ownership of ZOOMERAL. Please see **Exhibit 33** of contemporaneously filed **VERIFIED NOTICE OF FILING OF SUPPLEMENTAL TRIAL EXHIBITS (EXHIBITS 27–33)**, the false statement, "Hughes was also the 100% owner of a company called Zoomeral, Inc."

40. That is *not* a mistake. That is another false statement under oath submitted to the Court by an "officer of the court."

41. The Declaration of Attorneys' Fees contains a false statement. The October 30, 2026 entry is impossible. The stipulation was *not* sent until November 2.

42. Ms. Elliott has submitted at two (2) false statements to the Courts. The first was about the ownership of ZOOMERAL. The second is about the attorneys' fees.

43. The Court should *not* rely on either.

44. The Court should order Ms. Elliott and Mr. Bomkamp to show cause why the Declaration should *not* be stricken and why sanctions should *not* be imposed under Federal Rule of Bankruptcy Procedure 9011 and 28 U.S.C. § 1927.

45. The undersigned and David C. Hughes II attempted to stipulate to the undisputed facts by the Court's clear deadline. The undersigned and David C. Hughes II, both pro se, filed their stipulation on time. The Trustees, all licensees, did *not*. The Trustees asked for more time. The Trustees asked to talk about it a day after the deadline and placed words in the Court's mouth. The Trustees stalled. The Trustees delayed. The Trustees are obstructing justice. The record is the record. The Trustees are responsible for the record, *not* the undersigned.

## V. REQUESTED RELIEF

The undersigned is *not* overreacting.

The undersigned is reacting to a record that shows a pattern. The pattern is that the people who are supposed to be neutral are *not* neutral. The people who are supposed to follow the law are *not* following the law. The people who are supposed to investigate the crime are *not* investigating the crime.

The undersigned is reacting to a false statement under oath about attorneys' fees. The undersigned is reacting to a false statement under oath about the ownership of ZOOMERAL. The undersigned is reacting to a refusal to agree that public records are authentic. The undersigned is reacting to a seeming refusal to take judicial notice of a crime that a state judge has already found probable cause to believe occurred and others have recognized.

The undersigned has been dealing with this individual for years before he ever stepped foot in the bankruptcy court. The state court records (Delaware, New Jersey, Florida), the police reports (New Jersey, Florida), and the custody orders document a long history of her voice, her actions, and her use of aliases far before any voluntary petition. If the Court wants to know whether the undersigned could recognize her, the Court need only look at the past.

That is *not* overreacting. That is *reading* the records.

WHEREFORE, the undersigned respectfully requests that the Court:

i. Sustain the objection to the Declaration of Raye C. Elliott (Bankr. Doc. 834-1);

ii. Find that the October 30, 2026 time entry is impossible and false;

iii. Order the Trustee to produce the billing records, the fee agreement, the privilege log, and the specific time entries it attributes to the undersigned;

iv. Set an evidentiary hearing on the reasonableness of the fees; and

v. Deny the Trustee's request to attribute the fees to the undersigned because the fees are the result of the Trustees' own conduct.

vi. Order Ms. Elliott and Mr. Bomkamp to show cause why the Declaration should *not* be stricken and why sanctions should *not* be imposed under Federal Rule of Bankruptcy Procedure 9011 and 28 U.S.C. § 1927.

VERIFICATION

I, John Michael Cohan, declare under penalty of perjury under the laws of the United States and the State of Florida that the foregoing is true and correct to the best of my knowledge and belief.

Dated: 11-03-2026

**Respectfully submitted in good faith,**

**John Michael Cohan, without prejudice, without recourse, UCC 1-308, 1-103**
iustusprocessus@outlook.com

## Certificate of Service

I hereby certify that all interested parties have been duly served a copy of the foregoing document and/or its attachments by the CM/ECF system, U.S. Mail and/or email.

Debtor
Genie Investments NV Inc.
represented by Bryan K. Mickler
Mickler & Mickler
5452 Arlington Expressway
Jacksonville, FL 32211
904-725-0822
Email: court@planlaw.com

U.S. Trustee
represented by Scott E. Bomkamp
DOJ-Ust
United States Trustee
400 W. Washington St., Ste 1100
Orlando, FL 32801
407-648-6069
Email: scott.e.bomkamp@usdoj.gov

Chapter 7 Trustee
Aaron R. Cohen
represented by Raye Curry Elliott
Akerman LLP
401 East Jackson Street, Suite 1700
Tampa, FL 33602
(813) 223-7333
Email: raye.elliott@akerman.com

David C. Hughes II
davidchoatehughes@gmail.com