Admitted Into Evidence
NOV 10 2026

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
In re: Genie Investments NV Inc., Debtor.
Case No. 3:24-bk-00496-BAJ
Chapter 7

# INTERESTED PARTY JOHN MICHAEL COHAN'S AMENDED EXHIBIT LIST

Pursuant to Local Rule 9070-1 and the Court's Orders Scheduling Trial (Bankr. Docs. 671-1, 672, 803), Interested Party John Michael Cohan, proceeding *pro se*, protected person under Marsy's Law and the United States Constitution respectfully submits the following list of exhibits for admission into the record at the trials scheduled for November 9, 2026.

The documents listed below are true and correct copies. The foundational statements, summaries, and relevance for Exhibits 1 through 24 are detailed in the concurrently filed "Declaration of John Michael Cohan in Support of Authentication of Exhibits" (Bankr. Doc. 781). The foundational statements for Exhibits 27 through 39 are detailed in the concurrently filed Verified Notice of Filing of Supplemental Trial Exhibits (Bankr. Doc. 844) and the Verified Notice of Supplemental Exhibits 0, 34-36 (Bankr. Doc. 848, originally Exhibits 0, "27-29" in error). Exhibits 25 and 26 are attached to "Hughes and Cohan's Joint Stipulation of Undisputed Facts" (Bankr. Doc. 833). The

undersigned reserves the right to supplement this list on the day of trial with any new exhibits, if any.

| No. | Description | Bankr. Doc. Reference |
|---|---|---|
| Admitted<br>0 | § 341 Audio Recordings and Docket Comparison. Copy of the § 341 audio recording produced by the U.S. Trustee containing the alleged flatline at the moment the undersigned invoked his rights; and a copy of the docket entry from the District Court in *Cohan v. Scarinci Hollenbeck*, No. 3:25-cv-00164 (M.D. Fla.), Doc. 19, showing the audio was accepted and appears on the docket there, unlike in the Bankruptcy Court. | Attached to Notice of Supplemental Exhibits, Bankr. Doc. 848 |
| 1 | Trustee's Motion for Summary Judgment on Trustee's Objection to Claim 5-3 of Charles Blake Stringer/Nutra-Acres LLC | Bankr. Doc. 781-1 |
| 2 | Attorney Attestation from Spiegel & Utrera, P.A. - Genie Investments NV Inc. Corporate Good Standing and Clean History | Bankr. Doc. 781-2 |
| 3<br>full agreement only | Genie Investments NV Inc. - Business Expansion Line of Credit (BELOC) Loan Portfolio: Total Loans Made by the Debtor | Bankr. Doc. 781-3 |
| 4<br>pgs. 4-12 only | Genie Investments NV Inc. - Due Diligence Fee Agreements: Total Due Diligence Fees Collected by the Debtor | Bankr. Doc. 781-4 |

| No. | Description | Bankr. Doc. Reference |
|---|---|---|
| 5 | Genie Investments NV Inc. - Bridge Loan Agreements: Total Bridge Loans Made by the Debtor | Bankr. Doc. 781-5 |
| 6 | Forensic Waveform Analysis of the April 17, 2024 §341 Meeting Audio (Flatline Discontinuity) and Notice of Chapter 7 Trustee's Refusal to Investigate U.S. Trustee Bomkamp | Bankr. Doc. 781-6 |
| 7 | Composite Exhibit — Evidence of Restraining Order Violation at April 17, 2024 §341 Meeting, Chain of Custody of Official Audio, Judicial Findings, Omission by Court Officers, and Marsy's Law Right to Be Heard | Bankr. Doc. 781-7 |
| 8 | Evidence of Post-Filing Removal of Material Exhibits from the Official Docket Without Court Order — Including the JSO Police Report Documenting Probable Cause of a Crime Committed During the §341 Meeting, Removed Twice Without Motion, Notice, Order, or Hearing | Bankr. Doc. 781-8 |

pgs. 4-39 only

*[This section was intentionally left blank.]*

| No. | Description | Bankr. Doc. Reference |
| --- | --- | --- |
| 9 | Attorney Emails and Background Research — Instructions to Counsel to Incorporate Adam Walker's Declaration and Internal Memorandum into the Opposition to the U.S. Trustee's Motion to Appoint a Chapter 11 Trustee, Including the Express Accusation That the U.S. Trustee Fabricated Evidence of Fraud, Together with Background Research on Warren Law Group and Scott Oh, Evidence That Christopher Warren Is No Longer with Scarinci Hollenbeck, the Suppressed Rebuttal Opposing Conversion, and the Google Search Results Showing No Negative Press About SBLCs | Bankr. Doc. 781-9 |
| 10 | Composite Exhibit — Frivolous "Ponzi Scheme" Complaint and Its Voluntary Withdrawal, Over-Inflated Claims, Coordinated Online Defamation Campaign, the ZOOMERAL Defamation Lawsuit and Defaults, Pending Arbitrations for Breach of Contract, and Document No. 513 showing an Estate Surplus of $4,524,517.59 | Bankr. Doc. 781-10 |
| 11 | Composite Exhibit — Order Scheduling Trial on Claim 5-3, Recusal Denial Based on Lack of Standing, Discovery Evasion, and the "No Reasonable Prospect of Surplus" Finding | Bankr. Doc. 781-11 |

*[This section was intentionally left blank.]*

| No. | Description | Bankr. Doc. Reference |
| --- | --- | --- |
| 12 pgs 93-103 only | Composite Exhibit — Cohan's Amended Omnibus Objection to Claims, the Trustee's Motion to Strike Based on Lack of Standing, the Trustee's Response Asserting No Surplus, the Illinois Bankruptcy Court's Orders Sustaining Objections and Disallowing Claims in the Parallel Hughes Case, the Corporate Separation Between Genie Investments LLC (Delaware, formed 2/13/2020, EIN 84-4713500) and Genie Investments NV Inc. (Nevada, formed 12/17/2021, EIN 87-4036343), and the Mickler April 2024 Trial Exhibits (Bridge Loan Agreements and Related Documents) Incorporated by Reference | Bankr. Doc. 781-12 |
| 13 | Composite Exhibit — Final Judgment Against Velanos Principal Capital, Inc. ($20,000,000), Settlement and Compromise with Warren Law Group/Scott Oh ($435,000), the Immaterially Amended Velanos Settlement Agreement, the Order Granting the Warren Law Settlement, the Original Velanos-Debtor Settlement Agreement Executed Before the Trustee's Appointment, and the Complete Velanos Dockets (M.D. Fla. Case No. 6:24-cv-00271-ACC-LHP; C.D. Cal. Case No. 8:25-mc-00011-UA; and C.D. Cal. Case No. 8:25-cv-01740-TJH-DFM) Reflecting the Timing of the Settlement and the Trustee's Enforcement Efforts | Bankr. Doc. 781-13 |

*[This section was intentionally left blank.]*

| **No.** | **Description** | **Bankr. Doc. Reference** |
|---|---|---|
| **14** | Composite Exhibit — Lender Remedies (Section 13.7 Force Majeure Clause and Borrower's Sole Remedy), Borrower Update Letters (March 31, 2023; April 21, 2023; August 23, 2023; December 6, 2023), Arbitration Demand (October 25, 2023), and the Warmouth Deposition Transcript (February 8, 2024) Establishing the Debtor's Compliance with Section 13.7 and the Wholesale Lender's Failure to Fund | Bankr. Doc. 781-14 |
| **15** | Composite Exhibit — Genie Management Declaration (Signed March 12, 2024), Gowling WLG Engagement Letter (November 16, 2022), Scott Oh Legitimizing Wire Trace Report (March 9, 2023), and $19.8 Million Proof of Funds Screenshots (November 1, 2023) Establishing the Debtor's Good-Faith Reliance, the Wholesale Lender's Fraud, and the Debtor's Compliance with Section 13.7 | Bankr. Doc. 781-15 |

*[This section was intentionally left blank.]*

| No. | Description | Bankr. Doc. Reference |
|---|---|---|
| 16 | Composite Exhibit — Additional Supporting Documents for Motion to Disqualify and Recuse United States Trustee Scott Bomkamp and Debtor's Counsel Bryan Mickler (Bankr. Doc. 507), Motion to Disqualify and Recuse Chapter 7 Trustee Aaron Cohen and Counsel Raye Elliott (Bankr. Doc. 508), Motion to Remove Trustee for Cause (Bankr. Doc. 509), All Filed December 16, 2025, Together with the Report and Recommendation of the Magistrate Judge in *Cohan v. Calhoun* (M.D. Ala. Case No. 2:25-cv-00742-RAH-KFP, Doc. 69, Filed December 16, 2025), the Eleventh Circuit Order Reinstating Appeal (No. 26-10943-F, May 6, 2026) and Memorandum Opinion in *Cohan v. Bomkamp*, No. 1:25-cv-02009-RDM (D.D.C. June 16, 2026) (ECF No. 73). | Bankr. Doc. 781-16 |
| 17 | Recorded Call Summary and Transcript - Genie-Platform Borrower Verification Call (Daniel Knutson, ZOOMERAL User ID 3052), Establishing a Recorded Example of How Genie Disclosed the Non-Refundable Nature of Due Diligence Fees, Bridge Interest Payments, and ZOOMERAL Software Activations, the Best-Efforts Nature of the Loan Agreement, the Interest Credit Account Risk Disclosure, and the Five-Day Cooling-Off Period | Bankr. Doc. 781-17 |

| No. | Description | Bankr. Doc. Reference |
|---|---|---|
| 18 | Composite Exhibit - Pre-Drafted Motion for Reconsideration and Notice of Appeal, Email Exchange Between Cohan and Debtor's Counsel Bryan Mickler Regarding the Basis for Appeal and Counsel's Refusal to Provide Appellate Services (August 11-12, 2024), and Cohan's Inquiry Regarding Reporting U.S. Trustee Bomkamp and Examiner Yip for Fraud (August 12, 2024) | Bankr. Doc. 781-18 |
| 19 | Composite Exhibit — McMann Commercial Lending Audit Email (July 31, 2023; August 17, 2023) and the Trustee's Motion for Summary Judgment on Objection to Claim 5-3 of Charles Blake Stringer/Nutra-Acres LLC (Bankr. Doc. 759, Pages 21-180), Including the McMann BELOC Agreement, Bridge Loan Agreement, Intercreditor Agreement, Promissory Note, Security Agreement, Due Diligence Fee Agreement, and All Supporting Exhibits, Trustee's Objection to Claim 64-2 of McMann Commercial Lending, LLC (Bankr. Doc. 772) | Bankr. Doc. 781-19 |

*[This section was intentionally left blank.]*

| No. | Description | Bankr. Doc. Reference |
|---|---|---|
| 20 | Composite Exhibit — Third-Party Complaints and Related Filings Establishing the Velanos/Nordic Trust SBLC Fraud Enterprise (*Klein v. Velanos Principal Capital, Inc.*, N.D. Tex. Case No. 3:25-cv-01991-S; *Hantash v. Byrd*, N.D. Tex. Case No. 3:24-cv-02392-D; and *Genie Investments NV v. Wearmouth*, M.D. Fla. Case No. 6:24-cv-00271-ACC-LHP), Together with Borrower Default Notices (August 2, 2024), Trustee's Voluntary Payment Demand Letter (October 3, 2025), Email Exchange Regarding the ZOOMERAL 3% Success Fee and Due Diligence Fee Split (October 28-29, 2025), the ZOOMERAL Terms of Use, the Sample Term Sheet and Examiner's Report Excerpts Establishing the Borrower-Paid 3% Origination Fee, the Trustee's Correspondence Regarding the Closed Loans, and Cohan's Notice of Good-Faith Conduct (December 9, 2025) | Bankr. Doc. 781-20 |
| 21 | Examiner's Report of Maria M. Yip (Bankr. Doc. 146, filed June 28, 2024) — Court-Appointed Examiner's Investigative Report Containing No Finding of Fraud, Identifying Estate Assets, and Expressly Acknowledging the Limits of Its Investigation | Bankr. Doc. 781-21 |

| No. | Description | Bankr. Doc. Reference |
|---|---|---|
| 22 | Composite Exhibit - Chapter 7 Trustee's Inconsistent Accounting and Shifting Positions: (A) Notice of Inconsistent Accounting and Shifting Positions by the Chapter 7 Trustee (Bankr. Doc. 587), with Exhibits A (Bankr. Doc. 354) and B (Bankr. Doc. 573), the Trustee's Form 2 Cash Receipts and Disbursements Records (Bankr. Docs. 569, 586), and the Trustee's Contradictory Statements in Adversary Proceeding 25-cv-00164 and Bankr. Docs. 389, 390, 438, 560; and (B) Movant's Motion for Reconsideration of Order Granting Trustee's Motion to Enforce Automatic Stay and Denying With Prejudice Third Party Individual's Motions for Sanctions (Doc. 438), with Exhibits I-VII; The Trustee's Foundational Omission: Failure to Review the Conversion Trial Transcripts | Bankr. Doc. 781-22 |

*[This section was intentionally left blank.]*

| **No.** | **Description** | **Bankr. Doc. Reference** |
| --- | --- | --- |
| **23** | Composite Exhibit — Orders and Determinations Granting In Forma Pauperis Status and Certificates of Indigency: (A) Minute Order Granting Leave to Appeal In Forma Pauperis, *Cohan v. Bomkamp*, No. 1:25-cv-02009-RDM (D.D.C. July 17, 2026); (B) Order Approving Application to Proceed in District Court Without Prepaying Fees or Costs, *In re Genie Investments NV Inc.*, No. 3:24-bk-00496-BAJ (Bankr. M.D. Fla. Sept. 3, 2026); (C) Order Approving Verified Motion for Leave to Proceed on Appeal In Forma Pauperis, Misc. Pro. No. 2:26-mp-00001-FMR (Bankr. M.D. Fla. Oct. 5, 2026); (D) Certificate of Indigency, *Cohan v. Ekuta*, No. 16-2026-CA-006395-AXXX-MA (Fla. 4th Cir. Ct. Sept. 11, 2026); and (E) Certificate of Indigency, *U.S. Bank Trust Nat'l Ass'n v. ADH Holdings FLLC*, No. 16-2025-CA-004534-AXXX-MA (Fla. 4th Cir. Ct. Sept. 14, 2026) | Bankr. Doc. 781-23 |
| **24** | The Constitution of the United States — Including Article I (Legislative Powers, Uniform Laws on Bankruptcies, Habeas Corpus, Prohibition on Bills of Attainder and Ex Post Facto Laws), Article III (Judicial Power, Jury Trial, Treason), Article IV (Full Faith and Credit), Article VI (Supremacy Clause), and the Bill of Rights and Subsequent Amendments (First, Fourth, Fifth, Ninth, and Fourteenth Amendments) | Bankr. Doc. 781-24 |

| No. | Description | Bankr. Doc. Reference |
|---|---|---|
| 25 | Email thread where Bryan Mickler assisted in the drafting of answers to questions asked by the Examiner and her assistant. This email was subsequently sent to the Examiner on or around the same date. The email chain also shows that the taxes of the Debtor were sent to the Examiner through the Examiner's upload portal. The Examiner's report did not mention the $9 million loss reported to the Internal Revenue Service in its report. A $9 million loss could not be reported if the Debtor did not report the $9 million as revenue, once again, defeating any "customer funds" theory. | Attached to Joint Stipulation, Bankr. Doc. 833 |
| 26 | All the Uniform Commercial Code's UCC-1's filed by the Debtor through third-party Parasec against its Borrowers entitles who received loans from the Debtor. These undisputed liens placed against borrowers for the loans destroys the Trustee's wet-ink promissory note lack of collectability theory as the UCC-1s, combined with copies of the agreements and the bank accounts, demonstrate loans were made and are collectible through alternative means. | Attached to Joint Stipulation, Bankr. Doc. 833 |

*[This section was intentionally left blank.]*

| No. | Description | Bankr. Doc. Reference |
|---|---|---|
| 27 | Email from John Michael Cohan to Raye Elliott and Scott Bomkamp dated November 2, 2026 at 9:17 AM. This email transmits the Joint Stipulation of Undisputed Facts to the Trustees. It establishes that the stipulation was sent on November 2, 2026, *not* October 30, 2026. | Bankr. Doc. 844 |
| 28 | Email thread establishing the meet and confer occurred from 10:30 AM to 11:00 AM on November 2, 2026. | Bankr. Doc. 844 |
| 29 | State Court Order dated November 2, 2026. This is the order from the state court recognizing the authenticity and harm of the police reports. | Bankr. Doc. 844 |
| 30 | Related Motions filed in the state court matter dated October 30, 2026 and November 2, 2026. These are the motions filed in the related state court matter attaching the police reports. Cohan's daughter's name has been redacted for her protection. | Bankr. Doc. 844 |

*[This section was intentionally left blank.]*

| No. | Description | Bankr. Doc. Reference |
|---|---|---|
| 31 | Email from Scott Bomkamp dated November 2, 2026. This email states: "As far as the stipulation goes, I think we can continue to discuss tomorrow. The court is unlikely to mind as long as we are trying to work something out." It establishes that Mr. Bomkamp previously refused to agree to the authenticity of the police reports and instead stalled, requesting to discuss the matter after the Court's deadline seemingly defying the Court's explicit orders regarding the stipulation due that day. | Bankr. Doc. 844 |
| 32 | Email from Raye C. Elliott to David C. Hughes II dated November 2, 2026. This email contains Ms. Elliott's written admission that she submitted a response to the Court containing a false statement about the ownership of Zoomeral, which she characterized as a "mistake." | Bankr. Doc. 844 |
| 33 | Trustee's Objection to Claim 9 (original response). This is the original response filed by Ms. Elliott containing the false statement about the ownership of Zoomeral. | Bankr. Doc. 844 |

*[This section was intentionally left blank.]*

| **No.** | **Description** | **Bankr. Doc. Reference** |
|---|---|---|
| **34** | Sumerian LLC Settlement Agreement. This is the settlement agreement between the Chapter 7 Trustee and Sumerian LLC. The agreement characterizes the transfer of funds as a "loan," confirming that the Debtor made loans to its borrowers. | Attached to Notice of Supplemental Exhibits, Bankr. Doc. 848 |
| **35** | Notice of Stipulation Extending Stringer Response Deadline. This is the notice of the stipulation between the Chapter 7 Trustee and Charles Blake Stringer/Nutra-Acres LLC extending the response deadline to the Trustee's objection to Claim 5-3 to November 10, 2026, the day after the trial. The stipulation delays the resolution of the claim objection past the trial. | Attached to Notice of Supplemental Exhibits, Bankr. Doc. 848 |
| **36** | Email from Sergeant D. Hancock (JSO) and Public Records Request. This is the email from Sergeant D. Hancock of the Jacksonville Sheriff's Office confirming the police reports are official JSO reports, and the public records request submitted to the JSO on November 4, 2026 for the records related to the bankruptcy case. Mr. Bomkamp and Ms. Elliott were copied on the email. | Attached to Notice of Supplemental Exhibits, Bankr. Doc. 848 |
| **37** | UST Motions 1 and 2. The United States Trustee's two motions in this case, offered to show the UST's shifting positions and procedural posture relative to the claims and conversion issues. | Bankr. Docs. 20, 154 |

| No. | Description | Bankr. Doc. Reference |
|---|---|---|
| **38** | Rule 2003(c). Federal Rule of Bankruptcy Procedure 2003(c) requires that any examination of the debtor under oath at a § 341 meeting be recorded verbatim and that the record be preserved by the United States Trustee. This rule establishes the foundational requirement that the § 341 examinations in this case were recorded and that transcripts exist as a matter of law. | Fed. R. Bankr. P. 2003(c), filed on November 9, 2026. |
| **39** | Transcripts. The transcripts of the § 341 meetings and related proceedings: Bankr. Docs. 79 (April 9, 2024) and 80 (April 10, 2024); Bankr. Doc. 389 (June 24, 2025); and the transcript from Case No. 2:26-mp-00001-FMR, Misc. Doc. 110 (August 12, 2026) (Bankr. Doc. 790). | Bankr. Docs. 79, 80, 389, 790 |

VERIFICATION

I, John Michael Cohan, declare under penalty of perjury under the laws of the United States and the State of Florida that the foregoing is true and correct to the best of my knowledge and belief.