UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
In re: Genie Investments NV Inc., Debtor.
Case No. 3:24-bk-00496-BAJ
Chapter 7

FILED INTAKE USBC
NOV 12 '26 PM3:43

**SUPPLEMENT TO MOTION FOR TRANSCRIPTS AT GOVERNMENT EXPENSE**

Interested Party John Michael Cohan, proceeding pro se and *in forma pauperis*, protected person under Marsy's Law and the United States Constitution, supplements his pending Motion for Transcripts at Government Expense (Bankr. Doc. 681) to request the transcript of the November 9, 2026 trial. In support, Mr. Cohan states:

1. The Court's Order Directing Response. On September 22, 2026, the Court entered an Order Directing Response (Bankr. Doc. 735). The Court stated that its order "solely applies to transcripts needed to decide the appeal of the Compromise Order" and identified the "one nonfrivolous issue" on appeal as Mr. Cohan's objection to the Compromise Order. This Supplement identifies the November 9, 2026 trial as necessary for that appeal. The Court also ordered responses regarding the matters before it. Mr. Cohan was the only party to respond (Bankr. Doc. 754). No other party submitted a response.

2. The November 9, 2026 trial. On November 9, 2026, the Court held a trial regarding Mr. Cohan's requests for judicial notice of the police reports, amongst other related issues. Mr. Cohan appeared, gave an opening statement, testified under oath, and gave a closing statement.

3. The Court verbally took judicial notice and Mr. Cohan's testimony currently stands *unrebutted*. During the November 9 trial, the Court took judicial notice of all of the related police reports (Please see Bankr. Docs. 779, 791, and 855, admitted/judicially noticed Exhibits 7, 29, 30). No other party submitted a response or rebutted Mr. Cohan's sworn testimony.

4. The transcript is necessary to decide the Compromise Order appeal. The November 9 trial is the first proceeding in this case where Mr. Cohan was permitted to testify under oath regarding the §341 meetings and the related crimes, including the United States Trustee Trial Attorney Scott Edward Bomkamp (*unrebutted*) tampering with the April 17, 2024, §341 meeting audio (Please also see Bankr. Doc. 781-6). The police reports document that this conduct involved a violation of a restraining order during a federal bankruptcy proceeding for which the United States Trustee Trial Attorney was notified of in-person after the first violations at the preceding meeting but before the violation on April 17, 2024. Mr. Cohan is a victim of this crime, and his account was corroborated by the sworn affidavit and

testimony of David C. Hughes II who was present at the §341 meetings. Because the Court took judicial notice of the police reports and no party rebutted Mr. Cohan's testimony, the November 9 trial transcript is the only official record of these unrebutted facts. This testimony forms the basis of the fraud on the court preceding the objection to the Compromise Order. Furthermore, the timeline on the docket demonstrates the necessity of this transcript for the appeal. Mr. Cohan *re*-filed the police report at Bankr. Doc. 470. Immediately thereafter, at Bankr. Doc. 471, the Court entered the Compromise Order that struck Mr. Cohan's objection and cancelled the hearing. The November 9 trial transcript is currently the only official record where the Court acknowledged the existence of the police report(s) and Mr. Cohan's unrebutted testimony regarding these events. The appellate court needs this transcript to understand the specific facts Mr. Cohan is raising on appeal. Without it, the appellate record will be incomplete.

5. The request. Mr. Cohan requests that the Court supplement its pending order on the Motion for Transcripts at Government Expense to include the transcript of the November 9, 2026 trial. The Court permitted Mr. Cohan to be heard at length on the matters. Mr. Cohan sincerely thanks the Court for the opportunity.

REQUEST FOR RELIEF

WHEREFORE, Mr. Cohan respectfully requests that the Court:

i. Supplement its pending order on the Motion for Transcripts at Government Expense (Bankr. Doc. 681) to include the transcript of the November 9, 2026 trial, the §341 meetings and all other trials, and hearings requested in the original motion.

VERIFICATION

I, John Michael Cohan, declare under penalty of perjury under the laws of the United States and the State of Florida that the foregoing is true and correct to the best of my knowledge and belief.

Dated: 11-12-2026

**Respectfully submitted in good faith,**

**John Michael Cohan, without prejudice, without recourse, UCC 1-308, 1-103**
iustusprocessus@outlook.com

## Certificate of Service

I hereby certify that all interested parties have been duly served a copy of the foregoing document and/or its attachments by the CM/ECF system, U.S. Mail and/or email.

Debtor
Genie Investments NV Inc.
represented by Bryan K. Mickler
Mickler & Mickler
5452 Arlington Expressway
Jacksonville, FL 32211
904-725-0822
Email: court@planlaw.com

U.S. Trustee
represented by Scott E. Bomkamp
DOJ-Ust
United States Trustee
400 W. Washington St., Ste 1100
Orlando, FL 32801
407-648-6069
Email: scott.e.bomkamp@usdoj.gov

Chapter 7 Trustee
Aaron R. Cohen
represented by Raye Curry Elliott
Akerman LLP
401 East Jackson Street, Suite 1700
Tampa, FL 33602
(813) 223-7333
Email: raye.elliott@akerman.com

David C. Hughes II
davidchoatehughes@gmail.com