UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION
In re: Genie Investments NV Inc., Debtor.
Case No. 3:24-bk-00496-BAJ
Chapter 7

FILED INTAKE USBC
NOV 12 '26 PM3:44

**VERIFIED MOTION FOR APPOINTMENT OF A COURT-APPOINTED EXPERT UNDER FED. R. EVID. 706 TO ANALYZE THE §341 AUDIOS**

Interested Party John Michael Cohan, proceeding pro se and *in forma pauperis*, protected person under Marsy's Law and the United States Constitution, moves for the appointment of a court-appointed expert under Federal Rule of Evidence 706 to analyze the audio recordings of the §341 meetings. In support, Mr. Cohan states:

I. THE COURT'S STATEMENT AT THE NOVEMBER 9, 2026 TRIALS.

1. At the November 9, 2026 hearing, Mr. Cohan stated that he wished to retain an expert to analyze the §341 audios (paraphrased). The Court stated that Mr. Cohan may do so (paraphrased). This motion formalizes that request and asks the Court to set a reasonable deadline and procedure.

II. THE FACTUAL BASIS FOR THE REQUEST.

2. The audio recording of the April 17, 2024 §341 meeting, as produced to this Court, contains a flatline discontinuity at the moment Mr. Cohan invoked his rights. Bankr. Doc. 781-6, the waveform analysis previously filed in this

case, demonstrates and describes that discontinuity. The request includes the April 17, 2024 §341 meeting audio and the preceding §341 meeting audios as the undersigned firmly believes that there is a strong possibility that there are other alterations to the recordings other than the one he has identified.

3. The U.S. Trustee is the custodian of the original recordings under Federal Rule of Bankruptcy Procedure 2003(c). The U.S. Trustee has *not* produced the unaltered originals. The U.S. Trustee has *not* explained the flatline. Nor has the U.S. Trustee formally rebutted the allegations ("Silence is acquiescence").

4. At the November 9, 2026 hearing, the Court did *not* admit Bankr. Doc. 781-6 into evidence because Mr. Cohan is *not* an expert. The Court nevertheless allowed Mr. Cohan to testify about what he said at the meeting, what he heard, what he didn't hear due to the alteration and what the flatline meant to him: i.e. [1] the ability to prosecute his abuser; [2] fraud on the Bankruptcy Court; and [3] the conversion from Chapter 11 to Chapter 7 was based on an incomplete record. An independent expert analysis would allow the Court to determine, on an expert record, whether the produced recordings are complete or have been altered.[1]

[1] For more than two (2) years, Mr. Cohan's filings in this matter went unheard. The November 9, 2026 hearing was the first proceeding at which he was permitted to testify under oath about the conduct at the § 341 meetings. The Court heard that testimony. The Court took judicial notice of the police reports. No party rebutted the testimony. This motion asks the Court for the one (1) remaining step: an independent examination of the audio so that the record reflects what the recording actually contains and does not contain, *not* only what Mr. Cohan said about it.

## III. REQUESTED RELIEF

5. Mr. Cohan requests that the Court appoint a qualified forensic audio examiner or examiners under Federal Rule of Evidence 706. Under Rule 706(c), the Court sets the expert's reasonable compensation. Mr. Cohan is proceeding *in forma pauperis* and has been found indigent by at least six (6) courts, including this one. He requests that the Court set compensation at a reasonable cost, in a manner consistent with his indigency, or that the Court direct the U.S. Trustee to bear the cost, given that the U.S. Trustee is the custodian of the original recording under Rule 2003(c), and as the Debtor was ordered to bear the cost of the examiner requested by the U.S. Trustee's fabricated fraud allegations (Please see Bankr. Doc. 781-9) that were *not* found by this Court, nor by the Examiner who charged the Debtor twice, once for her firm and once for herself.

## IV. LEGAL BASIS.

6. Federal Rule of Evidence 706(a) provides that "On a party's motion or on its own, the court may order the parties to show cause why expert witnesses should *not* be appointed and may ask the parties to submit nominations. The court may appoint any expert that the parties agree on and any of its own choosing." The Rule is designed for cases where the ordinary adversary process does *not* suffice and where the trier of fact needs assistance

understanding a technical issue. The integrity of an official recordings of a federal proceeding is such an issue. An audio waveform analysis is beyond the lay witness' ability to interpret, and the Court has already ruled that Mr. Cohan is *not* qualified to interpret it. An expert is the *only* way the Court can receive evidence on this question.

V. NO PREJUDICE TO ANY PARTY.

7. The United States Trustee (UST) has *not* produced the unaltered original recordings. An expert examination would give all parties, including the Trustees, access to an independent analysis. If the UST produces the unaltered original, the expert can compare it to the produced version. If they do *not*, the expert can opine on the produced version alone. Either way, the Court receives evidence it does *not* currently have.

WHEREFORE, Mr. Cohan respectfully requests that the Court appoint forensic audio expert(s) under Rule 706, set a reasonable deadline for the expert's or experts' report and set the expert's compensation under Rule 706(c) in a manner consistent with Mr. Cohan's indigency.

VERIFICATION

I, John Michael Cohan, declare under penalty of perjury under the laws of the United States and the State of Florida that the foregoing is true and correct to the best of my knowledge and belief.

Dated: 11-12-2026

**Respectfully submitted in good faith,**

**John Michael Cohan, without prejudice, without recourse, UCC 1-308, 1-103**
iustusprocessus@outlook.com

Certificate of Service

I hereby certify that all interested parties have been duly served a copy of the foregoing document and/or its attachments by the CM/ECF system, U.S. Mail and/or email.

Debtor
Genie Investments NV Inc.
represented by Bryan K. Mickler
Mickler & Mickler
5452 Arlington Expressway
Jacksonville, FL 32211
904-725-0822
Email: court@planlaw.com

U.S. Trustee
represented by Scott E. Bomkamp
DOJ-Ust
United States Trustee
400 W. Washington St., Ste 1100
Orlando, FL 32801
407-648-6069
Email: scott.e.bomkamp@usdoj.gov

Chapter 7 Trustee
Aaron R. Cohen
represented by Raye Curry Elliott
Akerman LLP
401 East Jackson Street, Suite 1700
Tampa, FL 33602
(813) 223-7333
Email: raye.elliott@akerman.com

David C. Hughes II
davidchoatehughes@gmail.com