**ORDERED.**

**Dated: November 19, 2026**

Jason A. Burgess
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:

GENIE INVESTMENTS NV INC., Case No.: 3:24-bk-00496-BAJ
Chapter 7

Debtor.
______________________________________/

**ORDER IMPOSING PRE-FILING INJUNCTION**

This Case came before the Court for trial on November 9, 2026, upon, among other matters, the Court's *Order to Show Cause* (the "Show Cause Order") (Doc. 734), the *Response to the Order to Show Cause* (the "Trustee's Response") (Doc. 850), filed by the United States Trustee (the "Trustee"), the *Motion for Preliminary Injunction and Permanent Injunction* (the "Motion for Injunction") (Doc. 624), filed by Aaron R. Cohen (the "Chapter 7 Trustee"), and the *Motion to Modify or Rescind Order to Show Cause (Doc. 347)* (the "Motion to Modify") (Doc. 617), filed by John M. Cohan ("Mr. Cohan"). Upon the extensive evidence presented at trial by the Trustee, the Chapter 7 Trustee, Mr. Cohan, and David Hughes ("Mr. Hughes"), the Court finds it necessary and appropriate to enter a pre-filing injunction against Mr. Cohan and Mr. Hughes.[1]

[1] The Court notes that at the trial, Mr. Hughes consented to filing restrictions.

As previously recognized by this Court, the District Court for the Middle District of Florida, Jacksonville Division, and the Bankruptcy Court for the Middle District of Florida, Fort Myers Division, there has been an ongoing barrage of frivolous filings in the Case by Mr. Cohan and Mr. Hughes. "Justice keeps its doors open to all — but no one has the right to barge in repeatedly with the same baseless claims. This Court has held the door open long enough." In re Mohorne, No. 05-25836-PDR, 2025 WL 2025252, at *1 (Bankr. S.D. Fla. July 18, 2025).[2]

A litigant's right of access to the courts is not absolute. As the Eleventh Circuit has emphasized, courts may impose reasonable filing restrictions when appropriate, and "[t]he only restriction on injunctions designed to protect against vexatious litigation is that a litigant cannot be completely foreclosed from any access to the court." Foley v. Orange Cnty., 2024 WL 3517648, 2024 U.S. App. LEXIS 18143, at *6 (11th Cir. 2024) (citing Procup v. Strickland, 792 F.2d 1069, 1074 (11th Cir. 1986) (*en banc*)). "When the right to file is abused — through meritless, repetitive, and harassing filings — the Court not only may act but must act." In re Vital Pharms., Inc., 671 B.R. 825, 829 (Bankr. S.D. Fla. 2025). Litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." Patterson v. Aiken, 841 F.2d 386, 387 (11th Cir. 1988) (citing Farguson v. MBank Houston, N.A., 808 F.2d 358, 359 (5th Cir. 1986).

[2] During the almost seven (7) hour trial, the matter of whether Mr. Cohan and Mr. Hughes have standing in this Case was repeatedly raised. The Court, however, will not make a ruling as to standing because the issue was *not* before the Court for consideration. Notably, the issue of standing was addressed and ruled upon in a Memorandum Opinion issued by Judge Rivera in a related miscellaneous proceeding. (Misc. Pro. No. 2:26-mp-00001-FMR, pp. 11-13). Specifically, Judge Rivera found that "as equity security holders, Mr. Cohan and Mr. Hughes have no pecuniary interest in the estate because there is no reasonable prospect of a surplus distribution after creditors are paid." Id. at pp. 12-13. Judge Rivera also held that Mr. Cohan and Mr. Hughes claimed injury is not redressable, and that although they were permitted to be heard in the main case, "that opportunity did not confer Article III standing." Id.

The docket in this Case now has over 850 entries, which is primarily attributed directly to the barrage of filings by Mr. Cohan and Mr. Hughes since the inception of this Case.[3] As recognized by the district court,

> Upon this Court's review, the record leaves no doubt that Appellant [Mr. Cohan] has continuously abused the judicial process with his filings. Although courts "construe *pro se* pleadings liberally, *pro se* litigants still must comply with procedural rules." Smith v. Miami-Dade County, 621 F. App'x 955, 962 (11th Cir. 2015) (citations omitted). Despite the bankruptcy court's efforts, Appellant has inundated the bankruptcy court and this Court with at least one hundred filings in total, many of which are repetitive.[4]

The district court also cautioned Mr. Cohan that "future frivolous conduct may result in the imposition of sanctions or other filing restrictions." Id. The docket in the bankruptcy case clearly reflects Mr. Cohan's blatant disregard of the district court's warning.[5] For the past several months, Mr. Cohan has filed a virtual tsunami of frivolous pleadings, that are voluminous in nature and rife with hallucinated cites to nonexistent case law and fabricated quotes.[6] More concerningly, Mr. Cohan continues to usurp an inordinate amount of this Court's resources, which is to the detriment of the 2,275 bankruptcy cases and 70 adversary proceedings that this Court needs to handle in a timely and thorough fashion.

---

[3] Notably, the excessive filings have extended well beyond the main bankruptcy case. This includes at least thirty (30) *pro se* pleadings and six (6) notices of appeal in a related adversary proceeding (Adv. Pro. No. 3:25-ap-00011-BAJ); and a miscellaneous proceeding that has almost 120 docket entries in less than a four-month period (Misc. Pro. No. 2:26-mp-00001-FMR).

[4] United States District Court for the Middle District of Florida, Jacksonville Division (Case No.: 3:25-cv-1398-JEP, pp. 5-6) (the district court also stated "[a]ppellant's numerous filings [on] this Court's docket appear to lack a good-faith basis …"). Id. at p. 7.

[5] At the trial, Mr. Cohan spent a large amount of time discussing a purported crime by an individual who appeared at the section 341 meeting of creditors in what he maintains was in violation of a restraining order. The bankruptcy court, however, does not have jurisdiction to rule on alleged criminal issues. Further, despite allowing Mr. Cohan wide latitude to discuss the matter, the Court was never informed how that incident relates to *any* of the matters set for trial. This is similar to the District Court's ruling that Mr. Cohan's "alleged violation of a restraining order that occurred during the April 17, 2024 meeting of creditors, … [was] entirely unrelated to the factual or legal basis" before the court. (Case No.: 3:25-cv-1398-JEP, p. 6).

[6] The Trustee's Response further identified voluminous filings by Mr. Hughes that contain hallucinated citations.

Importantly, the Eleventh Circuit has held that bankruptcy courts have the authority to prohibit *pro se* litigants from submitting *pro se* filings in cases where such an order is needed to prevent the bankruptcy process from being abused. In re Adams, Case No. 26-13333, p. 5 (11th Cir., Nov. 10, 2026). In reaching its decision, the Eleventh Circuit notably recognized that: "[e]ven though Adams is prohibited from submitting pro se filings in her Chapter 11 and adversary proceedings, she has the adequate alternative remedy of hiring an attorney, filing a NOA signed by the attorney, and having the attorney challenge the bankruptcy court's rulings on appeal." Id. at p. 6.

Therefore, in the interest of being able to administer justice to the thousands of other litigants who appear before this Court, the Court finds it necessary and appropriate to impose a pre-filing injunction against Mr. Cohan and Mr. Hughes as set forth below.[7] Accordingly, it is

**ORDERED:**

1. Effective immediately, Mr. Cohan and Mr. Hughes are enjoined from filing any further motions, pleadings, or papers on the docket in this Case, without first obtaining leave of Court.

2. To seek leave, Mr. Cohan and Mr. Hughes must file a written request titled "Request for Leave to File," attach the proposed filing, and certify under penalty of perjury that the proposed filing is made in good faith, is not repetitive of prior arguments, and is not intended to harass any party or to burden the Court. For a proposed filing by either Mr. Cohan or Mr. Hughes to be considered it must adhere to the following requirements:

[7] The Court commends the parties for their professionalism and preparedness throughout the trial and particularly recognizes Mr. Cohan's and Mr. Hughes' efforts in presenting their case without the assistance of counsel.

(i) any filing must be accompanied, as an exhibit, with printouts of all cases cited or quoted. All relevant language that is cited or quoted must be highlighted. Failure to comply will result in the noncompliant pleading being struck without further consideration.

(ii) any filing must be *no more* than **2,500 words in length** and must include the following certification: “I certify under penalty of perjury that this motion is no more than 2500 words in length including all body text and footnotes.” Failure to comply will result in the non-compliant pleading being struck without further consideration, and the Court will consider further sanctions.

3. The Court will review any such request and determine whether the proposed filing may proceed. Unless and until leave is granted, no further filings from Mr. Cohan or Mr. Hughes will be entertained. If Mr. Cohan or Mr. Hughes files any pleading before a previous request is ruled upon, the Court will strike such pleadings from the record.

4. This injunction does not bar Mr. Cohan or Mr. Hughes from responding to motions or discovery where a response is specifically required, or from participating as witnesses if properly noticed.

5. This injunction does not bar Mr. Cohan or Mr. Hughes from hiring an attorney to represent them and to file pleadings.

6. The Court will consider additional sanctions as appropriate for contempt of court if Mr. Cohan and Mr. Hughes do not comply with this Order.

###

Attorney Raye C. Elliott is directed to serve a copy of this Order on interested parties.